William E. Ireland (Bar No. 115600)
*wireland@hbblaw.com*
HAIGHT BROWN & BONESTEEL LLP
555 South Flower Street, Forty-Fifth Floor
Los Angeles, California 90071
Telephone: 213.542.8000
Facsimile: 213.542.8100

Attorneys for Creditor/Defendant
Central Bank & Trust Co.

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In Re:<br><br>Douglas Wain<br>Elisa Wain,<br><br>Debtors. | Case No. 1:24-bk-11814-MB<br><br>ADV. NO. 1:25-ap-01026-MB<br><br>**CENTRAL BANK & TRUST CO.'S ANSWER TO ADVERSARY COMPLAINT** |
| DOUGLAS A. WAIN, and ELISA WAIN,<br><br>Plaintiffs,<br><br>v.<br><br>CENTRAL BANK & TRUST, CO.,<br><br>Defendant. | |

Defendant Central Bank & Trust Co. ("Central Bank"), by counsel, respectfully answers the Complaint ("Complaint") filed by Plaintiffs Douglas A. Wain and Elisa Wain ("Plaintiffs") and admits, denies and alleges as follows:

## JURISDICTION AND VENUE

1. Paragraph 1 of the Complaint describes the bankruptcy case in which this Complaint was filed and does not require a response. Unless specifically



Haight

Haight

admitted, Central Bank denies all remaining allegations in paragraph 1 of the Complaint.

2. In response to the allegations in paragraph 2 of the Complaint, Central Bank admits that the Wains filed Chapter 13 petitions on October 30, 2024, and November 11, 2024. Central Bank denies all other allegations in paragraph 2 of the Complaint.

3. The allegations in paragraph 3 of the Complaint purport to state a legal conclusion, and no response is required of Central Bank. To the extent a response is required, Central Bank is without sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 3 of the Complaint and therefore denies same.

4. The allegations in paragraph 4 of the Complaint purport to state a legal conclusion, and no response is required of Central Bank. To the extent a response is required, Central Bank is without sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 4 of the Complaint and therefore denies same.

5. The allegations in paragraph 5 of the Complaint purport to state a legal conclusion, and no response is required of Central Bank. To the extent a response is required, Central Bank is without sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 5 of the Complaint and therefore denies same.

**PARTIES**

6. In response to paragraph 6 of the Complaint, Central Bank admits that the Wains initiated the Chapter 13 bankruptcy but otherwise deny the Wains are entitled to relief under the Bankruptcy Code.

7. In response to paragraph 7 of the Complaint, Central Bank admits that it is a Kentucky banking company and that it filed a proof of claim in the Wains' Chapter

13 bankruptcy. Unless specifically admitted, Central Bank denies all remaining allegations in paragraph 7 of the Complaint.

**GENERAL ALLEGATIONS**

8. Central Bank admits the allegations contained in paragraph 8 of the Complaint.

9. In response to the allegations in paragraph 9 of the Complaint, Central Bank admits that it initiated foreclosure proceedings in March 2019 after the Wains had defaulted on their mortgage payments due to Central Bank and rejected a proposed repayment plan. Unless specifically admitted, Central Bank denies all remaining allegations in paragraph 9 of the Complaint.

10. In response to the allegations in paragraph 10 of the Complaint, Central Bank admits that the Wains filed an answer and counterclaim but specifically denies the allegations underlying those counterclaims. The counterclaims were dismissed.

11. Central Bank admits the allegations contained in paragraph 11 of the Complaint.

12. Central Bank admits the allegations contained in paragraph 12 of the Complaint.

13. Central Bank admits the allegations contained in paragraph 13 of the Complaint.

14. In response to the allegations in paragraph 14 of the Complaint, Central Bank admits that the Judgment and Sale Order states that the Wains' counterclaims "may be pursued separately from Central Bank's claims." Central Bank otherwise denies any remaining allegations in paragraph 14.

15. In response to the allegations in paragraph 15 of the Complaint, Central Bank admits that the Fayette Circuit Court entered an order on March 12, 2021, confirming the Master Commissioner's sale. Central Bank otherwise denies any remaining allegations in paragraph 15.



Haight

16. In response to the allegations in paragraph 16 of the Complaint, Central Bank admits that sale proceeds were $605,035.42 and that NewRez had appeared in the case. Central Bank otherwise denies any remaining allegations in paragraph 16.

17. The allegations in paragraph 17 of the Complaint purport to state a legal conclusion, and no response is required of Central Bank. To the extent a response is required, Central Bank denies the allegations in paragraph 17 of the Complaint. Central Bank specifically denies that it had "exclusive rights to the auction proceeds" as alleged in paragraph 17.

18. The allegations in paragraph 18 of the Complaint purport to state a legal conclusion, and no response is required of Central Bank. To the extent a response is required, Central Bank denies the allegations in paragraph 18 of the Complaint.

19. Central Bank denies the allegations in paragraph 19 of the Complaint. Central Bank specifically denies requesting a stay of any action.

20. In response to the allegations in paragraph 20 of the Complaint, Central Bank denies that there was any "deliberate delay" and denies the Wains' purported transcription of the trial court hearing. Unless specifically admitted, Central Bank denies all remaining allegations in paragraph 20 of the Complaint.

21. In response to the allegations in paragraph 21 of the Complaint, Central Bank denies that there was any "abandonment" of sale proceeds. Further, the Wains pursued counterclaims against NewRez, and NewRez engaged in discovery with the Wains, so Central Bank denies that the "Wains played no role" in any delay. Unless specifically admitted, Central Bank denies all remaining allegations in paragraph 21 of the Complaint.

22. Central Bank denies the allegations in paragraph 22 of the Complaint. Central Bank specifically denies any "dilatory conduct."

23. In response to the allegations in paragraph 23 of the Complaint, Central Bank denies the Wains' purported transcription of a NewRez filing. Unless



Haight

specifically admitted, Central Bank denies all remaining allegations in paragraph 23 of the Complaint.

24. In response to the allegations in paragraph 24 of the Complaint, Central Bank denies the Wains' purported transcription of the trial court hearing. Unless specifically admitted, Central Bank denies all remaining allegations in paragraph 24 of the Complaint.

