William E. Ireland (Bar No. 115600)
*wireland@hbblaw.com*
HAIGHT BROWN & BONESTEEL LLP
555 South Flower Street, Forty-Fifth Floor
Los Angeles, California 90071
Telephone: 213.542.8000
Facsimile: 213.542.8100

Attorneys for Defendant
Central Bank & Trust Co.

Haight

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>Douglas Alan Wain, Elisa Wain,<br><br>Debtors<br><br>———<br><br>DOUGLAS ALAN WAIN and ELISA WAIN<br><br>Plaintiffs<br>v.<br><br>CENTRAL BANK & TRUST CO.<br><br>Defendant | CASE NO. 1:24-bk-11814-MB<br><br>CHAPTER 13<br><br>JUDGE Martin R. Barash<br><br>Adv. Proc. No. 1:25-ap-01026-MB<br><br>**CENTRAL BANK'S SUPPLEMENTAL BRIEF**<br><br>HEARING:<br><br>Date: [To be set by the Court]<br>Time: [To be set by the Court]<br>Courtroom: 303<br>Address: 21041 Burbank Blvd.<br>Woodland Hills, CA 91367 |

**TO THE COURT AND THE DEBTORS/PLAINTIFFS:**

CENTRAL BANK & TRUST CO. ("Central Bank") submits this Supplemental Brief as requested by the Court and states as follows:

Haight

## I. <u>Introduction</u>

Central Bank's proof of claim (Claim No. 1) is based on a final Kentucky state-court judgment entered against the Douglas Alan Wain and Elisa Wain (the "Wains" or the "Debtors"). The Debtors' objections and their adversary proceeding impermissibly seek to relitigate liability and damages already conclusively determined by Kentucky's courts. Well-settled principles of jurisdiction, full faith and credit, and Kentucky res judicata law require allowance of the claim.

As requested by the Court, Central Bank will outline those principles, briefly. This Court lacks jurisdiction under the *Rooker–Feldman* doctrine to review or reject the state-court judgment, and Kentucky law mandates that the judgment be given full preclusive effect. In short, this Court is bound to give deference to the final Kentucky judgment. See Because there is no ground for disallowance under 11 U.S.C. § 502(b) applies, the claim must be allowed and the Debtors' collateral attacks ended.

## II. <u>The Court Lacks Jurisdiction to Reconsider Central Bank's Judgment Under The *Rooker–Feldman* Doctrine</u>

Federal courts, including bankruptcy courts, lack subject-matter jurisdiction to act as appellate tribunals reviewing state-court judgments. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Central Bank does not ask this Court to revisit the merits of the Kentucky state court's ruling; it seeks enforcement of a debt fixed by judgment. The Debtors' objection, by contrast, challenges the correctness of that judgment and is therefore a prohibited and *de facto* appeal. Any ruling sustaining the objection would require this Court to conclude that the state court erred—relief that *Rooker–Feldman* doctrine squarely forbids. In *Exxon Mobil Corp.*, the Supreme Court made clear the doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 284. In this case, Fayette Circuit Court in Kentucky entered

a final judgment—one affirmed on appeal by Kentucky's appellate courts[1]—that specifically found the Debtors liable to Central Bank for a debt secured by a mortgage. The Debtors cannot attack these findings now in their bankruptcy proceeding.[2] This precludes most of the Debtors' attacks on Central Bank's claim.

## III. Kentucky Res Judicata Principles Require Preclusive Effect

The Supreme Court of Kentucky has explained the doctrine of res judicata as follows:

> The doctrine of res judicata is that an existing final judgment rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction, is conclusive of causes of action and of facts or issues thereby litigated, as to the parties and their privies, in all other actions in the same or any other judicial tribunal of concurrent jurisdiction.

*Yeoman v. Commonwealth Health Policy Bd.*, 983 S.W.2d 459, 464 (Ky. 1998) (quoting 46 Am Jur 2d § 514). The *Yeoman* court further explained that "[t]he doctrine of res judicata is formed by two subparts: 1) claim preclusion and 2) issue preclusion." *Id.* at 464-65. When two proceedings concern the same controversy, then the previous

---

[1] On November 4, 2022, the Kentucky Court of Appeals rendered an opinion affirming the judgment. *Wain v. Cent. Bank & Tr. Co.*, No. 2021-CA-0202-MR, 2022 Ky. App. Unpub. LEXIS 631 (Ky. Ct. App. Nov. 4, 2022). Thereafter, the Wains moved the Supreme Court of Kentucky to grant discretionary review. The Kentucky Supreme Court denied discretionary review on January 10, 2024. *Wain v. Cent. Bank & Tr. Co.*, No. 2022-SC-0529-D, 2024 Ky. LEXIS 20 (Ky. Jan. 10, 2024). The Wains have made continued attempts to avoid this judgment, but it is final.

