Douglas A. Wain, Pro Per, Elisa Wain, Pro Per
P.O. Box 7473, Westlake Village, CA 91359
douglaswain@gmail.com 859.494.3677

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>Douglas Alan Wain, Elisa Wain,<br><br>Debtors, | **CASE NO. 1:24-bk-11814-MB**<br><br>**CHAPTER 13**<br><br>**HON. JUDGE Martin R. Barash** |
| Douglas Alan Wain and Elisa Wain<br><br>Plaintiffs,<br><br>vs.<br><br>Central Bank & Trust, Co.<br><br>Defendant. | **Adv. Proc. No. 1:25-ap-01026-MB**<br>**DECLARATION OF DOUGLAS A. WAIN IN SUPPORT OF SUPPLEMENTAL BRIEF IN SUPPORT OF OBJECTION TO PROOF OF CLAIM AND MOTION FOR SUMMARY JUDGMENT**<br><br>**Hearing Date**: March 5, 2026<br>**Time:** 11:30 AM<br>**Courtroom:** 303<br>**Address:** 21041 Burbank Blvd.<br>Woodland Hills, CA 91367 |

### DECLARATION OF DOUGLAS A. WAIN IN SUPPORT OF

### SUPPLEMENTAL BRIEF IN SUPPORT OF OBJECTION TO PROOF OF

### CLAIM AND MOTION FOR SUMMARY JUDGMENT

1. I, Douglas A. Wain, declare as follows:

2. I am a Debtor in the above-captioned Chapter 13 bankruptcy case and a Plaintiff

in the above-captioned adversary proceeding. I am over the age of 18 and

competent to testify to the matters set forth herein. I have personal knowledge

of the facts stated in this declaration, and if called as a witness, I could and would testify competently thereto.

3. I submit this declaration in support of Debtors' Supplemental Brief in Support of Objection to Proof of Claim No. 1 Filed by Central Bank & Trust Co. ("CBT") and Motion for Summary Judgment, and to authenticate the exhibits attached thereto.

**Court Records**

4. Attached hereto as **Exhibit A** is a true and correct copy of the Partial Summary Judgment, Judgment on the Pleadings, and Order of Sale entered by the Fayette Circuit Court on January 20, 2021, in *Central Bank & Trust Co. v. Wain, et al.*, Case No. 19-CI-00812. I obtained this document from the official court record.

5. Attached hereto as **Exhibit B** is a true and correct copy of the Entry Granting Summary Judgment and Order of Distribution of Sale Proceeds entered by the Fayette Circuit Court on March 7, 2024, in *Central Bank & Trust Co. v. Wain, et al.*, Case No. 19-CI-00812. I obtained this document from the official court record.

6. Attached hereto as **Exhibit C** is a true and correct copy of the Order Holding Appeal in Abeyance entered by the Kentucky Court of Appeals on January 29, 2026, in *Wain v. Central Bank & Trust Co.*, Case No. 2025-CA-0252-MR. I obtained this document from the official court record.

7.      Attached hereto as **Exhibit D** is a true and correct copy of the Order Holding Appeals in Abeyance entered by the Kentucky Court of Appeals on January 29, 2026, in *Wain v. Moskvich, et al.* and *Wain v. Central Bank & Trust Co., et al.*, Case Nos. 2024-CA-0400-MR and 2024-CA-0643-MR. I obtained this document from the official court record.

8.      Attached hereto as **Exhibit E** is a true and correct copy of the Order Holding Action in Abeyance entered by the Kentucky Court of Appeals on January 29, 2026, in *Wain v. Bunnell*, Case No. 2024-CA-1090-OA. I obtained this document from the official court record.

9.      Attached hereto as **Exhibit F** is a true and correct copy of the Order Staying Case and Holding in Abeyance entered by the United States District Court for the Eastern District of Kentucky on February 6, 2025, in *Wain v. Central Bank and Trust, et al.*, Case No. 5:23-cv-00139-REW-MAS. I obtained this document from the PACER electronic filing system.

10.     Attached hereto as **Exhibit G** is a true and correct copy of the Order Denying Defendant's Motion for Summary Judgment Without Prejudice entered by the United States District Court for the Eastern District of Kentucky on February 7, 2025, in *Wain v. Central Bank & Trust Co., et al.*, Case No. 5:23-cv-00139-REW-HAI. I obtained this document from the PACER electronic filing system.

11.    Attached hereto as **Exhibit L** is a true and correct copy of the Order Confirming Report of Sale, for Delivery of Deed, and Partial Distribution of Proceeds entered by the Fayette Circuit Court, Judge Kimberly N. Bunnell, on March 12, 2021, in *Central Bank & Trust Co. v. Wain, et al.*, Case No. 19-CI-00812. I obtained this document from the official court record. This Order confirms the foreclosure sale of the property at 2711 Barbados Lane, Lexington, Kentucky, at a sale price of $630,003.00, with $605,035.42 held by the Master Commissioner after deduction of fees. Paragraph 4 of this Order provides that "liens or interests . . . are hereby released and discharged" pursuant to KRS 382.365.

12.    Attached hereto as **Exhibit M** is a true and correct copy of the Motion for Distribution of Proceeds filed by Central Bank & Trust Co., through counsel at Fowler Bell PLLC, on May 22, 2023, in *Central Bank & Trust Co. v. Wain, et al.*, Case No. 19-CI-00812, Fayette Circuit Court. I obtained this document from the official court record. In this Motion, CBT's counsel acknowledges that $605,035.42 in sale proceeds was held by the Master Commissioner and requests that the Court distribute $358,412.72 of those proceeds to CBT. CBT's counsel argues that NewRez's failure to pursue its interest in the proceeds for more than two years constituted a waiver and that CBT was entitled to distribution based on equitable principles. This filing demonstrates that CBT recognized the existence of sufficient sale proceeds to satisfy its

judgment and affirmatively sought distribution of those proceeds—a position

that is irreconcilable with CBT's subsequent filing of Proof of Claim No. 1 in

this Court on December 20, 2024, asserting a deficiency balance of

$357,990.91.

13.    Attached hereto as **Exhibit N** is a true and correct copy of the Memorandum

Opinion and Order entered by the United States District Court for the Eastern

District of Kentucky, Judge Gregory F. Van Tatenhove, on July 1, 2025, in

*Wain v. Bunnell, et al.*, Case No. 5:24-cv-00305-GFVT. I obtained this

document from the PACER electronic filing system. While this Order

dismissed Plaintiffs' claims on judicial immunity and Eleventh Amendment

grounds, the Court's factual recitation independently confirms the key facts at

issue in this adversary proceeding, including that $605,035.42 in sale

proceeds was held by the Master Commissioner, and that the March 7, 2024

Distribution Order directed $538,150.82 to U.S. Bank and $66,884.60 to

CBT. This Order is submitted solely for the Court's consideration of these

independently established facts as corroborated by a neutral federal court, not

as authority for the legal rulings therein.

## **Bankruptcy Court Record**

14.    Attached hereto as **Exhibit H** are true and correct copies of select pages

(Pages 1–3 and 71) of Proof of Claim No. 1 filed by Central Bank & Trust

Co. on December 20, 2024, in this Court, Case No. 1:24-bk-11814-MB.

These pages are part of the official record of this Court and were obtained from the CM/ECF electronic filing system.

### **Documents Within Declarant's Personal Knowledge**

15. Attached hereto as **Exhibit I** are true and correct copies of Experian credit report notifications I received showing that Central Bank & Trust Co. reported the account as "Charged off as bad debt" between February and June 2023. These are records from my Experian credit monitoring account that I personally accessed and saved. I have personal knowledge that these notifications were generated by Experian based on information reported by Central Bank & Trust Co.

16. Attached hereto as **Exhibit J** are true and correct copies of wage garnishment and non-wage garnishment documents filed by Central Bank & Trust Co. against my wife, Elisa Wain, in Fayette Circuit Court, Case No. 19-CI-00812. CBT filed its Affidavit for Writ of Non-Wage Garnishment on March 3, 2021 — twenty-three days after the February 8, 2021 foreclosure sale. In that affidavit, CBT's counsel stated under oath that the amount due on the judgment was "$358,412.72, plus interest, attorneys' fees and costs (subject to credit for proceeds from the sale of collateral, which have not yet been received)." The wage garnishment was served on Fayette County Public Schools on March 11, 2021 — one day before the Fayette Circuit Court entered its Confirmation of Sale Order on March 12, 2021. At the time CBT

initiated the garnishment, no sale proceeds had been distributed and the sale had not yet been confirmed by the Court.

Despite this, CBT garnished the following amounts directly from Elisa Wain's teaching salary at Fayette County Public Schools: $1,198.00 on May 21, 2021; $1,198.00 on June 21, 2021; $1,190.00 on July 21, 2021; and $599.00 on August 21, 2021 — totaling $4,185.00. These garnishments continued after the March 12, 2021 Confirmation of Sale Order, which expressly "released and discharged" the Debtors under KRS 382.365 "as payment in full." These documents were served upon us and obtained from the official court record. I have personal knowledge of each garnishment because the funds were deducted directly from Elisa Wain's teaching salary, causing severe financial hardship. As a direct result of CBT's garnishment of her wages, Elisa Wain was forced into early retirement from Fayette County Public Schools, ending her teaching career prematurely. But for CBT's garnishments, Elisa Wain would have continued teaching.

17.    Attached hereto as **Exhibit K** is a true and correct copy of the Order Denying Petitions for a Writ of Mandamus entered by the Kentucky Court of Appeals on September 23, 2024, in *Wain v. Bunnell*, Case Nos. 2024-CA-0730-OA and 2024-CA-0850-OA. I obtained this document from the official court record.

18.    Attached hereto as **Exhibit O** is a true and correct copy of my Equifax credit report inquiry page, dated November 14, 2022, showing that Central Bank & Trust Co. conducted an "Account Review Inquiry" of my credit file on September 27, 2022. I personally accessed and saved this report from my myEquifax online account. I have personal knowledge that I did not authorize Central Bank & Trust Co. to access my credit report on this date. At the time of this inquiry, the foreclosure sale had been completed over nineteen months earlier, the Confirmation of Sale Order had "released and discharged" the Debtors, and $605,035.42 in sale proceeds remained held by the Master Commissioner — more than sufficient to satisfy CBT's judgment. CBT's access of my credit report under these circumstances is relevant to Plaintiffs' claims in the adversary proceeding.

19.    Attached hereto as **Exhibit P** are true and correct copies of credit report summaries from all three major credit reporting agencies—Equifax, Experian, and TransUnion—for both Douglas A. Wain and Elisa Wain, generated in June 2024. Douglas A. Wain's Equifax report is dated June 17, 2024, and Elisa Wain's Equifax report is dated June 5, 2024. Douglas A. Wain's Experian report is dated June 17, 2024, and Elisa Wain's Experian report is dated June 15, 2024. TransUnion reports for both Douglas A. Wain and Elisa Wain were also generated in June 2024. I personally accessed and saved these reports from our respective online credit monitoring accounts. These reports

8

demonstrate that Central Bank & Trust Co. does not appear as a creditor on any of the Wains' credit reports with Equifax, Experian, or TransUnion as of June 2024. CBT's account was removed by all three credit reporting agencies following independent investigations conducted after Debtors filed their Fair Credit Reporting Act complaint (Case No. 5:23-cv-00139-REW-MAS) on May 15, 2023. The unanimous removal of CBT's account by all three major credit reporting agencies is consistent with Debtors' position that CBT's claimed debt is not valid and that CBT was furnishing inaccurate information by reporting a balance owed.

20.    Attached hereto as **Exhibit Q** are true and correct copies of records obtained from the Kentucky Registry of Election Finance ("KREF"), a public agency of the Commonwealth of Kentucky. These records consist of: (1) the Candidate Registration Statement for Kimberly Bunnell's 1999 campaign for District Court Judge, 22nd District–1st Division, which identifies Central Bank & Trust Company, 2233 Richmond Road, Lexington, KY 40502, as her designated Campaign Depository Financial Institution (Section 4); and (2) the KREF Contributions Search results showing a $250.00 direct campaign contribution from Stoll Keenon & Park PAC (now Stoll Keenon Ogden PLLC) to Kimberly Bunnell for District Judge, dated October 25, 1999. I obtained these records from the KREF's publicly accessible online database. These records document the financial relationships between Judge Bunnell

and both CBT and Stoll Keenon Ogden referenced in paragraph 26 of this Declaration.

21. Attached hereto as **Exhibit R** is a true and correct copy of the Order and Judgment entered by the United States Court of Appeals for the Sixth Circuit on February 13, 2026, in *Wain v. Bunnell, et al.*, Case No. 25-5722. I obtained this document from the Sixth Circuit's electronic filing system. The Sixth Circuit affirmed the district court's dismissal of Plaintiffs' civil rights complaint solely on judicial immunity and Eleventh Amendment grounds, without addressing or resolving the merits of the underlying conflict-of-interest allegations against Judge Bunnell.

**<u>Response to Central Bank's Evidentiary Declaration of Timothy Wiseman</u>**

**<u>(Filed February 12, 2026)</u>**

22. On February 12, 2026, Central Bank & Trust Co. filed its Evidentiary Declaration of Timothy Wiseman ("Wiseman Declaration"). I have reviewed the entire 156-page filing. The filing is duplicated in its entirety: pages 1 through 77 are identical to pages 79 through 155, with page 78 consisting of a printer cover sheet reading "This job was printed by wireland, DATE: 2/12/2026, TIME: 10:57:51 AM, JOB: #191." The substantive filing is therefore 77 pages, not 156.

23. Of the 10 exhibits submitted with the Wiseman Declaration on February 12, 2026, 8 are duplicates of exhibits CBT filed with its Proof of Claim No. 1 on

December 20, 2024. The remaining 2 exhibits introduced for the first time on February 12, 2026 are documents that the Debtors have themselves previously filed in support of their own arguments in this proceeding. CBT's evidentiary submission therefore presents no documentary evidence that was not already before this Court.

24. At the January 30, 2026 hearing, the Court directed the parties to submit evidentiary declarations to authenticate their respective exhibits. The Court expressly stated that no supplemental briefing would be permitted. The Wiseman Declaration goes well beyond exhibit authentication. Paragraphs 3 through 21 contain argumentative narrative, selective quotation from prior proceedings, characterizations of the Debtors' litigation history, and legal conclusions on the ultimate issue before this Court—including the assertion in paragraph 21 that "The Judgment has not been satisfied, and the Wains remain indebted to Central Bank." A proper evidentiary declaration authenticating exhibits would identify each exhibit, state the declarant's basis for knowledge, and attest that each is a true and correct copy. The Wiseman Declaration instead uses the authentication vehicle to reargue CBT's case. Nevertheless, the Debtors address the substance of these paragraphs below to ensure the record is complete.

25. The declarant, Timothy R. Wiseman, is a litigation attorney at Stoll Keenon Ogden PLLC who has served as CBT's counsel in the Kentucky foreclosure

proceedings. Mr. Wiseman is not an officer, employee, or authorized representative of Central Bank & Trust Co. with personal knowledge of CBT's loan records, payment ledgers, interest calculations, or account balances. His declaration authenticates court documents but does not—and cannot—provide competent testimony regarding the amount CBT claims it is owed.

26. The Wiseman Declaration does not disclose that Mr. Wiseman's firm, Stoll Keenon Ogden PLLC, has a documented financial relationship with Judge Kimberly N. Bunnell, the Fayette Circuit Court judge whose rulings CBT relies upon to support its claim. Specifically, CBT served as Judge Bunnell's Campaign Depository Financial Institution, and Stoll Keenon Ogden made campaign contributions to Judge Bunnell. (See Exhibit Q.) The Wiseman Declaration asks this Court to accept the validity of Judge Bunnell's rulings without disclosing that the declarant's own firm and client had financial relationships with the judge who entered those rulings. These undisclosed conflicts were the subject of the Debtors' civil rights action, which was dismissed on judicial immunity grounds without reaching the merits of the conflict-of-interest allegations. On February 13, 2026, the United States Court of Appeals for the Sixth Circuit affirmed the dismissal on those same immunity grounds (Case No. 25-5722), again without addressing the substance of the conflict-of-interest allegations. (See Exhibit R.)

