Douglas A. Wain, Pro Per, Elisa Wain, Pro Per
P.O. Box 7473, Westlake Village, CA 91359
douglaswain@gmail.com 859.494.3677

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>Douglas Alan Wain, Elisa Wain,<br><br>Debtors,<br><br>Douglas Alan Wain and Elisa Wain<br><br>Plaintiffs,<br><br>vs.<br><br>Central Bank & Trust Co.<br><br>Defendant. | **Bankruptcy Case No. 1:24-bk-11814-MB**<br><br>**Adversary Proceeding No.**<br><br>**1:25-ap-01026-MB**<br><br>**Chapter 13**<br><br>**PLAINTIFFS' OPPOSITION TO CENTRAL BANK'S EX PARTE APPLICATION TO CONTINUE THE JULY 2, 2026 HEARINGS [DOC 70]**<br><br>**[No hearing required — ex parte]**<br><br>**Current Hearing: July 2, 2026, 11:30 a.m.**<br>**Courtroom 303 — Hon. Martin R. Barash** |

Plaintiffs Douglas A. Wain and Elisa Wain ("Plaintiffs" or the "Wains"), appearing pro se, respectfully submit this Opposition to Central Bank & Trust Co.'s ("Central Bank") Ex Parte Application to Continue the July 2, 2026 hearings [Doc 70]. The Application should be denied.

### I. INTRODUCTION

Central Bank asks the Court, on an ex parte basis, to continue the July 2, 2026 hearings for a second time. The only ground stated is that Central Bank's counsel will be "out of the country"

1

on that date. For the reasons below, the request is premature and unwarranted, and it should be denied.

First, the continuance is premature. At the June 4, 2026 hearing the Court stated that it was working on a decision in these matters. If the Court issues that decision before July 2, 2026, it may materially change what, if anything, remains to be heard on July 2. The sensible course is to await the Court's decision rather than continue the hearings now.

Second, Central Bank's own Application concedes that the most substantive matter — Plaintiffs' Motion for Summary Judgment — together with the adversary status conference, can be severed and heard without delay. A summary-judgment motion is decided on the briefs and the record and does not require counsel's live presence.

Third, the equities weigh heavily against further delay. This single-creditor case has been pending approximately one year and seven months, during which the Wains have made every monthly payment to the Chapter 13 Trustee and have appeared at every hearing. Central Bank's counsel, by contrast, has a documented pattern of non-participation. The Wains should not be made to wait still longer because of counsel's unexplained unavailability.

### **II. RELEVANT BACKGROUND**

1. The matters set for July 2, 2026 are the Status Conference re Objection to Claim in the bankruptcy case (Doc 68), and Plaintiffs' Motion for Summary Judgment and the Status Conference re Complaint in the adversary proceeding (Doc 35).

2. Plaintiffs understand that the prior hearing in these matters was held on June 4, 2026, at which the Court stated on the record that it was working on a decision. The Court, on its own initiative, continued the matters to July 2, 2026. Central Bank's counsel could have appeared on June 4, 2026 and requested a continuance at that time, but did not do so.

PLAINTIFFS' OPPOSITION TO EX PARTE APPLICATION TO CONTINUE [DOC 70]

3. On June 3, 2026, counsel for Central Bank emailed the Wains stating only that he was "unavailable" on July 2, 2026, and asked the Wains to agree to a continuance. The email gave no reason for the unavailability. On June 5, 2026 — two days later — the Wains declined in writing, stating that these matters have already been pending and continued at length and that the Wains are prepared to proceed on the date the Court has set. Central Bank attached that exchange to its Application as Exhibit A.

4. Central Bank did not file the present ex parte Application until June 11, 2026. Its supporting declaration states only that counsel will be "out of the country" on July 2, 2026. No supporting detail, documentation, or explanation is provided.

5. Plaintiffs' Motion for Summary Judgment is fully briefed and ripe. The Wains are prepared to proceed on July 2, 2026, and did not intend to make any further filing before that date; they do so now only because Central Bank's ex parte Application requires a response.

### III. ARGUMENT

**A. The Requested Continuance Is Premature in Light of the Court's Pending Decision.**

At the June 4, 2026 hearing the Court stated that it was working on a decision. If that decision issues before July 2, 2026, it may significantly alter — or eliminate — the matters to be heard on July 2. Continuing the hearings now, before the Court's decision issues, would be premature and could result in continuing hearings that the Court's own decision may moot or reshape. The orderly course is to keep the July 2 date and let the Court's decision, when it issues, define what remains to be heard.

**B. Central Bank Concedes the Summary-Judgment Matter Can Be Severed and Heard.**

Central Bank's sole stated ground is counsel's unavailability. But its own Application concedes that the Court "could consider severing some matters to an earlier date … such as the

3

Wain's Motion for Summary Judgment, and the Status Conference on the Adversary Complaint."
A motion for summary judgment is decided on the briefs and the record and does not depend on
counsel's live presence. Central Bank has already had a full opportunity to oppose it. By Central
Bank's own admission, the summary-judgment matter need not be continued.

### C. Counsel's Unexplained Unavailability Does Not Justify Further Delay, and Central Bank Had Ample Time to Make Other Arrangements.

