DOUGLAS A. WAIN
ELISA WAIN
P.O. Box 7473
Westlake Village, CA 91359
Telephone: (859) 494-3677
Email: douglaswain@gmail.com
Plaintiffs in Pro Per

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>Douglas Alan Wain, Elisa Wain,<br><br>    Debtors, | Case No. 1:24-bk-11814-MB<br><br>Chapter 13 |
| Douglas Alan Wain and Elisa Wain<br><br>    Plaintiffs,<br><br>    vs.<br><br>Central Bank & Trust Co.<br><br>    Defendant. | Adv. Proc. No. 1:25-ap-01026-MB<br><br>**JOINT STIPULATION REGARDING DISCOVERY DISPUTES PURSUANT TO LOCAL BANKRUPTCY RULE 7026-1(c)(3)**<br><br>**Judge: Hon. Martin R. Barash**<br><br>[Hearing date/time to be added when motion is self-calendared or set by chambers] |

Pursuant to Local Bankruptcy Rule 7026-1(c)(3), Plaintiffs Douglas A. Wain and Elisa Wain, in pro per ("Plaintiffs"), and Defendant Central Bank & Trust Co. ("CBT"), by counsel, submit this Joint Stipulation identifying the parties' discovery disputes and their respective contentions.

## I. PROCEDURAL BACKGROUND

1

JOINT STIPULATION REGARDING DISCOVERY DISPUTES BANKRUPTCY RULE 7026-1(c)(3)

On July 24, 2026, Plaintiffs served a letter requesting the conference of counsel required by LBR 7026-1(c). On July 28, 2026, the parties spoke by telephone; the parties dispute the characterization of that call. On July 30, 2026, following further correspondence, counsel for CBT, William Ireland, and Plaintiff Douglas A. Wain held a telephone conference addressing the deposition disputes in this proceeding, which Plaintiffs noticed as the conference of counsel required by LBR 7026-1(c) in emails sent before the call. The disputes identified below were discussed and not resolved. The parties' correspondence of July 24 through July 31, 2026 is incorporated by reference.

## II.  DISPUTED ISSUES AND THE PARTIES' CONTENTIONS

**Issue No. 1:  Whether Timothy R. Wiseman must appear for the deposition noticed pursuant to the Rule 45 subpoena personally served on him on July 10, 2026 (deposition set for August 17, 2026).**

**Plaintiffs' Contentions:**

Mr. Wiseman submitted two declarations — the first submitted with CBT's Proof of Claim No. 1, filed December 20, 2024, and the second filed February 12, 2026, as Docket No. 31 in this adversary proceeding — the only sworn factual testimony CBT has offered. A declaration is testimony under penalty of perjury made on personal knowledge. 28 U.S.C. § 1746; Fed. R. Civ. P. 56(c)(4). By submitting Mr. Wiseman's testimony, CBT placed his personal knowledge at issue; it cannot rely on that testimony while shielding the declarant from examination. A party may not wield a declarant's testimony as a sword while using counsel's objections as a shield against examination of it. Plaintiffs offered, and renew the offer, that if Mr. Wiseman withdraws his declarations, the need for his deposition falls away. The offer remains open and has not been accepted.

The authorities disfavoring depositions of opposing counsel do not protect Mr. Wiseman. He is not a party, has not appeared in this proceeding, is not counsel of record here, and is not

2

admitted in California. The rule of Shelton v. American Motors Corp., 805 F.2d 1323 (8th Cir. 1986), protects counsel's litigation strategy in the pending case, and does not extend to an attorney's knowledge of other matters. Pamida, Inc. v. E.S. Originals, Inc., 281 F.3d 726, 730 (8th Cir. 2002). Mr. Wiseman's role as CBT's counsel is in a different action in a different court; the examination Plaintiffs seek concerns the facts he swore to in this one. Shelton, moreover, is Eighth Circuit law that the Ninth Circuit has never adopted; courts in this Circuit consult it, if at all, as persuasive authority, and other circuits consider all relevant facts and circumstances. In re Subpoena Issued to Dennis Friedman, 350 F.3d 65, 72 (2d Cir. 2003). Even under Shelton, the deposition is proper: the declarations themselves establish that his knowledge is relevant, crucial, and — having been sworn publicly — non-privileged as to their subject matter.

