Douglas A. Wain
Elisa Wain
P.O. Box 7473
Westlake Village, CA 91359
Telephone: (859) 494-3677
Email: douglaswain@gmail.com
Plaintiffs, Pro Per

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>Douglas Alan Wain, Elisa Wain,<br><br>Debtors, | **Case No. 1:24-bk-11814-MB**<br><br>**Adv. Proc. No. 1:25-ap-01026-MB**<br><br>**Chapter 13** |
| Douglas Alan Wain and Elisa Wain<br><br>Plaintiffs,<br><br>vs.<br><br>Central Bank & Trust Co.<br><br>Defendant. | **DECLARATION OF DOUGLAS A. WAIN IN SUPPORT OF PLAINTIFFS' REQUEST FOR PROTECTIVE ORDER UNDER FED. R. CIV. P. 26(c)**<br><br>**Hon. Martin R. Barash** |

## DECLARATION OF DOUGLAS A. WAIN

I, Douglas A. Wain, declare as follows:

1. I am a plaintiff in this adversary proceeding, appearing pro per on behalf of myself and my wife, co-plaintiff Elisa Wain. I have personal knowledge of the facts stated in this declaration, and if called as a witness I could and would testify competently to them.

2. Defendant Central Bank & Trust Co. ("CBT") is represented in this proceeding by William Ireland of Haight Brown & Bonesteel LLP ("Mr. Ireland"). The statements attributed to

DECLARATION OF DOUGLAS A. WAIN ISO REQUEST FOR PROTECTIVE ORDER

Mr. Ireland below were made by him to me during the telephone calls described below, and I heard each of them myself. Both calls were conducted by speakerphone, and my wife, co-plaintiff Elisa Wain, was present throughout and could hear both parties. Elisa took notes during and immediately after each call; I have reviewed those notes, and they accurately reflect what was said. Where quotation marks are used, the words are as Elisa recorded them at the time and as I myself heard them; where a statement could not be recorded word for word, the notes give its substance and effect.

**The July 28, 2026 Telephone Call**

3.      On July 28, 2026, at approximately 1:13 p.m. Pacific time, I placed a call to Mr. Ireland, as he had requested by email, and reached his voicemail. I called again at approximately 2:11 p.m. and again left a message. Mr. Ireland returned my call at approximately 4:12 p.m.

4.      During the July 28 call, when I sought to confirm whether the call was the parties' conference under LBR 7026-1(c), Mr. Ireland stated to me: "Mr. Wain, you have been unpleasant to deal with; it is who you are." He further stated: "I don't have high tolerance for being baited or threatened." When I stated that I would not proceed until he confirmed the nature of the call, Mr. Ireland interrupted me and said: "You are an obstructionist." When I stated that I would send an email confirming the conversation, Mr. Ireland stated that I was "going to mischaracterize it." Mr. Ireland then hung up while I was mid-sentence; I did not end the call. A true and correct copy of the notes Elisa Wain took of the July 28 call is attached hereto as Exhibit A. The following morning, July 29, 2026, I confirmed the record of the call in writing to Mr. Ireland, including that he had hung up when it was my turn to speak; his subsequent emails have not disputed that he ended the call. A true and correct copy of my July 29, 2026 email is attached hereto as Exhibit G.

DECLARATION OF DOUGLAS A. WAIN ISO REQUEST FOR PROTECTIVE ORDER

**The July 30, 2026 Conference of Counsel**

5. On July 30, 2026, from approximately 4:02 p.m. to 4:24 p.m. Pacific time, the parties held their conference of counsel under LBR 7026-1(c) by telephone, again by speakerphone with Elisa Wain present and able to hear both parties. Elisa took notes during and immediately after the call; a true and correct copy is attached hereto as Exhibit B.

6. Throughout the July 30 conference, Mr. Ireland repeatedly directed personal remarks at me rather than addressing the scheduled discovery topics. Early in the call, in response to my reference to three emails he had sent, Mr. Ireland stated: "You seem to be confused on that subject," and added: "Three was perhaps more than necessary, but obviously one was not enough."

7. When I misspoke momentarily — saying "dispose" when I meant "depose" — Mr. Ireland laughed at me and remarked that although he knew I intended to say "depose," I had said "dispose."

8. When I attempted to state Plaintiffs' objections to the notice of my own deposition, Mr. Ireland repeatedly interrupted me, demanded that I give a "yes or no" answer, and stated: "That was a yes or no question, sir." When I protested that he was not permitting me to speak — which I did at least twice on the call — he responded with audible, exaggerated sighs while I spoke.

9. Mr. Ireland then stated to me: "I am trying to have a clear discussion, which I know is very difficult, and people have trouble with that, and I realize it is not one of your strengths, but that's okay." This was the second time on the call he made that remark; earlier, he had stated: "I know this is not one of your strengths." Later in the call, he stated, sarcastically: "I am very slow, sir, so if you try to use shorter words it will be less confusing."

10. Near the end of the call, Mr. Ireland accused me of "harassing" witnesses, stated "you absolutely are harassing," told me my positions were "unreasonable," and characterized my stated intention to seek relief from the Court as "threats," stating: "I have the rest of your threats

DECLARATION OF DOUGLAS A. WAIN ISO REQUEST FOR PROTECTIVE ORDER

lined up," and "You've been threatening, sir, but that's fine. That's who you are." He also stated that I had been "rude and inconsiderate" in this case.

11.   I advised Mr. Ireland on the July 30 call that his conduct was unprofessional and that if it continued, Plaintiffs would raise it with the Court by appropriate motion — telling him, as Exhibit B reflects, that his conduct on the call was rude, disrespectful, and bullying, and that he was on notice. Those statements addressed his conduct on the calls, and the only consequence I ever identified was an application to this Court. I did not threaten Mr. Ireland.

**Mr. Ireland's Written Communications**

12.   Mr. Ireland signaled from the outset of discovery that CBT's preference was court intervention rather than cooperative resolution. On June 11, 2026, in the parties' correspondence regarding a discovery plan, Mr. Ireland wrote to me: "Unfortunately the only path forward that I see in this matter is for each side to propound discovery and ultimately require the Court's review and determination." A true and correct copy of that email is attached hereto as Exhibit H.

13.   Mr. Ireland's personal remarks have not been confined to the telephone. On July 28, 2026, at 4:20 p.m., shortly after the parties' call that afternoon, Mr. Ireland sent me an email stating that I had refused to discuss the depositions "because you preferred to be hostile and uncooperative," and directing me to "stop trying to mischaracterize our communications." A true and correct copy of that email is attached hereto as Exhibit D.

14.   On July 30, 2026, at 8:32 a.m. — hours before the parties' LBR 7026-1(c) conference — Mr. Ireland sent me an email stating, among other things: "I understand that you think that you are 'winning' with every misrepresentation and every discourtesy and perhaps you are in some way that I do not understand." The same email twice asserted that I had "made no effort to explain" why my demand for the Deaton and Wiseman depositions "is anything other than harassment." A true and correct copy of that email is attached hereto as Exhibit E.

4

DECLARATION OF DOUGLAS A. WAIN ISO REQUEST FOR PROTECTIVE ORDER

15.    On July 30, 2026, at 4:47 p.m., following the conference, Mr. Ireland sent me an email asserting, among other things, that "[o]ur phone call was unpleasant" and that I had "threatened [him] personally." I do not adopt those characterizations, which I corrected in writing the following morning. The same email stated: "I believe that in the future our communications should be in writing, and not by phone." Plaintiffs agree that further communications should be in writing, and the protective order Plaintiffs request would confirm that shared position, subject to the exceptions the rules require. A true and correct copy of that email is attached hereto as Exhibit F.

**The July 31, 2026 Written Confirmation**

16.    On July 31, 2026, at 9:06 a.m. Pacific time, I sent Mr. Ireland an email correcting and confirming the record of the July 30 conference, including his personal remarks, my statement that the conduct would be raised with the Court if it continued, and Plaintiffs' agreement that all further communications between the parties be conducted in writing except where a rule, court order, or the Local Bankruptcy Rules require a telephonic or in-person conference. A true and correct copy of that email is attached hereto as Exhibit C.

**Mr. Ireland's August 3, 2026 Email**

17.    On August 3, 2026, at 2:35 p.m., in response to my July 31, 2026 email, Mr. Ireland sent me an email that opened: "I have other matters and other cases so it is challenging to keep up with the volume and vehemence of your correspondence. I will respond as I have time to do so." The email stated: "I know what a threat is and can recognize it when it is made against me," and referenced an unrelated action — "the KY lawsuit of Wain v. Bunnell, USDC EDKY Case No.: 240-00305" — which has no connection to this proceeding. The same email stated: "I do not believe that it is appropriate under these circumstances to have further telephone conversations" — the second written statement by Mr. Ireland that the parties' communications should not be by telephone. It further acknowledged, in discussing a September date for my deposition, that "we

would need to request court approval to extend the discovery cutoff for that deposition." A true and correct copy of that email is attached hereto as Exhibit I.

**The August 5, 2026 Exchange Regarding Mr. Wain's Deposition**

18.     On August 5, 2026, at 1:03 p.m., Mr. Ireland emailed me that Ms. Craven's deposition was confirmed for August 18, 2026, and stated: "my understanding is that August 19 is now free for your deposition. I will send a new notice for that morning, at our office for an in person deposition," asking me to "let me know if you have any comments or suggestions." I responded in writing at 4:12 p.m. the same day: "Plaintiffs do not agree to August 19," explaining that August 19 would be my third consecutive full deposition day, that Plaintiffs do not agree to in-person attendance, and that Plaintiffs' four offered dates — August 28, August 31, September 2, and September 4, 2026, each by remote videoconference — remain open. At no time did I agree to a deposition on August 19, 2026. A true and correct copy of that email exchange is attached hereto as Exhibit J.

