DOUGLAS A. WAIN
ELISA WAIN
P.O. Box 7473
Westlake Village, CA 91359
Telephone: (859) 494-3677
Email: douglaswain@gmail.com
Plaintiffs in Pro Per

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re<br>Douglas Alan Wain, Elisa Wain,<br>Debtors, | **Case No. 1:24-bk-11814-MB**<br><br>**Chapter 13** |
| Douglas Alan Wain and Elisa Wain<br><br>Plaintiffs,<br>vs.<br>Central Bank & Trust Co.<br>Defendant. | **Adv. Proc. No. 1:25-ap-01026-MB**<br><br>**PLAINTIFFS' OBJECTION AND LIMITED OPPOSITION TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE**<br><br>**Hon. Martin R. Barash**<br><br>**Hearing: To Be Set by Court**<br>**Courtroom: 303**<br>**Address: 21041 Burbank Blvd. Woodland Hills. CA 91367** |

**TO THE HONORABLE MARTIN R. BARASH, UNITED STATES BANKRUPTCY JUDGE, AND TO DEFENDANT AND ITS COUNSEL OF RECORD:**

Plaintiffs Douglas A. Wain and Elisa Wain respond as follows to Defendant Central Bank & Trust Co.'s ("CBT") Request for Judicial Notice ("RJN"), served August 5, 2026 and filed August 7, 2026 (Adv. Doc. 50), in support of its Motion for Judgment on the Pleadings (Adv. Doc. 48).

**I. PLAINTIFFS DO NOT OPPOSE NOTICE OF THE EXISTENCE OF THE COURT RECORDS — INCLUDING THEIR OPERATIVE LANGUAGE**

Plaintiffs do not oppose judicial notice of the existence, dates, and authenticity of the court records attached as Exhibits 1 through 8, which are the same records on which Plaintiffs' own filings rest. Indeed, if the Court takes notice, Plaintiffs ask that it notice the operative language of those records in full, including: that the March 7, 2024 Distribution Order (RJN Ex. 6) states CBT's Motion for Distribution "is GRANTED IN PART AND DENIED IN PART," awards CBT $66,884.60 from "the remaining sale proceeds," and is "a final and appealable matter"; and that the September 23, 2024 Kentucky Court of Appeals Order (RJN Ex. 8) states that "[n]othing contained in this Order should be construed as a ruling on the merits of the allegations."

**II. OBJECTION: NOTICE OF "LEGAL CONSEQUENCES" AND DISPUTED FACTS IS IMPROPER**

CBT asks the Court to notice not merely the records but "the procedural history, rulings, judgments, orders, and *legal consequences reflected therein*." (RJN at 4.) That request oversteps Rule 201. A court may take judicial notice of the existence of another court's opinion or of the filing of pleadings — "not for the truth of the facts recited therein" — and not of disputed characterizations or legal conclusions drawn from them. *Lee v. City of Los Angeles*, 250 F.3d 668, 689–90 (9th Cir. 2001). Whether the Kentucky records "establish . . . the entry of a final judgment in favor of Central Bank" that supports a $357,990.91 deficiency claim — CBT's characterization (RJN at 3) — is the ultimate disputed question in this litigation, not a noticeable fact. Plaintiffs object to judicial notice of any characterization of the records' meaning, effect, or "legal consequences." The risk is not hypothetical: the Request describes Exhibit 7 as "denying the Wains' motion seeking satisfaction of the judgment," but on its face the order denies a different motion — Plaintiffs' motion to vacate or stay two 2024 orders — makes no findings, and states that its reasons appear only "on the record"

of an October 11, 2024 hearing that CBT has not provided. An order denying a motion directed at two 2024 orders is not an order "denying the Wains' motion seeking satisfaction of the judgment." Plaintiffs note further that Exhibit 4, the November 4, 2022 opinion, predates by sixteen months the March 7, 2024 Distribution Order (Exhibit 6) that actually adjudicated the distribution of the sale proceeds; no characterization of the 2022 opinion can be noticed as resolving events it preceded. The completeness concern is not hypothetical: the Wiseman Declaration itself quotes at length from the September 23, 2024 Kentucky Court of Appeals order (Wiseman Decl. ¶ 17) while omitting the sentence on the same order's final page that defeats CBT's use of it — "Nothing contained in this Order should be construed as a ruling on the merits of the allegations." If any part of that order is noticed, all of its operative language must be.

