DOUGLAS A. WAIN
ELISA WAIN
P.O. Box 7473
Westlake Village, CA 91359
Telephone: (859) 494-3677
Email: douglaswain@gmail.com
Plaintiffs in Pro Per

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re<br>Douglas Alan Wain, Elisa Wain,<br>Debtors, | **Case No. 1:24-bk-11814-MB**<br>**Adv. Proc. No. 1:25-ap-01026-MB**<br>**Chapter 13** |
| Douglas Alan Wain and Elisa Wain<br>Plaintiffs,<br>vs.<br>Central Bank & Trust Co.<br>Defendant. | **PLAINTIFFS' OPPOSITION TO NON-PARTY TIMOTHY R. WISEMAN'S MOTION TO QUASH, OR IN THE ALTERNATIVE FOR A PROTECTIVE ORDER; MEMORANDUM OF POINTS AND AUTHORITIES**<br>**Hon. Martin R. Barash**<br>**Hearing: To Be Set by Court**<br>**Courtroom: 303**<br>**Address: 21041 Burbank Blvd.**<br>**Woodland Hills, CA 91367** |

**TO THE HONORABLE MARTIN R. BARASH, UNITED STATES BANKRUPTCY JUDGE, AND TO ALL PARTIES AND COUNSEL OF RECORD:**

Plaintiffs Douglas A. Wain and Elisa Wain oppose the Motion of non-party Timothy R. Wiseman to quash, or alternatively to limit, the subpoena for his deposition (the “Motion”), served by email on the evening of Friday, August 14, 2026 — the last business day before the Monday, August 17, 2026 deposition, and thirty-five days after Mr. Wiseman was personally served. This

Opposition is supported by the concurrently filed Declaration of Douglas A. Wain ("Wain Decl.") and Exhibits 1–4.

Two matters Plaintiffs do not oppose. Plaintiffs do not oppose Mr. Wiseman's consent under Rule 45(f) to this Court deciding the Motion; this Court knows the case. And Plaintiffs do not oppose expedited consideration — Plaintiffs' own Application for Order Shortening Time (Adv. Doc. 49) has sought prompt resolution of this very deposition dispute since August 7, 2026, and Plaintiffs' pending Motion for Orders Compelling Depositions (Adv. Doc. 47) already asks this Court to compel this deposition. The Court can resolve the parties' mirror-image requests together. Upon receiving the Motion, Plaintiffs promptly took the August 17 session off calendar to avoid unnecessary reporter fees, reserving all rights. (Wain Decl. ¶ 10.)

**I. THE MOTION IS UNTIMELY, AND ITS URGENCY IS SELF-CREATED**

Mr. Wiseman was personally served on July 10, 2026, with a subpoena stating the deposition date on its face and an Attachment A that expressly disclaims inquiry into privileged communications and permits him to appear from any convenient location without travel. (Wain Decl. ¶ 2, Ex. 1.) Every objection the Motion now asserts — that he is counsel, that his knowledge is derivative — was fully known to him on the day of service. For five weeks, no motion was filed, no rule or order was cited, and no narrowing of scope or duration was proposed. What Plaintiffs received instead was a series of emails: "You have been told that no appearance will be made by Mr. Wiseman" (Aug. 5); "You have been told that Mr Wiseman is not appearing for his deposition for the reasons we have discussed" (Aug. 13, copying the court reporter); and, in response to Plaintiffs' written request that counsel identify "by docket number" any order excusing attendance: "Mr. Wain: You have been told that Mr. Wiseman will not appear for his deposition." (Aug. 14, 12:44 p.m.; Wain Decl. ¶¶ 4–7, Ex. 2.) The first time any authority or any proposed limitation

appeared was in the Motion itself, filed the evening before the last business day preceding the deposition. (Wain Decl. ¶ 8.)

A motion under Rule 45(d)(3) must be timely, and emergency treatment requires an emergency not of the movant's making. Five weeks of "you have been told," followed by a Friday-night filing, is the definition of self-created urgency. The timing had a cost: Plaintiffs had engaged and paid a deposit to a certified court reporter, and the reporter has assessed a $425.00 cancellation fee arising from the eve-of-deposition cancellation the Motion forced. (Wain Decl. ¶¶ 9–10, Ex. 4.)

