William E. Ireland (Bar No. 115600)
*wireland@hbblaw.com*
HAIGHT BROWN & BONESTEEL LLP
555 South Flower Street, Forty-Fifth Floor
Los Angeles, California 90071
Telephone: 213.542.8000
Facsimile: 213.542.8100

Attorneys for Defendant
Central Bank & Trust Co. & for Non-Party, Timothy R. Wiseman

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>Douglas Alan Wain, Elisa Wain,<br><br>Debtors | CASE NO. 1:24-bk-11814-MB<br><br>CHAPTER 13<br><br>JUDGE Martin R. Barash |
| DOUGLAS ALAN WAIN and ELISA WAIN<br><br>Plaintiffs<br>v.<br><br>CENTRAL BANK & TRUST CO.<br><br>Defendant | Adv. Proc. No. 1:25-ap-01026-MB<br><br>**NON-PARTY TIMOTHY R. WISEMAN'S DECLARATION IN SUPPORT OF MOTION TO QUASH**<br><br>HEARING: To Be Set by Court<br><br>Time: 11:30 am<br>Courtroom: 303<br>Address: 21041 Burbank Blvd.<br>Woodland Hills, CA 91367 |

**TO THE COURT AND THE DEBTORS/PLAINTIFFS:**

Non-party Timothy R. Wiseman, Esq. ("Mr. Wiseman"), hereby submits the attached Declaration of Timothy Wiseman in support of his Motion(Docket No. 58) to quash the



Haight

Subpoena to Testify at a Deposition (the "Subpoena") served on him, by Plaintiffs Douglas Alan Wain and Elisa Wain ("Plaintiffs" or "Wain)

Respectfully submitted,

.

DATED: August 14, 2026

HAIGHT BROWN & BONESTEEL LLP

By: *<u>/s/ William E. Ireland</u>*
William E. Ireland
Attorneys for Defendant
Central Bank & Trust Co.

Haight

**DECLARATION OF TIMOTHY R. WISEMAN, COUNSEL FOR PLAINTIFF**

I, Timothy R. Wiseman, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am an attorney licensed to practice law in the Commonwealth of Kentucky and am counsel of record for Defendant Central Bank & Trust Co. ("Central Bank" or "CBT") in the underlying Kentucky state-court litigation referenced in Plaintiffs' complaint. I make this declaration based upon my personal knowledge and, if called as a witness, could and would testify competently thereto.

2. I submit this declaration in support of my Motion to Quash, or in the Alternative for a Protective Order Limiting the Scope of, Plaintiffs' Subpoena to Testify at a Deposition.

3. Plaintiffs have served a subpoena requiring me to appear for a deposition regarding six identified topics, including the preparation of Central Bank's proof of claim, an evidentiary declaration filed in this adversary proceeding, the foreclosure proceedings conducted in Kentucky state court, and Joint Status Reports filed in a separate federal action pending in the Eastern District of Kentucky.

4. I am litigation counsel for Central Bank. I was not a participant in the underlying loan transactions, payment processing, accounting functions, foreclosure sale administration, surplus distribution calculations, or wage-garnishment accounting that Plaintiffs seek to examine through this subpoena.

5. My knowledge concerning the amounts reflected in Central Bank's proof of claim was derived from information, records, and documentation maintained by Central Bank and provided to me in the course of my representation of the bank, together with publicly available court records.

6. I did not personally calculate the amounts underlying the proof of claim, including any application of foreclosure-sale proceeds, surplus proceeds, or wage-garnishment payments.

7. To the extent Plaintiffs seek information regarding the accounting or mathematical basis for amounts claimed by Central Bank, the persons with the most direct and personal knowledge are Central Bank employees and representatives responsible for maintaining and reviewing those records.

8. Any testimony I could provide regarding such calculations would simply describe my reliance on records provided by Central Bank personnel and would not provide information superior to that available directly from Central Bank itself.

9. The evidentiary declaration I filed in this adversary proceeding was submitted for the purpose of authenticating and placing into the record documents from the underlying



Haight

Kentucky state-court litigation. My knowledge concerning that declaration is limited to the authenticity and source of those court records.

10. The documents attached to that declaration are publicly filed court records equally available to Plaintiffs and other parties.

11. With respect to the Kentucky foreclosure action and related proceedings, I served as counsel for Central Bank. I have no independent factual knowledge concerning the underlying events apart from information obtained in my role as legal counsel.

12. Any testimony I could provide concerning those proceedings would largely duplicate matters reflected in the publicly available court record.

13. Topic 5 of the subpoena seeks testimony concerning Joint Status Reports filed in *Wain v. Central Bank & Trust Co., et al.*, Civil Action No. 5:23-cv-00139-REW-MAS, pending in the United States District Court for the Eastern District of Kentucky.

14. The Joint Status Reports were filed in a separate lawsuit and do not concern the preparation, calculation, or administration of Central Bank's proof of claim in this bankruptcy case.

15. In my view, testimony regarding those Joint Status Reports would not assist in resolving any issue concerning the validity, amount, or basis of Central Bank's proof of claim.

16. Much of the information sought by the subpoena concerns matters learned by me during the course of representing Central Bank and necessarily implicates attorney-client communications, attorney mental impressions, legal analysis, litigation strategy, and attorney work product.

17. Responding fully to questioning on those subjects would create a substantial risk of disclosure of privileged and protected information.

18. To the extent non-privileged factual information exists regarding the matters identified in the subpoena, that information is available from less burdensome sources.

19. Requiring me, as litigation counsel, to sit for a broad deposition concerning these subjects would impose a substantial burden and would not provide Plaintiffs with information that cannot be obtained more directly from other sources.

Haight

20. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 14th day of August, 2026, in Lexington, Kentucky.

______________________________

Timothy R. Wiseman

**PROOF OF SERVICE**

In Re Douglas Alan Wain; Elisa Wain

Case No. 1:24-bk-11814

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 555 South Flower Street, Forty-Fifth Floor, Los Angeles, CA 90071.

I hereby certify that on August 17, 2026, a true and correct copy of the foregoing was served: (i) via the Court's CM/ECF electronic filing system upon all parties registered to receive electronic notice in the above-captioned adversary proceeding; and (ii) via electronic mail upon Douglas Alan Wain and Elisa Wain, Plaintiffs Pro Per, P.O. Box 7473, Westlake Village, CA 91359, douglaswain@gmail.com.:

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address wireland@hbblaw.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 17, 2026, at Los Angeles, California.

*William Ireland*

William Ireland



Haight

**SERVICE LIST**
**In Re Douglas Alan Wain; Elisa Wain**
**Case No. 1:24-bk-11814**

Douglas Wain
Elisa Wain
P.O. Box 7473
Westlake Village, CA 91359

Tel: 859.494.3677
douglaswain@gmail.com

***Plaintiffs in Pro Per***

Haight