William E. Ireland (Bar No. 115600)
*wireland@hbblaw.com*
HAIGHT BROWN & BONESTEEL LLP
555 South Flower Street, Forty-Fifth Floor
Los Angeles, California 90071
Telephone: 213.542.8000
Facsimile: 213.542.8100

Attorneys for Defendant
Central Bank & Trust Co.

Haight

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>Douglas Alan Wain, Elisa Wain,<br><br>Debtors<br>_____<br><br>DOUGLAS ALAN WAIN and ELISA WAIN<br><br>Plaintiffs<br>v.<br><br>CENTRAL BANK & TRUST CO.<br><br>Defendant | CASE NO. 1:24-bk-11814-MB<br><br>CHAPTER 13<br><br>JUDGE Martin R. Barash<br><br>Adv. Proc. No. 1:25-ap-01026-MB<br><br>**DEFENDANT CENTRAL BANK OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL REGARDING DEPOSITIONS** |

**TO THE COURT AND THE DEBTORS/PLAINTIFFS:**

COMES NOW, Defendant Central Bank & Trust, Co. ("Central Bank") and opposes the Plaintiff's Motion for various Orders and other relief relating to Depositions. Central Bank has set forth its positions regarding the individual disputes in the Joint Stipulation, but in light of the Plaintiff's Requests, it responds as follows:

1. The parties and judicial economy would be best served by the Court's ruling on the pending motions relating to the Plaintiffs claims. The Plaintiffs Objection to Defendant's Claim, and the Plaintiffs Motion for Summary Judgment are both fully briefed

and ripe for decision. Ruling on those matters would almost certainly make the pending motions obsolete.

2. The core issue in this case is whether the Plaintiffs can persuade this Court to disregard the application of Kentucky law by Kentucky courts that have aggrieved the Plaintiffs. The complaint asks this Court to review, invalidate, or effectively overturn Kentucky state-court rulings in seeking to object to Central Bank's proof of claim. No discovery is necessary for those claims and Plaintiffs have had since May 30, 2025 for any discovery.

3. Despite Plaintiffs' characterization of the proceeding as a "core" matter, nearly every claim concerns alleged injuries arising from alleged prepetition conduct unrelated to the administration of the bankruptcy estate. The Wains allege elder financial abuse (under CA law against a KY defendant for prepetition actions in KY), conversion, due process, civil rights under 42 U.S.C. § 1983, subordination, misrepresentation, deficiency judgment, case-closure misrepresentation, and satisfaction of debt under Kentucky law. These do not belong before this Court. The Court can dismiss those claims at any time, and Central Bank has lodged a Motion for Judgement on the Pleadings with accompanying Request for Judicial Notice to request the dismissal of those claims.

4. Central Bank believes that ruling on the pending motions, including if the Court deems necessary, the separately filed Motion for Judgement on the Pleadings would make this motion and indeed all the discovery sought by Plaintiffs moot.

5. Meeting and conferring with Pro Se plaintiffs can be very challenging. In this matter, for example, plaintiffs have refused to agree that Mr. Wain will appear for deposition. He refused to agree to appear on the afternoon of a morning deposition, even though that is common, and refused to appear on August 19 when there is no other deposition scheduled because he counted that as being his "third day of deposition". That arithmetic was based on his having noticed a deposition that he knew would not proceed on August 17(the deposition sought of opposing counsel in the Kentucky litigation—Tim Wiseman), and his noticed deposition on August 18. That does not make August 19 his

"third day of deposition." As of the date of this filing, Mr. Wain has refused to appear for deposition on a day when counsel is available.

6. As long as Mr. Wain refuses to appear for his deposition, where his deposition is to occur is secondary. But he has also refused to appear in person for his deposition and wants only to appear remotely. Central Bank has not agreed to depose him remotely and the choice of venue and jurisdiction for this action was his. Central Bank would have preferred to have this matter proceed in Kentucky where the property and its personnel are located. If the Court requires further briefing, Central Bank will provide it, but it prefers not to dive into the morass of misleading claims that are the bulk of plaintiff's moving papers. Negotiating with pro se plaintiffs can be very challenging and when a pro se plaintiff refuses to answer questions, or to agree to appear for his deposition, etc. it can be more difficult. Defendant will submit a brief Declaration on some of the issues but will not respond point by point because that serves no real purpose.

