William E. Ireland (Bar No. 115600)
*wireland@hbblaw.com*
HAIGHT BROWN & BONESTEEL LLP
555 South Flower Street, Forty-Fifth Floor
Los Angeles, California 90071
Telephone: 213.542.8000
Facsimile: 213.542.8100

Attorneys for Defendant
Central Bank & Trust Co.

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>Douglas Alan Wain, Elisa Wain,<br><br>Debtors<br><br>DOUGLAS ALAN WAIN and ELISA WAIN<br><br>Plaintiffs<br>v.<br><br>CENTRAL BANK & TRUST CO.<br><br>Defendant | CASE NO. 1:24-bk-11814-MB<br><br>CHAPTER 13<br><br>JUDGE Martin R. Barash<br><br>Adv. Proc. No. 1:25-ap-01026-MB<br><br>**DEFENDANT CENTRAL BANK & TRUST, CO.'S MOTION TO QUASH DEPOSITION OF AN APEX EXECUTIVE; RULE 45(f) CONSENT TO JURISDICTION**<br><br>HEARING: To be set by Court<br><br>Time: to be set<br>Courtroom: 303<br>Address: 21041 Burbank Blvd.<br>Woodland Hills, CA 91367 |

**TO THE COURT AND THE DEBTORS/PLAINTIFFS:**

Central Bank & Trust Co. ("Central Bank"), by and through undersigned counsel, respectfully moves this Court, pursuant to Federal Rule of Civil Procedure 45(d)(3), made applicable in this bankruptcy proceeding by Federal Rule of

Bankruptcy Procedure 9016, to quash the Notice to Take Deposition (the "Deposition Notice") served on it seeking to depose Luther Deaton, by Plaintiffs Douglas Alan Wain and Elisa Wain ("Plaintiffs" or "Wain"). As set forth below, Central Bank consents under Rule 45(f) to this Court resolving this motion even though the Eastern District of Kentucky is where compliance is required.

## INTRODUCTION

Plaintiffs seek to depose Luther Deaton, the CEO and President of Central Bank. The Deposition Notice should be quashed because it seeks an unnecessary apex deposition of a high-ranking executive who lacks unique, first-hand knowledge of the disputed facts. Courts routinely protect senior executives from depositions where the information sought may be obtained through less intrusive means, including depositions of lower-level employees, written discovery, and corporate representative testimony.

Plaintiffs have not exhausted those alternative discovery methods and has failed to demonstrate that Mr. Deaton possesses unique information unavailable from other sources. Accordingly, the deposition imposes an undue burden and should be quashed.

## FACTUAL BACKGROUND



Haight

1. Mr. Deaton serves as the Chairman, President and CEO for Central Bank & Trust, and of Central Bancshares, its parent company. Central Bancshares is not a party to this case.[1]
2. Mr. Deaton oversees broad strategic and organizational matters involving the corporations.
3. Mr. Deaton was not directly involved in the day-to-day events giving rise to Plaintiffs' claims.
4. Discovery has established that employees below were responsible for the matters at issue, including Becky Mullins and Donna Craven.
5. Plaintiff has already obtained, or may obtain, information concerning the underlying facts through:
    - Document production;
    - Interrogatories;
    - Depositions of employees with direct involvement, including Steve Hall and Donna Craven; and
    - Other less burdensome discovery methods.
6. Despite the availability of these alternative sources, Plaintiffs served the Deposition Notice seeking to depose Mr. Deaton.

## ARGUMENT

[1] *See* Mullins Declaration, filed herewith.



Haight

## I. THE COURT SHOULD QUASH THE DEPOSITION NOTICE UNDER THE APEX DEPOSITION DOCTRINE.

No information resides with Central Bank's chief executive officer, who is an "apex" deponent. Courts recognize that depositions of high-ranking corporate officials present a substantial risk of harassment, disruption, and undue burden. The purpose of the apex doctrine is to prevent litigants from using executive depositions as leverage, harassment, or a means of imposing disproportionate discovery burdens. Accordingly, courts frequently prohibit or postpone such depositions unless the party seeking discovery demonstrates that:

1. The executive possesses unique or superior personal knowledge of relevant facts; and
2. The information cannot be obtained through less intrusive discovery methods.

