**INTERROGATORY NO. 9:**

*Describe CBT's policies and procedures, in effect at any time during the relevant period, governing the furnishing of consumer account information to consumer reporting agencies and the investigation of consumer disputes under the Fair Credit Reporting Act.*

**RESPONSE:**

Subject to and without waiving the General Objections, Central Bank incorporates its response to Interrogatory No. 8 and objects on the same grounds of relevance and overbreadth.

**INTERROGATORY NO. 10:**

*Describe each charge-off, write-down, reserve, recovery, or other accounting entry made by CBT with respect to the Wain Account from 2019 to the present, stating for each the date, the amount, the general-ledger account affected, and the person who authorized the entry.*

**RESPONSE:**

Subject to and without waiving the General Objections, Central Bank objects that this Interrogatory contains discrete subparts. Subject to that objection, pursuant to Rule 33(d), Central Bank refers Plaintiffs to the documents attached to its Proof of Claim and the documents previously produced to the Plaintiffs marked as CB-WAIN 0001 to 0738.

**INTERROGATORY NO. 11:**

*Identify all collection activities undertaken by CBT or on its behalf against Plaintiffs from 2019 to the present, including the date, nature, and result of each activity, and the identity of each person or entity who conducted it.*

**RESPONSE:**

Subject to and without waiving the General Objections, Central Bank objects that this Interrogatory contains discrete subparts and is overbroad in temporal scope. Subject to those objections, pursuant to Rule 33(d), Central Bank refers Plaintiffs to the documents attached to its Proof of Claim and the documents previously produced to the Plaintiffs marked as CB-WAIN 0001 to 0738.



Haight

**INTERROGATORY NO. 12:**

*Identify each law firm and attorney engaged by CBT in connection with any of the Wain Matters, and for each state the matter involved, the date and scope of engagement, and whether any conflict-of-interest analysis was performed at the time of engagement.*

**RESPONSE:**

Subject to and without waiving the General Objections, Central Bank objects to the request to state "whether any conflict-of-interest analysis was performed" and to describe the same, on the grounds that any such analysis is protected by the attorney-client privilege and/or attorney work-product doctrine, is not relevant to any claim or defense pleaded in this adversary proceeding, and is not proportional to the needs of the case. Central Bank withholds this information on that basis and will not supplement absent further order of the Court. The only other counsel engaged for the "Wain Matters" was Fowler Bell PLLC, a matter of public record known to the Plaintiffs.

**INTERROGATORY NO. 13:**

*State whether CBT performed any conflict-of-interest analysis prior to or during its engagement of Stoll Keenon Ogden PLLC, Fowler Bell PLLC, Dentons Bingham Greenebaum LLP, Frost Brown Todd LLC, or Haight Brown & Bonesteel LLP in connection with any of the Wain Matters, and if so, describe the analysis performed and identify each person who performed it.*

**RESPONSE:**

Subject to and without waiving the General Objections, Central Bank objects to this Interrogatory in its entirety on the grounds that it seeks information protected by the attorney-client privilege and attorney work-product doctrine, is not relevant to any claim or defense pleaded in this adversary proceeding, and it is not proportional to the needs of the case. Any conflict-of-interest analysis performed by or for Central Bank's counsel concerns

Haight

the internal deliberative process of counsel's representation and is not a proper subject of discovery by an opposing party. Central Bank withholds this information on that basis.

**INTERROGATORY NO. 14:**

*Identify each CBT officer, employee, or agent responsible for retaining, supervising, or directing outside counsel or third-party agents in connection with collection or litigation activities against Plaintiffs, and describe the authority delegated to such counsel or agents.*

**RESPONSE:**

Subject to and without waiving the General Objections, Central Bank objects to this Interrogatory in its entirety on the grounds that it seeks information protected by the attorney-client privilege and attorney work-product doctrine, is not relevant to any claim or defense pleaded in this adversary proceeding, and it is not proportional to the needs of the case.

**INTERROGATORY NO. 15:**

*Identify and describe each subordination agreement affecting CBT's lien position with respect to the subject property, including the subordination agreement identified in Plaintiffs' February 26, 2026 Unilateral Status Report, stating the parties to each agreement, its date, and its effect on CBT's lien priority.*

**RESPONSE:**

Subject to and without waiving the General Objections, Central Bank objects to this Interrogatory because is not relevant to any claim or defense pleaded in this adversary proceeding, and it is not proportional to the needs of the case. Central Bank further objects to the extent it mischaracterizes documents and seeks legal conclusions about lien priority.

**INTERROGATORY NO. 16:**

*Identify each present or former CBT officer, employee, agent, or director with knowledge of the Wain Account, the Proof of Claim, or any of the Wain Matters, and for each state the subject(s) on which that person has knowledge.*

Haight

Haight

**RESPONSE:**

Subject to and without waiving the General Objections, Central Bank objects that this Interrogatory is overbroad and not proportional to the needs of the case to the extent it seeks identification of every person with any knowledge of any of the broadly defined "Wain Matters," which would encompass a potentially unlimited universe of personnel across multiple years and multiple proceedings. Subject to that objection, Central Bank will identify those persons with knowledge of the specific disputed facts at issue in this adversary proceeding, namely the calculation of the Proof of Claim, the foreclosure sale distribution, and the application of surplus proceeds and garnishment funds.

**INTERROGATORY NO. 17:**

*State the role of Timothy R. Wiseman with respect to the Proof of Claim and his Evidentiary Declaration filed in this adversary proceeding on February 12, 2026, and identify the source of the information set forth in that declaration.*

**RESPONSE:**

Subject to and without waiving the General Objections, Central Bank states that Timothy R. Wiseman is an attorney with Stoll Keenon Ogden PLLC who has represented Central Bank in connection with certain of the Wain Matters, and that the factual statements in his Evidentiary Declaration filed February 12, 2026 were based on his review of Central Bank 's business records and information provided to him in the course of that representation. Central Bank objects to the extent this Interrogatory calls for disclosure of privileged attorney-client communications or work product concerning the preparation of the Declaration, and withholds any such information on that basis.

**INTERROGATORY NO. 18:**

*State whether CBT's audited consolidated financial statements for fiscal years 2019 through 2025 disclosed, accounted for, or reserved against any loss contingency arising from the Wain Matters, and if so, describe the disclosure, accounting treatment, or reserve for each such year.*

Haight

**RESPONSE:**

Subject to and without waiving the General Objections, CBT states that its audited consolidated financial statements for fiscal years 2019 through 2025 are business records that speak for themselves, and CBT will produce those statements in response to the corresponding document request. CBT objects to the extent this Interrogatory calls for a legal conclusion as to whether disclosure was required under applicable accounting standards.

**INTERROGATORY NO. 19:**

*For each fiscal year from 2019 through 2025, state the legal-fee component of the "Professional services" line item reported in CBT's audited consolidated statements of income, identify each law firm or vendor to which professional-services payments were made, and state the amount allocated to the Wain Matters.*

**RESPONSE:**

Subject to and without waiving the General Objections, CBT objects to this Interrogatory on the grounds that it seeks CBT's confidential and proprietary financial information regarding matters unrelated to the Wain Matters, seeks information protected by the attorney-client privilege and work-product doctrine to the extent billing detail reflects the nature and scope of legal services rendered, is not relevant to any claim or defense pleaded in this adversary proceeding, and is not proportional to the needs of the case. CBT withholds this information on that basis.

**INTERROGATORY NO. 20:**

*Describe all communications between CBT and Crowe LLP regarding the Wain Matters during fiscal years 2019 through 2025, including any audit-inquiry response, management representation letter, or assessment of loss contingencies relating to the Wain Matters, and identify each person who participated in those communications.*

**RESPONSE:**

Subject to and without waiving the General Objections, Central Bank objects to this Interrogatory on the grounds that communications between CBT, its counsel, and its outside

auditor concerning loss-contingency assessment, including audit-inquiry responses and management representation letters, are protected by the attorney-client privilege and/or attorney work-product doctrine notwithstanding their provision to the auditor in connection with the audit function, and are not relevant to any claim or defense pleaded in this adversary proceeding.

**INTERROGATORY NO. 21:**

*Identify each insurance policy, including any directors-and-officers, errors-and-omissions, or banker's blanket bond policy, under which coverage has been or may be asserted in connection with the claims in this proceeding, and for each state the insurer, policy number, policy limits, and whether any notice of claim or reservation of rights has been issued.*

**RESPONSE:**

Subject to and without waiving the General Objections, Central Bank will identify any applicable insurance policy under which coverage has been or may be asserted in connection with the claims in this proceeding, consistent with its obligations under Rule 26(a)(1)(A)(iv). Central Bank objects to production or description of the substance of any reservation-of-rights correspondence with its insurer(s) on the grounds that such correspondence is protected by the attorney-client privilege and/or work-product doctrine, and withholds that portion on that basis.

**INTERROGATORY NO. 22:**

*State the basis for the reported increase in aggregate loans to related parties from $367,000 at year-end 2019 to $16,352,000 at year-end 2020, as disclosed in Notes 3 and 7 of CBT's annual reports, including any change in the definition of "related party" applied between those years.*

**RESPONSE:**

Subject to and without waiving the General Objections, Central Bank objects to this Interrogatory in its entirety on the grounds that it is not relevant to any claim or defense pleaded in this adversary proceeding, is not proportional to the needs of the case, and seeks information equally available to Plaintiffs from publicly filed annual reports referenced in



Haight

the Interrogatory itself, such that the burden of deriving or ascertaining the answer is not substantially greater for Plaintiffs than for Central Bank. Central Bank further objects that this Interrogatory concerns Central Bank ‘s institution-wide lending practices unrelated to the Wain Account and appears calculated to explore matters outside the scope of this proceeding. Indeed, this Interrogatory concerns the reports of non-party.

