**douglaswain@gmail.com**

**Subject:** FW: Wain v. Central Bank & Trust Co., Adv. Proc. No. 1:25-ap-01026-MB - Service of Plaintiffs' Portion of Joint Stipulation re Written Discovery Disputes (LBR 7026-1(c))

**From:** Ireland, William <wireland@hbblaw.com>
**Sent:** Friday, August 21, 2026 4:20 PM
**To:** douglaswain@gmail.com
**Cc:** Soto, Jennifer <jsoto@hbblaw.com>
**Subject:** RE: Wain v. Central Bank & Trust Co., Adv. Proc. No. 1:25-ap-01026-MB - Service of Plaintiffs' Portion of Joint Stipulation re Written Discovery Disputes (LBR 7026-1(c))

Mr. Wain: I am out of my office and out of town from August 24 through September 1. I do not expect that I will be able to respond to this before I leave. But I will review and respond when I have returned.

William Ireland | Profile
Partner
D: 213.542.8035
wireland@hbblaw.com
Haight
Haight Brown & Bonesteel LLP
555 South Flower Street
Forty-Fifth Floor
Los Angeles, CA 90071
O: 213-542-8000
F: 213-542-8100
www.hbblaw.com

The contents of this email message and its attachments are intended solely for the addressee(s) hereof. This email transmission may be confidential and it may be subject to privilege protecting communications between attorneys and their clients. If you are not the named addressee, or if this message has been addressed to you in error, you are directed not to read, disclose, reproduce, distribute, disseminate or otherwise use this transmission. Delivery of this message to any person other than the intended recipient(s) is not intended in any way to waive privilege or confidentiality. If you have received this transmission in error, please alert the sender by reply e-mail. We request that you immediately delete this message and its attachments, if any. UNAUTHORIZED INTERCEPTION PROHIBITED BY FEDERAL LAW (18 U.S.C 2510-2522).

**From:** douglaswain@gmail.com <douglaswain@gmail.com>
**Sent:** Friday, August 21, 2026 2:11 PM
**To:** Ireland, William <wireland@hbblaw.com>
**Cc:** Soto, Jennifer <jsoto@hbblaw.com>
**Subject:** Wain v. Central Bank & Trust Co., Adv. Proc. No. 1:25-ap-01026-MB - Service of Plaintiffs' Portion of Joint Stipulation re Written Discovery Disputes (LBR 7026-1(c))

Mr. Ireland:

Attached is Plaintiffs' portion of the Joint Stipulation regarding the parties' written discovery disputes, prepared and served pursuant to Local Bankruptcy Rule 7026-1(c)(3). Please insert CBT's position in each section designated "[To be provided by CBT pursuant to LBR 7026-1(c)(4)]" and return the completed stipulation to

Plaintiffs within seven (7) days of service, by Friday, August 28, 2026. The attached Word version is provided for CBT's convenience in inserting its positions; the PDF reflects the document as served.

Douglas A. Wain
On behalf of Plaintiffs Douglas A. Wain and Elisa Wain, Pro Per

**douglaswain@gmail.com**

**Subject:** FW: Wain v. Central Bank & Trust Co., Adv. Proc. No. 1:25-ap-01026-MB - Service of Plaintiffs' Portion of Joint Stipulation re Written Discovery Disputes (LBR 7026-1(c))

---

**From:** Ireland, William <wireland@hbblaw.com>
**Sent:** Friday, August 21, 2026 4:44 PM
**To:** douglaswain@gmail.com
**Cc:** Soto, Jennifer <jsoto@hbblaw.com>
**Subject:** RE: Wain v. Central Bank & Trust Co., Adv. Proc. No. 1:25-ap-01026-MB - Service of Plaintiffs' Portion of Joint Stipulation re Written Discovery Disputes (LBR 7026-1(c))

As always, I appreciate your courtesy.

I am not available as was set out in my email below. I will respond further when I return.

---

**From:** douglaswain@gmail.com <douglaswain@gmail.com>
**Sent:** Friday, August 21, 2026 4:40 PM
**To:** Ireland, William <wireland@hbblaw.com>
**Cc:** Soto, Jennifer <jsoto@hbblaw.com>
**Subject:** FW: Wain v. Central Bank & Trust Co., Adv. Proc. No. 1:25-ap-01026-MB - Service of Plaintiffs' Portion of Joint Stipulation re Written Discovery Disputes (LBR 7026-1(c))

Mr. Ireland:

Noted, with thanks for the advance notice. The seven-day period for CBT's portion of the Joint Stipulation is set by LBR 7026-1(c)(3) and runs from service; it expires Friday, August 28, 2026. CBT is represented by your firm, and Plaintiffs respectfully submit that the deadline is not affected by any one attorney's travel; another attorney at your firm may prepare and return CBT's insertions. If the completed stipulation is not returned by August 28, Plaintiffs will proceed under LBR 7026-1(c)(4) and will include this correspondence.

Douglas A. Wain
On behalf of Plaintiffs Douglas A. Wain and Elisa Wain, Pro Per

---

**From:** Ireland, William <wireland@hbblaw.com>
**Sent:** Friday, August 21, 2026 4:20 PM
**To:** douglaswain@gmail.com
**Cc:** Soto, Jennifer <jsoto@hbblaw.com>
**Subject:** RE: Wain v. Central Bank & Trust Co., Adv. Proc. No. 1:25-ap-01026-MB - Service of Plaintiffs' Portion of Joint Stipulation re Written Discovery Disputes (LBR 7026-1(c))

Mr. Wain: I am out of my office and out of town from August 24 through September 1. I do not expect that I will be able to respond to this before I leave. But I will review and respond when I have returned.

William Ireland | Profile
Partner

D: 213.542.8035
wireland@hbblaw.com

Haight

Haight Brown & Bonesteel LLP
555 South Flower Street
Forty-Fifth Floor
Los Angeles, CA 90071
O: 213-542-8000
F: 213-542-8100
www.hbblaw.com

The contents of this email message and its attachments are intended solely for the addressee(s) hereof. This email transmission may be confidential and it may be subject to privilege protecting communications between attorneys and their clients. If you are not the named addressee, or if this message has been addressed to you in error, you are directed not to read, disclose, reproduce, distribute, disseminate or otherwise use this transmission. Delivery of this message to any person other than the intended recipient(s) is not intended in any way to waive privilege or confidentiality. If you have received this transmission in error, please alert the sender by reply e-mail. We request that you immediately delete this message and its attachments, if any. UNAUTHORIZED INTERCEPTION PROHIBITED BY FEDERAL LAW (18 U.S.C 2510-2522).

**From:** douglaswain@gmail.com <douglaswain@gmail.com>
**Sent:** Friday, August 21, 2026 2:11 PM
**To:** Ireland, William <wireland@hbblaw.com>
**Cc:** Soto, Jennifer <jsoto@hbblaw.com>
**Subject:** Wain v. Central Bank & Trust Co., Adv. Proc. No. 1:25-ap-01026-MB - Service of Plaintiffs' Portion of Joint Stipulation re Written Discovery Disputes (LBR 7026-1(c))

Mr. Ireland:

Attached is Plaintiffs' portion of the Joint Stipulation regarding the parties' written discovery disputes, prepared and served pursuant to Local Bankruptcy Rule 7026-1(c)(3). Please insert CBT's position in each section designated "[To be provided by CBT pursuant to LBR 7026-1(c)(4)]" and return the completed stipulation to Plaintiffs within seven (7) days of service, by Friday, August 28, 2026. The attached Word version is provided for CBT's convenience in inserting its positions; the PDF reflects the document as served.

