Crowe

**Crowe LLP**
Independent Member Crowe Global

One Mid America Plaza, Suite 600
Oakbrook Terrace, Illinois 60181-4705
Tel +1 630 574 7878
Fax +1 630 574 1608
www.crowe.com

specific, nonduplicative evidentiary gap; (b) written narrowing to discrete, genuinely Wain-specific materials from a defined period, excluding internal Crowe communications, proprietary methodologies, unrelated matters, post-Subpoena materials, and privileged or protected information; (c) a court-entered protective order providing litigation-only use, restrictions on dissemination and public filing, return or destruction, notice to affected privilege holders, and protection under Federal Rule of Evidence 502(d); (d) a written agreement requiring Plaintiffs to advance and bear Crowe's reasonable compliance costs; and (e) if a deposition remains demonstrably necessary, one mutually agreeable designee, a mutually agreeable date and location, no more than three hours of on-the-record testimony, stenographic recording only absent a separate written agreement, and questioning limited to specifically identified nonprivileged historical facts.

Crowe will take reasonable steps to preserve potentially responsive materials while these objections are resolved. Preservation is not an agreement to search, collect, review, produce, or testify and does not waive any objection. Absent prompt agreement, Crowe reserves the right to seek a protective order and to move in the court for the district where compliance is required to quash or modify the Subpoena and recover its expenses and other appropriate relief under Rules 26 and 45. Crowe will comply with any final, enforceable order after a reasonable time to do so, subject to all rights of review.

Nothing in this letter is an admission of any statement, implication, assumption, relevance, discoverability, materiality, authenticity, admissibility, or use asserted by the Subpoena. Crowe expressly reserves all rights and objections, including the right to revise, amend, supplement, or clarify these objections as additional information becomes available or circumstances require. Please direct all further communications to me at john.doyle@crowe.com or (312) 632-6981.

Sincerely,

/s/ John C. Doyle

John C. Doyle
Crowe Advisory LLC - Assistant General Counsel

Cc: Lindsay Cutler (lindsay.cutler@crowe.com)

EXHIBIT
3
8/24/26 ALC

Douglas A. Wain and Elisa Wain
P.O. Box 7473, Westlake Village, CA 91359
(859) 494-3677 | douglaswain@gmail.com
Plaintiffs, Pro Per

August 11, 2026

**VIA EMAIL (john.doyle@crowe.com; cc: lindsay.cutler@crowe.com) AND U.S. MAIL**

John C. Doyle, Esq.
Assistant General Counsel, Crowe Advisory LLC
Crowe LLP
One Mid America Plaza, Suite 600
Oakbrook Terrace, IL 60181-4705

**Re: Wain v. Central Bank & Trust Co., Adv. Proc. No. 1:25-ap-01026-MB (Bankr. C.D. Cal.)**
**Crowe LLP's August 10, 2026 Objections to Plaintiffs' Rule 45 Subpoena**

Dear Mr. Doyle:

Thank you for your August 10, 2026 letter stating Crowe LLP's objections to Plaintiffs' subpoena. Per your instruction, all further communications concerning the subpoena will be directed to you. Plaintiffs respond as follows.

**1. Crowe's Objections to the Document Commands Are Untimely and Waived**

Your letter acknowledges that the subpoena was delivered to Crowe's Louisville, Kentucky office on July 15, 2026, commanding production on August 10, 2026. Rule 45(d)(2)(B) requires written objections to be served "before the earlier of the time specified for compliance or 14 days after the subpoena is served" — here, no later than July 29, 2026. Crowe's objections were served August 10, 2026, twelve days late. Untimely objections are waived, and Crowe — a national accounting firm acting through in-house counsel — is not the unsophisticated nonparty for which courts occasionally excuse untimeliness. Plaintiffs assert the waiver and reserve it fully; nothing in this letter, or in any conference or correspondence that follows, waives or compromises it.

**2. The Objections Letter Does Not Excuse the Rule 30(b)(6) Deposition**

Rule 45(d)(2)(B) written objections apply to commands to produce documents; they do not excuse attendance at a deposition. A nonparty seeking relief from a testimonial command must obtain an order — by motion to quash or modify under Rule 45(d)(3) or for a protective order — or the parties' agreement. Crowe's letter states only that it "reserves the right" to seek such relief. Accordingly, the deposition subpoena remains outstanding, and the Rule 30(b)(6) deposition

noticed for August 24, 2026 at 9:00 a.m. Pacific stands absent a court order or written agreement resetting it. Plaintiffs are willing to confer regarding the designee, the topics (as Rule 30(b)(6) contemplates), and the date and manner of examination — but a letter of objections is not an order, and non-appearance without one is at Crowe's risk.

**3. Meet and Confer — This Week**

Plaintiffs accept Crowe's offer to meet and confer, without waiver of any position stated above. Given the discovery schedule in the adversary proceeding, the conference must occur promptly: please provide Crowe's availability for a conference in writing or by telephone on August 12, 13, or 14, 2026. Without waiving the subpoena's full scope, or the waiver stated in Section 1, Plaintiffs are prepared to discuss at the conference reasonable narrowing of the document commands, appropriate protective conditions (including a protective order and Federal Rule of Evidence 502(d) non-waiver provisions), secure means of transmission, notice to privilege holders, and reasonable, documented duplication costs. The subpoena's scope remains as issued unless and until modified by written agreement or court order.

**4. Reservation**

If Crowe has not responded substantively by Friday, August 14, 2026, Plaintiffs will present the dispute — including the waiver of Crowe's objections and Crowe's obligations as to the noticed deposition — to the appropriate court, and will seek their expenses. Crowe's letter repeatedly identifies CBT and its counsel as the appropriate source and privilege holders for the requested materials. Plaintiffs are pursuing discovery from CBT through the ordinary party-discovery process; that pursuit does not diminish Crowe's independent obligations under the subpoena, and certain matters — what Crowe received, from whom, and when, and what Crowe's own audit documentation reflects — exist only in Crowe's files and are not obtainable from any other source. Plaintiffs appreciate Crowe's stated commitment to preserve potentially responsive materials and expect preservation to continue.

I look forward to hearing from you by Friday, August 14, 2026.

