DOUGLAS A. WAIN
ELISA WAIN
P.O. Box 7473
Westlake Village, CA 91359
Telephone: (859) 494-3677
Email: douglaswain@gmail.com
Plaintiffs in Pro Per

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| **In re**<br><br>**Douglas Alan Wain, Elisa Wain,**<br><br>**Debtors,**<br>———————————<br>**Douglas Alan Wain and Elisa Wain**<br><br>**Plaintiffs,**<br>**vs.**<br><br>**Central Bank & Trust Co.**<br><br>**Defendant.** | **Case No. 1:24-bk-11814-MB**<br><br>**Adv. Proc. No. 1:25-ap-01026-MB**<br><br>**Chapter 13**<br><br>**DECLARATION OF DOUGLAS A. WAIN IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO QUASH DEPOSITION OF AN APEX EXECUTIVE (DOC. 76); INDEX OF EXHIBITS A–CC**<br><br>**Hon. Martin R. Barash**<br><br>**Hearing on Doc. 76 (Doc. 77):**<br>**September 24, 2026, 2:30 p.m.**<br>**Courtroom 303**<br>**21041 Burbank Blvd.**<br>**Woodland Hills, CA 91367** |

**DECLARATION OF DOUGLAS A. WAIN**

I, Douglas A. Wain, declare as follows:

1. I am a plaintiff in this adversary proceeding and a debtor in the underlying Chapter 13 case, appearing pro per together with my wife, Elisa Wain. I have personal knowledge of the facts

stated in this declaration, and if called as a witness I could and would testify competently to them. I submit this declaration in support of Plaintiffs' Opposition to Defendant Central Bank & Trust Co.'s Motion to Quash Deposition of an Apex Executive (Doc. 76). Each exhibit referenced below is attached to this declaration and is a true and correct copy of the document described, except that Exhibits K and L have been redacted as noted.

**A. The Deaton Deposition Notice and CBT's Refusals**

2. On July 21, 2026, I served on CBT's counsel of record, William E. Ireland of Haight Brown & Bonesteel LLP, a Notice of Deposition of Luther Deaton, Jr., under Rule 30(b)(1), setting a remote deposition by videoconference for August 27, 2026, at 9:00 a.m. Pacific. A true and correct copy of the notice, with its proof of service at page 3, is attached as Exhibit H. No subpoena was issued to Mr. Deaton, and none was required, because Mr. Deaton is an officer of the Defendant.

3. Between August 20 and August 21, 2026, Mr. Ireland stated in writing, in a series of emails, that Mr. Deaton "will not be appearing" for the noticed deposition. I responded in writing that the date was locked, citing the thirty-seven days' notice given. True and correct copies of the August 20, 2026 emails are attached as Exhibits D and E; true and correct copies of the August 21, 2026 emails are attached as Exhibits F and G. At no time between July 21 and August 24, 2026 did Mr. Ireland propose an alternative date, request a conference regarding the deposition, or advise that CBT intended to seek relief from the Court.

4. On August 24, 2026, CBT filed the Motion (Doc. 76). Mr. Ireland transmitted it to me by email at 4:20 p.m. Pacific that day. The following day, August 25, 2026, the Court set the Motion for hearing on September 24, 2026 at 2:30 p.m. (Doc. 77).

5. Upon receiving the Motion, I notified Mr. Ireland and the court reporter, April L. Crites, in writing that the August 27, 2026 session would not convene in light of the pending Motion, expressly reserving all rights. A true and correct copy of my cancellation email to Mr. Ireland, with

Mr. Ireland's 4:20 p.m. service email beneath it, is attached as Exhibit B. A true and correct copy of the court reporter's cancellation confirmation is attached as Exhibit A.

6. Plaintiffs had also noticed the deposition of CBT's Senior Vice President, Becky Mullins. A true and correct copy of that notice, with its proof of service, is attached as Exhibit C. When Mr. Ireland advised that Ms. Mullins had pressing family issues, I released Ms. Mullins from the noticed dates and continued her deposition without prejudice to a later agreed date, as reflected in Exhibits F and G. CBT has since stated in writing that Ms. Mullins "will not be appearing for deposition in this matter." No later date for Ms. Mullins's deposition has been offered by CBT.

**B. The Depositions Taken and the Crowe Non-Appearance**

7. On August 18, 2026, Plaintiffs took the deposition of Donna Jean Craven, CBT's Senior Vice President and Compliance Officer, by videoconference. Timothy R. Wiseman of Stoll Keenon Ogden PLLC appeared as her counsel. I received the certified transcript from the reporter on August 26, 2026 (147 pages). True and correct copies of the excerpts cited in the Opposition, together with the transcript cover page and the reporter's certificate, are attached as Exhibit W.

8. On August 21, 2026, Plaintiffs took the deposition of Steven D. Hall, CBT's former Vice President and Manager of Special Assets, by videoconference. Mr. Wiseman appeared as his counsel. I received the certified transcript from the reporter on September 3, 2026 (97 pages). True and correct copies of the excerpts cited in the Opposition, together with the transcript cover page and the reporter's certificate, are attached as Exhibit Y.

9. On July 9, 2026, Plaintiffs issued a Rule 45 subpoena to Crowe LLP, CBT's outside auditor, to testify at a Rule 30(b)(6) deposition on August 24, 2026 and to produce documents. The subpoena was delivered to Crowe's Louisville, Kentucky office on July 15, 2026, with the witness fee. On August 10, 2026, Crowe served written objections through counsel but sought no protective order and no order quashing or modifying the subpoena. The parties met and conferred on August

19, 2026 without resolution. On August 21, 2026, Crowe's counsel, Thomas Falkenberg, stated in writing, "We will not be producing the witness." On August 24, 2026, the deposition was convened as noticed before the court reporter; no witness, designee, or counsel for Crowe appeared. A true and correct copy of the Reporter's Transcript of Proceedings re Nonappearance of Crowe LLP, with the Certificate of Reporter and the seven exhibits marked at that session (including the subpoena and proof of service, Crowe's August 10, 2026 objections, and the Falkenberg correspondence), is attached as Exhibit Z. The same document was filed as Exhibit 17 to Plaintiffs' Motion to Compel Written Discovery on September 3, 2026.

9A. On August 21, 2026, Crowe's counsel, Mr. Falkenberg, emailed me a third-party file-transfer link to a document production, with CBT's counsel copied. I responded the same day that Plaintiffs do not access third-party file-transfer links and asked that the documents be sent directly; Mr. Falkenberg replied on August 22, 2026 that the documents had been provided and that whether to access them was my decision. On September 9, 2026, I downloaded the production. It consists of seventy-seven Bates-numbered pages (Crowe 000001 through Crowe 000077): the audit-inquiry responses of Stoll Keenon Ogden PLLC to Crowe for fiscal years 2019 through 2025, one such response of Fowler Bell PLLC for fiscal year 2023, and Crowe's "Z030 – Attorney Letter Evaluation" workpapers for each year-end audit from 2019 through 2025, with redactions made by Crowe. It contains no management representation letters. True and correct copies of the Stoll Keenon Ogden responses for the 2021 and 2025 audits (Crowe 000011–000015, 000035–000040) and Crowe's evaluation workpapers for the 2019 and 2025 audits (Crowe 000041–000044, 000073–000077), as produced, are attached as Exhibit CC.

**C. Written Discovery Concerning the Proof of Claim**

10. On July 5–6, 2026, Plaintiffs served their First Set of Interrogatories, First Set of Requests for Production, and First Set of Requests for Admission on CBT. Interrogatory No. 1 asked

CBT to state the mathematical basis for the $357,990.91 Proof of Claim. The requests and CBT's August 5, 2026 responses are Exhibits 1–6 to Plaintiffs' Motion to Compel Written Discovery, filed September 3, 2026 (Doc. 80), and are incorporated by reference.

11. On August 13, 2026, Mr. Ireland sent me a letter stating that the March 7, 2024 Distribution Order reduces the amount owed on CBT's judgment by $66,884.60, and that "[d]ue to a clerical error, the Proof of Claim filed in this case stated the amount as $357,990.91. CBT will amend its claim to correct the difference." A true and correct copy of that letter is attached as Exhibit O. On August 14, 2026, Mr. Ireland wrote by email that the documents produced by CBT "were provided to you in your Kentucky litigation" and described them as the "complete responsive documents." A true and correct copy of that email is Exhibit 11 to Plaintiffs' Motion to Compel Written Discovery (Doc. 80), and is incorporated by reference.

12. On August 24, 2026 — the same day the Motion was filed — Mr. Ireland served by email CBT's Supplemental Responses and Objections to Plaintiffs' First Set of Interrogatories, verified by Becky Mullins "to the best of my present memory, knowledge and belief" and notarized in Fayette County, Kentucky. A true and correct copy is attached as Exhibit N. No documents accompanied the supplemental responses.

