DOUGLAS A. WAIN
ELISA WAIN
P.O. Box 7473
Westlake Village, CA 91359
Telephone: (859) 494-3677
Email: douglaswain@gmail.com
Plaintiffs in Pro Per

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| **In re**<br><br>**Douglas Alan Wain, Elisa Wain,**<br><br>**Debtors,**<br>______________________________<br><br>**Douglas Alan Wain and Elisa Wain**<br><br>**Plaintiffs,**<br>**vs.**<br><br>**Central Bank & Trust Co.**<br><br>**Defendant.** | **Case No. 1:24-bk-11814-MB**<br><br>**Adv. Proc. No. 1:25-ap-01026-MB**<br><br>**Chapter 13**<br><br>**PLAINTIFFS' EVIDENTIARY OBJECTIONS TO THE DECLARATIONS OF BECKY MULLINS FILED IN SUPPORT OF DEFENDANT'S MOTION TO QUASH DEPOSITION OF AN APEX EXECUTIVE (DOC. 76)**<br><br>**Hon. Martin R. Barash**<br><br>**Hearing on Doc. 76 (Doc. 77):**<br>**September 24, 2026, 2:30 p.m.**<br>**Courtroom 303**<br>**21041 Burbank Blvd.**<br>**Woodland Hills, CA 91367** |

**EVIDENTIARY OBJECTIONS**

Plaintiffs Douglas A. Wain and Elisa Wain object as follows to the two declarations of Becky Mullins filed in support of Defendant Central Bank & Trust Co.'s Motion to Quash Deposition of

an Apex Executive (Doc. 76). The first declaration appears at Doc. 76, pages 9–10 (the "Apex Declaration"); the second at Doc. 76, pages 12–13 (the "Claim Declaration"). Evidence on a motion must be presented by declaration made on personal knowledge. LBR 9013-1(i); Fed. R. Evid. 602; 28 U.S.C. § 1746. A declaration made on information and belief, or stating conclusions without the facts on which they rest, is entitled to no weight. See Bank Melli Iran v. Pahlavi, 58 F.3d 1406, 1412 (9th Cir. 1995); Taylor v. List, 880 F.2d 1040, 1045 n.3 (9th Cir. 1989); Columbia Pictures Indus., Inc. v. Prof'l Real Estate Investors, Inc., 944 F.2d 1525, 1529 (9th Cir. 1991). Plaintiffs request a ruling on each objection.

## I. OBJECTIONS TO THE APEX DECLARATION (Doc. 76 at 9–10)

Objection No. 1 — Paragraph 4: "Mr. Deaton oversees broad strategic and organizational matters involving the corporations."

Grounds: Lack of personal knowledge and foundation (Fed. R. Evid. 602); improper lay opinion (Fed. R. Evid. 701); conclusory. The declarant is a Senior Vice President who did not head the Special Assets department until May 2024 (Hall Tr. 22:23–23:3). The declaration states no facts showing how she knows the scope of the chief executive's duties, and offers a characterization rather than a fact.

Ruling: Sustained ______ Overruled ______

Objection No. 2 — Paragraph 5: "Mr. Deaton was not directly involved in the day-to-day events giving rise to Plaintiffs' claims."

Grounds: Lack of personal knowledge and foundation (Fed. R. Evid. 602); improper lay opinion and legal conclusion (Fed. R. Evid. 701); conclusory; contradicted by the record. The statement is the entire evidentiary basis for the Motion, and it is a negative — what Mr. Deaton did not do — asserted by a subordinate who does not state that she was present for, supervised, or had any means of observing Mr. Deaton's activities during the period 2019 to 2024. It identifies no

"events," no period, and no source of knowledge. The record shows Mr. Deaton personally receiving, routing, and answering the state regulator's correspondence on consumer matters (Wain Decl. Exs. K, L, R, T, U, V), personally executing the bank's corporate instruments (Exs. M, P), and standing at the top of the reporting chain that Mr. Hall described (Hall Tr. 39:25–40:10). A witness may not testify to what another person did not know or do without a foundation for that knowledge.

Ruling: Sustained ______ Overruled ______

Objection No. 3 — Paragraph 6: "Employees below Mr. Deaton were responsible for the matters at issue, including Donna Craven, myself, and former Central Bank employee Steve Hall."

Grounds: Lack of foundation (Fed. R. Evid. 602); vague and ambiguous as to "the matters at issue"; contradicted by Defendant's own witnesses. Ms. Craven, one of the three persons named, testified under CBT's counsel's own questioning that she is "not involved with the collection of special assets or foreclosures at all" and knows "almost nothing about Mr. and Mrs. Wain and their distressed loan." (Craven Tr. 141:5–14.) Mr. Hall, another, retired on April 30, 2024, was not consulted on the Proof of Claim, and could not say who handled the account after him. (Hall Tr. 16:8–10, 22:2–10, 23:21–25.) The declarant herself is the person CBT has announced "will not be appearing for deposition in this matter." A declaration that identifies as "responsible" one witness who disclaims involvement, one who left before the claim was filed, and one who will not appear does not establish that the matters at issue can be explored without the executive.

Ruling: Sustained ______ Overruled ______

Objection No. 4 — Paragraphs 1–6 generally: the declaration omits the subject of the Motion.

Grounds: Irrelevance (Fed. R. Evid. 401–402) to the extent offered on the apex factors. The declaration does not mention the Proof of Claim, its calculation, the March 7, 2024 Distribution

Order, the surplus proceeds, or the bank's audited financial statements — the subjects on which Mr. Deaton was noticed. A declaration that Mr. Deaton was not involved in unspecified "day-to-day events" is not evidence that he lacks unique knowledge of the specific matters at issue. Plaintiffs further note that each page of the declaration bears the footer "Central Bank's Request for Judicial Notice Re Motion to Dismiss," a different document.

