DOUGLAS A. WAIN
ELISA WAIN
P.O. Box 7473
Westlake Village, CA 91359
Telephone: (859) 494-3677
Email: douglaswain@gmail.com
Plaintiffs in Pro Per

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| **In re**<br><br>**Douglas Alan Wain, Elisa Wain,**<br><br>**Debtors,**<br>______________________________<br><br>**Douglas Alan Wain and Elisa Wain**<br><br>**Plaintiffs,**<br>**vs.**<br><br>**Central Bank & Trust Co.**<br><br>**Defendant.** | **Case No. 1:24-bk-11814-MB**<br><br>**Adv. Proc. No. 1:25-ap-01026-MB**<br><br>**Chapter 13**<br><br>**PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OPPOSITION TO DEFENDANT'S MOTION TO QUASH DEPOSITION OF AN APEX EXECUTIVE (DOC. 76)**<br>**[Fed. R. Evid. 201; Fed. R. Bankr. P. 9017]**<br><br>**Hon. Martin R. Barash**<br><br>**Hearing on Doc. 76 (Doc. 77):**<br>**September 24, 2026, 2:30 p.m.**<br>**Courtroom 303**<br>**21041 Burbank Blvd.**<br>**Woodland Hills, CA 91367** |

**REQUEST FOR JUDICIAL NOTICE**

Pursuant to Federal Rule of Evidence 201, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 9017, Plaintiffs Douglas A. Wain and Elisa Wain respectfully request that the Court take judicial notice of the documents identified below, each of which is attached to the concurrently filed Declaration of Douglas A. Wain ("Wain Decl.") under the exhibit letter indicated, or appears on the docket of this Court. Each is a matter "not subject to reasonable dispute" because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Under Rule 201(c)(2), the Court "must take judicial notice if a party requests it and the court is supplied with the necessary information."

Plaintiffs request notice of the existence and contents of each document — that it was filed, issued, or published by the source identified, on the date and over the signature it bears — and not of the truth of any disputed factual assertion within it. See Lee v. City of Los Angeles, 250 F.3d 668, 689–90 (9th Cir. 2001) (court may take judicial notice of matters of public record, though not of disputed facts stated within them); Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) (court may take judicial notice of court filings and other matters of public record).

**A. Records of This Court**

1. The docket and filings in this adversary proceeding, No. 1:25-ap-01026-MB, including the Declaration of William E. Ireland filed August 12, 2026 (Doc. 69); Defendant's Motion to Quash Deposition of an Apex Executive filed August 24, 2026 (Doc. 76); the Court's Notice of Hearing entered August 25, 2026 (Doc. 77); Plaintiffs' Motion for Orders Compelling Depositions (Doc. 47); and Plaintiffs' Motion to Compel Written Discovery filed September 3, 2026 (Doc. 80), and the Court's notice setting it for hearing (Doc. 83). A court may take judicial notice of its own records. United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

2. The claims register in the underlying Chapter 13 case, In re Wain, No. 1:24-bk-11814-MB, reflecting that Claim No. 1, filed by Central Bank & Trust Co. on December 20, 2024 in the amount of $357,990.91, has not been amended as of the date of this Request; and the Chapter 13 Trustee's Periodic Accounting Report filed August 31, 2026 (Doc. 81 in that case; Wain Decl. Ex. BB), listing Claim No. 1 at $357,990.91.

**B. Records of the Kentucky Secretary of State**

3. The Articles of Merger and Plan of Merger of Central Bank & Trust Co. on file with the Kentucky Secretary of State, bearing the signature "Luther Deaton, Jr., President & CEO," excerpts of which are attached as Exhibit M to the Wain Decl. and which I obtained from the Kentucky Secretary of State's online business-filings records, as stated in the Wain Decl. ¶ 15. Filings maintained by a Secretary of State are public records whose accuracy cannot reasonably be questioned.

**C. Records of the Kentucky Department of Financial Institutions**

4. The following records of the Kentucky Department of Financial Institutions ("KDFI"), the state agency that regulates Central Bank & Trust Co., each produced by KDFI in response to a request under the Kentucky Open Records Act, KRS 61.870 et seq., as described in the Wain Decl. ¶ 14: (a) KDFI transmittal letter dated December 12, 2022 (Ex. K); (b) KDFI transmittal letter dated September 2, 2025 (Ex. L); (c) emails dated January 11, 2023 among a KDFI examiner and Central Bank personnel, maintained in KDFI's file (Ex. R); (d) KDFI transmittal letter dated December 6, 2017 and Central Bank's response dated December 12, 2017, maintained in KDFI's file (Ex. T); (e) Central Bank's response to KDFI Complaint No. 311721 dated January 26, 2015 (Ex. U); (f) Central Bank's response to KDFI Complaint No. 393679 dated September 10, 2025 (Ex. V); and (g) Central Bank's branch notice dated March 4, 2019, maintained in KDFI's institutional file (Ex. X). Records

maintained by a state regulatory agency and produced by that agency under a public-records statute are public records subject to judicial notice as to their existence, dates, addressees, and signatories.

**D. Annual Reports of Central Bancshares, Inc.**

5. The annual reports of Central Bancshares, Inc., the parent of Central Bank & Trust Co., for fiscal years 2020 through 2025, published by the company on Central Bank's website, excerpts of which are attached as Exhibit AA to the Wain Decl. (¶ 18). Plaintiffs request notice that each report contains a letter to shareholders signed by Luther Deaton, Jr. as Chairman, President & CEO, an Independent Auditor's Report of Crowe LLP, and the "Loss Contingencies" note quoted in the Opposition — not of the truth of the financial information reported. Courts routinely take judicial notice of the contents of publicly filed or published corporate reports for the fact of what they state. See, e.g., Metzler Inv. GMBH v. Corinthian Colls., Inc., 540 F.3d 1049, 1064 n.7 (9th Cir. 2008).

Defendant, whose own filings and correspondence are the subject of most of these records, cannot reasonably dispute their authenticity. Plaintiffs therefore request that the Court take judicial notice of each document identified above.

DATED: September 9, 2026

Douglas A. Wain

Elisa Wain

Plaintiffs, Pro Per