25. In response to the allegations in paragraph 25 of the Complaint, Central Bank denies the Wains' purported transcription of the trial court hearing. Unless specifically admitted, Central Bank denies all remaining allegations in paragraph 25 of the Complaint.

26. In response to the allegations in paragraph 26 of the Complaint, Central Bank denies the Wains' purported transcription of a trial court filing. Unless specifically admitted, Central Bank denies all remaining allegations in paragraph 26 of the Complaint.

27. In response to the allegations in paragraph 27 of the Complaint, Central Bank admits that NewRez did not obtain a judgment against Wains until March 2024 which was necessary for the trial court to distribute any sale proceeds to Central Bank. Further, Central Bank states that, at all relevant times, it made good faith efforts to comply with, and did comply with, all Fair Credit Reporting Act requirements as to amounts owed by the Wains. Unless specifically admitted, Central Bank denies all remaining allegations in paragraph 27 of the Complaint.

28. Central Bank denies the allegations in paragraph 28 of the Complaint.

29. The allegations in paragraph 29 of the Complaint purport to state a legal conclusion, and no response is required of Central Bank. To the extent a response is required, Central Bank denies the allegations in paragraph 29 of the Complaint.

30. The allegations in paragraph 30 of the Complaint purport to state a legal conclusion, and no response is required of Central Bank. To the extent a response is required, Central Bank denies the allegations in paragraph 30 of the Complaint.



Haight

Haight

**FIRST CLAIM FOR RELIEF**

31. No response is required to the allegations contained in paragraph 31 of the Complaint. To the extent a response is required, Central Bank incorporates by reference to its responses to paragraphs 1 through 30 of the Complaint as if set forth in full here.

32. The allegations in paragraph 32 of the Complaint purport to state a legal conclusion, and no response is required of Central Bank. To the extent a response is required, Central Bank denies the allegations in paragraph 32 of the Complaint.

33. Central Bank denies any allegations in paragraph 33 of the Complaint.

34. Central Bank denies the allegations in paragraph 34 of the Complaint.

35. Central Bank denies the allegations in paragraph 35 of the Complaint.

**SECOND CLAIM FOR RELIEF**

36. No response is required to the allegations contained in paragraph 36 of the Complaint. To the extent a response is required, Central Bank incorporates by reference to its responses to paragraphs 1 through 35 of the Complaint as if set forth in full here.

37. Central Bank is without sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 37 of the Complaint and therefore denies same.

38. Central Bank denies the allegations in paragraph 38 of the Complaint.

**THIRD CLAIM FOR RELIEF**

39. No response is required to the allegations contained in paragraph 39 of the Complaint. To the extent a response is required, Central Bank incorporates by reference to its responses to paragraphs 1 through 38 of the Complaint as if set forth in full here.

40. Central Bank is without sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 40 of the Complaint and therefore denies same.

41. Central Bank denies the allegations in paragraph 41 of the Complaint.

42. In response to the allegations in paragraph 42 of the Complaint, Central Bank denies that it ever controlled the Wains' real or personal property, including before or after the Wains' residence was sold by the Fayette County Master Commissioner and was subject to Master Commissioner's control. Further answering, Central Bank is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations in paragraph 42 of the Complaint and therefore denies same. Unless specifically admitted, Central Bank denies all remaining allegations in paragraph 42 of the Complaint.

43. In response to the allegations in paragraph 43 of the Complaint, Central Bank denies that it ever controlled the Wains' real property, including before or after the Wains' residence was sold by the Fayette County Master Commissioner and was subject to Master Commissioner's control. Further answering, Central Bank is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations in paragraph 43 of the Complaint and therefore denies same. Unless specifically admitted, Central Bank denies all remaining allegations in paragraph 43of the Complaint.

44. Central Bank denies the allegations in paragraph 44 of the Complaint.

**FOURTH CLAIM FOR RELIEF**

45. No response is required to the allegations contained in paragraph 45 of the Complaint. To the extent a response is required, Central Bank incorporates by reference to its responses to paragraphs 1 through 44 of the Complaint as if set forth in full here.

46. Central Bank denies the allegations in paragraph 46 of the Complaint.

47. Central Bank denies the allegations in paragraph 47 of the Complaint.

48. Central Bank denies the allegations in paragraph 48 of the Complaint.

49. Central Bank denies the allegations in paragraph 49 of the Complaint.

50. Central Bank denies the allegations in paragraph 50 of the Complaint.



Haight

**FIFTH CLAIM FOR RELIEF**

51. No response is required to the allegations contained in paragraph 51 of the Complaint. To the extent a response is required, Central Bank incorporates by reference to its responses to paragraphs 1 through 50 of the Complaint as if set forth in full here.

52. Central Bank denies the allegations in paragraph 52 of the Complaint.

53. Central Bank denies the allegations in paragraph 53 of the Complaint.

54. Central Bank denies the allegations in paragraph 54 of the Complaint.

55. Central Bank denies the allegations in paragraph 55 of the Complaint.

56. Central Bank denies the allegations in paragraph 56 of the Complaint.

**SIXTH CLAIM FOR RELIEF**

57. No response is required to the allegations contained in paragraph 57 of the Complaint. To the extent a response is required, Central Bank incorporates by reference to its responses to paragraphs 1 through 56 of the Complaint as if set forth in full here.

58. Central Bank admits the allegations in paragraph 58 of the Complaint.

59. Central Bank denies the allegations in paragraph 59 of the Complaint.

60. Central Bank denies the allegations in paragraph 59 of the Complaint. Further, Central Bank's mortgage is not a federally backed mortgage and therefore the foreclosure was not stayed due to any COVID-19 moratorium. Moreover, the Wains' payment defaults occurred prior to January 2019.

61. Central Bank denies the allegations in paragraph 61 of the Complaint.

62. Central Bank denies the allegations in paragraph 62 of the Complaint.

63. Central Bank denies the allegations in paragraph 63 of the Complaint.

64. Central Bank denies the allegations in paragraph 64 of the Complaint.

65. Central Bank denies the allegations in paragraph 65 of the Complaint.

66. Central Bank denies the allegations in paragraph 66 of the Complaint.



Haight

Haight

**SIXTH CLAIM FOR RELIEF**

67. No response is required to the allegations contained in paragraph 67 of the Complaint. To the extent a response is required, Central Bank incorporates by reference to its responses to paragraphs 1 through 66 of the Complaint as if set forth in full here.