[2] Among other things, the Kentucky Court of Appeals noted that, "[a]s to their argument that the proceeds of the sale were sufficient to satisfy Central Bank's lien, it is not clear whether the Wains intended to mislead this Court, or whether they do not recognize that U.S. Bank, as senior lienholder, was entitled to have its judgment satisfied by the proceeds of the sale prior to the Central Bank being paid." (Opinion and Order, p. 7, Proof of Claim No. 1-1, Part 9). (Opinion and Order, p. 7). The Kentucky courts have been clear that Central Bank is entitled to the full amount of its judgment, including any deficiency remaining after the sale of the property subject to Central Bank's mortgage.



Haight

Haight

proceeding "is deemed to have adjudicated every matter which was or could have been brought in support of the cause of action." *Id.* at 465 (citations omitted). Put differently, "[t]he doctrine prohibits the relitigation of claims that were litigated or could have been litigated between the same parties in a prior action." *Millver v. Admin. Office of the Courts*, 361 S.W.3d 867, 871 (Ky. 2011). An issue is properly precluded from re-argument when: (1) the issues are the same, (2) the issue was actually litigated, (3) the issue was actually decided, and (4) the decision must have been necessary to the court's judgment. *Yeoman*, 983 S.W.2d at 465.

**A. Claim Preclusion Bars The Debtors From Relitigating All Matters Arising from the Same Transaction**

Kentucky applies a broad transactional test for claim preclusion. *Yeoman*, 983 S.W.2d at 464–65. Claim preclusion applies where:

1. the parties are identical or in privity;
2. the prior action resulted in a final judgment on the merits; and
3. the claims arise from the same transaction or operative facts.

Each element is satisfied here. The judgment is final and enforceable under Kentucky law, was entered against the Debtors, and conclusively resolves the same underlying conduct forming the basis of the proof of claim. Under Kentucky law, the judgment extinguishes not only claims actually litigated, but all claims and defenses that could have been raised.

**B. Issue Preclusion Independently Bars Reconsideration of Adjudicated Facts**

Even if the Debtors try to reframe their objections as raising "bankruptcy issues," issue preclusion applies to factual and legal determinations essential to the judgment, including liability and damages. Kentucky law bars relitigation where the

issue was actually litigated, necessarily decided, and resolved by a final judgment after a full and fair opportunity to be heard. *Miller*, 361 S.W.3d at 872. There is no dispute that the Debtors litigated and had the opportunity on these issues at the trial court, Kentucky's Court of Appeals, and Kentucky's Supreme Court. Central Bank's judgment is final.

Any arguments the Debtors now raise were available to them before the trial court entered its judgment—five years ago. In the absence of specific reasons, it is presumed that Fayette Circuit Court considered and rejected each of the opposing arguments offered in opposition. *Sparks v. Trustguard Ins. Co.*, 389 S.W.3d 121, 124 (Ky. Ct. App. 2012). The Debtors cannot relitigate now before this Court.[3]

## IV. The Judgment-Based Claim Is Presumptively Valid Under the Bankruptcy Code

A proof of claim based on a final judgment is prima facie valid under Bankruptcy Rule 3001(f). The burden shifts to the objector to establish a statutory ground for disallowance under § 502(b). None of these apply here. The Bankruptcy Code does not authorize disallowance merely because a debtor may dispute the correctness of a judgment. Nor may the Court invoke equitable powers to override preclusion doctrines or state-law judgments.

---

[3] The Kentucky courts rejected the Wains' arguments about any "deficiency judgment" issues. As noted in Central Bank's response to the Wains' motion for summary judgment, Central Bank's claim does not fail due to any lack of a separate "deficiency judgment" as alleged by the Wains. The cases cited by the Wain do not change this analysis. Indeed, Kentucky trial courts retain jurisdiction long after entry of a judgment to allow creditors to collect. *See Choate v. Bank of Cadiz & Tr. Co.*, No. 2015-CA-000435-MR, 2016 Ky. App. Unpub. LEXIS 410, at *12 (Ky. Ct. App. June 17, 2016) (explaining that a "trial court had jurisdiction to enforce its own judgment" and could allow collection for remaining, or deficiency, amounts pursued 10 years after entry).



Haight

Haight

**V. <u>Conclusion</u>**

Because Central Bank's proof of claim is grounded in a final Kentucky state-court judgment:

- this Court lacks jurisdiction to revisit the judgment's merits;
- Kentucky res judicata principles, both claim- and issue-preclusion, require full preclusive effect; and
- no basis for disallowance exists under § 502(b).

The Debtors' objections should therefore be overruled, the proof of claim allowed in full, and the Debtors' collateral attacks against Central Bank and its judgment should end.

DATED: January 23, 2026

HAIGHT BROWN & BONESTEEL LLP

By: *<u>/s/ William E. Ireland</u>*
William E. Ireland
Attorneys for Defendant
CENTRAL BANK & TRUST CO.

## PROOF OF SERVICE



Haight