27. The Wiseman Declaration contains no loan ledger, payment history, account statement, or any business record of Central Bank & Trust Co. supporting the claimed balance of $357,990.91 in Proof of Claim No. 1. Paragraph 14 of the Wiseman Declaration asserts that "as of April 8, 2024, the amount owed by the Wains to Central Bank was $357,944.91 plus additional interest and fees," but this assertion is unsupported by any attached business record, accounting, or documentation showing how that figure was calculated.

28. The Wiseman Declaration provides no accounting for the $66,884.60 that CBT received from the Master Commissioner pursuant to the March 7, 2024 Distribution Order (CBT's own Exhibit 6), nor for the $4,185.00 that CBT garnished from Elisa Wain's teaching salary in 2021. CBT has received a total of $71,069.60. CBT's Proof of Claim No. 1 claims $357,990.91, which is only $421.81 less than the original judgment amount of $358,412.72. This means CBT's claim reflects essentially zero credit for the $71,069.60 CBT has received. The Wiseman Declaration offers no explanation for this discrepancy.

29. CBT's own Exhibit 2 (the January 20, 2021 Judgment) contains conditional deficiency language at paragraph 10: "In the event the Property sells for less than the Judgment Amounts awarded to Central Bank herein, after payment of court costs, and fees, expenses, and costs of sale, the Defendants, Douglas A. Wain and Elisa Wain, shall be jointly and severally liable to Central Bank for

any deficiency amount(s) which may remain." The property sold on February 8, 2021, for $630,003.00. CBT's judgment was $358,412.72. The property did not sell for less than the Judgment Amount. The express condition precedent for deficiency liability in CBT's own Exhibit 2 was never triggered.

30. The same Judgment further undermines CBT's deficiency claim through its own priority of distribution language. Paragraph 9.B of the Judgment provides that after payment of the Master Commissioner's costs and fees, the next priority is: "The satisfaction of the mortgage lien of Ditech Financial, LLC, successor by merger to Green Tree Servicing, LLC, and/or its assignee, NewRez LLC d/b/a Shellpoint Mortgage Servicing, which is required to obtain Judgment herein prior to its obtaining any proceeds." (Emphasis added.) The Judgment itself thus treated the first mortgage lien as contingent — expressly conditioning the first lienholder's right to receive any sale proceeds on its first obtaining a judgment from the Court. On the date of the foreclosure sale, February 8, 2021, no such judgment had been entered. On the date of the Confirmation of Sale Order, March 12, 2021, no such judgment had been entered. The first lienholder did not obtain its judgment until the March 7, 2024 Distribution Order — more than three years after the sale and more than three years after the Debtors were released and discharged. Because paragraph 9.B expressly required a judgment before the first lienholder could obtain any proceeds, the first lienholder's unadjudicated claim cannot be

applied retroactively to the date of sale to create a deficiency that did not exist

when the sale occurred, when the sale was confirmed, or when the Debtors

were released. Notably, U.S. Bank Trust National Association was not a party

to the foreclosure action when the January 20, 2021 Judgment was entered.

U.S. Bank was not added as a party until after the sale, and its senior lien was

not adjudicated until the March 7, 2024 Distribution Order — more than three

years after the Judgment. The deficiency language in paragraph 10 refers to

"the Judgment Amounts awarded to Central Bank," not the net residual after a

senior lienholder that the Judgment itself treated as contingent and

unadjudicated. CBT cannot retroactively redefine the Judgment's own

deficiency condition to account for a senior lien that the Judgment expressly

required to "obtain Judgment herein prior to its obtaining any proceeds."

31. Paragraph 10 of the Wiseman Declaration describes the March 12, 2021

Confirmation of Sale Order (CBT's own Exhibit 3) but omits the operative

language of Paragraph 4 of that Order, which states: "The liens or interests of

the parties hereto, and their successors in interest, and any pendente lite

lienholder or claimant, existing against the Property herein are hereby

released and discharged." This language effectuated a release of the Debtors

pursuant to KRS 382.365. The omission of this language from the Wiseman

Declaration is significant because it is the legal basis upon which the Debtors

were released from any further obligation.

32. The Wiseman Declaration makes no reference to CBT's own Motion for Distribution of Proceeds filed May 22, 2023, in Fayette Circuit Court (authenticated as Exhibit M to this Declaration). In that motion, CBT's counsel—Mr. Wiseman's own firm, Stoll Keenon Ogden—acknowledged that $605,035.42 in sale proceeds was held by the Master Commissioner and requested distribution of $358,412.72 to CBT from those proceeds. CBT's counsel thus represented to the Kentucky court that sufficient funds existed to satisfy CBT's judgment. This filing is irreconcilable with CBT's subsequent filing of Proof of Claim No. 1 in this Court asserting a $357,990.91 deficiency. CBT cannot simultaneously tell the Kentucky court "the money is there, give it to us" and tell the bankruptcy court "the money wasn't enough, the Wains owe us." The omission of this document from the Wiseman Declaration is notable.

33. The Wiseman Declaration quotes selectively from the Kentucky Court of Appeals' Order Denying Petitions for a Writ of Mandamus (CBT's Exhibit 8) at paragraph 17, including the passage questioning whether the Wains "intended to mislead this Court." However, the Wiseman Declaration omits the dispositive language from the same Order at page 8: "Because the Wains do not meet the prerequisites for the issuance of a writ, *we need not address their claims of error. Nothing contained in this Order should be construed as a ruling on the merits of the allegations.*" (Emphasis added.) The Kentucky

Court of Appeals expressly disclaimed any merits ruling. The passage Mr.

Wiseman quotes is dicta within a procedural ruling on writ prerequisites, not a

determination of whether CBT's debt has been satisfied.

34. Paragraph 16 of the Wiseman Declaration references an October 23, 2024 Order

by Judge Bunnell denying the Debtors' motion and imposing $800 in

sanctions. I have personal knowledge that the sanctions were imposed without

any opportunity for the Debtors to brief the sanctions issue, that the Order

was drafted and tendered by Stoll Keenon Ogden (CBT's counsel, including

Mr. Wiseman), and that the Order was entered while the Debtors' appeal and

related proceedings were pending. These sanctions are the subject of the

Debtors' pending appeal before the Kentucky Court of Appeals.

35. Paragraph 20 of the Wiseman Declaration states that the Wains "filed for

bankruptcy protection hours before they were to appear for judgment debtor

exams." I have personal knowledge that this characterization is misleading.

The Chapter 13 bankruptcy petition was filed on October 30, 2024, and the

debtor examinations were scheduled for October 31, 2024. The bankruptcy

filing was necessitated by the totality of CBT's collection activities against

two senior citizens—including wage garnishment of a public school teacher's

salary, unauthorized credit report inquiries, and the threat of further

examinations—all premised on a debt that the Debtors contend was satisfied

by the foreclosure sale. The filing of a Chapter 13 petition to reorganize debts

is a right afforded by federal law, not evidence of wrongdoing. Since filing the petition, the Debtors have made sixteen consecutive on-time monthly payments of $200.00 to the Chapter 13 Trustee, from November 2024 through February 2026, without a single missed or late payment. This unbroken payment record is consistent with a good-faith filing and is inconsistent with the Wiseman Declaration's implication that the bankruptcy was filed to evade legitimate obligations.

36. Paragraphs 15, 16, 17, 18, and 19 of the Wiseman Declaration are devoted to describing the Debtors' litigation history, including appeals, motions, mandamus petitions, and the civil rights complaint against Judge Bunnell. None of these paragraphs address the merits of CBT's claim or the mathematical question before this Court: whether the foreclosure sale generated a surplus or a deficiency. The Wiseman Declaration's 10 exhibits include the First Amended Complaint, the Judgment, the Confirmation Order, the KCOA opinion, the Supreme Court denial, the Distribution Order, the sanctions order, the mandamus denial, the Bunnell complaint, and the Bunnell dismissal. Not one of these exhibits is a business record of Central Bank & Trust Co., a loan ledger, a payment history, or any document showing how the claimed balance of $357,990.91 was calculated.

37. Paragraph 19 of the Wiseman Declaration states that the civil rights action against Judge Bunnell 'was dismissed on July 2, 2025, and stricken from the

docket.' This characterization is misleading by omission. The Wiseman Declaration fails to disclose that the dismissal was based solely on judicial immunity and Eleventh Amendment sovereign immunity grounds — not on the merits of the Debtors' conflict-of-interest or due process allegations. On February 13, 2026, the United States Court of Appeals for the Sixth Circuit affirmed the dismissal on those same immunity grounds (Case No. 25-5722; See Exhibit R), confirming that 42 U.S.C. § 1983 does not provide a remedy against state court judges for acts taken in their judicial capacity. The Sixth Circuit did not address or resolve the merits of the underlying conflict-of-interest allegations. No court in any proceeding has ever adjudicated the substance of those allegations. The phrase 'stricken from the docket' is standard administrative language appearing in the final judgment to remove the case from the court's active caseload. It does not signify that the action was found frivolous, sanctionable, or meritless. By citing this language without context, the Wiseman Declaration invites this Court to draw an inference that is not supported by the actual ruling.

38. The Wiseman Declaration cites the following proceedings in paragraphs 15 through 19: the Kentucky Court of Appeals opinion affirming the judgment (CBT's Exhibit 4), the Kentucky Supreme Court's denial of discretionary review (CBT's Exhibit 5), the sanctions order (CBT's Exhibit 7), the mandamus denial (CBT's Exhibit 8), and the Bunnell dismissal (CBT's

Exhibit 10). I have personal knowledge of each of these proceedings as a

party. The KCOA affirmed the entry of the in personam judgment — it did

not address whether the subsequent foreclosure sale proceeds satisfied that

judgment. The Kentucky Supreme Court declined discretionary review

without opinion. The mandamus petition was denied on procedural writ

prerequisites, with the KCOA expressly stating that "[n]othing contained in

this Order should be construed as a ruling on the merits the allegations."

The sanctions were imposed for the filing of motions — not for the substance

of the surplus argument. The Bunnell lawsuit was dismissed on judicial

immunity and Eleventh Amendment grounds without any merits

determination, and the Sixth Circuit affirmed on those same grounds on

February 13, 2026. No court in any of these proceedings — or in any other

jurisdiction — has ever adjudicated whether the $630,003.00 foreclosure sale

generated a surplus or a deficiency. That is the question before this Court, and

the Wiseman Declaration's accumulation of procedural outcomes in unrelated

proceedings does not substitute for the business records, accounting, and legal

authority that CBT has failed to provide.

39. Despite filing 77 pages of substantive material (submitted twice for 156 total

pages), the Wiseman Declaration cites no Kentucky statute or case law for the

proposition that an in personam deficiency survives when a foreclosure sale

generates proceeds exceeding the judgment amount. CBT has now filed two

rounds of briefing and one evidentiary declaration in this adversary proceeding without citing a single Kentucky authority supporting its core legal theory.

40. Paragraph 21 of the Wiseman Declaration states: "The Judgment has not been satisfied, and the Wains remain indebted to Central Bank." This is a legal conclusion, not a statement of fact within Mr. Wiseman's personal knowledge. Whether the Judgment has been satisfied is the very question before this Court. It is the Debtors' position that the Judgment was satisfied when the foreclosure sale generated $630,003.00 in proceeds—exceeding CBT's judgment of $358,412.72 by $271,590.28—and when the March 12, 2021 Confirmation of Sale Order released and discharged the Debtors pursuant to KRS 382.365. Moreover, following the March 7, 2024 Distribution Order that directed $66,884.60 to CBT and $538,150.82 to U.S. Bank, CBT took no action in the Fayette Circuit Court to obtain a deficiency judgment, appeal the distribution, or reopen the case to assert any remaining balance. CBT's complete inaction in the court that entered the judgment—at a time when it had every opportunity and procedural mechanism available to pursue a deficiency—is consistent with the debt having been satisfied and inconsistent with the $357,990.91 claim CBT filed in this Court eight months later.

41. I declare under penalty of perjury under the laws of the United States of America

pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on February 20, 2026

Calabasas, California

**DOUGLAS A. WAIN**

Plaintiff/Debtor, In Pro Per

## CERTIFICATE OF SERVICE

I hereby certify that on February 20, 2026, a true and correct copy of the foregoing **DECLARATION OF DOUGLAS A. WAIN IN SUPPORT OF SUPPLEMENTAL BRIEF IN SUPPORT OF OBJECTION TO PROOF OF CLAIM AND MOTION FOR SUMMARY JUDGMENT** was filed with the Clerk of the Court using the E-Dropbox electronic filing system. I further certify that I have served a true and correct copy via email, on the following parties:

William E. Ireland
HAIGHT BROWN & BONESTEEL LLP
555 South Flower Street, Forty-Fifth Floor
Los Angeles, California 90071
Telephone: (213) 542-8000
Email: wireland@hbblaw.com
*Counsel for Defendant Central Bank & Trust Co.*

Elizabeth F. Rojas
S. Renee Sawyer Blume
Office of the Chapter 13 Trustee
15260 Ventura Blvd., Suite 710
Sherman Oaks, CA 91403

United States Trustee
915 Wilshire Boulevard, Suite 1850
Los Angeles, CA 90017


Douglas A. Wain, Pro Per Plaintiff/Debtor

Decl. of D. Wain ISO Objection to POC and MSJ

ENTERED
ATTEST, VINCENT RIGGS, CLERK

JAN 20 2021

FAYETTE CIRCUIT CLERK
BY_____DEPUTY

COMMONWEALTH OF KENTUCKY
FAYETTE CIRCUIT COURT
CIVIL BRANCH
NINTH DIVISION

**Exhibit A**

CENTRAL BANK & TRUST CO.                                        PLAINTIFF

V.                  **PARTIAL SUMMARY JUDGMENT,**          NO. 19-CI-00812
                    **JUDGMENT ON THE PLEADINGS,**
                    **AND ORDER OF SALE**

DOUGLAS A. WAIN;
ELISA WAIN; and DITECH
FINANCIAL LLC[1], successor by merger
to GREEN TREE SERVICING LLC                                    DEFENDANTS

\*\*\*\*    \*\*\*\*    \*\*\*\*    \*\*\*\*

THIS matter having been brought before the Court upon the motion of the Plaintiff, Central

Bank & Trust Co. (hereinafter "Central Bank" or the "Bank"), for Partial Summary Judgment,

Judgment on the Pleadings and Order of Sale (collectively the "Motion"), under Kentucky Civil

Rules of Procedure 56 on the grounds, among others, that there is no genuine issue of material

fact and it is entitled to judgment as a matter of law; the Court having conducted a hearing and

heard arguments of counsel; and the Court being sufficiently advised and having thoroughly

reviewed and considered the evidence, pleadings, papers and record herein, the Court finds,

holds and rules as follows:

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The following Defendants were each duly served with Summons according to law and

service on each Defendant is approved:

---

[1] On May 1, 2020, Shannon O'Connell Egan and Nathan H. Blaske of Dinsmore & Shohl LLP, counsel for
NewRez LLC d/b/a Shellpoint Mortgage Servicing ("NewRez"), assignee of Ditech Financial, LLC,
successor by merger to Green Tree Servicing, LLC filed an entry of appearance, submitting NewRez to the
jurisdiction of this Court.

| DEFENDANT | METHOD OF SERVICE | DATE SERVED | ANSWER FILED |
|---|---|---|---|
| Douglas A. Wain | Fayette Co. Constable | 03-26-19 | 04-19-19 and 12-04-19 |
| Elisa Wain | Fayette Co. Constable | 03-26-19 | 04-19-19 and 12-04-19 |
| Ditech Financial LLC, successor by merger to Green Tree Servicing, LLC | Certified Mail to Registered Agent | 11-18-19 | 12-02-19 |
| NewRez LLC d/b/a Shellpoint Mortgage Servicing, assignee of Ditech Financial, LLC, successor by merger to Green Tree Servicing, LLC | | | 05-01-20 (Entry of Appearance) |

Venue is proper as the real estate sought to be foreclosed lies within the Court's jurisdictional boundaries.