Central Bank's June 3, 2026 email gave no reason for counsel's unavailability, and its June
11 declaration states only that counsel will be "out of the country," without any supporting detail.
More importantly, the Wains informed Central Bank of their opposition on June 5, 2026 — nearly
four weeks before the July 2 hearing. Central Bank thus had ample time to arrange for other
counsel from its firm to appear, to seek relief earlier, or to raise the matter at the June 4 hearing. A
late, unexplained scheduling conflict is not a sufficient basis to delay matters that have been
pending this long.

### D. The Equities and the Litigation History Weigh Against Further Delay.

This case involves a single creditor and has been pending approximately one year and
seven months. Throughout that time the Wains have made every monthly payment to the Chapter
13 Trustee and have appeared at every hearing. The Wains have also moved their own case
forward diligently, including by initiating the Rule 26(f) discovery process. Central Bank's
participation, by contrast, has been limited: Plaintiffs are informed and believe that Central Bank's
counsel has not appeared at the successive payment-confirmation hearings, did not pay court-
ordered sanctions, did not file a status report or cooperate in a joint status report, and did not file
the scheduling memorandum the Court directed at the March 5, 2026 hearing. The Wains should
not be prejudiced by repeated delay occasioned by the party that has participated least.

PLAINTIFFS' OPPOSITION TO EX PARTE APPLICATION TO CONTINUE [DOC 70]

**E.   Central Bank's Disproportionate Expenditure Against a Single Disputed Claim**

**Bears on Its Bad Faith and Counsels Against Rewarding Further Delay.**

The history of this matter reflects a sustained and disproportionate litigation effort by Central Bank against the Wains, which bears on Central Bank's good faith and weighs against granting it still more delay. Plaintiffs offer the following as an estimate, based on Central Bank's own publicly reported financial statements and on general industry averages, and not as a precise accounting:

According to Central Bank's audited consolidated financial statements, its reported "Professional services" expense rose steadily over the relevant period — from approximately $1,734,000 in 2019, to approximately $2,929,000 in 2021, to approximately $3,561,000 in 2024 — a trajectory that parallels Central Bank's escalating litigation activity against the Wains. Plaintiffs estimate, applying a commonly cited industry average under which roughly 45% of such professional-services expense is attributable to legal fees — a proportion consistent with Central Bank's own 2018 financial statements, which reflect that legal fees constituted approximately 45% of its professional-services expense — that Central Bank's legal fees over the seven-year period totaled on the order of $8,000,000. If even ten to twenty percent of those legal fees were directed at the Wain matters, that share alone would represent an estimated $800,000 to $1,600,000. Adding Central Bank's estimated administrative, personnel, and overhead costs, Plaintiffs estimate that Central Bank has expended in excess of $2,000,000 in connection with its pursuit of the Wains.

Plaintiffs present these figures as a good-faith estimate derived from Central Bank's public filings and industry averages, subject to confirmation through discovery, and acknowledge that the precise allocation is information within Central Bank's possession. Even as an estimate, however, the disproportion is striking: Central Bank appears to have spent a multiple of the amount in

PLAINTIFFS' OPPOSITION TO EX PARTE APPLICATION TO CONTINUE [DOC 70]

dispute in pursuit of a single unsecured Proof of Claim filed December 20, 2024, which asserts a principal of $273,899.64 within a total claimed amount of $357,990.91 — a claim the Wains contend is not a valid or enforceable debt and which the Wains dispute in full. A party that has devoted resources so far out of proportion to the amount genuinely at stake, against an elderly self-represented couple in a single-creditor case, should not be rewarded with further delay of matters that are ripe for decision.

### F.   The Wains' Claims and Defenses Remain Pending and Should Proceed.

The Wains dispute the validity and amount of Central Bank's Proof of Claim and have asserted thirteen causes of action against Central Bank in the adversary proceeding filed April 24, 2025, including claims under the Fair Debt Collection Practices Act and the California Elder Abuse and Dependent Adult Civil Protection Act. These matters are ripe for the Court's attention. Further delay postpones their resolution and prolongs proceedings that have already continued far longer than a single-creditor dispute should require.

### IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court DENY Central Bank's Ex Parte Application to Continue the July 2, 2026 hearings as premature and unwarranted. In the alternative, if the Court is inclined to accommodate counsel's unavailability, Plaintiffs respectfully request that the Court proceed on July 2, 2026 as to Plaintiffs' Motion for Summary Judgment and the adversary Status Conference — which Central Bank concedes may be severed — and continue only any matter for which counsel's live appearance is genuinely required, to the earliest available date.

PLAINTIFFS' OPPOSITION TO EX PARTE APPLICATION TO CONTINUE [DOC 70]

Dated: June 11, 2026

Respectfully submitted,

Douglas A. Wain, Plaintiff, Pro Per

Elisa Wain, Plaintiff, Pro Per

*[Proof of service is provided on the separately attached Court form F 9013-3.1.PROOF.SERVICE.]*

7

Douglas A. Wain, Pro Per, Elisa Wain, Pro Per
P.O. Box 7473, Westlake Village, CA 91359
douglaswain@gmail.com 859.494.3677