Plaintiffs have offered to focus the examination on the subject matter of the declarations and related non-privileged facts, with privilege objections asserted question-by-question. Plaintiffs do not contend that the declarations waive CBT's attorney-client privilege generally; they open Mr. Wiseman's personal knowledge of their subject matter to examination — no more and no less. The subpoena was personally served July 10, 2026. On July 30, 2026, Mr. Ireland confirmed in writing that he represents Mr. Wiseman for purposes of the deposition. No motion to quash or for a protective order has been filed. A represented witness's unilateral announcement of non-appearance, made through counsel, excuses nothing; the remedy is a motion. Fed. R. Civ. P. 45(d)(3); Fed. R. Civ. P. 26(c)(1).

**CBT's Contentions:**

Mr. Wiseman is an attorney who has represented Central Bank in the litigation in Kentucky, and who has continued to represent Central Bank in the actions brought by Mr. Wain.  He has assisted in the representation of Central Bank in this matter, and it is anticipated that he or his office will participate in depositions Plaintiff seeks to take of witnesses in Kentucky in this action.  He

JOINT STIPULATION REGARDING DISCOVERY DISPUTES BANKRUPTCY RULE 7026-1(c)(3)

may participate in any trial in this matter.  He is not a witness—he is a lawyer. It is an almost unsurmountable barrier to overcome to depose the plaintiff representing the opposing party in a lawsuit. Moreover, plaintiff has served written discovery in this matter—and has demanded information and documents relating to communications with counsel, and the drafting of legal documents in this case, retainer agreements, , and has referenced Mr. Wiseman and his firm in doing so.   Plaintiff has failed to show any reason why Mr. Wiseman is an appropriate witness in this matter, except for his animosity towards Mr. Wiseman.  During the meet and confer process with counsel, plaintiff threatened counsel for defendant, and told him that counsel should learn from what happened to Mr. Wiseman—being compelled to give testimony at a minimum.  Mr. Wiseman's declarations in this matter were only regarding foundation—to bring the documents before the Court that relate to Mr. Wiseman's repeated failures in the Kentucky courts.  To this point in the case, Plaintiff has not objected to any of the documents or foundations for documents that are before the Court so there is no dispute regarding authenticity, foundation or admissibility.  If there are areas of testimony that plaintiff seeks, he can and must seek them from the party in this action—not its current outside counsel whose representation is intertwined with this current action.

**Issue No. 2:  Whether Luther Deaton Jr. must appear for the deposition noticed on CBT on July 21, 2026 (deposition set for August 27, 2026).**

**Plaintiffs' Contentions:**

Plaintiffs seek Mr. Deaton's testimony because of his personal participation in the events at issue, not his title. Approximately 100 documents in this matter bear Mr. Deaton's signature — many his signature alone — including complaints, correspondence, and filings submitted to the FDIC, the Federal Reserve, and the Kentucky Department of Financial Institutions bearing his signature. A signature is personal participation and personal verification; the witness who signed

JOINT STIPULATION REGARDING DISCOVERY DISPUTES BANKRUPTCY RULE 7026-1(c)(3)

the operative documents is a percipient witness, and as to what he knew when he signed, the only one.