19.     On August 5, 2026, at 2:59 p.m., Mr. Ireland sent me an email captioned "Wain: Deposition Calendar." As to the two depositions Plaintiffs' motion seeks to compel, the email stated: "August 17: Tim Wiseman [You have been told that no appearance will be made by Mr. Wiseman, as has been discussed]" and "August 26: Deaton [You have been told that no appearance will be made by Mr. Deaton, as has been discussed]." The email also listed "August 19: Wain Deposition (in person at HBB at 10:00 am)," although no deposition notice for August 19, 2026 has been served on me and I have not agreed to that date. I also note that my notice for Mr. Deaton's deposition states August 27, 2026, not August 26. A true and correct copy of that email is attached hereto as Exhibit K.

DECLARATION OF DOUGLAS A. WAIN ISO REQUEST FOR PROTECTIVE ORDER

**Effect of the Conduct**

20.     Mr. Ireland's conduct on these calls prevented the parties from making meaningful progress on the discovery disputes the conferences were convened to resolve, and it has made further oral conferences unproductive. Being personally demeaned and talked over during required conferences has caused me significant stress; has required me to spend additional time and expense preparing written confirmations of each call so that an accurate record exists; and has made me reluctant to participate in further telephonic conferences with Mr. Ireland. Plaintiffs therefore request the protective order described in Issue No. 5 of the Joint Stipulation.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 7, 2026, at Calabasas, California.

Douglas A. Wain, Declarant

**EXHIBIT INDEX**

Exhibit A — Contemporaneous notes of Elisa Wain, July 28, 2026 telephone call

Exhibit B — Contemporaneous notes of Elisa Wain, July 30, 2026 LBR 7026-1(c) conference of counsel

Exhibit C — Email from D. Wain to W. Ireland dated July 31, 2026

Exhibit D — Email from W. Ireland to D. Wain dated July 28, 2026, 4:20 p.m.

Exhibit E — Email from W. Ireland to D. Wain dated July 30, 2026, 8:32 a.m.

Exhibit F — Email from W. Ireland to D. Wain dated July 30, 2026, 4:47 p.m.

DECLARATION OF DOUGLAS A. WAIN ISO REQUEST FOR PROTECTIVE ORDER

Exhibit G — Email from D. Wain to W. Ireland dated July 29, 2026, 7:17 a.m.

Exhibit H — Email from W. Ireland to D. Wain dated June 11, 2026

Exhibit I — Email from W. Ireland to D. Wain dated August 3, 2026, 2:35 p.m.

Exhibit J — Email exchange of August 5, 2026 (W. Ireland, 1:03 p.m.; D. Wain, 4:12 p.m.)

Exhibit K — Email from W. Ireland to D. Wain dated August 5, 2026, 2:59 p.m. ("Wain: Deposition Calendar")

DECLARATION OF DOUGLAS A. WAIN ISO REQUEST FOR PROTECTIVE ORDER

# EXHIBIT A

Tuesday, July 28, 1:13 pm

Phone call to Ireland. Doug put in call as advised via email.

Got a voice mail saying he was away from the phone.

2:11 Doug called Ireland again. Again, Doug left a message.

Bill Ireland called at 4:12. Doug confirmed that it was LB meeting. Doug asked if it was LB, he said "You asked me to call and I am calling you and I am wanting to talk about scheduling."

Doug said LBR I am considering this. Do you agree. He said "Mr. Wain I am trying to get something done. Let's go over the deposition; schedule because we need shared understanding on. We told you Wiseman and head of company is not going to be disposed so we don't need that date. Ms. Craven is not available Does the time she is available work for you.

Doug said if this is not the conference, we need to schedule a conference. Ireland said "Mr. Wain You have been unpleasant to deal with, it is who you are. Lets see if we can have mutual conversation. If we can do that that is great. If we cannot it is your choice. I don't have high tolerance for being baited or threatened."

Doug said not until you respond to my request. That is the rule. I need to know. Ireland said "I am on the phone. Are you prepared to discuss disposition schedule. Are you refusing to discuss the schedule as I am on the phone?"

Doug said I am not willing to discuss unless you come agree that this is the conference.

Ireland interrupted. "You are an obstructionist." Doug said I will send an email confirming our confirmation. Ireland said "If you send email say I was on the phone and I wanted to discuss deposition schedule. He said you were going to mischaracterize it". Doug said "I was going to say…. I let you talk

Ireland. Hung up.

In short, Ireland would not agree to meeting.

# EXHIBIT B

Ireland phone call July 30, 2026

Ireland called back. Doug was disconnected again.

Ireland:

DW where would you like to begin. How about if we start with Luther Deaton Jr.

Ireland: We have stated that we are not going to depose him as he is an apex and it is harassing to depose him and we are not going to depose him

DW Our position is that we do wish him to be disposed and I will explain why and we do. We understand APEX but I have 100 documents all with his signature on it and only with his signature on it. He is the only one who can answer to those do. I am not deposing him for his title for his but for his signature

Irjeland: No we are not going to do it

DW I set him up for the last

I: Mr. wain we are not going to depose him. I invite you to reconsider.

Let's talk about Mr. Wiseman. He is at torney worked on multiple matters and it is not appropriate. We are not going to depose him

DW You sent me there emails saying he is not going to

IRE: you seem to be confused

I will try to be straightforward. Three is more than necessary but one was not enough. You are harassing him. We are not going to depose him

DW You caught me midsentence. You said three times he is not going to appear. DO you represent Tim wiseman.

IRE: I represent him in the purpose of you disposing him. Let's go onto the next one.

DW I am not done discussing Tim Wiseman. I did not know if you represent him so I cannot speak to him but now I know you represent him, I want to continue. The Tim Wiseman situation is very black and white. He is not a party of the case, he is not a California atterney and he did subject two declarations so he is a declarant and we are completely in our rights to depose him.

IRELAND:  knew you intended to dispose I know you mean depose.  We are not going to depose him

DW Time Wiseman can get out of deposing him by withdrawing declarations. If they are there I will depose him. If he wants to withdraw his declarations no reason to odepose him. If they are there, he has not choice. I will depose him.

IRELAND: you don't undersntand.

DW Is there another subject?

IRELAND: I do have another thing to discsus. When woud be the time of youru deposition. You have crow morning of 24th and we have you in the afternoon jof the same day. It is routine to have in same day. You have told me you will not be in person and it is customary and standard to be in iperson. You Life in Californai and my office is in California.

DW: the information is inaccurate. Let me explain. The notice of deposition is incorrect. You have the wrong rule.It is not a valid. You are deposing me as a

IRE: Lets keep it simiple. Are you going to appear at my office Answer yes or no.

DW No 1 it is wro ng

IRJELASD.  Yes or no answer.

DW You keep interrupting me Are you gong to keep interrupting em. Let s change subject since we are not getting anywhere here.

IRELAND: Sire if you say you are going to appear, than we can discuss further. I know this is not one of your strengths. Are you not going to appear or do we have to have courts intervene.

DW: I just talked about you taking up all the oxygen in room and you are not letting me talk.

IRELAND: Go ahead and talk.

DW: I object to the notice. Inmy letters to you I told iyou that is not a workable time for me due to my preparation; time. I gave you another date so we must come up with another date. This will be done by video conferencinig. I will not be in California. It is not possible. You just told me the 31st waw no good so we have to come up with another possiblility.s It will be by zoom because I will not be here.

IRELAND: So you are refusing the 24th.

DW: I said it in a letter to you so it should be very slow.


IREL: I am very slow. I


DW: I don't know. I have two more supheanas being servied. If I am not mistaken, 10 deposiitons you are allowed and I am prepared.
IRELAND: I am not available aug.31st.

DW: I knowk. We need another date. We will do a zoom deposition I have no problem and I

DW: I did not understand you.

IRELAND: I am not willing to change the date Aug. 24 until we have a date we agreed on.

DW: Do you reprrentat Crow?

No

DO you represent Steve Hall or ?

IRELAND: they are fo rmer employees of my company and I do not represent thiem.

DW: I have one more thing on my agenda. Do you have anything else?

IRELAND: I will let you speak first and then

DW: You said the depsitions will not go forward. They will provedded. I will be sitting there with a court reported and they will procedd.j

IREL  You can be sitting there and wasting your money but there will not be any witness

DW: Now I am going to talk over you. I will be expecting them. I will beabsolutely  positivity 100 percent be expecting them.

IRELAND: Lets talk about Miss Craven. W e had difficulty scheduling here. You have not responded.

DW: I did answer you. We will be expecting her on the 19th for a 7 hour deposition and we will be expecting her to be there for the full 7 hours on the 19th.

IRELAND: It is customary to accommodate witnesses.

DW: I just told you our position.

IRELAND: Okay, you tod me your. Position.

DW: It is kind of fiunny you waont make Luther Deataon available and it is kind of odd

IRLEAND: I think you r po sitions are unreasonable. You are trying to hardass people

DW: I am not harassing anyone. That Is your opinioin.

IRELAND: I will determine what to do with Miss Craven and considering your

I have the rest of your threats lined up.

DW: Did you say these were threats.  I am going to put you on notice right now. You are rude. Disrepsectufl, bullying.  JYOu are on notice.
IRELAND: You have been rude.

DW: I do believe the next step is to do a joint repoirt. I already have a draft. I will be contacting yiou on that on a joing disputed jreport so he can

IRELAND:L Mr. Wain what I was going to suggest is you send me an email with dates of depositions.

DW: I sent it to you yesterday. I am to lerating as much as I can. One more insult I will take ond mofd.