**III. OBJECTION: THE WISEMAN DECLARATION IS EVIDENCE OUTSIDE THE PLEADINGS**

The RJN presents its exhibits through the "Evidentiary Declaration of Timothy R. Wiseman" (Adv. Doc. 31) — a 156-page filing the docket itself describes as a "Supplemental *evidentiary* declaration re SJ Mtn," filed by CBT on February 12, 2026 as evidence in the summary judgment record. A declaration is not a judicially noticeable court record; it is evidence — and this one is far from mere "foundation." Mr. Wiseman, a Kentucky attorney not admitted in California, swears to contested substantive matters at the heart of this case: that the Master Commissioner withheld distribution "until after the first lienholder adjudicated its first mortgage debt" (¶ 13); that "as of April 8, 2024, the amount owed by the Wains to Central Bank was $357,944.91 plus additional interest and fees" (¶ 14) — a figure that does not match the $357,990.91 Proof of Claim; that "[t]he Wains filed for bankruptcy protection hours before they were to appear for judgment debtor exams" (¶ 20); and the ultimate legal conclusion in this litigation: "The Judgment has not been satisfied, and the Wains remain indebted to Central Bank." (¶ 21.) CBT represents that "[n]o declaration or

evidence outside the pleadings . . . is submitted or relied upon" (Mot. at 2), yet its exhibits arrive through this sworn testimony of an attorney whose deposition CBT is simultaneously refusing to produce, and who has stated through CBT's own interrogatory answers that his declarations were based on his "review of Central Bank's business records and information provided to him." If the Court considers the Wiseman Declaration as evidence, Rule 12(d) requires converting the Motion to one for summary judgment, and Plaintiffs respectfully request the opportunity to complete the discovery now pending — including the noticed deposition of the declarant — before any such motion is decided. Fed. R. Civ. P. 12(d), 56(d); Fed. R. Bankr. P. 7012, 7056.

**IV. OBJECTION TO EXHIBITS 9 AND 10 (WAIN v. BUNNELL): RELEVANCE AND PURPOSE**

Exhibits 9 and 10 — the complaint and dismissal in *Wain v. Bunnell*, E.D. Ky. Case No. 5:24-cv-00305-GFVT — have no bearing on whether Plaintiffs' Complaint in *this* proceeding states claims against *CBT*. They are offered to cast Plaintiffs as litigious. If noticed at all, notice extends only to the existence of that action and its dismissal — which the Sixth Circuit affirmed on absolute judicial immunity grounds only, without reaching the merits, and which is the subject of a pending petition for a writ of certiorari, *Wain v. Bunnell*, No. 25-5722 (U.S. filed May 14, 2026). Plaintiffs object to any use of Exhibits 9 and 10 beyond that existence.

**V. COMPLETENESS**

CBT's selection is incomplete, and the incompleteness matters most for Exhibit 7. That order denies relief "for the reasons stated on the record on October 11, 2024" — it incorporates by reference an oral record that CBT has not provided. An order that expressly rests on reasons the Court cannot read cannot be noticed as establishing anything beyond its own existence: the completeness doctrine does not permit notice of a conclusion while the reasoning the order itself incorporates is withheld. That defect is CBT's to cure, not Plaintiffs' — CBT's Kentucky counsel

tendered the order and appeared at the October 11, 2024 hearing, and CBT chose to submit the order without its record. Should CBT supply that record, or should the Court consider it material, Plaintiffs stand ready to address the full record of that hearing, which is preserved. Until then, Exhibit 7 supports notice of one fact only: that a one-page order exists. Plaintiffs further note that the Kentucky Court of Appeals' January 29, 2026 orders (already of record at Adv. Doc. 32, Exs. C–E) hold the related Kentucky appellate matters in abeyance pending this Court's resolution.

## VI. CONCLUSION

Plaintiffs respectfully request that the Court take judicial notice of Exhibits 1 through 8 only as to their existence, dates, authenticity, and full operative language; decline to notice any characterization of their meaning or "legal consequences"; limit Exhibits 9 and 10 to their existence, if noticed at all; and disregard the Wiseman Declaration or, if it is considered, convert the Motion under Rule 12(d) and afford Plaintiffs the discovery to which they are entitled.

Dated: August 14, 2026

Respectfully submitted,

Douglas A. Wain
Plaintiff in Pro Per

Elisa Wain
Plaintiff in Pro Per