**II. A PARTY'S SOLE SWORN WITNESS IS NOT IMMUNE FROM CROSS-EXAMINATION**

The Motion's premise is that Mr. Wiseman is mere "litigation counsel." He is not counsel of record in this proceeding — he has never appeared on this docket. What he is, in this proceeding, is CBT's only sworn witness: the declarant supporting Proof of Claim No. 1 (filed December 20, 2024, asserting $357,990.91 — a figure CBT admitted on August 13, 2026 is erroneous by its own "clerical error," with an amendment promised but not yet filed), and the author of the 156-page "Supplemental evidentiary declaration" (Adv. Doc. 31) that constitutes the whole of CBT's sworn evidentiary support here. (Wain Decl. ¶ 11, Ex. 3.)

That reliance is not historical: CBT's pending Request for Judicial Notice (Adv. Doc. 50), filed August 7, 2026 in support of its Motion for Judgment on the Pleadings (Adv. Doc. 48), asks this Court to notice "the documents attached as Exhibits 1 through 10 to the Evidentiary Declaration of Timothy R. Wiseman (Doc. No. 31)." CBT is relying on this very declaration in a pending dispositive motion before this Court at this moment.

The heightened scrutiny that protects opposing trial counsel from deposition exists to shield litigation strategy, mental impressions, and the attorney-client relationship in the pending case. See Shelton v. Am. Motors Corp., 805 F.2d 1323, 1327 (8th Cir. 1986). Those concerns are at their

weakest here: the subpoena seeks cross-examination of Mr. Wiseman's own sworn factual testimony about concluded Kentucky events, not the strategy of counsel of record in this case. And even under the strictest formulation, the factors are met. First, no other source exists for this testimony: only Mr. Wiseman can testify to what he reviewed, who supplied him each figure, and what he did — or did not do — to verify the statements before he swore to them. CBT's employees cannot testify to Mr. Wiseman's basis for his own oaths. Second, the information is non-privileged: the Motion itself proposes examination on "the process by which Mr. Wiseman prepared and verified" the Proof of Claim and the declaration "and the identity of CBT personnel who supplied the underlying information" (Mot. at 8) — conceding the subject matter is examinable — and Attachment A already disclaims inquiry into privileged communications, with objections to be asserted question-by-question under Rule 30(c)(2). Third, the testimony is crucial: these two declarations are the sole sworn support for a claim of $357,944.91 (per CBT's corrected figure) and the core of CBT's opposition to summary judgment. A party cannot make its lawyer its only witness and then invoke his profession to shield the testimony from examination. CBT created the dual role; it does not get to use each hat to protect the other.

## III. THE MOVANT'S OWN DECLARATION PROVES THE DEPOSITION IS NECESSARY

To avoid examination, Mr. Wiseman filed a declaration swearing that he "did not personally calculate the amounts underlying the proof of claim, including any application of foreclosure-sale proceeds, surplus proceeds, or wage-garnishment payments" (Wiseman Decl. ¶ 6); that his knowledge of the claim amounts was "derived from information, records, and documentation maintained by Central Bank and provided to me" (id. ¶ 5); that any testimony he could give "would simply describe my reliance on records provided by Central Bank personnel" (id. ¶ 8); that he has "no independent factual knowledge concerning the underlying events apart from information

obtained in my role as legal counsel" (id. ¶ 11); and that his 156-page declaration was submitted only for "authenticating" public court records, his knowledge being "limited to the authenticity and source of those court records" (id. ¶¶ 9–10). The Motion adds that his testimony would be "either speculative reconstruction or a recitation of what CBT employees told him." (Mot. at 6.)

These disclaimers cannot be reconciled with Mr. Wiseman's prior sworn statements in this case. The declaration attached to CBT's Proof of Claim, which Mr. Wiseman signed on December 20, 2024, opens: "I have personal knowledge of the statements contained herein, which statements are true and correct." (Claim 1-1, Part 2, at 1.) His Evidentiary Declaration — which CBT states was submitted "as requested by the Court at the January 30, 2026 hearing," and which he executed on February 10, 2026 — likewise swears that he is "competent to testify to the matters stated herein, based on my own personal knowledge." (Adv. Doc. 31, at 1–2.) The declaration supporting this Motion now swears the opposite. Plaintiffs do not ask the Court to decide which of these sworn statements is accurate. That is precisely what examination under oath is for — and it is why the deposition should proceed.