## Conclusion

For the foregoing reasons, and as set forth in the Joint Statement and the Ireland Declaration Defendant Central Bank & Trust, Co. respectfully requests that the Court deny the Plaintiffs any relief, and order Plaintiff, Mr. Wain to appear for his deposition in person on a date acceptable to Defense counsel, and grant such other and further relief as the Court deems just and proper, including, but not limited to, barring the Wains from filing additional pleadings without prior permission from the Court.

DATED: August 18 HAIGHT BROWN & BONESTEEL LLP

By: *William Ireland*
William E. Ireland
Attorneys for Defendant
CENTRAL BANK & TRUST CO.

Haight

Haight

# DECLARATION OF WILLIAM E. IRELAND

I, William E. Ireland, declare as follows:

1. I am an attorney at the law firm of Haight Brown & Bonesteel LLP counsel of record for Defendant CENTRAL BANK & TRUST CO. in the above-captioned action. I am a member in good standing of the State Bar of California. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath. I submit this declaration in support of CENTRAL BANK'S MOTION FOR JUDGMENT.

2. In my experience, negotiating and meeting and conferring with pro se plaintiffs can be challenging. Unless requested by the Court, I see no purpose to correcting or contradicting the plaintiffs narrative, or amplifying their actions.

3. The purpose of our meet and confer was to work out issues relating to depositions. That was extremely difficult for many reasons.

4. My key issue was to try to confirm a date for the deposition of Mr. Wain. We have never been provided a mutually acceptable date for that deposition. That was and is the only discovery requested by Defendant. We noticed his deposition for the afternoon of August 24, 2026. He refused to appear on that date because there was a morning deposition scheduled for that same date.

5. He offered dates that I told him were not acceptable because I was unavailable. He also suggested dates after the discovery cutoff. Those options were not acceptable.

6. After much discussion, and entanglements, August 19, 2026 was free for Mr. Wain's deposition as the deposition that was scheduled for that date was changed to another date.

7. We attempted to confirm August 19, 2026 for Mr. Wain's deposition. He refused to agree because he said it was his "third day of deposition". That math was based on depositions he had noticed for August 17 and 18, and not his own deposition.

Haight

8. Mr. Wain has refused to appear on August 19, 2026 and has not agreed to appear on any date when I am available and that is before the discovery cutoff.

9. Mr. Wain has also taken the position that he cannot be required to appear in person for his deposition. We have not agreed to depose him remotely and he chose the jurisdiction and venue so appearing in person is assumed to be reasonable.

10. Luther Deaton, who the Plaintiff seek to depose, is the chairman, president and CEO for Central Bank & Trust, and Central Bancshares, Inc. The latter is not a party to this action. Plaintiff has not identified any documents relating to this action that were signed by Deaton or "touched" by Deaton in any way. Plaintiff has not claimed that Deaton had on connection to this action, or this transaction—only that his name apparently appears in public records as the apex executive.

11. Timothy Wiseman, who the Plaintiffs seek to depose is the attorney of record in the litigations in Kentucky, where the Kentucky courts rejected the Wains' claims, which led them to file this current bankruptcy and adversary action. That does not make him a witness in this action. While he has not yet made an appearance in this lawsuit, I expect that he may be involved in the Kentucky depositions that Plaintiff seeks to take in this matter.

12. Mr. Wiseman submitted a declaration in this matter, which authenticates documents. Plaintiff has not objected to the authenticity of those documents at any point in this litigation.

Executed on this 18th day of August, 2026, at Los Angeles, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

*/s/ William E. Ireland*
William E. Ireland

Haight

**PROOF OF SERVICE**

In Re Douglas Alan Wain; Elisa Wain

Case No. 1:24-bk-11814

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 555 South Flower Street, Forty-Fifth Floor, Los Angeles, CA 90071.

On August 18, 2026, I served true copies of the following document(s) described as on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address jsoto@hbblaw.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 18, 2026, at Los Angeles, California.

*Jennifer Soto*

Jennifer Soto

**SERVICE LIST**
**In Re Douglas Alan Wain; Elisa Wain**
**Case No. 1:24-bk-11814**

Douglas Wain
Elisa Wain
P.O. Box 7473
Westlake Village, CA 91359

Tel: 859.494.3677
douglaswain@gmail.com

***Plaintiffs in Pro Per***

Haight