*See Affinity Labs of Texas v. Apple, Inc.*, No. C 09-4436 CW JL, 2011 WL 1753982, at *17 (N.D. Cal. May 9, 2011) ("In this case, Affinity fails to show that Steve Jobs has unique and personal knowledge of facts relevant to this litigation, which cannot be obtained through less intrusive discovery, for example, interrogatories, requests for admissions, or other depositions."). California state law reaches the same conclusion. A plaintiff may not depose a corporate president or officer at the "apex" of the corporate hierarchy absent (1) a reasonable indication of the officer's personal knowledge of the case and, (2) exhaustion of less intrusive discovery methods. *Liberty Mutual Ins. Co. v. Superior Court (1992)* 10 Cal. App. 4th 1282. Plaintiffs cannot make this showing, and Central Bank made this clear to



Haight

the Plaintiffs after receiving the Deposition Notice. Nevertheless, Plaintiffs have not withdrawn it.

Even though Plaintiffs represent themselves, they are subject to same good-faith requirements binding all litigants. *United States v. Flewitt*, 874 F.2d 669, 675 (9th Cir. 1989) ("A defendant proceeding pro se, or requesting to proceed pro se, is subject to the same good faith limitations imposed on lawyers, as officers of the court.") Here, Plaintiffs lack a good-faith basis for this deposition and yet they persist. This is not the first time the Plaintiffs have done so. **The Kentucky Court of Appeals has noted problems when faced with a *pro se* filing from Mr. Wain**:

> We will not forgive a complete disregard for the Civil Rules, especially when such disregard also takes the form of accusations which are unsubstantiated, irrelevant, and unaddressed at the trial court level. Therefore, we strike Wain's Statement of the Case from the appellate record. We further strike the unsupported accusations concerning Mayor Gray, Partners for Youth, and the trial court judge that Wain makes on pages eight and nine of his brief.

*Wain v. Lexington-Fayette Urban Cty. Gov't*, No. 2014-CA-001526-MR, 2016 Ky. App. Unpub. LEXIS 273, at *6 (Ct. App. Apr. 8, 2016). Plaintiffs' continued efforts to abuse discovery must be ended.

## II. PLAINTIFFS HAVE FAILED TO SHOW THAT MR. DEATON POSSESSES UNIQUE, PERSONAL KNOWLEDGE.

A deposition of a senior executive is not justified merely because the executive occupies a prominent leadership role or maintains ultimate responsibility for company operations.



Haight

Here, Plaintiffs have identified no evidence demonstrating that Mr. Deaton has unique, first-hand knowledge of facts relevant to the claims or defenses in this action. Instead, the relevant events were handled by employees and managers who possess direct knowledge of the underlying circumstances. And Plaintiffs are being afforded the opportunity to question these employees. Any information potentially known to Mr. Deaton is either derived from reports prepared by others or duplicative of information available through other witnesses and discovery materials. Because Plaintiffs cannot establish that Mr. Deaton possesses non-duplicative, first-hand knowledge, the requested deposition is improper.

## III. LESS BURDENSOME DISCOVERY METHODS HAVE NOT BEEN EXHAUSTED.

The apex doctrine generally requires a party to pursue less intrusive discovery before seeking testimony from a senior executive.

Plaintiffs have not exhausted available discovery avenues, including:

- Depositions of employees directly involved in the events at issue;
- Targeted written discovery; and
- Follow-up discovery based on produced documents.

Until those less burdensome methods have been utilized, a deposition of Mr. Deaton is premature and unnecessary.



Haight

Haight

## IV. THE DEPOSITION NOTICE IMPOSES AN UNDUE BURDEN AND IS DISPROPORTIONATE TO THE NEEDS OF THE CASE.

Under Rule 26 and/or Rule 45, discovery must be proportional to the needs of the litigation and must not impose undue burden or expense.

As CEO of Central Bank, Mr. Deaton bears responsibility for managing significant corporate operations and obligations. Requiring a deposition absent a showing of unique personal knowledge would impose substantial burden while no relevant information unavailable elsewhere. There is no benefit of the proposed deposition, and even if there were, that benefit would be significantly outweighed by the burden imposed, making the notice improper and subject to quashing.