**INTERROGATORY NO. 23:**

*Describe the corporate governance structure of Central Bancshares, Inc. and Central Bank & Trust Co. during the relevant period, including the concurrent service of Luther Deaton, Jr. as Chairman, President, and Chief Executive Officer of both entities, and identify any audit, risk, compliance, or litigation-oversight committee with responsibility over the matters at issue.*

**RESPONSE:**

Subject to and without waiving the General Objections, Central Bank objects to this Interrogatory on the grounds that it is not relevant to any claim or defense pleaded in this adversary proceeding absent an alter-ego, veil-piercing, or similar theory connecting Central Bank's corporate governance structure to Plaintiffs' claims, and is not proportional to the needs of the case. Subject to and without waiving this objection, CBT states that Luther Deaton, Jr. has served as Chairman, President, and Chief Executive Officer of both Central Bank & Trust Co. and Central Bancshares, Inc., a matter of public record. Central Bank otherwise withholds a substantive response pending clarification of the relevance of this Interrogatory to the pleaded causes of action.

**INTERROGATORY NO. 24:**

*State whether CBT issued any litigation hold, document-preservation directive, or similar instruction in connection with Plaintiffs, the Foreclosure Proceeding, the Plaintiffs' bankruptcy case, or this adversary proceeding, and if so, state the date of issuance, the persons to whom it was directed, and its scope.*

**RESPONSE:**

Haight

Haight

Subject to and without waiving the General Objections, Central Bank objects that the content and scope of any litigation hold reflect the mental impressions and legal analysis of counsel and are protected by the attorney work-product doctrine. Subject to and without waiving this objection, Central Bank states that it undertook reasonable steps to preserve relevant documents and information upon reasonably anticipating litigation, and no spoliation of evidence has occurred.

**INTERROGATORY NO. 25:**

*Identify all facts and documents on which CBT relies in support of each affirmative defense it has asserted or intends to assert in response to Plaintiffs' thirteen causes of action in this adversary proceeding, including without limitation any defense based on the doctrines of res judicata, collateral estoppel, or the Rooker-Feldman doctrine.*

**RESPONSE:**

Subject to and without waiving the General Objections, CBT objects that this is a contention interrogatory as to which Central Bank is not obligated to provide a final and complete response until discovery is substantially complete, pursuant to Rule 33(a)(2). Central Bank further objects that the *Rooker-Feldman doctrine* is jurisdictional in nature rather than an affirmative defense requiring identification of supporting "facts." Subject to and without waiving these objections, CBT refers Plaintiffs to its Answer and states that it will supplement this response in accordance with Rule 26(e) as discovery progresses and its contentions are finalized.

DATED: August 5, 2026 HAIGHT BROWN & BONESTEEL LLP

By: */s/ William E. Ireland*
William E. Ireland
Attorneys for Defendant
Central Bank & Trust Co.

**PROOF OF SERVICE**

In Re Douglas Alan Wain; Elisa Wain

Case No. 1:24-bk-11814

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 555 South Flower Street, Forty-Fifth Floor, Los Angeles, CA 90071.

On August 5, 2026, I served true copies of the following document(s) described as on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address jsoto@hbblaw.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 5, 2026, at Los Angeles, California.

*Jennifer Soto*
Jennifer Soto

**SERVICE LIST**
**In Re Douglas Alan Wain; Elisa Wain**
**Case No. 1:24-bk-11814**

Douglas Wain
Elisa Wain
P.O. Box 7473
Westlake Village, CA 91359

Tel: 859.494.3677
douglaswain@gmail.com

***Plaintiffs in Pro Per***

Haight

# EXHIBIT 6

William E. Ireland (Bar No. 115600)
*wireland@hbblaw.com*
HAIGHT BROWN & BONESTEEL LLP
555 South Flower Street, Forty-Fifth Floor
Los Angeles, California 90071
Telephone: 213.542.8000
Facsimile: 213.542.8100

Attorneys for Defendant
Central Bank & Trust Co.

Haight

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>Douglas Alan Wain, Elisa Wain,<br><br>Debtors<br><br>DOUGLAS ALAN WAIN and ELISA WAIN<br><br>Plaintiffs<br>v.<br><br>CENTRAL BANK & TRUST CO.<br><br>Defendant | CASE NO. 1:24-bk-11814-MB<br><br>CHAPTER 13<br><br>JUDGE Martin R. Barash<br><br>Adv. Proc. No. 1:25-ap-01026-MB<br><br>**DEFENDANT CENTRAL BANK & TRUST, CO.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

Defendant Central Bank & Trust Co. ("Central Bank" or "Defendant") hereby responds to Plaintiffs Douglas Wain and Elisa Wain's ("Plaintiffs") First Set of Requests For Production of Documents as follows. These responses are made solely for the purposes of this adversary proceeding, without waiving, and expressly reserving, all objections as to competency, relevance, materiality, privilege, and admissibility of the information provided

herein as evidence for any purpose in any further proceeding, including the trial of this or any other action.

**GENERAL OBJECTIONS**

1. Central Bank objects to the Definitions and Instructions to the extent they purport to impose obligations broader than, or inconsistent with, the Federal Rules of Civil Procedure and Federal Rules of Bankruptcy Procedure, including the definitions of "Central Bank," "you," or "your" to the extent they purport to include entities, persons, or agents outside Central Bank's possession, custody, or control.

2. Central Bank objects to the definition of "Relating to" or "regarding" as overbroad, vague, and unduly burdensome to the extent it is construed to mean "in any way logically or factually connected with the matter discussed," which imposes no meaningful limitation and would require Central Bank to speculate as to remote or attenuated connections.

3. Central Bank objects to the "relevant period" of January 1, 2019 to the present as overbroad and not proportional to the needs of the case as to certain requests herein, where narrower time periods tied to the actual dispute (2019 loan origination and 2024 foreclosure sale/distribution) are more appropriate; Central Bank's specific time-period objections are noted request-by-request below.

4. Central Bank objects to each request to the extent it seeks information or documents protected from disclosure by the attorney-client privilege, the work-product doctrine, the joint-defense/common-interest privilege, or any other applicable privilege or protection. Any inadvertent disclosure of privileged or protected information shall not constitute a waiver of any privilege or protection, and Central Bank reserves the right to demand the return or destruction of any such information pursuant to Fed. R. Evid. 502 and the parties' discovery plan. Central Bank further objects to each request to the extent each seeks information regarding attorney retention, conflict analyses, litigation strategy, affirmative-defense development, auditor communications, litigation holds, or insurance communications protected from discovery

Haight

5. Central Bank objects to each request to the extent it seeks information neither relevant to any party's claim or defense in this adversary proceeding nor proportional to the needs of the case, considering the importance of the issues, the amount in controversy, the parties' relative access to the information, and the burden or expense of the proposed discovery, as required by Rule 26(b)(1).

6. Central Bank objects to each request to the extent it seeks confidential, proprietary, or commercially sensitive business information of Central Bank, or confidential personal or financial information of non-party officers, directors, or employees, without an appropriate protective order in place.

7. Central Bank objects to each request to the extent it seeks information equally available to Plaintiffs from public records, including the dockets and orders of the Fayette Circuit Court and this Court, on the ground that the burden of deriving such information is not substantially greater for Plaintiffs than for Central Bank.

8. Central Bank objects to each request to the extent it calls for legal conclusions or interpretations of court orders, statutes, or legal doctrines.

9. These General Objections are incorporated by reference into each specific response below, whether or not separately restated.

**RESPONSES**

**REQUEST FOR PRODUCTION NO. 1:**

*All documents constituting, supporting, or relating to the Proof of Claim in the amount of $357,990.91, including all accounting records, internal workpapers, ledgers, payment histories, and calculations underlying that amount.*

**RESPONSE:**

Subject to and without waiving the General Objections, Central Bank refers Plaintiffs to the documents attached to the Proof of Claim and those previously produced and labeled as CB-WAIN 00001 to 00738.

Haight

**REQUEST FOR PRODUCTION NO. 2:**

*All documents identifying each person who prepared, reviewed, or approved the Proof of Claim, and all communications relating to its preparation.*

**RESPONSE:**

Subject to and without waiving the General Objections, Central Bank refers Plaintiffs to the documents attached to the Proof of Claim and those previously produced and labeled as CB-WAIN 00001 to 00738.

**REQUEST FOR PRODUCTION NO. 3:**

*All documents relating to the Foreclosure Proceeding (Fayette Circuit Court Case No. 19-CI-00812), including the Master Commissioner's accounting, the report of sale, the order confirming the sale, and the March 7, 2024 Distribution Order.*

**RESPONSE:**

Subject to and without waiving the General Objections, Central Bank refers Plaintiffs to the documents attached to the Proof of Claim and those previously produced and labeled as CB-WAIN 00001 to 00738. Plaintiffs have equal access to the public records requested in this request and have copies of the same.

**REQUEST FOR PRODUCTION NO. 4:**

*All documents relating to the sale of the subject property for $630,003 and the distribution of the proceeds of that sale among lienholders, including any calculation of surplus or deficiency.*

**RESPONSE:**

Subject to and without waiving the General Objections, Central Bank refers Plaintiffs to the documents attached to the Proof of Claim and those previously produced and labeled as CB-WAIN 00001 to 00738.

Haight

**REQUEST FOR PRODUCTION NO. 5:**

*All documents relating to CBT's receipt of $66,884.60 from surplus proceeds and $4,185 from wage garnishments, and the application of those amounts against any indebtedness asserted against Plaintiffs.*

**RESPONSE:**

Subject to and without waiving the General Objections, Central Bank refers Plaintiffs to the documents attached to the Proof of Claim and those previously produced and labeled as CB-WAIN 00001 to 00738.

**REQUEST FOR PRODUCTION NO. 6:**

*All documents relating to CBT's furnishing of information about Plaintiffs to any consumer reporting agency, including Experian, Equifax, and TransUnion, and all dispute notices, automated consumer dispute verifications (ACDVs), and responses thereto from 2019 to the present.*

**RESPONSE:**

Subject to and without waiving the General Objections, Central Bank objects that this Request is not relevant to any claim or defense pleaded in this adversary proceeding and is overbroad in time. Central Bank further states that any furnishing or dispute handling was conducted in accordance with its then-existing procedures and applicable law.

**REQUEST FOR PRODUCTION NO. 7:**

*All policies, procedures, and training materials in effect during the relevant period governing CBT's furnishing of consumer information to consumer reporting agencies and its handling of consumer disputes.*

**RESPONSE:**

Subject to and without waiving the General Objections, Central Bank incorporates its response to Request No. 6 and objects on the same grounds of relevance and overbreadth.