Douglas A. Wain
On behalf of Plaintiffs Douglas A. Wain and Elisa Wain, Pro Per

**douglaswain@gmail.com**

**Subject:** FW: Wain v. Central Bank & Trust Co., Adv. Proc. No. 1:25-ap-01026-MB - Service of Plaintiffs' Portion of Joint Stipulation re Written Discovery Disputes (LBR 7026-1(c))

---

**From:** douglaswain@gmail.com <douglaswain@gmail.com>
**Sent:** Friday, August 21, 2026 4:40 PM
**To:** 'William E. Ireland' <wireland@hbblaw.com>
**Cc:** 'Soto, Jennifer' <jsoto@hbblaw.com>
**Subject:** FW: Wain v. Central Bank & Trust Co., Adv. Proc. No. 1:25-ap-01026-MB - Service of Plaintiffs' Portion of Joint Stipulation re Written Discovery Disputes (LBR 7026-1(c))

Mr. Ireland:

Noted, with thanks for the advance notice. The seven-day period for CBT's portion of the Joint Stipulation is set by LBR 7026-1(c)(3) and runs from service; it expires Friday, August 28, 2026. CBT is represented by your firm, and Plaintiffs respectfully submit that the deadline is not affected by any one attorney's travel; another attorney at your firm may prepare and return CBT's insertions. If the completed stipulation is not returned by August 28, Plaintiffs will proceed under LBR 7026-1(c)(4) and will include this correspondence.

Douglas A. Wain
On behalf of Plaintiffs Douglas A. Wain and Elisa Wain, Pro Per

---

**From:** Ireland, William <wireland@hbblaw.com>
**Sent:** Friday, August 21, 2026 4:20 PM
**To:** douglaswain@gmail.com
**Cc:** Soto, Jennifer <jsoto@hbblaw.com>
**Subject:** RE: Wain v. Central Bank & Trust Co., Adv. Proc. No. 1:25-ap-01026-MB - Service of Plaintiffs' Portion of Joint Stipulation re Written Discovery Disputes (LBR 7026-1(c))

Mr. Wain: I am out of my office and out of town from August 24 through September 1. I do not expect that I will be able to respond to this before I leave. But I will review and respond when I have returned.

William Ireland | Profile
Partner
D: 213.542.8035
wireland@hbblaw.com
Haight
Haight Brown & Bonesteel LLP
555 South Flower Street
Forty-Fifth Floor
Los Angeles, CA 90071
O: 213-542-8000
F: 213-542-8100
www.hbblaw.com

The contents of this email message and its attachments are intended solely for the addressee(s) hereof. This email transmission may be confidential and it may be subject to privilege protecting communications between attorneys and their clients. If you are not the named addressee, or if this message has been addressed to you in error, you are directed not to read, disclose, reproduce, distribute, disseminate or otherwise use this transmission. Delivery of this message to any person other than the intended recipient(s) is not intended in any way to waive privilege or confidentiality. If you have received this transmission in error, please alert the sender by reply e-mail. We request that you immediately delete this message and its attachments, if any. UNAUTHORIZED INTERCEPTION PROHIBITED BY FEDERAL LAW (18 U.S.C 2510-2522).

**From:** douglaswain@gmail.com <douglaswain@gmail.com>
**Sent:** Friday, August 21, 2026 2:11 PM
**To:** Ireland, William <wireland@hbblaw.com>
**Cc:** Soto, Jennifer <jsoto@hbblaw.com>
**Subject:** Wain v. Central Bank & Trust Co., Adv. Proc. No. 1:25-ap-01026-MB - Service of Plaintiffs' Portion of Joint Stipulation re Written Discovery Disputes (LBR 7026-1(c))

Mr. Ireland:

Attached is Plaintiffs' portion of the Joint Stipulation regarding the parties' written discovery disputes, prepared and served pursuant to Local Bankruptcy Rule 7026-1(c)(3). Please insert CBT's position in each section designated "[To be provided by CBT pursuant to LBR 7026-1(c)(4)]" and return the completed stipulation to Plaintiffs within seven (7) days of service, by Friday, August 28, 2026. The attached Word version is provided for CBT's convenience in inserting its positions; the PDF reflects the document as served.

Douglas A. Wain
On behalf of Plaintiffs Douglas A. Wain and Elisa Wain, Pro Per

# EXHIBIT 13

William E. Ireland (Bar No. 115600)
*wireland@hbblaw.com*
HAIGHT BROWN & BONESTEEL LLP
555 South Flower Street, Forty-Fifth Floor
Los Angeles, California 90071
Telephone: 213.542.8000
Facsimile: 213.542.8100

Attorneys for Defendant
Central Bank & Trust Co.

Haight

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>Douglas Alan Wain, Elisa Wain,<br><br>Debtors<br>______________________<br><br>DOUGLAS ALAN WAIN and ELISA WAIN<br><br>Plaintiffs<br>v.<br><br>CENTRAL BANK & TRUST CO.<br><br>Defendant | CASE NO. 1:24-bk-11814-MB<br><br>CHAPTER 13<br><br>JUDGE Martin R. Barash<br><br>Adv. Proc. No. 1:25-ap-01026-MB<br><br>**DEFENDANT CENTRAL BANK & TRUST, CO.'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTEROGATORRIES** |

Defendant Central Bank & Trust Co. ("Central Bank" or "Defendant") hereby responds to Plaintiffs Douglas Wain and Elisa Wain's ("Plaintiffs") First Set of Interrogatories as follows. These responses are made solely for the purposes of this adversary proceeding, without waiving, and expressly reserving, all objections as to

competency, relevance, materiality, privilege, and admissibility of the information provided herein as evidence for any purpose in any further proceeding, including the trial of this or any other action.

## GENERAL OBJECTIONS

1. Central Bank objects to the Definitions and Instructions to the extent they purport to impose obligations broader than, or inconsistent with, the Federal Rules of Civil Procedure and Federal Rules of Bankruptcy Procedure, including the definitions of "Central Bank," "you," or "your" to the extent they purport to include entities, persons, or agents outside Central Bank's possession, custody, or control.

2. Central Bank objects to the definition of "Relating to" or "regarding" as overbroad, vague, and unduly burdensome to the extent it is construed to mean "in any way logically or factually connected with the matter discussed," which imposes no meaningful limitation and would require Central Bank to speculate as to remote or attenuated connections.

3. Central Bank objects to the "relevant period" of January 1, 2019 to the present as overbroad and not proportional to the needs of the case as to certain requests herein, where narrower time periods tied to the actual dispute (2019 loan origination and 2024 foreclosure sale/distribution) are more appropriate; Central Bank's specific time-period objections are noted request-by-request below.

Haight

4. Central Bank objects to each request to the extent it seeks information or documents protected from disclosure by the attorney-client privilege, the work-product doctrine, the joint-defense/common-interest privilege, or any other applicable privilege or protection. Any inadvertent disclosure of privileged or protected information shall not constitute a waiver of any privilege or protection, and Central Bank reserves the right to demand the return or destruction of any such information pursuant to Fed. R. Evid. 502 and the parties' discovery plan. Central Bank further objects to each request to the extent each seeks information regarding attorney retention, conflict analyses, litigation strategy, affirmative-defense development, auditor communications, litigation holds, or insurance communications protected from discovery

5. Central Bank objects to each request to the extent it seeks information neither relevant to any party's claim or defense in this adversary proceeding nor proportional to the needs of the case, considering the importance of the issues, the amount in controversy, the parties' relative access to the information, and the burden or expense of the proposed discovery, as required by Rule 26(b)(1).

6. Central Bank objects to each request to the extent it seeks confidential, proprietary, or commercially sensitive business information of Central Bank, or confidential personal or financial information of non-party officers, directors, or employees, without an appropriate protective order in place.


Haight

7. Central Bank objects to each request to the extent it seeks information equally available to Plaintiffs from public records, including the dockets and orders of the Fayette Circuit Court and this Court, on the ground that the burden of deriving such information is not substantially greater for Plaintiffs than for Central Bank.

8. Central Bank objects to each request to the extent it calls for legal conclusions or interpretations of court orders, statutes, or legal doctrines.

9. These General Objections are incorporated by reference into each specific response below, whether or not separately restated.

**RESPONSES**

**INTERROGATORY NO. 1:**

*State in complete detail the mathematical basis for the Proof of Claim in the amount of $357,990.91, including each component of principal, interest, fees, costs, and charges comprising that figure, the date and amount of each such component, and the method of calculation used to arrive at the total.*

**RESPONSE:**

Subject to and without waiving the General Objections, Central Bank objects that this Interrogatory, properly read, contains multiple discrete subparts (principal, interest, fees, costs, and charges, each with date, amount, and method of calculation) that should be counted separately for purposes of the twenty-five-interrogatory limit of

Haight

Rule 33(a)(1). Subject to that objection, and pursuant to Rule 33(d), Central Bank refers Plaintiffs to the documents attached to its Proof of Claim and the documents previously produced to the Plaintiffs marked as CB-WAIN 0001 to 0738. By way of further response, Central Bank refers to the documents produced with these responses.