Respectfully,

Douglas A. Wain
On behalf of Plaintiffs Douglas A. Wain and Elisa Wain, Pro Per

EXHIBIT
4
8/24/26 ALC

**douglaswain@gmail.com**

**Subject:** FW: Wain v. Central Bank Subpoena to Crowe

**From:** Tom Falkenberg <tff@falkenbergives.com>
**Sent:** Friday, August 21, 2026 1:33 PM
**To:** douglaswain@gmail.com
**Cc:** Doyle, John <John.Doyle@crowe.com>; wireland@hbblaw.com
**Subject:** Wain v. Central Bank Subpoena to Crowe

Mr. Wain,

I have been retained to represent Crowe LLP in response to your subpoena for records and a deposition. Accordingly, please direct future communications on this matter to my attention.

As you know, Crowe has issued objections to the subpoena by letter of August 10. Without waiving those objections, Crowe is hereby producing documents bates labeled Crowe 00001-Crowe00077 and marked Confidential. We believe that this production satisfies the records portion of the subpoena. The documents have been redacted to protect confidential information relating to other matters. The documents are included in the link below.

As to the deposition notice, Crowe is standing on its objections. Based on the extremely limited involvement of Crowe in anything to do with the "Wain Matters", as you define them in the subpoena, a deposition is not warranted, especially given your repeated statement to John Doyle that the deposition would be 7 hours. Additionally, you were not able to articulate what relevant information Crowe would have to your adversary proceeding. We also dispute there is jurisdiction under the subpoena. Therefore, we will not be producing a witness.

Tom

Links expire 2026-09-19

Crowe 000001 - Crowe 000077.zip

Thomas F. Falkenberg

FALKENBERG IVES LLP
230 W. Monroe St., Suite 2220
Chicago, IL 60606
Direct | 312.566.4801 Fax | 312.566.4810
tff@falkenbergives.com | www.falkenbergives.com

EXHIBIT
5
8/24/26 ALC

**douglaswain@gmail.com**

**Subject:** FW: Wain v. Central Bank Subpoena to Crowe

**From:** douglaswain@gmail.com <douglaswain@gmail.com>
**Sent:** Friday, August 21, 2026 2:28 PM
**To:** tff@falkenbergives.com
**Cc:** 'Doyle, John' <John.Doyle@crowe.com>; 'William E. Ireland' <wireland@hbblaw.com>
**Subject:** RE: Wain v. Central Bank Subpoena to Crowe

Mr. Falkenberg:

Thank you for identifying yourself as Crowe's counsel; Plaintiffs will direct future communications to you.

Documents. Plaintiffs do not access third-party file-transfer links. Please deliver the production (Crowe 000001–000077) as email attachments to this address, or by U.S. Mail. Until delivered by one of those means, the documents have not been received and will not be treated as produced. Plaintiffs further note that the subpoena required production by August 10, 2026; this production comes eleven days after that date, and one business day before the noticed deposition. Plaintiffs reserve all rights regarding the completeness of the production, the unexplained redactions, and the absence of any privilege log identifying what was withheld and on what ground, and do not agree that the production satisfies the subpoena.

Deposition. Objections under Rule 45(d)(2)(B) address document production; they do not excuse attendance for testimony. Plaintiffs stated this to Crowe in writing on August 11, 2026: the deposition "stands absent a court order or written agreement." In the ten days since, Crowe has filed no motion to quash and obtained no order from any court, and no agreement exists. Jurisdictional disputes are for a court to decide; they are not grounds for unilateral non-appearance. The deposition proceeds as noticed: Monday, August 24, 2026, at 9:00 a.m. Pacific, by Zoom. If no witness appears, Plaintiffs will make a record of non-appearance at the noticed time and will seek all available relief, including contempt under Rule 45(g) and the expenses of the session. Rule 30(d)(1)'s seven-hour limit is the presumptive maximum set by rule, not a demand; the examination will take the time it takes.

This email is sent without prejudice to all of Plaintiffs' rights and positions.

Douglas A. Wain
On behalf of Plaintiffs Douglas A. Wain and Elisa Wain, Pro Per

**From:** Tom Falkenberg <tff@falkenbergives.com>
**Sent:** Friday, August 21, 2026 1:33 PM
**To:** douglaswain@gmail.com
**Cc:** Doyle, John <John.Doyle@crowe.com>; wireland@hbblaw.com
**Subject:** Wain v. Central Bank Subpoena to Crowe

Mr. Wain,

I have been retained to represent Crowe LLP in response to your subpoena for records and a deposition. Accordingly, please direct future communications on this matter to my attention.

As you know, Crowe has issued objections to the subpoena by letter of August 10. Without waiving those objections, Crowe is hereby producing documents bates labeled Crowe 00001-Crowe00077 and marked Confidential. We believe

that this production satisfies the records portion of the subpoena. The documents have been redacted to protect confidential information relating to other matters. The documents are included in the link below.

As to the deposition notice, Crowe is standing on its objections. Based on the extremely limited involvement of Crowe in anything to do with the "Wain Matters", as you define them in the subpoena, a deposition is not warranted, especially given your repeated statement to John Doyle that the deposition would be 7 hours. Additionally, you were not able to articulate what relevant information Crowe would have to your adversary proceeding. We also dispute there is jurisdiction under the subpoena. Therefore, we will not be producing a witness.

Tom

Links expire 2026-09-19

Crowe 000001 - Crowe 000077.zip

Thomas F. Falkenberg

FALKENBERG IVES LLP
230 W. Monroe St., Suite 2220
Chicago, IL 60606
Direct | 312.566.4801 Fax | 312.566.4810
tff@falkenbergives.com | www.falkenbergives.com

EXHIBIT
6
8/24/26 ALC

**douglaswain@gmail.com**

**Subject:** FW: Wain v. Central Bank Subpoena to Crowe

---

**From:** Tom Falkenberg <tff@falkenbergives.com>
**Sent:** Saturday, August 22, 2026 7:50 AM
**To:** douglaswain@gmail.com
**Cc:** 'Doyle, John' <John.Doyle@crowe.com>; 'William E. Ireland' <wireland@hbblaw.com>
**Subject:** RE: Wain v. Central Bank Subpoena to Crowe

You have been provided the documents, and if you choose not to access them that is your decision. Redactions were made as to non-responsive issues, and do not require a log.

You have been advised that the deposition is not proceeding, so there is no reason to move forward and note a witness has not appeared. We have objected, and that is a viable response under the rules.

Thomas F. Falkenberg

FALKENBERG IVES LLP
230 W. Monroe St., Suite 2220
Chicago, IL 60606
Direct | 312.566.4801 Fax | 312.566.4810
tff@falkenbergives.com | www.falkenbergives.com

---

**From:** douglaswain@gmail.com <douglaswain@gmail.com>
**Sent:** Friday, August 21, 2026 4:28 PM
**To:** Tom Falkenberg <tff@falkenbergives.com>
**Cc:** 'Doyle, John' <John.Doyle@crowe.com>; 'William E. Ireland' <wireland@hbblaw.com>
**Subject:** RE: Wain v. Central Bank Subpoena to Crowe

Mr. Falkenberg:

Thank you for identifying yourself as Crowe's counsel; Plaintiffs will direct future communications to you.