13. I have reviewed the claims register in the Chapter 13 case, No. 1:24-bk-11814-MB, as of the date of this declaration. CBT's Claim No. 1, filed December 20, 2024 in the amount of $357,990.91, has not been amended. The Chapter 13 Trustee's Periodic Accounting Report as of August 31, 2026, filed in the Chapter 13 case as Doc. 81, lists Claim No. 1 in the claimed amount of $357,990.91; a true and correct copy is attached as Exhibit BB.

**D. Documents Concerning Mr. Deaton's Role**

14. Exhibits K, L, R, T, U, V, and X are records of the Kentucky Department of Financial Institutions ("KDFI") that I obtained in response to requests under the Kentucky Open Records Act,

KRS 61.870 et seq.. Each is a true and correct copy of the record as produced by KDFI. Exhibit K is KDFI's transmittal letter of December 12, 2022, addressed to "Mr. Luther Deaton, President/CEO," and Exhibit L is KDFI's transmittal letter of September 2, 2025, addressed to Mr. Deaton at ldeaton@centralbank.com. In Exhibits K, L, R, T, U, and V, the names and account information of the complaining customers and other private individuals have been redacted; complaint and case numbers have been left intact. Exhibit R is a chain of emails dated January 11, 2023 among a KDFI examiner, Mr. Deaton, and CBT employees, including Donna Craven. Exhibit T is KDFI's transmittal letter of December 6, 2017, addressed to Mr. Deaton at the bank, followed by CBT's response of December 12, 2017 on Mr. Deaton's letterhead as "Chairman/President/CEO" and signed by him. Exhibit U is CBT's January 26, 2015 response to KDFI Complaint No. 311721. Exhibit V is CBT's September 10, 2025 response to KDFI Complaint No. 393679. Exhibit X is a CBT branch notice dated March 4, 2019 signed by Edward Barnes, Chief Financial Officer.

15. Exhibit M is a true and correct copy of excerpts of the Articles of Merger and Plan of Merger filed with the Kentucky Secretary of State, bearing the signature "Luther Deaton, Jr., President & CEO," which I obtained from the Kentucky Secretary of State's online business-filings records.

16. Exhibit P is a true and correct copy of a one-page Memorandum of Understanding between OVG Facilities, LP, as agent for Lexington Center Corporation, and Central Bank & Trust Co. concerning temporary ATM placement, signed by Mr. Deaton as "Chairman, President, and CEO" on June 2, 2023, which I obtained from the Lexington Center Corporation in response to a request under the Kentucky Open Records Act, KRS 61.870 et seq.

17. Exhibit Q is a true and correct copy of a profile of Mr. Deaton published in the ABA Banking Journal on August 26, 2019, which I obtained from the ABA Banking Journal's website. Exhibit S is a true and correct copy of the ABA Banking Journal Directors Briefing for October

2023, published October 4, 2023, which I obtained from the American Bankers Association's website.

18. Exhibit AA consists of true and correct copies of pages from Central Bancshares, Inc.'s annual reports for fiscal years 2020 through 2025, which I obtained from Central Bank's website. For each year, the excerpt contains the report cover; the letter to shareholders signed by Mr. Deaton as Chairman, President & CEO; the signature page of the Independent Auditor's Report of Crowe LLP; and the page of the notes to the consolidated financial statements containing the "Loss Contingencies" note.

**E. Plaintiffs' Position on the Deposition**

19. Plaintiffs are prepared to take Mr. Deaton's deposition by remote videoconference, on any date the Court sets, and within such time limit as the Court considers reasonable. The examination will concern the calculation and support of CBT's Proof of Claim, CBT's treatment of the foreclosure surplus and the March 7, 2024 Distribution Order, the bank's reporting and committee structure with respect to the Wain accounts, and the bank's representations concerning this litigation in its audited financial statements.

20. On September 3, 2026, Plaintiffs filed their Motion to Compel Written Discovery (Doc. 80), which is set for hearing on September 24, 2026 at 2:30 p.m., the same date and time as the hearing on the Motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 9, 2026, at Bradenton, Florida

Douglas A. Wain

## INDEX OF EXHIBITS

Exhibit A Court reporter's cancellation confirmation, August 24, 2026

Exhibit B Wain cancellation email to Ireland, August 24, 2026, with Ireland 4:20 p.m. service email

Exhibit C Notice of Deposition of Becky Mullins, with proof of service

Exhibit D Email from William E. Ireland, August 20, 2026, 9:01 a.m.

Exhibit E Reply email from Douglas A. Wain, August 20, 2026, 4:40 p.m.

Exhibit F Email from William E. Ireland, August 21, 2026, 4:23 p.m.

Exhibit G Reply email from Douglas A. Wain, August 21, 2026, 5:18 p.m.

Exhibit H Notice of Deposition of Luther Deaton, Jr., July 21, 2026, with proof of service (p. 3)

Exhibits I–J [Intentionally omitted]

Exhibit K KDFI transmittal letter, December 12, 2022 (redacted)

Exhibit L KDFI transmittal letter, September 2, 2025 (redacted)

Exhibit M Articles of Merger, filed with the Kentucky Secretary of State May 30, 2017

Exhibit N CBT Supplemental Responses and Objections to First Set of Interrogatories, served August 24, 2026

Exhibit O Letter from William E. Ireland, August 13, 2026

Exhibit P Memorandum of Understanding (Lexington Center Corporation/OVG – CBT), signed by Deaton June 2, 2023

Exhibit Q ABA Banking Journal profile, "The Bluegrass Banker," August 26, 2019

Exhibit R KDFI–Deaton–Craven emails, January 11, 2023 (redacted)

Exhibit S ABA Banking Journal Directors Briefing, October 2023

Exhibit T KDFI transmittal, December 6, 2017, with CBT response signed by Deaton, December 12, 2017 (redacted)

Exhibit U CBT response to KDFI Complaint No. 311721, January 26, 2015 (redacted)

Exhibit V CBT response to KDFI Complaint No. 393679, September 10, 2025 (redacted)

Exhibit W Deposition of Donna Jean Craven, August 18, 2026 — excerpts, cover page, and reporter's certificate

Exhibit X CBT branch notice, March 4, 2019, signed by Edward Barnes, CFO

Exhibit Y Deposition of Steven D. Hall, August 21, 2026 — excerpts, cover page, and reporter's certificate

Exhibit Z Reporter's Transcript of Proceedings re Nonappearance of Crowe LLP, August 24, 2026, with Crowe Exs. 1–7

Exhibit AA Central Bancshares, Inc. annual reports FY2020–2025 — cover, Deaton-signed shareholder letter, Crowe LLP audit-opinion signature page, and Loss Contingencies note (excerpts)

Exhibit BB Chapter 13 Trustee's Periodic Accounting Report as of August 31, 2026 (Case No. 1:24-bk-11814-MB, Doc. 81)

Exhibit CC Crowe LLP document production (Crowe 000001–000077), excerpts: Stoll Keenon Ogden audit-inquiry responses, FY2021 and FY2025 audits; Crowe Attorney Letter Evaluation workpapers, YE2019 and YE2025 audits

# EXHIBIT A

Court reporter's cancellation confirmation, August 24, 2026

Wain v. Central Bank & Trust Co., Adv. Proc. No. 1:25-ap-01026-MB

Declaration of Douglas A. Wain ISO Opposition to Motion to Quash (Doc. 76)

**douglaswain@gmail.com**

---

**Subject:** Deposition of LUTHER DEATON JR.
**Location:** https://us02web.zoom.us/j/81192201126?pwd=iymkGdS2JcwSvIbAMHvYO9nzBJVf31.1&jst=5

**Start:** Thu 8/27/2026 9:00 AM
**End:** Thu 8/27/2026 9:00 PM

**Recurrence:** (none)

**Meeting Status:** Not yet responded

**Organizer:** aprilcrites@zmail.com

**This event has been canceled**

**Description**

---

**April Crites - Court Reporter is inviting you to a scheduled Zoom meeting.**
**Join Zoom Meeting**
**https://us02web.zoom.us/j/81192201126?pwd=iymkGdS2JcwSvIbAMHvYO9nzBJVf31.1&jst=5**

**Meeting chat link**
**https://us02web.zoom.us/launch/jc/81192201126**

**Meeting ID: 811 9220 1126**
**Passcode: 557066**

---

**One tap mobile**
**+13017158592,,81192201126#,,,,*557066# US (Washington DC)**
**+13052241968,,81192201126#,,,,*557066# US**

---

**Join by SIP**
**• 81192201126@zoomcrc.com**

**Join instructions**

https://us02web.zoom.us/meetings/81192201126/invitations?signature=AWY7A7iuoL8wsgSsi0EF267x_jOynrF4rB

---

**When**

**Thu Aug 27 12:00 PM - Fri Aug 28, 2026 12:00 AM (EDT - America/New_York)**

**Location**

**https://us02web.zoom.us/j/81192201126?pwd=iymkGdS2JcwSvIbAMHvYO9nzBJVf31.1&jst=5**

**Organizer**

**April Crites - Court Reporter**

**Attendees**

**douglaswain@gmail.com**

**wireland@hbblaw.com**

**jsoto@hbblaw.com**

# EXHIBIT B

Wain cancellation email to Ireland, August 24, 2026, with Ireland 4:20 p.m. service email

Wain v. Central Bank & Trust Co., Adv. Proc. No. 1:25-ap-01026-MB

Declaration of Douglas A. Wain ISO Opposition to Motion to Quash (Doc. 76)

**douglaswain@gmail.com**

**Subject:** FW: Wain v. Central Bank & Trust Co., Adv. No. 1:25-ap-01026-MB — Deposition of Luther Deaton, Jr. (August 27, 2026)

---

**From:** douglaswain@gmail.com <douglaswain@gmail.com>
**Sent:** Monday, August 24, 2026 6:26 PM
**To:** 'Ireland, William' <wireland@hbblaw.com>
**Cc:** 'Soto, Jennifer' <jsoto@hbblaw.com>
**Subject:** Wain v. Central Bank & Trust Co., Adv. No. 1:25-ap-01026-MB — Deposition of Luther Deaton, Jr. (August 27, 2026)

Mr. Ireland,

I have received Central Bank's motion filed today, August 24, 2026, regarding the deposition of Luther Deaton, Jr.