Ruling: Sustained ______ Overruled ______

**II. OBJECTIONS TO THE CLAIM DECLARATION (Doc. 76 at 12–13)**

Objection No. 5 — Preamble and Paragraph 2: The declaration is made "upon information and belief," while paragraph 2 asserts that the declarant "has personal knowledge as to all of the facts contained herein."

Grounds: Lack of personal knowledge (Fed. R. Evid. 602; 28 U.S.C. § 1746; LBR 9013-1(i)). A declaration expressly made on information and belief is entitled to no weight, and the boilerplate assertion of personal knowledge in paragraph 2 cannot cure the preamble that governs the entire document. The internal contradiction leaves the Court with no way to know which statements, if any, rest on the declarant's own knowledge. Plaintiffs object to the declaration in its entirety on this ground.

Ruling: Sustained ______ Overruled ______

Objection No. 6 — Paragraph 3: The declarant is "custodian of Central Bank's records as to the transactions that are the subject matter of this action … and the 2019 foreclosure action against the Wains to collect the mortgage indebtedness owed to Central Bank in the then-due amount of $358,412.712."

Grounds: Lack of foundation (Fed. R. Evid. 602, 803(6), 902(11)); the figure "$358,412.712" is not a sum of money and is inconsistent with the judgment amount stated in paragraph 6 ($358,412.72). A custodian declaration must identify the records, state how they are

kept, and attach or produce them; this one attaches none. According to Mr. Hall, the declarant was hired into the Special Assets department in 2020 and succeeded him as its manager in May 2024 (Hall Tr. 22:23–23:16); nothing in the declaration establishes that she was, or is, the custodian of the records of a foreclosure that concluded before she held that position.

Ruling: Sustained ______ Overruled ______

Objection No. 7 — Paragraph 4: The declarant "is familiar with any and all payments that have been made on the subject account."

Grounds: Conclusory; lack of foundation (Fed. R. Evid. 602). No payment, date, amount, or ledger is identified. CBT's verified supplemental interrogatory responses, served the same day, decline to identify how the $66,884.60 distribution and $4,185 in garnishments were applied and refer instead to a 738-page 2019 production. (Wain Decl. Ex. N, Responses Nos. 2, 7.)

Ruling: Sustained ______ Overruled ______

Objection No. 8 — Paragraphs 5 and 6: references to "Exhibit A" (the foreclosure complaint) and "Exhibit B" (the Judgment) to the Claim Declaration.

Grounds: Best-evidence rule (Fed. R. Evid. 1002); lack of authentication (Fed. R. Evid. 901). Neither exhibit is attached to Doc. 76. (These are the Claim Declaration's exhibits, not Plaintiffs' Exhibits A and B.) The contents of a court record are proved by the record, not by a description of it.

Ruling: Sustained ______ Overruled ______

Objection No. 9 — Paragraph 7: "Central Bank applied the distribution of sale proceeds it received from the Master Commissioner and garnishments it obtained from the Wains against the amount due under the Judgment."

Grounds: Conclusory; lack of foundation (Fed. R. Evid. 602); best-evidence rule (Fed. R. Evid. 1002). The statement identifies no date, amount, ledger entry, or resulting balance, and no

record of any application is attached. It is also inconsistent with CBT's counsel's letter of August 13, 2026, which states that the Distribution Order "reduce[s] the amount owed … by $66,884.60," that the Proof of Claim figure resulted from "a clerical error," and that "CBT will amend its claim" (Wain Decl. Ex. O) — an amendment that has not been made — and with CBT's verified response, served the same day as this declaration, that CBT "is reviewing any impact of the Distribution Order on the Proof of Claim." (Ex. N, Response No. 5.) A declarant cannot swear that the proceeds were applied while her employer swears it is still reviewing whether they should be.

Ruling: Sustained ______ Overruled ______

Objection No. 10 — Paragraph 8: "As of December 19, 2024, the amount due under the Judgment was $357,990.91 plus additional interest, costs, and fees. See calculations attached as Exhibit C."

Grounds: Best-evidence rule (Fed. R. Evid. 1002); lack of foundation and authentication (Fed. R. Evid. 602, 901); hearsay (Fed. R. Evid. 802) to the extent the figure is offered for its truth on the strength of an absent document. No Exhibit C to the Claim Declaration is attached to Doc. 76. The "calculations" are the document Plaintiffs have sought since July 2026 (Ex. N, Response No. 1), that CBT has never produced, and that is the subject of Plaintiffs' pending Motion to Compel Written Discovery (Doc. 80). A figure whose only stated support is an exhibit that does not exist in the record is not evidence of anything. Plaintiffs further note that the figure is the same one CBT's counsel has described in writing as the product of a "clerical error." (Ex. O.)

Ruling: Sustained ______ Overruled ______

Objection No. 11 — Execution: The declaration reads "Dated this ______" with the date left blank, followed by a separate execution line.

Grounds: 28 U.S.C. § 1746 requires that an unsworn declaration be "dated." Plaintiffs raise the defect so that the record is clear, and so that the Court may weigh the care with which the declaration was prepared alongside the missing exhibits and the figure "$358,412.712."

Ruling: Sustained ______ Overruled ______

## III. CONCLUSION

Neither declaration supplies admissible evidence that Mr. Deaton lacks unique personal knowledge of the matters on which he was noticed, and the Claim Declaration supplies no admissible evidence of the calculation of CBT's Proof of Claim. Plaintiffs respectfully request that the Court sustain each objection and disregard the objected-to material in ruling on the Motion.

DATED: September 9, 2026

Douglas A. Wain

Elisa Wain

Plaintiffs, Pro Per