68. Central Bank denies the allegations in paragraph 68 of the Complaint. Further, Central Bank's mortgage is not a federally backed mortgage and therefore the foreclosure was not stayed due to any COVID-19 moratorium. Moreover, the Wains' payment defaults occurred prior to January 2019.

69. The allegations in paragraph 69 of the Complaint purport to state a legal conclusion, and no response is required of Central Bank. To the extent a response is required, Central Bank states that it is Kentucky banking company and member of the FDIC and otherwise is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations in paragraph 69 of the Complaint and therefore denies same.

70. Central Bank denies the allegations in paragraph 70 of the Complaint.

71. Central Bank denies the allegations in paragraph 71 of the Complaint.

72. Central Bank denies the allegations in paragraph 72 of the Complaint.

73. Central Bank denies the allegations in paragraph 73 of the Complaint.

**SEVENTH CLAIM FOR RELIEF**

74. No response is required to the allegations contained in paragraph 74 of the Complaint. To the extent a response is required, Central Bank incorporates by reference to its responses to paragraphs 1 through 73 of the Complaint as if set forth in full here.

75. In response to the allegations in paragraph 75 of the Complaint, Central Bank admits that it properly took actions to enforce its Judgment against the Wains, including, but not limited to, seeking garnishments. Unless specifically admitted, Central Bank denies all remaining allegations in paragraph 75 of the Complaint.

76. Central Bank denies the allegations in paragraph 76 of the Complaint.

77. Central Bank denies the allegations in paragraph 77 of the Complaint.

78. Central Bank denies the allegations in paragraph 78 of the Complaint.

79. Central Bank denies the allegations in paragraph 79 of the Complaint.

80. Central Bank denies the allegations in paragraph 80 of the Complaint.

**NINTH CLAIM FOR RELIEF**

81. No response is required to the allegations contained in paragraph 81 of the Complaint. To the extent a response is required, Central Bank incorporates by reference to its responses to paragraphs 1 through 80 of the Complaint as if set forth in full here.

82. Central Bank denies the allegations in paragraph 82 of the Complaint.

83. Central Bank denies the allegations in paragraph 83 of the Complaint.

84. In response to the allegations in paragraph 84 of the Complaint, Central Bank denies the Wains' purported transcription of a trial court filing and denies the Wains' characterization of the same. Unless specifically admitted, Central Bank denies all remaining allegations in paragraph 84 of the Complaint.

85. In response to the allegations in paragraph 85 of the Complaint, Central Bank denies the Wains' purported transcription of a trial court filing and denies the Wains' characterization of the same. Unless specifically admitted, Central Bank denies all remaining allegations in paragraph 85 of the Complaint.

86. In response to the allegations in paragraph 86 of the Complaint, Central Bank denies the Wains' purported transcription of a trial court filing and denies the Wains' characterization of the same. Unless specifically admitted, Central Bank denies all remaining allegations in paragraph 86 of the Complaint.

87. In response to the allegations in paragraph 87 of the Complaint, Central Bank denies the Wains' purported transcription of a trial court filing and denies the Wains' characterization of the same. Unless specifically admitted, Central Bank denies all remaining allegations in paragraph 87 of the Complaint.

Haight

88. Central Bank denies the allegations in paragraph 88 of the Complaint.

89. Central Bank denies the allegations in paragraph 89 of the Complaint.

90. Central Bank denies the allegations in paragraph 90 of the Complaint.

**TENTH CLAIM FOR RELIEF**

91. No response is required to the allegations contained in paragraph 91 of the Complaint. To the extent a response is required, Central Bank incorporates by reference to its responses to paragraphs 1 through 90 of the Complaint as if set forth in full here.

92. Central Bank denies the allegations in paragraph 92 of the Complaint.

93. Central Bank denies the allegations in paragraph 93 of the Complaint.

94. In response to the allegations in paragraph 94 of the Complaint, Central Bank admits that it had second mortgage position. However, Central Bank is a creditor of the Wains by virtue of its Judgment which specifically provided that its interests attached to any proceeds of the sale of its collateral. Unless specifically admitted, Central Bank denies all remaining allegations in paragraph 94 of the Complaint.

95. Central Bank denies the allegations in paragraph 95 of the Complaint.

96. Central Bank denies the allegations in paragraph 96 of the Complaint. Further, Central Bank has accurately represented its creditor status.

97. Central Bank denies the allegations in paragraph 97 of the Complaint. Further, Central Bank has accurately represented its creditor status.

98. Central Bank denies the allegations in paragraph 98 of the Complaint. Further, Central Bank has accurately represented its creditor status.

**ELEVENTH CLAIM FOR RELIEF**

99. No response is required to the allegations contained in paragraph 99 of the Complaint. To the extent a response is required, Central Bank incorporates by reference to its responses to paragraphs 1 through 98 of the Complaint as if set forth in full here.

100. The allegations in paragraph 100 of the Complaint purport to state a legal conclusion, and no response is required of Central Bank. To the extent a response is required, Central Bank denies the allegations in paragraph 100 of the Complaint.

101. Central Bank denies the allegations in paragraph 101 of the Complaint.

102. Central Bank admits the allegations in paragraph 102 of the Complaint.

103. In response to the allegations in paragraph 103 of the Complaint, Central Bank specifically denies "the availability of Sale Proceeds[.]" Central Bank denies the remaining allegations in paragraph 103 of the Complaint.

104. Central Bank denies the allegations in paragraph 104 of the Complaint.

105. Central Bank denies the allegations in paragraph 105 of the Complaint.

106. Central Bank denies the allegations in paragraph 106 of the Complaint.

## TWELFTH CLAIM FOR RELIEF

107. No response is required to the allegations contained in paragraph 107 of the Complaint. To the extent a response is required, Central Bank incorporates by reference to its responses to paragraphs 1 through 106 of the Complaint as if set forth in full here.

108. Central Bank denies the allegations in paragraph 108 of the Complaint. Further, the case remained pending due to the Wains' counterclaims.

109. Central Bank denies the allegations in paragraph 109 of the Complaint. Central Bank states that the Proof of Claim accurately describes its Judgment against the Wains.