The Court finds that all necessary parties are properly before the Court and the Court has subject matter jurisdiction over the issues in this case.

Central Bank has met its burden of proof on its Motion and is entitled to judgment under Civil Rule 56 and an order of sale of the subject Property, as hereinafter defined, as herein awarded below.

## JUDGMENT

**IT IS HEREBY ORDERED AND ADJUDGED AS FOLLOWS:**

1.    The Motion of Plaintiff, Central Bank is sustained in its entirety.

2.    Central Bank is awarded Judgment *in personam* against the Defendants, Douglas A. Wain and Elisa Wain (collectively, the "Wains"), jointly and severally, in the amount of $358,412.72, with interest thereon at the variable rate provided by the subject equity line agreement from March 6, 2019 until paid (currently 3.25% per annum, $31.13 per diem), late charges and such other costs, expenses and damages, including collection expenses, incurred or to be incurred, and attorneys' fees in an amount to be determined by the Court (hereinafter referred to as the "Judgment Amounts").

3.      Securing the Judgment Amounts, Central Bank is adjudged to have a valid, enforceable, second mortgage lien on the certain real property described in the Complaint, Amended Complaint and the mortgage attached thereto as 2711 Barbados Lane, Lexington, Fayette County, Kentucky, which is more particularly described in **Exhibit A** attached hereto and incorporated herein by reference (the "Property"), which is only subject to the valid first mortgage lien of the Defendant, Ditech Financial, LLC ("Ditech"), successor by merger to Green Tree Servicing LLC, and/or its assignee, NewRez; and unpaid, delinquent *ad valorem* taxes, if any. Neither Ditech nor NewRez has filed or asserted a counterclaim or cross-claim in this action and neither party responded or disputed the Bank's Motion.

4.      The duties and obligations of the Wains under the Gold Equity Line Agreement and the Gold Equity Line Mortgage (attached as Exhibits "A" and "B," respectively, to the Bank's Amended Complaint) shall be fully enforced by this Judgment.

### ORDER OF SALE

5.      The Property is a single residential lot with improvements thereon that cannot be divided without materially impairing the value thereof or the interest of the parties thereto, and the Property shall be sold **AS IS, WITH FAULTS, WITHOUT WARRANTIES OF ANY KIND**, as a whole for the purpose of enforcing the Judgment and Central Bank's mortgage lien herein adjudged against the Property.

6.      The Property shall be immediately referred to the Master Commissioner of this Court for sale and shall be sold by the Master Commissioner upon the conditions set forth in RFCC 26(b)(4), which are incorporated herein by reference, and as follows:

A.      The Master Commissioner is authorized, ordered and directed to advertise and appraise the Property and to offer the Property and any improvements and fixtures thereon at public auction, on the _8th_ day of _February_, 2021, at or about the hour of _N/A_, local time. The auction shall be held in person or, due to Covid-19, on-line on a secure, designated auction website open to the public.

3

B      The Property shall be sold as a whole to the highest bidder on terms of 10% of the purchase price paid at the time of the sale with the balance to be paid within thirty (30) days, and, pursuant to KRS 426.705, any purchaser shall be required to execute bond with surety thereon to be approved by the Master Commissioner to secure the unpaid portion of the purchase price, with the bond to bear interest at the rate the judgment bears (3.25% per annum) from date of sale until paid, and the bond shall have the same force and effect as a judgment and shall remain and be a lien on the Property until fully paid.

C.      The purchaser shall have the privilege of paying the entire purchase price in cash at time of sale or paying said bond before maturity by paying the principal amount thereof together with all interest accrued thereon until the date of said payment.

D.      Before making sale of the Property, the Master Commissioner shall advertise the aforesaid time, terms and on-line location of the sale, together with a description of the Property to be sold, approximately 7 to 21 days prior to the date of sale by inserting an advertisement in a newspaper having general circulation in Fayette County.

E.      Before making sale of the Property, the Master Commissioner shall have the Property appraised by two intelligent disinterested housekeepers of Fayette County, Kentucky, not related to any of the parties of this action.  The appraisers shall be sworn by the Master Commissioner before making such appraisal and they shall return their appraisals in writing to the Master Commissioner, same to be a part of the record in this case.

F.      The Master Commissioner shall, after making said sale, report same to this Court for further action herein.

G.      In the event the purchaser of the Property fails to comply with the above terms of sale, then in such event the Master Commissioner shall immediately resell the Property upon further order of this Court, upon the same terms and conditions as hereinabove set forth.

4

H.     The purchaser at the Master Commissioner's sale shall take the Property free and clear of the claims of the parties to this action and all existing liens recorded after the recording of Central Bank's Lis Pendens Notice, but subject to the following:

(1)     Current year real estate taxes affecting the Property for which the purchaser shall take no credit on the purchase;

(2)     Easements, restrictions and stipulations of record;

(3)     Any matters that would be disclosed by an accurate survey or inspection of each of the Properties; and

(4)     Any current assessments for public improvements levied against the Property.

I.     In the event Central Bank purchases the Property, subparagraphs (B) and (C) of this paragraph shall not apply; provided, however, if Central Bank's bid exceeds its judgment amount, Central Bank will be required to pay the difference in full or provide deposit and pay interest until paid.

7.     The Master Commissioner, the Court, and Central Bank shall not be deemed to warrant title of the Property to the purchaser.

8.     Risk of loss shall pass to the successful bidder upon acceptance by the Master Commissioner of the final bid.  The successful bidder/purchaser shall have an insurable interest in the purchased property immediately upon acceptance by the Master Commissioner of the final bid for the Property.

9.     There are currently no delinquent *ad valorem* taxes due on the Property and therefore the proceeds of the sale shall be applied in the following order of priority:

A.     The Master Commissioner's costs and fees;

B.     The satisfaction of the mortgage lien of Ditech Financial, LLC, successor by merger to Green Tree Servicing, LLC, and/or its assignee, NewRez LLC d/b/a Shellpoint

5

Mortgage Servicing, which is required to obtain Judgment herein prior to its obtaining any proceeds;

     C.    The satisfaction of Central Bank's mortgage lien as adjudicated herein, including reimbursement for its costs, expenses and attorneys' fees as set forth herein; and

     D.    Any remaining proceeds of the sale shall be held by the Master Commissioner until further order of this Court for distribution to the Defendants as their interests may appear.

    10.    In the event the Property sells for less than the Judgment Amounts awarded to Central Bank herein, after payment of court costs, and fees, expenses, and costs of sale, the Defendants, Douglas A. Wain and Elisa Wain, shall be jointly and severally liable to Central Bank for any deficiency amount(s) which may remain after the sale of the Property and application of the net sale proceeds due to Central Bank.

    11.    Jurisdiction is retained for such further orders and proceedings as may be necessary, including but not limited to, a determination of reasonable attorney's fees under numerical paragraph 3 of this Judgment and, with respect to future attorneys' fees, expenses and costs incurred during the post-judgment process, including any appeal of this Judgment, Central Bank may apply for additional fees, expenses and costs as may be incurred in the future upon proper application to the Court related to the enforcement, collection and preservation of this Judgment on appeal.  Further, the Wains have asserted a counterclaim that may be pursued separately from Central Bank's claims, as set forth in the Bank's motion and memorandum of law.

    12.    This is a final and appealable Judgment, and there is no just cause for the delay in the entry thereof.

13.    Pursuant to CR 77.04, the Circuit Court Clerk shall serve notice of the entry of this

Judgment and Order of Sale.

DATED this 19 day of ___Jan.___, 2021.

/S/ KIMBERLY N. BUNNELL
A TRUE COPY
ATTEST, VINCENT RIGGS, CLERK
FAYETTE CIRCUIT COURT

BY _____ D.C.

_____
JUDGE, FAYETTE CIRCUIT COURT

**TO BE ENTERED:**

STOLL KEENON OGDEN PLLC
300 W. Vine Street, Suite 2100
Lexington, Kentucky  40507
Phone:  (859) 231-3000

By: _____
    GREGORY D. PAVEY
ATTORNEYS FOR CENTRAL BANK

**HAVE SEEN AND APPROVED:**

/s/ JAMES H. FRAZIER, III
_____
HON. JAMES H. FRAZIER, III
MASTER COMMISSIONER,
FAYETTE CIRCUIT COURT

## CLERK'S CERTIFICATE OF SERVICE

This is to certify that a true copy of the foregoing was duly served by mail this 20 day
of ___Jan___, 2021, to:

James H. Frazier, III, Esq.
201 E. Main Street, Suite 770
Lexington, Kentucky  40507
MASTER COMMISSIONER

Gregory D. Pavey, Esq.
STOLL KEENON OGDEN PLLC
300 W. Vine Street, Suite 2100
Lexington, Kentucky  40507
ATTORNEYS FOR CENTRAL BANK

7

David W. Hemminger, Esq.
HEMMINGER LAW OFFICE, PSC
331 Townepark Circle, Suite 100-C
Louisville, Kentucky 40243
hemmingerlawoffice@gmail.com
ATTORNEY FOR DOUGLAS & ELISA WAIN


Paul M. Nalepka, Esq.
REISENFELD & ASSOCIATES LLC
3962 Red Bank Road
Cincinnati, OH 45227
KYE-Notifications@rslegal.com
ATTORNEYS FOR DITECH FINANCIAL, LLC,

Shannon O'Connell Egan
Nathan H. Blaske
DINSMORE & SHOHL LLP
255 East Fifth Street, Suite 1900
Cincinnati, Ohio 45202
Shannon.Egan@dinsmore.com
Nathan.Blaske@dinsmore.com
ATTORNEYS FOR NEWREZ LLC d/b/a
SHELLPOINT MORTGAGE SERVICING,
ASSIGNEE OF DITECH FINANCIAL, LLC

_____
CLERK, FAYETTE CIRCUIT COURT

rdh/ 100443.163845
Doc#8403596.4

8

## PROPERTY DESCRIPTION

Being all of Lot No. 17, Unit 1, of the Greenbriar Estates Subdivision, to the City of Lexington, Fayette County, Kentucky as shown by map or plat thereof of record in Plat Cabinet A, Slide 7, in the office of the Fayette County Clerk; said premises being known and designated as 2711 Barbados Lane, Lexington, Kentucky; and

Being the same property conveyed to Douglas A. Wain and Elisa Wain, husband and wife, by deed dated March 26, 1991 of record in Deed Book 1580, Page 347, in the office of the Fayette County Clerk.

**Parcel No. 22739900**

# EXHIBIT A

Entered        19-CI-00812 03/07/2024            Vincent Riggs, Fayette Circuit Clerk

**COMMONWEALTH OF KENTUCKY**
**FAYETTE CIRCUIT COURT**
**DIVISION 9**
**CASE NO. 19-CI-00812**                    **Exhibit B**

*Electronically Filed*

**CENTRAL BANK & TRUST CO.**                                **PLAINTIFF**

**vs**

**DOUGLAS A. WAIN,** *et al.*                               **DEFENDANTS**

---

### ENTRY GRANTING SUMMARY JUDGMENT AND
### ORDER OF DISTRIBUTION OF SALE PROCEEDS

---

This matter came before the Court on August 25, 2023, for a hearing on Substitute Defendant/Cross-Claimant U.S. Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For RCF 2 Acquisition Trust's ("U.S. Bank") *Motion For Summary Judgment On Its Cross-Claim* ("Motion for Summary Judgment") filed on July 3, 2023; Plaintiff Central Bank & Trust Co.'s ("Plaintiff") *Motion for Distribution* filed on May 22, 2023; and the parties' respective responses to and replies in support of the Motions. Central Bank, U.S. Bank, and Defendants Douglas A. Wain and Elisa Wain ("Defendants Wain") were represented by their respective counsel. The Court, having heard arguments of counsel, and having reviewed the pleadings, the Motions, the Affidavit of Jean Knowles, and other evidence, finds and orders as follows:

### <u>FINDINGS OF FACT AND CONCLUSIONS OF LAW</u>

1.      U.S. Bank is the holder of a promissory note executed by Defendants Wain on March 5, 2008, in the original amount of $417,000.00 (the "Note"). The original, blank-endorsed Note was produced for inspection by U.S. Bank's counsel during the hearing on August 25, 2023.

2.      U.S. Bank is the mortgagee of record of a first mortgage that encumbered the real property commonly known as 2711 Barbados Lane, Lexington, Kentucky 40509 (the "Property"), along with all replacements and additions, and that was executed by Defendants Wain to secure the indebtedness evidenced by the Note (the "Mortgage").  The Mortgage was recorded in Book 6319, Page 226, and was assigned to U.S. Bank as evidenced by an Assignment of Mortgage recorded in Book 555, age 599, all in the office of the Clerk of Fayette County, Kentucky.  The original Mortgage was produced for inspection by U.S. Bank's counsel during the hearing on August 25, 2023.

3.      Defendants Wain are in default under the terms of the Note, as modified, and the terms of the Mortgage, and the sums due thereunder have been accelerated.  There is due and owing to U.S. Bank on the Note and Mortgage the principal sum of $324,261.97, plus interest at the rate of 5.8750% per annum from July 1, 2019, as may be subsequently adjusted under the terms of the Note and 2019 Modification, together with a deferred principal balance of $106,431.58, plus late fees that continue to accrue, costs, attorney's fees, and other advances made pursuant to the terms of the Note as modified, Mortgage, and Kentucky law, for which U.S. Bank is entitled to a personal judgment against Defendants Wain.

4.      On February 8, 2021, the Property was sold to a third party at a Master Commissioner's Sale pursuant to the *Partial Summary Judgment, Judgment on the Pleadings, and Order of Sale* entered in favor of Plaintiff on January 20, 2021.  A portion of the sale proceeds were distributed under an *Order Confirming Report of Sale, For Delivery of Deed and Partial Distribution of Proceeds* entered on March 12, 2021, with the remaining sale proceeds of $605,035.42 being held pending further orders of the Court.

5.      There is no genuine issue of material fact, the equities favor U.S. Bank, and U.S.

Bank is entitled to judgment on its Cross-Claim against Defendants Wain as a matter of law.

**<u>SUMMARY JUDGMENT AND ORDER OF DISTRIBUTION</u>**

6.      IT IS ORDERED that U.S. Bank's Motion for Summary Judgment is GRANTED

in its entirety.

7.      IT IS FURTHER ORDERED that U.S. Bank is granted a *personal judgment* against

Defendants Wain in the principal sum of $324,261.97, plus interest at the rate of 5.8750% per

annum from July 1, 2019, as may be subsequently adjusted under the terms of the Note and 2019

Modification, together with a deferred principal balance of $106,431.58, plus late fees that

continue to accrue, costs, attorney's fees, and other advances made pursuant to the terms of the

Note as modified, Mortgage, and Kentucky law.

8.      IT IS FURTHER ORDERED that Central Bank's Motion for Distribution is

GRANTED IN PART AND DENIED IN PART.  The Motion is granted to the extent that the

remainder of the sale proceeds shall be distributed as set forth herein.  The Motion is otherwise

denied.

9.      IT IS FURTHER ORDERED that the Master Commissioner is directed to disburse

to U.S. Bank from the sale proceeds the following sums to satisfy its personal judgment against

Defendants Wain:

| | |
|---|---|
| Unpaid principal balance: | $324,231.97 |
| Deferred balance: | $106,431.58 |
| Interest through 8/27/23: | $79,145.98 |
| Escrow/Other Advances: | $27,211.84 |
| Corporate Advance Balance: | $644.00 |
| Unpaid Late Charges: | $439.45 |
| Recording Fee: | $46.00 |
| **TOTAL:** | **$538,150.82** |

10.    IT IS FURTHER ORDERED that after distribution of the sale proceeds to U.S.

Bank as set forth herein, the remaining sale proceeds of $66,884.60 shall be distributed to Central

Bank on its second mortgage lien as adjudicated in the *Partial Summary Judgment, Judgment on*

*the Pleadings, and Order of Sale*.