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>Douglas Alan Wain, Elisa Wain,<br><br>Debtors,<br><br>Douglas Alan Wain and Elisa Wain<br><br>Plaintiffs,<br><br>vs.<br><br>Central Bank & Trust Co.<br><br>Defendant. | **Bankruptcy Case No. 1:24-bk-11814-MB**<br><br>**Adversary Proceeding No.**<br><br>**1:25-ap-01026-MB**<br><br>**Chapter 13**<br><br>**DECLARATION OF DOUGLAS A. WAIN IN SUPPORT OF PLAINTIFFS' OPPOSITION TO CENTRAL BANK'S EX PARTE APPLICATION TO CONTINUE THE JULY 2, 2026 HEARINGS [DOC 70]**<br>**[No hearing required — ex parte]** |

### DECLARATION OF DOUGLAS A. WAIN

I, Douglas A. Wain, declare as follows:

1. I am a Plaintiff, appearing pro per, in the above-captioned adversary proceeding, together with my wife and co-Plaintiff Elisa Wain. I make this Declaration in support of Plaintiffs' Opposition to Central Bank & Trust Co.'s Ex Parte Application to Continue the July 2, 2026 hearings. I have personal knowledge of the facts stated herein and, if called as a witness, could and would testify competently to them.

2. Attached hereto as **Exhibit 1** is a true and correct copy of my email transmittal dated June 5, 2026, sent from douglaswain@gmail.com to William E. Ireland, Esq., counsel for

1

DECLARATION OF DOUGLAS A. WAIN ISO OPPOSITION TO EX PARTE APPLICATION TO CONTINUE

Central Bank & Trust Co., at wireland@hbblaw.com, transmitting Plaintiffs' Rule 26(f) Conference Request and Proposed Joint Discovery Plan in this proceeding.

3. Attached hereto as **Exhibit 2** is a true and correct copy of the document Plaintiffs transmitted with the June 5, 2026 email, consisting of Plaintiffs' letter dated June 5, 2026 to Mr. Ireland requesting a conference of counsel under Federal Rule of Civil Procedure 26(f), Plaintiffs' Proposed Joint Discovery Plan under Rule 26(f)(3), and a copy of Plaintiffs' earlier letter to Mr. Ireland dated July 3, 2025.

4. Attached hereto as **Exhibit 3** is a true and correct copy of my email dated June 11, 2026, sent from douglaswain@gmail.com to Mr. Ireland, confirming the parties' telephonic Rule 26(f) conference held that day, together with the preceding email correspondence between the parties in the same thread, including Mr. Ireland's email dated June 9, 2026 confirming his availability to confer.

5. The matters described in Exhibits 1 through 3 reflect Plaintiffs' efforts to confer with Central Bank and to move this proceeding forward. Plaintiffs have appeared at every hearing in these matters and have made every monthly payment to the Chapter 13 Trustee. Plaintiffs are prepared to proceed on July 2, 2026, and submit the accompanying Opposition only because Central Bank's ex parte Application requires a response.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 11, 2026, at Westlake Village, California.

2

DECLARATION OF DOUGLAS A. WAIN ISO OPPOSITION TO EX PARTE APPLICATION TO CONTINUE

**EXHIBIT 1**

## douglaswain@gmail.com

| | |
|---|---|
| **Subject:** | FW: Wain v. Central Bank & Trust Co., Adv. No. 1:25-ap-01026-MB - Rule 26(f) Conference Request and Proposed Discovery Plan |
| **Attachments:** | 2026-06-05_Letter_and_Discovery_Plan_Ireland_1-25-ap-01026-MB.pdf |

**From:** douglaswain@gmail.com <douglaswain@gmail.com>
**Sent:** Friday, June 5, 2026 12:58 PM
**To:** wireland@hbblaw.com
**Subject:** Wain v. Central Bank & Trust Co., Adv. No. 1:25-ap-01026-MB - Rule 26(f) Conference Request and Proposed Discovery Plan

Mr. Ireland:

Attached is a single PDF containing the following documents in the above-referenced adversary proceeding:

1. Plaintiffs' letter dated June 5, 2026 requesting a conference of counsel under Federal Rule of Civil Procedure 26(f) and proposing dates for that conference;
2. Plaintiffs' Proposed Joint Discovery Plan under Rule 26(f)(3); and
3. A copy of Plaintiffs' July 3, 2025 letter to you.

As set out in the letter, we have proposed three dates for a telephonic Rule 26(f) conference — Monday, June 15; Tuesday, June 16; or Wednesday, June 17, 2026 — and would appreciate your advising which works for you, or proposing a reasonable alternative, within seven days. We invite your comments, edits, and counterproposals on the enclosed discovery plan.

A hard copy will follow by U.S. Mail. Please confirm receipt of this email.

Thank you.

Douglas Wain 6/5/2026 12:55 PM PT
Elisa Wain
Plaintiffs, Pro Se
P.O. Box 7473
Westlake Village, CA 91359
douglaswain@gmail.com

 Virus-free.www.avast.com

**EXHIBIT 2**

**Douglas Wain and Elisa Wain**
Plaintiffs, Pro Se
P.O. Box 7473
Westlake Village, CA 91359

June 5, 2026

**VIA EMAIL AND U.S. MAIL**

William E. Ireland, Esq.
Haight Brown & Bonesteel LLP
555 South Flower Street, 45th Floor
Los Angeles, CA 90071
wireland@hbblaw.com

**Re:**   *Wain v. Central Bank & Trust Co., et al.*
Adversary Proceeding No. 1:25-ap-01026-MB
United States Bankruptcy Court, Central District of California
Hon. Martin R. Barash
**Rule 26(f) Conference Request and Proposed Discovery Plan**

Dear Mr. Ireland:

**Background.** On July 3, 2025, Plaintiffs wrote to you to advise that we understood discovery to be open in this adversary proceeding and wished to initiate the discovery process, and we further offered to engage in settlement discussions, requesting a response by July 11, 2025. To date, Plaintiffs have received no response to that letter, no acknowledgement of it, and no other communication from your office initiating or responding to the discovery process in this proceeding. The Court's March 5, 2026 scheduling order, which set an August 31, 2026 discovery cutoff and a September 24, 2026 dispositive-motions deadline, now establishes the discovery schedule beyond dispute, and Plaintiffs renew their request to commence discovery on that footing.