The apex-deposition doctrine does not protect him. Its premise is an executive remote from the facts whose knowledge duplicates subordinates'. See Apple Inc. v. Samsung Elecs. Co., 282 F.R.D. 259, 263 (N.D. Cal. 2012) (protection turns on absence of unique first-hand knowledge and failure to exhaust less intrusive means); Salter v. Upjohn Co., 593 F.2d 649, 651 (5th Cir. 1979). Both Apple factors favor examination here: Mr. Deaton's knowledge of the documents he personally signed is unique and first-hand, and Plaintiffs have exhausted less intrusive means by noticing or subpoenaing every relevant subordinate and third party — depositions CBT has obstructed while simultaneously invoking the availability of those very witnesses. A party cannot block the alternative witnesses and then demand exhaustion of them. CBT's reliance on California state authority is misplaced: discovery in this adversary proceeding is governed by the Federal Rules of Civil Procedure, made applicable by the Federal Rules of Bankruptcy Procedure, not by state discovery law. Nor is the examination duplicative of prior document production: a deposition seeks sworn testimony, and producing documents years ago is no substitute for examining the witness who signed them about what he knew when he signed. Proportionality is not a serious obstacle — Plaintiffs noticed only two witnesses affiliated with CBT itself, while CBT has noticed Mr. Wain's deposition and cannot simultaneously pursue discovery of Plaintiffs and declare reciprocal discovery of its own personnel disproportional. Plaintiffs also voluntarily sequenced Mr. Deaton's deposition last (August 27), after every other witness, consistent with apex practice; if the earlier depositions render his examination unnecessary, CBT may renew its objection on a record.

CBT's remedy, if it contends the deposition should not proceed, is a motion for protective order under Fed. R. Civ. P. 26(c), which requires a certification of good-faith conferral and a showing of good cause. No such motion has been filed. It is very unusual to prohibit a deposition

JOINT STIPULATION REGARDING DISCOVERY DISPUTES BANKRUPTCY RULE 7026-1(c)(3)

entirely, and CBT's unilateral announcement that the witness "will not be appearing" excuses nothing.

**CBT's Contentions:**

Mr. Deaton is the Chairman, President and CEO for Central Bank & Trust and Central Bancshares, Inc. The latter is not a party to this action. Plaintiff has never identified any documents relating to this action that have been signed by Deaton or "touched" by Deaton in any way. The conrporate govenance of Defendant, regulatory filings. "aggregated related-party loans"[1], and audit communications with Crowe, or whatever are not relevant to this case, and the claimed signature by Deaton of documents related to his "apex" role, and unrelated to this case do not allow plaintiff to depose him. Plaintiff's argument makes the compelling admission that there are no documents relating to this case which were signed by Deaton because he does not identify any. There are other discovery tools available for the plaintiff that do not ask the court to support a harassing apex deposition.

**Issue No. 3: Whether the deposition of Donna Craven, noticed July 21, 2026 pursuant to Fed. R. Civ. P. 30(b)(1) and Fed. R. Bankr. P. 7030, may proceed for the presumptive one day of seven hours under Fed. R. Civ. P. 30(d)(1), or is limited to the shorter period unilaterally announced by CBT.**

**Plaintiffs' Contentions:**

Rule 30(d)(1) presumptively entitles the examining party to one day of seven hours. A witness's stated preference does not amend the rule, and CBT has filed no motion for a protective order shortening the examination. CBT's counsel first announced by email on July 30, 2026 that

---

[1] Plaintiffs RFP No. 18 asks for information about related-party loans and deposits by directors and officers at Central Bank.

JOINT STIPULATION REGARDING DISCOVERY DISPUTES BANKRUPTCY RULE 7026-1(c)(3)

Ms. Craven would be produced for a single hour on August 19; later the same day, counsel offered four- to five-hour windows on August 17, 18, or 21 — still materially short of the presumptive day, and still framed as a limit CBT may impose by announcement. Neither announcement has procedural effect.

A full day is particularly necessary here. Plaintiffs noticed only two witnesses affiliated with the defendant itself — Mr. Deaton and Ms. Craven. CBT has refused to produce Mr. Deaton at all. The subjects he would have addressed must now be examined through the witnesses CBT does produce; the fewer witnesses the defendant makes available, the more complete each remaining examination must be. Plaintiffs have accommodated the witness on the dimension available to them — the date — offering August 18, 19, or 20, 2026, at the witness's election, each a full day by Zoom.

**CBT's Contentions:**

The parties have resolved this issue.  Ms. Craven is to be deposed on August 18, 2026 without special limitation.