You are threatening me I have them in wr iting .Y

IRELAND: I am sorry we entered into

IRELAND'S INSULTS DURING CONVERSATION:

We are not going to depose Mr. Deaton as he is an APEX of the company, and we believe it is harassing to depose him.

(after DW said you sent me three emails)

IRELAND: You seem to be confused on that subject. You sent an email to me saying This will confirm that Mr. wiseman etc.

"Three was perhaps more than necessary but obviously one was not enough."

It is obviously harassment like Mr. Deaton.

Laughed. I caught you said dispose, I know you mean depose but I knew you intended to say depose but you said dispose.

You don't have to snicker laugh. We are having a conversation.

Mr. Wain let's try to keep things straight forward and simple.

That was a yes or no question, sir. You can answer yes or no and then I will ask another question.

Big sigh when Doug would not answer.

I am trying to have a clear discussion which I know is very difficult and people have trouble with that and I realize it is not one of your strengths, but that's okay.

Go ahead and talk and I will ask my question when you are done talking. Heavy sigh while Doug was talking.

Re: conversation on the 24th and the 31st,

So, you are refusing the 24th and you will not be available for deposition.

I am very slow sir so if you try to use shorter words it will be less confusing.

It is staying on calendar for Aug. 24th until we have an alternate date when we are both available.

Steve Hall and Ellen Sharp are former employees of my company and I do not represent them.

DW: So its just Time Wiseman and Central bank, right?
IRE: I told you who I represent

DW: Talking about depositions will go forward.

IRELAND: Um, I cannot forbade you wasting your money and her time, but there will be no witnesses. There will be no witnesses.

DW: We will be expecting them.

IRELAND: Sir, if you tell anyone that you will be expecting them, that will not be a true statement as you were told they will not be

No No No while DW said he would be expecting them.

Sir that is not a true statement.

CRAVEN conversation:

IRELAND: it is customary sir to accommodate witnesses and work with their availability.

You told me your position. Okay.

I think your positions are unreasonable. You are unwilling to accommodate witnesses. I find your position on harassing people is unreasonable. You absolutely are harassing.

Your lack of cooperation reatarding her.

I have the rest of your threats lined up.

DW: What did you just say?

You've been threatening sir, but that's fine. That's who you are.

Sir, you have been rude and inconsiderate on this case and you have been threatening about the depositions on this case.  HEAVY SIGH AGAIN.

Mr. Wain, what I was going to suggest is if you were to send me an email sending me all the depositions you have noticed and supenad. schedule. It is often helpful to have that.

DW: You want to create more litigation go right ahead. You want to inject yourself in it just like Wiseman injected himself.

IRELAND: I understand what you just said because you are offended with Mr. Wiseman you are threatening me with legal action.

I am very sorry we entered into this conversation but its where we are.

# EXHIBIT C

**douglaswain@gmail.com**

| | |
|---|---|
| **Subject:** | FW: Subject: RE: Wain v. Central Bank & Trust Co., Adv. Proc. No. 1:25-ap-01026-MB - LBR 7026-1(c) Conference of July 30, 2026 - Corrections and Confirmations |

**From:** douglaswain@gmail.com <douglaswain@gmail.com>
**Sent:** Friday, July 31, 2026 9:06 AM
**To:** wireland@hbblaw.com
**Cc:** jsoto@hbblaw.com
**Subject:** Subject: RE: Wain v. Central Bank & Trust Co., Adv. Proc. No. 1:25-ap-01026-MB - LBR 7026-1(c) Conference of July 30, 2026 - Corrections and Confirmations

Mr. Ireland:

This responds to your 4:47 p.m. email of yesterday and confirms the record of the parties' conference of counsel under LBR 7026-1(c), held by telephone on July 30, 2026, from approximately 4:02 p.m. to 4:24 p.m. Pacific. My contemporaneous notes of the call are preserved. I do not adopt the characterizations in your email.

**1. Corrections.** I did not threaten you. What I said, after repeated personal remarks during the call, was that your conduct was unprofessional and that if it continued, Plaintiffs would raise it with the Court by appropriate motion. Advising counsel of an intention to seek relief from the Court is not a threat. Nor did I "concede" any improper purpose for Mr. Wiseman's deposition. As I stated on the call itself, his deposition is sought because he submitted the two declarations that are the only sworn factual testimony CBT has offered in this proceeding. I also made an offer on the call that your email omits, and which remains open: if Mr. Wiseman withdraws his declarations, the need for his deposition falls away. Finally, your statement that I "made no effort to explain" the basis for Mr. Deaton's deposition is incorrect: I explained on the call that Plaintiffs seek his testimony concerning the many documents in this matter bearing his signature — in many instances his signature alone. His personal participation in those documents, not his title, is the basis for his examination.

**2. Confirmations.** Your email confirms that (a) you represent Mr. Wiseman for purposes of his deposition, and (b) you do not represent Mr. Hall or Ms. Sharp (former CBT employees) and do not represent Crowe LLP. Plaintiffs will accordingly communicate directly with those witnesses or their counsel regarding Rule 45 compliance. As to Ms. Craven: please confirm (a) whether you or other CBT counsel represent her, and (b) whether CBT will produce her for deposition pursuant to Plaintiffs' July 21, 2026 notice. If CBT contends a subpoena is required for her attendance, say so now; silence on this point will be treated as confirmation that CBT will produce her under the notice.

**3. Mr. Wiseman and Mr. Deaton.** Their obligations arise from a subpoena personally served July 10, 2026, and a deposition notice served July 21, 2026 — not from Plaintiffs' "expectations." If either contends he is excused, the remedy is a timely motion to the appropriate court. Unless and until a court orders otherwise, the depositions will be convened as noticed, before a certified court reporter, and any non-appearance will be certified on the record and presented to the Court with a request for relief under Fed. R. Bankr. P. 7037 and LBR 7026-1(c)(4).

**4. Ms. Craven.** All depositions in this case are noticed as full-day examinations, subject to the seven-hour limit of Fed. R. Civ. P. 30(d)(1), and Ms. Craven's is no exception; a witness's preference does not shorten the time

1

the rule allows. To accommodate her schedule as to the date, however, Plaintiffs offer three alternatives: Tuesday, August 18; Wednesday, August 19 (as noticed); or Thursday, August 20, 2026 — each commencing at 9:00 a.m. Pacific Time, by Zoom, for a full day. Please advise which date Ms. Craven selects, and I will serve an amended notice if a new date is chosen.

**5. Mr. Wain's deposition.** To correct the record: the Crowe LLP Rule 30(b)(6) examination on August 24 is noticed as a full-day examination, and Plaintiffs cannot both conduct it and defend a deposition that afternoon. As to residence and venue: Plaintiffs are California residents; venue was proper when the petition was filed on October 30, 2024, and remains proper; temporary travel changes neither. Plaintiffs' objections to the July 27 notice stand as stated in my July 28 letter. Subject to those objections, and since you have stated you are unavailable August 31, Plaintiffs offer Friday, August 28, 2026, for Mr. Wain's deposition by remote videoconference (Zoom). Please confirm.

**6. Next steps.** The conference of counsel required by LBR 7026-1(c) having occurred, Plaintiffs will serve a proposed joint stipulation identifying each unresolved issue with the parties' respective contentions, per LBR 7026-1(c)(3). Pursuant to LBR 7026-1(c)(4), CBT's contentions are due within seven days of the parties' July 30, 2026 conference — no later than Thursday, August 6, 2026. Plaintiffs will file the stipulation with their motion at that time, incorporating whatever contentions CBT timely provides.

**7. Service.** Consistent with the parties' agreement, all correspondence, discovery papers, and filings from CBT and your firm are to be served on Plaintiffs by email (douglaswain@gmail.com) with hard copies to follow by U.S. Mail to P.O. Box 7473, Westlake Village, CA 91359, as Plaintiffs do in serving you. My July 29 email asked you to confirm this arrangement; you have not. Please confirm it now. Documents served by email only, without the mail copy, are not fully served under the parties' agreement.

**8.** Plaintiffs agree that communications should henceforth be in writing, except where a rule, court order, or the Local Bankruptcy Rules require a telephonic or in-person conference, in which case Plaintiffs will participate as the rule requires.

All rights are reserved.

Douglas A. Wain
On behalf of Plaintiffs Douglas A. Wain and Elisa Wain, Pro Per

 Virus-free.www.avast.com

2

# EXHIBIT D

**douglaswain@gmail.com**

| | |
|---|---|
| **Subject:** | FW: Wain v. Central Bank & Trust Co., Adv. Proc. No. 1:25-ap-01026-MB - LBR 7026-1(c) Conference - Final Request Before Motion (conference required by July 31) |

**From:** Ireland, William <wireland@hbblaw.com>
**Sent:** Tuesday, July 28, 2026 4:20 PM
**To:** Douglas Wain <douglaswain@gmail.com>
**Cc:** Soto, Jennifer <jsoto@hbblaw.com>
**Subject:** Re: Wain v. Central Bank & Trust Co., Adv. Proc. No. 1:25-ap-01026-MB - LBR 7026-1(c) Conference - Final Request Before Motion (conference required by July 31)

Mr. Wain: I called you back after we missed each other. I was prepared and offered repeatedly to discuss the pending deposition schedule and related issues. You refused to discuss those with me, because you preferred to be hostile and uncooperative.

I regret your unwillingness to discuss depositions. As of now, I am unclear when depositions are scheduled in this matter. I will plan on seeing you at my office on August 24, 2026 at 1:00 pm.

Please stop trying to mischaracterize our communications and just take some time to remember that we are expected to cooperate. Your unwillingness to do so is your choice.