These sworn disclaimers do not shrink the examination — they are the examination. A declaration must be made on personal knowledge by a competent witness. Fed. R. Evid. 602; cf. Fed. R. Civ. P. 56(c)(4). Mr. Wiseman has now sworn, in this Court, that the substance of his two declarations rests not on personal knowledge but on what CBT told him. Which paragraphs of more than 160 pages of sworn assertions rest on personal knowledge, which on hearsay, and which on nothing — who supplied each figure, what he reviewed, what he never checked — is precisely what cross-examination exists to test, paragraph by paragraph. A declarant does not get to swear broadly and then self-certify that only an hour of questions could exist. Plaintiffs further note, and reserve for decision in the pending summary-judgment and claim-objection matters, the necessary consequence of these admissions: declarations whose author disclaims personal knowledge of their

substance cannot stand as substantive evidence, and should be disregarded as to all matters beyond the existence and authenticity of the attached court records — precisely the limitation Plaintiffs' Objection (Adv. Doc. 55) requests. The Court need not resolve that question on this Motion; it need only decline to insulate CBT's only sworn witness from examination on testimony CBT continues to rely upon.

**IV. THE ALTERNATIVE RELIEF CONCEDES THE DEPOSITION; THE PROPOSED LIMITS ARE UNREASONABLE**

The Motion's own alternative asks that the deposition "be limited to: (i) the process by which Mr. Wiseman prepared and verified" the Proof of Claim and the Evidentiary Declaration "and the identity of CBT personnel who supplied the underlying information." (Mot. at 8.) The movant thus concedes examination on the heart of noticed Topics 1, 2, 3, and 6; the dispute is scope and duration, not whether. As to duration, one hour is facially inadequate for the sole declarant behind two declarations exceeding 160 pages, an admittedly erroneous claim amount, and six noticed topics. Rule 30(d)(1) presumptively allows one day of seven hours; the Motion cites no authority for a one-hour cap, and the pace of any examination of this witness will be set largely by the objections his counsel has promised.

As to Topic 5 (the Joint Status Reports filed in E.D. Ky. Case No. 5:23-cv-00139), the reports bear Mr. Wiseman's signature. The Motion's assertion that Mr. Wain "supplied and approved" the representations is a disputed factual characterization — offered, notably, in a declaration whose author disclaims personal knowledge — and is itself a proper subject of examination. At most it frames objections to particular questions; it is no basis for excluding the topic.

If the Court nonetheless narrows the examination, Plaintiffs respectfully submit the reasonable order is: all six noticed topics; not less than four hours of examination time; remote by Zoom; privilege objections question-by-question under Rule 30(c)(2), as Attachment A already

provides; within ten days of the order; with the discovery cutoff extended accordingly, consistent with the extension Plaintiffs have sought since August 7 (Adv. Doc. 47).

**V. THE RULE 7026-1(d) CERTIFICATION DOES NOT MATCH THE RECORD**

The Motion certifies that counsel "conferred in good faith" to resolve or narrow this dispute. The record is before the Court: Plaintiffs repeatedly invited CBT to identify any rule, order, or basis for the non-appearance, and to state its position; the responses were "You have been told," culminating on August 14 at 3:30 p.m. in "You can keep telling me that he is appearing, and you will still be wrong." (Wain Decl. ¶¶ 4–7, Ex. 2.) No narrowing, no time limit, and no authority was proposed before the Motion. The exchange of positions the certification describes simply did not occur.

Finally, Plaintiffs note two accuracy problems: the Motion asserts the claim amount as $357,990.91, the figure CBT itself declared erroneous on August 13, 2026 (Wain Decl. ¶ 11, Ex. 3); and its footnote characterizes Plaintiffs' Objection (Adv. Doc. 55) as conceding the deposition's lack of purpose, when that Objection expressly notes that CBT submits its exhibits "through the same declarant . . . while refusing his deposition."

**VI. CONCLUSION**

Plaintiffs respectfully request that the Court: (1) deny the Motion; (2) order Mr. Wiseman's deposition by remote videoconference within ten days of the order, for the seven hours Rule 30(d)(1) presumptively allows — or, if the Court limits the examination, on the terms stated in Section IV — on all six noticed topics, with privilege objections asserted question-by-question under Rule 30(c)(2); (3) extend the discovery cutoff as necessary to complete the deposition; (4) award Plaintiffs their expenses occasioned by the Motion's timing, including the $425.00 cancellation fee, to the extent it stands (Wain Decl. ¶ 10); and (5) grant such other relief as is just and proper.

Dated: August 17, 2026

Respectfully submitted,

Douglas A. Wain, Plaintiff in Pro Per

Elisa Wain, Plaintiff in Pro Per