## CONCLUSION

For the foregoing reasons, Central Bank respectfully requests that the Court:

1. Quash the notice seeking Mr. Deaton's deposition;

2. Award such other relief as the Court deems appropriate, including but not limited to an award of the fees incurred in opposing this discovery; and

3. Alternatively, enter a protective order precluding the deposition unless and until Plaintiffs demonstrate that less burdensome discovery methods have been exhausted and that Mr. Deaton possesses unique, first-hand knowledge unavailable from other sources.

DATED: August 24, 2026

HAIGHT BROWN & BONESTEEL LLP

By: *\/s/ William E. Ireland*
William E. Ireland
Attorneys for Defendant
CENTRAL BANK & TRUST CO.

Haight

# DECLARATION OF BECKY MULLINS

I, Becky Mullins, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am a Senior Vice President for Defendant Central Bank & Trust Co. ("Central Bank" or "CBT") in the underlying Kentucky state-court litigation referenced in Plaintiffs' complaint. I make this declaration based upon my personal knowledge and, if called as a witness, could and would testify competently thereto.
2. I submit this declaration in support of Central Bank's Motion to Quash, regarding Luther Deaton.
3. Mr. Deaton serves as the Chairman, President and CEO for Central Bank & Trust, and of Central Bancshares, its parent company. Central Bancshares is not a party to this case.
4. Mr. Deaton oversees broad strategic and organizational matters involving the corporations.
5. Mr. Deaton was not directly involved in the day-to-day events giving rise to Plaintiffs' claims.
6. Employees below Mr. Deaton were responsible for the matters at issue, including Donna Craven, myself, and former Central Bank employee Steve Hall.

.

7. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 24th day of August, 2026, in Lexington, Kentucky.

Becky Mullins

Becky Mullins

Haight

# PROOF OF SERVICE

In Re Douglas Alan Wain; Elisa Wain

Case No. 1:24-bk-11814

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 555 South Flower Street, Forty-Fifth Floor, Los Angeles, CA 90071.

I hereby certify that on August 24, 2026, a true and correct copy of the foregoing was served: (i) via the Court's CM/ECF electronic filing system upon all parties registered to receive electronic notice in the above-captioned adversary proceeding; and (ii) via electronic mail upon Douglas Alan Wain and Elisa Wain, Plaintiffs Pro Per, P.O. Box 7473, Westlake Village, CA 91359, douglaswain@gmail.com.:

I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 24, 2026, at Los Angeles, California.

*William Ireland*

William Ireland

Haight

# DECLARATION OF BECKY MULLINS

*** *** *** *** ***

Comes the Declarant, Declarant, upon information and belief, and after having been duly sworn, states as follows:

1. She is a Senior Vice President of Central Bank & Trust Co. ("Central Bank").

2. She has personal knowledge as to all of the facts contained herein.

3. She is custodian of Central Bank's records as to the transactions that are the subject matter of this action, the Chapter 13 bankruptcy proceeding filed by Douglas A. Wain and Elisa Wain (the "Wains") on October 30, 2024, in the Central District of California and assigned the Case No. 1:24-BK-11814-MB, and the 2019 foreclosure action against the Wains to collect the mortgage indebtedness owed to Central Bank in the then-due amount of $358,412.712.

4. She is familiar with any and all payments that have been made on the subject account.

5. The foreclosure action against the Wains was filed in Fayette Circuit Court and styled as *Central Bank & Trust Co. v. Douglas A. Wain and Elisa Wain*, Case No. 19-812 ("Fayette Circuit Action"). A copy of the complaint filed in the Fayette Circuit Action is attached as Exhibit A.

6. On January 20, 2021, Fayette Circuit Court entered partial summary judgment, judgment on the pleadings, and order of sale (the "Judgment"). A copy of the Judgment is attached as Exhibit B. The Judgment in favor of Central Bank awarded $358,412.72, plus interest at the variable rate provided in the parties' agreement (then $52.70 per diem) from March 6, 2019, until paid, plus costs expended and attorneys' fees.

7. Central Bank applied the distribution of sale proceeds it received from the Master Commissioner and garnishments it obtained from the Wains against the amount due under the Judgment.

8. As of December 19, 2024, the amount due under the Judgment was $357,990.91 plus additional interest, costs, and fees. See calculations attached as Exhibit C.

Dated this ____________________________.

I declare under penalty of perjury under the laws of the United States of America that the foregoing statements are true and correct. Executed on August 24, 2026.

Becky Mullins
Becky Mullins

***4928-6608-7113.1***