**REQUEST FOR PRODUCTION NO. 8:**

*All documents from CBT's Special Assets unit relating to the Wain Account, including collection notes, account histories, charge-off and recovery records, and internal correspondence.*

**RESPONSE:**

Subject to and without waiving the General Objections, Central Bank objects to production of internal correspondence to the extent it reflects privileged communications with or work product of counsel. Central Bank refers Plaintiffs to the documents attached to the Proof of Claim and those previously produced and labeled as CB-WAIN 00001 to 00738.

**REQUEST FOR PRODUCTION NO. 9:**

*All board minutes, audit-committee minutes, and other committee minutes referring or relating to the Wain Account or any of the Wain Matters.*

**RESPONSE:**

Subject to and without waiving the General Objections, Central Bank objects that this Request is overbroad and disproportionate to the needs of the case as phrased. Central Bank refers Plaintiffs to the documents attached to the Proof of Claim and those previously produced and labeled as CB-WAIN 00001 to 00738.

**REQUEST FOR PRODUCTION NO. 10:**

*All documents reflecting any charge-off, write-down, reserve, recovery, or other accounting entry made by CBT with respect to the Wain Account.*

**RESPONSE:**

Subject to and without waiving the General Objections, Central Bank refers Plaintiffs to the documents attached to the Proof of Claim and those previously produced and labeled as CB-WAIN 00001 to 00738.

Haight

**REQUEST FOR PRODUCTION NO. 11:**

*All engagement letters, retention agreements, and conflict-of-interest waivers or analyses relating to CBT's engagement of Stoll Keenon Ogden PLLC, Fowler Bell PLLC, Dentons Bingham Greenebaum LLP, Frost Brown Todd LLC, and Haight Brown & Bonesteel LLP in connection with any of the Wain Matters.*

**RESPONSE:**

Central Bank objects to production of any conflict-of-interest waivers or analyses on the grounds that such materials are protected by the attorney-client privilege and/or work-product doctrine, are not relevant to any claim or defense pleaded in this adversary proceeding, and are not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 12:**

*All non-privileged communications between CBT and its outside counsel of record relating to the scope of engagement, conflict-of-interest analysis, and supervision of counsel in connection with the Wain Matters.*

**RESPONSE:**

Subject to and without waiving the General Objections, Central Bank states that communications between it and its outside counsel relating to the scope of engagement, conflict-of-interest analysis, and supervision of counsel are, by their nature, protected by the attorney-client privilege and/or work-product doctrine in their entirety, notwithstanding the Request's "non-privileged" qualifier. Central Bank further objects that this Request is not relevant to any claim or defense pleaded in this adversary proceeding and is not proportional to the needs of the case. Central Bank withholds responsive documents on this basis.

**REQUEST FOR PRODUCTION NO. 13:**

*All documents relating to any subordination agreement affecting CBT's lien position with respect to the subject property, including the agreement identified in Plaintiffs' February 26, 2026 Unilateral Status Report.*

Haight

**RESPONSE:**

Central Bank objects to the extent it mischaracterizes documents and seeks legal conclusions about lien priority. Subject to and without waiving the General Objections, Central Bank refers Plaintiffs to the documents attached to the Proof of Claim and those previously produced and labeled as CB-WAIN 00001 to 00738.

**REQUEST FOR PRODUCTION NO. 14:**

*CBT's audited consolidated financial statements, including all notes thereto, for fiscal years 2019 through 2025.*

**RESPONSE:**

Subject to and without waiving the General Objections, Central Bank objects that this Request is irrelevant, overbroad, and disproportionate to the needs of the case as phrased. Further, the financial statements concern a non-party to this case.

**REQUEST FOR PRODUCTION NO. 15:**

*All documents relating to the composition of the "Professional services" line item in CBT's audited consolidated statements of income for fiscal years 2019 through 2025, including invoices, fee statements, and the matter-by-matter allocation of legal fees among the Wain Matters and other matters.*

**RESPONSE:**

Subject to and without waiving the General Objections, Central Bank objects that this Request is irrelevant, overbroad, and disproportionate to the needs of the case as phrased. Further, the financial statements concern a non-party to this case. Central Bank further objects on the grounds that it seeks confidential and proprietary financial and billing information regarding matters unrelated to the Wain Matters, seeks information protected by the attorney-client privilege and/or work-product doctrine to the extent invoices and fee statements reflect the nature and scope of legal services rendered, is not relevant to any claim

Haight

Haight

or defense pleaded in this adversary proceeding, and is not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 16:**

*All communications between CBT and Crowe LLP relating to the Wain Matters during fiscal years 2019 through 2025, including management representation letters, attorney audit-inquiry responses, subsequent-events review materials, and assessments of loss contingencies.*

**RESPONSE:**

Subject to and without waiving the General Objections, Central Bank objects to this Request on the grounds that communications between Central Bank, its counsel, and its outside auditor concerning loss-contingency assessment, including audit-inquiry responses and management representation letters, are protected by the attorney-client privilege and/or attorney work-product doctrine notwithstanding disclosure to the auditor in connection with the audit function, and are not relevant to any claim or defense pleaded in this adversary proceeding.

**REQUEST FOR PRODUCTION NO. 17:**

*All insurance policies, including directors-and-officers, errors-and-omissions, and banker's blanket bond policies, under which coverage has been or may be asserted in connection with the claims in this proceeding, together with all notices of claim and reservation-of-rights correspondence relating to Plaintiffs.*

**RESPONSE:**

Subject to and without waiving the General Objections, Central Bank will produce any applicable insurance policy under which coverage has been or may be asserted in connection with the claims in this proceeding, consistent with its obligations under Rule 26(a)(1)(A)(iv). Central Bank objects to production of reservation-of-rights correspondence on the grounds that such correspondence is protected by the attorney-client privilege and/or work-product doctrine, and withholds that category of documents on that basis.

Haight

**REQUEST FOR PRODUCTION NO. 18:**

*All documents relating to loans, lines of credit, and deposits between CBT and its directors, executive officers, and entities in which they hold beneficial ownership for fiscal years 2019 through 2025, including documents reflecting the basis for the increase in aggregate related-party loans from $367,000 at year-end 2019 to $16,352,000 at year-end 2020.*

**RESPONSE:**

Central Bank objects to this Request in its entirety on the grounds that it is not relevant to any claim or defense pleaded in this adversary proceeding, is not proportional to the needs of the case, and seeks confidential and proprietary financial information regarding non-party directors, officers, and their affiliated entities that bears no apparent connection to the Wain Account. Central Bank further objects that this Request concerns practices unrelated to the claims at issue and is not narrowly tailored.

**REQUEST FOR PRODUCTION NO. 19:**

*All documents relating to the corporate governance structure of Central Bancshares, Inc. and Central Bank & Trust Co. during the relevant period, including organizational charts, board and committee charters, and documents reflecting the concurrent service of Luther Deaton, Jr. as Chairman, President, and Chief Executive Officer of both entities.*

**RESPONSE:**

Central Bank objects to this Request on the grounds that it is not relevant to any claim or defense pleaded in this adversary proceeding absent an alter-ego, veil-piercing, or similar theory, and is not proportional to the needs of the case. Further, Central Bancshares is not a party to this matter.

**REQUEST FOR PRODUCTION NO. 20:**

*All litigation holds, document-preservation directives, or similar instructions issued by CBT in connection with Plaintiffs, the Foreclosure Proceeding, the Plaintiffs' bankruptcy case, or this adversary proceeding.*

Haight

**RESPONSE:**

Subject to and without waiving the General Objections, Central Bank objects that litigation hold notices and document-preservation directives reflect the mental impressions and legal analysis of counsel and are protected by the attorney work-product doctrine.

**REQUEST FOR PRODUCTION NO. 21:**

*All documents reviewed, relied upon, or referenced in connection with the Evidentiary Declaration of Timothy R. Wiseman filed in this adversary proceeding on February 12, 2026, and the sworn declaration submitted in support of the Proof of Claim filed December 20, 2024.*

**RESPONSE:**

Subject to and without waiving the General Objections, Central Bank objects to production of any privileged attorney work product generated in the course of preparing the declarations.

**REQUEST FOR PRODUCTION NO. 22:**

*All documents on which CBT relies in support of any affirmative defense it has asserted or intends to assert in response to Plaintiffs' thirteen causes of action, including any defense based on res judicata, collateral estoppel, or the Rooker-Feldman doctrine.*

**RESPONSE:**

Subject to and without waiving the General Objections, Central Bank objects that this Request is premature to the extent discovery is ongoing and Central Bank's contentions have not been finalized; Central Bank is not obligated to identify all such documents until discovery is substantially complete. Subject to and without waiving this objection, the documents attached to the Proof of Claim, those previously produced and labeled as CB-WAIN 00001 to 00738, and any others produced or filed in this matter. Central Bank will supplement this production in accordance with Rule 26(e).

DATED: August 5, 2026

HAIGHT BROWN & BONESTEEL LLP

By: *[/s/ William E. Ireland]*
William E. Ireland
Attorneys for Defendant
Central Bank & Trust Co.

Haight

**PROOF OF SERVICE**

In Re Douglas Alan Wain; Elisa Wain

Case No. 1:24-bk-11814

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 555 South Flower Street, Forty-Fifth Floor, Los Angeles, CA 90071.

On August 5, 2026, I served true copies of the following document(s) described as on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address jsoto@hbblaw.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 5, 2026, at Los Angeles, California.

*Jennifer Soto*

Jennifer Soto

Haight

**SERVICE LIST**
**In Re Douglas Alan Wain; Elisa Wain**
**Case No. 1:24-bk-11814**

Douglas Wain
Elisa Wain
P.O. Box 7473
Westlake Village, CA 91359

Tel: 859.494.3677
douglaswain@gmail.com

***Plaintiffs in Pro Per***

Haight

# EXHIBIT 7

William E. Ireland (Bar No. 115600)
*wireland@hbblaw.com*
HAIGHT BROWN & BONESTEEL LLP
555 South Flower Street, Forty-Fifth Floor
Los Angeles, California 90071
Telephone: 213.542.8000
Facsimile: 213.542.8100

Attorneys for Defendant
Central Bank & Trust Co.