**INTERROGATORY NO. 2:**

*Identify each and every credit, payment, offset, or recovery applied by CBT against the Wain Account from January 1, 2019 to the present, including without limitation the $66,884.60 received from surplus proceeds following the foreclosure sale and the $4,185 received from wage garnishments, stating for each the date received, the amount, the source, and the manner in which it was applied.*

**RESPONSE:**

Subject to and without waiving the General Objections, Central Bank objects that this Interrogatory contains discrete subparts as to each credit, payment, offset, or recovery. Subject to that objection, and pursuant to Rule 33(d), Central Bank refers Plaintiffs to the documents attached to its Proof of Claim and the documents previously produced to the Plaintiffs marked as CB-WAIN 0001 to 0738.

**INTERROGATORY NO. 3:**

Haight

*Identify each person who prepared, reviewed, approved, or verified the Proof of Claim, and for each person state the role he or she played and the information he or she relied upon.*

**RESPONSE:**

Subject to and without waiving the General Objections, Central Bank objects to the phrase "the information he or she relied upon" to the extent it calls for disclosure of attorney-client privileged communications or attorney work product concerning the preparation of the Proof of Claim, and Central Bank withholds any such information on that basis. Subject to and without waiving these objections, Central Bank's Becky Mullins and Central Bank's counsel worked on the Proof of Claim.

**INTERROGATORY NO. 4:**

*State CBT's understanding of the disposition of the proceeds of the foreclosure sale of the subject property for $630,003 in the Foreclosure Proceeding, including the amount distributed to each lienholder and the amount, if any, of surplus proceeds generated by that sale.*

**RESPONSE:**

Subject to and without waiving the General Objections, Central Bank states that the disposition of the sale proceeds is set forth in the March 7, 2024 Distribution Order entered in the Foreclosure Proceeding, a public record of the Fayette Circuit Court

Haight

equally available to Plaintiffs, and Central Bank refers Plaintiffs to that Order as the most complete and accurate statement of the distribution.

**INTERROGATORY NO. 5:**

*Describe in detail CBT's position as to the effect, if any, of the March 7, 2024 Distribution Order entered in the Foreclosure Proceeding upon the amount asserted in the Proof of Claim, and state all facts supporting that position.*

**RESPONSE:**

Subject to and without waiving the General Objections, Central Bank objects that this is a contention interrogatory calling for legal analysis and application of law to fact in advance of the completion of fact discovery, and that Central Bank is not obligated under Rule 33(a)(2) to provide a full and final narrative response until discovery is substantially complete. Subject to and without waiving these objections, Central Bank is reviewing any impact of the Distribution Order on the Proof of Claim and will supplement if necessary.

**INTERROGATORY NO. 6:**

*State whether CBT contends that a deficiency exists on the Wain Account following the foreclosure sale and, if so, state the amount of the asserted deficiency, the date as*

*of which it was calculated, and each fact and document supporting the existence and amount of that deficiency.*

**RESPONSE:**

Subject to and without waiving the General Objections, Central Bank objects that this is a contention interrogatory as to which Central Bank is not obligated to provide a final response until discovery is substantially complete under Rule 33(a)(2). Subject to and without waiving these objections, Central Bank denies any implication regarding the existence, validity, or enforceability of any indebtedness asserted in the bankruptcy proceeding. By way of further response, Central Bank refers Plaintiffs to the documents attached to its Proof of Claim and the documents previously produced to the Plaintiffs marked as CB-WAIN 0001 to 0738.

**INTERROGATORY NO. 7:**

*Describe how CBT applied the $66,884.60 received from surplus proceeds and the $4,185 received from wage garnishments against any indebtedness asserted against Plaintiffs, including the date of each application, the account or ledger to which each amount was posted, and the resulting balance after each application.*

**RESPONSE:** Subject to and without waiving the General Objections, Central Bank objects that this Interrogatory contains discrete subparts. Subject to that objection, pursuant to Rule 33(d), Central Bank refers Plaintiffs to the documents attached to its

Haight

Proof of Claim and the documents previously produced to the Plaintiffs marked as CB-WAIN 0001 to 0738.

**INTERROGATORY NO. 8:**

*Identify each instance in which CBT furnished, deleted, modified, or responded to a dispute concerning information about Plaintiffs to any consumer reporting agency, including Experian, Equifax, and TransUnion, from 2019 to the present, stating for each the date, the agency, the nature of the furnishing or response, and the person responsible.*

**RESPONSE:**

Subject to and without waiving the General Objections, Central Bank objects that this Interrogatory is not relevant to any claim or defense in this adversary proceeding to the extent Plaintiffs' operative complaint does not plead a claim under the Fair Credit Reporting Act or any analogous credit-reporting theory, and is overbroad in scope and time. Central Bank further states that any furnishing or dispute handling was conducted in accordance with its then-existing procedures and applicable law.

**INTERROGATORY NO. 9:**

*Describe CBT's policies and procedures, in effect at any time during the relevant period, governing the furnishing of consumer account information to consumer*

Haight

*reporting agencies and the investigation of consumer disputes under the Fair Credit Reporting Act.*

**RESPONSE:**

Subject to and without waiving the General Objections, Central Bank incorporates its response to Interrogatory No. 8 and objects on the same grounds of relevance and overbreadth.

**INTERROGATORY NO. 10:**

*Describe each charge-off, write-down, reserve, recovery, or other accounting entry made by CBT with respect to the Wain Account from 2019 to the present, stating for each the date, the amount, the general-ledger account affected, and the person who authorized the entry.*

**RESPONSE:**

Subject to and without waiving the General Objections, Central Bank objects that this Interrogatory contains discrete subparts. Subject to that objection, pursuant to Rule 33(d), Central Bank refers Plaintiffs to the documents attached to its Proof of Claim and the documents previously produced to the Plaintiffs marked as CB-WAIN 0001 to 0738.

**INTERROGATORY NO. 11:**

Haight

*Identify all collection activities undertaken by CBT or on its behalf against Plaintiffs from 2019 to the present, including the date, nature, and result of each activity, and the identity of each person or entity who conducted it.*

**RESPONSE:**

Subject to and without waiving the General Objections, Central Bank objects that this Interrogatory contains discrete subparts and is overbroad in temporal scope. Subject to those objections, pursuant to Rule 33(d), Central Bank refers Plaintiffs to the documents attached to its Proof of Claim and the documents previously produced to the Plaintiffs marked as CB-WAIN 0001 to 0738.

**INTERROGATORY NO. 12:**

*Identify each law firm and attorney engaged by CBT in connection with any of the Wain Matters, and for each state the matter involved, the date and scope of engagement, and whether any conflict-of-interest analysis was performed at the time of engagement.*

**RESPONSE:**

Subject to and without waiving the General Objections, Central Bank objects to the request to state "whether any conflict-of-interest analysis was performed" and to describe the same, on the grounds that any such analysis is protected by the attorney-client privilege and/or attorney work-product doctrine, is not relevant to any claim or

Haight

defense pleaded in this adversary proceeding, and is not proportional to the needs of the case. Central Bank withholds this information on that basis and will not supplement absent further order of the Court. The only other counsel engaged for the "Wain Matters" was Fowler Bell PLLC, a matter of public record known to the Plaintiffs.

**INTERROGATORY NO. 13:**

*State whether CBT performed any conflict-of-interest analysis prior to or during its engagement of Stoll Keenon Ogden PLLC, Fowler Bell PLLC, Dentons Bingham Greenebaum LLP, Frost Brown Todd LLC, or Haight Brown & Bonesteel LLP in connection with any of the Wain Matters, and if so, describe the analysis performed and identify each person who performed it.*

**RESPONSE:**

Subject to and without waiving the General Objections, Central Bank objects to this Interrogatory in its entirety on the grounds that it seeks information protected by the attorney-client privilege and attorney work-product doctrine, is not relevant to any claim or defense pleaded in this adversary proceeding, and it is not proportional to the needs of the case. Any conflict-of-interest analysis performed by or for Central Bank's counsel concerns the internal deliberative process of counsel's representation and is not a proper subject of discovery by an opposing party. Central Bank withholds this information on that basis.