Documents. Plaintiffs do not access third-party file-transfer links. Please deliver the production (Crowe 000001–000077) as email attachments to this address, or by U.S. Mail. Until delivered by one of those means, the documents have not been received and will not be treated as produced. Plaintiffs further note that the subpoena required production by August 10, 2026; this production comes eleven days after that date, and one business day before the noticed deposition. Plaintiffs reserve all rights regarding the completeness of the production, the unexplained redactions, and the absence of any privilege log identifying what was withheld and on what ground, and do not agree that the production satisfies the subpoena.

Deposition. Objections under Rule 45(d)(2)(B) address document production; they do not excuse attendance for testimony. Plaintiffs stated this to Crowe in writing on August 11, 2026: the deposition "stands absent a court order or written agreement." In the ten days since, Crowe has filed no motion to quash and obtained no order from any court, and no agreement exists. Jurisdictional disputes are for a court to decide; they are not grounds for unilateral non-appearance. The deposition proceeds as noticed: Monday, August 24, 2026, at 9:00 a.m. Pacific, by Zoom. If no witness appears, Plaintiffs will make a record of non-appearance at the noticed time and will seek all available relief, including contempt under Rule 45(g) and the expenses of the session. Rule 30(d)(1)'s seven-hour limit is the presumptive maximum set by rule, not a demand; the examination will take the time it takes.

This email is sent without prejudice to all of Plaintiffs' rights and positions.

Douglas A. Wain
On behalf of Plaintiffs Douglas A. Wain and Elisa Wain, Pro Per

---

**From:** Tom Falkenberg <tff@falkenbergives.com>
**Sent:** Friday, August 21, 2026 1:33 PM
**To:** douglaswain@gmail.com
**Cc:** Doyle, John <John.Doyle@crowe.com>; wireland@hbblaw.com
**Subject:** Wain v. Central Bank Subpoena to Crowe

Mr. Wain,

I have been retained to represent Crowe LLP in response to your subpoena for records and a deposition. Accordingly, please direct future communications on this matter to my attention.

As you know, Crowe has issued objections to the subpoena by letter of August 10. Without waiving those objections, Crowe is hereby producing documents bates labeled Crowe 00001-Crowe00077 and marked Confidential. We believe that this production satisfies the records portion of the subpoena. The documents have been redacted to protect confidential information relating to other matters. The documents are included in the link below.

As to the deposition notice, Crowe is standing on its objections. Based on the extremely limited involvement of Crowe in anything to do with the “Wain Matters”, as you define them in the subpoena, a deposition is not warranted, especially given your repeated statement to John Doyle that the deposition would be 7 hours. Additionally, you were not able to articulate what relevant information Crowe would have to your adversary proceeding. We also dispute there is jurisdiction under the subpoena. Therefore, we will not be producing a witness.

Tom

Links expire 2026-09-19

Crowe 000001 - Crowe 000077.zip

Thomas F. Falkenberg

FALKENBERG IVES LLP
230 W. Monroe St., Suite 2220
Chicago, IL 60606
Direct | 312.566.4801 Fax | 312.566.4810
tff@falkenbergives.com | www.falkenbergives.com

EXHIBIT
7
8/24/26 ALC

**douglaswain@gmail.com**

**Subject:** FW: Wain v. Central Bank Subpoena to Crowe

---

**From:** douglaswain@gmail.com <douglaswain@gmail.com>
**Sent:** Saturday, August 22, 2026 11:51 AM
**To:** 'Tom Falkenberg' <tff@falkenbergives.com>
**Cc:** 'Doyle, John' <John.Doyle@crowe.com>; 'William E. Ireland' <wireland@hbblaw.com>
**Subject:** RE: Wain v. Central Bank Subpoena to Crowe

Mr. Falkenberg:

Plaintiffs' positions are stated in their email of August 21 and are unchanged: an objection letter is not an order quashing a subpoena, and the deposition will be convened as noticed on Monday, August 24, 2026, at 9:00 a.m. Pacific, with the record made accordingly. The offer to receive Crowe 000001–000077 by email attachment or U.S. Mail remains open. This email is sent without prejudice to all of Plaintiffs' rights and positions.

Douglas A. Wain
On behalf of Plaintiffs Douglas A. Wain and Elisa Wain, Pro Per

---

**From:** Tom Falkenberg <tff@falkenbergives.com>
**Sent:** Saturday, August 22, 2026 7:50 AM
**To:** douglaswain@gmail.com
**Cc:** 'Doyle, John' <John.Doyle@crowe.com>; 'William E. Ireland' <wireland@hbblaw.com>
**Subject:** RE: Wain v. Central Bank Subpoena to Crowe

You have been provided the documents, and if you choose not to access them that is your decision. Redactions were made as to non-responsive issues, and do not require a log.

You have been advised that the deposition is not proceeding, so there is no reason to move forward and note a witness has not appeared. We have objected, and that is a viable response under the rules.

Thomas F. Falkenberg

FALKENBERG IVES LLP
230 W. Monroe St., Suite 2220
Chicago, IL 60606
Direct | 312.566.4801 Fax | 312.566.4810
tff@falkenbergives.com | www.falkenbergives.com

---

**From:** douglaswain@gmail.com <douglaswain@gmail.com>
**Sent:** Friday, August 21, 2026 4:28 PM
**To:** Tom Falkenberg <tff@falkenbergives.com>
**Cc:** 'Doyle, John' <John.Doyle@crowe.com>; 'William E. Ireland' <wireland@hbblaw.com>
**Subject:** RE: Wain v. Central Bank Subpoena to Crowe

Mr. Falkenberg:

Thank you for identifying yourself as Crowe's counsel; Plaintiffs will direct future communications to you.

Documents. Plaintiffs do not access third-party file-transfer links. Please deliver the production (Crowe 000001–000077) as email attachments to this address, or by U.S. Mail. Until delivered by one of those means, the documents have not been received and will not be treated as produced. Plaintiffs further note that the subpoena required production by August 10, 2026; this production comes eleven days after that date, and one business day before the noticed deposition. Plaintiffs reserve all rights regarding the completeness of the production, the unexplained redactions, and the absence of any privilege log identifying what was withheld and on what ground, and do not agree that the production satisfies the subpoena.