In light of the pending motion, the deposition noticed for August 27, 2026 at 9:00 a.m. Pacific will not convene. Plaintiffs will oppose the motion and reserve all rights, including the right to re-notice the deposition upon the court's ruling.

Douglas Wain
Plaintiff, Pro Per

---

**From:** Ireland, William <wireland@hbblaw.com>
**Sent:** Monday, August 24, 2026 4:20 PM
**To:** douglaswain@gmail.com
**Cc:** Soto, Jennifer <jsoto@hbblaw.com>
**Subject:** Wain v Central Bank

Mr. Wain: Please see attached documents.

William Ireland | Profile
Partner
D: 213.542.8035
wireland@hbblaw.com
Haight
Haight Brown & Bonesteel LLP
555 South Flower Street
Forty-Fifth Floor
Los Angeles, CA 90071
O: 213-542-8000
F: 213-542-8100
www.hbblaw.com

The contents of this email message and its attachments are intended solely for the addressee(s) hereof. This email transmission may be confidential and it may be subject to privilege protecting communications between attorneys and their clients. If you are not the named addressee, or if this message has been addressed to you in error, you are directed not to read, disclose, reproduce, distribute, disseminate or otherwise use this transmission. Delivery of this message to any person other than the intended recipient(s) is not

intended in any way to waive privilege or confidentiality. If you have received this transmission in error, please alert the sender by reply e-mail. We request that you immediately delete this message and its attachments, if any. UNAUTHORIZED INTERCEPTION PROHIBITED BY FEDERAL LAW (18 U.S.C 2510-2522).

# EXHIBIT C

Notice of Deposition of Becky Mullins, with proof of service

Wain v. Central Bank & Trust Co., Adv. Proc. No. 1:25-ap-01026-MB

Declaration of Douglas A. Wain ISO Opposition to Motion to Quash (Doc. 76)

Douglas A. Wain
Elisa Wain
P.O. Box 7473
Westlake Village, CA 91359
Telephone: (859) 494-3677
Email: douglaswain@gmail.com
Plaintiffs, Pro Per

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re:<br><br>**DOUGLAS ALAN WAIN and ELISA WAIN,**<br><br>Debtors.<br>________________________________<br><br>**DOUGLAS A. WAIN and ELISA WAIN,**<br><br>Plaintiffs,<br>v.<br><br>**CENTRAL BANK & TRUST CO.,**<br><br>Defendant. | Case No. 1:24-bk-11814-MB<br><br>Adv. Proc. No. 1:25-ap-01026-MB<br><br>Chapter 13<br><br>**PLAINTIFFS' NOTICE OF DEPOSITION OF BECKY MULLINS**<br><br>Hon. Martin R. Barash<br><br>**Deposition:**<br>Date: Friday, August 28, 2026<br>Time: 9:00 a.m. Pacific Time<br>Place: Remote videoconference (Zoom) |

**NOTICE OF DEPOSITION**

TO DEFENDANT CENTRAL BANK & TRUST CO. AND ITS COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure 30(b)(1) and 30(b)(4), made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7030, Plaintiffs Douglas A. Wain and Elisa Wain will take the deposition upon oral examination of Becky Mullins, Senior Vice President, Special Assets and Loan Workout Manager of Defendant Central Bank & Trust Co. (“CBT”), as follows:

**Date:** Friday, August 28, 2026

**Time:** 9:00 a.m. Pacific Time / 12:00 noon Eastern Time, continuing until completed, subject to the seven-hour limit of Fed. R. Civ. P. 30(d)(1)

**Place:** By remote videoconference (Zoom or comparable platform) pursuant to Fed. R. Civ. P. 30(b)(4). The witness may appear from any location convenient to her, including CBT's offices in Lexington, Kentucky. Connection information will be circulated by the court reporter in advance of the deposition.

**Method of Recording:** Stenographic means before an officer authorized to administer oaths; the deposition may additionally be recorded by audio and audiovisual means pursuant to Fed. R. Civ. P. 30(b)(3).

Ms. Mullins is noticed as an officer, employee, and managing agent of Defendant CBT with respect to the subject matter of this action. CBT publicly announced Ms. Mullins' promotion to Senior Vice President, Special Assets and Loan Workout Manager in July 2026. On August 18, 2026, CBT's Senior Vice President and Compliance Officer, Donna Craven, testified at deposition that Ms. Mullins is the CBT employee handling the Wain matters for CBT and is the source of CBT's knowledge concerning them. Defendant is requested to produce Ms. Mullins for deposition at the date and time stated above without the necessity of a subpoena. If Defendant contends that Ms. Mullins is not an officer, director, or managing agent of CBT for purposes of Rule 30(b)(1), please advise Plaintiffs in writing within three (3) days of service of this Notice so that Plaintiffs may proceed by subpoena.

The examination is expected to address, without limitation: the Wain account and its payment history; the calculation of the amounts asserted in CBT's Proof of Claim (Claim No. 1), including the application of foreclosure-sale proceeds, surplus proceeds, and wage-garnishment payments, and the "clerical error" CBT acknowledged in writing on August 13, 2026; CBT's credit reporting concerning Plaintiffs, including the 2023 "charged off" reporting; the information Ms. Mullins provided to other CBT personnel and to counsel concerning the Wain matters; the location,

custody, and existence of CBT's records concerning the foregoing; and the transition of responsibility for the Wain account from Steve Hall to Ms. Mullins.

If the noticed date presents a conflict for the witness or her counsel, Plaintiffs will confer in good faith regarding an alternative date on or before the discovery cutoff; please advise Plaintiffs in writing within three (3) days of service of this Notice. The deposition will proceed before a certified court reporter and notary public, and will continue from day to day until completed. Plaintiffs reserve all rights, including the right to seek relief under Rules 30, 37, and 45 as necessary.

DATED: August 19, 2026

________________________________
Douglas A. Wain
On behalf of Plaintiffs Douglas A. Wain
and Elisa Wain, Pro Per

Douglas A. Wain
Elisa Wain
P.O. Box 7473
Westlake Village, CA 91359
Telephone: (859) 494-3677
Email: douglaswain@gmail.com
Plaintiffs, Pro Per

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re:<br><br>**DOUGLAS ALAN WAIN and ELISA WAIN,**<br><br>Debtors.<br>______________________________<br><br>**DOUGLAS A. WAIN and ELISA WAIN,**<br><br>Plaintiffs,<br>v.<br><br>**CENTRAL BANK & TRUST CO.,**<br><br>Defendant. | Case No. 1:24-bk-11814-MB<br><br>Adv. Proc. No. 1:25-ap-01026-MB<br><br>Chapter 13<br><br>**PROOF OF SERVICE**<br><br>Hon. Martin R. Barash |

I am over the age of 18 years. My address is P.O. Box 7473, Westlake Village, CA 91359.

On August 19, 2026, I served a true and correct copy of the following document:

Plaintiffs' Notice of Deposition of Becky Mullins,

on the interested parties in this action as follows:

**William Ireland, Esq.**

Haight Brown & Bonesteel LLP

555 South Flower Street, Forty-Fifth Floor

Los Angeles, CA 90071

wireland@hbblaw.com; jsoto@hbblaw.com

Counsel for Defendant Central Bank & Trust Co.

**BY EMAIL:** I transmitted the document by electronic mail to the email addresses stated above, consistent with the parties' course of service by email. The transmission was reported complete and without error.

**BY U.S. MAIL:** I enclosed the document in a sealed envelope addressed to counsel at the address stated above, with postage fully prepaid, and deposited the envelope with the United States Postal Service at Westlake Village, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 19, 2026, at Calabasas, California.

________________________________
Douglas A. Wain, Declarant

# EXHIBITS D AND E

Email exchange of August 20, 2026

re: Deposition of Luther Deaton, Jr. (August 27, 2026)

Exhibit D — Email from William E. Ireland to Douglas A. Wain, August 20, 2026, 9:01 a.m.