110. Central Bank denies the allegations in paragraph 110 of the Complaint. Central Bank states that it properly seeks to enforce the Judgment entered against the Wains.

111. In response to the allegations in paragraph 111 of the Complaint, Central Bank denies that it has "failed to acknowledge" the Kentucky state court proceedings. Further, Central Bank specifically referenced these proceedings in its Proof of Claim.

Haight

Unless specifically admitted, Central Bank denies all remaining allegations in paragraph 111 of the Complaint.

112. Central Bank denies the allegations in paragraph 112 of the Complaint.

113. Central Bank denies the allegations in paragraph 113 of the Complaint. Central Bank states that it properly seeks to enforce the Judgment entered against the Wains.

114. Central Bank denies the allegations in paragraph 114 of the Complaint. Central Bank states that it properly seeks to enforce the Judgment entered against the Wains.

**THIRTEENTH CLAIM FOR RELIEF**

115. No response is required to the allegations contained in paragraph 115 of the Complaint. To the extent a response is required, Central Bank incorporates by reference to its responses to paragraphs 1 through 114 of the Complaint as if set forth in full here.

116. In response to the allegations in paragraph 116 of the Complaint, Central Bank denies the Wains' characterization of the effect of the order entered by the Fayette Circuit Court. Central Bank states that the order did not eliminate the Wains' joint and several personal liability to Central Bank for any amounts due under the Judgment. Unless specifically admitted, Central Bank denies all remaining allegations in paragraph 116 of the Complaint.

117. The allegations in paragraph 117 of the Complaint purport to state a legal conclusion, and no response is required of Central Bank. To the extent a response is required, Central Bank denies the allegations in paragraph 117 of the Complaint.

118. In response to the allegations in paragraph 118 of the Complaint, Central Bank admits that the Sale Proceeds were held by the Master Commissioner but otherwise denies the remaining allegations. Central Bank specifically denies that the Sale Proceeds "were made available on March 12, 2021."

119. Central Bank denies the allegations in paragraph 119 of the Complaint.

120. Central Bank denies the allegations in paragraph 120 of the Complaint. Central Bank specifically denies that there "funds sufficient" to satisfy its Judgment.

121. Central Bank denies the allegations in paragraph 121 of the Complaint. Central Bank specifically denies that its Judgment has been satisfied.

122. Central Bank denies the allegations in paragraph 122 of the Complaint. Central Bank specifically denies that its Judgment has been satisfied.

## RESERVATION OF RIGHTS

123. Central Bank denies the allegations in paragraph 123 of the Complaint.

124. Central Bank denies the allegations in paragraph 124 of the Complaint.

125. Central Bank denies each and every other allegation in the Complaint not otherwise admitted herein.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against Central Bank upon which relief can be granted.

The foreclosure action filed by Central Bank against the Wains resulted in a Judgment and Order of Sale in favor of Central Bank ("Judgment"); this Judgment was appealed by the Wains and affirmed by the Court of Appeals on November 4, 2022 ("Opinion Affirming"). A copy of the Judgment is attached as Exhibit 1 and incorporated herein. A copy of the Opinion Affirming is attached Exhibit 2 and incorporated herein. Central Bank invokes the rights and privileges of the Judgment and Opinion Affirming and reserves the right to assert them. As of the date of this filing, the Judgment remains unsatisfied.

Accordingly, the Complaint and the causes of action asserted therein should be dismissed against Central Bank with prejudice under Federal Rule of Civil Procedure 12(b)(6).

//

//

//

Haight

**SECOND AFFIRMATIVE DEFENSE**

Central Bank asserts all affirmative defenses applicable to this proceeding under Federal Rules of Civil Procedure 8 and 12, as incorporated into this proceeding under the Bankruptcy Rules of Procedure, including, but not limited to, the doctrines of accord and satisfaction, estoppel, fraud, laches, payment, release, statute of limitations, and waiver, as well as the defenses of unclean hands, unjust enrichment, setoff, and recoupment. Nothing contained herein shall be deemed a waiver of any specific affirmative defense that Central Bank may have.

**THIRD AFFIRMATIVE DEFENSE**

The damages and losses that the Plaintiffs suffered, if any, were proximately caused by a party or parties other than Central Bank or by intervening events attributable to parties other than Central Bank.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs may have waived any and all claims they may have against Central Bank.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint fails to state a claim as a matter of law because all actions taken by Central Bank with respect to Plaintiffs were done in good faith, without malice or ill will.

**SIXTH AFFIRMATIVE DEFENSE**

There is no private right of action available to Plaintiffs against Central Bank.

**EIGHTH AFFIRMATIVE DEFENSE**

The Plaintiffs have failed to take reasonable steps to mitigate their damages, if any.

**NINTH AFFIRMATIVE DEFENSE**

The Plaintiffs' damages, if any, are the result of the Plaintiffs' own acts or omissions.

//

**TENTH AFFIRMATIVE DEFENSE**

Plaintiffs have not suffered any actual damages as a result of the alleged acts and/or omissions of Central Bank.

**ELEVENTH AFFIRMATIVE DEFENSE**

The Plaintiffs are not entitled to recover any punitive damages and any award of punitive damages would violate Central Bank's constitutional rights under the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution, and the excessive fines and cruel and unusual punishment clauses of the Eighth Amendment to the United States Constitution, as well as other provisions of the United States Constitution.

**TWELFTH AFFIRMATIVE DEFENSE**

Any applicable arbitration requirement or jury waiver is expressly preserved and asserted herein.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Central Bank is entitled to a setoff and recoupment of all amounts Plaintiffs owe to Central Bank against any sums that the Court determines that Central Bank may owe Plaintiffs, if any.

//

//

//

//

//

//

//

//

//

//

Haight

**FOURTEENTH AFFIRMATIVE DEFENSE**

Central Bank hereby reserves all rights that it may have to assert its Affirmative Defenses and other potential claims as counterclaims and/or cross-claims to the extent warranted and as may become known to Central Bank through further investigation and discovery in this matter, and nothing contained herein shall be deemed a waiver of any counterclaim and/or cross-claim that Central Bank may subsequently assert. Any amendment to Central Bank's pleadings shall relate back to the filing of its original Answer.