11.    Pursuant to CR 77.04, the Circuit Court Clerk shall serve notice of this Entry

Granting Summary Judgment And Order Of Distribution Of Sale Proceeds.

12.    There being no just cause for delay, this is a final and appealable matter.



_____
HON. KIMBERLY BUNNELL
JUDGE, FAYETTE CIRCUIT COURT

Prepared by:

/s/ *Shannon O'Connell Egan*
_____
Shannon O'Connell Egan (87296)
Nathan H. Blaske (90369)
DINSMORE & SHOHL LLP
255 East Fifth Street, Suite 1900
Cincinnati, Ohio 45202
Tel: (513) 977-8261
Fax: (513) 977-8141
Email: shannon.egan@dinsmore.com
          nathan.blaske@dinsmore.com

Have seen:

/s/ *Christopher G. Colson* (w/ em auth.
2/21/24)
Hon. Christopher G. Colson
Hon. Taft McKinstry
FOWLER BELL PLLC
300 W. Vine Street, Suite 600
Lexington, KY 40507
Email: CGColson@fowlerlaw.com
          TMcKinstry@fowlerlaw.com
*Counsel for Plaintiff, Central Bank & Trust*
*Co.*

Have seen and approved:

_/s/ James H. Frazier, III_____
Hon. James H. Frazier, III
Master Commissioner
Fayette Circuit Court

Counsel refused to attest (per email 2/26/24)
Hon. David W. Hemminger
HEMMINGER LAW OFFICE, PSC
331 Townepark Circle, Suite 100-C
Louisville, KY 40243
Email: hemmingerlawoffice@gmail.com
*Counsel for Defendants Douglas and Elisa*
*Wain*

## CLERK'S CERTIFICATE OF SERVICE

     I hereby certify that on _____, 2024, a true and correct copy of the foregoing was served through first class mail, upon:

Shannon O'Connell Egan, Esq.
Nathan H. Blaske, Esq.
DINSMORE & SHOHL LLP
255 East Fifth Street, Suite 1900
Cincinnati, Ohio 45202

Hon. David W. Hemminger
HEMMINGER LAW OFFICE, PSC
331 Townepark Circle, Suite 100-C
Louisville, KY 40243

Hon. Christopher G. Colson
Hon. Taft McKinstry
FOWLER BELL PLLC
300 W. Vine Street, Suite 600
Lexington, KY 40507

Hon. Gregory D. Pavey
Hon. Timothy R. Wiseman
STOLL KEENON OGDEN, PLLC
300 W. Vine Street, Suite 2100
Lexington, KY 40507

_____
Clerk, Fayette Circuit Court

5742277B8-BE18-45A4-A8C5-15A1B149A4C0 : 000005 of 000005

JS : 000005 of 000005

# Commonwealth of Kentucky

# Court of Appeals

**Exhibit C**

### NO. 2025-CA-0252-MR

DOUGLAS A. WAIN, ET AL.                                        APPELLANTS

APPEAL FROM FAYETTE CIRCUIT COURT
v.             HONORABLE KIMBERLY N. BUNNELL, JUDGE
ACTION NO. 19-CI-00812

CENTRAL BANK & TRUST CO.                                        APPELLEE

### ORDER

\* \* \* \* \* \*

The Court has considered Appellants' motion to continue abating this appeal due to pending bankruptcy proceedings. The Court has not received a response to the motion.

Having considered the motion, the Court ORDERS that the motion be, and it is hereby, GRANTED. This appeal shall CONTINUE to be HELD IN ABEYANCE for 120 days from this date. Appellants SHALL TENDER to the Clerk of this Court a copy of any order of the bankruptcy court which resolves the bankruptcy proceedings, which has the effect of lifting the automatic stay required by 11 U.S.C. § 362, or which would otherwise allow this appeal to proceed, within

10 days from the date of the order's entry.  If the bankruptcy proceedings have not

been resolved or the stay has not been lifted before the expiration of the abatement

period, Appellants SHALL FILE a timely motion to continue the abatement.


ENTERED: 1/29/2026

HON. LARRY E. THOMPSON
CHIEF JUDGE, COURT OF APPEALS

# Commonwealth of Kentucky

# Court of Appeals

**Exhibit D**

### NO. 2024-CA-0400-MR

DOUGLAS WAIN, ET AL.                                    APPELLANTS


APPEAL FROM JESSAMINE CIRCUIT COURT
v.           HONORABLE C. HUNTER DAUGHERTY, JUDGE
ACTION NO. 23-CI-00097


PAVEL MOSKVICH, ET AL.                                    APPELLEES

AND

### NO. 2024-CA-0643-MR

DOUGLAS A. WAIN, ET AL.                                    APPELLANTS


APPEAL FROM JESSAMINE CIRCUIT COURT
v.           HONORABLE C. HUNTER DAUGHERTY, JUDGE
ACTION NO. 23-CI-00097


CENTRAL BANK & TRUST CO., ET AL.                          APPELLEES


<u>ORDER</u>

* * * * * *

The Court has considered Appellants' motion to continue abating these

appeals due to pending bankruptcy proceedings.   The Court has not received a response to the motion.

Having considered the motion, the Court ORDERS that the motion be, and it is hereby, GRANTED.   These appeals shall CONTINUE to be HELD IN ABEYANCE for 120 days from this date.   Appellants SHALL TENDER to the Clerk of this Court a copy of any order of the bankruptcy court which resolves the bankruptcy proceedings, which has the effect of lifting the automatic stay required by 11 U.S.C. § 362, or which would otherwise allow these appeals to proceed, within 10 days from the date of the order's entry.   If the bankruptcy proceedings have not been resolved or the stay has not been lifted before the expiration of the abatement period, Appellants SHALL FILE a timely motion to continue the abatement.

ENTERED: 1/29/2026

HON. LARRY E. THOMPSON
CHIEF JUDGE, COURT OF APPEALS

# Commonwealth of Kentucky

# Court of Appeals    **Exhibit E**

### NO. 2024-CA-1090-OA

DOUGLAS A. WAIN, ET AL.                                    PETITIONERS


AN ORIGINAL ACTION
v.          ARISING FROM FAYETTE CIRCUIT COURT
ACTION NO. 19-CI-00812


KIMBERLY N. BUNNELL                                    RESPONDENT

AND

CENTRAL BANK & TRUST
COMPANY, ET AL.                          REAL PARTIES IN INTEREST

### ORDER

\* \* \* \* \* \*

The Court has considered Petitioners' motion to continue abating this

action due to pending bankruptcy proceedings.   The Court has not received a

response to the motion.

Having considered the motion, the Court ORDERS that the motion be,

and it is hereby, GRANTED.   This action shall CONTINUE to be HELD IN

ABEYANCE for 120 days from this date.  Petitioners SHALL TENDER to the Clerk

of this Court a copy of any order of the bankruptcy court which resolves the

bankruptcy proceedings, which has the effect of lifting the automatic stay required

by 11 U.S.C. § 362, or which would otherwise allow this action to proceed, within

10 days from the date of the order's entry.  If the bankruptcy proceedings have not

been resolved or the stay has not been lifted before the expiration of the abatement

period, Petitioners SHALL FILE a timely motion to continue the abatement.

ENTERED: 1/29/2026

HON. LARRY E. THOMPSON
CHIEF JUDGE, COURT OF APPEALS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

**Exhibit F**

| | |
|---|---|
| DOUGLAS A. WAIN and ELISA WAIN, <br><br>        Plaintiffs, <br><br> v. <br><br> CENTRAL BANK AND TRUST, et al., <br><br>        Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> )     NO. 5:23-cv-00139-REW-MAS <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## ORDER

Considering the Notice of Bankruptcy filed in the record at [DE 40], the Court orders a stay in this case for the pendency of the bankruptcy proceeding. Although 11 U.S.C. § 362 does not mandate an automatic stay, the Sixth Circuit has ruled that once a claimant files for bankruptcy, the estate becomes the owner of all of his or her property, including any claims in litigation, pursuant to 11 U.S.C. § 541(a)(1). *Auday v. Wet Seal Retail, Inc.*, 698 F.3d 902, 904 (6th Cir. 2012).

The issue of standing is jurisdictional and "may be raised *sua sponte*." *Bench Billboard Co. v. City of Cincinnati*, 675 F.3d 974, 983 (6th Cir. 2012). In a very similar case to this one, the Sixth Circuit ruled that the mortgagee did not have standing to pursue claims against the mortgagor who foreclosed on him once the mortgagee filed for Chapter 13 bankruptcy because "[i]t is the trustee who has capacity to sue and be sued. It is well settled that the right to pursue causes of action

1

formerly belonging to the debtor—a form of property under the Bankruptcy Code—vests in the trustee for the benefit of the estate." *Rugiero v. Nationstar Mortg., LLC*, 580 F. App'x 376, 378 (6th 2014) (quoting *Bauer v. Commerce Union Bank, Clarksville, Tenn.*, 859 F.2d 438, 441 (6th Cir. 1988)).

The Court finds this case law places the issue of Plaintiffs' standing to pursue their claims in question. Accordingly, **IT IS ORDERED** that this matter is **HELD IN ABEYANCE** during the pendency of the bankruptcy case.[1]

**IT IS FURTHER ORDERED** that the parties shall file a joint status report every ninety days updating the Court on the status of the bankruptcy case and any other pertinent matters.

Entered this 6th day of February, 2025.

MATTHEW A. STINNETT
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF KENTUCKY

---

[1] Plaintiffs brought a discovery dispute before the Court during the teleconference on December 4, 2024. [DE 88]. However, as previously noted, the Court did not rule on this issue due to the question of standing. The Court stays decision on the discovery dispute with permission for Plaintiffs to re-raise the issue at the appropriate juncture.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

**Exhibit G**

DOUGLAS A. WAIN, *et al.*,                )
                                          )
        Plaintiffs,                       )
                                          )
v.                                        )        No. 5:23-CV-139-REW-HAI
                                          )
                                          )
CENTRAL BANK & TRUST CO., *et al.*,       )            ORDER
                                          )
        Defendants.                       )
                                          )

\*\*\* \*\*\* \*\*\* \*\*\*

Central Bank & Trust Co. moves for summary judgment on the Wains' claims. *See* DE 42.

The Court recently stayed the case in light of the Wains' notice of bankruptcy filing. *See* DE 40

(Notice of Bankruptcy Filing); DE 45 (Stay Order). As a docket management matter, the Court

**DENIES** DE 42, without prejudice, pending resolution of the bankruptcy proceeding. Central

Bank & Trust Co. may renew its motion, simply through a motion to redocket, once the Court lifts

the stay, at which point the Court will consider the motion's merits, once fully briefed.

This the 7th day of February, 2025.

**Signed By:**
*Robert E. Wier*  ~REW~
**United States District Judge**

Case 1:24-bk-11814-MB   Doc 121   Filed 12/20/24   Entered 12/20/24 16:34:23   Desc
Exhibit Proof of Claim   Page 1 of 3

| Fill in this information to identify the case: |
| --- |

| | |
| --- | --- |
| Debtor 1 | Douglas Alan Wain |
| Debtor 2 (Spouse, if filing) | Elisa Wain |
| United States Bankruptcy Court for the: | Central District of California |
| Case number | 1:24-bk-11814-MB |

**Exhibit H**

Official Form 410

# Proof of Claim

12/24

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**

Central Bank & Trust Co.
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

William E. Ireland; Haight, Brown & Bonesteel
Name

555 S. Flower Street, 45th Floor
Number        Street

Los Angeles        CA        90071
City        State        ZIP Code

Contact phone (213) 542-8000

Contact email wireland@hbblaw.com

Uniform claim identifier (if you use one):

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

Where should payments to the creditor be sent? (if different)

William E. Ireland; Haight, Brown & Bonesteel
Name

555 S. Flower Street, 45th Floor
Number        Street

Los Angeles        CA        90071
City        State        ZIP Code

Contact phone (213) 542-8000

Contact email wireland@hbblaw.com

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____

Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☐ No

☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: __1__ __7__ __9__ __2__

**7. How much is the claim?**    $_____357,990.91__ . **Does this amount include interest or other charges?**

☐ No

☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).
*See attached statement*

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Judgment; see attached declaration

**9. Is all or part of the claim secured?**

☑ No

☐ Yes.    The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:    $_____

Amount of the claim that is secured:    $_____

Amount of the claim that is unsecured:    $_____    (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition:    $_____

**Annual Interest Rate** (when case was filed)_____%

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.**    $_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No | |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Yes. *Check one:* | **Amount entitled to priority** |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(3) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   12/20/2024
                   MM / DD / YYYY

Signature

**Print the name of the person who is completing and signing this claim:**

| Name | Timothy R. Wiseman | | |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | Attorney | | |
| Company | Stoll Keenon Ogden PLLC | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 300 W. Vine St., Suite 2100 | | |
| | Number      Street | | |
| | Lexington | KY | 40507 |
| | City | State | ZIP Code |
| Contact phone | (859) 231-3000 | Email | tim.wiseman@skofirm.com |

Douglas Wain and Elisa Wain

PEL no. 4388354400011792

Payoff good through 12/19/2024

| Principal | $ | 273,899.64 |
|-----------|---|------------|
| Fees | $ | 145.00 |
| Interest | $ | 83,900.27 |
| Subtotal | $ | 357,944.91 |
| LR Fee | $ | 46.00 |
| **TOTAL** | **$** | **357,990.91** |
| | | |
| **Good Thru 12/19/24** | **Per Diem $0.00** | |

# Notifications

⚙ Preferences

**Filter by:**

☐ Credit score and rating

☐ Identity and fraud protection

☐ Connected accounts

☐ Experian Boost®

☐ Unread

☐ Archived

**Exhibit I**

---

Jun 14, 2023    •••

**CENTRAL BANK has flagged your account as Charge-off.**

---

**You're pre-approved for a credit card offer**
Check out your offer from our partner and apply with confidence.

**See offer details**

---

Apr 13, 2023    •••

**Your Dispute Results are ready.**

---

Apr 13, 2023    •••

**Your Account Dispute has been updated.**

---

Apr 11, 2023    •••

~~You have opened an Account Dispute on your Experian credit report~~

---

**experian**

🔔    ☰

---

**You're pre-approved for a credit card offer**
Check out your offer from our partner and apply with confidence.

**See offer details**

Apr 07, 2023 •••

**You have opened an Account Dispute on your Experian credit report.**

Mar 11, 2023 •••

**CENTRAL BK & TR LEXINGTN has flagged your account as Charged off as bad debt.**

CENTRAL BK & TR LEXINGTN has flagged your account as Charged off as bad debt with Equifax, which may negatively impact your credit score based on TransUnion data.

**Source:**
TransUnion

**Company:**
CENTRAL BK & TR LEXINGTN

**Address:**
Po Box 481, Lexington, KY 40575

**Activity:**
Charged off as bad debt

**NOT YOU?**

If anything is incorrect, please dispute with TransUnion®.