This letter is sent in furtherance of the discovery deadlines set by the Court at the March 5, 2026 status conference, including the August 31, 2026 discovery cutoff and the September 24, 2026 dispositive-motions deadline. As you will recall, at that hearing the Court also relieved the parties of the obligation to make initial disclosures under Federal Rule of Civil Procedure 26(a)(1), as incorporated by Federal Rule of Bankruptcy Procedure 7026.

Plaintiffs request a conference of counsel under Federal Rule of Civil Procedure 26(f) for the purpose of discussing the matters identified in Rule 26(f)(2) and developing a proposed discovery plan under Rule 26(f)(3). We propose the following dates and times for a telephonic conference, each lasting approximately thirty (30) minutes:

- Monday, June 15, 2026, at 10:00 a.m. Pacific Time
- Tuesday, June 16, 2026, at 2:00 p.m. Pacific Time
- Wednesday, June 17, 2026, at 10:00 a.m. Pacific Time

1

Please advise which date works for you, or propose a reasonable alternative within the next seven (7) days.

Pursuant to Rule 26(f)(2), Plaintiffs propose that the conference address: (a) the nature and basis of claims and defenses; (b) the possibility of prompt settlement or resolution of the case; (c) arrangements for the disclosure and production of electronically stored information ("ESI"), including format, custodians, and search terms; (d) issues relating to claims of privilege or work product, including the form of any privilege log and the desirability of a non-waiver order under Federal Rule of Evidence 502(d); (e) any changes in the discovery limits imposed by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, or the Local Bankruptcy Rules of this Court; and (f) any other matters bearing on the efficient completion of discovery by the Court's August 31, 2026 cutoff.

To focus the conference and conserve the parties' time, Plaintiffs have prepared a draft Proposed Joint Discovery Plan, which is enclosed with this letter. Plaintiffs invite Defendant's comments, edits, and counterproposals. If acceptable as drafted or as modified by agreement of the parties, a joint discovery plan may be submitted to the Court as a courtesy filing.

**Threshold question regarding commencement of discovery.** It is Plaintiffs' position that the Court's March 5, 2026 scheduling order, which set a definite discovery cutoff of August 31, 2026 and a further dispositive-motions deadline of September 24, 2026, authorizes the commencement of discovery in this proceeding, and that the Rule 26(f) conference now requested is sought for the purpose of orderly planning rather than as a procedural prerequisite to the service of discovery. Given Defendant's lack of response to Plaintiffs' July 3, 2025 letter initiating the discovery process, Plaintiffs intend to proceed promptly with discovery under the Court's current scheduling order. If Defendant contends that the Court's March 5, 2026 order does not authorize the commencement of discovery prior to a Rule 26(f) conference, please so advise in writing within seven (7) days of the date of this letter. Absent such notice, Plaintiffs will proceed on the understanding that discovery is open under the Court's scheduling order and intend to serve initial written discovery on Defendant Central Bank & Trust Co. on or about June 29, 2026.

Plaintiffs are committed to conducting discovery efficiently and in good faith, and to using the meet-and-confer process to resolve disputes before involving the Court. We look forward to your prompt response.

Very truly yours,

Douglas Wain
Plaintiff, Pro Se

Elisa Wain
Plaintiff, Pro Se

**Enclosures:** (1) Proposed Joint Discovery Plan under Federal Rule of Civil Procedure 26(f)(3);
(2) Copy of Plaintiffs' letter to William E. Ireland, Esq. dated July 3, 2025

3

# PROPOSED JOINT DISCOVERY PLAN

**Pursuant to Federal Rule of Civil Procedure 26(f)(3),
as incorporated by Federal Rule of Bankruptcy Procedure 7026**

**Case:**     Wain v. Central Bank & Trust Co., et al.
              Adversary Proceeding No. 1:25-ap-01026-MB
**Court:**    United States Bankruptcy Court, Central District of California
              San Fernando Valley Division
**Judge:**    Hon. Martin R. Barash
**Date:**     June 5, 2026

The parties propose the following discovery plan in the above-captioned adversary proceeding:

## 1.     INITIAL DISCLOSURES (Rule 26(a)(1))

At the March 5, 2026 status conference, the Court relieved the parties of their obligation to make initial disclosures under Federal Rule of Civil Procedure 26(a)(1). The parties confirm that no initial disclosures will be exchanged in this proceeding.