**Issue No. 4:  The validity of CBT's July 27, 2026 notice of deposition directed to Plaintiff Douglas A. Wain, and the date and manner of Mr. Wain's deposition.**

**Plaintiffs' Contentions:**

Plaintiffs do not resist Mr. Wain's deposition; they object to the defective notice and the unworkable setting. The July 27 notice cites Fed. R. Civ. P. 30(b)(6), which applies to organizations, not individuals. It sets the deposition for the afternoon of August 24, 2026 — the same day as the full-day Rule 30(b)(6) examination of Crowe LLP that Plaintiffs noticed on July 15; Plaintiffs cannot both conduct that examination and defend a deposition the same afternoon. And it demands in-person attendance although Mr. Wain will not be in California on the noticed date and remote examination is the practice in this case — including the remote procedure CBT itself agreed to for

7

Ms. Craven's deposition. Venue is not in question: Plaintiffs are California residents; venue was proper at filing on October 30, 2024, and remains proper; temporary travel changes neither.

Plaintiffs have offered concrete alternatives: August 31, 2026 (declined by CBT's counsel as unavailable) and, by email of July 31, 2026, Friday, August 28, 2026, by remote videoconference. CBT's proposal of August 21 at 10:00 a.m. conflicts with the noticed Hall deposition; its passing reference to August 14 was made in the same email that conditioned any change on CBT's terms, and was superseded by Plaintiffs' August 28 offer, which accommodates counsel's stated unavailability on August 31. Plaintiffs remain willing to confer on a mutually agreeable date. CBT's position — that the defective August 24 setting "stays on calendar" unless Plaintiffs agree to CBT's terms — inverts the noticing party's obligation to notice a deposition at a reasonable time and place.

Supplemental statement of Plaintiffs (August 5, 2026). CBT's contention below that "[t]he parties have agreed upon the date of August 19, 2026 for Mr. Wain's deposition" is incorrect; no such agreement exists. CBT's counsel first proposed August 19 by email at 1:03 p.m. on August 5, 2026, asking for Plaintiffs' "comments or suggestions." Plaintiffs responded in writing at 4:12 p.m. the same day: "Plaintiffs do not agree to August 19." (Wain Decl. ¶ 18, Ex. J.) August 19 would be Mr. Wain's third consecutive full deposition day — Plaintiffs take Mr. Wiseman's deposition on August 17 and Ms. Craven's on August 18, the date CBT itself selected on August 5 — and Plaintiffs do not agree to in-person attendance for the reasons stated above. Plaintiffs have offered four dates for Mr. Wain's deposition, each by remote videoconference: August 28 and August 31, 2026 — both within the current discovery cutoff — and September 2 and September 4, 2026. CBT's counsel has stated he is unavailable on the August dates. All four dates remain open.

**CBT's Contentions:**

Defendant has proposed the date of August 19, 2026 for Mr. Wain's deposition. That was to be the date for Ms. Craven's deposition but became available for Mr. Wain's deposition. There

JOINT STIPULATION REGARDING DISCOVERY DISPUTES BANKRUPTCY RULE 7026-1(c)(3)

is no conflict for counsel and no identified conflict for Mr. Wain—except that he does not want to be deposed. Defendant intend to depose Mr. Wain in person. Mr. Wain asks that he not be deposed in person. The plaintiffs chose the venue of the Central District of California for their attempts to have this Court "over-rule" the Kentucky courts. They claim that jurisdiction and venue are proper in CA. If jurisdiction and venue are not proper in CA, this case should be dismissed by plaintiff. Deposing a party in person in their chosen jurisdiction and venue is a reasonable time and place.

**Issue No. 5: Whether the Court should enter a protective order under Fed. R. Civ. P. 26(c) and Fed. R. Bankr. P. 7026 governing the conduct of further meet-and-confer communications and depositions in this proceeding.**

**Plaintiffs' Contentions:**

Rule 26(c)(1) authorizes the Court, for good cause, to issue an order protecting a party from "annoyance, embarrassment, oppression, or undue burden or expense," including by prescribing the terms and manner of discovery. Fed. R. Civ. P. 26(c)(1); Fed. R. Bankr. P. 7026. Rule 30 requires that objections at deposition be "stated concisely in a nonargumentative and nonsuggestive manner" and authorizes sanctions against any person who "impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(c)(2), (d)(2); Fed. R. Bankr. P. 7030. Counsel practicing in this District are also expected to adhere to the Central District of California's Civility and Professionalism Guidelines, which call on counsel to treat opposing parties with courtesy and to refrain from demeaning or condescending remarks.