If you want to discuss the schedule of depositions and issues related to the depositions, I remain available to do so.

Sent from my iPad

William Ireland | Profile
Partner
D: 213.542.8035
wireland@hbblaw.com

# Haight

Haight Brown & Bonesteel LLP
555 South Flower Street
Forty-Fifth Floor
Los Angeles, CA 90071
O: 213-542-8000
F: 213-542-8100
www.hbblaw.com

The contents of this email message and its attachments are intended solely for the addressee(s) hereof. This email transmission may be confidential and it may be subject to privilege protecting communications between attorneys and their clients. If you are not the named addressee, or if this message has been addressed to you in error, you are directed not to read, disclose, reproduce, distribute, disseminate or otherwise use this transmission. Delivery of this message to any person other than the intended recipient(s) is not intended in any way to waive privilege or confidentiality. If you have received this transmission in error, please alert the sender by reply e-mail. We request that you immediately delete this message and its attachments, if any. UNAUTHORIZED INTERCEPTION PROHIBITED BY FEDERAL LAW (18 U.S.C 2510-2522).

On Jul 28, 2026, at 11:02, Ireland, William <wireland@hbblaw.com> wrote:

 Mr. Wain:  If you would prefer to depose Ms. Craven on August 19, she is available on that date from 1:00 to 2:00 eastern time.

I have tried calling you as you have requested but was unsuccessful in reaching you.   I will try again later.

Sent from my iPad


On Jul 28, 2026, at 10:58, Ireland, William <wireland@hbblaw.com> wrote:


Mr. Wain:

I would recommend that we attempt to clarify our different understanding of depositions as a first step.

1.  Ms. Craven is available between 8:00 and Noon, eastern time on August 18, 2026.  Please let me know what time you want her deposition to commence.  We have agreed that it will proceed remotely.  I understand you will be responsible to make arrangements for the court reporter for her deposition.
2.  As you have previously been told Mr. Wiseman will not be appearing for his deposition.  His deposition is not confirmed, and will not be proceed.  I refer you to my earlier letter on that topic.
3.  As you have previously been told, Mr. Denton will not be appearing for his deposition.  His deposition is not confirmed and will not proceed.  I refer you to my earlier letter on that topic.
4.  August 31 is not acceptable for your deposition, and we are not agreeable to having your deposition proceed remotely.  We have served a notice to appear for August 24 at 1:00pm at our office in person.  In the alternative, we can move your deposition to August 21, at 10:00 am.  Please let me know which of those are preferable for you.

I will call you as you have requested to discuss any specific matters.



Sent from my iPad


On Jul 28, 2026, at 07:29, Douglas Wain <douglaswain@gmail.com> wrote:

Dear Mr. Ireland:

Attached is Plaintiffs' letter of July 28, 2026, responding to your July 27, 2026 email. Your email did not respond to Plaintiffs' July 24, 2026 request for a telephonic conference of counsel pursuant to Local Bankruptcy Rule 7026-1(c). That conference must occur no later than Friday, July 31, 2026. Plaintiffs remain available today, Wednesday, Thursday, or Friday, at any time between 9:00 a.m. and 4:00 p.m. Pacific. Please reply today with a date and time.

The letter also confirms Ms. Craven's deposition as noticed for August 19 (not August 18, as your email states), confirms that Mr. Wiseman's deposition will proceed as subpoenaed on Monday, August 17 (not August 24, as your email states), states Plaintiffs' objections to the July 27 deposition notice as to date and location and proposes Monday, August 31, 2026, by remote videoconference for Plaintiffs' deposition, confirms that the Deaton deposition will proceed as noticed on August 27, and addresses service of papers by email and U.S. Mail.

For ease of reference, courtesy copies of Plaintiffs' prior letters of July 21, 2026 and July 24, 2026, both previously served, are also attached.

If CBT has not conferred by Friday, July 31, Plaintiffs will file their motion to compel with a declaration of non-cooperation, as the letter explains.

A hard copy follows by U.S. Mail. Please confirm receipt of this email.

Respectfully,

Douglas A. Wain
On behalf of Plaintiffs Douglas A. Wain and Elisa Wain, Pro Per
P.O. Box 7473, Westlake Village, CA 91359
(859) 494-3677 | douglaswain@gmail.com

 Virus-free.www.avast.com

<2026-07-21 Wain to Ireland - Meet and Confer - Final Request Before Motion to Compel.pdf>
<2026-07-24 Wain to Ireland - LBR 7026-1(c) Conference Request.pdf>
<2026-07-28 Wain to Ireland - LBR 7026-1(c) Conference of Counsel - Final Request Before Motion.pdf>

# EXHIBIT E

**douglaswain@gmail.com**

| Subject: | FW: Wain v. Central Bank & Trust Co., Adv. Proc. No. 1:25-ap-01026-MB – LBR 7026-1(c) Conference – Final Request Before Motion (conference required by July 31) – Record of July 28 Call |
|---|---|

**From:** Ireland, William <wireland@hbblaw.com>
**Sent:** Thursday, July 30, 2026 8:32 AM
**To:** douglaswain@gmail.com
**Cc:** Soto, Jennifer <jsoto@hbblaw.com>
**Subject:** Re: Wain v. Central Bank & Trust Co., Adv. Proc. No. 1:25-ap-01026-MB - LBR 7026-1(c) Conference - Final Request Before Motion (conference required by July 31) - Record of July 28 Call

Mr. Wain:  After we traded missed calls, I called you on July 28, 2026 to discuss the pending depositions and the issues relating to them.  I asked you repeatedly to discuss the depositions.  You refused.  Repeatedly.  I do not know what advantage you believe you will obtain from refusing to discuss the depositions with me.  I sent you an email summarizing your refusal and trying to make progress.

If you are willing to discuss the pending depositions, please let me know and I would be happy to make the attempt again.

The Court expects us to try to work through issues together.  Simply making demands and refusing to discuss them is not what is expected.

1. Mr. Deaton's deposition will not be proceeding.  You have made no effort to explain why your demand for his deposition is anything other than harassment.

2. Mr. Wiseman's deposition will not be proceeding.  You have made no effort to explain why your demand for his deposition is anything other than harassment.

3.  Your deposition was noticed so as not to conflict with any other deposition that you have noticed in this case.  You noticed a deposition of Crowe on August 24 in the morning and your deposition has been noticed for 1:00 pm to avoid a conflict.  I am not available on August 31.  You have refused the alternate date that I proposed.  I am available on August 14 if you prefer, or we can proceed with the afternoon deposition on August 24, as noticed.  We have not agreed to have your deposition proceed remotely so it will be in person.  If you refuse to appear for your deposition, we will move to exclude your testimony at trial of this matter.

4.  You have been told several times that Donna Craven is only available on August 19, from 1;00 pm to 2:00 pm, eastern time.  For clarity, that would mean a one hour deposition commencing at 10:00 am pacific time.  Can you please do me and the witness the courtesy of either confirming that is agreeable to telling us that it is not, so we can propose alternate dates.

In closing, I remain available to discuss the depositions in this matter and their scheduling, and related issues.  If you are willing to discuss them, please tell me and we can try to speak again.  I have tried to

1

discuss them with you and you have refused.  I understand that you think that you are "winning" with every misrepresentation and every discourtesy and perhaps you are in some way that I do not understand.  complicating this matter, delaying it and making it more difficult for everyone does not seem to be any real benefit to you or anyone.


Sent from my iPad


William Ireland | Profile
Partner
D: 213.542.8035
wireland@hbblaw.com

## Haight

Haight Brown & Bonesteel LLP
555 South Flower Street
Forty-Fifth Floor
Los Angeles, CA 90071
O: 213-542-8000
F: 213-542-8100
www.hbblaw.com

The contents of this email message and its attachments are intended solely for the addressee(s) hereof. This email transmission may be confidential and it may be subject to privilege protecting communications between attorneys and their clients. If you are not the named addressee, or if this message has been addressed to you in error, you are directed not to read, disclose, reproduce, distribute, disseminate or otherwise use this transmission. Delivery of this message to any person other than the intended recipient(s) is not intended in any way to waive privilege or confidentiality. If you have received this transmission in error, please alert the sender by reply e-mail. We request that you immediately delete this message and its attachments, if any. UNAUTHORIZED INTERCEPTION PROHIBITED BY FEDERAL LAW (18 U.S.C 2510-2522).

On Jul 29, 2026, at 07:18, douglaswain@gmail.com wrote:


Mr. Ireland:

This confirms the record of yesterday, July 28, 2026, and states Plaintiffs' positions.

1. **The record of yesterday's call.** At 12:59 p.m. I wrote to you: "I will call you shortly for our LBR 7026-1(c) conference." I called your office at 1:13 p.m. and again at 2:11 p.m., leaving voicemail messages both times. You returned the call at 4:12 p.m. At the outset and repeatedly I asked whether you agreed the call was the conference of counsel required by Local Bankruptcy Rule 7026-1(c). Each time you declined to answer yes or no. After approximately five minutes, when it was my turn to speak, you hung up; I did not end the call. My contemporaneous notes of the call are preserved. I do not adopt the characterizations in your 4:20 p.m. email; the facts above are the record.

2. **The conference must occur by Friday, July 31, 2026.** The Local Bankruptcy Rules are requirements of the Court, not matters of counsel's preference, and Plaintiffs will follow them. LBR 7026-1(c) requires a conference of counsel within seven days of Plaintiffs' July 24, 2026 letter — no later than Friday, July 31, 2026. Please state in writing, today, whether CBT will participate and provide a date and time; I remain available today, Thursday, and Friday, 9:00 a.m. to 4:00 p.m. Pacific. If the conference has not occurred by the end of day Friday, July 31, Plaintiffs will file their motion before Judge Barash accompanied by a declaration of non-cooperation as authorized by LBR 7026-1(c) and

2

Fed. R. Bankr. P. 7037, and will seek their reasonable expenses under Fed. R. Civ. P. 37(a)(5). Nothing in this email constitutes, or substitutes for, that conference.