Haight

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>Douglas Alan Wain, Elisa Wain,<br><br>Debtors<br><br>DOUGLAS ALAN WAIN and ELISA WAIN<br><br>Plaintiffs<br>v.<br><br>CENTRAL BANK & TRUST CO.<br><br>Defendant | CASE NO. 1:24-bk-11814-MB<br><br>CHAPTER 13<br><br>JUDGE Martin R. Barash<br><br>Adv. Proc. No. 1:25-ap-01026-MB<br><br>**DEFENDANT CENTRAL BANK & TRUST, CO.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION** |

Defendant Central Bank & Trust Co. ("Central Bank" or "Defendant") hereby responds to Plaintiffs Douglas Wain and Elisa Wain's ("Plaintiffs") First Set of Requests for Admission as follows. These responses are made solely for the purposes of this adversary proceeding, without waiving, and expressly reserving, all objections as to competency, relevance, materiality, privilege, and admissibility of the information provided herein as

evidence for any purpose in any further proceeding, including the trial of this or any other action.

## GENERAL OBJECTIONS

1. Central Bank objects to the Definitions and Instructions to the extent they purport to impose obligations broader than, or inconsistent with, the Federal Rules of Civil Procedure and Federal Rules of Bankruptcy Procedure, including the definitions of "Central Bank," "you," or "your" to the extent they purport to include entities, persons, or agents outside Central Bank's possession, custody, or control.

2. Central Bank objects to the definition of "Relating to" or "regarding" as overbroad, vague, and unduly burdensome to the extent it is construed to mean "in any way logically or factually connected with the matter discussed," which imposes no meaningful limitation and would require Central Bank to speculate as to remote or attenuated connections.

3. Central Bank objects to the "relevant period" of January 1, 2019 to the present as overbroad and not proportional to the needs of the case as to certain requests herein, where narrower time periods tied to the actual dispute (2019 loan origination and 2024 foreclosure sale/distribution) are more appropriate; Central Bank's specific time-period objections are noted request-by-request below.

4. Central Bank objects to each request to the extent it seeks information or documents protected from disclosure by the attorney-client privilege, the work-product doctrine, the joint-defense/common-interest privilege, or any other applicable privilege or protection. Any inadvertent disclosure of privileged or protected information shall not constitute a waiver of any privilege or protection, and Central Bank reserves the right to demand the return or destruction of any such information pursuant to Fed. R. Evid. 502 and the parties' discovery plan. Central Bank further objects to each request to the extent each seeks information regarding attorney retention, conflict analyses, litigation strategy, affirmative-defense development, auditor communications, litigation holds, or insurance communications protected from discovery

Haight

Haight

5. Central Bank objects to each request to the extent it seeks information neither relevant to any party's claim or defense in this adversary proceeding nor proportional to the needs of the case, considering the importance of the issues, the amount in controversy, the parties' relative access to the information, and the burden or expense of the proposed discovery, as required by Rule 26(b)(1).

6. Central Bank objects to each request to the extent it seeks confidential, proprietary, or commercially sensitive business information of Central Bank, or confidential personal or financial information of non-party officers, directors, or employees, without an appropriate protective order in place.

7. Central Bank objects to each request to the extent it seeks information equally available to Plaintiffs from public records, including the dockets and orders of the Fayette Circuit Court and this Court, on the ground that the burden of deriving such information is not substantially greater for Plaintiffs than for Central Bank.

8. Central Bank objects to each request to the extent it calls for legal conclusions or interpretations of court orders, statutes, or legal doctrines.

9. These General Objections are incorporated by reference into each specific response below, whether or not separately restated.

## **RESPONSES**

**REQUEST FOR ADMISSION NO. 1:**

*Admit that the subject property that was the subject of the Foreclosure Proceeding sold at the foreclosure sale for $630,003.*

**RESPONSE:**

Admitted.

**REQUEST FOR ADMISSION NO. 2:**

*Admit that the agreed judgment entered in favor of Central Bank in the Foreclosure Proceeding was in the amount of $358,412.72.*

**RESPONSE:**

Denied as phrased.

**REQUEST FOR ADMISSION NO. 3:**

*Admit that the foreclosure sale price of $630,003 exceeded the amount of Central Bank's judgment of $358,412.72.*

**RESPONSE:**

Denied as phrased. Central Bank admits that the proceeds of the subject foreclosure sale, after the application of the Master Commissioner's costs and fees, were $605,035.42.

**REQUEST FOR ADMISSION NO. 4:**

*Admit that the Foreclosure Proceeding generated surplus proceeds following the satisfaction of the liens against the subject property.*

**RESPONSE:**

Denied. The total amount of proceeds of the subject foreclosure sale, after the application of the Master Commissioner's costs and fees, were $605,035.42. This amount was not sufficient to satisfy the amounts owed to those who held liens against the property.

**REQUEST FOR ADMISSION NO. 5:**

*Admit that CENTRAL BANK received $66,884.60 from surplus proceeds following the foreclosure sale.*

**RESPONSE:**

Admitted.

**REQUEST FOR ADMISSION NO. 6:**

*Admit that CENTRAL BANK received $4,185 from wage garnishments in connection with the Wain Account.*

**RESPONSE:**

Admitted.

**REQUEST FOR ADMISSION NO. 7:**

*Admit that the total amount CENTRAL BANK received in connection with the Wain Account from surplus proceeds and wage garnishments was $71,069.60.*

**RESPONSE:**

Admitted.



Haight

**<u>REQUEST FOR ADMISSION NO. 8:</u>**

*Admit that the March 7, 2024 Distribution Order was entered in the Foreclosure Proceeding.*

**<u>RESPONSE:</u>**

Admitted.

**<u>REQUEST FOR ADMISSION NO. 9:</u>**

*Admit that the March 7, 2024 Distribution Order is the controlling document governing the distribution of the proceeds of the foreclosure sale.*

**<u>RESPONSE:</u>**

Central Bank objects on the basis that this request calls for a legal conclusion as to the legal effect of the Distribution Order rather than an admission of fact and denies the request as phrased. Central Bank admits that the March 7, 2024 Distribution Order was entered by the Fayette Circuit Court.

**<u>REQUEST FOR ADMISSION NO. 10:</u>**

*Admit that no deficiency judgment was entered against Plaintiffs in the Foreclosure Proceeding.*

**<u>RESPONSE:</u>**

Central Bank denies any implication regarding the existence, validity, or enforceability of any indebtedness asserted in this bankruptcy proceeding.

**<u>REQUEST FOR ADMISSION NO. 11:</u>**

*Admit that Central Bank did not obtain a deficiency judgment against Plaintiffs in connection with the Wain Account.*

**<u>RESPONSE:</u>**

Central Bank denies any implication regarding the existence, validity, or enforceability of any indebtedness asserted in this bankruptcy proceeding.



Haight

**REQUEST FOR ADMISSION NO. 12:**

*Admit that a surplus and a deficiency cannot mathematically coexist with respect to the same foreclosure sale.*

**RESPONSE:**

Central Bank objects on the basis that this request does not seek admission of a fact or the application of law to fact relating to this case, as required by Rule 36(a)(1)(A), and it is argumentative. Subject to and without waiving this objection, Central Bank denies the request as phrased, because it fails to recognize the existence of multiple lienholders whose claims must satisfied from the sale and because it fails to recognize that judgment debtors may remain personally liable after foreclosure sales for the amounts still due to their judgment creditors.

**REQUEST FOR ADMISSION NO. 13:**

*Admit that CENTRAL BANK filed the Proof of Claim in the asserted amount of $357,990.91 in Bankruptcy Case No. 1:24-bk-11814-MB.*

**RESPONSE:**

Admitted.

**REQUEST FOR ADMISSION NO. 14:**

*Admit that CENTRAL BANK did not reduce the amount of the Proof of Claim to reflect its receipt of $66,884.60 from surplus proceeds.*

**RESPONSE:**

Denied as phrased.

**REQUEST FOR ADMISSION NO. 15:**

*Admit that Central Bank did not reduce the amount of the Proof of Claim to reflect its receipt of $4,185 from wage garnishments.*

**RESPONSE:**

Denied as phrased.

**REQUEST FOR ADMISSION NO. 16:**



Haight

*Admit that Central Bank furnished information about Plaintiffs to one or more consumer reporting agencies between 2019 and the present.*

**RESPONSE:**

Central Bank objects that this request is vague and ambiguous as to "one or more consumer reporting agencies" and overbroad as to the six-plus-year time period referenced. Subject to and without waiving this objection, Central Bank states that it accurately furnished information regarding Plaintiffs to consumer reporting agencies.

**REQUEST FOR ADMISSION NO. 17:**

*Admit that Central Bank received one or more consumer disputes from Plaintiffs or from a consumer reporting agency concerning the Wain Account.*

**RESPONSE:**

Admitted.

**REQUEST FOR ADMISSION NO. 18:**

*Admit that Central Bank's audited consolidated financial statements for fiscal years 2019 through 2025 are genuine business records of Central Bank.*

**RESPONSE:**

Central Bank objects to this request as irrelevant to the matter. This request does not concern "Central Bank," the party to this action.

**REQUEST FOR ADMISSION NO. 19:**

*Admit that the "Professional services" line item in CENTRAL BANK's audited consolidated statements of income for fiscal years 2019 through 2025 includes legal fees paid to outside counsel.*

**RESPONSE:**

Central Bank objects to this request as irrelevant to the matter. This request does not concern "Central Bank," the party to this action.

**REQUEST FOR ADMISSION NO. 20:**

*Admit that Central Bank's audited consolidated financial statements for fiscal years 2019 through 2025 did not separately disclose a loss contingency arising from the Wain Matters.*



Haight

**RESPONSE:**

Central Bank objects to this request as irrelevant to the matter. This request does not concern "Central Bank," the party to this action.

**REQUEST FOR ADMISSION NO. 21:**

*Admit that Central Bank engaged Stoll Keenon Ogden PLLC to represent it in one or more of the Wain Matters.*

**RESPONSE:**

Admitted.

**REQUEST FOR ADMISSION NO. 22:**

*Admit that Timothy R. Wiseman is an attorney with Stoll Keenon Ogden PLLC.*

**RESPONSE:**

Admitted.