Haight

Haight

**INTERROGATORY NO. 14:**

*Identify each CBT officer, employee, or agent responsible for retaining, supervising, or directing outside counsel or third-party agents in connection with collection or litigation activities against Plaintiffs, and describe the authority delegated to such counsel or agents.*

**RESPONSE:**

Subject to and without waiving the General Objections, Central Bank objects to this Interrogatory in its entirety on the grounds that it seeks information protected by the attorney-client privilege and attorney work-product doctrine, is not relevant to any claim or defense pleaded in this adversary proceeding, and it is not proportional to the needs of the case.

**INTERROGATORY NO. 15:**

*Identify and describe each subordination agreement affecting CBT's lien position with respect to the subject property, including the subordination agreement identified in Plaintiffs' February 26, 2026 Unilateral Status Report, stating the parties to each agreement, its date, and its effect on CBT's lien priority.*

**RESPONSE:**

Subject to and without waiving the General Objections, Central Bank objects to this Interrogatory because is not relevant to any claim or defense pleaded in this adversary

proceeding, and it is not proportional to the needs of the case. Central Bank further objects to the extent it mischaracterizes documents and seeks legal conclusions about lien priority.

**INTERROGATORY NO. 16:**

*Identify each present or former CBT officer, employee, agent, or director with knowledge of the Wain Account, the Proof of Claim, or any of the Wain Matters, and for each state the subject(s) on which that person has knowledge.*

**RESPONSE:**

Subject to and without waiving the General Objections, Central Bank objects that this Interrogatory is overbroad and not proportional to the needs of the case to the extent it seeks identification of every person with any knowledge of any of the broadly defined "Wain Matters," which would encompass a potentially unlimited universe of personnel across multiple years and multiple proceedings. Subject to that objection, Central Bank will identify those persons with knowledge of the specific disputed facts at issue in this adversary proceeding, namely the calculation of the Proof of Claim, the foreclosure sale distribution, and the application of surplus proceeds and garnishment funds.

**INTERROGATORY NO. 17:**



Haight

*State the role of Timothy R. Wiseman with respect to the Proof of Claim and his Evidentiary Declaration filed in this adversary proceeding on February 12, 2026, and identify the source of the information set forth in that declaration.*

**RESPONSE:**

Subject to and without waiving the General Objections, Central Bank states that Timothy R. Wiseman is an attorney with Stoll Keenon Ogden PLLC who has represented Central Bank in connection with certain of the Wain Matters, and that the factual statements in his Evidentiary Declaration filed February 12, 2026 were based on his review of Central Bank 's business records and information provided to him in the course of that representation. Central Bank objects to the extent this Interrogatory calls for disclosure of privileged attorney-client communications or work product concerning the preparation of the Declaration, and withholds any such information on that basis.

**INTERROGATORY NO. 18:**

*State whether CBT's audited consolidated financial statements for fiscal years 2019 through 2025 disclosed, accounted for, or reserved against any loss contingency arising from the Wain Matters, and if so, describe the disclosure, accounting treatment, or reserve for each such year.*

**RESPONSE:**

Haight

Subject to and without waiving the General Objections, CBT states that its audited consolidated financial statements for fiscal years 2019 through 2025 are business records not relevant to this proceeding. CBT objects to the extent this Interrogatory calls for a legal conclusion as to whether disclosure was required under applicable accounting standards.

**INTERROGATORY NO. 19:**

*For each fiscal year from 2019 through 2025, state the legal-fee component of the "Professional services" line item reported in CBT's audited consolidated statements of income, identify each law firm or vendor to which professional-services payments were made, and state the amount allocated to the Wain Matters.*

**RESPONSE:**

Subject to and without waiving the General Objections, CBT objects to this Interrogatory on the grounds that it seeks CBT's confidential and proprietary financial information regarding matters unrelated to the Wain Matters, seeks information protected by the attorney-client privilege and work-product doctrine to the extent billing detail reflects the nature and scope of legal services rendered, is not relevant to any claim or defense pleaded in this adversary proceeding, and is not proportional to the needs of the case. CBT withholds this information on that basis.

**INTERROGATORY NO. 20:**

Haight

*Describe all communications between CBT and Crowe LLP regarding the Wain Matters during fiscal years 2019 through 2025, including any audit-inquiry response, management representation letter, or assessment of loss contingencies relating to the Wain Matters, and identify each person who participated in those communications.*

**RESPONSE:**

Subject to and without waiving the General Objections, Central Bank objects to this Interrogatory on the grounds that communications between CBT, its counsel, and its outside auditor concerning loss-contingency assessment, including audit-inquiry responses and management representation letters, are protected by the attorney-client privilege and/or attorney work-product doctrine notwithstanding their provision to the auditor in connection with the audit function, and are not relevant to any claim or defense pleaded in this adversary proceeding.

**INTERROGATORY NO. 21:**

*Identify each insurance policy, including any directors-and-officers, errors-and-omissions, or banker's blanket bond policy, under which coverage has been or may be asserted in connection with the claims in this proceeding, and for each state the insurer, policy number, policy limits, and whether any notice of claim or reservation of rights has been issued.*

**RESPONSE:**

Haight

Subject to and without waiving the General Objections, Central Bank will identify any applicable insurance policy under which coverage has been or may be asserted in connection with the claims in this proceeding, consistent with its obligations under Rule 26(a)(1)(A)(iv). Central Bank objects to production or description of the substance of any reservation-of-rights correspondence with its insurer(s) on the grounds that such correspondence is protected by the attorney-client privilege and/or work-product doctrine, and withholds that portion on that basis.

**INTERROGATORY NO. 22:**

*State the basis for the reported increase in aggregate loans to related parties from $367,000 at year-end 2019 to $16,352,000 at year-end 2020, as disclosed in Notes 3 and 7 of CBT's annual reports, including any change in the definition of "related party" applied between those years.*

**RESPONSE:**

Subject to and without waiving the General Objections, Central Bank objects to this Interrogatory in its entirety on the grounds that it is not relevant to any claim or defense pleaded in this adversary proceeding, is not proportional to the needs of the case, and seeks information equally available to Plaintiffs from publicly filed annual reports referenced in the Interrogatory itself, such that the burden of deriving or ascertaining the answer is not substantially greater for Plaintiffs than for Central Bank. Central Bank further objects that this Interrogatory concerns Central Bank 's

Haight

institution-wide lending practices unrelated to the Wain Account and appears calculated to explore matters outside the scope of this proceeding. Indeed, this Interrogatory concerns the reports of non-party.

**INTERROGATORY NO. 23:**

*Describe the corporate governance structure of Central Bancshares, Inc. and Central Bank & Trust Co. during the relevant period, including the concurrent service of Luther Deaton, Jr. as Chairman, President, and Chief Executive Officer of both entities, and identify any audit, risk, compliance, or litigation-oversight committee with responsibility over the matters at issue.*

**RESPONSE:**

Subject to and without waiving the General Objections, Central Bank objects to this Interrogatory on the grounds that it is not relevant to any claim or defense pleaded in this adversary proceeding absent an alter-ego, veil-piercing, or similar theory connecting Central Bank's corporate governance structure to Plaintiffs' claims, and is not proportional to the needs of the case. Subject to and without waiving this objection, CBT states that Luther Deaton, Jr. has served as Chairman, President, and Chief Executive Officer of both Central Bank & Trust Co. and Central Bancshares, Inc., a matter of public record. Central Bank otherwise withholds a substantive response pending clarification of the relevance of this Interrogatory to the pleaded causes of action.

Haight

**INTERROGATORY NO. 24:**

*State whether CBT issued any litigation hold, document-preservation directive, or similar instruction in connection with Plaintiffs, the Foreclosure Proceeding, the Plaintiffs' bankruptcy case, or this adversary proceeding, and if so, state the date of issuance, the persons to whom it was directed, and its scope.*

**RESPONSE:**

Subject to and without waiving the General Objections, Central Bank objects that the content and scope of any litigation hold reflect the mental impressions and legal analysis of counsel and are protected by the attorney work-product doctrine. Subject to and without waiving this objection, Central Bank states that it undertook reasonable steps to preserve relevant documents and information upon reasonably anticipating litigation, and no spoliation of evidence has occurred.