Deposition. Objections under Rule 45(d)(2)(B) address document production; they do not excuse attendance for testimony. Plaintiffs stated this to Crowe in writing on August 11, 2026: the deposition "stands absent a court order or written agreement." In the ten days since, Crowe has filed no motion to quash and obtained no order from any court, and no agreement exists. Jurisdictional disputes are for a court to decide; they are not grounds for unilateral non-appearance. The deposition proceeds as noticed: Monday, August 24, 2026, at 9:00 a.m. Pacific, by Zoom. If no witness appears, Plaintiffs will make a record of non-appearance at the noticed time and will seek all available relief, including contempt under Rule 45(g) and the expenses of the session. Rule 30(d)(1)'s seven-hour limit is the presumptive maximum set by rule, not a demand; the examination will take the time it takes.

This email is sent without prejudice to all of Plaintiffs' rights and positions.

Douglas A. Wain
On behalf of Plaintiffs Douglas A. Wain and Elisa Wain, Pro Per

---

**From:** Tom Falkenberg <tff@falkenbergives.com>
**Sent:** Friday, August 21, 2026 1:33 PM
**To:** douglaswain@gmail.com
**Cc:** Doyle, John <John.Doyle@crowe.com>; wireland@hbblaw.com
**Subject:** Wain v. Central Bank Subpoena to Crowe

Mr. Wain,

I have been retained to represent Crowe LLP in response to your subpoena for records and a deposition. Accordingly, please direct future communications on this matter to my attention.

As you know, Crowe has issued objections to the subpoena by letter of August 10. Without waiving those objections, Crowe is hereby producing documents bates labeled Crowe 00001-Crowe00077 and marked Confidential. We believe that this production satisfies the records portion of the subpoena. The documents have been redacted to protect confidential information relating to other matters. The documents are included in the link below.

As to the deposition notice, Crowe is standing on its objections. Based on the extremely limited involvement of Crowe in anything to do with the “Wain Matters”, as you define them in the subpoena, a deposition is not warranted, especially given your repeated statement to John Doyle that the deposition would be 7 hours. Additionally, you were not able to articulate what relevant information Crowe would have to your adversary proceeding. We also dispute there is jurisdiction under the subpoena. Therefore, we will not be producing a witness.

Tom

Links expire 2026-09-19

Crowe 000001 - Crowe 000077.zip

Thomas F. Falkenberg

FALKENBERG IVES LLP
230 W. Monroe St., Suite 2220
Chicago, IL 60606
Direct | 312.566.4801 Fax | 312.566.4810
tff@falkenbergives.com | www.falkenbergives.com

# EXHIBIT 18

2013 WL 12133884
Only the Westlaw citation is currently available.
United States District Court, C.D. California.

MARKETLINX, INC., Plaintiff,
v.
INDUSTRY ACCESS INCORPORATED, et al., Defendants.

NO. CV 12-3496 CBM (FMOx)
|
Signed 01/02/2013

**Attorneys and Law Firms**

Cheryl T. Burgess, Jon W. Gurka, Knobbe Martens Olson and Bear LLP, Irvine, CA, Phillip Bennett, Knobbe Martens Olson and Bear LLP, San Diego, CA, for Plaintiff.

Glenn Alex Dickman, Law Office of Alex Dickman, Woodland Hills, CA, Steven J. Balick, Tiffany Geyer Lydon, Ashby and Geddes, Wilmington, DE, for Defendants.

**ORDER Re: DISCOVERY MOTION**

Fernando M. Olguin, United States Magistrate Judge

***1** The court has reviewed all the briefing filed with respect to plaintiff's "Motion to Compel as to Defendant Concepts in Data Management Incorporated d/b/a Instanet Solutions" ("Motion" or "Joint Stip.") and concludes that oral argument is not necessary to resolve this matter. See Fed. R. Civ. P. 78; Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001).

**INTRODUCTION**

MarketLinx ("plaintiff") is a provider of real estate information technology solutions. (Joint Stip. at 1). One of plaintiff's products, Document and Transaction Manager, provides "a simple and intuitive platform to allow real estate professional[s], such as realtors, to share and manage real estate documents online." (Id.). Instanet ("defendant") offers and sells a product called Transaction Desk, which it describes on its website as "[t]he Complete Transaction Management Solution." (Id.).

On June 23, 2011, plaintiff filed a complaint against defendant, alleging claims of patent infringement involving U.S. Patent No. 7,343,348 ("the '348 patent"), which covers plaintiff's Document and Transaction Manager product. (Joint Stip. at 1). Plaintiff accuses defendant of directly and indirectly infringing the '348 patent by using, selling, and offering to sell its Transaction Desk product and by inducing its customers to infringe the '348 patent. (Id.).

On July 6, 2012, plaintiff served its first set of document requests, as well as a first set of interrogatories, on defendant. (Joint Stip. at 1). On July 26, 2012, plaintiff served a second set of document requests on defendant. (Id.).

Defendant responded with objections to plaintiff's first and second set of discovery requests on August 9, 2012, and August 29, 2012, respectively. (Joint Stip. at 1-2 & 4). The parties' subsequent attempts to resolve their discovery disputes failed. (See id. at 2-3). On December 5, 2012, plaintiff filed the instant Motion requesting the court to compel defendant to provide further responses to the discovery requests in dispute. (Id. at 3 & 7).

**DISCUSSION**

I. STANDARD OF REVIEW.
A party can discover any nonprivileged information that is relevant to the claims or defenses of any other party. Fed. R. Civ. P. 26(b)(1). Relevant information does not have to be admissible so long as it appears calculated to lead to the discovery of admissible evidence. Id. "Relevancy is broadly construed, and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the claim or defense of any party. A request for discovery should be allowed unless it is clear that the information sought can have no possible bearing on the claim or defense of a party." McCormick v. City of Lawrence, Kansas, 2005 WL 1606595, at *5 (D. Kan. 2005) (internal citations omitted); see also Surfvivor Media, Inc. v. Survivor Prods., 406 F.3d 625, 635 (9th Cir. 2005) ("Litigants may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Relevant information for purposes of discovery is information reasonably calculated to lead to the discovery of admissible evidence.") (internal quotation marks and citations omitted). "The party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections."

Superior Commc'ns v. Earhugger, Inc., 257 F.R.D. 215, 217 (C.D. Cal. 2009); Keith H. v. Long Beach Unified Sch. Dist., 228 F.R.D. 652, 655-56 (C.D. Cal. 2005); see also Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975) ("Under the liberal discovery principles of the Federal Rules defendants were required to carry a heavy burden of showing why discovery was denied.").