Exhibit E — Reply email from Douglas A. Wain to William E. Ireland, August 20, 2026, 4:40 p.m.

Wain v. Central Bank & Trust Co., Adv. Proc. No. 1:25-ap-01026-MB

Declaration of Douglas A. Wain ISO Opposition to Motion to Quash (Doc. 76)

**douglaswain@gmail.com**

**Subject:** FW: Wain v. Central Bank & Trust Co., Adv. Proc. No. 1:25-ap-01026-MB - Service of Plaintiffs' Notice of Deposition of Becky Mullins (August 28, 2026)
**Attachments:** Plaintiffs Notice of Deposition of Becky Mullins 8.28.2026.pdf; Proof of Service - Mullins Deposition Notice 8.19.2026.pdf

---

**From:** douglaswain@gmail.com <douglaswain@gmail.com>
**Sent:** Thursday, August 20, 2026 4:40 PM
**To:** 'Ireland, William' <wireland@hbblaw.com>
**Cc:** 'Soto, Jennifer' <jsoto@hbblaw.com>; 'Wiseman Timothy R.' <tim.wiseman@skofirm.com>
**Subject:** RE: Wain v. Central Bank & Trust Co., Adv. Proc. No. 1:25-ap-01026-MB - Service of Plaintiffs' Notice of Deposition of Becky Mullins (August 28, 2026)

Mr. Ireland:

**Mr. Deaton.** His deposition remains as noticed: Thursday, August 27, 2026, at 9:00 a.m. Pacific, by Zoom. Plaintiffs decline the proposed stipulation; if Mr. Deaton does not appear, the record of non-appearance will be made at the noticed time, and Plaintiffs will seek all available relief, including under Rule 37(d).

**Ms. Mullins.** August 27 is not workable, as it is the date already occupied by Mr. Deaton's noticed deposition — as CBT is aware. Plaintiffs propose **Tuesday, August 25, 2026, commencing at 10:00 a.m. Eastern / 7:00 a.m. Pacific** — the same start time CBT proposed for the witness's convenience — by Zoom. Please confirm by 5:00 p.m. Pacific tomorrow, Friday, August 21, that CBT will produce Ms. Mullins on August 25, and Plaintiffs will serve an amended notice the same day. Absent agreement, the served Notice for Friday, August 28, 2026 stands, and if CBT fails to produce Ms. Mullins on either date, Plaintiffs will seek all available relief.

This email is sent without prejudice to all of Plaintiffs' rights and positions.

Douglas A. Wain
On behalf of Plaintiffs Douglas A. Wain and Elisa Wain, Pro Per

---

**From:** Ireland, William <wireland@hbblaw.com>
**Sent:** Thursday, August 20, 2026 9:01 AM
**To:** douglaswain@gmail.com
**Cc:** Soto, Jennifer <jsoto@hbblaw.com>; Timothy R. Wiseman <tim.wiseman@skofirm.com>
**Subject:** Re: Wain v. Central Bank & Trust Co., Adv. Proc. No. 1:25-ap-01026-MB - Service of Plaintiffs' Notice of Deposition of Becky Mullins (August 28, 2026)

Mr. Wain: Ms. Mullins can be available on August 27 at 10:00 am Kentucky time for a remote deposition. We do not have an alternate date before the discovery cutoff for her deposition.

I understand that you have noticed Mr. Deaton's deposition for that same date, but as you know, he will not be appearing as we have objected to his deposition. I am willing to agree that you can proceed with

whatever relief you intend to seek regarding his deposition as if you had made a record of his non appearance.

Please note the 10:00 am Kentucky start time. That should avoid the deposition going long into the evening for the deponent.

Please let us know your response.

Sent from my iPad

William Ireland | Profile
Partner
D: 213.542.8035
wireland@hbblaw.com
Haight
Haight Brown & Bonesteel LLP
555 South Flower Street
Forty-Fifth Floor
Los Angeles, CA 90071
O: 213-542-8000
F: 213-542-8100
www.hbblaw.com

The contents of this email message and its attachments are intended solely for the addressee(s) hereof. This email transmission may be confidential and it may be subject to privilege protecting communications between attorneys and their clients. If you are not the named addressee, or if this message has been addressed to you in error, you are directed not to read, disclose, reproduce, distribute, disseminate or otherwise use this transmission. Delivery of this message to any person other than the intended recipient(s) is not intended in any way to waive privilege or confidentiality. If you have received this transmission in error, please alert the sender by reply e-mail. We request that you immediately delete this message and its attachments, if any. UNAUTHORIZED INTERCEPTION PROHIBITED BY FEDERAL LAW (18 U.S.C 2510-2522).

On Aug 19, 2026, at 07:14, douglaswain@gmail.com wrote:

Mr. Ireland:

Attached and served today are:

1. Plaintiffs' Notice of Deposition of Becky Mullins, Senior Vice President, Special Assets and Loan Workout Manager of Central Bank & Trust Co., set for **Friday, August 28, 2026, at 9:00 a.m. Pacific / 12:00 noon Eastern**, by remote videoconference (Zoom); and
2. the Proof of Service.

As stated in the Notice, Ms. Mullins is noticed as an employee and managing agent of CBT, and CBT is requested to produce her without the necessity of a subpoena. If CBT contends she is not a managing agent for purposes of Rule 30(b)(1), or if the noticed date presents a conflict for the witness or her counsel, please advise in writing within three (3) days so that Plaintiffs may proceed by subpoena or confer on an alternative date before the discovery cutoff.

The court reporter will circulate the Zoom connection information in advance. Hard copies follow by U.S. Mail.

This email is sent without prejudice to all of Plaintiffs' rights and positions.

Douglas A. Wain
On behalf of Plaintiffs Douglas A. Wain and Elisa Wain, Pro Per
P.O. Box 7473, Westlake Village, CA 91359
(859) 494-3677 | douglaswain@gmail.com

# EXHIBITS F AND G

Email exchange of August 21, 2026

re: Depositions of Luther Deaton, Jr. (August 27, 2026) and Becky Mullins

Exhibit F — Email from William E. Ireland to Douglas A. Wain, August 21, 2026, 4:23 p.m.

Exhibit G — Reply email from Douglas A. Wain to William E. Ireland, August 21, 2026, 5:18 p.m.

Wain v. Central Bank & Trust Co., Adv. Proc. No. 1:25-ap-01026-MB

Declaration of Douglas A. Wain ISO Opposition to Motion to Quash (Doc. 76)

**douglaswain@gmail.com**

**Subject:** FW: Wain v. Central Bank & Trust Co., Adv. Proc. No. 1:25-ap-01026-MB - Service of Plaintiffs' Notice of Deposition of Becky Mullins (August 28, 2026)

---

**From:** douglaswain@gmail.com <douglaswain@gmail.com>
**Sent:** Friday, August 21, 2026 5:18 PM
**To:** 'William E. Ireland' <wireland@hbblaw.com>
**Cc:** 'Soto, Jennifer' <jsoto@hbblaw.com>; 'Wiseman Timothy R.' <tim.wiseman@skofirm.com>
**Subject:** FW: Wain v. Central Bank & Trust Co., Adv. Proc. No. 1:25-ap-01026-MB - Service of Plaintiffs' Notice of Deposition of Becky Mullins (August 28, 2026)

Mr. Ireland:

**Ms. Mullins.** In consideration of the personal family issues you describe, Plaintiffs will not hold Ms. Mullins to the August 25 or August 28 dates. Her deposition is continued, without prejudice, to a later date to be agreed upon between the parties, and Plaintiffs will confer in good faith with CBT regarding that date, including any accommodation of the discovery cutoff that may be required. Plaintiffs do not withdraw their notice and reserve all rights to take her deposition. August 27 is not workable for Ms. Mullins' deposition, as that date remains occupied by Mr. Deaton's noticed deposition, which proceeds as set out below.

**Mr. Deaton.** His deposition proceeds as noticed: Thursday, August 27, 2026, at 9:00 a.m. Pacific, by Zoom. It was noticed on July 21, 2026 — thirty-seven days' notice — and no motion for a protective order or to quash has been filed. No stipulation regarding his appearance is agreed to. If Mr. Deaton does not appear, the record of non-appearance will be made at the noticed time, and Plaintiffs will seek all available relief, including under Rule 37(d).

This email is sent without prejudice to all of Plaintiffs' rights and positions.

Douglas A. Wain
On behalf of Plaintiffs Douglas A. Wain and Elisa Wain, Pro Per

---

**From:** Ireland, William <wireland@hbblaw.com>
**Sent:** Friday, August 21, 2026 4:23 PM
**To:** douglaswain@gmail.com
**Cc:** Soto, Jennifer <jsoto@hbblaw.com>; 'Wiseman Timothy R.' <tim.wiseman@skofirm.com>
**Subject:** RE: Wain v. Central Bank & Trust Co., Adv. Proc. No. 1:25-ap-01026-MB - Service of Plaintiffs' Notice of Deposition of Becky Mullins (August 28, 2026)

Mr. Wain: You served a deposition notice for the Deposition of Ms. Mullins for August 28, 2026 on less than the expected 10 days notice and with no attempt to clear the date for her schedule or the schedule of the lawyers for Central Bank in this matter. As you have been told, we are not available on that date. We offered August 27, 2026, when you know that there is no conflicting deposition because Mr. Deaton will not appear on that date. You have refused to depose Ms. Mullins on that date. You have had

since the filing of this lawsuit to seek the deposition of Ms. Mullins, and the discovery cutoff was set months ago by the Court. Ms. Mullins also has some personal family issues, so agreeing to appear on August 27 was and is an extraordinary gesture. Since you are not agreeable, Ms. Mullins will not be appearing for deposition in this matter. The choice was yours.