DATED: May 20, 2025

HAIGHT BROWN & BONESTEEL LLP

By: William E. Ireland

William E. Ireland
Attorneys for Creditor
Central Bank & Trust Co.

Haight

# EXHIBIT 1

RECEIVED
JAN 21 2021

ENTERED
ATTEST VINCENT R[illegible]
JAN 20 2021
FAYETTE CIRCUIT CLERK
BY ______ DEPUTY

COMMONWEALTH OF KENTUCKY
FAYETTE CIRCUIT COURT
CIVIL BRANCH
NINTH DIVISION

CENTRAL BANK & TRUST CO. PLAINTIFF

V. **PARTIAL SUMMARY JUDGMENT, JUDGMENT ON THE PLEADINGS, AND ORDER OF SALE** NO. 19-CI-00812

DOUGLAS A. WAIN;
ELISA WAIN; and DITECH
FINANCIAL LLC[1], successor by merger
to GREEN TREE SERVICING LLC DEFENDANTS

**** **** **** ****

THIS matter having been brought before the Court upon the motion of the Plaintiff, Central Bank & Trust Co. (hereinafter "Central Bank" or the "Bank"), for Partial Summary Judgment, Judgment on the Pleadings and Order of Sale (collectively the "Motion"), under Kentucky Civil Rules of Procedure 56 on the grounds, among others, that there is no genuine issue of material fact and it is entitled to judgment as a matter of law; the Court having conducted a hearing and heard arguments of counsel; and the Court being sufficiently advised and having thoroughly reviewed and considered the evidence, pleadings, papers and record herein, the Court finds, holds and rules as follows:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The following Defendants were each duly served with Summons according to law and service on each Defendant is approved:

---

[1] On May 1, 2020, Shannon O'Connell Egan and Nathan H. Blaske of Dinsmore & Shohl LLP, counsel for NewRez LLC d/b/a Shellpoint Mortgage Servicing ("NewRez"), assignee of Ditech Financial, LLC, successor by merger to Green Tree Servicing, LLC filed an entry of appearance, submitting NewRez to the jurisdiction of this Court.

| DEFENDANT | METHOD OF SERVICE | DATE SERVED | ANSWER FILED |
|---|---|---|---|
| Douglas A. Wain | Fayette Co. Constable | 03-26-19 | 04-19-19 and 12-04-19 |
| Elisa Wain | Fayette Co. Constable | 03-26-19 | 04-19-19 and 12-04-19 |
| Ditech Financial LLC, successor by merger to Green Tree Servicing, LLC | Certified Mail to Registered Agent | 11-18-19 | 12-02-19 |
| NewRez LLC d/b/a Shellpoint Mortgage Servicing, assignee of Ditech Financial, LLC, successor by merger to Green Tree Servicing, LLC | | | 05-01-20 (Entry of Appearance) |

Venue is proper as the real estate sought to be foreclosed lies within the Court's jurisdictional boundaries.

The Court finds that all necessary parties are properly before the Court and the Court has subject matter jurisdiction over the issues in this case.

Central Bank has met its burden of proof on its Motion and is entitled to judgment under Civil Rule 56 and an order of sale of the subject Property, as hereinafter defined, as herein awarded below.

## JUDGMENT

**IT IS HEREBY ORDERED AND ADJUDGED AS FOLLOWS:**

1. The Motion of Plaintiff, Central Bank is sustained in its entirety.

2. Central Bank is awarded Judgment *in personam* against the Defendants, Douglas A. Wain and Elisa Wain (collectively, the "Wains"), jointly and severally, in the amount of $358,412.72, with interest thereon at the variable rate provided by the subject equity line agreement from March 6, 2019 until paid (currently 3.25% per annum, $31.13 per diem), late charges and such other costs, expenses and damages, including collection expenses, incurred or to be incurred, and attorneys' fees in an amount to be determined by the Court (hereinafter referred to as the "Judgment Amounts").

3. Securing the Judgment Amounts, Central Bank is adjudged to have a valid, enforceable, second mortgage lien on the certain real property described in the Complaint, Amended Complaint and the mortgage attached thereto as 2711 Barbados Lane, Lexington, Fayette County, Kentucky, which is more particularly described in **Exhibit A** attached hereto and incorporated herein by reference (the "Property"), which is only subject to the valid first mortgage lien of the Defendant, Ditech Financial, LLC ("Ditech"), successor by merger to Green Tree Servicing LLC, and/or its assignee, NewRez; and unpaid, delinquent *ad valorem* taxes, if any. Neither Ditech nor NewRez has filed or asserted a counterclaim or cross-claim in this action and neither party responded or disputed the Bank's Motion.

4. The duties and obligations of the Wains under the Gold Equity Line Agreement and the Gold Equity Line Mortgage (attached as Exhibits "A" and "B," respectively, to the Bank's Amended Complaint) shall be fully enforced by this Judgment.

**ORDER OF SALE**

5. The Property is a single residential lot with improvements thereon that cannot be divided without materially impairing the value thereof or the interest of the parties thereto, and the Property shall be sold **AS IS, WITH FAULTS, WITHOUT WARRANTIES OF ANY KIND**, as a whole for the purpose of enforcing the Judgment and Central Bank's mortgage lien herein adjudged against the Property.

6. The Property shall be immediately referred to the Master Commissioner of this Court for sale and shall be sold by the Master Commissioner upon the conditions set forth in RFCC 26(b)(4), which are incorporated herein by reference, and as follows:

A. The Master Commissioner is authorized, ordered and directed to advertise and appraise the Property and to offer the Property and any improvements and fixtures thereon at public auction, on the 8th day of February, 2021, at or about the hour of N/A, local time. The auction shall be held in person or, due to Covid-19, on-line on a secure, designated auction website open to the public.

B The Property shall be sold as a whole to the highest bidder on terms of 10% of the purchase price paid at the time of the sale with the balance to be paid within thirty (30) days, and, pursuant to KRS 426.705, any purchaser shall be required to execute bond with surety thereon to be approved by the Master Commissioner to secure the unpaid portion of the purchase price, with the bond to bear interest at the rate the judgment bears (3.25% per annum) from date of sale until paid, and the bond shall have the same force and effect as a judgment and shall remain and be a lien on the Property until fully paid.