**Learn more in the help center**

Feb 11, 2023 •••

**CENTRAL BK & TR LEXINGTN has flagged your account as Charged off as bad debt.**

Feb 07, 2023 •••

**Ran info against the USPS database**

Feb 06, 2023 •••

**Ran SSN against credit report data**

< **1** 2 3 … 17 >

Services —

**Exhibit J**

| AOC-150.4 | | Case No. ___ |
| Rev. 5-06 | | |
| Page 1 of 1 | SHERIFF'S RETURN | Court ___ CIRCUIT |
| Commonwealth of Kentucky | FOR | |
| Court of Justice | WAGE GARNISHMENT | County ___ FAYETTE |
| www.kycourts.net | | |
| CR 69.02 | | |

**JUDGMENT DEBTOR:**
ELISA WAIN

FILED
ATTEST: VINCENT RIGGS, CLERK
MAR 1 1 2021
FAYETTE CIRCUIT CLERK
BY _____ DEPUTY

**JUDGMENT CREDITOR:**    CENTRAL BANK & TRUST CO.

Amount Due: $    358,412.72 + interest, atty. fees & costs (subject to credit)

Probable Court Costs: $    To be determined

**THE GARNISHEE (EMPLOYER) IS:**

**FAYETTE COUNTY PUBLIC SCHOOLS**
Payroll Department
1126 Russell Cave Road
Lexington, KY

Judgment Date:    January 20, 2021

Creditor's Attorney:    STOLL KEENON OGDEN PLLC
300 W. Vine Street, Suite 2100
Lexington, KY 40507
Attn: R. Houston, Paralegal
(859) 231-3000

The Commonwealth of Kentucky
To the Sheriff of

FAYETTE _____ County:

You are commanded to summon the Garnishee named above to answer in this action within twenty days from the service hereof; and you will make due return of this Order.

FAYETTE _____ Circuit Clerk, By: _Um Umoorp_ _____ D.C. _3-3-21_
(County)                                                                                      (Date)

**SHERIFF'S RETURN**

The Order of Wage Garnishment was served by delivering to: _Michelle Hash F.C.P.S. Payroll_

this _5_ day of _March_, 2021.

Served by: _F. Spark 3Dc/_

**NOTE TO SHERIFF:**

Return original to Clerk (White)
and retain copy (Canary).

Fayette County Constable 3rd District
Edward Sparks Constable
P.O. Box 1532
Lexington, KY 40588

TW

Court of Justice
www.courts.ky.gov

KRS 425.501

**AFFIDAVIT FOR WRIT OF
NON-WAGE GARNISHMENT**

Court _____ CIRCUIT
County _____ FAYETTE

FILED
ATTEST, VINCENT RIGGS, CLERK
MAR 03 2021
FAYETTE
BY _____

Name  :  CENTRAL BANK & TRUST CO.                    JUDGMENT CREDITOR

Name  :  DOUGLAS A. WAIN, ET AL                      JUDGMENT DEBTORS

The undersigned Affiant states she is counsel for the Judgment Creditor. Affiant further states:

1. The above-named Judgment Debtor is not now, nor has he been at any time during the pendency of this action in the active military service of the United States of America.

2. The Judgment is dated:  **January 20, 2021**

3. The amount due on the judgment (subject to any credits due for any sums currently being processed) is **$358,412.72, plus interest, attorneys' fees and costs (subject to credit for proceeds from the sale of collateral, which have not yet been received)**

4. The following are indebted to said Judgment Debtor:

   **FORCHT BANK**

**WHEREFORE:** Judgment Creditor prays for garnishment against Judgment Debtor; that the garnishee(s) named herein be made parties to action, and that the garnishee(s) be required to answer the garnishment(s) issued hereunder; and for its cost.

AFFIANT

Subscribed and sworn before me this  1st  day of _____

# Commonwealth of Kentucky

# Court of Appeals

**Exhibit K**

### NO. 2024-CA-0730-OA

DOUGLAS A. WAIN and
ELISA WAIN

PETITIONERS

v.

AN ORIGINAL ACTION
ARISING FROM FAYETTE CIRCUIT COURT
ACTION NO. 19-CI-00812

HON. KIMBERLY NELL BUNNELL,
JUDGE

RESPONDENT

AND

CENTRAL BANK & TRUST
COMPANY and
U.S. BANK TRUST
NATIONAL ASSOCIATION
Not in its Individual Capacity But
Solely as Owner Trustee for RCF 2
Acquisition Trust

REAL PARTIES IN INTEREST

AND

### NO. 2024-CA-0850-OA

DOUGLAS A. WAIN and
ELISA WAIN

PETITIONERS

AN ORIGINAL ACTION
v.                  ARISING FROM FAYETTE CIRCUIT COURT
ACTION NO. 19-CI-00812


HON. KIMBERLY NELL BUNNELL,                    RESPONDENT
JUDGE

AND

CENTRAL BANK & TRUST
COMPANY and
U.S. BANK TRUST
NATIONAL ASSOCIATION
Not in its Individual Capacity But
Solely as Owner Trustee for RCF 2
Acquisition Trust                    REAL PARTIES IN INTEREST


ORDER
DENYING PETITIONS FOR A
WRIT OF MADAMUS

\* \* \* \* \* \*

BEFORE:  CETRULO, ECKERLE, AND GOODWINE, JUDGES.

Petitioners, Douglas and Elisa Wain (the "Wains"), filed two separate

petitions for a writ of mandamus pursuant to Kentucky Rule of Appellate

Procedure ("RAP") 60.  In Action No. 2024-CA-0730-OA, the Wains seek an

order mandating that Respondent, Hon. Kimberly Nell Bunnell, Judge ("Judge

Bunnell") recuse herself from presiding over the case below.  In Action No. 2024-

CA-0850-OA, the Wains seek an order mandating that Judge Bunnell dismiss the

2

case below because the judgment entered against them has allegedly been satisfied. Real Party in Interest, Central Bank & Trust Company ("Central Bank"), filed a response to both petitions. Real Party in Interest, U.S. Bank Trust National Association, Not in its Individual Capacity but Solely as Owner Trustee for RCF 2 Acquisition Trust ("U.S. Bank"), filed a response only in Action No. 2024-CA-0730-OA. Having reviewed the petitions, responses, and being otherwise duly and sufficiently advised, it is hereby ORDERED that the petitions for a writ of mandamus shall be, and hereby are, DENIED.

## **BACKGROUND**

The case below is a foreclosure action initiated by Central Bank, which held a mortgage on property owned by the Wains. Through a series of assignments, U.S. Bank became the holder of the first mortgage on the property. After an alleged default and a few years of litigation, on January 20, 2021, the Trial Court entered a judgment in favor of Central Bank and an order of sale. It awarded Central Bank $358,412.72, plus interest and attorneys' fees. The Wains appealed (Appeal No. 2021-CA-0202-MR), but did not post a supersedeas bond. This Court affirmed the Trial Court's January 20, 2021, Order, and the Kentucky Supreme Court denied discretionary review. The property was sold at a master commissioner's sale for $630,003.00, and the sale was confirmed.

At the time the first appeal was filed, U.S. Bank's lien had yet to be

3

adjudicated. On March 7, 2024, the Trial Court entered an order granting summary judgment in favor of U.S. Bank on its claim asserting a lien on the property and its claim that its lien was superior to Central Bank's. Further, the Trial Court ordered distribution of the sale proceeds. After payment to U.S. Bank and taking into account the fees associated with the sale, the Trial Court ordered the balance of $24,967.48 to the master commissioner and the remaining $66,884.60 to Central Bank.

On April 30, 2024, the Trial Court entered an order denying the Wains' motion to amend the judgment. The Wains once again filed a notice of appeal, initiating Appeal No. 2024-CA-0646-MR. This Court entered an Order dismissing that appeal on July 29, 2024, because the Wains' notice of appeal was not timely filed.

The Wains have now filed two writ petitions that raise separate issues. In Action No. 2024-CA-0730-OA, they seek an Order compelling Judge Bunnell to recuse herself from this matter, claiming that her rulings are contrary to law and represent evidence of bias. They cite two campaign contributions made by lawyers in law firms involved in this case to her campaign for Fayette District Court Judge in 1999.

In Action No. 2024-CA-0850-OA, the Wains seek an Order compelling the Trial Court to enter a satisfaction of judgment pursuant to

4

Kentucky Rule of Civil Procedure ("CR") 79.02 as to Central Bank's claim against

them. The Wains appear to argue that they have satisfied their obligation to

Central Bank because the total sale proceeds of their property exceeded the amount

of their indebtedness.

## ANALYSIS

A writ of prohibition is an extraordinary remedy. The Kentucky

Supreme Court has held:

> A writ of prohibition *may* be granted upon a showing that
> (1) the lower court is proceeding or is about to proceed
> outside of its jurisdiction and there is no remedy through
> an application to an intermediate court; or (2) that the
> lower court is acting or is about to act erroneously,
> although within its jurisdiction, and there exists no
> adequate remedy by appeal or otherwise and great
> injustice and irreparable injury will result if the petition is
> not granted.

*Hoskins v. Maricle*, 150 S.W.3d 1, 10 (Ky. 2004) (emphasis original). A writ is an

extraordinary remedy. *Ridgeway Nursing & Rehab. Facility, L.L.C. v. Lane*, 415

S.W.3d 635, 639 (Ky. 2013). Because of this extreme and specific nature of writs,

courts are reluctant to issue them because the expedited procedure "necessitate[s]

an abbreviated record which magnifies the chance of incorrect rulings that would

prematurely and improperly cut off the rights of litigants." *Interactive Media Ent.*

*Gaming Ass'n v. Wingate*, 320 S.W.3d 692, 695 (Ky. 2010).

In the context of a writ of the first class, the term "jurisdiction" refers

5

to subject matter jurisdiction. *See Appalachian Racing, L.L.C. v. Commonwealth*, 504 S.W.3d 1, 4 (Ky. 2016); *Goldstein v. Feeley*, 299 S.W.3d 549, 552 (Ky. 2009); *Davis v. Wingate*, 437 S.W.3d 720, 725 (Ky. 2014). "Whether a court has subject-matter jurisdiction is determined at the beginning of a case, based on the type of case presented." *Kelly v. Commonwealth*, 554 S.W.3d 854, 860 (Ky. 2018).

The Fayette Circuit Court is a court of general jurisdiction, "it has original jurisdiction of all justiciable causes not exclusively vested in some other court." Kentucky Revised Statute (KRS) 23A.010(1). Because the subject matter of the Trial Court is beyond reasonable dispute, the Wains are not entitled to a writ of the first class.

Regarding writs of the second class, a lack of an adequate remedy by appeal or otherwise is an absolute prerequisite to issuance. *Wyatt, Tarrant & Combs v. Williams*, 892 S.W.2d 584, 586 (Ky. 1995). Here, there remain ample avenues by which the Wains can challenge any alleged bias of the Trial Court. If the Wains in good faith believe that Judge Bunneil should not preside over the balance of their case, they may file an affidavit with the Circuit Clerk pursuant to KRS 26A.020. This statute reads, in relevant part:

> If either party files with the circuit clerk his affidavit that the judge will not afford him a fair and impartial trial, or will not impartially decide an application for a change of venue, the circuit clerk shall at once certify the facts to the Chief Justice who shall immediately review the facts and determine whether to designate a regular or retired

6

justice or judge of the Court of Justice as special judge.

KRS 26A.020 constitutes one adequate remedy, foreclosing the Wains' request
that this Court should first consider their contention that Judge Bunnell should be
disqualified from presiding over the case via a writ.

As to the Wains request that this Court declare their debt to Central
Bank satisfied, they likewise have or had an adequate remedy by appeal. As an
initial matter, the judgment in favor of Central Bank has already been the subject
of an appeal, and this Court affirmed the Trial Court's judgment. "[A] decision of
the appellate court, unless properly set aside, is controlling at all subsequent stages
of the litigation, which includes the rule that on remand the trial court must strictly
follow the mandate of the appellate court." *Inman v. Inman*, 648 S.W.2d 847, 849
(Ky. 1982) (quoting 5 Am. Jur.2d, Appeal and Error § 744).

As to their argument that the proceeds of the sale were sufficient to
satisfy Central Bank's lien, it is not clear whether the Wains intended to mislead
this Court, or whether they do not recognize that U.S. Bank, as a senior lienholder,
was entitled to have its judgment satisfied by the proceeds of the sale prior to the
Central Bank being paid. Regardless, any issues concerning U.S. Bank's lien
could have been raised in the Wains' second appeal, had it been timely filed. Their
failure to avail themselves properly to their sufficient remedies by appeal do not
render those remedies inadequate. "This Court cannot approve of exercises of

7

original jurisdiction in cases where no remedy by appeal exists at the time of the request solely as a result of actions taken, or not taken, by the petitioner." *Wyatt, Tarrant & Combs*, 892 S.W.2d at 586.

Because the Wains do not meet the prerequisites for the issuance of a writ, we need not address their claims of error. Nothing contained in this Order should be construed as a ruling on the merits of the allegations.

## CONCLUSION

WHEREFORE, Petitioners' petitions for a writ of mandamus shall be, and hereby are, DENIED.

ENTERED: September 23, 2024      *Audra Eckerle*

JUDGE, COURT OF APPEALS

8

**Exhibit L**

COMMONWEALTH OF KENTUCKY
FAYETTE CIRCUIT COURT
CIVIL BRANCH
NINTH DIVISION

CENTRAL BANK & TRUST CO.                                              PLAINTIFF

V.                    <u>ORDER CONFIRMING REPORT OF</u>              NO. 19-CI-00812
                      <u>SALE, FOR DELIVERY OF DEED AND</u>
                      <u>PARTIAL DISTRIBUTION OF PROCEEDS</u>

DOUGLAS A. WAIN;
ELISA WAIN; and DITECH
FINANCIAL LLC[1], successor by merger
to GREEN TREE SERVICING LLC                                          DEFENDANTS

ENTERED
ATTEST, VINCENT RIGGS, CLERK
MAR 12 2021
BY FAYETTE CIRCUIT CLERK
DEPUTY

**** ****  ****

This cause having been heard upon the Motion of the Plaintiff, Central Bank & Trust Co.

(hereinafter "Central Bank"), and the Court being sufficiently advised and having considered the

same;

It is hereby ORDERED as follows:

1.      The Master Commissioner of the Fayette Circuit Court is hereby directed to

deliver a Deed conveying fee simple title in the subject real property known as 2711 Barbados

Lane, Lexington, Fayette County, Kentucky, a description of which is attached hereto as Exhibit

A, to Pavel Moskvich, the purchaser of said property, who has paid the Master Commissioner

the full purchase price.

2.      The Master Commissioner is hereby directed to disburse his costs and fees from

the sale proceeds as follows:

---

[1] On May 1, 2020, Shannon O'Connell Egan and Nathan H. Blaske of Dinsmore & Shohl LLP, counsel for
NewRez LLC d/b/a Shellpoint Mortgage Servicing ("NewRez"), assignee of Ditech Financial, LLC,
successor by merger to Green Tree Servicing, LLC, filed an entry of appearance, submitting NewRez to
the jurisdiction of this Court. NewRez has filed a Motion to be substituted for Ditech Financial, LLC.



|  | Master Commissioner | | $630,003.00 |
|---|---|---|---|
| (a) | Fees | | |
| (b) | Appraisal | $ 5,000.00 | |
| (c) | Advertising | 350.00 | |
| (d) | Auctioneer Fee | 57.52 | |
| (e) | Report Fee: | 20,000.00 | |
| (f) | Deed Fee: | 50.00 | |
| (g) | Copies: | 50.00 | |
| (h) | Postage: | 7.00 | |
|  |  | 3.06 | |
|  | Less Deposit Paid by Plaintiff | <   550.00> | |
|  | Net due Master Commissioner | $24,967.58 | |

Balance to be held by the Master Commissioner                    <  24,967.58>
until further Order of the Court                                        $605,035.42

3.     It is further ordered that the Defendants, Douglas A. Wain and Elisa Wain, and/or any current occupant, shall vacate the Property within 14 days from March 5, 2021. Defendants/occupants shall not remove any fixtures or improvements to the Property as they are part of the mortgaged Property. ~~In the event the Defendants/occupants fail to vacate the Property as ordered, the Sheriff shall forthwith remove the Defendants/occupants from the Property without further order of the Court~~. If the Defendants/occupants fail or refuse to vacate the Property as ordered, or if the Defendants/occupants remove any fixtures or improvements from the Property, they shall be subject to contempt of Court proceedings and damages.

4.     The liens or interests of the parties hereto, and their successors in interest, and any *pendente lite* lienholder or claimant, existing against the Property herein are hereby released and discharged; provided, however, the mortgage liens of Central Bank and NewRez LLC d/b/a Shellpoint Mortgage Servicing, assignee of Ditech Financial LLC, shall attach to the sale proceeds held by the Master Commissioner in the same priority order of the original mortgage liens of each lender.