## 2.     SUBJECTS ON WHICH DISCOVERY MAY BE NEEDED (Rule 26(f)(3)(B))

The parties anticipate, without limitation, that discovery will address the following subjects:

(a) Central Bank & Trust Co.'s ("CBT") Proof of Claim in the amount of $357,990.91, including its mathematical basis, supporting accounting records, internal workpapers, and the identity of all persons who prepared, reviewed, or approved the claim;

(b) The Kentucky foreclosure proceeding (Fayette Circuit Court Case No. 19-CI-00812), including the Master Commissioner's accounting, the sale of the subject property for $630,003, the distribution of proceeds among lienholders, and the March 7, 2024 Distribution Order;

(c) CBT's receipt of $66,884.60 from surplus proceeds following the foreclosure sale and $4,185 from wage garnishments, and the application of those amounts against any indebtedness asserted by CBT against the Plaintiffs;

(d) CBT's furnishing of account information regarding the Plaintiffs to consumer reporting agencies (Experian, Equifax, and TransUnion), including all furnishings, deletions, modifications, and dispute responses from 2019 to the present;

(e) CBT's internal communications, policies, procedures, board minutes, audit-committee minutes, and Special Assets unit records regarding the Wain account, including collection activities, charge-off determinations, litigation decisions, and the timing and substance of any internal reserve, charge-off, or recovery accounting entries related to the Wain matters;

(f) Communications between CBT and its outside counsel of record in matters involving the Plaintiffs, including without limitation Stoll Keenon Ogden PLLC ("SKO"), Fowler Bell PLLC, Dentons Bingham Greenebaum LLP, Frost Brown Todd LLC, and Haight Brown &

Bonesteel LLP, including the scope and date of engagement of each firm in each matter, and the conflict-of-interest analysis, if any, performed at the time of engagement;

(g) The retention, supervision, and conduct of CBT's outside counsel and any third-party agents involved in collection or litigation activities against the Plaintiffs, including authority delegated to such counsel or agents and the identity of CBT personnel responsible for supervising them;

(h) Any subordination agreements affecting CBT's lien position, including the agreement identified in Plaintiffs' February 26, 2026 Unilateral Status Report;

(i) The damages recoverable under Plaintiffs' thirteen (13) causes of action, including without limitation claims under the Fair Debt Collection Practices Act, the California Elder Abuse and Dependent Adult Civil Protection Act, conversion, the CARES Act, and 42 U.S.C. § 1983;

(j) The identity and knowledge of present and former CBT officers, employees, agents, and directors with information relevant to the foregoing subjects, including without limitation Luther Deaton, Jr. (Chairman, President & Chief Executive Officer of both Central Bank & Trust Co. and Central Bancshares, Inc. throughout the relevant period); Ellen Sharp (Senior Vice President, Special Assets, year-end 2019 and 2020); Steve Hall (Vice President, Special Assets, year-end 2019 through 2022); Donna J. Craven (Senior Vice President); Benjamin Wilbanks (Assistant Vice President, Credit Analysis, year-end 2019, subsequently elevated to Senior Vice President with responsibility over Special Assets); Becky Mullins (Special Assets Officer / Assistant Vice President, Special Assets, year-end 2019 through 2023); Julie Szymanski (Vice President, Special Assets, year-end 2019 and 2020); Mike McFarland (Special Assets Officer, year-end 2022; Courtesy Coverage Supervisor, year-end 2023); Edward Barnes (Executive Vice President & Chief Financial Officer); Joan D. Kincaid (Vice Chairman); the directors of Central Bancshares, Inc. and Central Bank & Trust Co. who served at any time from 2019 through the present; and any declarant on any pleading filed in this proceeding, including Timothy R. Wiseman of SKO, who submitted a sworn declaration in support of CBT's Proof of Claim filed December 20, 2024 in the Bankruptcy Case, who has signed each Joint Status Report filed on behalf of CBT in the related action styled Wain v. Central Bank & Trust Co. et al., Civil Action No. 5:23-cv-00139-REW-MAS (E.D. Ky.), and who filed an Evidentiary Declaration in this adversary proceeding on February 12, 2026;

(k) The representations made by CBT in each of its audited consolidated financial statements for fiscal years 2019, 2020, 2021, 2022, 2023, 2024, and 2025.

(l) The composition of the line item designated "Professional services" in CBT's audited consolidated statements of income for fiscal years 2019 through 2025 (which reflected the following annual amounts: $1,734,000 (2019); $1,944,000 (2020); $2,929,000 (2021); $2,583,000 (2022); $2,779,000 (2023); $3,561,000 (2024); and $3,100,000 (2025)), including the legal-fee component of each year's professional-services expense, the identity of the law firms and other vendors to which professional-services payments were made, and the matter-by-matter allocation of legal fees among the Wain matters and other matters;

(m) Communications between CBT and its independent registered public accounting firm, Crowe LLP, regarding the Wain matters during fiscal years 2019 through 2025, including audit workpapers, management representation letters provided by CBT to Crowe LLP,

attorney-response letters or audit-inquiry responses requested under American Bar Association Statement of Policy and Statement on Auditing Standards No. 12 (or its successor standards, including AU-C Section 501), materials reviewed or prepared in the course of subsequent-events review under AU-C Section 560, and any internal or external assessments of loss contingencies arising from the Wain matters;

(n) CBT's directors-and-officers ("D&O") liability insurance policies, errors-and-omissions ("E&O") policies, banker's blanket bond, and any other insurance policy under which coverage has been, or may be, asserted in connection with the claims in this proceeding, including the policy limits, retentions, and any notices of claim or reservation-of-rights correspondence relating to the Plaintiffs;