As set forth in the Declaration of Douglas A. Wain filed herewith ("Wain Decl."), CBT's counsel has engaged in a pattern of demeaning personal remarks directed at Mr. Wain during the parties' conferences of counsel, including telling Mr. Wain — twice — that having a clear discussion "is not one of your strengths"; stating, sarcastically, "I am very slow, sir, so if you try to use shorter words it will be less confusing"; laughing at and mocking a momentary slip of the tongue

9

("dispose" for "depose"); repeatedly interrupting, demanding one-word answers, and sighing audibly while Mr. Wain attempted to state Plaintiffs' objections; and characterizing Plaintiffs' stated intention to seek relief from the Court as "threats." (Wain Decl. ¶¶ 3–11, Exs. A–B.) During the July 28, 2026 call, Mr. Ireland also ended the call by hanging up while Mr. Wain was mid-sentence — a fact Mr. Wain confirmed in writing the next morning and Mr. Ireland has not disputed. (Wain Decl. ¶ 4, Exs. A, G.) Counsel announced his preference for court intervention at the outset of discovery: on June 11, 2026, he wrote that "the only path forward that I see in this matter is for each side to propound discovery and ultimately require the Court's review and determination." (Wain Decl. ¶ 12, Ex. H.) The pattern of personal remarks likewise extends to counsel's written communications, which accuse Mr. Wain of being "hostile and uncooperative" and assert that he believes he is "'winning' with every misrepresentation and every discourtesy." (Wain Decl. ¶¶ 13–14, Exs. D–E.) This conduct defeated the purpose of the conference of counsel, which is to permit the parties to attempt in good faith to resolve their disputes without the Court's intervention. LBR 7026-1(c)(2).

The principal relief Plaintiffs seek is one CBT's counsel has himself endorsed in writing: "I believe that in the future our communications should be in writing, and not by phone." (Wain Decl. ¶ 15, Ex. F; see also Ex. C [Wain Decl. ¶ 16].) Plaintiffs accordingly request an order (a) directing that all further meet-and-confer communications between the parties be conducted in writing, except where a rule, court order, or the Local Bankruptcy Rules require a telephonic or in-person conference, in which case the parties shall participate as the rule requires; (b) directing that all remaining depositions in this proceeding be conducted in conformity with Fed. R. Civ. P. 30(c) and the Civility and Professionalism Guidelines — the examination to proceed without interruption except as permitted by Rule 30(c)(2), objections stated concisely in a nonargumentative and nonsuggestive manner, and no demeaning or personally disparaging remarks directed at any party,

JOINT STIPULATION REGARDING DISCOVERY DISPUTES BANKRUPTCY RULE 7026-1(c)(3)

witness, or counsel; and (c) confirming that such order is without prejudice to Plaintiffs' right to seek sanctions under Fed. R. Civ. P. 30(d)(2), Fed. R. Civ. P. 37, 28 U.S.C. § 1927, and the Court's inherent authority should the conduct continue.

**CBT's Contentions:**

Defendant would ask that the Court excuse the parties from being required to meet and confer in person or by the phone in this matter. As often happens, pro se litigants who are emotionally invested in their "righteous" lawsuits find it challenging to be courteous, respectful, and cooperative in meet and confers. The communications in this matter have followed the regrettable pattern where a pro se refuses to answer questions, refuses to listen to answers, and is disruptive and threatening. In this case, Mr. Wain when threating counsel for defendant, referenced his pursuit of the deposition of Mr. Wiseman, another lawyer representing Central Bank, as an example of what could happen to counsel for Defendant. Mr. and Mrs. Wain are also parties who filed a lawsuit against a Judge who ruled against him, in the original litigation with Central Bank, [2] so their threats to harass opposing counsel should be taken seriously by the Court.