3. **Representation — answer required as to each witness.** A meaningful conference about these depositions is impossible while CBT refuses to say whom its counsel represents. Plaintiffs first posed this question on July 6, 2026. Please answer directly, as to each: do you, your firm, or other counsel engaged by CBT represent (a) Timothy R. Wiseman, (b) Steve Hall, (c) Ellen Sharp, or (d) Crowe LLP, and will counsel accept service of Rule 45 subpoenas on behalf of any of them?

4. **The five depositions will proceed as served.** Plaintiffs' five depositions will proceed as noticed or subpoenaed: Timothy R. Wiseman on August 17 (12:00 p.m. Eastern, Zoom, per subpoena personally served July 10); Donna Craven on Wednesday, August 19, 2026, at 9:00 a.m. Pacific Time, by remote videoconference (Zoom), pursuant to Fed. R. Civ. P. 30(b)(1) and Fed. R. Bankr. P. 7030, exactly as set forth in the Notice of Deposition served July 21, 2026; Steve Hall on Friday, August 21, 2026, at 9:00 a.m. Pacific Time, by remote videoconference (Zoom), per Rule 45 subpoena issued July 9, 2026, now in the course of personal service at the address CBT provided on July 27; Crowe LLP's Rule 30(b)(6) designee on August 24 (9:00 a.m. Pacific, Zoom, per subpoena served July 15); and Luther Deaton Jr. on August 27 (9:00 a.m. Pacific, Zoom, per notice served July 21). As to all witnesses: a unilateral announcement that a witness "will not be appearing" excuses nothing. If CBT contends any witness is excused, its remedy is a motion to the Court.

5. **Plaintiffs' deposition.** Plaintiffs do not agree to your notice setting Mr. Wain's deposition for August 24, 2026 at 1:00 p.m., in person. That notice is invalid for the reasons stated in Plaintiffs' July 28, 2026 letter — it cites Rule 30(b)(6), which does not apply to an individual; it sets a date on which Plaintiffs conduct the previously noticed Crowe LLP examination; and it demands in-person attendance contrary to Rule 30(b)(4) practice in this case, including the remote procedure CBT itself agreed to for Ms. Craven. Your August 21, 10:00 a.m. alternative conflicts with the Hall deposition noticed on you July 21. Plaintiffs renew Monday, August 31, 2026, at 9:00 a.m. Pacific, by remote videoconference.

6. **Service.** Consistent with the parties' agreement, all correspondence, discovery papers, and filings from CBT and your firm are to be served by email (douglaswain@gmail.com), with hard copies to follow by U.S. Mail, as Plaintiffs do in serving you. Please confirm.

All rights are reserved.

Douglas A. Wain
On behalf of Plaintiffs Douglas A. Wain and Elisa Wain, Pro Per
P.O. Box 7473, Westlake Village, CA 91359
(859) 494-3677 | douglaswain@gmail.com

3

# EXHIBIT F

**douglaswain@gmail.com**

| | |
|---|---|
| **Subject:** | FW: Wain v. Central Bank & Trust Co., Adv. Proc. No. 1:25-ap-01026-MB — LBR 7026-1(c) Conference |

**From:** Ireland, William <wireland@hbblaw.com>
**Sent:** Thursday, July 30, 2026 4:47 PM
**To:** douglaswain@gmail.com
**Subject:** RE: Wain v. Central Bank & Trust Co., Adv. Proc. No. 1:25-ap-01026-MB — LBR 7026-1(c) Conference

Mr. Wain:

We have completed our phone call regarding depositions.

1. We affirmed that Mr. Deaton would not be appearing for his deposition. You know that he will not be appearing. You told me that you would proceed with having a court reporter available and that you expected him to appear for his deposition. As I told you, that claimed "expectation" is incorrect. You have been informed that he will not be appearing for his deposition so you cannot have any expectation that he will appear.

2. We affirmed that Mr. Wiseman would not be appearing for his deposition. You know that he will not be appearing. You told me that you would proceed with having a court reporter available and that you expected him to appear for his deposition. As I told you, that claimed "expectation" is incorrect. You have been informed that he will not be appearing for his deposition so you cannot have any expectation that he will appear. I do represent Mr. Wiseman for the purposes of his deposition.

3. You were told that Ms. Craven was only available for one hour of testimony on August 19, 2026. Your position was that you would expect her to appear at 9:00 am CA time regardless for her deposition and that you expected her to be available for 7 hours. It is customary to accommodate witnesses regarding their availability. Ms. Craven is possibly available on August 21 from 8:00 to 1:00 eastern, or August 17 or 18, from 8:00 am to 12 Noon, eastern both days. Please let me know if you are willing to accommodate Ms. Craven's availability.

4. Regarding your deposition, you have not provided us with any dates or times that you are available except for August 31 when you have told that I am not available. It does not conflict with any other noticed deposition because your other deposition that day is set for the morning. I am only willing to change your deposition if we have an alternate mutually agreeable date and time. You have told me that you are not in CA and therefore will not appear in person. That is surprising to me because you have chosen the venue and jurisdiction of CA. Are you taking the position that you are no longer a CA resident and that there is no jurisdiction or venue in CA for your BK filing? Please let me know so we can respond accordingly. I am considering our position on your deposition being remote or in person. It is very unusual for a party to refuse to appear in the jurisdiction and venue that they have chosen.

5. As you asked, I do not currently represent the former employees of Central Bank and I do not currently represent Crowe.

6. Our phone call was unpleasant. You threatened me personally (and conceded that one reason for your seeking the deposition of Mr. Wiseman was that he had aggravated you). I believe that in the future our communications should be in writing, and not by phone.

---

**From:** douglaswain@gmail.com <douglaswain@gmail.com>
**Sent:** Thursday, July 30, 2026 3:45 PM
**To:** Ireland, William <wireland@hbblaw.com>
**Cc:** Soto, Jennifer <jsoto@hbblaw.com>
**Subject:** FW: Wain v. Central Bank & Trust Co., Adv. Proc. No. 1:25-ap-01026-MB — LBR 7026-1(c) Conference

Mr. Ireland:

I received your voicemail at 3:34 p.m. today. I will call you back shortly at your direct line, 310-422-2100.

Plaintiffs' position on the nature of this call is unchanged from my email to you earlier today: Plaintiffs will treat it as the conference of counsel required by LBR 7026-1(c), addressing the agenda stated in that email.

Douglas A. Wain
On behalf of Plaintiffs Douglas A. Wain and Elisa Wain, Pro Per

---

**From:** Ireland, William <wireland@hbblaw.com>
**Sent:** Thursday, July 30, 2026 3:33 PM
**To:** douglaswain@gmail.com
**Subject:** Re: Wain v. Central Bank & Trust Co., Adv. Proc. No. 1:25-ap-01026-MB — LBR 7026-1(c) Conference

Mr. Wain: To the extent that you are now willing to discuss the issues relating to the depositions in this matter, I am pleased. We do not agree to your characterization of the phone call, but hope that you will be willing to participate in a good faith discussion so we can have some shared understanding of when and what will be happening.

I have told you our positions and concerns previously.

Sent from my iPad

> On Jul 30, 2026, at 09:13, douglaswain@gmail.com wrote:

Mr. Ireland:

I accept your offer to confer. I am available today, Thursday, July 30, 2:30 p.m. until 5:00 p.m. Pacific, and tomorrow, Friday, July 31, between 9:00 a.m. and 5:00 p.m. Pacific. Please reply with a time and the number to call, and I will call you then.

2

**Plaintiffs will treat this call as the conference of counsel required by LBR 7026-1(c).**

The conference should address the noticed and subpoenaed depositions, the scheduling of Mr. Wain's deposition, Ms. Craven's August 19 start time, and the representation question pending since July 6, and other issues I raised in my July 29, 2026 email to you.

Pending the conference, Plaintiffs' positions remain as stated in my July 29, 2026 email.

Douglas A. Wain
On behalf of Plaintiffs Douglas A. Wain and Elisa Wain, Pro Per

---

**From:** Ireland, William <wireland@hbblaw.com>
**Sent:** Thursday, July 30, 2026 8:37 AM
**To:** douglaswain@gmail.com
**Cc:** Soto, Jennifer <jsoto@hbblaw.com>
**Subject:** Re: Wain v. Central Bank & Trust Co., Adv. Proc. No. 1:25-ap-01026-MB - LBR 7026-1(c) Conference - Final Request Before Motion (conference required by July 31) - Record of July 28 Call

Mr. Wain:  After we traded missed calls, I called you on July 28, 2026 to discuss the pending depositions and the issues relating to them.  I asked you repeatedly to discuss the depositions.  You refused.  Repeatedly.  I do not know what advantage you believe you will obtain from refusing to discuss the depositions with me.  I sent you an email summarizing your refusal and trying to make progress.

If you are willing to discuss the pending depositions, please let me know and I would be happy to make the attempt again.

The Court expects us to try to work through issues together.  Simply making demands and refusing to discuss them is not what is expected.

1. Mr. Deaton's deposition will not be proceeding.  You have made no effort to explain why your demand for his deposition is anything other than harassment.

2. Mr. Wiseman's deposition will not be proceeding.  You have made no effort to explain why your demand for his deposition is anything other than harassment.