**REQUEST FOR ADMISSION NO. 23:**

*Admit that Timothy R. Wiseman signed each Joint Status Report filed on behalf of CENTRAL BANK in the action styled Wain v. Central Bank & Trust Co. et al., Civil Action No. 5:23-cv-00139-REW-MAS (E.D. Ky.).*

**RESPONSE:**

Central Bank objects that this request on the basis seeks an admission regarding filings in a separate district court action outside the scope of this adversary proceeding and not relevant to any claim or defense herein. Subject to and without waiving this objection, Central Bank admits that Timothy R. Wiseman signed Joint Status Reports filed on Central Bank's behalf in that action, without conceding the relevance of that fact to this proceeding.

**REQUEST FOR ADMISSION NO. 24:**

*Admit that Central Bank engaged Haight Brown & Bonesteel LLP to represent it in this adversary proceeding.*

<u>**RESPONSE:**</u>

Admitted.

<u>**REQUEST FOR ADMISSION NO. 25:**</u>

*Admit that Luther Deaton, Jr. served as Chairman, President, and Chief Executive Officer of both Central Bank & Trust Co. and Central Bancshares, Inc. throughout the relevant period.*

<u>**RESPONSE:**</u>

Central Bank objects to this request as irrelevant to the matter. Central Bank further objects that "relevant period" and "throughout" are vague and undefined as used in this request. Subject to and without waiving this objection, Central Bank admits that Luther Deaton, Jr. has served as Chairman, President, and Chief Executive Officer of both Central Bank & Trust Co. and Central Bancshares, Inc., a matter of public record, but does not admit the specific unstated temporal scope of "throughout the relevant period" as phrased.

DATED: August 5, 2026 HAIGHT BROWN & BONESTEEL LLP

By: */s/ William E. Ireland*
William E. Ireland
Attorneys for Defendant
Central Bank & Trust Co.

Haight

Haight

Haight

## PROOF OF SERVICE

In Re Douglas Alan Wain; Elisa Wain

Case No. 1:24-bk-11814

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 555 South Flower Street, Forty-Fifth Floor, Los Angeles, CA 90071.

On August 5, 2026, I served true copies of the following document(s) described as on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address jsoto@hbblaw.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 5, 2026, at Los Angeles, California.

*Jennifer Soto*
Jennifer Soto

**SERVICE LIST**
**In Re Douglas Alan Wain; Elisa Wain**
**Case No. 1:24-bk-11814**

Douglas Wain
Elisa Wain
P.O. Box 7473
Westlake Village, CA 91359

Tel: 859.494.3677
douglaswain@gmail.com

***Plaintiffs in Pro Per***

Haight

# EXHIBIT 8

Douglas A. Wain and Elisa Wain
P.O. Box 7473, Westlake Village, CA 91359
(859) 494-3677 | douglaswain@gmail.com
Plaintiffs, Pro Per

August 10, 2026

**VIA EMAIL (wireland@hbblaw.com; jsoto@hbblaw.com) AND U.S. MAIL**

William E. Ireland, Esq.
Haight Brown & Bonesteel LLP
555 South Flower Street, Forty-Fifth Floor
Los Angeles, CA 90071

**Re: Wain v. Central Bank & Trust Co., Adv. Proc. No. 1:25-ap-01026-MB (Bankr. C.D. Cal.)**
**Deficiencies in Central Bank's August 5, 2026 Discovery Responses; Request for Conference of Counsel (LBR 7026-1(c)); Service of Papers**

Dear Mr. Ireland:

This letter identifies deficiencies in Central Bank & Trust Co.'s ("CBT") August 5, 2026 responses to Plaintiffs' First Sets of Interrogatories, Requests for Production, and Requests for Admission, and constitutes Plaintiffs' written request for a conference of counsel under LBR 7026-1(c) as to each dispute identified below. Consistent with the parties' shared position that further communications be in writing (your July 30, 2026, 4:47 p.m. email; my July 31, 2026 email), Plaintiffs propose that the conference be conducted in writing. Please serve amended responses, the required verification, and the required privilege log by Friday, August 14, 2026. The discovery cutoff is August 31, 2026, and these deficiencies must be resolved or presented to the Court before it. Absent timely cure, Plaintiffs will move under Fed. R. Civ. P. 37(a) and 36(a)(6), Fed. R. Bankr. P. 7037, and LBR 7026-1(c), and will seek their expenses under Rule 37(a)(5) and LBR 7026-1(c)(4).

**1. The Interrogatory Answers Are Unverified (Rule 33(b)(3), (5))**

CBT's interrogatory answers are signed only by counsel. Rule 33(b)(3) requires each interrogatory to be answered "under oath," and Rule 33(b)(5) requires the person who makes the answers to sign them. An officer or agent of CBT must verify the answers; counsel's signature covers objections only. Unverified answers are the equivalent of no answers at all. Please serve a verification signed under oath by the appropriate CBT representative by August 14, 2026.

**2. The Rule 33(d) References Are Improper (Interrogatory Nos. 1, 2, 6, 7, 10, 11)**

In response to each of these interrogatories, CBT "refers Plaintiffs to the documents attached to its Proof of Claim and the documents previously produced … marked as CB-WAIN 0001 to 0738." A blanket reference to 738 pages does not comply with Rule 33(d), which permits reference to business records only where the answer may be determined from them and the burden is substantially the same for either party, and which requires the responding party to specify the records "in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." Neither condition is met. Interrogatory No. 1 asks for the mathematical basis of CBT's own $357,990.91 Proof of Claim — each component of principal, interest, fees, costs, and charges, and the method of calculation. That arithmetic exists, if anywhere, in CBT's knowledge, not Plaintiffs'; the burden is not remotely equal, and no document in CB-WAIN 0001–0738 sets out the calculation. The same is true of the application of payments (Nos. 2, 7), the asserted deficiency (No. 6), the accounting entries including any charge-off (No. 10), and collection activities (No. 11). For each, please provide either a narrative answer or a Rule 33(d) specification identifying, by Bates number, the specific documents from which each component of the answer can be derived.

**3. The Contention-Interrogatory Deferrals Are Improper (Interrogatory Nos. 5, 6, 25; RFP No. 22)**

CBT declines to answer these on the ground that Rule 33(a)(2) permits deferral "until discovery is substantially complete." That is not what the rule says: an objection on prematurity grounds is available only if the Court orders that the interrogatory need not be answered until a designated time. No such order exists. Discovery closes August 31, 2026; this adversary proceeding has been pending since April 2025; CBT has already briefed summary judgment on these very questions. The deferral is particularly untenable as to Interrogatory No. 5, where CBT states it "is reviewing any impact of the Distribution Order on the Proof of Claim and will supplement if necessary" — twenty months into litigation in which the effect of the March 7, 2024 Distribution Order on the Proof of Claim is the central disputed issue, and five months after CBT filed a 156-page evidentiary declaration on the subject. Please serve complete answers to Interrogatory Nos. 5, 6, and 25, and the document identification sought by RFP No. 22, by August 14, 2026.

**4. The Deficiency-Judgment Responses Are Evasive (Interrogatory No. 6; RFA Nos. 10, 11)**

Requests for Admission Nos. 10 and 11 ask CBT to admit that no deficiency judgment was entered against Plaintiffs in the Foreclosure Proceeding and that CBT did not obtain one. CBT's response to each — that it "denies any implication regarding the existence, validity, or enforceability of any indebtedness" — neither admits nor denies the fact asked. Whether a deficiency judgment was entered is a simple, binary matter of public record. Rule 36(a)(4) requires that a denial "fairly respond to the substance of the matter"; a response addressed to "implications" rather than to the fact is no response. The same defect infects the answer to Interrogatory No. 6, which asks whether CBT contends a deficiency exists and, if so, its amount and calculation date — and receives neither a yes, a no, nor a number. Please serve amended

responses that admit or deny RFA Nos. 10 and 11 and answer Interrogatory No. 6 directly. Absent amendment, Plaintiffs will move under Rule 36(a)(6) to determine the sufficiency of the answers and to have the matters deemed admitted.

**5. "Denied as Phrased" Is Not a Compliant Denial (RFA Nos. 2, 3, 14, 15) — and RFA No. 4 Contradicts RFA No. 5**

Rule 36(a)(4) requires that when good faith requires qualification, the answer "specify the part admitted and qualify or deny the rest." "Denied as phrased," without more, specifies nothing. As to RFA No. 2 (the amount of the agreed judgment) and RFA Nos. 14 and 15 (whether the Proof of Claim was reduced by the $66,884.60 and $4,185 receipts), please state what is admitted and what precisely is denied. If CBT's position is that the Proof of Claim was reduced by those receipts, say so and show where; the arithmetic will be tested at deposition and on the claim objection in any event.

Separately, CBT's response to RFA No. 4 denies that the sale "generated surplus proceeds," while its response to RFA No. 5 admits that CBT "received $66,884.60 from surplus proceeds following the foreclosure sale." Both cannot be true. Please reconcile these responses. Plaintiffs also note CBT's admission, in response to RFA No. 3, that net sale proceeds after the Master Commissioner's costs and fees were $605,035.42 — an amount exceeding the $358,412.72 agreed judgment by nearly $250,000.

**6. Privilege Is Asserted Without the Required Privilege Log (Rule 26(b)(5)(A))**

CBT withholds information and documents on privilege or work-product grounds in response to Interrogatory Nos. 3, 12, 13, 14, 17, 19, 20, 21, and 24, and RFP Nos. 8, 11, 12, 16, 17 (reservation-of-rights correspondence), 20, and 21. Rule 26(b)(5)(A) requires a party withholding otherwise discoverable information on privilege grounds to describe the nature of the withheld documents and communications in a manner that enables other parties to assess the claim. No privilege log has been served. Please serve one by August 14, 2026, identifying each withheld document or communication by date, author, recipients, and subject matter. Three categories warrant particular attention: (a) communications with Crowe LLP, CBT's outside auditor — disclosure of attorney-client communications to an outside auditor waives the attorney-client privilege as to the matters disclosed, and audit-inquiry letters and management representation letters are ordinary-course audit documents, not litigation work product; (b) the litigation hold (Interrogatory No. 24; RFP No. 20) — while the text of a hold notice may be protected, its existence, issuance date, and recipients are not, and CBT's answer supplies none of them; and (c) the reservation-of-rights correspondence (RFP No. 17), which is correspondence with a third-party insurer, not counsel.