**INTERROGATORY NO. 25:**

*Identify all facts and documents on which CBT relies in support of each affirmative defense it has asserted or intends to assert in response to Plaintiffs' thirteen causes of action in this adversary proceeding, including without limitation any defense based on the doctrines of res judicata, collateral estoppel, or the Rooker-Feldman doctrine.*

**RESPONSE:**

Haight

Subject to and without waiving the General Objections, CBT objects that this is a contention interrogatory as to which Central Bank is not obligated to provide a final and complete response until discovery is substantially complete, pursuant to Rule 33(a)(2). Central Bank further objects that the *Rooker-Feldman doctrine* is jurisdictional in nature rather than an affirmative defense requiring identification of supporting "facts." Subject to and without waiving these objections, CBT refers Plaintiffs to its Answer and states that it will supplement this response in accordance with Rule 26(e) as discovery progresses and its contentions are finalized.

DATED: __________ HAIGHT BROWN & BONESTEEL LLP

By: /s/

William E. Ireland
Attorneys for Defendant
CENTRAL BANK & TRUST CO.

**VERIFICATION**

The foregoing answers to Interrogatories are true and correct to the best of my present memory, knowledge and belief.

Becky Mullins
*Becky Mullins*
for and on behalf of Central Bank & Trust Co.

COMMONWEALTH OF KENTUCKY

COUNTY OF FAYETTE

Subscribed, sworn to, and acknowledged before me Becky Mullins, for and on behalf of Central Bank & Trust Co., on this the *24th* day of *August*, 2026.

My commission expires: *4·21·2029*

RYLEYANNE C. VAUGHN
MY COMMISSION EXPIRES
NOTARY PUBLIC
COMM. KYNP24952
APRIL 21, 2029
COMMONWEALTH OF KENTUCKY

*Ryleyanne Vaughn*
NOTARY PUBLIC

Haight

# PROOF OF SERVICE

4924-0648-2633.1

CB29-000000 1 4897-5939-6804.1

# EXHIBIT 14

DOUGLAS A. WAIN
ELISA WAIN
P.O. Box 7473
Westlake Village, CA 91359
Telephone: (859) 494-3677
Email: douglaswain@gmail.com
Plaintiffs in Pro Per

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| **In re**<br><br>**Douglas Alan Wain, Elisa Wain,**<br><br>**Debtors,**<br>________________________________<br><br>**Douglas Alan Wain and Elisa Wain**<br><br>**Plaintiffs,**<br>**vs.**<br><br>**Central Bank & Trust Co.**<br><br>**Defendant.** | **Case No. 1:24-bk-11814-MB**<br><br>**Chapter 13**<br><br>**Adv. Proc. No. 1:25-ap-01026-MB**<br><br>**JOINT STIPULATION REGARDING WRITTEN DISCOVERY DISPUTES PURSUANT TO LOCAL BANKRUPTCY RULE 7026-1(c)(3)**<br><br>**Judge: Hon. Martin R. Barash**<br><br>**[Hearing date/time to be set by the Court]** |

Pursuant to Local Bankruptcy Rule 7026-1(c)(3), Plaintiffs Douglas A. Wain and Elisa Wain, in pro per ("Plaintiffs"), and Defendant Central Bank & Trust Co. ("CBT"), by counsel, submit this Joint Stipulation identifying the parties' disputes concerning CBT's responses to Plaintiffs' written discovery and their respective contentions.

## I. PROCEDURAL BACKGROUND

Plaintiffs served their First Set of Interrogatories (25), First Set of Requests for Production of Documents (22), and First Set of Requests for Admission (25) on CBT on July 6, 2026. CBT served responses to all three sets on August 5, 2026, by email only. The responses produced no documents, included no verification of the interrogatory answers, and included no privilege log.

On August 10, 2026, Plaintiffs served on CBT's counsel, by email and U.S. Mail, a detailed deficiency letter identifying each deficiency addressed below and requesting a conference of counsel under LBR 7026-1(c), conducted in writing consistent with the parties' course of dealing. The letter requested cure, a verification, a privilege log, and CBT's written position on each item by Friday, August 14, 2026. CBT responded by letter dated August 13, 2026, disputing the deficiencies; the letter acknowledged that the Proof of Claim states an erroneous amount due to a “clerical error” and stated that “CBT will amend its claim to correct the difference,” but produced no documents, no verification, and no privilege log. No amended claim has been filed.

On August 14, 2026, Plaintiffs served a reply letter setting a final deadline of Wednesday, August 19, 2026 for full compliance with each item. That afternoon, CBT's counsel stated in writing that Plaintiffs had “previously been sent the complete responsive documents” — identifying only the set produced in prior Kentucky litigation years earlier and re-transmitted on August 14, principally through secure-link notifications — and CBT's Kentucky counsel transmitted portions of that same prior set. Plaintiffs stated in writing on August 14 that documents sent only through link-based platforms have not been received and will not be treated as produced, and that the years-old Kentucky set does not respond to Plaintiffs' July 6, 2026 Requests.

The August 19, 2026 deadline passed. CBT served nothing: no documents responsive to the Requests for Production, no verification, no privilege log, and no amended or supplemental responses. As of the date of this Stipulation, CBT's production of documents responsive to Plaintiffs'

July 6, 2026 Requests stands at zero. Meanwhile, on August 18, 2026, CBT's Senior Vice President and Compliance Officer, Donna Craven, testified at deposition that CBT's Senior Vice President for Special Assets, Becky Mullins, handles the Wain matters for CBT and is the source of CBT's knowledge concerning them — confirming that responsive information and records exist within CBT's systems and personnel. And in its opposition filed August 18, 2026 (Adv. Doc. 69), CBT's counsel declared that Mr. Wain's deposition “was and is the only discovery requested by Defendant.” The parties' correspondence of August 10 through August 19, 2026 is incorporated by reference. The discovery cutoff is August 31, 2026. Plaintiffs' Motion for Orders Compelling Depositions (Adv. Doc. 47) is set for hearing September 24, 2026; this Stipulation concerns CBT's written discovery responses and is submitted for hearing with or following that setting as the Court directs.

## II. DISPUTED ISSUES AND THE PARTIES' CONTENTIONS

**Issue No. 1: Whether CBT must serve a verification of its interrogatory answers under Rule 33(b)(3) and (b)(5).**

**Plaintiffs' Contentions:**

CBT's answers to all twenty-five interrogatories are signed only by its counsel. Rule 33(b)(3) requires that each interrogatory be answered separately and fully in writing under oath; Rule 33(b)(5) requires that the person who makes the answers sign them. Counsel's signature covers objections only. Unverified interrogatory answers are tantamount to no answers at all. Plaintiffs requested a verification on August 10, 2026; none has been served. CBT should be ordered to serve a verification signed under oath by an officer or agent of CBT within three days.

**CBT's Contentions:**

[To be provided by CBT pursuant to LBR 7026-1(c)(4).]

**Issue No. 2: Whether CBT's responses to Interrogatory Nos. 1, 2, 6, 7, 10, and 11 — which answer only by referring to "the documents attached to its Proof of Claim and the documents previously produced . . . marked as CB-WAIN 0001 to 0738" — comply with Rule 33(d), and whether CBT must serve full further answers.**

**Plaintiffs' Contentions:**

Rule 33(d) permits an answer by reference to business records only where the answer may be determined by examining the records, the burden of deriving the answer is substantially the same for either party, and the responding party specifies the records "in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." CBT's blanket reference to 738 pages satisfies none of these requirements. Interrogatory No. 1 asks for the mathematical basis of CBT's own $357,990.91 Proof of Claim — each component of principal, interest, fees, costs, and charges, and the method of calculation. That calculation, if it exists, resides in CBT's knowledge; the burden is not remotely equal; and no document within CB-WAIN 0001–0738 sets forth the computation. The same failure infects the answers concerning the application of the $66,884.60 and $4,185 receipts (Nos. 2, 7), the asserted deficiency (No. 6), accounting entries including any charge-off (No. 10), and collection activities (No. 11). CBT should be ordered to serve full narrative answers or, at minimum, Rule 33(d) specifications identifying by Bates number the documents from which each component of each answer may be derived.