II. THE DISPUTED DISCOVERY.

***2** As noted above, the burden is on the party who resists discovery to establish why discovery should not be allowed. The resisting party has the burden to clarify, explain and justify its objections. As such, the court will focus its discussion on defendant's various objections and note the discovery requests to which the objections apply.

First, "it is well-settled that all grounds for objection must be stated with specificity." Ramirez v. County of Los Angeles, 231 F.R.D. 407, 409 (C.D. Cal. 2005); accord Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981). "One who objects to part of an item or category should specify to which the objection is directed." 8B Wright & Miller, Federal Practice and Procedure § 2213 (3d ed. 2012). Here, many of defendant's objections are too general to merit consideration and are therefore waived. See Ramirez, 231 F.R.D. at 409; Casson Constr. Co. v. Armco Steel Corp., 91 F.R.D. 376, 379 (D. Kan. 1980); In re Folding Carton Antitrust Litig., 83 F.R.D. 260, 264 (N.D. Ill. 1979). The parties can assume that the court has determined that any objection not discussed in this Order has been overruled because it is too general to merit consideration. See Ramirez, 231 F.R.D. at 409 ("Most of defendants' objections are too general to merit consideration and are therefore waived."); Allianz Ins. Co. v. Surface Specialities, Inc., 2005 WL 44534, at *2 (D. Kan. 2005) ("The familiar litany of general objections, including overly broad, burdensome, or oppressive, will not alone constitute a successful objection to an interrogatory, nor will a general objection fulfill the objecting party's burden to explain its objections.").

Second, objections that were raised in response to a particular discovery request, but were not argued in the Joint Stipulation, are deemed waived. See Cotracom Commodity Trading Co. v. Seaboard Corp., 189 F.R.D. 655, 662 (D. Kan. 1999) ("When ruling upon a motion to compel, the court generally considers those objections which have been timely asserted and relied upon in response to the motion. It generally deems objections initially raised but not relied upon in response to the motion as abandoned."). The parties can assume that any objection not discussed in this Order has been overruled because it: (1) was not raised in response to the original discovery request and is therefore waived; or (2) has been waived by not arguing it in the Joint Stipulation. See Ramirez, 231 F.R.D. at 409-10; Cotracom Commodity Trading Co., 189 F.R.D. at 662; Allianz Ins. Co., 2005 WL 44534, at *2.

Third, defendant agreed to supplement its responses to Request Nos. 2, 3, 16 and 38, and Interrogatory Nos. 4 & 5, [1] (see Joint Stip. at 8-11, 16-17 & 23-25) (indicating that it would supplement its responses "[t]o the extent that any [documents] are responsive to th[e]s[e] request[s,]" and/or "as ... facts[/information] become available"), and defendant indicated that it has fully responded to Request No. 30 and Interrogatory No. 3. (See id. at 14 & 22). Accordingly, to the extent defendant objects to Request Nos. 2, 3, 16, 30 & 38 and Interrogatory Nos. 3, 4 & 5, (see id. at 8-11, 14, 16-17 & 22-25), these objections are deemed waived. [2] See Capacchione v. Charlotte-Mecklenburg Schools, 182 F.R.D. 486, 492 (W.D.N.C. 1998) (when an objection to a discovery request accompanies an answer to the discovery request, the objection is generally deemed waived); Meese v. Eaton Manufacturing Co., 35 F.R.D. 162, 166 (N.D. Ohio 1964) (same). Further, defendant's reliance on "an exhaustive demonstration" it provided to plaintiff's attorneys and representatives as to "how to use the Accused product," (see, e.g., Joint Stip. at 9-10), is unpersuasive. Defendant has not provided a copy of the demonstration nor is there any indication that the demonstration was recorded. (See Plaintiff's Supplemental Memorandum in Support of MarketLinx's Motion to Compel Defendant Concepts in Data Management Incorporated d/b/a Instanet Solutions ("Plaintiff's Supp. Memo.") at 3). Without a printed or recorded version of the demonstration, plaintiff has no evidence relating to how the Accused product has been or can be used.

***3** Fourth, defendant objects to Request Nos. 27, 51 & 53 on the ground that these requests are "overly broad" and/or "unduly burdensome[.]" (Joint Stip. at 12 & 19-21). With respect to Request Nos. 51 & 53, which seek information concerning (1) "the volume of the Accused Products that have been sold or offered for sale ... since June 2005[,]" (id. at 19) (Request No. 51); and (2) defendant's "profits and profit margins ... since June 2005[,]" (id. at 20) (Request No. 53), defendant claims that it "seeks a protective order relieving it of its obligation to produce documents before March 11, 2008[,]" because such "information presumably relate[s] to damages before the issue date of the '348 patent, March

11, 2008." (Id. at 19-21). With respect to Request No. 27, which requests "[t]he source code for ... each version of the Accused Product since June 2005[,]" (id. at 12), defendant asserts that plaintiff "offers no explanation for the request for source code dating back to 2005." (Id.). However, contrary to defendant's assertion, the burden is on defendant—the party resisting discovery—to show grounds for failing to provide the requested discovery. See Superior Commc'ns, 257 F.R.D. at 217 ("The party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections."); Bible v. Rio Properties, Inc., 246 F.R.D. 614, 618 (C.D. Cal. 2007) (same); Sullivan v. Prudential Ins. Co., 233 F.R.D. 573, 575 (C.D. Cal. 2005) (same). The party resisting discovery cannot simply invoke generalized objections; rather, with respect to each of the propounding party's discovery requests, the responding party

> must show specifically how, despite the broad and liberal construction afforded the federal discovery rules, each [request] is ... overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden.

Roesberg v. Johns-Manville Corp., 85 F.R.D. 292, 296-97 (E.D. Pa. 1980) (internal citations omitted).