---

**From:** douglaswain@gmail.com <douglaswain@gmail.com>
**Sent:** Thursday, August 20, 2026 4:40 PM
**To:** Ireland, William <wireland@hbblaw.com>
**Cc:** Soto, Jennifer <jsoto@hbblaw.com>; 'Wiseman Timothy R.' <tim.wiseman@skofirm.com>
**Subject:** RE: Wain v. Central Bank & Trust Co., Adv. Proc. No. 1:25-ap-01026-MB - Service of Plaintiffs' Notice of Deposition of Becky Mullins (August 28, 2026)

Mr. Ireland:

**Mr. Deaton.** His deposition remains as noticed: Thursday, August 27, 2026, at 9:00 a.m. Pacific, by Zoom. Plaintiffs decline the proposed stipulation; if Mr. Deaton does not appear, the record of non-appearance will be made at the noticed time, and Plaintiffs will seek all available relief, including under Rule 37(d).

**Ms. Mullins.** August 27 is not workable, as it is the date already occupied by Mr. Deaton's noticed deposition — as CBT is aware. Plaintiffs propose **Tuesday, August 25, 2026, commencing at 10:00 a.m. Eastern / 7:00 a.m. Pacific** — the same start time CBT proposed for the witness's convenience — by Zoom. Please confirm by 5:00 p.m. Pacific tomorrow, Friday, August 21, that CBT will produce Ms. Mullins on August 25, and Plaintiffs will serve an amended notice the same day. Absent agreement, the served Notice for Friday, August 28, 2026 stands, and if CBT fails to produce Ms. Mullins on either date, Plaintiffs will seek all available relief.

This email is sent without prejudice to all of Plaintiffs' rights and positions.

Douglas A. Wain
On behalf of Plaintiffs Douglas A. Wain and Elisa Wain, Pro Per

---

**From:** Ireland, William <wireland@hbblaw.com>
**Sent:** Thursday, August 20, 2026 9:01 AM
**To:** douglaswain@gmail.com
**Cc:** Soto, Jennifer <jsoto@hbblaw.com>; Timothy R. Wiseman <tim.wiseman@skofirm.com>
**Subject:** Re: Wain v. Central Bank & Trust Co., Adv. Proc. No. 1:25-ap-01026-MB - Service of Plaintiffs' Notice of Deposition of Becky Mullins (August 28, 2026)

Mr. Wain: Ms. Mullins can be available on August 27 at 10:00 am Kentucky time for a remote deposition. We do not have an alternate date before the discovery cutoff for her deposition.

I understand that you have noticed Mr. Deaton's deposition for that same date, but as you know, he will not be appearing as we have objected to his deposition. I am willing to agree that you can proceed with whatever relief you intend to seek regarding his deposition as if you had made a record of his non appearance.

Please note the 10:00 am Kentucky start time. That should avoid the deposition going long into the evening for the deponent.

Please let us know your response.

Sent from my iPad

William Ireland | Profile
Partner
D: 213.542.8035
wireland@hbblaw.com
Haight
Haight Brown & Bonesteel LLP
555 South Flower Street
Forty-Fifth Floor
Los Angeles, CA 90071
O: 213-542-8000
F: 213-542-8100
www.hbblaw.com

The contents of this email message and its attachments are intended solely for the addressee(s) hereof. This email transmission may be confidential and it may be subject to privilege protecting communications between attorneys and their clients. If you are not the named addressee, or if this message has been addressed to you in error, you are directed not to read, disclose, reproduce, distribute, disseminate or otherwise use this transmission. Delivery of this message to any person other than the intended recipient(s) is not intended in any way to waive privilege or confidentiality. If you have received this transmission in error, please alert the sender by reply e-mail. We request that you immediately delete this message and its attachments, if any. UNAUTHORIZED INTERCEPTION PROHIBITED BY FEDERAL LAW (18 U.S.C 2510-2522).

On Aug 19, 2026, at 07:14, douglaswain@gmail.com wrote:

Mr. Ireland:

Attached and served today are:

1. Plaintiffs' Notice of Deposition of Becky Mullins, Senior Vice President, Special Assets and Loan Workout Manager of Central Bank & Trust Co., set for **Friday, August 28, 2026, at 9:00 a.m. Pacific / 12:00 noon Eastern**, by remote videoconference (Zoom); and
2. the Proof of Service.

As stated in the Notice, Ms. Mullins is noticed as an employee and managing agent of CBT, and CBT is requested to produce her without the necessity of a subpoena. If CBT contends she is not a managing agent for purposes of Rule 30(b)(1), or if the noticed date presents a conflict for the witness or her counsel, please advise in writing within three (3) days so that Plaintiffs may proceed by subpoena or confer on an alternative date before the discovery cutoff.

The court reporter will circulate the Zoom connection information in advance. Hard copies follow by U.S. Mail.

This email is sent without prejudice to all of Plaintiffs' rights and positions.

Douglas A. Wain
On behalf of Plaintiffs Douglas A. Wain and Elisa Wain, Pro Per

P.O. Box 7473, Westlake Village, CA 91359
(859) 494-3677 | douglaswain@gmail.com

# EXHIBIT H

Notice of Deposition of Luther Deaton, Jr., July 21, 2026, with proof of service (p. 3)

Wain v. Central Bank & Trust Co., Adv. Proc. No. 1:25-ap-01026-MB

Declaration of Douglas A. Wain ISO Opposition to Motion to Quash (Doc. 76)

Douglas A. Wain and Elisa Wain
Plaintiffs, Pro Per
P.O. Box 7473, Westlake Village, CA 91359
Telephone: (859) 494-3677
Email: douglaswain@gmail.com

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA — SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re:<br>DOUGLAS ALAN WAIN and ELISA WAIN,<br>Debtors.<br><br>DOUGLAS ALAN WAIN and ELISA WAIN,<br>Plaintiffs,<br><br>v.<br><br>CENTRAL BANK & TRUST CO., et al.,<br>Defendants. | Case No. 1:24-bk-11814-MB<br>Chapter 13<br><br>Adv. Proc. No. 1:25-ap-01026-MB<br><br>**PLAINTIFFS' NOTICE OF DEPOSITION OF LUTHER DEATON, JR.**<br><br>[Fed. R. Civ. P. 30(b)(1); Fed. R. Bankr. P. 7030]<br><br>Hon. Martin R. Barash |

**TO DEFENDANT CENTRAL BANK & TRUST CO. AND ITS COUNSEL OF RECORD, WILLIAM E. IRELAND, HAIGHT BROWN & BONESTEEL LLP:**

**PLEASE TAKE NOTICE** that, pursuant to Federal Rule of Civil Procedure 30(b)(1), made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7030, Plaintiffs Douglas Alan Wain and Elisa Wain will take the deposition upon oral examination of **Luther Deaton, Jr.**, Chairman, President, and Chief Executive Officer of Defendant Central Bank & Trust Co. ("CBT"), as follows:

**Date and Time:** Thursday, August 27, 2026, commencing at 9:00 a.m. Pacific Time / 12:00 p.m. Eastern Time, and continuing from day to day until completed, subject to the seven-hour limit of Fed. R. Civ. P. 30(d)(1).

**Place:** By remote videoconference (Zoom or comparable platform) pursuant to Fed. R. Civ. P. 30(b)(4). The witness may appear from any location convenient to the witness. Connection information will be provided by the court reporter in advance. No travel is required.

**Method of Recording:** Stenographic, before an officer authorized to administer oaths pursuant to Fed. R. Civ. P. 28. The deposition may additionally be recorded by audio and audiovisual means pursuant to Fed. R. Civ. P. 30(b)(3).

As Chairman, President, and Chief Executive Officer of Defendant CBT, the deponent is an officer or managing agent of a party and is required to appear pursuant to this notice without a subpoena. Defendant is obligated to produce the deponent on the date noticed. Failure to appear may result in sanctions against Defendant pursuant to Fed. R. Civ. P. 37(d), made applicable by Fed. R. Bankr. P. 7037.

Dated: July 21, 2026

Respectfully submitted,

Douglas A. Wain
Plaintiff, Pro Per

Elisa Wain
Plaintiff, Pro Per

## PROOF OF SERVICE

I, Douglas A. Wain, declare that I am over the age of 18 and a party to this action. My mailing address is P.O. Box 7473, Westlake Village, CA 91359.