C. The purchaser shall have the privilege of paying the entire purchase price in cash at time of sale or paying said bond before maturity by paying the principal amount thereof together with all interest accrued thereon until the date of said payment.

D. Before making sale of the Property, the Master Commissioner shall advertise the aforesaid time, terms and on-line location of the sale, together with a description of the Property to be sold, approximately 7 to 21 days prior to the date of sale by inserting an advertisement in a newspaper having general circulation in Fayette County.

E. Before making sale of the Property, the Master Commissioner shall have the Property appraised by two intelligent disinterested housekeepers of Fayette County, Kentucky, not related to any of the parties of this action. The appraisers shall be sworn by the Master Commissioner before making such appraisal and they shall return their appraisals in writing to the Master Commissioner, same to be a part of the record in this case.

F. The Master Commissioner shall, after making said sale, report same to this Court for further action herein.

G. In the event the purchaser of the Property fails to comply with the above terms of sale, then in such event the Master Commissioner shall immediately resell the Property upon further order of this Court, upon the same terms and conditions as hereinabove set forth.

H. The purchaser at the Master Commissioner's sale shall take the Property free and clear of the claims of the parties to this action and all existing liens recorded after the recording of Central Bank's Lis Pendens Notice, but subject to the following:

(1) Current year real estate taxes affecting the Property for which the purchaser shall take no credit on the purchase;

(2) Easements, restrictions and stipulations of record;

(3) Any matters that would be disclosed by an accurate survey or inspection of each of the Properties; and

(4) Any current assessments for public improvements levied against the Property.

I. In the event Central Bank purchases the Property, subparagraphs (B) and (C) of this paragraph shall not apply; provided, however, if Central Bank's bid exceeds its judgment amount, Central Bank will be required to pay the difference in full or provide deposit and pay interest until paid.

7. The Master Commissioner, the Court, and Central Bank shall not be deemed to warrant title of the Property to the purchaser.

8. Risk of loss shall pass to the successful bidder upon acceptance by the Master Commissioner of the final bid. The successful bidder/purchaser shall have an insurable interest in the purchased property immediately upon acceptance by the Master Commissioner of the final bid for the Property.

9. There are currently no delinquent *ad valorem* taxes due on the Property and therefore the proceeds of the sale shall be applied in the following order of priority:

A. The Master Commissioner's costs and fees;

B. The satisfaction of the mortgage lien of Ditech Financial, LLC, successor by merger to Green Tree Servicing, LLC, and/or its assignee, NewRez LLC d/b/a Shellpoint

Mortgage Servicing, which is required to obtain Judgment herein prior to its obtaining any proceeds;

C. The satisfaction of Central Bank's mortgage lien as adjudicated herein, including reimbursement for its costs, expenses and attorneys' fees as set forth herein; and

D. Any remaining proceeds of the sale shall be held by the Master Commissioner until further order of this Court for distribution to the Defendants as their interests may appear.

10. In the event the Property sells for less than the Judgment Amounts awarded to Central Bank herein, after payment of court costs, and fees, expenses, and costs of sale, the Defendants, Douglas A. Wain and Elisa Wain, shall be jointly and severally liable to Central Bank for any deficiency amount(s) which may remain after the sale of the Property and application of the net sale proceeds due to Central Bank.

11. Jurisdiction is retained for such further orders and proceedings as may be necessary, including but not limited to, a determination of reasonable attorney's fees under numerical paragraph 3 of this Judgment and, with respect to future attorneys' fees, expenses and costs incurred during the post-judgment process, including any appeal of this Judgment, Central Bank may apply for additional fees, expenses and costs as may be incurred in the future upon proper application to the Court related to the enforcement, collection and preservation of this Judgment on appeal. Further, the Wains have asserted a counterclaim that may be pursued separately from Central Bank's claims, as set forth in the Bank's motion and memorandum of law.

12. This is a final and appealable Judgment, and there is no just cause for the delay in the entry thereof.

13. Pursuant to CR 77.04, the Circuit Court Clerk shall serve notice of the entry of this Judgment and Order of Sale.

DATED this 19 day of January, 2021.

/S/ KIMBERLY N. BUNNELL
A TRUE COPY
ATTEST, VINCENT RIGGS, CLERK
FAYETTE CIRCUIT COURT
BY [signature] D.C.

JUDGE, FAYETTE CIRCUIT COURT

**TO BE ENTERED:**

STOLL KEENON OGDEN PLLC
300 W. Vine Street, Suite 2100
Lexington, Kentucky 40507
Phone: (859) 231-3000

By: [signature]
GREGORY D. PAVEY
ATTORNEYS FOR CENTRAL BANK

**HAVE SEEN AND APPROVED:**

/s/ JAMES H. FRAZIER, III DM

HON. JAMES H. FRAZIER, III
MASTER COMMISSIONER,
FAYETTE CIRCUIT COURT

**CLERK'S CERTIFICATE OF SERVICE**

This is to certify that a true copy of the foregoing was duly served by mail this 20 day of Jan, 2021, to:

James H. Frazier, III, Esq.
201 E. Main Street, Suite 770
Lexington, Kentucky 40507
MASTER COMMISSIONER

Gregory D. Pavey, Esq.
STOLL KEENON OGDEN PLLC
300 W. Vine Street, Suite 2100
Lexington, Kentucky 40507
ATTORNEYS FOR CENTRAL BANK

David W. Hemminger, Esq.
HEMMINGER LAW OFFICE, PSC
331 Townepark Circle, Suite 100-C
Louisville, Kentucky 40243
hemmingerlawoffice@gmail.com
ATTORNEY FOR DOUGLAS & ELISA WAIN

Paul M. Nalepka, Esq.
REISENFELD & ASSOCIATES LLC
3962 Red Bank Road
Cincinnati, OH 45227
KYE-Notifications@rslegal.com
ATTORNEYS FOR DITECH FINANCIAL, LLC,

Shannon O'Connell Egan
Nathan H. Blaske
DINSMORE & SHOHL LLP
255 East Fifth Street, Suite 1900
Cincinnati, Ohio 45202
Shannon.Egan@dinsmore.com
Nathan.Blaske@dinsmore.com
ATTORNEYS FOR NEWREZ LLC d/b/a
SHELLPOINT MORTGAGE SERVICING,
ASSIGNEE OF DITECH FINANCIAL, LLC

Vincent Riggs
CLERK, FAYETTE CIRCUIT COURT

rdh/ 100443.163845
Doc#8403596.4

**PROPERTY DESCRIPTION**

Being all of Lot No. 17, Unit 1, of the Greenbriar Estates Subdivision, to the City of Lexington, Fayette County, Kentucky as shown by map or plat thereof of record in Plat Cabinet A, Slide 7, in the office of the Fayette County Clerk; said premises being known and designated as 2711 Barbados Lane, Lexington, Kentucky; and

Being the same property conveyed to Douglas A. Wain and Elisa Wain, husband and wife, by deed dated March 26, 1991 of record in Deed Book 1580, Page 347, in the office of the Fayette County Clerk.