DATED this *2* day of _____March_____, 2021.

_____
JUDGE, FAYETTE CIRCUIT COURT

**HAVE SEEN AND APPROVED:**

JAMES H. FRAZIER, III,
MASTER COMMISSIONER
FAYETTE CIRCUIT COURT

**TENDERED BY:**

STOLL KEENON OGDEN PLLC
300 W. Vine Street, Suite 2100
Lexington, Kentucky 40507
(859) 231-3000

BY: _____
GREGORY D. PAVEY, KBA 81049
ATTORNEYS FOR CENTRAL BANK

**HAVE SEEN:**

_David W. Hemminger_ by permission GDP
DAVID W. HEMMINGER
ATTORNEY FOR DOUGLAS A. WAIN
AND ELISA WAIN

_Shannon O'Connell Egan_ by permission GDP
SHANNON O'CONNELL EGAN
ATTORNEY FOR NEWREZ LLC d/b/a
SHELLPOINT MORTGAGE SERVICING,

## CLERK'S CERTIFICATE OF SERVICE

This is to certify that a true copy of the foregoing was served by mail this _12_ day of
_March_, 2021 to:

James H. Frazier, III, Esq.
201 E. Main Street, Suite 770
Lexington, Kentucky 40507
MASTER COMMISSIONER

Gregory D. Pavey, Esq.
STOLL KEENON OGDEN PLLC
300 W. Vine Street, Suite 2100
Lexington, Kentucky 40507
ATTORNEYS FOR CENTRAL BANK

COMMONWEALTH OF KENTUCKY
FAYETTE CIRCUIT COURT
NINTH DIVISION
CIVIL BRANCH
CIVIL ACTION NO. 19-CI-00812

**Exhibit M**

*ELECTRONICALLY FILED*

**CENTRAL BANK & TRUST CO.**                                        **PLAINTIFF**

**v.**

**DOUGLAS A. WAIN;**
**ELISA WAIN; AND**
**NEWREZ, LLC[1]**                                                        **DEFENDANTS**

## MOTION FOR DISTRIBUTION OF PROCEEDS;
## NOTICE

Plaintiff, Central Bank & Trust Co. ("Central Bank"), by counsel, moves this Court for entry of an order of distribution to Central Bank from the proceeds currently held by the Master Commissioner from the sale of the real property that is the subject of this action. Such funds have been held by the Master Commissioner since February 8, 2021. Of those funds, $358,412,72[2] should now be released and distributed first to pay Central Bank's Judgment in full. To the financial detriment to Central Bank, the other secured lienholder has failed to pursue any interest in these funds. In support hereof, Central Bank states as follows:

### BACKGROUND

On March 6, 2019, Central Bank initiated this foreclosure action after Douglas Wain and Elisa Wain (the "Wains") defaulted on a home equity line of credit due Central Bank secured by a mortgage on their home (the "Mortgage"). Under the Mortgage, the Wains had granted Central Bank a lien on the real property located at 2711 Barbados Lane, Lexington, Fayette County,

---

[1] NewRez LLC d/b/a Shellpoint Mortgage Servicing ("NewRez"), assignee of Ditech Financial, LLC, successor by merger to Green Tree Servicing, LLC, has been substituted for Ditech Financial, LLC (to Green)

[2] Plus interest from March 6, 2019, costs and its attorneys' fees

Kentucky (the "Property"). On October 29, 2019, Central Bank filed its First Amended Complaint adding Ditech as a party defendant.

After full briefing, and based on the record before it, including the Wains' own admissions, on December 11, 2020, this Court from the bench sustained Central Bank's Motion for Summary Judgement on its claims against the Wains. On January 20, 2021, this Court entered Partial Summary Judgment, Judgment on the Pleadings, and Order of Sale (the "Judgment"). The Judgment in favor of Central Bank awarded $358,412.72, plus interest from March 6, 2019, until paid, plus costs expended and attorneys' fees. The Judgment directed the Master Commissioner to sell the Property on February 8, 2021. The Judgment was final and appealable.

The Property was sold by the Master Commissioner on February 8, 2021.[3] On February 24, 2021, this Court entered its Order Confirming Sale. On March 12, 2021, the Court entered its Order for Delivery of Deed and Partial Distribution of Proceeds to the Master Commissioner for his costs and fees. This Order left the remainder of the proceeds—$605,035.42—with the Master Commissioner.

Following the confirmation of the sale, on March 16, 2021, NewRez was substituted as a defendant in this action in place of Ditech and authorized to file an amended answer and crossclaim (collectively, "Amended Answer"). NewRez entered its appearance based upon an unrecorded assignments of a mortgage granted to Ditech by the Wains on the Property. In its Amended Answer, NewRez alleged it was owned $324,261.97 in principal, plus interest at the rate of 5.875% from July 1, 2019, plus a deferred principal of $106,431.58, plus late fees, costs, and expenses, including attorneys' fees on the mortgage debt owed by the Wains.

---

[3] On February 17, 2021, after the Master Commissioner's sale, the Wains filed a Notice of Appeal of the Judgment. The Wains did not post a supersedeas bond to stay enforcement or execution of the Judgment.

On November 4, 2022, the Court of Appeals rendered its opinion affirming this Court's Judgment. The Wains have moved the Supreme Court of Kentucky to grant discretionary review. That motion remains pending.

In response, on April 15, 2021, the Wains filed an answer to NewRez's crossclaim and filed a crossclaim against NewRez. However, on April 28, 2021, the Wains filed Notice of Withdrawal of their crossclaim against NewRez. On May 27, 2021, the Wains were granted leave to file an Amended Answer asserting affirmative defenses to NewRez's crossclaim.[4]

For 2 years now, almost to the day, NewRez has taken no action on its crossclaim against the Wains. It has allowed this case to remain dormant to the detriment and damage to Central Bank.[5]

On March 17, 2023, Central Bank's counsel received communication from the Office of the Fayette County Master Commissioner (the "Commissioner") regarding the sale proceeds of $605,035.42, held by the Commissioner. The correspondence indicated that due to rule changes governing master commissioners, funds held by the Commissioner for 2 years would escheat to the State. Upon further communication with the Commissioner that the funds are the subject of this pending litigation, the Commissioner has agreed that the funds held by his office in this case are not subject to escheat. However, that communication brings attention to the fact that, for 2 years, NewRez has taken no action to enforce claims that it may have to those funds to the detriment and damage of Central Bank which has Judgment and has been adjudicated to have a lien thereon.

---

[4] Also, on May 27, 2021, NewRez served discovery requests on the Wains

[5] It now appears that NewRez may have assigned its mortgage to a new assignee. However, no successor assignee, if any, has made an appearance in this case.

## **ARGUMENT**

Central Bank has diligently pursued and advanced this litigation since it initiated this case in 2019. These efforts resulted in the entry of Judgment in favor of Central Bank, and the sale of the Property in February, 2021. However, since the sale of the Property, the inaction of NewRez has interfered with Central Bank receiving the proceeds that it is entitled to from the sale of the Property. This inaction is causing and will continue to cause harm to Central Bank, unless the Court intervenes. To remedy this situation, the Court must apply principles of equity and authorize the distribution of the sale proceeds first to satisfy the Judgment lien of Central Bank.

The Court retains broad powers of equity when legal remedies are inadequate. Such power exists when dilatory acts cause another party's harm. "This is a proper place for application of the well-known rule in equity that as between innocent parties he must suffer who, by his acts or laches, has made a loss possible." *Akers v. Cushman Constr. Co.*, 487 S.W.2d 60, 62 (Ky. 1972). In *Akers*, the court decided that equitable principles required satisfaction of liens that would otherwise be inferior, "as this situation is a creature of the [otherwise senior lienholder's] laches and negligence they must bear this loss." The *Akers* decision provides guidance. This Court may turn to equitable principles to prevent an unjust result suffered by an innocent party that is caused by the laches of another. The well-known rule in equity is "that as between two innocent persons he must suffer who, by his acts or latches, has made a loss possible." *Lincoln Bldg. & Loan Ass'n v Liberty Nat'l Bank & Trust Co.*, 227 S.W.2d 191, 193 (Ky. 1950).

As stated in *Louisville Asphalt Co. v Cobb*, 220 S.W.2d 110, 129 (Ky. 1949), under the doctrine of estoppel, the decision should be against the party "who was in a better position by reasonable diligence or care to have averted the loss which must be borne by one or the other."

Further, NewRez has waived its lien rights and interest in the sale proceeds. Under Kentucky law, a "waiver" is a voluntary and intentional surrender or relinquishment of a known right, or an election to forego an advantage which the party, at his option, might have demanded or insisted upon." *Barker v. Stearns Coal & Lumber Co.*, 291 Ky. 184, 163 S.W.2d 466, 470 (Ky. 1942).

NewRez is a represented party. It has taken no action to enforce its mortgage or have same adjudicated by this Court. It has not demanded or insisted upon the release or distribution of funds on its mortgage. It has taken *no action* of any kind for nearly *two years*. NewRez has sat on its rights. Whether it be called latches, waiver or estoppel, its inaction has caused damage to Central Bank. NewRez should now be barred from asserting rights superior to Central Bank.

As a result of NewRez's total and complete inaction for 2 years, Central Bank faces an unjust result beyond its control. The continued delay harms Central Bank. The Court should order a distribution of the sale proceeds first to Central Bank.

## CONCLUSION

For the foregoing reasons, the Court should order the Master Commissioner to distribute from the sale proceeds first to Central Bank in the amount of $358,412,72 plus interest from March 6, 2019, costs and its attorneys' fees, and grant such other relief to which Central Bank may be entitled under the circumstances.

## NOTICE

The parties will please take notice that this motion shall be heard before the Fayette Circuit Court on the 26th day of May, 2023, at 8:30 a.m., or as soon thereafter as counsel may be heard.

Respectfully submitted,

**FOWLER BELL PLLC**

*/s/ Christopher G. Colson*
Christopher G. Colson. Esq.
Kentucky Bar ID: 93328
Taft A. McKinstry, Esq.
Kentucky Bar ID: 46610
300 West Vine Street, Suite 600
Lexington, KY 40507-1751
(859) 252-6700
(859) 255-3735 fax
GGColson@FowlerLaw.com
TMcKinstry@Fowlerlaw.com

**ATTORNEYS FOR PLAINTIFF,
CENTRAL BANK & TRUST CO.**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing was served through the Court's e-filing system upon the following, on this the 22nd day of May, 2023:

James H. Frazier, III, Esq.
201 E. Main Street, Suite 770
Lexington, Kentucky 40507
james@faycom.info
**MASTER COMMISSIONER**

David W. Hemminger, Esq.
hemmingerlawoffice@gmail.com
**ATTORNEY FOR DOUGLAS &
ELISE WAIN**

Paul M. Nalepka, Esq.
KYE-Notifications@rslegal.com
**ATTORNEY FOR DITECH
FINANCIAL, LLC**

Shannon O'Connell Egan, Esq.
Nathan H. Blaske, Esq.
Shannon.Egan@dinsmore.com
Nathan.Blaske@dinsmore.com
**ATTORNEYS FOR NEWREZ LLC**

*/s/ Christopher G. Colson*
**ATTORNEY FOR PLAINTIFF**

4893-0947-2869, v. 1/4300.01158

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

**Exhibit N**

DOUGLAS WAIN, *et al.*,               )
                                      )
        Plaintiffs,                   )       Civil No. 5:24-cv-00305-GFVT
                                      )
v.                                    )
                                      )
JUDGE KIMBERLY BUNNELL, *et al.*,     )       **MEMORANDUM OPINION**
                                      )               **&**
        Defendants.                   )           **ORDER**
                                      )

*** *** *** ***

Douglas Wain and Elisa Wain are residents of Westlake Village, California. Proceeding without counsel, the Wains filed a complaint against Fayette County Circuit Court Judge Kimberly Bunnell and Kentucky Court of Appeals Judge Jacqueline Caldwell. The defendants have filed a motion to dismiss the complaint. [R. 15]. The plaintiffs have filed a response [R. 20], to which the defendants have replied [R. 23]. Accordingly, this matter is ripe for decision. As explained more fully below, the Court will **GRANT** the defendants' motion and dismiss the complaint based on the defendants' immunity from suit and for failure to state a claim upon which relief can be granted.

Central Bank & Trust Co. initiated a foreclosure action against the Wains in the Fayette Circuit Court in March 2019. *See Central Bank & Trust Co. v. Wain*, 19-CI-812 (Fayette Cir. Ct. filed Mar. 6, 2019). Central Bank filed a motion for partial summary judgment in November 2020, having alleged that the Wains defaulted on a loan that was secured by real property located in Lexington, Kentucky. Judge Kimberly Bunnell granted Central Bank's motion in January 2021 and entered an *in personam* judgment against in the Wains in the amount of $358,412.72, plus interest. *See id.* (Order filed Feb. 17, 2021). The real property was sold at a Master

Commissioner's sale the following month.  The sale was confirmed on February 24, 2021, and

proceeds in the amount of $605,035.42 were held pending further orders of the court.

U.S. Bank Trust National Association, which had a valid first mortgage lien on the

property, was eventually added as a party to the forfeiture action.  On March 7, 2024, the Fayette

Circuit Court granted U.S. Bank's motion for summary judgment and entered an *in personam*

judgment in its favor against the Wains in the amount of $538,150.82.  *See id.* (Order filed Mar.

7, 2024).  The Master Commissioner was directed to disburse $538,150.82 of the sale proceeds

to U.S. Bank and the remaining $66,884.60 to Central Bank.  *Id.*

Central Bank set out to collect the balance of its *in personam* judgment from the Wains.

It attempted to conduct discovery pursuant to Rule 69.03 of the Kentucky Rules of Civil

Procedure, but the Wains refused to participate and sought a protective order from the court.  The

court denied the Wains's motion for a protective order and granted Central Bank's motion to

compel the Wains to submit to debtor's examinations, which were scheduled to take place on

October 31, 2024.  The Wains continued to challenge the proceedings by seeking Judge

Bunnell's recusal and asking the court to vacate its prior rulings.  While none of these efforts

were successful, the debtor's examinations did not take place as scheduled because the Wains

filed a petition for Chapter 13 bankruptcy on October 30, 2024, thereby staying any efforts to

collect the judgment from them.[1]  *See In re Wain*, 1:24-bk-11814-MB (Bankr. C.D. Cal. filed

Oct. 30, 2024).  The bankruptcy proceeding remains pending.

The Wains filed the instant complaint on October 28, 2024, naming Judge Bunnell and

Judge Caldwell in their official capacities as defendants.  *See* R. 1 at 2.  However, the complaint

---

[1] The Wains also filed a motion for emergency relief in the Kentucky Court of Appeals, which was denied on
October 21, 2024.  [R. 1-2].

is devoid of any allegations concerning Judge Caldwell or the Kentucky Court of Appeals. The Wains allege that Judge Bunnell deprived them of due process in violation of the Fourteenth Amendment during the proceedings in *Central Bank & Trust Co. v. Wain*, 19-CI-812. Specifically, they allege that Judge Bunnell did not provide them of notice or representation during hearings, did not give them notice of motions or orders, shut them out of conversations during hearings, denied them "critical information," and changed orders or rulings without their knowledge. [R. 1 at 4].

The plaintiffs further allege that a conflict of interest, bias, and prejudice may have been factors in the alleged denial of due process. *Id.* The Wains allege that "the most egregious due process violation is Judge Bunnell's incorrect claim that she entered a deficiency judgment" that would allow Central Bank to recover the balance owed to it. For relief, the plaintiffs seek an injunction to stop the debtor's examination ordered by Judge Bunnell.