(o) Loans, lines of credit, and deposits between CBT and its directors, executive officers, and entities in which they hold beneficial ownership ("related-party transactions") for fiscal years 2019 through 2025 as disclosed in Notes 3 and 7 of each annual report, including the definition of "related party" applied in each year and the basis for the methodological change, if any, that produced the reported increase in aggregate loans to related parties from $367,000 at year-end 2019 to $16,352,000 at year-end 2020;

(p) The corporate governance structure of Central Bancshares, Inc. and Central Bank & Trust Co. during the period 2019 through the present, including the concurrent service of Luther Deaton, Jr. as Chairman, President, and Chief Executive Officer of both the parent holding company and the operating bank; the composition of the board of directors of each entity in each year; and the existence and composition of any audit, risk, compliance, or litigation oversight committee with responsibility over the matters at issue in this proceeding; and

(q) Any litigation hold, document-preservation directive, or similar instruction issued by CBT in connection with the Plaintiffs, the Kentucky foreclosure proceeding, the Plaintiffs' bankruptcy case, or this adversary proceeding.

## 3. TIMING AND PHASING (Rule 26(f)(3)(B))

Discovery shall be completed by the Court-ordered cutoff of August 31, 2026. The parties propose the following internal milestones:

(a) Service of initial written discovery (interrogatories, requests for production, and requests for admission) on or before June 29, 2026;

(b) Issuance of subpoenas to non-parties under Rule 45 and Federal Rule of Bankruptcy Procedure 9016 on or before July 7, 2026;

(c) Written responses to discovery within thirty (30) days of service in accordance with Rules 33, 34, and 36;

(d) Meet-and-confer regarding objections completed within ten (10) days after the response date;

(e) Motions to compel, if any, filed sufficiently in advance of August 31, 2026 to be heard before that date;

(f) Notices of deposition served no later than August 1, 2026; and

(g) Completion of all depositions on or before August 31, 2026.

Discovery shall proceed in a single phase; no party requests phased discovery at this time.

## 4. ELECTRONICALLY STORED INFORMATION (Rule 26(f)(3)(C))

(a) **Preservation.** Each party shall preserve all potentially relevant ESI in its possession, custody, or control. Each party represents that it has taken reasonable steps to preserve such information. The parties acknowledge that potentially relevant ESI includes, without limitation, electronic communications, accounting and financial-reporting workpapers, internal board and committee materials, and audit-related correspondence.

(b) **Form of production.** Documents and ESI shall be produced in their native electronic format where reasonably practicable, or as text-searchable PDFs with associated metadata (custodian, date, file type, and Bates numbers).

(c) **Custodians and search terms.** The parties shall exchange proposed ESI custodians and search terms within fourteen (14) days after the Rule 26(f) conference and shall negotiate in good faith to reach agreement. Plaintiffs anticipate that proposed custodians will include the present and former CBT officers, employees, and directors identified in Section 2(j) above, as well as appropriate custodians at CBT's outside counsel and at Crowe LLP.

(d) **Costs.** Each party shall bear the costs of preserving, collecting, reviewing, and producing its own ESI absent a showing of undue burden or proportionality concerns under Rule 26(b)(1).

## 5. PRIVILEGE AND WORK PRODUCT (Rule 26(f)(3)(D))

(a) **Privilege logs.** A party withholding documents on grounds of attorney-client privilege, attorney work-product protection, or any other recognized privilege shall produce a privilege log identifying each withheld document by date, author, recipient(s), general subject matter, and the privilege asserted, within fourteen (14) days after the production of non-privileged documents in response to the same request.

(b) **Inadvertent disclosure; claw-back.** Inadvertent production of privileged or work-product material shall not constitute a waiver of any privilege or protection. The producing party may, within ten (10) business days of discovering an inadvertent production, give written notice and demand return or destruction of the material, and the receiving party shall promptly comply pending resolution of any dispute over the privilege claim.

(c) **Rule 502(d) order.** The parties consent to entry of a non-waiver order under Federal Rule of Evidence 502(d) and shall jointly submit a proposed order if either party so requests.

(d) **Auditor communications.** The parties acknowledge that communications between CBT and Crowe LLP, including audit-inquiry responses requested under American Bar Association Statement of Policy and the auditor's confirmation and workpaper materials, may implicate attorney-client privilege, work-product protection, the accountant-client privilege under applicable state law, and the federally recognized work-product doctrine. The parties will address any such claims through the privilege-log procedure set forth in subparagraph (a).

## 6. CHANGES TO DISCOVERY LIMITATIONS (Rule 26(f)(3)(E))

(a) **Interrogatories.** Subject to the limit of Rule 33(a)(1), each party may serve up to twenty-five (25) interrogatories. Given the complexity of this proceeding (which involves thirteen

separate causes of action and seven years of audited financial statements relevant to the issues identified in Section 2), either party reserves the right to move for leave to serve additional interrogatories upon a showing of need.

(b) **Depositions.** Subject to the limit of Rule 30(a)(2)(A)(i) and the duration limit of Rule 30(d)(1), each party may notice up to ten (10) depositions of seven (7) hours each. Either party reserves the right to move for leave to take additional or longer depositions upon a showing of need, including with respect to a Rule 30(b)(6) deposition of CBT directed to the subjects identified in Section 2.