**Issue No. 6:  Whether Plaintiffs should recover their reasonable expenses.**

**Plaintiffs' Contentions:**

If the Court grants relief on Issues 1 through 5, Plaintiffs are entitled to their reasonable expenses incurred in making the motion under Fed. R. Civ. P. 37(a)(5)(A), applicable via Fed. R. Bankr. P. 7037 and, as to the protective order, via Fed. R. Civ. P. 26(c)(3), unless CBT's positions were substantially justified. CBT's course of conduct — unilateral announcements of non-

---

[2] See Doc. No. 28, Exhibit 9, Complaint filed by Douglas and Elisa Wain in Wain v. Bunnell, et al., United States District Court for the Eastern District of Kentucky, Case No. 5:24-cv-00305-GFVT

11

appearance in lieu of motions, a unilateral cap on a witness's examination, a defective notice held open as leverage, and the conduct described in Issue No. 5 — was not substantially justified. Sanctions are also authorized by LBR 7026-1(c)(4) for failure to cooperate in this procedure.

**CBT's Contentions:**

Defendant has attempted to meet and confer with the Plaintiff, and to resolve matters—which has been difficult because of the nature of litigation with pro se parties. Most issues have been resolved with the remainder arising from Plaintiff's intent to take depositions of Mr. Wiseman and Mr. Deaton, despite no reason for those depositions--and Plaintiff not wanting to be required to appear for his deposition. Defendants positions have been substantially justified and plaintiffs' claims have not been. There are alternative discovery mechanisms for Plaintiffs' discovery that Plaintiff has ignored to pursue the harassment of Wiseman and Deaton.

Discovery is closed in this matter and the Court should deny all requested relief by the Plaintiff, including their request to extend the discovery cutoff in this matter. Plaintiff has had years to perform discovery, and no reason exists to reopen discovery.

### III. RELIEF SOUGHT BY PLAINTIFFS

An order (1) compelling Timothy R. Wiseman to appear for deposition as subpoenaed, on August 17, 2026 or a date the Court sets; (2) compelling CBT to produce Luther Deaton Jr. for deposition as noticed, on August 27, 2026 or a date the Court sets; (3) confirming that the deposition of Donna Craven may proceed for one day of seven hours under Rule 30(d)(1); (4) holding CBT's July 27, 2026 deposition notice invalid and directing that Mr. Wain's deposition proceed by remote videoconference on a mutually agreeable date, or a date the Court sets; (5) extending the August 31, 2026 discovery cutoff by 30 days, through and including September 30, 2026, for the limited purpose of completing the depositions addressed herein; (6) in the alternative to item (1), if Mr.

JOINT STIPULATION REGARDING DISCOVERY DISPUTES BANKRUPTCY RULE 7026-1(c)(3)

Wiseman does not appear for deposition as ordered, striking the two declarations of Timothy R. Wiseman filed in this proceeding (the first submitted with CBT's Proof of Claim No. 1, filed December 20, 2024, and the second filed February 12, 2026, as Docket No. 31 in this adversary proceeding) — relief consistent with Plaintiffs' offer, made in the parties' July 30, 2026 conference and renewed in writing, that withdrawal of the declarations would obviate the deposition; (7) entering a protective order under Fed. R. Civ. P. 26(c) directing that all further meet-and-confer communications between the parties be conducted in writing except where a rule, court order, or the Local Bankruptcy Rules require a telephonic or in-person conference, and directing that all remaining depositions be conducted in conformity with Fed. R. Civ. P. 30(c) and the Central District's Civility and Professionalism Guidelines, without prejudice to Plaintiffs' right to seek sanctions should the conduct described in Issue No. 5 continue; and (8) awarding Plaintiffs their reasonable expenses under Rule 37(a)(5), Rule 26(c)(3), and LBR 7026-1(c)(4).

Dated: August 6, 2026

Douglas A. Wain
Plaintiff in Pro Per

Elisa Wain
Plaintiff in Pro Per

William Ireland
Haight Brown & Bonesteel LLP
Counsel for Defendant Central Bank & Trust Co.

JOINT STIPULATION REGARDING DISCOVERY DISPUTES BANKRUPTCY RULE 7026-1(c)(3)