3.  Your deposition was noticed so as not to conflict with any other deposition that you have noticed in this case.  You noticed a deposition of Crowe on August 24 in the morning and your deposition has been noticed for 1:00 pm to avoid a conflict.  I am not available on August 31.  You have refused the alternate date that I proposed.  I am available on August 14 if you prefer, or we can proceed with the afternoon deposition on August 24, as noticed.  We have not agreed to have your deposition proceed remotely so it will be in person.  If you refuse to appear for your deposition, we will move to exclude your testimony at trial of this matter.

4.  You have been told several times that Donna Craven is only available on August 19, from 1;00 pm to 2:00 pm, eastern time.  For clarity, that would mean a one hour deposition

3

commencing at 10:00 am pacific time.  Can you please do me and the witness the courtesy of either confirming that is agreeable to telling us that it is not, so we can propose alternate dates.

In closing, I remain available to discuss the depositions in this matter and their scheduling, and related issues.  If you are willing to discuss them, please tell me and we can try to speak again.  I have tried to discuss them with you and you have refused.  I understand that you think that you are "winning" with every misrepresentation and every discourtesy and perhaps you are in some way that I do not understand.  complicating this matter, delaying it and making it more difficult for everyone does not seem to be any real benefit to you or anyone.


Sent from my iPad


William Ireland | Profile
Partner
D: 213.542.8035
wireland@hbblaw.com
Haight Brown & Bonesteel LLP
555 South Flower Street
Forty-Fifth Floor
Los Angeles, CA 90071
O: 213-542-8000
F: 213-542-8100
www.hbblaw.com

The contents of this email message and its attachments are intended solely for the addressee(s) hereof. This email transmission may be confidential and it may be subject to privilege protecting communications between attorneys and their clients. If you are not the named addressee, or if this message has been addressed to you in error, you are directed not to read, disclose, reproduce, distribute, disseminate or otherwise use this transmission. Delivery of this message to any person other than the intended recipient(s) is not intended in any way to waive privilege or confidentiality. If you have received this transmission in error, please alert the sender by reply e-mail. We request that you immediately delete this message and its attachments, if any. UNAUTHORIZED INTERCEPTION PROHIBITED BY FEDERAL LAW (18 U.S.C 2510-2522).

On Jul 29, 2026, at 07:18, douglaswain@gmail.com wrote:


Mr. Ireland:

This confirms the record of yesterday, July 28, 2026, and states Plaintiffs' positions.

1. **The record of yesterday's call.** At 12:59 p.m. I wrote to you: "I will call you shortly for our LBR 7026-1(c) conference." I called your office at 1:13 p.m. and again at 2:11 p.m., leaving voicemail messages both times. You returned the call at 4:12 p.m. At the outset and repeatedly I asked whether you agreed the call was the conference of counsel required by Local Bankruptcy Rule 7026-1(c). Each time you declined to answer yes or no. After approximately five minutes, when it was my turn to speak, you hung up; I did not end the call. My contemporaneous notes of the call are preserved. I do not adopt the characterizations in your 4:20 p.m. email; the facts above are the record.

2. **The conference must occur by Friday, July 31, 2026.** The Local Bankruptcy Rules are requirements of the Court, not matters of counsel's preference, and Plaintiffs will follow them. LBR 7026-1(c) requires a conference of counsel within seven days of Plaintiffs' July 24, 2026 letter — no later than Friday, July 31, 2026. Please state in writing, today, whether CBT will participate and provide a date and time; I remain available today, Thursday, and Friday, 9:00 a.m. to 4:00 p.m. Pacific. If the conference has not occurred by the end of day Friday, July 31, Plaintiffs will file their motion before Judge Barash accompanied by a declaration of non-cooperation as authorized by LBR 7026-1(c) and Fed. R. Bankr. P. 7037, and will seek their reasonable expenses under Fed. R. Civ. P. 37(a)(5). Nothing in this email constitutes, or substitutes for, that conference.

3. **Representation — answer required as to each witness.** A meaningful conference about these depositions is impossible while CBT refuses to say whom its counsel represents. Plaintiffs first posed this question on July 6, 2026. Please answer directly, as to each: do you, your firm, or other counsel engaged by CBT represent (a) Timothy R. Wiseman, (b) Steve Hall, (c) Ellen Sharp, or (d) Crowe LLP, and will counsel accept service of Rule 45 subpoenas on behalf of any of them?

4. **The five depositions will proceed as served.** Plaintiffs' five depositions will proceed as noticed or subpoenaed: Timothy R. Wiseman on August 17 (12:00 p.m. Eastern, Zoom, per subpoena personally served July 10); Donna Craven on Wednesday, August 19, 2026, at 9:00 a.m. Pacific Time, by remote videoconference (Zoom), pursuant to Fed. R. Civ. P. 30(b)(1) and Fed. R. Bankr. P. 7030, exactly as set forth in the Notice of Deposition served July 21, 2026; Steve Hall on Friday, August 21, 2026, at 9:00 a.m. Pacific Time, by remote videoconference (Zoom), per Rule 45 subpoena issued July 9, 2026, now in the course of personal service at the address CBT provided on July 27; Crowe LLP's Rule 30(b)(6) designee on August 24 (9:00 a.m. Pacific, Zoom, per subpoena served July 15); and Luther Deaton Jr. on August 27 (9:00 a.m. Pacific, Zoom, per notice served July 21). As to all witnesses: a unilateral announcement that a witness "will not be appearing" excuses nothing. If CBT contends any witness is excused, its remedy is a motion to the Court.

5. **Plaintiffs' deposition.** Plaintiffs do not agree to your notice setting Mr. Wain's deposition for August 24, 2026 at 1:00 p.m., in person. That notice is invalid for the reasons stated in Plaintiffs' July 28, 2026 letter — it cites Rule 30(b)(6), which does not apply to an individual; it sets a date on which Plaintiffs conduct the previously noticed Crowe LLP examination; and it demands in-person attendance contrary to Rule 30(b)(4) practice in this case, including the remote procedure CBT itself agreed to for Ms. Craven. Your August 21, 10:00 a.m. alternative conflicts with the Hall deposition noticed on you July 21. Plaintiffs renew Monday, August 31, 2026, at 9:00 a.m. Pacific, by remote videoconference.

6. **Service.** Consistent with the parties' agreement, all correspondence, discovery papers, and filings from CBT and your firm are to be served by email (douglaswain@gmail.com), with hard copies to follow by U.S. Mail, as Plaintiffs do in serving you. Please confirm.

All rights are reserved.

5

Douglas A. Wain

On behalf of Plaintiffs Douglas A. Wain and Elisa Wain, Pro Per

P.O. Box 7473, Westlake Village, CA 91359

(859) 494-3677 | douglaswain@gmail.com

Virus-free.www.avast.com

# EXHIBIT G

**douglaswain@gmail.com**

| | |
|---|---|
| **Subject:** | FW: Wain v. Central Bank & Trust Co., Adv. Proc. No. 1:25-ap-01026-MB - LBR 7026-1(c) Conference - Final Request Before Motion (conference required by July 31) - Record of July 28 Call |

**From:** douglaswain@gmail.com <douglaswain@gmail.com>
**Sent:** Wednesday, July 29, 2026 7:17 AM
**To:** wireland@hbblaw.com
**Cc:** jsoto@hbblaw.com
**Subject:** Wain v. Central Bank & Trust Co., Adv. Proc. No. 1:25-ap-01026-MB - LBR 7026-1(c) Conference - Final Request Before Motion (conference required by July 31) - Record of July 28 Call

Mr. Ireland:

This confirms the record of yesterday, July 28, 2026, and states Plaintiffs' positions.

1. **The record of yesterday's call.** At 12:59 p.m. I wrote to you: "I will call you shortly for our LBR 7026-1(c) conference." I called your office at 1:13 p.m. and again at 2:11 p.m., leaving voicemail messages both times. You returned the call at 4:12 p.m. At the outset and repeatedly I asked whether you agreed the call was the conference of counsel required by Local Bankruptcy Rule 7026-1(c). Each time you declined to answer yes or no. After approximately five minutes, when it was my turn to speak, you hung up; I did not end the call. My contemporaneous notes of the call are preserved. I do not adopt the characterizations in your 4:20 p.m. email; the facts above are the record.

2. **The conference must occur by Friday, July 31, 2026.** The Local Bankruptcy Rules are requirements of the Court, not matters of counsel's preference, and Plaintiffs will follow them. LBR 7026-1(c) requires a conference of counsel within seven days of Plaintiffs' July 24, 2026 letter — no later than Friday, July 31, 2026. Please state in writing, today, whether CBT will participate and provide a date and time; I remain available today, Thursday, and Friday, 9:00 a.m. to 4:00 p.m. Pacific. If the conference has not occurred by the end of day Friday, July 31, Plaintiffs will file their motion before Judge Barash accompanied by a declaration of non-cooperation as authorized by LBR 7026-1(c) and Fed. R. Bankr. P. 7037, and will seek their reasonable expenses under Fed. R. Civ. P. 37(a)(5). Nothing in this email constitutes, or substitutes for, that conference.

3. **Representation — answer required as to each witness.** A meaningful conference about these depositions is impossible while CBT refuses to say whom its counsel represents. Plaintiffs first posed this question on July 6, 2026. Please answer directly, as to each: do you, your firm, or other counsel engaged by CBT represent (a) Timothy R. Wiseman, (b) Steve Hall, (c) Ellen Sharp, or (d) Crowe LLP, and will counsel accept service of Rule 45 subpoenas on behalf of any of them?