**7. The Financial-Statement Responses Contradict Each Other (Interrogatory No. 18; RFP Nos. 14, 15; RFA Nos. 18–20)**

In answer to Interrogatory No. 18, CBT states that its "audited consolidated financial statements for fiscal years 2019 through 2025 are business records that speak for themselves, and CBT will produce those statements in response to the corresponding document request." The corresponding document request is RFP No. 14 — where CBT refuses production on the ground that "the financial statements concern a non-party to this case." CBT cannot promise production in one response and refuse it in the next. The "non-party" objection also fails on its face as to the requests for admission: RFA Nos. 18 through 20 ask about "Central Bank's audited consolidated financial statements" — the records of the responding party — and consolidated statements that include CBT's own operations are not rendered undiscoverable because the consolidation parent is Central Bancshares, Inc. Please produce the statements and serve amended responses to RFA Nos. 18–20 by August 14, 2026, as Interrogatory Answer No. 18 already promised.

**8. The RFP Responses Do Not Comply With Rule 34(b)(2)(B)–(C)**

Rule 34(b)(2)(B) requires a response either to state that inspection will be permitted or production made, or to state with specificity the grounds for objection; Rule 34(b)(2)(C) requires an objection to state whether any responsive materials are being withheld on the basis of that objection. CBT's responses do neither: most "refer Plaintiffs to" the Proof of Claim attachments and CB-WAIN 0001–0738 without stating whether that prior production is complete as to the request, whether additional responsive documents exist, or whether documents are being withheld. For each of RFP Nos. 1 through 22, please state: (a) whether all responsive, non-privileged documents in CBT's possession, custody, or control have been produced; (b) if not, whether documents are being withheld and on what specific ground; and (c) the Bates ranges responsive to each request. Plaintiffs also note that not a single document accompanied the August 5 responses — not even the insurance policies CBT concedes are producible under Rule 26(a)(1)(A)(iv) (RFP No. 17; Interrogatory No. 21). To be clear, Plaintiffs renew their demand for production in full: every responsive, non-privileged document in CBT's possession, custody, or control that is not already within CB-WAIN 0001–0738 must be produced by August 14, 2026, and if CBT contends that CB-WAIN 0001–0738 and the Proof of Claim attachments contain every document responsive to a given request, it must say so expressly, in writing, as to that request. A reference to a prior production, without a statement of completeness, is not a response — it is a shrug.

**9. The Relevance Objections Rest on a Mischaracterization of the Pleadings (Interrogatory Nos. 8, 9, 15; RFP Nos. 6, 7, 13)**

CBT objects to the credit-reporting discovery on the ground that the Complaint pleads no credit-reporting claim. The Complaint pleads unlawful collection activity (Claim VIII, and the elder-abuse and conversion claims), and CBT's furnishing and dispute-handling with respect to the Wain Account during its collection efforts is discoverable conduct within Rule 26(b)(1) whether or not a stand-alone FCRA claim is pleaded — particularly where CBT's RFA No. 16 response concedes it furnished information about Plaintiffs and its RFA No. 17 response admits it received consumer disputes. As to Interrogatory No. 15 and RFP No. 13 (subordination

agreements), lien priority is at the center of Plaintiffs' claims concerning the distribution of sale proceeds; the objection that priority "is not relevant" is not tenable. If CBT stands on these objections, please say so plainly so the disputes can be presented to the Court.

**10. Service of Papers (Rule 5(b)(2)(E))**

All three August 5 responses were served by email only, per their proofs of service. So were CBT's August 5 Motion for Judgment on the Pleadings and Request for Judicial Notice. Rule 5(b)(2)(E), made applicable by Fed. R. Bankr. P. 7005, permits service by electronic means only if the person to be served "consented in writing." Plaintiffs have never given written consent to email-only service, and have repeatedly asked CBT to confirm the parties' arrangement — email with hard copy to follow by U.S. Mail, which is how Plaintiffs serve CBT (see my emails of July 29, July 31, August 3, and August 5, 2026). Your August 5, 2026, 4:29 p.m. email declined to confirm that arrangement. The pattern continued with the refiling of CBT's motion: the operative Motion for Judgment on the Pleadings and Request for Judicial Notice filed August 7, 2026 (Adv. Docs. 48, 50) — which differ from the versions emailed August 5 at least in their hearing designation — were never served on Plaintiffs by mail in any version, and the Request for Judicial Notice as filed contains no proof of service at all. To be clear going forward: Plaintiffs accept email as a courtesy and for speed, but service of papers on Plaintiffs must be completed by U.S. Mail as Rule 5(b)(2)(C) provides. Plaintiffs reserve all rights with respect to papers served by email only, including with respect to the timeliness consequences of ineffective service.

**Conclusion**

Please serve the verification (Item 1), amended responses (Items 2–5, 7, 9), the privilege log (Item 6), the Rule 34(b)(2) compliance statements and document production (Items 7–8), by Friday, August 14, 2026. If CBT disputes any item, please state its position in writing by the same date so that the parties' LBR 7026-1(c) conference on these issues is complete and any remaining disputes can be presented to the Court promptly. Plaintiffs reserve all rights, including under Rules 26(g), 36(a)(6), and 37, Fed. R. Bankr. P. 7026 and 7037, and LBR 7026-1(c)(4).

This letter is sent by email and by U.S. Mail.

Respectfully,

Douglas A. Wain
On behalf of Plaintiffs Douglas A. Wain and Elisa Wain, Pro Per

# EXHIBIT 9

Haight

William Ireland
*direct:* 213.542.8035
wireland@hbblaw.com

Haight Brown & Bonesteel LLP
555 South Flower Street
Forty-Fifth Floor
Los Angeles, California 90071
213.542.8000
213.542.8100 fax
www.hbblaw.com

August 13, 2026

**VIA E-MAIL AND U.S. MAIL**

Douglas A. Wain and Elisa Wain
P.O. Box 7473
Westlake Village, California 91359
Email: douglaswain@gmail.com

Re: Wain v. Central Bank & Trust Co., Adv. Proc. No. 1:25-ap-01026-MB (Bankr. C.D. Cal. Response to August 10, 2026 Meet and Confer Letter

Dear Mr. Wain:

We write in response to your August 10, 2026 letter concerning Central Bank & Trust Co.'s ("CBT") responses to Plaintiffs' First Set of Interrogatories, Requests for Production, and Requests for Admission. CBT disagrees with the characterization of its discovery responses and objects to the assertions that its responses are deficient. Nevertheless, in the interest of cooperation and narrowing disputes, CBT provides the following response.

**1. Verification of Interrogatory Responses**

CBT does not agree that Plaintiffs have suffered any prejudice from the timing of a verification. To the extent a verification is required under Rule 33(b), CBT will provide a verification executed by an appropriate corporate representative within a reasonable time.

**2. Interrogatories Referencing Previously Produced Documents**

CBT objects to Plaintiffs' contention that its responses invoking Rule 33(d) are improper. The interrogatories at issue seek information reflected in transactional records, loan documents, foreclosure records, payment histories, and related business records previously produced to Plaintiffs or filed in connection with CBT's Proof of Claim.

Rule 33(d) expressly permits reliance on business records where the information may be ascertained from those records. Plaintiffs have had access to the same records as CBT and are equally capable of reviewing them. Many of the interrogatories seek detailed financial calculations and account histories spanning years of activity and are precisely the type of requests for which Rule 33(d) is appropriate.

Haight



That said, CBT will evaluate whether supplemental Bates references can reasonably be provided for certain responses without undertaking a disproportionate burden. For now, CBT states:

- CB0001 to CB0064 are statements for the subject account from 2012 to 2014
- CB0065 to CB0261 are statements for the subject account from 2015 to 2019
- CB0262 to CB0283 are the account application and agreement documents
- CB0284 to CB0331 are documents from a previous foreclosure case against Plaintiffs
- CB0332 to CB0337 are documents evidencing compliance with Fair Credit Reporting Act
- CB0338 to CB0725 are documents evidencing communications with Plaintiffs
- CB0726 to CB0738 are documents summarizing account activity

**3. Contention Interrogatories**

CBT disagrees that its responses to Interrogatory Nos. 5, 6, and 25 are improper. Interrogatories Nos. 5, 6, and 25 seek precisely the type of legal contentions that continue to depend on the Court's resolution of disputed legal issues. CBT's responses accurately reflect the current status of its investigation and analysis. Rule 26(e) expressly contemplates supplementation as additional information becomes available.

Plaintiffs' complaint regarding Interrogatory No. 5 is particularly unfounded. The effect, if any, of the March 7, 2024 Distribution Order remains the subject of disputed legal interpretations central to this litigation. To the extent Plaintiffs want a different answer to Interrogatory No. 5, the order's impact on CBT's claim, as stated in multiple filings in multiple courts, is to reduce the amount owed by the Plaintiffs on CBT's judgment. Specifically, amount owed was reduced by $66,884.60. To the extent Plaintiffs want a different answer to Interrogatory No. 6, there is amount still owed to CBT on the judgment by the Plaintiffs. That amount was $357,944.91 as of the filing of the Proof of Claim (and reflects the application of all garnishments and funds from the Master Commissioner). Due to a clerical error, the Proof of Claim filed in this case stated the amount as $357,9**90**.91. CBT will amend its claim to correct the difference.

Finally, Interrogatory 25 and RFP No. 22 improperly seeks to force CBT to marshal all evidence supporting its legal positions. The rules do not require a party, in response to a

Haight



document request, to identify every document that may support a future contention or defense. To the extent responsive, nonprivileged documents exist, CBT has produced or will produce documents consistent with its discovery obligations. Plaintiffs are not entitled to a premature trial roadmap or an advance evidentiary index.

**4. Interrogatory No. 6 and Requests for Admission Nos. 10 and 11**

CBT's responses fairly address the requests as phrased. Plaintiffs' requests are framed in a manner that assumes legal conclusions and characterizations with which CBT does not agree.