**CBT's Contentions:**

[To be provided by CBT pursuant to LBR 7026-1(c)(4).]

**Issue No. 3: Whether CBT may defer answering Interrogatory Nos. 5, 6, and 25, and Request for Production No. 22, as "premature" contention discovery, where no court order authorizes deferral and the discovery cutoff is August 31, 2026.**

**Plaintiffs' Contentions:**

Rule 33(a)(2) provides that the court may order that a contention interrogatory need not be answered until designated discovery is complete — deferral is available by court order, not by unilateral objection. No such order exists. This adversary proceeding has been pending since April 2025; CBT has briefed summary judgment on the very questions presented; and discovery closes August 31, 2026, so the time to which CBT would defer is now. CBT's answer to Interrogatory No. 5 — that it "is reviewing any impact of the Distribution Order on the Proof of Claim and will supplement if necessary" — is untenable twenty months into litigation in which the effect of the March 7, 2024 Distribution Order on the Proof of Claim is the central disputed issue, and five months after CBT filed a 156-page evidentiary declaration addressed to that subject (Adv. Doc. 31). CBT should be ordered to serve complete answers to Interrogatory Nos. 5, 6, and 25, and a complete response to Request for Production No. 22, forthwith.

**CBT's Contentions:**

[To be provided by CBT pursuant to LBR 7026-1(c)(4).]

**Issue No. 4: Whether CBT's responses to Requests for Admission Nos. 10 and 11 and Interrogatory No. 6, concerning the existence of a deficiency judgment, comply with Rule 36(a)(4) and Rule 33, and whether the requests should be deemed admitted under Rule 36(a)(6).**

**Plaintiffs' Contentions:**

Requests for Admission Nos. 10 and 11 ask CBT to admit that no deficiency judgment was entered against Plaintiffs in the Foreclosure Proceeding and that CBT did not obtain one — simple,

binary matters of public record. CBT's identical response to each — that it “denies any implication regarding the existence, validity, or enforceability of any indebtedness” — neither admits nor denies the fact asked. Rule 36(a)(4) requires that a denial “fairly respond to the substance of the matter.” A response directed to unnamed “implications” rather than the noticed fact is not a denial, an admission, or a statement of inability to admit or deny; it is an evasion. Interrogatory No. 6, which asks whether CBT contends a deficiency exists and, if so, its amount, calculation date, and supporting facts, receives the same treatment. The answers should be ordered amended or, failing amendment, the matters deemed admitted pursuant to Rule 36(a)(6).

**<u>CBT's Contentions:</u>**

[To be provided by CBT pursuant to LBR 7026-1(c)(4).]

**Issue No. 5: Whether CBT's responses of “Denied as phrased” to Requests for Admission Nos. 2, 3, 14, and 15 comply with Rule 36(a)(4), and whether CBT must reconcile its responses to Requests Nos. 4 and 5.**

**<u>Plaintiffs' Contentions:</u>**

Rule 36(a)(4) provides that when good faith requires qualification, the answering party must “specify the part admitted and qualify or deny the rest.” “Denied as phrased,” without more, specifies nothing: as to Request No. 2, it conceals whether CBT disputes the $358,412.72 figure or something else; as to Requests Nos. 14 and 15, it conceals whether CBT contends the Proof of Claim was, or was not, reduced by the admitted receipts of $66,884.60 and $4,185. CBT's responses to Requests Nos. 4 and 5 are irreconcilable on their face: Request No. 4's response denies that the foreclosure sale “generated surplus proceeds,” while Request No. 5's response admits that CBT “received $66,884.60 from surplus proceeds following the foreclosure sale.” CBT should be ordered to serve amended responses that comply with Rule 36(a)(4) and reconcile its positions.

**<u>CBT's Contentions:</u>**

[To be provided by CBT pursuant to LBR 7026-1(c)(4).]

**Issue No. 6: Whether CBT must serve a privilege log under Rule 26(b)(5)(A) for the information and documents withheld on privilege and work-product grounds.**

**<u>Plaintiffs' Contentions:</u>**

CBT withholds information or documents on privilege or work-product grounds in response to Interrogatory Nos. 3, 12, 13, 14, 17, 19, 20, 21, and 24, and Requests for Production Nos. 8, 11, 12, 16, 17, 20, and 21, yet has served no privilege log. Rule 26(b)(5)(A) requires a withholding party to describe the nature of the withheld documents and communications so other parties can assess the claim. Three categories warrant particular attention: (a) communications with Crowe LLP, CBT's outside auditor — disclosure of attorney-client communications to an outside auditor waives the privilege as to the matters disclosed, and audit-inquiry responses and management representation letters are ordinary-course audit documents; (b) the litigation hold (Interrogatory No. 24; RFP No. 20), whose existence, issuance date, and recipients are not privileged even if its text is; and (c) reservation-of-rights correspondence (RFP No. 17), which is correspondence with a third-party insurer. CBT should be ordered to serve a complete privilege log identifying each withheld document or communication by date, author, recipients, and subject matter.

**<u>CBT's Contentions:</u>**

[To be provided by CBT pursuant to LBR 7026-1(c)(4).]

**Issue No. 7: Whether CBT must produce its audited consolidated financial statements for fiscal years 2019 through 2025 and serve amended responses to Requests for Admission Nos. 18 through 20.**

**<u>Plaintiffs' Contentions:</u>**

CBT's positions contradict each other. In answer to Interrogatory No. 18, CBT stated that its "audited consolidated financial statements for fiscal years 2019 through 2025 are business records that speak for themselves, and CBT will produce those statements in response to the corresponding document request." In response to the corresponding request — RFP No. 14 — CBT refused production on the ground that "the financial statements concern a non-party to this case." Both cannot stand. The "non-party" objection also fails as to Requests for Admission Nos. 18 through 20, which ask about "Central Bank's audited consolidated financial statements" — the records of the responding party; consolidated statements that include CBT's own operations are not immunized from discovery because the consolidation parent is Central Bancshares, Inc. CBT should be ordered to produce the statements, as its own interrogatory answer promised, and to serve amended responses to Requests for Admission Nos. 18 through 20.

**<u>CBT's Contentions:</u>**

[To be provided by CBT pursuant to LBR 7026-1(c)(4).]

**Issue No. 8: Whether CBT's responses to Requests for Production Nos. 1 through 22 comply with Rule 34(b)(2)(B) and (C), and whether CBT must produce responsive documents.**

**<u>Plaintiffs' Contentions:</u>**

Rule 34(b)(2)(B) requires a response either to state that production will be made or to state with specificity the grounds for objection; Rule 34(b)(2)(C) requires an objection to state whether responsive materials are being withheld on the basis of that objection. CBT's responses do neither: most simply "refer Plaintiffs to" the Proof of Claim attachments and CB-WAIN 0001–0738 without

stating whether that prior production is complete as to the request, whether additional responsive documents exist, or whether documents are being withheld. Not a single document accompanied the August 5, 2026 responses — including the insurance policies CBT concedes are producible under Rule 26(a)(1)(A)(iv) (RFP No. 17; Interrogatory No. 21). CBT should be ordered, as to each of RFP Nos. 1 through 22, to state whether all responsive, non-privileged documents have been produced, to identify the responsive Bates ranges, to state whether any document is withheld and on what ground, and to produce all responsive, non-privileged documents not already within CB-WAIN 0001–0738.

**<u>CBT's Contentions:</u>**

[To be provided by CBT pursuant to LBR 7026-1(c)(4).]

CBT's position that its production is complete is contradicted by its own officer's sworn testimony: on August 18, 2026, CBT's Compliance Officer testified that the CBT officer handling the Wain matters — and the source of CBT's knowledge concerning them — is its Senior Vice President for Special Assets, confirming that records concerning the claim calculation, the application of sale proceeds and garnishments, and CBT's credit reporting exist within CBT's systems. None has been produced.