Here, other than stating in a conclusory manner that information predating the patent issue date of 2008 is "overly broad" and "unduly burdensome[,]" (see Joint Stip. at 12 & 19-21), defendant made no effort to explain how each document request is overly broad or unduly burdensome. (See, generally, id.). Further, courts generally allow discovery to extend to events before the period of actual liability so as to provide context. See, e.g., Owens v. Sprint/United Mgmt. Co., 221 F.R.D. 649, 655 (D. Kan. 2004) ("discovery of information both before and after the liability period ... may be relevant and/or reasonably calculated to lead to the discovery of admissible evidence and courts commonly extend the scope of discovery to a reasonable number of years both prior to and following such period"); Empire Volkswagen, Inc. v. World-Wide Volkswagen Corp., 95 F.R.D. 398, 399 (S.D.N.Y. 1982) (discovery "routinely goes beyond the statutory period" (i.e., the period within the statute of limitations), and plaintiffs are generally entitled to discovery "for a reasonable period of time antedating the earliest possible date of the actionable wrong") (internal quotation marks omitted). The cases appear to suggest a presumptive five-year discovery period. See Miller v. Hygrade Food Prods. Corp., 89 F.Supp.2d 643, 657 (E.D. Pa. 2000) (collecting cases that establish a presumptive five-year discovery period). In short, defendant's overbroad and unduly burdensome objections are overruled.

Fifth, with respect to Request No. 39, seeking the disclosure of "[a]ll documents and things relating to any testing of the Accused Products[,]" (Joint Stip. at 17), defendant objects that "[plaintiff] has never indicated the relevancy of the requested documents or how the request is reasonably calculated to lead to admissible evidence." (Id. at 18). Similarly, defendant objects to Request No. 45, which seeks "[a]ll documents and things relating to any license or other agreement regarding the Accused Product[,]" (id.), on the ground that "[defendant] is at a loss as to how 'other agreements' such as web hosting agreements or programming agreements identified by [plaintiff], to the extent they exist, would have any bearing on the issues in this case." (Id. at 19). However, as noted above, the burden is on defendant to show that the requested discovery is not relevant to any claims or defenses in this case and/or, at a minimum, not reasonably calculated to lead to the discovery of admissible evidence. See Superior Commc'ns, 257 F.R.D. at 217; Bible, 246 F.R.D. at 618; Sullivan, 233 F.R.D. at 575. In any event, as defendant concedes, "the issue of infringement concerns ... an analysis of the Accused Product[,]" (Joint Stip. at 18), and information "relating to" the Accused Product is clearly relevant to the claims or defenses in this case and/or, at a minimum, reasonably calculated to lead to the discovery of admissible evidence. [3] See Henderson v. Holiday CVS, L.L.C., 269 F.R.D. 682, 685 (S.D. Fla. 2010) ("Discovery is not limited to the issues raised by the pleadings because 'discovery itself is designed to help define and clarify the issues.' ") (internal citations omitted).

***4** Sixth, defendant objects to Request No. 28, which seeks "[a] working account on any Accused Product[,]" (Joint Stip. at 13), on the ground that "[g]iving [plaintiff] unfettered access to [defendant]'s system is not justified based on [defendant]'s previous production and demonstration of how the system is used." (Id.). However, defendant does not claim that Request No. 28 seeks the disclosure of privileged information or information that is not relevant to any of the claims or defenses in this case. See Fed. R. Civ. P. 26(b)

(1). Other than stating, in a conclusory manner, that Request No. 28 is "not justified[,]" (Joint Stip. at 13), defendant makes no effort to explain why this discovery request is improper. (See, generally, id.); see Superior Commc'ns, 257 F.R.D. at 217; Bible, 246 F.R.D. at 618; Sullivan, 233 F.R.D. at 575. Moreover, as previously noted, see supra at 4-5, defendant's reliance on its "previous production and demonstration of how the system is used[,]" (see Joint Stip. at 13), is unpersuasive in light of the fact that defendant has not provided a copy of the demonstration nor is there any indication that the demonstration was recorded. (See Plaintiff's Supp. Memo. at 3). In short, defendant's objection to Request No. 28 is overruled.

Seventh, Request No. 37, which seeks the disclosure of "[a]ll documents and things relating to Your competitors[,]" (Joint Stip. at 15), appears to be vague and overbroad on its face. The Request fails to specify the competitors and/or the products concerned, and the court is unable to discern what information plaintiff seeks to obtain through this request. (See id.).

Finally, a party may be required to submit an affidavit "(1) stat[ing] that after diligent search there are no responsive documents in its possession, custody, or control and (2) describ[ing] its efforts to locate the documents responsive to the requests." Miller v. City of Plymouth, 2010 WL 1754028, at *14 (N.D. Ind. 2010); see id. ("The affidavit must fulfill these two requirements for *each* of the document requests.") (italics in original); Link v. Taylor, 2009 WL 127660, at *2 (N.D. Ind. 2009) ("[B]ecause the Defendants claim that they have fully responded to [plaintiff]'s request for production of documents, [plaintiff] is at least entitled to a response stating as much."). Accordingly, the court will order defendant to provide a supplemental response to all of the discovery requests (except Request No. 37 as discussed below) according to the requirements set forth below. In addition, defendant shall produce a privilege log that complies with the court's requirements set forth below. [4]

**This Order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED THAT:

1. The hearing set for **January 9, 2013**, is hereby **vacated**.

2. Plaintiff's Motion **(Document No. 78)** is **granted in part and denied in part**.

3. Request for Production No. 37 contained in plaintiff's Motion is **denied**.

4. Request for Production Nos. 2, 3, 16, 27, 28, 30, 38, 39, 45, 51, and 53, and Interrogatory Nos. 3, 4, and 5 contained in plaintiff's Motion are **granted**.

5. No later than **January 9, 2013**, defendant shall—if it has not already done so—serve supplemental written responses and, if appropriate, responsive documents to all the discovery requests listed in paragraph 4 above. In responding to the subject discovery requests, defendant shall provide a certification, under penalty of perjury, that: (1) states that all relevant, non-privileged information under its custody and/or control has been provided; (2) describes in detail the efforts made by the responding party to obtain and produce the requested information; and (3) states whether any further responsive information is available.

6. For any responsive information that is withheld on the basis of the attorney-client privilege and/or work-product protection, the responding party shall provide a privilege log at the time the response(s) to the subject discovery request(s) is(are) produced (i.e., the deadline set forth above), or within a reasonable time thereafter provided the parties reach an agreement in writing on a new date pursuant to Fed. R. Civ. P. 29 and the new date does not interfere with any of the case-related deadlines (e.g., discovery cutoff, motion cutoff). The privilege log shall comply with Form No. 11:A as set forth in the California Practice Guide: Federal Civil Procedure Before Trial (The Rutter Group 2012). Any document that contains both protected and responsive information shall be redacted to eliminate any reference to attorney-client matters and/or the work-product protection.

## All Citations

Not Reported in Fed. Supp., 2013 WL 12133884

 © 2026 Thomson Reuters. No claim to original U.S. Government Works. 