On July 21, 2026, I served the foregoing **PLAINTIFFS' NOTICE OF DEPOSITION OF LUTHER DEATON, JR.** on the interested parties in this action as follows:

William E. Ireland, Esq.
Haight Brown & Bonesteel LLP
555 South Flower Street, Forty-Fifth Floor
Los Angeles, CA 90071
Email: wireland@hbblaw.com

**BY ELECTRONIC MAIL:** I transmitted a true and correct copy to the email address listed above.

**BY U.S. MAIL:** I placed a true and correct copy in a sealed envelope with postage fully prepaid, addressed as listed above, and deposited it with the United States Postal Service.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 21, 2026, at Calabasas, California.

Douglas A. Wain

# EXHIBIT K

KDFI transmittal letter, December 12, 2022 (redacted)

Wain v. Central Bank & Trust Co., Adv. Proc. No. 1:25-ap-01026-MB
Declaration of Douglas A. Wain ISO Opposition to Motion to Quash (Doc. 76)

| | |
|---|---|
| **From:** | Meador, Tim (PPC) |
| **To:** | "ldeaton@centralbank.com" |
| **Subject:** | Complaint - [redacted] against Central Bank, Lexington |
| **Date:** | Monday, December 12, 2022 9:28:33 AM |
| **Attachments:** | Complaint [redacted] against Central Bank Lexington.pdf<br>image001.png |

---

**Central Bank & Trust Company**
Mr. Luther Deaton, President/CEO
300 West Vine Street
Lexington, KY 40507
ldeaton@centralbank.com

**RE: [redacted] / Complaint [redacted]**

Dear Mr. Deaton,

The Kentucky Department of Financial Institutions ("KDFI") is in receipt of a complaint filed by [redacted] regarding Central Bank & Trust Company (attached). Please send a response and any supporting documentation to KDFI by December 21, 2022, addressing the issues raised by the complainant. Please note that any documents may be subject to disclosure to the public, pursuant to the Kentucky Open Records Act. Thank you in advance for your assistance.

You may reach our department at 502-573-3390 or KFI.Complaints@ky.gov for questions regarding this letter.

Sincerely,
Tim Meador
Certified Financial Institutions Examiner
KDFI Depository Division

Tim Meador

**Tim Meador** (he/him)
CERTIFIED FINANCIAL INSTITUTIONS EXAMINER
Public Protection Cabinet
500 Mero Street, 2SW19
Frankfort, Kentucky 40601
(502) 573-3390 OFFICE
(502) 782-9009 DIRECT
(502) 224-6357 CELL

CONFIDENTIALITY NOTICE: This e-mail, including any attachments, is private and confidential and contains information intended to be conveyed only to the designated recipient(s). If you are not an intended recipient, please delete this e-mail, including attachments, and notify me by return e-mail. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful.

# EXHIBIT L

KDFI transmittal letter, September 2, 2025 (redacted)

Wain v. Central Bank & Trust Co., Adv. Proc. No. 1:25-ap-01026-MB

Declaration of Douglas A. Wain ISO Opposition to Motion to Quash (Doc. 76)

**PUBLIC PROTECTION CABINET**
**Kentucky Department of Financial Institutions**

**Andy Beshear**
Governor

**Jacqueline Coleman**
Lieutenant Governor

500 Mero St.2SW19
Frankfort, KY 40601
Phone: (502) 573-3390
Fax: (502) 573-8787
KFI@ky.gov

**Ray A. Perry**
Secretary

**DJ Wasson**
Deputy Secretary

**Marni Rock Gibson**
Commissioner

Tuesday, September 2, 2025

SENT VIA EMAIL

Luther Deaton
Central Bank & Trust Company
300 West Vine St.
Lexington, KY 40588
ldeaton@centralbank.com

**RE: Central Bank & Trust Company / Complaint [redacted]**

Dear Mr. Deaton,

The Kentucky Department of Financial Institutions ("KDFI") is in receipt of a complaint filed by [redacted] R. [redacted] regarding Central Bank & Trust Company (enclosed). Please send a response and any supporting documentation to KDFI by **Tuesday, September 16, 2025**, addressing the issues raised by the complainant. Please note that any documents may be subject to disclosure to the public, pursuant to the Kentucky Open Records Act. Thank you in advance for your assistance.

You may reach me at 502-229-5977 or jpogrotskywalker@ky.gov for questions regarding this letter.

Sincerely,

*Jessica Pogrotsky Walker*
Jessica Pogrotsky Walker
Program Coordinator
KDFI Depository Division

CC: Brad Johnson, DFI Bank Branch Manager Bradley.Johnson@ky.gov

# EXHIBIT M

Articles of Merger, filed with the Kentucky Secretary of State May 30, 2017

Wain v. Central Bank & Trust Co., Adv. Proc. No. 1:25-ap-01026-MB

Declaration of Douglas A. Wain ISO Opposition to Motion to Quash (Doc. 76)

EXAMINED AND APP
DEPARTMENT OF FI
COMMONWEALTH O
COMMISSIONER

0008435.09 mstratton
SUR
Alison Lundergan Grimes
Kentucky Secretary of State
Received and Filed:
5/30/2017 3:27 PM
Fee Receipt: $50.00

**ARTICLES OF MERGER**
**Of**
**CENTRAL BANK OF JEFFERSON COUNTY, INC.,**
**A Kentucky Corporation,**
**With And Into**
**CENTRAL BANK & TRUST CO.,**
**A Kentucky Corporation**

Pursuant to the provisions of KRS 271B.11-010 *et. seq.* of the Kentucky Business Corporations Act, these are Articles of Merger providing for the merger of Central Bank of Jefferson County, Inc., a Kentucky corporation ("Central Jefferson"), with and into Central Bank & Trust Co., a Kentucky corporation ("Central Bank"). The undersigned surviving corporation submits these Articles of Merger for filing and certifies that:

1. Attached hereto as Annex A, and made a part hereof, is a Plan and Agreement of Merger (the "Plan of Merger") pursuant to which Central Jefferson shall merge with and into Central Bank in accordance with the laws of the Commonwealth of Kentucky.

2. The name of the surviving corporation shall be "Central Bank & Trust Co.".

3. Central Jefferson has issued and outstanding a total of 1,000 shares of common stock. Each such share of Central Jefferson common stock was entitled to one vote on the Plan of Merger. There is no other voting group entitled to vote on the Plan of Merger. The Plan of Merger was adopted and recommended by a resolution of the Board of Directors of Central Jefferson. Central Jefferson's sole shareholder, Central Bancshares, Inc., voted all 1,000 shares entitled to vote on the Plan of Merger in favor of the Plan of Merger. The number of votes cast for the Plan of Merger by Central Jefferson's sole shareholder was sufficient for approval of the Plan of Merger.

4. Central Bank has issued and outstanding a total of 350,000 shares of common stock. Each share of Central Bank common stock was entitled to one vote on the Plan of Merger. There is no other voting group entitled to vote on the Plan of Merger. The Plan of Merger was adopted and recommended by a resolution of the Board of Directors of Central Bank. Central Bank's sole shareholder, Central Bancshares, Inc., voted all 350,000 shares entitled to vote on the Plan of Merger in favor of the Plan of Merger. The number of votes cast for the Plan of Merger by Central Bank's sole shareholder was sufficient for approval of the Plan of Merger.

5. The effective date and time of these Articles of Merger shall be 12:01 a.m. Frankfort, Kentucky time, on June 1, 2017.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

IN WITNESS WHEREOF, the surviving corporation has caused these Articles of Merger to be executed by an authorized individual.

CENTRAL BANK & TRUST CO.
a Kentucky corporation

By: ______________________

Name: Luther Deaton, Jr.

Title: President & CEO

# EXHIBIT N

CBT Supplemental Responses and Objections to First Set of Interrogatories, served August 24, 2026

Wain v. Central Bank & Trust Co., Adv. Proc. No. 1:25-ap-01026-MB

Declaration of Douglas A. Wain ISO Opposition to Motion to Quash (Doc. 76)

William E. Ireland (Bar No. 115600)
*wireland@hbblaw.com*
HAIGHT BROWN & BONESTEEL LLP
555 South Flower Street, Forty-Fifth Floor
Los Angeles, California 90071
Telephone: 213.542.8000
Facsimile: 213.542.8100

Attorneys for Defendant
Central Bank & Trust Co.

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>Douglas Alan Wain, Elisa Wain,<br><br>Debtors<br><br>DOUGLAS ALAN WAIN and ELISA WAIN<br><br>Plaintiffs<br>v.<br><br>CENTRAL BANK & TRUST CO.<br><br>Defendant | CASE NO. 1:24-bk-11814-MB<br><br>CHAPTER 13<br><br>JUDGE Martin R. Barash<br><br>Adv. Proc. No. 1:25-ap-01026-MB<br><br>**DEFENDANT CENTRAL BANK & TRUST, CO.'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTEROGATORRIES** |

Defendant Central Bank & Trust Co. ("Central Bank" or "Defendant") hereby responds to Plaintiffs Douglas Wain and Elisa Wain's ("Plaintiffs") First Set of Interrogatories as follows. These responses are made solely for the purposes of this adversary proceeding, without waiving, and expressly reserving, all objections as to

Haight

competency, relevance, materiality, privilege, and admissibility of the information provided herein as evidence for any purpose in any further proceeding, including the trial of this or any other action.