**Parcel No. 22739900**

**EXHIBIT A**

# EXHIBIT 2

RENDERED: NOVEMBER 4, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0202-MR

DOUGLAS WAIN AND ELISA WAIN — APPELLANT

v.

APPEAL FROM FAYETTE CIRCUIT COURT
HONORABLE KIMBERLY N. BUNNELL, JUDGE
ACTION NO. 19-CI-00812

CENTRAL BANK AND TRUST COMPANY; DITECH FINANCIAL, LLC; NEWREZ, LLC, D/B/A SHELLPOINT MORTGAGE SERVICING, ASSIGNEE OF DITECH FINANCIAL, LLC — APPELLEES

OPINION
AFFRIMING

** ** ** ** **

BEFORE: ACREE, JONES, AND MAZE, JUDGES.

MAZE, JUDGE: Douglas and Eliza Wain (collectively, the Wains) appeal from a judgment and order of sale entered by the Fayette Circuit Court in favor of Central Bank & Trust Company (Central Bank). The Wains argue that there were genuine

RECEIVED
NOV - 9 2022

issues of material fact on their defense of unclean hands that precluded summary judgment. We agree with the trial court that the Wains failed to identify any facts which would have precluded Central Bank from foreclosing on the property. Hence, we affirm.

On June 28, 2006, the Wains and Central Bank executed a "Gold Line Equity Agreement" (the Agreement) in the principal amount of $350,000.00. The Agreement was secured by a second mortgage on their residence in Lexington. Beginning in August 2018, the Wains fell behind in their payments on the account. The parties agree that they engaged in discussions about options to bring the account current, but they disagree as to the content of those discussions.

The Wains point to correspondence between Douglas Wain and Central Bank employees Ashleigh Holden and Steve Hall. The Wains contend that they repeatedly asked for reconciliation statements showing the past-due amounts, but they did not receive a reply until November 2018. However, Central Bank points out that the Wains accessed their account online during this period and had ready access to the current information regarding the amounts due. The Wains also made several partial payments on the past due amounts through the online system.

On January 31, 2019, Hall sent a demand letter, advising the Wains that Central Bank had elected to accelerate payment and declare the entire loan

amount then due and owing. Douglas Wain sent a reply on February 11, acknowledging receipt of the demand letter but disputing the interest rate and credit for payments previously made. The Wains also requested that Central Bank reinstate the loan. On February 22, Hall responded that Central Bank would only allow reinstatement of the loan under certain conditions and directed the Wains to respond to the offer by March 1. Prior to that date, Douglas Wain responded to Hall and expressed an interest in getting current on the loan. However, he did not accept Central Bank's condition of accepting an agreed judgment.

Thereafter, on March 6, 2019, Central Bank filed the current action against the Wains for breach of contract and foreclosure on the encumbered property.[1] The Wains filed an answer and counterclaim, asserting an affirmative defense of unclean hands on the part of Central Bank. Specifically, the Wains alleged that Central Bank failed to negotiate in good faith. The Wains also asserted claims for breach of contract, fraud, violation of the Truth-in-Lending Act (TILA), 15 U.S.C.[2] § 1666a, and the Kentucky Consumer Protection Act, KRS[3] 367.110 *et seq.*

---

[1] Subsequently, Central Bank filed an amended complaint naming the first mortgage-holder.

[2] United States Code.

[3] Kentucky Revised Statutes.

Following a period of discovery, Central Bank moved for partial summary judgment, judgment on the pleadings, and an order of sale. In support of the motion, Central Bank pointed to the following facts to which the Wains had admitted or were otherwise unrefuted:

- The Wains executed and delivered the Agreement, secured by a Mortgage, to Central Bank in June 2006;
- The Wains had access, at all relevant times, to their account information, including their outstanding balance and payment due, via Monthly Statements and Central Bank's online system, CardManager;
- The Wains accessed CardManager many times and used it to submit partial payments;
- The Wains have defaulted in payments on the Agreement;
- The amount owed on the Agreement is $380,684.43, with interest thereon at a variable rate as provided in the Agreement, currently at $31.13 per diem from July 8, 2020, until paid, and such other costs, expenses including collection costs, taxes and damages that may be incurred or to be incurred by Central Bank; and
- The Agreement is secured by the Mortgage, which is valid and enforceable to secure payment of the Agreement.

The trial court conducted a hearing on the motion on December 11, 2020. After considering the briefs and arguments of counsel, and after noting the undisputed facts set forth above, the trial court granted summary judgment and an

order of sale on January 20, 2021. The trial court found that Central Bank had a valid and enforceable second mortgage on the Wains' property to which it was entitled to foreclose. The judgment awarded Central Bank $358,412.72, plus interest from March 6, 2019, plus costs and attorney fees. The order of sale directed the Master Commissioner to sell the property and apply the proceeds among the lienholders. The trial court subsequently entered an order confirming the Commissioner's Report of Sale. Following the sale but prior to the confirmation of the Commissioner's Report, the Wains filed their current appeal.[4]

The sole question presented on appeal is whether Central Bank was entitled to summary judgment as a matter of law. "The proper function of summary judgment is to terminate litigation when, as a matter of law, it appears that it would be impossible for the respondent to produce evidence at the trial warranting a judgment in his favor." *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 480 (Ky. 1991). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR[5] 56.03. The record must be viewed in a light most favorable to the party

[4] The Wains did not file a *supersedeas* bond or seek to stay the Commissioner's Sale.