The plaintiffs' claims must be dismissed. First, the plaintiffs sued the defendants in their official capacities only, which means that the Commonwealth of Kentucky is the actual defendant. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) ("While personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law, individuals sued in their official capacities stand in the shoes of the entity they represent."). Because the Eleventh Amendment to the United States Constitution deprives a federal court of jurisdiction to entertain a suit against a state and its agencies, *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984), such claims cannot be maintained. *Hafer v. Melo*, 502 U.S. 21, 30 (1991); *Hardin v. Straub*, 954 F.2d 1193, 1199 (6th Cir. 1992). *See also Will*, 491 U.S. at 64 (observing that a state is not a person within the meaning of 42 U.S.C. § 1983).

3

There is a narrow exception to Eleventh Amendment immunity for claims seeking prospective injunctive relief to end a continuing violation of federal law. *Diaz v. Michigan Dep't of Corr.*, 703 F.3d 956, 964 (6th Cir. 2013) (citing *Ex parte Young*, 209 U.S. 123 (1908)). The Wains suggest that such relief is appropriate to stop the debtor's examination (which Judge Bunnell ordered) from taking place in the future. However, such relief would not really be prospective since it would require this Court to effectively overrule a prior order of the Fayette District Court. Federal district courts may not review state court decisions in this manner. *See RLR Invests., LLC v. City of Pigeon Forge, Tenn.*, 4 F.th 380, 392 (6th Cir. 2021) (observing that the *Rooker-Felman* doctrine applies to "[1] cases brought by state-court losers [2] complaining of injuries caused by state-court judgments [3] rendered before the district court proceeding commenced and [4] inviting district court review and rejection of those judgments") (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

Regardless, 42 U.S.C. § 1983 provides that "injunctive relief shall not be granted in an action brought against a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." *See Savoie v. Martin*, 673 F.3d 488, 496 (6th Cir. 2012). The Wains did not allege in their complaint that a declaratory decree was violated or that declaratory relief was unavailable. After the defendants raised this argument in their motion to dismiss, the Wains countered that "declaratory relief alone would be inadequate to prevent ongoing constitutional violations." [R. 20 at 12]. The Court is unpersuaded by this cursory response, as "[d]eclaratory relief against a judge for actions taken in his or her judicial capacity is ordinarily available by appealing the judge's order." *Phillips v. Henderson*, No. 2:24-cv-00594-DJA, 2024 WL 4267821, at *5 (D. Nev. Sept. 22, 2024) (citations omitted). The state-court appellate process obviously was available to the

4

Wains, as they filed multiple appeals during the pendency of and after the conclusion of the
forfeiture proceeding. A failure to obtain one's desired result in state court does not constitute
unavailability of declaratory relief within the meaning of 42 U.S.C. § 1983. *See William Penn
Apts. v. D.C. Court of Appeals*, 39 F. Supp. 3d 11, 18 (D.D.C. 2014) (citing *Hoai v. Superior
Court of Dist. of Columbia*, 539 F. Supp. 2d 432, 435 (D.D.C. 2008)).

Nevertheless, the Wains maintain that they may obtain injunctive relief because Judge
Bunnell was not acting in her judicial capacity. Specifically, the Wains contend that Judge
Bunnell failed to disclose conflicts of interest and refused to recuse "despite clear grounds for
disqualification." [R. 1 at 13]. However, accepting all of the Wains's allegations as true for the
purposes of this motion, their argument fails because they have not alleged any facts indicating
that Judge Bunnell's actions were non-judicial or taken in the complete absence of all
jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 12 (1991) (observing that "judicial immunity is
not overcome by allegations of bad faith or malice"). *See* R. 1 at 4 (alleging that Judge Bunnell
denied the plaintiffs due process during court proceedings).

The Wains's response to the defendants' motion to dismiss includes a request to amend
the complaint. Specifically, the plaintiffs wish to add claims for monetary damages against the
defendants in their individual capacities and a "class-of-one" equal protection claim against
Judge Bunnell. This request will be denied. Although leave to amend is freely given, the Court
is not required to allow an amendment that is futile. *See Seals v. Gen. Motors Corp.*, 546 F.3d
766, 770 (6th Cir. 2008). A proposed amendment is futile if the amendment could not withstand
a motion to dismiss. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000).

"Federal common law has long afforded judges absolute immunity from suits for money
arising out of actions taken in a judge's official judicial capacity. Originating in the Middle

Ages, this body of law developed as a means to discourage collateral attacks on judicial decisions and to protect judges from vexatious litigation." *Hughes v. Duncan*, 93 F.4th 374, 378 (6th Cir. 2024) (citations omitted).  In determining whether an act is "judicial," the court considers whether it is an act normally performed by a judge and whether the parties dealt with the judge in her judicial capacity.  Judge Bunnell's alleged actions here clearly fall within that category.[2]  Judicial immunity extends even to judicial acts allegedly performed maliciously, corruptly, in bad faith, or in error.  *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004).

The Wains's proposed class-of-one equal protection claim also would not survive a motion to dismiss.  To prevail on a class-of-one theory, the plaintiff carries the heavy burden of showing "that the adverse treatment they experienced was so unrelated to the achievement of any combination of legitimate purposes that the court can only conclude that the government's actions were irrational." *Loesel v. City of Frankenmuth*, 692 F.3d 452, 462 (6th Cir. 2012).  More fundamentally, for the reasons already explained, the plaintiffs cannot recover monetary damages or the injunctive relief they seek under 42 U.S.C. § 1983.  Accordingly, the plaintiffs have not alleged any basis upon which such a claim could proceed.

Finally, the Wains argue that the defendants' motion to dismiss should be denied because counsel for the defendants have an impermissible conflict of interest.  The Wains have attached emails indicating that attorneys from the Lexington office of Dentons Bingham Greenebaum LLP ("Dentons") consulted with the Wains in April 2019, but advised Douglas that "it would benefit [him] to have counsel from an attorney that regularly handles plaintiffs' side banking

---

[2] As previously noted, the complaint does not include any allegations concerning Judge Caldwell.  The plaintiffs' response to the motion to dismiss alleges that Judge Caldwell committed unidentified "procedural violations in handing the Petition III emergency motion, which demonstrate actions taken outside established procedural rules." [R 20 at 13].  Resolving a motion or petition before the Kentucky Court of Appeals is conduct that clearly falls within Judge Caldwell's judicial capacity.

matters, rather than our office, which is usually defending the financial institutions." [R. 20-1 at

10]. Shortly thereafter, the firm advised Douglas that its "representation in connection with the

lawsuit filed by Central Bank in Fayette Circuit Court, Civil Action No. 19-CI-00812, has

concluded and, as a result, the attorney-client relationship between us has ended." *Id*. at 8. In

August 2020, Douglas emailed one of the attorneys seeking recommendations for mediators and

she responded with the names of some mediators in the area. *Id.* 12-15.

"Motions to disqualify are viewed with 'disfavor' and disqualification is considered a

'drastic measure which courts should hesitate to impose except when absolutely necessary.'" *In

re Valley-Vulcan Mold Co.*, 237 B.R. 322, 337 (Bankr. App. 6th Cir. 1999) (quoting *Alexander v.

Primerica Holdings, Inc.*, 822 F. Supp. 1099, 1114 (D.N.J. 1993)). The party seeking

disqualification carries a heavy burden because "a party's choice of counsel is entitled to

substantial deference." *Id.* To determine whether disqualification may be required, the Court

considers whether

> (1) a past attorney-client relationship existed between the party seeking
> disqualification and the attorney it seeks to disqualify; (2) the subject matter of
> those relationships was/is substantially related; and (3) the attorney acquired
> confidential information from the party seeking disqualification.

*Dana Corp. v. Blue Cross & Blue Shield Mut. of N. Ohio*, 900 F.2d 882, 889 (6th Cir. 1990).

The plaintiffs have not satisfied the first factor since there is no allegation that the

attorneys currently representing the defendants, who are based in the Louisville office of

Dentons, represented the plaintiffs previously or had any involvement in the underlying

forfeiture proceeding. And while the Wains broadly assert that Dentons possesses confidential

information that could be used to the plaintiffs' disadvantage, the defendants report that the

Wains were only prospective clients of Dentons and did not share any confidential information

that could materially advance the defendants' position. At bottom, the Wains have not pointed to

7

any actual conflict of interest and have not satisfied the onerous burden of establishing that disqualification is appropriate. *See Lattanzio v. Brunacini*, No. 5:16-171-DCR, 2016 WL 7177610, at *4 (E.D. Ky. Dec. 8, 2016) (observing that "disqualification is only appropriate in cases of an actual conflict of interest").

Based on the foregoing, it is hereby **ORDERED** as follows:

1.  The defendants' motion to dismiss [**R. 15**] is **GRANTED**.

2.  The Court will enter a corresponding Judgment.


This 1st day of July, 2025.


Gregory F. Van Tatenhove
United States District Judge

myEquifax™

Douglas Wain 

## Your Equifax credit report

**Exhibit O**

As of **November 14, 2022**

**Credit Report**

### Summary

### Revolving Accounts

### Mortgage Accounts

### Installment Accounts

### Other Accounts

### Consumer Statement

### Personal Information

### Inquiries

### Public Records

### Collections

### Your Rights

**YOUR IDENTITY**

Freeze

Fraud & Active Duty Alerts

Dispute Center

Products for You

Credit Report date

Equifax - November 14, 2022 ⌄

You still have **5 of 6 free Equifax credit reports** available before **November 18, 2022.**

Get my free credit report

# Inquiries

Report Date: Nov 14, 2022

A request for your credit history is called an inquiry. There are two types of inquiries - those that may impact your credit scores and those that do not.

## Hard Inquiries

Inquiries that may impact your credit scores. These are inquiries made by companies with whom you have applied for a loan or credit. They may remain on your file up to 2 years.

You currently have no Hard Inquiries on file.

If you recently authorized a Hard Inquiry on your credit file, it could take a couple months to populate to your credit report.

## Soft Inquiries

Inquiries that do not impact your credit scores. These are inquiries, for example, from companies making promotional offers of credit, periodic account reviews by an existing creditor or your own requests to check your credit file. They may remain on your file for up to 2 years.

| DATE | COMPANY | DESCRIPTION | REQUEST ORIGINATOR |
|------|---------|-------------|--------------------|
| Sep 27, 2022 | CENTRAL BANK & TRUST CO | Account Review Inquiry | |
| Aug 30, 2022 | CAPITAL ONE | Promotional Inquiry | |
| Jul 27, 2022 | MILLIMAN SOLUTIONS, LLC | INS | AAA LIFE INSURANCE C |
| Jul 26, 2022 | CAPITAL ONE | Promotional Inquiry | |
| Jun 28, 2022 | CAPITAL ONE | Promotional Inquiry | |
| May 31, 2022 | CAPITAL ONE | Promotional Inquiry | |
| Apr 26, 2022 | CAPITAL ONE | Promotional Inquiry | |

| DATE | COMPANY | DESCRIPTION | REQUEST ORIGINATOR |
|---|---|---|---|
| Mar 29, 2022 | CAPITAL ONE | Promotional Inquiry | |
| Feb 22, 2022 | CAPITAL ONE | Promotional Inquiry | |
| Jan 25, 2022 | CAPITAL ONE | Promotional Inquiry | |
| Jan 21, 2022 | PRIME EQUITY FINANCIAL CORP | Promotional Inquiry | |
| Dec 28, 2021 | CAPITAL ONE | Promotional Inquiry | |
| Dec 11, 2021 | THE HERTZ CORPORATION | Soft Inquiry | |
| Nov 30, 2021 | CAPITAL ONE | Promotional Inquiry | |

**EFX**

Copyright 2022 Equifax Inc. All rights reserved.

Equifax and the Equifax marks used herein are trademarks of Equifax Inc. Other product and company names mentioned herein are the property of their respective owners.

Privacy Policy

Terms of Use    |    Ad Choices

**Exhibit P**

Mortgage Accounts

Installment Accounts

Other Accounts

Consumer Statement

Personal Information

Inquiries

Public Records

Collections

Your Rights

**YOUR IDENTITY**

Freeze

Fraud & Active Duty Alerts

Dispute Center

| | |
|---|---|
| **Report Date** | Jun 17, 2024 |
| **Credit File Status** | No indicator on file |
| **Average Account Age** | 13 Years, 10 Months |
| **Length of Credit History** | 24 Years, 9 Months |
| **Oldest Account** | CHASE CARD | Sep 1999 |
| **Most Recent Account** | HYUNDAI MOTOR FINANCE | Apr 2015 |
| **Alert Contacts** | 0 Records Found |
| **Accounts with Negative Information** | 7 |

## Credit Accounts

Your credit report includes information about activity on your credit accounts that may affect your credit scores.

| ACCOUNT TYPE | OPEN ACCOUNTS | ACCOUNTS WITH A BALANCE | BALANCE | AVAILABLE BALANCE | CREDIT LIMIT | MONTHLY PAYMENT AMOUNT |
|---|---|---|---|---|---|---|
| REVOLVING | 0 | 0 | $0 | $0 | $0 | $0 |
| MORTGAGE | 0 | 0 | $0 | $0 | $0 | $0 |
| INSTALLMENT | 1 | 1 | $2,867 | $17,159 | $20,026 | $0 |
| OTHER | 0 | 0 | $0 | $0 | $0 | $0 |
| TOTAL | 1 | 1 | $2,867 | $17,159 | $20,026 | $0 |

Mortgage Accounts

Installment Accounts

Other Accounts

Consumer Statement

Personal Information

Inquiries

Public Records

Collections

Your Rights

**YOUR IDENTITY**

Freeze

Fraud & Active Duty Alerts

Dispute Center

| | |
|---|---|
| **Report Date** | Jun 05, 2024 |
| **Credit File Status** | No indicator on file |
| **Average Account Age** | 19 Years, 0 Month |
| **Length of Credit History** | 24 Years, 8 Months |
| **Oldest Account** | CHASE CARD | Sep 1999 |
| **Most Recent Account** | SELENE FINANCE LLC | Mar 2008 |
| **Alert Contacts** | 0 Records Found |
| **Accounts with Negative Information** | 3 |

## Credit Accounts

Your credit report includes information about activity on your credit accounts that may affect your credit scores.

| ACCOUNT TYPE | OPEN ACCOUNTS | ACCOUNTS WITH A BALANCE | BALANCE | AVAILABLE BALANCE | CREDIT LIMIT | MONTHLY PAYMENT AMOUNT |
|---|---|---|---|---|---|---|
| REVOLVING | 0 | 0 | $0 | $0 | $0 | $0 |
| MORTGAGE | 0 | 0 | $0 | $0 | $0 | $0 |
| INSTALLMENT | 0 | 0 | $0 | $0 | $0 | $0 |
| OTHER | 0 | 0 | $0 | $0 | $0 | $0 |
| TOTAL | 0 | 0 | $0 | $0 | $0 | $0 |





| Employer | | Occupation |
|---|---|---|
| ⌄ | WAR AGAINST VIOLENCE CORP | CEO EXECUTIVE DIRECTO |
| ⌄ | DOUGLAS SAFETY CORP | PRES |
| ⌄ | SELF EMPLOYED | - - - |

Expand All

## 🏛 Accounts

Typically, creditors report any changes made to your account information monthly. This means that some accounts listed below may not reflect the most recent activity until the creditor's next reporting. This information may include things such as balances, payments, dates, remarks, ratings, etc. The rating key is provided to help you understand some of the account information that could be reported. Pay Status represents the current status of accounts and indicates how you are currently paying. For accounts that have been paid and closed, sold, or transferred, Pay Status represents the last reported status of the account.