(c) **Requests for production and requests for admission.** No numerical limit, subject to the proportionality requirements of Rule 26(b)(1).

(d) **Subpoenas to non-parties.** Either party may issue subpoenas under Rule 45 and Federal Rule of Bankruptcy Procedure 9016 to obtain documents or testimony from non-parties, including, without limitation, Crowe LLP; Stoll Keenon Ogden PLLC; Dentons Bingham Greenebaum LLP; Frost Brown Todd LLC; and any consumer reporting agency to which CBT furnished information regarding the Plaintiffs.

**7.   OTHER ORDERS AND MATTERS (Rule 26(f)(3)(F))**

(a) **Protective order.** The parties anticipate that confidential financial, personnel, audit-workpaper, or proprietary information may be exchanged and shall negotiate in good faith a stipulated protective order if necessary.

(b) **Expert disclosures.** If expert testimony is anticipated, expert disclosures shall be made in accordance with Rule 26(a)(2) on a schedule to be set by separate order or stipulation, but in no event later than thirty (30) days before the discovery cutoff. The parties anticipate that expert testimony may be offered on subjects including, without limitation, banking practices and standards, mortgage servicing, foreclosure accounting, consumer-reporting compliance, financial-statement disclosure standards, and damages calculations.

(c) **Discovery disputes.** The parties shall meet and confer in good faith before bringing any discovery dispute to the Court and shall comply with Local Bankruptcy Rule 7026-1 and any applicable procedures of Judge Barash.

**8.  CONSENT TO ELECTRONIC SERVICE**

The parties consent to service of discovery requests, responses, and related correspondence by electronic mail to the addresses identified below, with hard copy by U.S. Mail not required absent specific request.

**For Plaintiffs:**
Douglas Wain

Elisa Wain

P.O. Box 7473

Westlake Village, CA 91359

douglaswain@gmail.com

**For Defendant Central Bank & Trust Co.:**

William E. Ireland, Esq.

Haight Brown & Bonesteel LLP

555 South Flower Street, 45th Floor

Los Angeles, CA 90071

wireland@hbblaw.com


Respectfully submitted,


Dated: June 5, 2026

Douglas Wain

Plaintiff, Pro Se


Elisa Wain

Plaintiff, Pro Se


Dated: June 5, 2026


_____

William E. Ireland, Esq.

Haight Brown & Bonesteel LLP

Counsel for Defendant Central Bank & Trust Co.

July 3, 2025

William E. Ireland, Esq.
Haight, Brown & Bonesteel, LLP
555 S. Flower Street, 45th Floor
Los Angeles, CA 90071

Re: Wain Chapter 13 Bankruptcy Adversary Proceeding No. 1:25-ap-01026-MB
Filed April 24, 2025

Dear Mr. Ireland:

We understand that discovery is now open in the above-referenced matter and would like to
initiate the discovery process.

Additionally, if you have an interest in exploring settlement discussions, please advise us by
Friday, July 11, 2025.

We look forward to your response.

Sincerely,

Douglas A. Wain

Elisa Wain

Contact Information:
P.O. Box 7473
Westlake Village, CA 91359
Phone: (859) 494-3677
Email: douglaswain@gmail.com

**EXHIBIT 3**

**douglaswain@gmail.com**

---

| | |
|---|---|
| **Subject:** | FW: Attn Mr. Ireland - Confirmation of June 11, 2026 Rule 26(f) Conference — Wain v. Central Bank & Trust Co., Adv. No. 1:25-ap-01026-MB |
| **Attachments:** | 2026-06-05_Letter_and_Discovery_Plan_Ireland_1-25-ap-01026-MB.pdf |

---

**From:** douglaswain@gmail.com <douglaswain@gmail.com>
**Sent:** Thursday, June 11, 2026 1:25 PM
**To:** wireland@hbblaw.com
**Subject:** Attn Mr. Ireland - Confirmation of June 11, 2026 Rule 26(f) Conference — Wain v. Central Bank & Trust Co., Adv. No. 1:25-ap-01026-MB

Dear Mr. Ireland:

This email confirms our telephonic Rule 26(f) conference held today, June 11, 2026.

Based on our discussion, it is our understanding that Central Bank is not willing to meet and confer with us on the substance of the proposed discovery plan at this time. If we have misunderstood your position, please let us know in writing.

For your convenience, we again attach the Proposed Joint Discovery Plan and accompanying materials that we transmitted to you on June 5, 2026. We remain willing to consider any comments, edits, or counterproposals you may have.

Given the Court's August 31, 2026 discovery cutoff, we intend to proceed with discovery under the Court's March 5, 2026 scheduling order. We would welcome a more detailed response setting out Central Bank's position, including any specific objections to the proposed plan, so that we may either submit a joint plan or accurately present the parties' respective positions to the Court.

We remain available to confer further and are committed to resolving discovery matters in good faith.

Very truly yours,

Douglas Wain 6/11/2026 1:23 PM PT
Elisa Wain
Plaintiffs, Pro Se
P.O. Box 7473
Westlake Village, CA 91359
douglaswain@gmail.com

---

**From:** Ireland, William <wireland@hbblaw.com>
**Sent:** Tuesday, June 9, 2026 11:39 AM
**To:** Douglas Wain <douglaswain@gmail.com>
**Subject:** RE: Wain v. Central Bank & Trust Co., Adv. No. 1:25-ap-01026-MB - Rule 26(f) Conference Request and Proposed Discovery Plan

Yes.  I will speak to you then.