4. **The five depositions will proceed as served.** Plaintiffs' five depositions will proceed as noticed or subpoenaed: Timothy R. Wiseman on August 17 (12:00 p.m. Eastern, Zoom, per subpoena personally served July 10); Donna Craven on Wednesday, August 19, 2026, at 9:00 a.m. Pacific Time, by remote videoconference (Zoom), pursuant to Fed. R. Civ. P. 30(b)(1) and Fed. R. Bankr. P. 7030, exactly as set forth in the Notice of Deposition served July 21, 2026; Steve Hall on Friday, August 21, 2026, at 9:00 a.m. Pacific Time, by remote videoconference (Zoom), per Rule 45 subpoena issued July 9, 2026, now in the course of personal service at the address CBT provided on July 27; Crowe LLP's Rule 30(b)(6) designee on August 24 (9:00 a.m. Pacific, Zoom, per subpoena served July 15); and Luther Deaton Jr.

1

on August 27 (9:00 a.m. Pacific, Zoom, per notice served July 21). As to all witnesses: a unilateral announcement that a witness "will not be appearing" excuses nothing. If CBT contends any witness is excused, its remedy is a motion to the Court.

5.  **Plaintiffs' deposition.** Plaintiffs do not agree to your notice setting Mr. Wain's deposition for August 24, 2026 at 1:00 p.m., in person. That notice is invalid for the reasons stated in Plaintiffs' July 28, 2026 letter — it cites Rule 30(b)(6), which does not apply to an individual; it sets a date on which Plaintiffs conduct the previously noticed Crowe LLP examination; and it demands in-person attendance contrary to Rule 30(b)(4) practice in this case, including the remote procedure CBT itself agreed to for Ms. Craven. Your August 21, 10:00 a.m. alternative conflicts with the Hall deposition noticed on you July 21. Plaintiffs renew Monday, August 31, 2026, at 9:00 a.m. Pacific, by remote videoconference.

6.  **Service.** Consistent with the parties' agreement, all correspondence, discovery papers, and filings from CBT and your firm are to be served by email (douglaswain@gmail.com), with hard copies to follow by U.S. Mail, as Plaintiffs do in serving you. Please confirm.

All rights are reserved.

Douglas A. Wain
On behalf of Plaintiffs Douglas A. Wain and Elisa Wain, Pro Per
P.O. Box 7473, Westlake Village, CA 91359
(859) 494-3677 | douglaswain@gmail.com

# EXHIBIT H

**douglaswain@gmail.com**

**Subject:**                    FW: Wain

---

**From:** Ireland, William <wireland@hbblaw.com>
**Sent:** Thursday, June 11, 2026 1:21 PM
**To:** Doug Wain <douglaswain@gmail.com>; Douglas Wain <douglaswain@outlook.com>
**Subject:** Wain

Mr. Wain: Thank you for confirming that you had our ex parte application and did not need us to send you another copy.

As for our meet and confer, as we discussed, i have reviewed the materials you sent us. I do not see those as being a viable beginning for a joint document. You are requesting an unreasonable amount of discovery which are not reasonably calculated to lead to the discovery of relevant or admissible evidence. As I mentioned, for example, you are specifically requesting attorney client communications which are privileged against discovery.
Unfortunately the only path forward that I see in this matter is for each side to propound discovery and ultimately require the Court's review and determination.

Our proposal for a discovery plan would be for each side to take one deposition, and to propound a limited amount of written discovery—10 interrogatories and 10 document demands, although that could be discussed further. If you are interested in discussing something like that, please let me know.

Sent from my iPad

William Ireland | Profile
Of Counsel
D: 213.542.8035
wireland@hbblaw.com

Haight

Haight Brown & Bonesteel LLP
555 South Flower Street
Forty-Fifth Floor
Los Angeles, CA 90071
O: 213-542-8000
F: 213-542-8100
www.hbblaw.com

The contents of this email message and its attachments are intended solely for the addressee(s) hereof. This email transmission may be confidential and it may be subject to privilege protecting communications between attorneys and their clients. If you are not the named addressee, or if this message has been addressed to you in error, you are directed not to read, disclose, reproduce, distribute, disseminate or otherwise use this transmission. Delivery of this message to any person other than the intended recipient(s) is not intended in any way to waive privilege or confidentiality. If you have received this transmission in error, please alert the sender by reply e-mail. We request that you immediately delete this message and its attachments, if any. UNAUTHORIZED INTERCEPTION PROHIBITED BY FEDERAL LAW (18 U.S.C 2510-2522).

1

# EXHIBIT I

**douglaswain@gmail.com**

**Subject:**                                         FW: Subject: RE: Wain v. Central Bank & Trust Co., Adv. Proc. No. 1:25-ap-01026-MB -
LBR 7026-1(c) Conference of July 30, 2026 - Corrections and Confirmations

**From:** Ireland, William <wireland@hbblaw.com>
**Sent:** Monday, August 3, 2026 2:35 PM
**To:** douglaswain@gmail.com
**Cc:** Soto, Jennifer <jsoto@hbblaw.com>
**Subject:** Re: Subject: RE: Wain v. Central Bank & Trust Co., Adv. Proc. No. 1:25-ap-01026-MB - LBR 7026-1(c) Conference of July 30, 2026 - Corrections and Confirmations

Mr. Wain:  I have other matters and other cases so it is challenging to keep up with the volume and vehemence of your correspondence.  I will respond as I have time to do so.

Responding to this email, I know what a threat is and can recognize it when it is made against me.  You were the one who connected the threat against me with your actions against Mr. Wiseman in seeking his deposition in this case.  I am also aware of the KY lawsuit of Wain v. Bunnell, USDC EDKY Case No.: 240-00305.  I do not believe that it is appropriate under these circumstances to have further telephone conversations.

Regarding the balance of the email, you have been informed repeatedly that Mr. Denton and Mr. Wiseman will not appear for your attempted depositions.  You have repeatedly failed to identify any cognizable reason for their depositions, except for harassment, as discussed above regarding Mr. Wiseman.

For Ms. Craven, I am working on trying to see if she can be available for her deposition on your proposed alternate dates.  As soon as I know, I will respond further to you.

Regarding Mr. Wain's deposition, I am unavailable on your proposed alternate dates of August 28, 2026.  Are you available on August 17, 14, or 12.  If Ms. Craven is able to be moved to another date, we could reschedule your deposition for August 19, 2026.  If neither of those work, we could move your deposition to September 2 or 4, 2026 although that is not my preference because we would need to request court approval to extend the discovery cutoff for that deposition.  Please let me know.  If we cannot agree, we can just start your deposition on August 21 when the Crowe deposition is concluded, as per our notice.  It is common for two depositions to occur on the same day.  As for the location, we will expect you at our office.  If you are still a LA county resident, and venue and jurisdiction remain in the Central District of CA, that is not an inconvenience for you.

I will respond as time permits to your subsequent emails to me.

Sent from my iPad

William Ireland | Profile

1

Partner
D: 213.542.8035
wireland@hbblaw.com

# Haight

Haight Brown & Bonesteel LLP
555 South Flower Street
Forty-Fifth Floor
Los Angeles, CA 90071
O: 213-542-8000
F: 213-542-8100
www.hbblaw.com

The contents of this email message and its attachments are intended solely for the addressee(s) hereof. This email transmission may be confidential and it may be subject to privilege protecting communications between attorneys and their clients. If you are not the named addressee, or if this message has been addressed to you in error, you are directed not to read, disclose, reproduce, distribute, disseminate or otherwise use this transmission. Delivery of this message to any person other than the intended recipient(s) is not intended in any way to waive privilege or confidentiality. If you have received this transmission in error, please alert the sender by reply e-mail. We request that you immediately delete this message and its attachments, if any. UNAUTHORIZED INTERCEPTION PROHIBITED BY FEDERAL LAW (18 U.S.C 2510-2522).

On Jul 31, 2026, at 09:06, douglaswain@gmail.com wrote:

Mr. Ireland:

This responds to your 4:47 p.m. email of yesterday and confirms the record of the parties' conference of counsel under LBR 7026-1(c), held by telephone on July 30, 2026, from approximately 4:02 p.m. to 4:24 p.m. Pacific. My contemporaneous notes of the call are preserved. I do not adopt the characterizations in your email.

**1. Corrections.** I did not threaten you. What I said, after repeated personal remarks during the call, was that your conduct was unprofessional and that if it continued, Plaintiffs would raise it with the Court by appropriate motion. Advising counsel of an intention to seek relief from the Court is not a threat. Nor did I "concede" any improper purpose for Mr. Wiseman's deposition. As I stated on the call itself, his deposition is sought because he submitted the two declarations that are the only sworn factual testimony CBT has offered in this proceeding. I also made an offer on the call that your email omits, and which remains open: if Mr. Wiseman withdraws his declarations, the need for his deposition falls away. Finally, your statement that I "made no effort to explain" the basis for Mr. Deaton's deposition is incorrect: I explained on the call that Plaintiffs seek his testimony concerning the many documents in this matter bearing his signature — in many instances his signature alone. His personal participation in those documents, not his title, is the basis for his examination.

**2. Confirmations.** Your email confirms that (a) you represent Mr. Wiseman for purposes of his deposition, and (b) you do not represent Mr. Hall or Ms. Sharp (former CBT employees) and do not represent Crowe LLP. Plaintiffs will accordingly communicate directly with those witnesses or their counsel regarding Rule 45 compliance. As to Ms. Craven: please confirm (a) whether you or other CBT counsel represent her, and (b) whether CBT will produce her for deposition pursuant to Plaintiffs' July 21, 2026 notice. If CBT contends a subpoena is required for her attendance, say so now; silence on this point will be treated as confirmation that CBT will produce her under the notice.