To the extent Plaintiffs seek admissions concerning the existence or nonexistence of a judicial deficiency judgment, CBT will review the responses and determine whether clarification is appropriate. CBT does not, however, concede Plaintiffs' legal theories regarding the effect of any foreclosure proceedings, sale proceeds, judgments, distributions, indebtedness, or claim amounts.

**5. Requests for Admission Characterized as "Denied as Phrased"**

CBT denies that its responses violate Rule 36. Several requests contain ambiguous wording, undefined terminology, contested assumptions, or compound propositions. Where necessary, CBT responded to the requests as framed.

CBT further rejects Plaintiffs' characterization that responses to Requests for Admission Nos. 4 and 5 are inconsistent. The requests employ distinct terminology and legal concepts. An admission concerning receipt of funds associated with a foreclosure sale does not necessarily constitute an admission of Plaintiffs' characterization of those funds as "surplus proceeds," nor does it concede Plaintiffs' legal interpretation of the transaction.

**6. Privilege Log**

CBT appropriately asserted privileges as applicable. Critically, however, CBT contends that the information and documents the Plaintiffs seek are non-responsive and irrelevant, so there is no need to create a privilege log at all. Plaintiffs simply are not entitled to conduct a fishing expedition into corporate activities because they wish to avoid the only claim filed in their Chapter 13 bankruptcy.

Without waiving any objections, CBT is evaluating whether a privilege log is warranted for any withheld materials and, if so, the appropriate scope of such a log.

**7. Financial Statements**

CBT disagrees with Plaintiffs' characterization of the responses concerning financial statements. The requests seek information involving entities beyond CBT itself and implicate relevance, proportionality, confidentiality, privacy, and third-party concerns.

Nothing in CBT's response should be construed as a waiver of those objections. CBT did not intend to suggest it would be producing anything that was not already available publicly. CBT will review the responses to determine whether clarification concerning the scope of any potential production is appropriate.

**8. Rule 34 Responses**

CBT's document responses comply with Rule 34. Plaintiffs have already received a substantial production of documents, including the documents supporting CBT's Proof of Claim and additional records responsive to multiple requests.

Rule 34 does not require a responding party to re-produce documents already in the requesting party's possession. Nor does it require CBT to organize its entire production according to Plaintiffs' preferred format. CBT objects to Plaintiffs' demand that it provide a request-by-request catalog of all previously produced documents to the extent such a demand exceeds the requirements of the Federal Rules.

CBT will continue to evaluate its responses and supplement as appropriate under Rule 26(e).

**9. Relevance Objections**

CBT stands by its relevance objections. Discovery must remain tied to the claims and defenses actually pleaded. Plaintiffs' requests regarding credit reporting, consumer reporting disputes, and other peripheral issues seek information that is outside the scope of the claims asserted or is disproportionate to the needs of this adversary proceeding. This Bankruptcy Court cannot adjudicate such claims, and so discovery cannot be compelled on them.

Likewise, CBT maintains its objections to requests concerning matters that extend beyond the issues framed by the pleadings and the Court's prior rulings.

**10. Service Issues**

CBT disagrees with Plaintiffs' assertions regarding service. Throughout this litigation the parties have regularly communicated and exchanged materials by email, and Plaintiffs have consistently received notice of filings and discovery responses by electronic means.

Haight



CBT further notes that Plaintiffs indisputably received the documents at issue and have demonstrated no prejudice. CBT reserves all rights regarding any contention that service was ineffective.

**Conclusion**

CBT believes its discovery responses are substantially compliant with the Federal Rules and that Plaintiffs' objections predominantly reflect disagreements with CBT's substantive positions rather than legitimate discovery deficiencies. CBT nevertheless remains willing to meet and confer in good faith regarding specific requests and potential supplementation where appropriate.

Nothing in this letter waives any objection, privilege, protection, or substantive position asserted by CBT in this action.

Sincerely,

William E. Ireland

William E. Ireland
Haight Brown & Bonesteel LLP
Counsel for Central Bank & Trust Co.

WI:JS

# EXHIBIT 10

Douglas A. Wain and Elisa Wain
P.O. Box 7473
Westlake Village, CA 91359
(859) 494-3677 | douglaswain@gmail.com

August 14, 2026

**VIA EMAIL (wireland@hbblaw.com; jsoto@hbblaw.com) AND U.S. MAIL**

William E. Ireland, Esq.
Haight Brown & Bonesteel LLP
555 South Flower Street, Forty-Fifth Floor
Los Angeles, CA 90071

**Re: Wain v. Central Bank & Trust Co., Adv. Proc. No. 1:25-ap-01026-MB (Bankr. C.D. Cal.) — Reply to CBT's August 13, 2026 Letter; Final Deadline of August 19, 2026 for Full Compliance With Plaintiffs' First Sets of Written Discovery**

Dear Mr. Ireland:

This replies to CBT's August 13, 2026 letter. Plaintiffs treat the parties' exchange of written positions — Plaintiffs' August 10 letter, CBT's August 13 response, and this reply — as the conference of counsel under LBR 7026-1(c)(2), conducted in writing. What that exchange has satisfied is the conference obligation. What it has not satisfied — at all — is CBT's obligation to answer Plaintiffs' written discovery, served July 6, 2026. Plaintiffs do not accept CBT's characterizations, and CBT's objections and positions are rejected in full. Every deficiency identified in Plaintiffs' August 10 letter stands.

**1. CBT Has Now Missed Two Deadlines to Produce a Single Document**

Plaintiffs did not ask for a letter about documents. Plaintiffs asked for the documents.

First deadline — August 5, 2026. Plaintiffs served their Requests for Production on July 6, 2026. Responses and production were due August 5, 2026. CBT served written responses on that date. Not one document accompanied them.

Second deadline — August 14, 2026. Plaintiffs' August 10, 2026 letter demanded cure, including production, by today. CBT's August 13 response is five pages of positions. Not one document accompanied it.

The Court has relieved the parties of initial disclosures under Rule 26(a)(1). Plaintiffs' Rule 34 requests are therefore the exclusive means by which Plaintiffs can obtain CBT's documents in this proceeding. Six weeks after service of those requests, CBT's document production in this adversary proceeding stands at zero.

Instead, CBT's letter identifies documents CB0001 through CB0738 by Bates range and category as "previously produced to Plaintiffs." No production bearing those Bates numbers has ever been made in this adversary proceeding — not with the August 5 responses, not since, and not by any email, mail, or filing of record. To the extent CBT refers to a production made in the Kentucky state-court litigation years ago, Plaintiffs no longer maintain that production — and a production in a different action satisfies neither Rule 34 in this proceeding nor the "reasonable opportunity to examine" that Rule 33(d)(2) requires of a party electing to answer interrogatories by reference to business records. A party cannot answer interrogatories by pointing to records the requesting party does not have. CBT's own index disposes of any burden objection: by CBT's own account, the documents are already assembled and numbered. Transmitting them is the work of minutes.

**2. Final Deadline: Full Compliance by Wednesday, August 19, 2026**

By Wednesday, August 19, 2026, Plaintiffs require complete compliance with their First Sets of Interrogatories, Requests for Production, and Requests for Admission — everything requested on July 6, 2026, not the subset CBT prefers to address. Specifically:

(a) All documents. Production in full of CB0001–CB0738 by email or electronic file transfer, together with all other documents responsive to each Request for Production, and a written statement, for each Request, that production is complete or identifying what is withheld and why. Fed. R. Civ. P. 34(b)(2)(B)–(C).

(b) Complete, verified interrogatory answers. Full substantive answers to every interrogatory — including, without limitation, Nos. 5, 6, and 25 — without improper reliance on Rule 33(d), which is unavailable as to records Plaintiffs do not possess, and without deferral of contention answers, for which CBT has no court order under Rule 33(a)(2). The executed verification required by Rule 33(b)(3) and (5) — due August 5 — must accompany the answers, identifying the verifying corporate representative.

(c) Amended responses to the Requests for Admission. Amended answers — admitting or denying — to every Request answered with "denied as phrased," qualified evasions, or objections, including, without limitation, Nos. 4, 5, 10, and 11. Requests 10 and 11 ask a simple factual question about the existence of a court order; Rule 36(a)(4) requires an answer that "fairly respond[s] to the substance of the matter." Failing amended responses, Plaintiffs will ask the Court to deem the matters admitted or order further answers under Rule 36(a)(6).

(d) Privilege log. The log Rule 26(b)(5)(A) requires for every withheld document — or a written statement that nothing has been withheld on privilege grounds. "Evaluating whether a privilege log is warranted" is not a position the rules recognize.

(e) The financial-statement and credit-reporting requests. CBT's relevance objections are rejected. CBT's own index identifies CB0332–CB0337 as "documents evidencing compliance with Fair Credit Reporting Act"; CBT cannot index credit-reporting documents as responsive

while objecting that the subject is beyond this proceeding. The financial-statement requests stand as served.

(f) The amended Proof of Claim. CBT admits its filed Proof of Claim states an erroneous amount ($357,990.91 rather than, per CBT, $357,944.91) and states it will amend. Please state the date by which the amended claim will be filed. Plaintiffs note the admission that the sworn claim on file is erroneous, and reserve all positions; nothing herein concedes that any amount is owed.

**3. August 19 Is Final**

August 19, 2026 is the final deadline. Plaintiffs will not extend it. If it passes without full compliance, Plaintiffs will present the complete history — the July 6 requests; the August 5 responses served without documents or verification; the August 10 demand; the August 13 letter indexing a production never served; and the passing of this final deadline — to the Court by motion pursuant to LBR 7026-1(c), and will seek orders compelling compliance, deeming the Requests for Admission admitted, and awarding Plaintiffs their expenses under Rule 37(a)(5). A joint stipulation pursuant to LBR 7026-1(c)(3) covering whatever remains unresolved will be provided to CBT for its contentions promptly after August 19.

The depositions noticed for the week of August 17 will proceed without CBT's production. Plaintiffs will state on the record of each deposition that CBT's documents remain unproduced, and reserve the right under Rule 30(d)(1) to reopen each examination upon production. The costs of any reopened session will be CBT's to bear.

This letter is sent without prejudice to all of Plaintiffs' rights and positions, none of which is waived. Plaintiffs remain available to confer by telephone before August 19 if CBT wishes.