**Issue No. 9: Whether CBT's relevance objections to Interrogatory Nos. 8, 9, and 15 and Requests for Production Nos. 6, 7, and 13 are well taken.**

**<u>Plaintiffs' Contentions:</u>**

CBT objects to the credit-reporting discovery (Interrogatory Nos. 8–9; RFP Nos. 6–7) on the ground that the Complaint pleads no credit-reporting claim. The Complaint pleads unlawful collection activity (Claim VIII, and the elder-abuse and conversion claims), and CBT's furnishing and dispute-handling with respect to the Wain Account during its collection efforts is discoverable under Rule 26(b)(1) whether or not a stand-alone FCRA claim is pleaded — particularly where CBT's response to Request for Admission No. 16 concedes that it furnished information about

Plaintiffs to consumer reporting agencies and its response to Request No. 17 admits it received consumer disputes. As to Interrogatory No. 15 and RFP No. 13 (subordination agreements), lien priority is at the center of Plaintiffs' claims concerning the distribution of the foreclosure sale proceeds; the objection that lien priority "is not relevant" to this proceeding is not tenable. CBT should be ordered to serve substantive responses.

**CBT's Contentions:**

[To be provided by CBT pursuant to LBR 7026-1(c)(4).]

**Issue No. 10: Whether Plaintiffs should recover their reasonable expenses, and whether the discovery cutoff should be extended for the limited purpose of resolving these disputes.**

**Plaintiffs' Contentions:**

If the Court grants relief on Issues 1 through 9, Plaintiffs are entitled to their reasonable expenses under Rule 37(a)(5)(A), applicable via Fed. R. Bankr. P. 7037, and LBR 7026-1(c)(4), unless CBT's positions were substantially justified. CBT's course — unverified answers, a blanket 738-page reference in lieu of answers, deferrals no order authorizes, evasive admission responses, internally contradictory positions, privilege claims with no log, and a production of zero documents — was not substantially justified. Plaintiffs further request that, to the extent necessary, the August 31, 2026 discovery cutoff be extended for the limited purpose of completing the further responses, log, and production ordered on this motion, so that CBT's deficient responses do not run out the clock they created.

**CBT's Contentions:**

[To be provided by CBT pursuant to LBR 7026-1(c)(4).]

## III. RELIEF SOUGHT BY PLAINTIFFS

An order: (1) directing CBT to serve a verification of its interrogatory answers under Rule 33(b)(3) and (b)(5) within three days; (2) directing CBT to serve full further answers to Interrogatory

Nos. 1, 2, 5, 6, 7, 10, 11, and 25, without improper objection and, where Rule 33(d) is invoked, with Bates-level specification; (3) directing CBT to serve amended responses to Requests for Admission Nos. 2, 3, 4, 10, 11, 14, and 15 that comply with Rule 36(a)(4), or, failing timely amendment, deeming Requests Nos. 10 and 11 admitted under Rule 36(a)(6); (4) directing CBT to serve a complete privilege log under Rule 26(b)(5)(A); (5) directing CBT to produce its audited consolidated financial statements for fiscal years 2019–2025 and to serve amended responses to Requests for Admission Nos. 18–20; (6) directing CBT, as to each Request for Production, to comply with Rule 34(b)(2)(B)–(C) and to produce all responsive, non-privileged documents, including the insurance policies; (7) directing CBT to serve substantive responses to Interrogatory Nos. 8, 9, and 15 and Requests for Production Nos. 6, 7, and 13; (8) extending the August 31, 2026 discovery cutoff to the extent necessary for the limited purpose of completing the responses, log, and production ordered; and (9) awarding Plaintiffs their reasonable expenses under Rule 37(a)(5), Fed. R. Bankr. P. 7037, and LBR 7026-1(c)(4).

Dated: _________________, 2026

Respectfully submitted,

_________________________________
Douglas A. Wain
Plaintiff in Pro Per

_________________________________
Elisa Wain
Plaintiff in Pro Per

_________________________________
William Ireland
Haight Brown & Bonesteel LLP
Counsel for Defendant Central Bank & Trust Co.

# EXHIBIT 15

# EXHIBIT 15

Certified Excerpts — Deposition of Donna Jean Craven — August 18, 2026

Transcript pages 1–6, 9, 12–15, 67, 69–74, 79–82, 109, 116–125, 128–132, 141–142, and the Reporter's Certificate (April L. Crites, RMR, CRR, CSR, CCR)

**In The Matter Of:**

*WAIN v.*

*CENTRAL BANK & TRUST CO., et al.*

---

*DONNA JEAN CRAVEN*

*August 18, 2026*

---

April L. Crites, RMR, CRR, CSR, CCR
National and International Realtime Court Reporter
aprilcrites@outlook.com
(434) 774-5993

*Min-U-Script® with Word Index*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
SAN FERNANDO VALLEY DIVISION

- - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| In re: | : | Civil Action No. 1:24-bk-11814-MB |
| DOUGLAS ALAN WAIN and ELISA WAIN, | : | Chapter 13 |
| | : | |
| Debtors. | : | |
| DOUGLAS ALAN WAIN and ELISA WAIN, | : | Adversary Proceeding No. 1:25-ap-01026-MB |
| Plaintiffs, | : | |
| v. | : | |
| CENTRAL BANK & TRUST CO., et al., | : | |
| Defendants. | : | |

- - - - - - - - - - - - - - - - x

VIDEOCONFERENCED (BY ZOOM) DEPOSITION OF

DONNA JEAN CRAVEN

Lexington, Kentucky

Tuesday, August 18, 2026

12:05 p.m. EDT

Pages: 1 - 147

Reported By: April L. Crites, RMR, CRR, CSR, CCR
Notary Public, Commonwealth of Kentucky

Deposition of DONNA JEAN CRAVEN
held at the offices of:

STOLL KEENON OGDEN PLLC
300 West Vine Street
Suite 2100
Lexington, Kentucky 40507
(859) 231-3000

* * *

Pursuant to notice, and pursuant to the Federal Rules of Civil Procedure, before April L. Crites, RMR, CRR, CSR, CCR, and Notary Public in and for the Commonwealth of Kentucky.

* * *

# I N D E X


| EXAMINATIONS CONDUCTED | PAGE |
|---|---|
| DONNA JEAN CRAVEN | |
| Cross-Examination by Mr. Wain................ | 6 |
| Cross-Examination by Mrs. Wain............... | 19 |
| Recross-Examination by Mr. Wain.............. | 23 |
| Recross-Examination by Mrs. Wain............. | 64 |
| Further Recross-Examination by Mr. Wain...... | 78 |
| Further Recross-Examination by Mrs. Wain..... | 118 |
| Further Recross-Examination by Mr. Wain...... | 124 |
| Direct Examination by Mr. Wiseman............ | 141 |
| Further Recross-Examination by Mr. Wain...... | 142 |
| Redirect Examination by Mr. Wiseman.......... | 143 |
| Further Recross-Examination by Mr. Wain...... | 144 |


* * *

EXHIBITS


| MARKED | DESCRIPTION | PAGE |
|---|---|---|
| Exhibit 1 | Plaintiffs' Notice of Deposition of Donna Craven | 79 |
| Exhibit 2 | September 27, 2023, letter to Douglas Wain, from Donna Craven, Senior Vice President and Compliance Officer | 79 |


* * *

A P P E A R A N C E S

ON BEHALF OF THE PLAINTIFFS, DOUGLAS A. WAIN and ELISA WAIN (pro per):

Douglas Alan Wain
Elisa Wain
Post Office Box 7473
Westlake Village, California 91359
859-494-3677
douglaswain@gmail.com

ON BEHALF OF DONNA JEAN CRAVEN:

Timothy R. Wiseman, Esq.
STOLL KEENON OGDEN PLLC
300 West Vine Street
Suite 2100
Lexington, Kentucky 40507
859-231-3073
tim.wiseman@skofirm.com

* * *

THE COURT REPORTER: Good morning. Today is Tuesday, August 18, 2026. The time is approximately 12:05 p.m. Eastern.

The location of the witness is Lexington, Kentucky.

We are here in the case of Douglas Alan Wain and Elisa Wain v. Central Bank & Trust Co., et al., case number 1:25-ap-01026.

My name is April Crites. I am a certified court reporter and a notary public for the Commonwealth of Kentucky.