## Footnotes

1 With respect to Request No. 3, defendant's contention that it "disagrees that customer support services referenced by [plaintiff] falls within the scope of the request[,]" (Joint Stip. at 10), is unpersuasive. Support logs, manuals, training materials, customer support tickets, and other similar documents related to defendant's "online chat support, email support, and online phone support on use of its products[,]" (id. at 10), fall within the category of "[a]ll documents and things relating to the use of the Accused Products[.]" (Id. at 9).

2 Moreover, defendant's objections that "[Request No. 30] is over broad, vague and unduly burdensome[,]" (Joint Stip. at 14), are "too general to merit consideration and are therefore waived." Ramirez, 231 F.R.D. at 409 ("Most of defendants' objections are too general to merit consideration and are therefore waived."); see Roesberg, 85 F.R.D. at 296-97 (the responding party "must show specifically how ... each [request] is ... overly broad[ ]").

3 Moreover, to the extent defendant objects to Request No. 45 on the ground that "the request for any 'other agreement' regarding the Accused Product is vague and overly broad[,]" (Joint Stip. at 19), defendant's conclusory objections are overruled. See Roesberg, 85 F.R.D. at 296-97 (the responding party "must show specifically how ... each [request] is ... overly broad[ ]"); Ramirez, 231 F.R.D. at 409 ("Most of defendants' objections are too general to merit consideration and are therefore waived.").

4 Defendant may only raise the attorney-client privilege and work-product protection.

End of Document © 2026 Thomson Reuters. No claim to original U.S. Government Works.

# EXHIBIT 19

KeyCite Yellow Flag
Distinguished by Daniels v. G4S Secure Solutions USA, Inc., C.D.Cal., January 4, 2021

2016 WL 2908415
Only the Westlaw citation is currently available.
United States District Court, N.D. California.

LOOP AI LABS INC., Plaintiff,
v.
Anna GATTI, et al., Defendants.

Case No. 15-cv-00798-HSG(DMR)
|
Signed 05/13/2016

**Attorneys and Law Firms**

Bryan Jacob Wolin, Diana Wong, Valeria Calafiore Healy, Eric A. Lerner, Healy LLC, New York, NY, Daniel Justin Weinberg, Freitas Angell & Weinberg LLP, Redwood Shores, CA, for Plaintiff.

James Francis Regan, Thomas J. Losavio, Low Ball and Lynch, Thomas Edward Wallerstein, Venable LLP, Antonio Valla, Michael Paul Purcell, Stefano Abbasciano, Valla and Associates Inc., PC, Janet M. Brayer, Law Offices of Janet Brayer, San Francisco, CA, for Defendants.

## ORDER ON MARCH 29, 2016 ORDER TO SHOW CAUSE RE PLAINTIFF'S PRIVILEGE LOG

Re: Dkt. Nos. 540, 576

Donna M. Ryu, United States Magistrate Judge

***1** On March 29, 2016, the court issued an Order to Show Cause directed to Plaintiff Loop AI Labs Inc. ("Loop") related to its privilege log. [Docket No. 540 ("OSC").] Plaintiff filed a response to the OSC on April 6, 2016. [Docket No. 576.] This matter is suitable for resolution without a hearing. Civ. L.R. 7-1(b). For the following reasons, the court finds that Plaintiff has waived the attorney-client privilege and work product protection as to most documents withheld from production.

## I. DISCUSSION

### A. Legal Standards

Federal Rule of Civil Procedure 26(b)(5) provides that a party withholding information under a claim that it is privileged or subject to protection as trial preparation material must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim. *See* Fed. R. Civ. Proc. 26(b)(5).

The court's June 2015 Notice of Reference and Order re Discovery Procedures provided that parties must "promptly provide a privilege log" if a party withholds responsive information by claiming privilege or protection. [Docket No. 117.] The court issued a January 27, 2016 Notice of Amended Discovery Procedures, which provides that "[i]f a party withholds responsive information by claiming that it is privileged or otherwise protected from discovery, that party shall produce a privilege log as quickly as possible, but **no later than fourteen days after its disclosures or discovery responses are due**, unless the parties stipulate to or the court sets another date." [Docket No. 401 at 4.] Thus, Rule 26 and this court's Standing Orders impose an affirmative obligation on parties to promptly disclose information about documents withheld pursuant to privilege or protection in the form of a privilege log.

The Ninth Circuit has held that the failure to timely produce a privilege log may result in waiver of asserted privileges. *Burlington Northern & Santa Fe Railway Co. v. United States District Court*, 408 F.3d 1142, 1149 (9th Cir. 2005),

### B. Background

On March 8, 2016, Defendant Almawave USA, Inc. ("Almawave") filed a unilateral discovery letter brief regarding Plaintiff's refusal to produce a privilege log in connection with its September 2015 document production. [Docket No. 451.] In its letter, Almawave requested an order deeming Plaintiff's failure to produce a privilege log a waiver of any claimed privileges, and asked the court to order Plaintiff to produce all documents withheld on privilege grounds.

The court did not rule on the merits of Almawave's unilateral letter brief, and in fact, denied it for failure to comply with the court's procedures. [Docket No. 461.] However, the letter brought to the court's attention the fact that Plaintiff potentially had violated its standing order on privilege logs.

Loop AI Labs Inc. v. Gatti, Not Reported in Fed. Supp. (2016)


Applying its inherent authority [1] to control its docket, on March 9, 2016, the court ordered Plaintiff to produce a privilege log in accordance with the Notice of Amended Discovery Procedures by no later than March 16, 2016. [Docket No. 456.]

***2** On March 18, 2016, Almawave filed an administrative motion for leave to file a unilateral discovery letter brief in which it asserted that Plaintiff had not complied with the court's March 9, 2016 order to produce a privilege log by March 16, 2016. It sought leave to file a motion to compel Plaintiff's production of documents over its privilege claims based on waiver. [Docket No. 498.] Plaintiff did not timely oppose Almawave's administrative motion and did not refute Almawave's representations about its failure to produce a privilege log. Therefore, on March 29, 2016, the court ordered Plaintiff to show cause in writing by April 5, 2016 why it should not be sanctioned for failing to comply with the court's March 9, 2016 order, and why its failure to produce a privilege log should not be deemed a waiver of any asserted privileges.