## GENERAL OBJECTIONS

1. Central Bank objects to the Definitions and Instructions to the extent they purport to impose obligations broader than, or inconsistent with, the Federal Rules of Civil Procedure and Federal Rules of Bankruptcy Procedure, including the definitions of "Central Bank," "you," or "your" to the extent they purport to include entities, persons, or agents outside Central Bank's possession, custody, or control.

2. Central Bank objects to the definition of "Relating to" or "regarding" as overbroad, vague, and unduly burdensome to the extent it is construed to mean "in any way logically or factually connected with the matter discussed," which imposes no meaningful limitation and would require Central Bank to speculate as to remote or attenuated connections.

3. Central Bank objects to the "relevant period" of January 1, 2019 to the present as overbroad and not proportional to the needs of the case as to certain requests herein, where narrower time periods tied to the actual dispute (2019 loan origination and 2024 foreclosure sale/distribution) are more appropriate; Central Bank's specific time-period objections are noted request-by-request below.

Haight

4. Central Bank objects to each request to the extent it seeks information or documents protected from disclosure by the attorney-client privilege, the work-product doctrine, the joint-defense/common-interest privilege, or any other applicable privilege or protection. Any inadvertent disclosure of privileged or protected information shall not constitute a waiver of any privilege or protection, and Central Bank reserves the right to demand the return or destruction of any such information pursuant to Fed. R. Evid. 502 and the parties' discovery plan. Central Bank further objects to each request to the extent each seeks information regarding attorney retention, conflict analyses, litigation strategy, affirmative-defense development, auditor communications, litigation holds, or insurance communications protected from discovery

5. Central Bank objects to each request to the extent it seeks information neither relevant to any party's claim or defense in this adversary proceeding nor proportional to the needs of the case, considering the importance of the issues, the amount in controversy, the parties' relative access to the information, and the burden or expense of the proposed discovery, as required by Rule 26(b)(1).

6. Central Bank objects to each request to the extent it seeks confidential, proprietary, or commercially sensitive business information of Central Bank, or confidential personal or financial information of non-party officers, directors, or employees, without an appropriate protective order in place.

7. Central Bank objects to each request to the extent it seeks information equally available to Plaintiffs from public records, including the dockets and orders of the Fayette Circuit Court and this Court, on the ground that the burden of deriving such information is not substantially greater for Plaintiffs than for Central Bank.

8. Central Bank objects to each request to the extent it calls for legal conclusions or interpretations of court orders, statutes, or legal doctrines.

9. These General Objections are incorporated by reference into each specific response below, whether or not separately restated.

**RESPONSES**

**INTERROGATORY NO. 1:**

*State in complete detail the mathematical basis for the Proof of Claim in the amount of $357,990.91, including each component of principal, interest, fees, costs, and charges comprising that figure, the date and amount of each such component, and the method of calculation used to arrive at the total.*

**RESPONSE:**

Subject to and without waiving the General Objections, Central Bank objects that this Interrogatory, properly read, contains multiple discrete subparts (principal, interest, fees, costs, and charges, each with date, amount, and method of calculation) that should be counted separately for purposes of the twenty-five-interrogatory limit of

Haight

Rule 33(a)(1). Subject to that objection, and pursuant to Rule 33(d), Central Bank refers Plaintiffs to the documents attached to its Proof of Claim and the documents previously produced to the Plaintiffs marked as CB-WAIN 0001 to 0738. By way of further response, Central Bank refers to the documents produced with these responses.

**INTERROGATORY NO. 2:**

*Identify each and every credit, payment, offset, or recovery applied by CBT against the Wain Account from January 1, 2019 to the present, including without limitation the $66,884.60 received from surplus proceeds following the foreclosure sale and the $4,185 received from wage garnishments, stating for each the date received, the amount, the source, and the manner in which it was applied.*

**RESPONSE:**

Subject to and without waiving the General Objections, Central Bank objects that this Interrogatory contains discrete subparts as to each credit, payment, offset, or recovery. Subject to that objection, and pursuant to Rule 33(d), Central Bank refers Plaintiffs to the documents attached to its Proof of Claim and the documents previously produced to the Plaintiffs marked as CB-WAIN 0001 to 0738.

**INTERROGATORY NO. 3:**

Haight

*Identify each person who prepared, reviewed, approved, or verified the Proof of Claim, and for each person state the role he or she played and the information he or she relied upon.*

**RESPONSE:**

Subject to and without waiving the General Objections, Central Bank objects to the phrase "the information he or she relied upon" to the extent it calls for disclosure of attorney-client privileged communications or attorney work product concerning the preparation of the Proof of Claim, and Central Bank withholds any such information on that basis. Subject to and without waiving these objections, Central Bank's Becky Mullins and Central Bank's counsel worked on the Proof of Claim.

**INTERROGATORY NO. 4:**

*State CBT's understanding of the disposition of the proceeds of the foreclosure sale of the subject property for $630,003 in the Foreclosure Proceeding, including the amount distributed to each lienholder and the amount, if any, of surplus proceeds generated by that sale.*

**RESPONSE:**

Subject to and without waiving the General Objections, Central Bank states that the disposition of the sale proceeds is set forth in the March 7, 2024 Distribution Order entered in the Foreclosure Proceeding, a public record of the Fayette Circuit Court

Haight

equally available to Plaintiffs, and Central Bank refers Plaintiffs to that Order as the most complete and accurate statement of the distribution.

**INTERROGATORY NO. 5:**

*Describe in detail CBT's position as to the effect, if any, of the March 7, 2024 Distribution Order entered in the Foreclosure Proceeding upon the amount asserted in the Proof of Claim, and state all facts supporting that position.*

**RESPONSE:**

Subject to and without waiving the General Objections, Central Bank objects that this is a contention interrogatory calling for legal analysis and application of law to fact in advance of the completion of fact discovery, and that Central Bank is not obligated under Rule 33(a)(2) to provide a full and final narrative response until discovery is substantially complete. Subject to and without waiving these objections, Central Bank is reviewing any impact of the Distribution Order on the Proof of Claim and will supplement if necessary.

**INTERROGATORY NO. 6:**

*State whether CBT contends that a deficiency exists on the Wain Account following the foreclosure sale and, if so, state the amount of the asserted deficiency, the date as*

Haight

*of which it was calculated, and each fact and document supporting the existence and amount of that deficiency.*

**RESPONSE:**

Subject to and without waiving the General Objections, Central Bank objects that this is a contention interrogatory as to which Central Bank is not obligated to provide a final response until discovery is substantially complete under Rule 33(a)(2). Subject to and without waiving these objections, Central Bank denies any implication regarding the existence, validity, or enforceability of any indebtedness asserted in the bankruptcy proceeding. By way of further response, Central Bank refers Plaintiffs to the documents attached to its Proof of Claim and the documents previously produced to the Plaintiffs marked as CB-WAIN 0001 to 0738.

**INTERROGATORY NO. 7:**

*Describe how CBT applied the $66,884.60 received from surplus proceeds and the $4,185 received from wage garnishments against any indebtedness asserted against Plaintiffs, including the date of each application, the account or ledger to which each amount was posted, and the resulting balance after each application.*

**RESPONSE:** Subject to and without waiving the General Objections, Central Bank objects that this Interrogatory contains discrete subparts. Subject to that objection, pursuant to Rule 33(d), Central Bank refers Plaintiffs to the documents attached to its

Haight

Proof of Claim and the documents previously produced to the Plaintiffs marked as CB-WAIN 0001 to 0738.

**INTERROGATORY NO. 8:**

*Identify each instance in which CBT furnished, deleted, modified, or responded to a dispute concerning information about Plaintiffs to any consumer reporting agency, including Experian, Equifax, and TransUnion, from 2019 to the present, stating for each the date, the agency, the nature of the furnishing or response, and the person responsible.*

**RESPONSE:**

Subject to and without waiving the General Objections, Central Bank objects that this Interrogatory is not relevant to any claim or defense in this adversary proceeding to the extent Plaintiffs' operative complaint does not plead a claim under the Fair Credit Reporting Act or any analogous credit-reporting theory, and is overbroad in scope and time. Central Bank further states that any furnishing or dispute handling was conducted in accordance with its then-existing procedures and applicable law.

**INTERROGATORY NO. 9:**

*Describe CBT's policies and procedures, in effect at any time during the relevant period, governing the furnishing of consumer account information to consumer*

Haight

*reporting agencies and the investigation of consumer disputes under the Fair Credit Reporting Act.*

**RESPONSE:**

Subject to and without waiving the General Objections, Central Bank incorporates its response to Interrogatory No. 8 and objects on the same grounds of relevance and overbreadth.