[5] Kentucky Rules of Civil Procedure.

opposing the motion for summary judgment and all doubts are to be resolved in his favor. *Steelvest*, 807 S.W.2d at 480. The trial court must examine the evidence, not to decide any issue of fact, but to discover if a real issue exists. *Id.* Since a summary judgment involves no fact-finding, this Court's review is *de novo*, in the sense that we owe no deference to the conclusions of the trial court. *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996).

As discussed above, the Wains admitted that there was a valid mortgage on their property and that they were in default under the terms of the Agreement. However, the Wains argue that there were genuine issues of material fact which precluded summary judgment on their defense of unclean hands. The unclean hands doctrine is a rule of equity that forecloses relief to a party who has engaged in fraudulent, illegal, or unconscionable conduct but does not operate to "repel all sinners from courts of equity." *Dunscombe v. Amfot Oil Co.*, 201 Ky. 290, 256 S.W. 427, 429 (1923). "The transaction with respect to which there was misconduct must be connected with the matter in litigation in order for the doctrine of unclean hands to apply." *Eline Realty Co. v. Foeman*, 252 S.W.2d 15, 19 (Ky. 1952). *See Suter v. Mazyck*, 226 S.W.3d 837, 843 (Ky. App. 2007).

"In a long and unbroken line of cases this court has refused relief to one, who has created by his fraudulent acts the situation from which he asks to be extricated." *Asher v. Asher*, 278 Ky. 802, 129 S.W.2d 552, 553 (1939). A trial

court's decision to invoke the equitable defense of the unclean hands doctrine rests within its sound discretion. *See Petroleum Exploration v. Pub. Serv. Comm'n of Kentucky*, 304 U.S. 209, 218, 58 S. Ct. 834, 839, 82 L. Ed. 1294 (1938). The doctrine will not be applied to all misconduct, as when "the plaintiff has engaged in conduct less offensive than that of the defendant." *Suter*, 226 S.W.3d at 843. *See also Mullins v. Picklesimer*, 317 S.W.3d 569, 577 (Ky. 2010).

The Wains cite two cases in support of their contention that the doctrine of unclean hands is a fact-specific matter on which summary judgment is usually inappropriate. In *Memorial Hall Museum, Inc. v. Cunningham*, 455 F. Supp. 3d 347, 361 (W.D. Ky. 2020), a museum sued to recover two stolen Civil War uniforms that were in the possession of the defendant. The defendant argued that the museum's claim was barred by laches, but the museum argued that the defendant had unclean hands because he was aware that the uniforms had been stolen. Applying Kentucky law, the federal district court concluded that there were disputed issues of material fact regarding both parties' equitable claims. *Id.* at 362.

In *Cabot Turfway Ridge Defendants v. U.S. Bank National Association*, No. 2015-CA-001199-MR, 2017 WL 2211082, (Ky. App. May 12, 2017), a group of investors signed a promissory note and mortgage, but then turned over management of the encumbered property to their partners and tenants. When the Bank sought to foreclose on real property after a default, the investors argued

the Bank's action was precluded by laches and unclean hands. The investors argued that the Bank was aware of the tenants' misconduct and failed to require a timely cure to the tenants' defaults. This Court agreed that summary judgment was appropriate because the investors had not produced any evidence that the Bank aided in the tenants' fraud or that it knew of the improper conduct by the tenants. *Id.* at *7.

It is well-established that a party opposing a properly supported summary judgment motion cannot defeat it without presenting at least some affirmative evidence showing that there is a genuine issue of material fact for trial. *Steelvest*, 807 S.W.2d at 481. The facts and procedural posture of the current case are closer to those presented in *Cabot Turfway* than *Memorial Hall Museum*. The Wains contend that Central Bank failed to properly acknowledge their partial payments made in October 2018 but acknowledge that they remained in default under the Agreement. The Wains further assert that Hall misrepresented Central Bank's willingness to negotiate a resolution of their default without proceeding to foreclosure.

However, all of the conduct involving those negotiations occurred after Hall advised the Wains that Central Bank had elected to accelerate the balance due on the Agreement. Furthermore, Hall's February 22, 2019, email expressly conditioned any settlement on the Wains' agreement to pay all past due

amounts by March 15 and to execute an agreed judgment. The email also required the Wains' acceptance of these conditions by March 1. Douglas Wain's response did not clearly accept all of these conditions.

In any event, the negotiations did not involve the validity of the underlying loan or Central Bank's obligations involving that loan. Rather, the negotiations only concerned the Wains' efforts to seek Central Bank's forbearance on collection and foreclosure. Although Central Bank could have handled these matters differently, there is no showing that Hall's representations induced the Wains to act or fail to act to make a timely cure of their default. Under the circumstances, we agree with the trial court that there was no fraudulent, illegal, or unconscionable conduct that would preclude Central Bank from exercising its rights under the Agreement.

Accordingly, we affirm the summary judgment and order of sale entered by the Fayette Circuit Court.

ALL CONCUR.

BRIEF FOR APPELLANTS:

David W. Hemminger
Louisville, Kentucky

BRIEF FOR APPELLEE CENTRAL BANK AND TRUST COMPANY:

Gregory D. Pavey
Timothy R. Wiseman
Lexington, Kentucky

Haight

**PROOF OF SERVICE**

In Re Douglas Alan Wain; Elisa Wain

Case No. 1:24-bk-11814

ADV. NO., 1:25-ap-01026-MB

**STATE OF CALIFORNIA, COUNTY OF SACRAMENTO**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Sacramento, State of California. My business address is 500 Capitol Mall, Suite 2150, Sacramento, CA 95814.

On May 21, 2025, I served true copies of the following document(s) described as **CENTRAL BANK & TRUST CO.'S ANSWER TO ADVERSARY COMPLAINT** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 21, 2025, at Sacramento, California.

*/s/ Lori Carmichael*
Lori Carmichael

**SERVICE LIST**
**In Re Douglas Alan Wain; Elisa Wain**
**Case No. 1:24-bk-11814**

Pursuant to CM/ECF

Douglas Wain
Elisa Wain
P.O. Box 7473
Westlake Village, CA 91359

Tel: 859.494.3677
douglaswain@gmail.com

***Plaintiffs in Pro Per***

Haight