### Accounts with Adverse Information

Adverse information typically remains on your credit file for up to 7 years from the date of the delinquency. To help you understand what is generally considered adverse, we have added >brackets< to those items in this report. For your protection, your account numbers have been partially masked, and in some cases scrambled. Please note: Accounts are reported as "Current; Paid or paying as agreed" if paid within 30 days of the due date. Accounts reported as Current may still incur late fees or interest charges if not paid on or before the due date.

| Account Name | | Account Number | Balance | Monthly Payment |
|---|---|---|---|---|
| ⌄ | DITECH FINANCIAL LLC | 5110D3954**** | $0 | $0 |
| ⌄ | GMFINANCIAL | 17086**** | $0 | $0 |
| ⌄ | JPMCB CARD SERVICES | 426684130159**** | $0 | - - - |
| ⌄ | MB FINANCIAL SERVICES | 700417650**** | $2,867 | $0 |
| ⌄ | SELENE FINANCE LP | 2712D0499**** | $0 | $0 |

### Satisfactory Accounts

The following accounts are reported with no adverse information. For your protection, your account numbers have been partially masked, and in some cases scrambled. Please note: Accounts are reported as "Current; Paid or paying as agreed" if paid within 30 days of the due date. Accounts reported as Current may still incur late fees or interest charges if not paid on or before the due date.

| Account Name | | Account Number | Balance | Monthly Payment |
|---|---|---|---|---|
| ⌄ | HYUNDAI FINANCE | 151309**** | $0 | $0 |

---

| Employer | | Occupation |
|---|---|---|
| ⌄ | FAYETTE CO PUBLIC SCHOOLS | TEACHER |
| ⌄ | FAYETTE COUNTY SCHOOLS | TEACHER |
| ⌄ | DOUGLAS SAFETY CORP | - - - |
| ⌄ | LEXINGTON SCHOOLS | - - - |

Expand All

## 🏛 Accounts

Typically, creditors report any changes made to your account information monthly. This means that some accounts listed below may not reflect the most recent activity until the creditor's next reporting. This information may include things such as balances, payments, dates, remarks, ratings, etc. The rating key is provided to help you understand some of the account information that could be reported. Pay Status represents the current status of accounts and indicates how you are currently paying. For accounts that have been paid and closed, sold, or transferred, Pay Status represents the last reported status of the account.

### Accounts with Adverse Information

Adverse information typically remains on your credit file for up to 7 years from the date of the delinquency. To help you understand what is generally considered adverse, we have added >brackets< to those items in this report. For your protection, your account numbers have been partially masked, and in some cases scrambled. Please note: Accounts are reported as "Current; Paid or paying as agreed" if paid within 30 days of the due date. Accounts reported as Current may still incur late fees or interest charges if not paid on or before the due date.

| Account Name | | Account Number | Balance | Monthly Payment |
|---|---|---|---|---|
| ⌄ | DITECH FINANCIAL LLC | 5110D3954**** | $0 | $0 |
| ⌄ | JPMCB CARD SERVICES | 426684130159**** | $0 | - - - |
| ⌄ | SELENE FINANCE LP | 2712D0499**** | $0 | $0 |

### Satisfactory Accounts

The following accounts are reported with no adverse information. For your protection, your account numbers have been partially masked, and in some cases scrambled. Please note: Accounts are reported as "Current; Paid or paying as agreed" if paid within 30 days of the due date. Accounts reported as Current may still incur late fees or interest charges if not paid on or before the due date.

| Account Name | | Account Number | Balance | Monthly Payment |
|---|---|---|---|---|
| ⌄ | JPMCB CARD SERVICES | 41472D233597**** | $0 | - - - |



**Exhibit Q**

🖶 Print Document

## Section 1. Candidate Information

Name of Candidate
KIMBERLY BUNNELL

County of Candidate's Residence

Candidate's Mailing Address: Street, PO Box, Rural Route
429 QUEENSWAY DR

| City | State | Zip Code |
|------|-------|----------|
| LEXINGTON | KY | 40502 |

Candidate's Telephone Number
8592462210

Candidate's Alternate Telephone Number
8593215486

Candidate's Date of Birth
Redacted

Candidate's Email Address
KIMBUNNELL@KYCOURTS.NET

## Section 2. Election Information

Date of Election
11/2/1999 12:00:00 AM

Type of Election
UNEXPIRED - GENERAL

Is Candidate the Incumbent for This Office?
No

Is Candidate Filing as a Write-In Candidate?
No

Office Sought
DISTRICT COURT JUDGE

Jurisdiction of Office Sought, including District, Circuit, or Division Number
22ND DISTRICT-1ST DIVISION

This Race is (Check One)
Non-Partisan

If Partisan Race, Indicate
Candidate's Designation on the
Ballot:
NotApplicable

## Section 3. Treasurer Information

Name of Treasurer
J. CARROLL LUBY

Treasurer's Email Address:

Treasurer's Mailing Address: Street, PO Box, Rural Route
106 WEST VINE, SUITE 700

| City | State | Zip Code |
|------|-------|----------|
| LEXINGTON | KY | 40507 |

Treasurer's Telephone Number
8592260405

Treasurer's Alternate Telephone Number
8592695573

## Section 4. Depository Information

Name of Financial Institution Intended for Use as Campaign Depository
CENTRAL BANK & TRUST COMPANY

Address of Financial institution Intended for Use as Campaign Depository
2233 RICHMOND ROAD LEXINGTON KY 40502

Section 5. Statement of Spending Intent

NO EXEMPTION – I (or my campaign committee) intend to spend and/or receive more than $3,000 during the election(s) as indicated below. I INTEND TO FILE ALL CAMPAIGN FINANCE REPORTS directly with the Registry

I understand that I will have campaign finance reports due as listed below. this is my intent for the (check all that apply)

This is my intent for the (check all that apply)

## Section 6. Verification

Candidate's Signature

Candidate's Signature Date

8/9/1999 12 00 00 AM

Treasurer's Signature

Treasurer's Signature Date

Treasurer's Comments

---

Kentucky Registry of Election Finance
140 Walnut Street
Frankfort, Kentucky 40601

Phone: (502) 573-2226
Fax: (502) 573-5622
Regular Hours of Operation: 8:00 am – 4:30 pm



Candidate Search   Organization Search   Office Search   Contributions Search ▾   Expenditure Search

📄 Export

# All Contributors

1 Result(s)

| | Amount | Date | Made To | Contributor Name | Report Name | Occupation | Contribution Type | Contri Mode |
|---|---|---|---|---|---|---|---|---|
| | $250.00 | 10/25/1999 | Kim Bunnell For District Judge | Stoll Keenon & Park Pac | 30 Day Post | | Kypac | Direct |

### All Contributors Search

**First Name**

**Last Name**

‹ ▬▬▬▬▬▬▬▬▬▬▬▬ ›

**-OR-**

**From Organization Name**

> We are continuously enhancing the Election Finance Statement Search System. In the slight chance you cannot find what you are looking for, please contact us at john.steffen@ky.gov.

**Election Date**

Select Election D ⌄

**Election Type**

⌄

**Office Sought**

⌄

**Location**

⌄

**City**

**State**

**Zip**

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

No. 25-5722

```
┌─────────────────────────────┐
│           FILED             │
│        Feb 13, 2026         │
│   KELLY L. STEPHENS, Clerk  │
└─────────────────────────────┘
```

**Exhibit R**

DOUGLAS A. WAIN; ELISA WAIN,

     Plaintiffs-Appellants,

v.

KIM BUNNELL, Fayette County, KY Circuit
Court Judge, et al.,

     Defendants-Appellees.


    Before:  NORRIS, BLOOMEKATZ, and HERMANDORFER, Circuit Judges.

**JUDGMENT**

On Appeal from the United States District Court
for the Eastern District of Kentucky at Lexington.

THIS CAUSE was heard on the record from the district court and was submitted on the briefs without oral argument.

IN CONSIDERATION THEREOF, it is ORDERED that the judgment of the district court is AFFIRMED.

        **ENTERED BY ORDER OF THE COURT**


        *Kelly L. Stephens*
        Kelly L. Stephens, Clerk

<u>NOT RECOMMENDED FOR PUBLICATION</u>

No. 25-5722

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

Feb 13, 2026

KELLY L. STEPHENS, Clerk

| | | |
|---|---|---|
| DOUGLAS A. WAIN; ELISA WAIN, | ) | |
| | ) | |
| Plaintiffs-Appellants, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| KIM BUNNELL, Fayette County, KY Circuit | ) | KENTUCKY |
| Court Judge, et al., | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

O R D E R

Before:  NORRIS, BLOOMEKATZ, and HERMANDORFER, Circuit Judges.

Douglas A. Wain and Elisa Wain, proceeding pro se, appeal the district court's judgment dismissing their civil rights complaint, filed pursuant to 42 U.S.C. § 1983.  They also move for leave to file a corrected brief.  This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed.  *See* Fed. R. App. P. 34(a).  For the following reasons, we deny as unnecessary the motion to file a corrected brief and affirm the district court's judgment.

The Wains sued Fayette County Circuit Judge Kimberly Bunnell and Kentucky Court of Appeals Judge Jacqueline Caldwell in their official capacities, alleging that Judge Bunnell deprived them of due process and was biased against them in a foreclosure proceeding, and that Judge Caldwell violated their due process rights when handling an unspecified emergency order. The Wains sought an injunction that would bar Judge Bunnell from enforcing an August 19, 2024, order compelling them to appear for a debtor's examination, and they stated that they "may also seek punitive and compensatory damages."

Bunnell and Caldwell moved to dismiss the complaint, arguing that the district court lacked subject-matter jurisdiction, the Wains could not collaterally attack their foreclosure proceeding, they were immune from suit, and the complaint failed to state a claim upon which relief could be granted.  In response, the Wains sought to amend their complaint to sue the defendants in both their official and their individual capacities and to provide additional facts in support of their claims.  The district court denied that request as futile and granted the defendants' motion to dismiss.

The district court provided numerous rationales for dismissing the Wains' complaint, and the Wains challenge each of those rationales on appeal.  They also contend that the district court should have allowed them to file additional pleadings, introduce evidence, and amend their complaint.  And, they ask us to reverse the district court's judgment and disqualify the defendants' attorneys, arguing that they have a conflict of interest.  The defendants ask us to dismiss the appeal because the Wains' appellate brief does not include a designation of documents or record citations, as required by this court's procedural rules, and it exceeds the length requirements set by the Federal Rules of Appellate Procedure.  In response, the Wains move for leave to file a corrected appellate brief that complies with the rules in question.  Because the Wains' appellate brief sufficiently sets forth the issues they seek to raise, and because it is clear from the record that the district court did not err, we will address their arguments on the merits and deny as unnecessary the motion for leave to file a corrected brief.  Fed. R. App. P. 32(e).

We review de novo the district court's dismissal of the Wains' complaint for failure to state a claim upon which relief may be granted.  *Thomas v. Montgomery*, 140 F.4th 335, 339 (6th Cir. 2025).  Dismissal was proper because the defendants were immune from suit.  First, because the Wains sued the defendants in their official capacities only, their claims were properly construed as claims against the Commonwealth, *see Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989), and the Commonwealth is immune from suit under the Eleventh Amendment, *Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *Quern v. Jordan*, 440 U.S. 332, 345 (1979).  As the Wains point out, *Ex parte Young*, 209 U.S. 123 (1908), provides an exception to this general rule: "suits against state officials seeking equitable relief for ongoing violations of federal law are not barred

by the Eleventh Amendment." *Morgan v. Bd. of Pro. Resp. of the Sup. Ct. of Tenn.*, 63 F.4th 510, 515 (6th Cir. 2023) (quoting *Mich. Bell Tel. Co. v. Climax Tel. Co.*, 202 F.3d 862, 867 (6th Cir. 2000)). However, this exception "applies only when the plaintiff sues for 'prospective [injunctive] relief to end a continuing violation of federal law.'" *Id.* (alteration in original) (quoting *Diaz v. Mich. Dep't of Corr.*, 703 F.3d 956, 964 (6th Cir. 2013)). In their complaint, the Wains sought to enjoin the enforcement of Judge Bunnell's order requiring them to appear for a debtors' examination. But the *Ex parte Young* "exception does not normally permit federal courts to issue injunctions against state-court judges or clerks." *Whole Woman's Health v. Jackson*, 595 U.S. 30, 39 (2021). That is because judges "do not enforce state laws as executive officials might," and "[i]f a state court errs in its rulings, . . . the traditional remedy has been some form of appeal." *Id.*

The district court also properly found that allowing the Wains to amend their complaint to sue the defendants in their individual capacities would be futile. "[J]udges are generally absolutely immune from civil suits for money damages." *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). This immunity can be overcome only if the plaintiffs' claims are based on (1) "nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity" or (2) "actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (per curiam). The Wains alleged that Judge Bunnell deprived them of due process by failing to provide notice of hearings, failing to serve them with motions and orders, "shut[ting] them] out of conversations during hearings," failing to provide "critical information," and changing "orders or rulings . . . without [their] knowledge." They also contended that Judge Bunnell incorrectly "claim[ed] that she 'entered' a 'Deficiency Judgment' in this case" and that she was "trying to enforce an 'involuntary servitude' arrangement." In their motion to amend, the Wains alleged that Judge Caldwell committed "procedural violations in handling [a] Petition III emergency motion." The defendants took all of these actions within their capacities as judges, and the Wains provided no specific facts from which to infer that either judge acted without jurisdiction.

Although the Wains also sought injunctive relief against Judge Bunnell, "'injunctive relief shall not be granted' in an action brought against 'a judicial officer for an act or omission taken in

such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable.'" *Savoie v. Martin*, 673 F.3d 488, 496 (6th Cir. 2012) (alteration in original) (quoting 42 U.S.C. § 1983). The Wains did not allege that Judge Bunnell violated a declaratory decree, and the Wains could have sought relief by simply appealing Judge Bunnell's rulings in state court. Because amendment would have been futile, the district court did not err when it denied the Wains' motion to amend. *See Wershe v. City of Detroit*, 112 F.4th 357, 372 (6th Cir. 2024).

The Wains also argue that the district court should have granted their request to disqualify the defendants' attorneys. The defendants are represented by two attorneys who work for Dentons Bingham Greenebaum LLP. The Wains claim that Dentons "consulted with them in 2019 regarding the foreclosure action," making the firm's involvement a conflict of interest. As the defendants point out, the Wains did not submit a retainer agreement or any other evidence showing that they retained an attorney from Dentons to represent them in the state-court foreclosure proceeding. Rather, they presented two email chains. The first showed that two attorneys in Dentons's Lexington office communicated with Douglas Wain and recommended retaining an attorney from outside their firm to represent him in a state-court case filed by Central Bank. The second showed that an attorney in Dentons's Lexington office recommended a mediator to Douglas Wain in connection with an unspecified legal matter. Because the Wains did not show that "a past attorney-client relationship existed between [them] and the attorney[s] [they sought] to disqualify" or that "the attorney[s] [representing the defendants] acquired confidential information from [them]," the district court did not abuse its discretion when it denied the Wains' request to disqualify the defendants' attorneys. *Dana Corp. v. Blue Cross & Blue Shield Mut. of N. Ohio*, 900 F.2d 882, 889 (6th Cir. 1990); *see also United States v. Brock*, 501 F.3d 762, 771 (6th Cir. 2007) (abrogated in part on other grounds).

No. 25-5722

- 5 -

For the foregoing reasons, we **DENY** as unnecessary the motion for leave to file a corrected brief and **AFFIRM** the district court's judgment.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk

## United States Court of Appeals for the Sixth Circuit

**U.S. Mail Notice of Docket Activity**

The following transaction was filed on 02/13/2026.

**Case Name:**   Douglas Wain, et al v. Kim Bunnell, et al
**Case Number:**   25-5722

**Docket Text:**
ORDER filed: We DENY as unnecessary the motion for leave to file a corrected brief and
AFFIRM the district court's judgment, pursuant to FRAP 34(a)(2)(C), decision not for
publication. Mandate to issue. Alan E. Norris, Circuit Judge; Rachel Bloomekatz, Circuit Judge
and Whitney D. Hermandorfer, Circuit Judge.

**The following documents(s) are associated with this transaction:**
Document Description:   Order

**Notice will be sent to:**

Mr. Douglas A. Wain
P.O. Box 7473
Westlake Village, CA 91359

Ms. Elisa Wain
P.O. Box 7473
Westlake Village, CA 91359

**A copy of this notice will be issued to:**

Ms. Melissa Norman Bork
Mr. Robert R. Carr