---

**From:** Douglas Wain <douglaswain@gmail.com>
**Sent:** Tuesday, June 9, 2026 11:38 AM

1

**To:** Ireland, William <wireland@hbblaw.com>
**Subject:** Re: Wain v. Central Bank & Trust Co., Adv. No. 1:25-ap-01026-MB - Rule 26(f) Conference Request and Proposed Discovery Plan

Would this Thursday 6.11.2026 at 1:00 pm work for our Rule 26 (f) conference via phone?

Douglas Wain

On Jun 9, 2026, at 11:27 AM, Ireland, William <wireland@hbblaw.com> wrote:

Mr. Wain: as per my email and my voice mail on your cell phone just now, I am available to speak and tried to call you to do so  I am not available at your proposed times but could be available today (Tuesday, June 9), or June 10 or June 11.  Please propose times and we can talk, or you can call me.

William Ireland | Profile
Of Counsel
D: 213.542.8035
wireland@hbblaw.com
Haight Brown & Bonesteel LLP
555 South Flower Street
Forty-Fifth Floor
Los Angeles, CA 90071
O: 213-542-8000
F: 213-542-8100
www.hbblaw.com

The contents of this email message and its attachments are intended solely for the addressee(s) hereof. This email transmission may be confidential and it may be subject to privilege protecting communications between attorneys and their clients. If you are not the named addressee, or if this message has been addressed to you in error, you are directed not to read, disclose, reproduce, distribute, disseminate or otherwise use this transmission. Delivery of this message to any person other than the intended recipient(s) is not intended in any way to waive privilege or confidentiality. If you have received this transmission in error, please alert the sender by reply e-mail. We request that you immediately delete this message and its attachments, if any. UNAUTHORIZED INTERCEPTION PROHIBITED BY FEDERAL LAW (18 U.S.C 2510-2522).

**From:** douglaswain@gmail.com <douglaswain@gmail.com>
**Sent:** Friday, June 5, 2026 12:58 PM
**To:** Ireland, William <wireland@hbblaw.com>
**Subject:** Wain v. Central Bank & Trust Co., Adv. No. 1:25-ap-01026-MB - Rule 26(f) Conference Request and Proposed Discovery Plan

Mr. Ireland:

Attached is a single PDF containing the following documents in the above-referenced adversary proceeding:

1. Plaintiffs' letter dated June 5, 2026 requesting a conference of counsel under Federal Rule of Civil Procedure 26(f) and proposing dates for that conference;
2. Plaintiffs' Proposed Joint Discovery Plan under Rule 26(f)(3); and
3. A copy of Plaintiffs' July 3, 2025 letter to you.

As set out in the letter, we have proposed three dates for a telephonic Rule 26(f) conference — Monday, June 15; Tuesday, June 16; or Wednesday, June 17, 2026 — and would appreciate your advising which

works for you, or proposing a reasonable alternative, within seven days. We invite your comments, edits, and counterproposals on the enclosed discovery plan.

A hard copy will follow by U.S. Mail. Please confirm receipt of this email.

Thank you.

Douglas Wain 6/5/2026 12:55 PM PT
Elisa Wain
Plaintiffs, Pro Se
P.O. Box 7473
Westlake Village, CA 91359
douglaswain@gmail.com

<~WRD0001.jpg> Virus-free.www.avast.com

3

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
P.O. Box 7473, Westlake Village, CA 91359.

A true and correct copy of the foregoing document entitled: Plaintiffs' Opposition to Central Bank's Ex Parte Application to Continue the July 2, 2026 Hearings [Doc 70]; Declaration of Douglas A. Wain in Support Thereof; and Exhibits 1 through 3, will be served or was served in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) N/A — Plaintiffs are not registered CM/ECF Users; this document was filed via the court's E-Dropbox electronic filing system, and any NEF service is generated by the clerk upon filing. Service by Plaintiffs on parties is set forth in Section 3 below.

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) N/A — no service by United States mail was made. <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on June 11, 2026, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.
**Method of service for all parties listed below: EMAIL**

**COUNSEL FOR DEFENDANT CENTRAL BANK & TRUST CO.:**
William E. Ireland, Esq.
Haight Brown & Bonesteel LLP
555 South Flower Street, Forty-Fifth Floor
Los Angeles, California 90071
Email: wireland@hbblaw.com

**CHAPTER 13 TRUSTEE:**
Elizabeth F. Rojas
S. Renee Sawyer Blume
Office of the Chapter 13 Trustee
15260 Ventura Blvd., Suite 830
Sherman Oaks, CA 91403
Email: lrojas@ch13wla.com
Email: rblume@ch13wla.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

Case 1:25-ap-01026-MB   Doc 38   Filed 06/11/26   Entered 06/12/26 16:56:26   Desc
Main Document      Page 25 of 25

**UNITED STATES TRUSTEE:**
Office of the United States Trustee
915 Wilshire Boulevard, Suite 1850
Los Angeles, CA 90017
Email: USTP.Region16@usdoj.gov

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| June 11, 2026 | Douglas A. Wain | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**