2

**3. Mr. Wiseman and Mr. Deaton.** Their obligations arise from a subpoena personally served July 10, 2026, and a deposition notice served July 21, 2026 — not from Plaintiffs' "expectations." If either contends he is excused, the remedy is a timely motion to the appropriate court. Unless and until a court orders otherwise, the depositions will be convened as noticed, before a certified court reporter, and any non-appearance will be certified on the record and presented to the Court with a request for relief under Fed. R. Bankr. P. 7037 and LBR 7026-1(c)(4).

**4. Ms. Craven.** All depositions in this case are noticed as full-day examinations, subject to the seven-hour limit of Fed. R. Civ. P. 30(d)(1), and Ms. Craven's is no exception; a witness's preference does not shorten the time the rule allows. To accommodate her schedule as to the date, however, Plaintiffs offer three alternatives: Tuesday, August 18; Wednesday, August 19 (as noticed); or Thursday, August 20, 2026 — each commencing at 9:00 a.m. Pacific Time, by Zoom, for a full day. Please advise which date Ms. Craven selects, and I will serve an amended notice if a new date is chosen.

**5. Mr. Wain's deposition.** To correct the record: the Crowe LLP Rule 30(b)(6) examination on August 24 is noticed as a full-day examination, and Plaintiffs cannot both conduct it and defend a deposition that afternoon. As to residence and venue: Plaintiffs are California residents; venue was proper when the petition was filed on October 30, 2024, and remains proper; temporary travel changes neither. Plaintiffs' objections to the July 27 notice stand as stated in my July 28 letter. Subject to those objections, and since you have stated you are unavailable August 31, Plaintiffs offer Friday, August 28, 2026, for Mr. Wain's deposition by remote videoconference (Zoom). Please confirm.

**6. Next steps.** The conference of counsel required by LBR 7026-1(c) having occurred, Plaintiffs will serve a proposed joint stipulation identifying each unresolved issue with the parties' respective contentions, per LBR 7026-1(c)(3). Pursuant to LBR 7026-1(c)(4), CBT's contentions are due within seven days of the parties' July 30, 2026 conference — no later than Thursday, August 6, 2026. Plaintiffs will file the stipulation with their motion at that time, incorporating whatever contentions CBT timely provides.

**7. Service.** Consistent with the parties' agreement, all correspondence, discovery papers, and filings from CBT and your firm are to be served on Plaintiffs by email (douglaswain@gmail.com) with hard copies to follow by U.S. Mail to P.O. Box 7473, Westlake Village, CA 91359, as Plaintiffs do in serving you. My July 29 email asked you to confirm this arrangement; you have not. Please confirm it now. Documents served by email only, without the mail copy, are not fully served under the parties' agreement.

**8.** Plaintiffs agree that communications should henceforth be in writing, except where a rule, court order, or the Local Bankruptcy Rules require a telephonic or in-person conference, in which case Plaintiffs will participate as the rule requires.

All rights are reserved.

Douglas A. Wain
On behalf of Plaintiffs Douglas A. Wain and Elisa Wain, Pro Per

3

Virus-free.www.avast.com

# EXHIBIT J

**douglaswain@gmail.com**

| | |
|---|---|
| **Subject:** | FW: Wain v Central Bank — Wain v. Central Bank & Trust Co., Adv. Proc. No. 1:25-ap-01026-MB — Service of Plaintiffs' Amended Notice of Deposition of Donna Craven (August 18, 2026) |
| **Attachments:** | Plaintiffs Amended Notice of Deposition of Donna Craven 8.5.2026.pdf |

**From:** douglaswain@gmail.com <douglaswain@gmail.com>
**Sent:** Wednesday, August 5, 2026 4:12 PM
**To:** 'Ireland, William' <wireland@hbblaw.com>
**Cc:** 'Soto, Jennifer' <jsoto@hbblaw.com>
**Subject:** RE: Wain v Central Bank — Wain v. Central Bank & Trust Co., Adv. Proc. No. 1:25-ap-01026-MB — Service of Plaintiffs' Amended Notice of Deposition of Donna Craven (August 18, 2026)

Mr. Ireland:

This responds to your emails of 1:03 p.m. and 1:18 p.m. today. (The 1:18 p.m. email appears to have been intended for your office staff rather than for me; I note its receipt.)

1. Ms. Craven. Confirmed: Plaintiffs will take Ms. Craven's deposition on Tuesday, August 18, 2026, commencing at 9:00 a.m. Pacific Time, by remote videoconference (Zoom), for a full day subject to the seven-hour limit of Fed. R. Civ. P. 30(d)(1). Plaintiffs' Amended Notice of Deposition of Donna Craven is attached and is served today by email, with a hard copy to follow by U.S. Mail. The court reporter will circulate connection information in advance.
2. Mr. Wain's deposition. Plaintiffs do not agree to August 19. That date would be Mr. Wain's third consecutive full deposition day — Plaintiffs take Mr. Wiseman's deposition on August 17 and Ms. Craven's on August 18, the date CBT itself selected today — and no party can reasonably be required to defend his own deposition the morning after conducting two consecutive seven-hour examinations. Nor do Plaintiffs agree to in-person attendance: remote videoconference is the practice in this case, including for Ms. Craven, whose remote appearance CBT itself confirmed today. For the record, Plaintiffs have offered four dates for Mr. Wain's deposition, each by remote videoconference: August 28 and August 31, 2026 — both within the current discovery cutoff and requiring no extension — and September 2 and September 4, 2026. You have stated you are unavailable on the August dates; that stated unavailability, not any unwillingness of Plaintiffs, is what makes the September dates and the related cutoff extension necessary — an extension your August 3 email acknowledged may be needed. All four dates remain open. If CBT serves a new notice for August 19 in person, Plaintiffs will respond with objections.
3. Ms. Craven's representation. Please confirm whether you or other CBT counsel represent Ms. Craven, as asked in Plaintiffs' emails of July 31 and August 3, 2026.
4. Service. Plaintiffs' requests of July 29, July 31, and August 3, 2026 that CBT confirm the parties' service arrangement — email with hard copy to follow by U.S. Mail, as Plaintiffs serve you — remain unanswered. Today's communications from your office again arrived by email only, with no mail copies received.

A hard copy of this email and the attached notice follows by U.S. Mail.

Respectfully,

Douglas A. Wain
On behalf of Plaintiffs Douglas A. Wain and Elisa Wain, Pro Per
P.O. Box 7473, Westlake Village, CA 91359
(859) 494-3677 | douglaswain@gmail.com

---

**From:** Ireland, William <wireland@hbblaw.com>
**Sent:** Wednesday, August 5, 2026 1:03 PM
**To:** Doug Wain <douglaswain@gmail.com>
**Subject:** Wain v Central Bank

Mr. Wain:

We have confirmed that Ms. Craven can be available on August 18, 2026, remotely, commencing at 9:00 am pacific.

With that change, my understanding is that August 19 is now free for your deposition. I will send a new notice for that morning, at our office for an in person deposition.

Thank you. Please let me know if you have any comments or suggestions.

Sent from my iPad

William Ireland | Profile
Partner
D: 213.542.8035
wireland@hbblaw.com

Haight

Haight Brown & Bonesteel LLP
555 South Flower Street
Forty-Fifth Floor
Los Angeles, CA 90071
O: 213-542-8000
F: 213-542-8100
www.hbblaw.com

The contents of this email message and its attachments are intended solely for the addressee(s) hereof. This email transmission may be confidential and it may be subject to privilege protecting communications between attorneys and their clients. If you are not the named addressee, or if this message has been addressed to you in error, you are directed not to read, disclose, reproduce, distribute, disseminate or otherwise use this transmission. Delivery of this message to any person other than the intended recipient(s) is not intended in any way to waive privilege or confidentiality. If you have received this transmission in error, please alert the sender by reply e-mail. We request that you immediately delete this message and its attachments, if any. UNAUTHORIZED INTERCEPTION PROHIBITED BY FEDERAL LAW (18 U.S.C 2510-2522).

---

 Virus-free.www.avast.com

# EXHIBIT K

**douglaswain@gmail.com**

**Subject:**                    FW: Wain:  Deposition Calendar

**From:** Ireland, William <wireland@hbblaw.com>
**Sent:** Wednesday, August 5, 2026 2:59 PM
**To:** douglaswain@gmail.com
**Subject:** Wain: Deposition Calendar

My notes and files suggest that we now have the following dates for Depositions:

August 17:  Tim Wiseman [You have been told that no appearance will be made by Mr. Wiseman, as has been discussed].
August 18:  Donna Craven Depo
August 19:  Wain Deposition (in person at HBB at 10:00 am).
August 21:  Steve Hall Deposition
August 24:  Crowe Deposition.
August 26:   Deaton [You have been told that no appearance will be made by Mr. Deaton, as has been discussed].

If you have some different understanding, that you think we have not fully explored, please let me know.

William Ireland | Profile
Partner
D: 213.542.8035
wireland@hbblaw.com

Haight

Haight Brown & Bonesteel LLP
555 South Flower Street
Forty-Fifth Floor
Los Angeles, CA 90071
O: 213-542-8000
F: 213-542-8100
www.hbblaw.com

The contents of this email message and its attachments are intended solely for the addressee(s) hereof. This email transmission may be confidential and it may be subject to privilege protecting communications between attorneys and their clients. If you are not the named addressee, or if this message has been addressed to you in error, you are directed not to read, disclose, reproduce, distribute, disseminate or otherwise use this transmission. Delivery of this message to any person other than the intended recipient(s) is not intended in any way to waive privilege or confidentiality. If you have received this transmission in error, please alert the sender by reply e-mail. We request that you immediately delete this message and its attachments, if any. UNAUTHORIZED INTERCEPTION PROHIBITED BY FEDERAL LAW (18 U.S.C 2510-2522).