Sincerely,

Douglas A. Wain
Plaintiff, Pro Per
Also on behalf of Plaintiff Elisa Wain

# EXHIBIT 11

**douglaswain@gmail.com**

**Subject:** FW: Wain v. Central Bank & Trust Co., Adv. Proc. No. 1:25-ap-01026-MB — Reply to CBT's August 13 Letter; Final Deadline of August 19, 2026 for Full Compliance

**From:** Ireland, William <wireland@hbblaw.com>
**Sent:** Friday, August 14, 2026 3:30 PM
**To:** douglaswain@gmail.com
**Cc:** Soto, Jennifer <jsoto@hbblaw.com>; Timothy R. Wiseman <tim.wiseman@skofirm.com>
**Subject:** Re: Wain v. Central Bank & Trust Co., Adv. Proc. No. 1:25-ap-01026-MB — Reply to CBT's August 13 Letter; Final Deadline of August 19, 2026 for Full Compliance

Mr. Wain: you have previously been sent the complete responsive documents, which you have already had. Resending them to you is a courtesy.

You have been told that Mr. Wiseman will not be appearing on August 17, 2026. You can keep telling me that he is appearing, and you will still be wrong. He was, and remains an attorney participating in the representation of Central Bank in these matters.

Sent from my iPad

On Aug 14, 2026, at 15:20, douglaswain@gmail.com wrote:

Mr. Ireland:

Mr. Wiseman's three emails of this afternoon are noted. One transmitted a direct PDF attachment ("Segment 002 of Wain Documents – Bates Stamped"), which has been preserved. The other two are notifications from the Egress platform, which Plaintiffs do not access; they deliver nothing, and documents sent only through Egress have not been received and will not be treated as produced.

Plaintiffs understand these transmissions to be the years-old production from the Kentucky litigation — the set CBT's August 13 letter indexed as CB0001–CB0738. If that understanding is incorrect, identify in writing what is being transmitted and which of Plaintiffs' Requests it responds to. Absent that, the record will reflect that what CBT began transmitting on August 14 was the old Kentucky set. And on that understanding, Plaintiffs' position is unchanged: CBT has still not produced one document responsive to Plaintiffs' July 6, 2026 Requests for Production, which required production by August 5, 2026.

What Plaintiffs demand — what has been demanded since July 6 and remains unproduced — are the documents this case is about, none of which are in the Kentucky-era set: the records underlying the calculation of CBT's Proof of Claim, including the "clerical error" CBT admitted

on August 13; the records of the application of the sale proceeds and garnishments; CBT's credit-reporting records, including the 2023 "charged off" reporting to Experian; the 2021–2024 records concerning distribution of the sale proceeds; and every other category in the Requests. If CBT contends no such documents exist, Rule 34(b)(2)(B)–(C) requires it to say so in writing, request by request. It has not.

Every obligation in Plaintiffs' August 14 letter stands: complete production of all responsive documents, the per-request completeness statements, the executed verification, complete answers to all interrogatories, amended responses to the Requests for Admission, and the privilege log or a written statement that nothing is withheld. The deadline is Wednesday, August 19, 2026. It is final. If it passes without full compliance, Plaintiffs will place this record before the Court and seek orders compelling compliance, deeming the Requests for Admission admitted, and awarding Plaintiffs their expenses under Rule 37(a)(5).

Finally, Plaintiffs expect Mr. Wiseman to appear for his deposition on Monday, August 17, 2026, at 9:00 a.m. Pacific / 12:00 noon Eastern, by Zoom, as subpoenaed. No motion to quash has been filed. Mr. Wiseman's participation in this afternoon's document transmission confirms his availability and his active role in this matter. If he does not appear, Plaintiffs will proceed as stated in their email of 12:17 p.m. today.

This email is sent without prejudice to all of Plaintiffs' rights and positions.

Douglas A. Wain
Plaintiff in Pro Per
(859) 494-3677

---

**From:** Ireland, William <wireland@hbblaw.com>
**Sent:** Friday, August 14, 2026 1:05 PM
**To:** douglaswain@gmail.com
**Cc:** Soto, Jennifer <jsoto@hbblaw.com>
**Subject:** RE: Wain v. Central Bank & Trust Co., Adv. Proc. No. 1:25-ap-01026-MB — Reply to CBT's August 13 Letter; Final Deadline of August 19, 2026 for Full Compliance

Mr. Wain: We have sent you our responsive documents. Please review our prior correspondence.

I am not sure why you seemingly choose to repeatedly send misleading and inaccurate correspondence to me. I would suggest that you stop doing so but anticipate that you will disregard my suggestion.

---

**From:** douglaswain@gmail.com <douglaswain@gmail.com>
**Sent:** Friday, August 14, 2026 11:01 AM
**To:** Ireland, William <wireland@hbblaw.com>
**Cc:** Soto, Jennifer <jsoto@hbblaw.com>
**Subject:** RE: Wain v. Central Bank & Trust Co., Adv. Proc. No. 1:25-ap-01026-MB — Reply to CBT's August 13 Letter; Final Deadline of August 19, 2026 for Full Compliance

Mr. Ireland:

Re-transmitting a years-old production from the Kentucky litigation does not answer Plaintiffs' July 6, 2026 Requests for Production. By CBT's own index, CB0001–CB0738 consists principally of account statements from 2012–2019 and documents from a prior foreclosure case. Plaintiffs' Requests call for all responsive documents — expressly including the records this case turns on, nearly all of which post-date that production: the records underlying the calculation of CBT's Proof of Claim, including the $283,899.64 principal and $83,900.27 interest figures and the "clerical error" CBT admitted on August 13; all records of payments, credits, and application of the sale proceeds and garnishments; CBT's credit-reporting records, including the 2023 "charged off" reporting to Experian; communications and filings concerning the distribution of the sale proceeds from 2021 through 2024; and every other category identified in the Requests. All responsive documents, including all documents post-dating the Kentucky production, must be produced by Wednesday, August 19, 2026, together with the written statement required by Rule 34(b)(2)(B)–(C) identifying, for each Request, whether production is complete and what, if anything, is withheld and why.

As to this morning's link: if CBT contends the linked materials constitute a production in this adversary proceeding, please transmit them directly — as PDF attachments to email, in reasonably sized parts, or on a USB drive by U.S. Mail — so that the production is preserved, dated, and verifiable. For clarity of the record: as of today, August 14, 2026, no documents have been received by Plaintiffs in this adversary proceeding, and Plaintiffs do not agree that the production made in the Kentucky litigation satisfied CBT's obligations here, for the reasons stated in this morning's letter.

All other items in Plaintiffs' August 14 letter stand, and the August 19, 2026 deadline is unchanged as to each: the executed verification; complete answers to all interrogatories; amended responses to the Requests for Admission; the privilege log or a written statement that nothing has been withheld on privilege grounds; the financial-statement requests; and the date by which CBT will file its amended Proof of Claim.

As stated in the letter, a joint stipulation pursuant to LBR 7026-1(c)(3) covering whatever remains unresolved after August 19 will be provided to CBT for its contentions promptly thereafter.

This email is sent without prejudice to all of Plaintiffs' rights and positions.

Douglas A. Wain
Plaintiff in Pro Per
(859) 494-3677

---

**From:** Ireland, William <wireland@hbblaw.com>
**Sent:** Friday, August 14, 2026 8:34 AM
**To:** douglaswain@gmail.com
**Cc:** Soto, Jennifer <jsoto@hbblaw.com>
**Subject:** RE: Wain v. Central Bank & Trust Co., Adv. Proc. No. 1:25-ap-01026-MB - Reply to CBT's August 13 Letter; Final Deadline of August 19, 2026 for Full Compliance

https://acrobat.adobe.com/id/urn:aaid:sc:US:a1d5ce76-0a54-4796-ac32-ff8680b39346

As you know, you have the documents you have requested. They were provided to you in your Kentucky litigation. Attached is a link to those same documents.

As for the balance of your communication of August 15, 2026, I would refer you to our letter of August 13, 2026, which you seem not to have read or considered or understood—I am unsure which of those is the case, but the result is the same.

William Ireland | Profile
Partner
D: 213.542.8035
wireland@hbblaw.com
Haight Brown & Bonesteel LLP
555 South Flower Street
Forty-Fifth Floor
Los Angeles, CA 90071
O: 213-542-8000
F: 213-542-8100
www.hbblaw.com

The contents of this email message and its attachments are intended solely for the addressee(s) hereof. This email transmission may be confidential and it may be subject to privilege protecting communications between attorneys and their clients. If you are not the named addressee, or if this message has been addressed to you in error, you are directed not to read, disclose, reproduce, distribute, disseminate or otherwise use this transmission. Delivery of this message to any person other than the intended recipient(s) is not intended in any way to waive privilege or confidentiality. If you have received this transmission in error, please alert the sender by reply e-mail. We request that you immediately delete this message and its attachments, if any. UNAUTHORIZED INTERCEPTION PROHIBITED BY FEDERAL LAW (18 U.S.C 2510-2522).

**From:** douglaswain@gmail.com <douglaswain@gmail.com>
**Sent:** Friday, August 14, 2026 7:44 AM
**To:** Ireland, William <wireland@hbblaw.com>
**Cc:** Soto, Jennifer <jsoto@hbblaw.com>
**Subject:** Wain v. Central Bank & Trust Co., Adv. Proc. No. 1:25-ap-01026-MB - Reply to CBT's August 13 Letter; Final Deadline of August 19, 2026 for Full Compliance

Mr. Ireland:

Attached is Plaintiffs' reply to CBT's August 13, 2026 letter. As stated in it: CBT has now missed two deadlines to produce a single document in this proceeding; full compliance with Plaintiffs' First Sets of Interrogatories, Requests for Production, and Requests for Admission — including production of CB0001–CB0738 — is required by Wednesday, August 19, 2026; and that deadline is final. If it passes unmet, Plaintiffs will present the matter to the Court and seek all relief described in the letter.

A hard copy follows by U.S. Mail.

Douglas A. Wain
Plaintiff in Pro Per
(859) 494-3677

Virus-free.www.avast.com

# EXHIBIT 12