Will counsel please state their appearance and identify any additional attendees present with them for the record? If there are any objections to proceeding, please state them at the time of your appearance, beginning with Mr. Wain.

MR. WAIN: No objections.

THE COURT REPORTER: Do you want to state your appearance for the record?

MR. WAIN: Oh, state my appearance. I'm sorry. Douglas Alan Wain.

THE COURT REPORTER: No objections?

MR. WAIN: No objections.

THE COURT REPORTER: Thank you.

Mr. Wiseman?

MR. WISEMAN: Yeah, my name is Tim Wiseman of Stoll Keenon Ogden appearing here for Ms. Craven.

I think my colleague, Mr. Ireland, has waived -- has given some objections, generally, to these depositions. So I would note those for the record, our objections to much of this discovery being irrelevant and unduly burdensome and bordering on harassment.

DONNA JEAN CRAVEN

of lawful age, Witness herein, having been first duly cautioned and sworn, as hereinafter certified, was examined and said as follows:

THE COURT REPORTER: Okay. Thank you. And we may proceed.

MR. WAIN: Thank you.

CROSS-EXAMINATION

BY MR. WAIN:

Q Good morning, Ms. Craven.

A Good morning.

Q Please state your name -- your full name and business address for the record.

A My full name is Donna Jean Craven. And I'm sorry, the second -- my business address?

Q Yes.

A -- or when did he represent me for my appearance today?
Q When did he start representing you for your appearance today?
A That was Friday.
Q Okay. Now, has Stoll Keenon Ogden and/or Tim Wiseman ever represented you personally before Friday?
A No.
Q Okay. Thank you very much.
Does William Ireland or his firm, Haight Brown & Bonesteel, do they represent you, personally.
A I'm sorry. Could you ask that question again, please?
Q William Ireland of Haight Brown & Bonesteel, Los Angeles, do they represent you personally?
A I'm unclear on that question, please.
Q Does Tim Wiseman or Stoll Keenon Ogden represent you personally?
MR. WISEMAN: Asked and answered. Objection. We've done this.
MR. WAIN: I -- it has not been answered.
MR. WISEMAN: She already did a second

but I don't want her getting into any privileged matters.

MR. WAIN: Could you note that for the record, Madam Court Reporter?

BY MR. WAIN:

Q Okay. Who did you speak with to prepare for today?

A Mr. Wiseman and another attorney.

Q Who was the other attorney?

A I don't remember his name.

Q Which --

A My apologies.

Q Which firm did this attorney work for?

A I apologize; I don't remember the firm name.

Q It was a different firm than SKO?

A I don't know.

Q Ms. Craven, this is an important matter to us to know how you are represented, and we work -- you don't know the name of the other firm that helped you prepare for today, that might be involved in this case?

A I don't remember the name.

Q Who would know?

A Mr. Wiseman.

Q Who chose Mr. Wiseman and SKO to represent you today? Was it you, or was it Central Bank?
A Central Bank.
Q Who at Central Bank directed this representation?
A I don't know.
Q You don't know who directed you to work with SKO on this deposition? Is that what you're saying?
A Could you rephrase the question, please?
Q Sure.
Somebody at Central Bank chose SKO, or Tim Wiseman, to represent you at this deposition. Who was it that let you know?
A An internal colleague.
Q And that name is?
A Becky Mullins.
Q Becky Mullins.
And her position?
A I don't know her exact title.
Q Okay. So you prepared for this deposition with Mr. Wiseman and another attorney, who you don't know the firm and you don't know the name; is that correct?
A Yes.

Q And Tim Wiseman knows the name of this other firm or attorney?
A I can't ask -- answer for Mr. Wiseman.
Q Well, I said, Who would know -- the question before, I said, Who would know who was with you at the other attorney's, and you said Mr. Wiseman?
A Correct.
Q So Mr. Wiseman knows who the other attorney and the other -- or the other firm was who helped you prepare for today's deposition?
A Yes.
Q Okay. Mr. Wiseman would know. Gotcha.
Is it written down anywhere?
A Is what written down?
Q The name of the other attorney or firm.
A Written down by whom or by where?
Q In your notes. By your hand.
A I did not take notes.
Q Okay. Did you write down the name of the other attorney or other firm?
Do you have it written down somewhere?
Did you write it down somewhere, where you can go and look at it?
A No, I did not.

Q Okay. Okay. So when did you prepare, and for how long?

A I prepared on Friday for approximately 30 minutes.

Q Okay. What documents did you review for this deposition?

A I did not review any documents.

Q I just want to understand. There was only two people who helped you prepare for this deposition; is that correct?

A Yes.

Q And that was Mr. Wiseman and an unknown attorney?

A Yes.

Q Did anyone tell you what to say or what not to say?

MR. WISEMAN: Objection. Privilege.

MR. WAIN: On what grounds?

MR. WISEMAN: You've already -- you've already -- you've already established she's represented by counsel, and we've discussed these things with her. She can't -- she cannot -- she can't talk about things that were discussed with her attorneys. It's protected by privilege.

BY MR. WAIN:

A A bank representative.
Q Such as? Any bank representative, or what?
A It would go to the special assets department.
MR. WAIN: And who is -- runs the special assets department?
THE WITNESS: Becky Mullins.
BY MRS. WAIN:
Q Does Central Bank keep records of how the payments and credits are applied to an account, like a transaction ledger?
A Yes.
Q Are those systems still in use today?
MR. WISEMAN: Objection. Vague. As compared to when?
BY MRS. WAIN:
Q Do they go back to 2019?
MR. WISEMAN: Again, I object. She's testifying in her personal capacity. She can answer to the extent she knows.
THE WITNESS: I would defer to one of my colleagues: Becky Mullins.
BY MRS. WAIN:
Q How long would it take to pull that

this lawsuit?

MR. WISEMAN: Again, I object. She's testifying in her personal capacity. Those questions are better directed elsewhere.

MR. WAIN: Yeah, go ahead.

BY MRS. WAIN:

Q What was the balance on the Wain accounts when the foreclosure case was filed in 2019?

A I don't know.

Q Who would know?

A Becky Mullins.

MR. WAIN: Would you say Becky Mullins is the primary person at Central Bank who is handling the litigation between the Wains and Central Bank?

THE WITNESS: I don't know.

MR. WAIN: To the best of your knowledge.

THE WITNESS: I would assume so.

MR. WAIN: Would there be anybody else who might have that role at Central Bank.

THE WITNESS: I don't know who assists in legal action.

MR. WAIN: But you assume that Becky Mullins is handling the legal aspects between us, the Wains, and Central Bank?

THE WITNESS: I believe legal counsel is

handling that.

MR. WAIN: Internal legal counsel?

THE WITNESS: No.

MR. WAIN: Oh. No, inside Central Bank, I mean, not legal -- outside legal counsel.

THE WITNESS: No.

MR. WAIN: Does Central Bank have that -- have an internal legal department?

THE WITNESS: No.

MR. WAIN: So then who at Central Bank -- let me say it exactly the way I heard it.

You assume that Becky Mullins is handling the legal affairs between Central Bank and us, the Wains?

THE WITNESS: I believe she is Central Bank's contact with Central Bank's representation.

MR. WAIN: Thank you.

Is Luther Deaton involved -- Junior -- involved in the litigation management?

THE WITNESS: I'm sorry. Can you rephrase that question, please? I didn't understand it.

MR. WAIN: Is it possible that Luther Deaton Jr. is involved regarding the litigation between Central Bank and the Wains?

THE WITNESS: I don't know the answer.

MR. WAIN: Okay. Thank you.
Go ahead.
BY MRS. WAIN:
Q The Kentucky judgment awarded $358,412.72, plus interest at $52.70 per day from March 6, 2019.
Does Central Bank have a running calculation of interest on this judgment?
A I don't know.
Q Who would know?
A I'm assuming Becky Mullins.
MR. WAIN: Yeah. Go ahead.
BY MRS. WAIN:
Q So the property, 2711 Barbados Lane, sold at the master commissioner's sale in February 2021.
What does Central Bank's ledger show happen to the Wain account balance after that sale?
A I don't know.
Q Who would know?
A I am assuming Becky Mullins.
Q The master -- sorry.
The master commissioner held approximately $605,035.42 in proceeds after fee.