Plaintiff filed a late response to the OSC in which it admits that it did not produce a privilege log by March 16, 2016, as ordered by the court. [Docket No. 576.] The response is unpersuasive. Plaintiff argued that Plaintiff's counsel interpreted the court's denial of Almawave's March 8 unilateral discovery letter as a "modification" of its order directing Plaintiff to serve a privilege log by March 16, 2016. According to counsel, Plaintiff thus believed that it was "relieved" of the requirement to follow the court's order. This is an unreasonable interpretation for two reasons: 1) Almawave's March 8 unilateral discovery letter, which the court denied, did not seek relief in the form of an order directing Plaintiff to produce a privilege log, and 2) the court's order denying Almawave's March 8 letter made absolutely no mention of vacating, amending, or modifying its order directing Plaintiff to produce a privilege log.

Remarkably, as of April 6, 2016, the date Plaintiff filed its late response to the OSC, Plaintiff *still had not complied with the court's order to produce a privilege log*. Instead, Plaintiff asserts that it repeatedly advised Almawave that it needed more time to produce a privilege log, and had notified Almawave of its intention to produce a privilege log by April 11, 2016. Plaintiff also asserts that its privilege log "has no materiality to any aspect of this case," and that "[n]othing of any relevance to this case is going to be discovered" through its privilege log. [Docket No. 576 at 2.] It does not otherwise explain why its failure to produce a privilege log should not be deemed a waiver of privilege.

Plaintiff finally served a privilege log on April 11, 2016. While Plaintiff's response to the OSC was under submission, on April 28, 2016, Almawave filed a third administrative motion related to Plaintiff's privilege log. In its administrative motion, Almawave seeks leave to file a unilateral letter brief regarding the sufficiency of Plaintiff's privilege log. [Docket No. 630.] Plaintiff filed a timely opposition. [Docket No. 637.] On May 10, 2016, in order to evaluate Plaintiff's response to the OSC, the court ordered Plaintiff to submit a copy of its April 11, 2016 privilege log for the court's review. [Docket No. 667.] Plaintiff filed the privilege log on May 11, 2016. [Docket No. 670-1 (Privilege Log).]

### C. Analysis

In *Burlington Northern*, the Ninth Circuit held that "boilerplate objections or blanket refusals inserted into a response to a Rule 34 request for production of documents are insufficient to assert a privilege," while rejecting a "*per se* waiver rule that deems a privilege waived if a privilege log is not produced within Rule 34's 30-day time limit." 408 F. 3d at 1149. Using the 30-day period "as a default guideline," the Ninth Circuit instructed courts to make a "case-by-case determination" of whether a party has waived privilege using the following factors: 1) "the degree to which the objection or assertion of privilege enables the litigant seeking discovery and the court to evaluate whether each of the withheld documents is privileged"; 2) "the timeliness of the objection and accompanying information about the withheld documents"; 3) "the magnitude of the document production"; and 4) "other particular circumstances of the litigation that make responding to discovery unusually easy...or unusually hard." *Id.* The court noted that "these factors should be applied in the context of a holistic reasonableness analysis, intended to forestall needless waste of time and resources, as well as tactical manipulation of the rules and the discovery process." *Id.*

***3** The first and second *Burlington* factors examine the opposing party's ability to assess the applicability of the claimed privilege or protection and the timeliness of information about withheld documents. Here, Almawave was literally unable to assess or challenge Plaintiff's claimed privileges or protection because Plaintiff did not serve a privilege log until April 2016, approximately seven months after Plaintiff's initial production, and after fact discovery closed on March 29, 2016. Plaintiff's privilege log was thus

grossly late. Moreover, Plaintiff's service of its privilege log in April 2016 violated *three* separate court orders: the June 2015 Notice of Reference and Order re Discovery Procedures, (Docket No. 117); the court's January 2016 Notice of Amended Discovery Procedures; and the court's March 9, 2016 order to produce a privilege log by March 16, 2016. Finally, Plaintiff's privilege log is plainly deficient. It contains no information about the titles and descriptions of the withheld documents, nor does it identify the subject matters addressed in the documents. This is exactly the kind of information that would enable Almawave to assess whether the assertion of privilege or protection is justified. It is also the kind of information that is required by Rule 26(b)(5), as well as the court's standing orders.

Plaintiff's response to the OSC does not address any of the other *Burlington* factors, such as the magnitude of the documents produced or "particular circumstances of the litigation" that make responding to discovery unusually easy or unusually hard. The court notes that Plaintiff's untimely privilege log is only four pages long and contains less than 50 entries, which does not indicate that the volume of documents at issue was particularly burdensome in the context of producing a privilege log. Plaintiff simply asserts that its privilege log is not important to this litigation and complains about the sufficiency of Almawave's own privilege log.

Applying the *Burlington* factors "in the context of a holistic reasonableness analysis," the court concludes that Plaintiff has waived any privilege or protection it has belatedly asserted in its April 2016 privilege log based on the log's untimeliness and deficiencies, as described above. *See Burlington*, 408 F.3d at 1149 ("Here, the district court found a waiver where the log not only was not filed during the Rule 34 time limit, but was filed *five months* later. In the absence of mitigating considerations, this fact alone would immunize the district court's ruling from reversal under the standard just articulated."). Plaintiff has also waived any privilege or protection for all documents responsive to Almawave's discovery requests that Plaintiff withheld on privilege or protection grounds but failed to list on its privilege log, including pre-and post-litigation communications with third parties. However, this waiver does *not* extend to privileged communications involving trial counsel that post-date the filing of the complaint.

The court recognizes that waiver is a severe outcome, but such an outcome is warranted by Plaintiff's repeated and unjustified failures to provide a timely and useable privilege log.

## II. CONCLUSION

The court's March 29, 2016 OSC is discharged. Plaintiff shall produce the documents described above for which the court deems the attorney-client privilege and work product production waived **within seven days of the date of this order.**

Almawave's March 18, 2016 and April 28, 2016 administrative motions are denied as moot in light of the court's determination of its OSC above.

IT IS SO ORDERED.

### All Citations

Not Reported in Fed. Supp., 2016 WL 2908415

## Footnotes

1 The Ninth Circuit has recognized the "well established" principle that "[d]istrict courts have inherent power to control their dockets." *Atchison, Topeka & Santa Fe Ry. Co. v. Hercules Inc.*, 146 F.3d 1071, 1074 (9th Cir 1998) (alteration in original). Moreover, "all federal courts are vested with inherent powers enabling them to manage their cases and courtrooms effectively and to ensure obedience to their orders." *United States v. W.R. Grace*, 526 F.3d 499, 509 (9th Cir. 2008) (en banc) (citations omitted). "These powers are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (citation omitted).


© 2026 Thomson Reuters. No claim to original U.S. Government Works.

**End of Document**

© 2026 Thomson Reuters. No claim to original U.S. Government Works.