**INTERROGATORY NO. 10:**

*Describe each charge-off, write-down, reserve, recovery, or other accounting entry made by CBT with respect to the Wain Account from 2019 to the present, stating for each the date, the amount, the general-ledger account affected, and the person who authorized the entry.*

**RESPONSE:**

Subject to and without waiving the General Objections, Central Bank objects that this Interrogatory contains discrete subparts. Subject to that objection, pursuant to Rule 33(d), Central Bank refers Plaintiffs to the documents attached to its Proof of Claim and the documents previously produced to the Plaintiffs marked as CB-WAIN 0001 to 0738.

**INTERROGATORY NO. 11:**

Haight

*Identify all collection activities undertaken by CBT or on its behalf against Plaintiffs from 2019 to the present, including the date, nature, and result of each activity, and the identity of each person or entity who conducted it.*

**RESPONSE:**

Subject to and without waiving the General Objections, Central Bank objects that this Interrogatory contains discrete subparts and is overbroad in temporal scope. Subject to those objections, pursuant to Rule 33(d), Central Bank refers Plaintiffs to the documents attached to its Proof of Claim and the documents previously produced to the Plaintiffs marked as CB-WAIN 0001 to 0738.

**INTERROGATORY NO. 12:**

*Identify each law firm and attorney engaged by CBT in connection with any of the Wain Matters, and for each state the matter involved, the date and scope of engagement, and whether any conflict-of-interest analysis was performed at the time of engagement.*

**RESPONSE:**

Subject to and without waiving the General Objections, Central Bank objects to the request to state "whether any conflict-of-interest analysis was performed" and to describe the same, on the grounds that any such analysis is protected by the attorney-client privilege and/or attorney work-product doctrine, is not relevant to any claim or

Haight

defense pleaded in this adversary proceeding, and is not proportional to the needs of the case. Central Bank withholds this information on that basis and will not supplement absent further order of the Court. The only other counsel engaged for the "Wain Matters" was Fowler Bell PLLC, a matter of public record known to the Plaintiffs.

**INTERROGATORY NO. 13:**

*State whether CBT performed any conflict-of-interest analysis prior to or during its engagement of Stoll Keenon Ogden PLLC, Fowler Bell PLLC, Dentons Bingham Greenebaum LLP, Frost Brown Todd LLC, or Haight Brown & Bonesteel LLP in connection with any of the Wain Matters, and if so, describe the analysis performed and identify each person who performed it.*

**RESPONSE:**

Subject to and without waiving the General Objections, Central Bank objects to this Interrogatory in its entirety on the grounds that it seeks information protected by the attorney-client privilege and attorney work-product doctrine, is not relevant to any claim or defense pleaded in this adversary proceeding, and it is not proportional to the needs of the case. Any conflict-of-interest analysis performed by or for Central Bank's counsel concerns the internal deliberative process of counsel's representation and is not a proper subject of discovery by an opposing party. Central Bank withholds this information on that basis.

**INTERROGATORY NO. 14:**

*Identify each CBT officer, employee, or agent responsible for retaining, supervising, or directing outside counsel or third-party agents in connection with collection or litigation activities against Plaintiffs, and describe the authority delegated to such counsel or agents.*

**RESPONSE:**

Subject to and without waiving the General Objections, Central Bank objects to this Interrogatory in its entirety on the grounds that it seeks information protected by the attorney-client privilege and attorney work-product doctrine, is not relevant to any claim or defense pleaded in this adversary proceeding, and it is not proportional to the needs of the case.

**INTERROGATORY NO. 15:**

*Identify and describe each subordination agreement affecting CBT's lien position with respect to the subject property, including the subordination agreement identified in Plaintiffs' February 26, 2026 Unilateral Status Report, stating the parties to each agreement, its date, and its effect on CBT's lien priority.*

**RESPONSE:**

Subject to and without waiving the General Objections, Central Bank objects to this Interrogatory because is not relevant to any claim or defense pleaded in this adversary

Haight

proceeding, and it is not proportional to the needs of the case. Central Bank further objects to the extent it mischaracterizes documents and seeks legal conclusions about lien priority.

**INTERROGATORY NO. 16:**

*Identify each present or former CBT officer, employee, agent, or director with knowledge of the Wain Account, the Proof of Claim, or any of the Wain Matters, and for each state the subject(s) on which that person has knowledge.*

**RESPONSE:**

Subject to and without waiving the General Objections, Central Bank objects that this Interrogatory is overbroad and not proportional to the needs of the case to the extent it seeks identification of every person with any knowledge of any of the broadly defined "Wain Matters," which would encompass a potentially unlimited universe of personnel across multiple years and multiple proceedings. Subject to that objection, Central Bank will identify those persons with knowledge of the specific disputed facts at issue in this adversary proceeding, namely the calculation of the Proof of Claim, the foreclosure sale distribution, and the application of surplus proceeds and garnishment funds.

**INTERROGATORY NO. 17:**

Haight

*State the role of Timothy R. Wiseman with respect to the Proof of Claim and his Evidentiary Declaration filed in this adversary proceeding on February 12, 2026, and identify the source of the information set forth in that declaration.*

**RESPONSE:**

Subject to and without waiving the General Objections, Central Bank states that Timothy R. Wiseman is an attorney with Stoll Keenon Ogden PLLC who has represented Central Bank in connection with certain of the Wain Matters, and that the factual statements in his Evidentiary Declaration filed February 12, 2026 were based on his review of Central Bank 's business records and information provided to him in the course of that representation. Central Bank objects to the extent this Interrogatory calls for disclosure of privileged attorney-client communications or work product concerning the preparation of the Declaration, and withholds any such information on that basis.

**INTERROGATORY NO. 18:**

*State whether CBT's audited consolidated financial statements for fiscal years 2019 through 2025 disclosed, accounted for, or reserved against any loss contingency arising from the Wain Matters, and if so, describe the disclosure, accounting treatment, or reserve for each such year.*

**RESPONSE:**

Haight

Subject to and without waiving the General Objections, CBT states that its audited consolidated financial statements for fiscal years 2019 through 2025 are business records not relevant to this proceeding. CBT objects to the extent this Interrogatory calls for a legal conclusion as to whether disclosure was required under applicable accounting standards.

**INTERROGATORY NO. 19:**

*For each fiscal year from 2019 through 2025, state the legal-fee component of the "Professional services" line item reported in CBT's audited consolidated statements of income, identify each law firm or vendor to which professional-services payments were made, and state the amount allocated to the Wain Matters.*

**RESPONSE:**

Subject to and without waiving the General Objections, CBT objects to this Interrogatory on the grounds that it seeks CBT's confidential and proprietary financial information regarding matters unrelated to the Wain Matters, seeks information protected by the attorney-client privilege and work-product doctrine to the extent billing detail reflects the nature and scope of legal services rendered, is not relevant to any claim or defense pleaded in this adversary proceeding, and is not proportional to the needs of the case. CBT withholds this information on that basis.

**INTERROGATORY NO. 20:**

Haight

*Describe all communications between CBT and Crowe LLP regarding the Wain Matters during fiscal years 2019 through 2025, including any audit-inquiry response, management representation letter, or assessment of loss contingencies relating to the Wain Matters, and identify each person who participated in those communications.*

**RESPONSE:**

Subject to and without waiving the General Objections, Central Bank objects to this Interrogatory on the grounds that communications between CBT, its counsel, and its outside auditor concerning loss-contingency assessment, including audit-inquiry responses and management representation letters, are protected by the attorney-client privilege and/or attorney work-product doctrine notwithstanding their provision to the auditor in connection with the audit function, and are not relevant to any claim or defense pleaded in this adversary proceeding.

**INTERROGATORY NO. 21:**

*Identify each insurance policy, including any directors-and-officers, errors-and-omissions, or banker's blanket bond policy, under which coverage has been or may be asserted in connection with the claims in this proceeding, and for each state the insurer, policy number, policy limits, and whether any notice of claim or reservation of rights has been issued.*

**RESPONSE:**

Haight

Subject to and without waiving the General Objections, Central Bank will identify any applicable insurance policy under which coverage has been or may be asserted in connection with the claims in this proceeding, consistent with its obligations under Rule 26(a)(1)(A)(iv). Central Bank objects to production or description of the substance of any reservation-of-rights correspondence with its insurer(s) on the grounds that such correspondence is protected by the attorney-client privilege and/or work-product doctrine, and withholds that portion on that basis.

**INTERROGATORY NO. 22:**

*State the basis for the reported increase in aggregate loans to related parties from $367,000 at year-end 2019 to $16,352,000 at year-end 2020, as disclosed in Notes 3 and 7 of CBT's annual reports, including any change in the definition of "related party" applied between those years.*

**RESPONSE:**

Subject to and without waiving the General Objections, Central Bank objects to this Interrogatory in its entirety on the grounds that it is not relevant to any claim or defense pleaded in this adversary proceeding, is not proportional to the needs of the case, and seeks information equally available to Plaintiffs from publicly filed annual reports referenced in the Interrogatory itself, such that the burden of deriving or ascertaining the answer is not substantially greater for Plaintiffs than for Central Bank. Central Bank further objects that this Interrogatory concerns Central Bank 's

Haight