DOUGLAS A. WAIN
ELISA WAIN
P.O. Box 7473
Westlake Village, CA 91359
Telephone: (859) 494-3677
Email: douglaswain@gmail.com
Plaintiffs in Pro Per

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| **In re**<br><br>**Douglas Alan Wain, Elisa Wain,**<br><br>**Debtors,**<br>______________________________<br><br>**Douglas Alan Wain and Elisa Wain**<br><br>**Plaintiffs,**<br>**vs.**<br><br>**Central Bank & Trust Co.**<br><br>**Defendant.** | **Case No. 1:24-bk-11814-MB**<br><br>**Adv. Proc. No. 1:25-ap-01026-MB**<br><br>**Chapter 13**<br><br>**SUPPLEMENTAL DECLARATION OF DOUGLAS A. WAIN IN SUPPORT OF PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR ORDERS COMPELLING DEPOSITIONS (DOC. 47); INDEX OF EXHIBITS J AND DD**<br><br>**Hon. Martin R. Barash**<br><br>**Hearing: September 24, 2026**<br>**Time: 2:30 p.m.**<br>**Courtroom 303**<br>**21041 Burbank Blvd.**<br>**Woodland Hills, CA 91367** |

**SUPPLEMENTAL DECLARATION OF DOUGLAS A. WAIN**

I, Douglas A. Wain, declare as follows:

1. I am a Plaintiff in this adversary proceeding, appearing pro per together with my wife, Elisa Wain. I have personal knowledge of the facts stated below and, if called as a witness, could and

would testify competently to them. I make this Supplemental Declaration in support of Plaintiffs' Reply in Support of their Motion for Orders Compelling Depositions, for a Protective Order, and for Related Relief (Doc. 47), set for hearing on September 24, 2026 at 2:30 p.m.

2. On September 9, 2026, I filed my Declaration in Support of Plaintiffs' Opposition to Defendant's Motion to Quash Deposition of an Apex Executive (Doc. 76), with Exhibits A through CC (Doc. 85) (the "September 9 Declaration"). On September 3, 2026, I filed my Declaration in Support of Plaintiffs' Motion to Compel Written Discovery, with Exhibits 1 through 19 (Doc. 80). I incorporate both declarations and their exhibits by reference. The lettered exhibits cited in the Reply are the exhibits to the September 9 Declaration, except Exhibits J and DD, which are attached to this Supplemental Declaration.

3. Plaintiffs took the deposition of Steven Dennis Hall on August 21, 2026 by remote videoconference before April L. Crites, RMR, CRR, CSR, CCR, and I subsequently received the certified transcript from the reporter, as described in paragraph 8 of the September 9 Declaration. Certified excerpts of that transcript, with the reporter's certificate, are Exhibit Y to the September 9 Declaration and Exhibit 16 to Doc. 80. I attended and examined Mr. Hall. Mr. Timothy Wiseman appeared at that deposition as counsel for Mr. Hall, a retired non-party witness, and Mr. Hall testified that the representation began that day and that he assumed Central Bank was paying for it.

4. On August 24, 2026, Plaintiffs timely served their Responses and Objections to Defendant's Demands for Production of Documents, together with a proof of service and an initial, Bates-numbered document production, WAIN – DP 000001 through WAIN – DP 000026, with an index. Exhibit J is a true and correct copy of the responses, proof of service, and production index as served. Service was made within thirty days of the July 24, 2026 demands, the thirtieth day falling on Sunday, August 23, 2026. Mr. Ireland did not appear for, confirm, or re-notice the August 24, 2026 deposition setting stated in his July 24, 2026 notice.

5. Defendant served no insertions and no response of any kind to the Joint Stipulation Regarding Written Discovery Disputes by the August 28, 2026 deadline. On September 3, 2026, Plaintiffs filed their Motion to Compel Written Discovery (Doc. 80). On September 4, 2026, Mr. Ireland sent me by email proposed insertions to the Joint Stipulation; the insertions were unsigned. Plaintiffs had not received any response to the Joint Stipulation before that date.

6. On August 21, 2026, counsel for Crowe LLP emailed me a third-party file-transfer link to Crowe's document production, with Mr. Ireland copied. I downloaded the production on September 9, 2026. The production and the excerpts attached as Exhibit CC to the September 9 Declaration are described in paragraph 9A of that declaration.

7. As of the date of this declaration: no amended Proof of Claim has been filed; Defendant has produced no document in this adversary proceeding beyond re-transmitting the production made in the 2019 Kentucky foreclosure action, which Defendant's counsel described in writing on August 14, 2026 as “the complete responsive documents” that “were provided to you in your Kentucky litigation” (Doc. 80, Ex. 11); no calculation of the $357,990.91 (or $357,944.91) claim amount has been produced, filed, or identified in any proceeding; and Defendant has not offered any date for the deposition of Mr. Deaton or Ms. Mullins.

8. Exhibit DD consists of true and correct copies of additional pages of the certified transcripts of the depositions of Donna Jean Craven (August 18, 2026; pages 81 and 135–136, with the transcript cover page) and Steven Dennis Hall (August 21, 2026; pages 7–8, 19, 30, 57, and 94–95, with the transcript cover page), both reported and certified by April L. Crites, RMR, CRR, CSR, CCR. The reporter's certificates for these transcripts are on file as part of Exhibits W and Y to the September 9 Declaration and Exhibits 15 and 16 to Doc. 80. These pages are cited in the Reply concerning Mr. Wiseman's statements of whom he represents and his conduct in defending the depositions.

9. I make this declaration without waiver of any of Plaintiffs' rights, positions, or privileges.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 10, 2026, at Bradenton, Florida.

Douglas A. Wain
Plaintiff, Pro Per

**INDEX OF EXHIBITS**

| Exhibit | Description |
|---|---|
| J | Plaintiffs' Responses and Objections to Defendant's Demands for Production of Documents, with Proof of Service and index of initial document production WAIN – DP 000001–000026, served August 24, 2026 |
| DD | Additional certified transcript excerpts: Craven Dep. (Aug. 18, 2026) cover, pp. 81, 135–136; Hall Dep. (Aug. 21, 2026) cover, pp. 7–8, 19, 30, 57, 94–95 |

# EXHIBIT J

Plaintiffs' Responses and Objections to Defendant's Demands for Production, with Proof of Service and production index (WAIN – DP 000001–000026), served August 24, 2026

Wain v. Central Bank & Trust Co., Adv. Proc. No. 1:25-ap-01026-MB

Supplemental Declaration of Douglas A. Wain ISO Reply re Motion to Compel Depositions (Doc. 47)

DOUGLAS A. WAIN
ELISA WAIN
P.O. Box 7473
Westlake Village, CA 91359
Telephone: (859) 494-3677
Email: douglaswain@gmail.com
Plaintiffs in Pro Per

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| **In re**<br><br>**Douglas Alan Wain, Elisa Wain,**<br><br>**Debtors,**<br>______________________________<br><br>**Douglas Alan Wain and Elisa Wain**<br><br>**Plaintiffs,**<br>**vs.**<br><br>**Central Bank & Trust Co.**<br><br>**Defendant.** | **Case No. 1:24-bk-11814-MB**<br><br>**Adv. Proc. No. 1:25-ap-01026-MB**<br><br>**Chapter 13**<br><br>**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT CENTRAL BANK & TRUST CO.'S DEMANDS FOR PRODUCTION OF DOCUMENTS**<br><br>**Hon. Martin R. Barash**<br><br>**[Demands served July 24, 2026]** |

## PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT'S DEMANDS FOR PRODUCTION OF DOCUMENTS

On July 24, 2026, Defendant Central Bank & Trust Co. ("CBT") served by email a document entitled "Notice of Taking Deposition of Plaintiff Douglas A. Wain and Demand for Production of Documents Pursuant to Federal Rules of Civil Procedure 30(B)(6)," containing three Demands for Production. Plaintiffs Douglas A. Wain and Elisa Wain, pro per ("Plaintiffs"), respond to the Demands as requests to a party under Federal Rules of Civil Procedure 30(b)(2) and 34, made

applicable by Federal Rules of Bankruptcy Procedure 7030 and 7034, and serve these written responses and objections within thirty days of service pursuant to Rule 34(b)(2)(A).

**GENERAL STATEMENTS**

1. These responses are made without waiver of, and expressly preserving, the attorney work-product doctrine as applicable to pro se litigants' preparation materials, and all objections as to relevance, authenticity, and admissibility for trial or any hearing.

2. Plaintiffs' investigation and this Court's proceedings are ongoing, including discovery that CBT has not yet completed. Plaintiffs reserve the right to supplement these responses and the accompanying production pursuant to Rule 26(e).

3. A number of responsive documents originate with CBT, are already in CBT's possession, custody, or control, or are matters of public record on the dockets of this Court, the Fayette Circuit Court (Case No. 19-CI-00812), or the Kentucky appellate courts. Production of such documents is not repeated here except where convenient for the parties.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 1**

**Demand No. 1:** “Any documents that you intend to rely upon at any trial of your adversary action in this proceeding.”

Response: Plaintiffs object that the Demand is premature. No trial date has been set, and the selection and designation of trial exhibits will occur pursuant to the Court's scheduling and pretrial procedures. Plaintiffs further object that the Demand, insofar as it seeks Plaintiffs' present selection of documents for use at trial, invades work product. Subject to and without waiving these objections, Plaintiffs respond: Plaintiffs anticipate relying upon documents already of record or already in CBT's possession, including without limitation Proof of Claim No. 1 and its attachments; the parties' filings of record in this adversary proceeding and in the main bankruptcy case; the public records of the Fayette Circuit Court in Case No. 19-CI-00812, including the Judgment entered January 20,

2021, the Order of Sale, and the Distribution Order entered March 7, 2024; deposition transcripts and exhibits in this proceeding; and the documents produced with these responses. Plaintiffs will designate trial exhibits as and when the Court's procedures require.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 2**

**Demand No. 2:** “Any documents that relate refer to or document your claimed damages in your adversary action.”

Response: Plaintiffs object that the Demand is overbroad and disproportionate to the needs of the case under Rule 26(b)(1). Its omnibus formulation — “any documents that relate refer to or document” claimed damages — is unbounded as to time, category, and subject, and, as applied to injuries that have continued to accrue for more than seven years and are continuing, would purport to require production of substantially every financial, credit, and litigation record of Plaintiffs' household for that entire period. Plaintiffs further object that their damages are ongoing: the universe of responsive documents grows as CBT's conduct and its consequences continue, and a complete production is therefore not possible as of any single date. Subject to and without waiving these objections, Plaintiffs respond: Plaintiffs produce herewith an initial production of the principal non-privileged documents presently evidencing their damages, identified as WAIN – DP 000001 through WAIN – DP 000026, including: consumer credit reports and excerpts reflecting CBT's reporting of the account, including the “charged off” reporting; wage-garnishment records reflecting amounts collected by CBT; the Distribution Order entered March 7, 2024 in Fayette Circuit Court Case No. 19-CI-00812 and related records concerning the sale proceeds and surplus; records of payments received or collected by CBT; and records of litigation-related expenses incurred by Plaintiffs, including court-reporter engagement and deposit records. Certain additional responsive materials are already in CBT's possession, custody, or control or are of public record, as stated in General

Statement No. 3. Plaintiffs will supplement pursuant to Rule 26(e), including as damages continue to accrue and as further records are gathered.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 3**

**Demand No. 3:** "Any documents that relate refer to or document Mrs. Wain's claimed damages in your adversary action."

Response: Plaintiffs incorporate the objections stated in Response No. 2, which apply equally to this Demand's identical omnibus formulation and to Mrs. Wain's continuing damages. Subject to and without waiving those objections, Plaintiffs respond: the damages of Plaintiff Elisa Wain arise from the same events and are documented substantially by the same records produced in response to Demand No. 2, which are incorporated here, including the credit reporting concerning the joint account and obligations, the garnishment records reflecting amounts collected from Mrs. Wain's teaching wages, and the litigation-expense records. To the extent additional documents specific to Mrs. Wain exist, they are included in the initial production identified in Response No. 2. Plaintiffs will supplement pursuant to Rule 26(e), including as damages continue to accrue.

DATED: August 24, 2026

Douglas A. Wain
On behalf of Plaintiffs Douglas A. Wain
and Elisa Wain, Pro Per

# PLAINTIFFS' INITIAL DOCUMENT PRODUCTION — INDEX

Wain v. Central Bank & Trust Co., Adv. Proc. No. 1:25-ap-01026-MB

*Served August 24, 2026 with Plaintiffs' Responses and Objections to Defendant's Demands for Production of Documents*

| **Document** | **Bates Range** | **Pages** |
|---|---|---|
| Kentucky wage and non-wage garnishment records: Sheriff's Return (served March 5, 2021); Affidavit for Writ of Non-Wage Garnishment (filed March 3, 2021); Stoll Keenon Ogden transmittal (March 5, 2021); Notice of Rights to Assert Exemption; form instructions; Fayette County Public Schools payroll letter (March 17, 2021); Order of Wage Garnishment | WAIN – DP 000001 – 000007 | 7 |
| Entry Granting Summary Judgment and Order of Distribution of Sale Proceeds, Fayette Circuit Court Case No. 19-CI-00812 (entered March 7, 2024) | WAIN – DP 000008 – 000012 | 5 |
| Court reporter Professional Services Agreement (April L. Crites) | WAIN – DP 000013 – 000014 | 2 |
| Court reporter Engagement Deposit & Scheduling Confirmation (August 11, 2026; $1,700.00 advance deposit) | WAIN – DP 000015 – 000016 | 2 |
| Bank of America adverse-action letter to Elisa Wain (November 29, 2023) | WAIN – DP 000017 – 000018 | 2 |
| Three-bureau consumer credit report, Douglas Wain (June 14, 2021) | WAIN – DP 000019 – 000022 | 4 |
| Three-bureau consumer credit report, Elisa Wain (June 14, 2021) | WAIN – DP 000023 – 000026 | 4 |

**Total: 7 documents, 26 pages (WAIN – DP 000001 through WAIN – DP 000026).**

*Produced subject to, and without waiver of, the objections and reservations stated in Plaintiffs' Responses and Objections served herewith, including supplementation pursuant to Fed. R. Civ. P. 26(e).*

AOC-150.4
Rev. 5-06
Page 1 of 1
Commonwealth of Kentucky
Court of Justice
www.kycourts.net
CR 69.02

**SHERIFF'S RETURN FOR WAGE GARNISHMENT**

Case No. [illegible]
Court CIRCUIT
County FAYETTE

FILED
ATTEST: VINCENT RIGGS, CLERK
MAR 11 2021
FAYETTE CIRCUIT CLERK
BY [signature] DEPUTY

JUDGMENT DEBTOR:
ELISA WAIN

JUDGMENT CREDITOR: CENTRAL BANK & TRUST CO.

Amount Due: $ 358,412.72 + interest, atty. fees & costs (subject to credit)

Probable Court Costs: $ To be determined

Judgment Date: January 20, 2021

Creditor's Attorney:
STOLL KEENON OGDEN PLLC
300 W. Vine Street, Suite 2100
Lexington, KY 40507
Attn: R. Houston, Paralegal
(859) 231-3000

THE GARNISHEE (EMPLOYER) IS:
**FAYETTE COUNTY PUBLIC SCHOOLS**
Payroll Department
1126 Russell Cave Road
Lexington, KY

The Commonwealth of Kentucky
To the Sheriff of
FAYETTE County:

You are commanded to summon the Garnishee named above to answer in this action within twenty days from the service hereof; and you will make due return of this Order.

FAYETTE Circuit Clerk, By: [signature] D.C. 3-3-21
(County) (Date)

**SHERIFF'S RETURN**

The Order of Wage Garnishment was served by delivering to: Michelle Hash F.C.P.S. Payroll

this 5 day of March, 2021.

Served by: E. Sparks 301

NOTE TO SHERIFF:

Return original to Clerk (White) and retain copy (Canary).

Fayette County Constable 3rd District
Edward Sparks Constable
P.O. Box 1532
Lexington, KY 40588

TW

Court of Justice www.courts.ky.gov

KRS 425.501

**AFFIDAVIT FOR WRIT OF NON-WAGE GARNISHMENT**

Court CIRCUIT

County FAYETTE

Name : CENTRAL BANK & TRUST CO. — JUDGMENT CREDITOR

FILED
ATTEST, VINCENT RIGGS, CLERK
MAR 03 2021
FAYETTE CIRCUIT CLERK
BY ____ DEPUTY

Name : DOUGLAS A. WAIN, ET AL — JUDGMENT DEBTORS

The undersigned Affiant states she is counsel for the Judgment Creditor. Affiant further states:

1. The above-named Judgment Debtor is not now, nor has he been at any time during the pendency of this action in the active military service of the United States of America.
2. The Judgment is dated: **January 20, 2021**
3. The amount due on the judgment (subject to any credits due for any sums currently being processed) is **$358,412.72, plus interest, attorneys' fees and costs (subject to credit for proceeds from the sale of collateral, which have not yet been received)**
4. The following are indebted to said Judgment Debtor:

**FORCHT BANK**

**WHEREFORE:** Judgment Creditor prays for garnishment against Judgment Debtor; that the garnishee(s) named herein be made parties to action, and that the garnishee(s) be required to answer the garnishment(s) issued hereunder; and for its cost.

AFFIANT

Subscribed and sworn before me this 1st day of March 20...

My commi...

**WAIN – DP 000002**

STOLL
KEENON
OGDEN
PLLC

**300 West Vine Street**
**Suite 2100**
**Lexington, KY 40507-1801**
**(859) 231-3000**
**www.skofirm.com**

**RHONDA D. HOUSTON**
**rhonda.houston@skofirm.com**

March 5, 2021

VIA REGULAR MAIL AND
E-MAIL: hemmingerlawoffice@gmail.com

David W. Hemminger, Esq.
HEMMINGER LAW OFFICE, PSC
331 Townepark Circle, Suite 100-C
Louisville, Kentucky 40243

RE: Central Bank & Trust Co. v. Douglas A. Wain, Elisa Wain, et al
Fayette Circuit Court, Civil Action No. 19-CI-00812

Dear Mr. Hemminger:

Enclosed please find the Notice of Rights to Assert Exemption to Wage Garnishment regarding the Order of Wage Garnishment issued against Elisa Wain in the above-referenced matter.

Very truly yours,

STOLL KEENON OGDEN PLLC

Rhonda D. Houston, Paralegal

Enclosure
cc: Ms. Elisa Wain
2711 Barbados Lane
Lexington, Kentucky 40509

100443.163845/8474591.1

| | | |
|---|---|---|
| AOC-150 Doc Code: GW<br>Rev. 7-09<br><br>Commonwealth of Kentucky<br>Court of Justice *www.courts.ky.gov*<br><br>KRS 425.501-425.506;<br>CR 69.02 | **NOTICE OF RIGHTS TO ASSERT EXEMPTION TO WAGE GARNISHMENT** | Case No. 19-CI-00812<br><br>Court CIRCUIT<br><br>County FAYETTE |

**TO JUDGMENT DEBTOR:**

ELISA WAIN
2711 Barbados Lane
Lexington, KY 40509
SSN: xxx-xx-1443

**JUDGMENT CREDITOR:** CENTRAL BANK & TRUST CO.

**Amount Due: $** 358,412.72 + interest, attorneys' fees & costs (subject to credit)

**Probable Court Costs: $** To be determined

**Judgment Date:** January 20, 2021

**Creditor's Attorney:**
STOLL KEENON OGDEN PLLC
300 W. Vine Street, Suite 2100
Lexington, KY 40507
Attn: R. Houston, Paralegal
(859) 231-3000

The Judgment Creditor is garnishing a portion of your wages to satisfy a judgment entered against you, which includes the Amount Due shown above, plus interest and costs. You may have a right to recover all or part of the money your employer will withhold, but you must follow the instructions given below.

**The Garnishee (Employer) is:**

**FAYETTE COUNTY PUBLIC SCHOOLS**
**Attention: Payroll**
**1126 Russell Cave Road**
**Lexington, KY 40505**

**IMPORTANT LEGAL NOTICE OF RIGHTS TO ASSERT EXEMPTION**

If you are not the actual Judgment Debtor named above, or if the judgment has been paid, immediately notify the Creditor's Attorney (or the Creditor if no attorney is named above) to avoid garnishment, or request a hearing from the Court (see below).

You are entitled to receive a copy of the first Affidavit and Answer of Garnishee (Employer) to be prepared by your employer in response to the garnishment of your wages. **Read it carefully.** Your employer is required to send you a copy of the form on the back of this notice each time garnished funds have been withheld from your paycheck **if the amount withheld is different from the amount previously withheld from your last paycheck.** If you do not receive a copy, request one from your employer. If refused, request a hearing from the Court (see below). **The percentage of disposable earnings exempted from each garnishment, where the pay period is weekly, is the greater of (A) 75% of disposable earnings or (B) for wages earned after 7/24/09 $217.50 (30 times the federal minimum hourly wage of $7.25).**

If you believe that your employer has completed the form incorrectly and withheld wages which are properly exempt, you must take the following steps: (1) Within thirteen (13) days of the **date on the payroll check from which funds have been withheld as a result of this garnishment,** go to the Circuit Clerk's office which issued this garnishment; (2) complete an Affidavit to Challenge Garnishment; (3) file the original of the Affidavit with the Clerk and keep a copy. The Clerk will set a hearing for you to appear in court to contest the garnishment of your wages. **The Clerk cannot give you legal advice. See a lawyer if you need legal advice.** If you do not appear in court for the hearing, you will lose your right to challenge that particular withholding. At the hearing, the judge will check the withholding made by your employer to determine if a mistake has been made. If a portion of your wages was improperly seized, the judge will order that it be returned to you. Otherwise, the judge will order that the garnishment proceed as planned. If you do not request a hearing within thirteen (13) days of the date on the payroll check, the wages withheld will be later sent to the Judgment Creditor. The Creditor's Attorney or the Clerk (if there is no Creditor's Attorney) will hold the garnished money received from your employer for 15 days from the issuance date on the employer's garnishment check. This is to allow you to assert any exemption.

***SEE REVERSE SIDE OF THIS NOTICE FOR SAMPLE OF ORDER OF WAGE GARNISHMENT***

AOC-150
Rev. 7-09

Commonwealth of Kentucky
Court of Justice www.courts.ky.gov

KRS 425.501-425.506;
CR 69.02

# ORDER OF WAGE GARNISHMENT (CONTINUOUS OR AS DESIGNATED)

Case No.______________
Court______________
County______________

JUDGMENT DEBTOR:

JUDGMENT CREDITOR:

Amount Due: $

Probable Court Costs: $

Judgment Date:

Creditor's Attorney:

TO THE GARNISHEE (EMPLOYER) NAMED BELOW:
You are hereby (1) restrained from paying to the Judgment Debtor, or to anyone for him/her, money, property or other evidence of debt in your possession belonging to him/her or in which he/she has any interest: and (2) **ordered to continuously withhold and safely remit to the creditor's attorney or to the Circuit Clerk (if there is no creditor's attorney) each pay period the non-exempt property of the Judgment Debtor withheld for that pay period until the amount due shown above plus interest and costs are paid in full, (or for only the succeeding pay periods _______).**

SEE REVERSE OF THIS ORDER FOR ADDITIONAL REQUIREMENTS AND INSTRUCTIONS.

______________________ Circuit Clerk, by:______________________ D.C.______________________

Garnishee (Employer):

<u>IMPORTANT NOTICE TO THE ABOVE JUDGMENT DEBTOR:</u> THE JUDGMENT CREDITOR IS GARNISHING A PORTION OF YOUR WAGES TO PAY A JUDGMENT ENTERED AGAINST YOU IN THE ABOVE COURT. YOU MAY HAVE A RIGHT TO RECOVER ALL OR PART OF THE MONEY YOUR EMPLOYER HAS WITHHELD FROM YOUR PAY. CAREFULLY REVIEW THIS FORM AND YOUR NOTICE OF RIGHTS TO ASSERT EXEMPTION TO WAGE GARNISHMENT YOU PREVIOUSLY RECEIVED. CLOSELY EXAMINE YOUR EMPLOYER'S CALCULATIONS REGARDING ANY WITHHOLDING PURSUANT TO THIS GARNISHMENT. IF YOU BELIEVE THAT YOUR EMPLOYER HAS WITHHELD TOO MUCH MONEY FROM YOU, GO TO THE OFFICE OF THE CIRCUIT CLERK WHICH ISSUED THIS GARNISHMENT WITHIN 13 DAYS OF THE DATE ON THE PAYROLL CHECK YOU RECEIVED FROM WHICH MONEY WAS WITHHELD PURSUANT TO THIS GARNISHMENT AND COMPLETE AN "AFFIDAVIT TO CHALLENGE GARNISHMENT".

## GAG AFFIDAVIT AND ANSWER OF GARNISHEE (EMPLOYER)

Comes the undersigned Affiant, who after being duly sworn, states:

A. The social security number and name of the Judgment Debtor ("Employee") is:______________
Name:______________

B. The date on which this Order was originally served was: ______________

C. No funds are due employee because______________

D. If no funds are withheld due to superior (earlier) garnishments, the number of those garnishments is:____.

E. The pay period of the remittance accompanying this return is from__________to__________.

F. The pay period of this employee is: (choose one)

( ) weekly ( ) bi-weekly ( ) semi-monthly ( ) monthly

1. Gross earnings $__________
2. Less amounts required by law to be withheld:
   - Federal Income Tax $__________
   - State Income Tax $__________
   - Occupational Tax $__________
   - Social Security $__________

TOTAL DEDUCTIONS $__________

3. Disposable earnings (Line 1 less Line 2) $__________
4. Exempt earnings:
   (a) 75% of line 3 $__________
   (b) $217.50 if weekly, or $471.25 if semi-monthly, or $942.50 if monthly $__________ (For wages earned after 7/24/09)
   (c) **Enter greater of 4(a) and 4(b)** $__________
   (d) Ordered Child Support $__________
5. Non-exempt disposable earnings (Line 3 less Lines 4(c) and (d)) $__________

Remit the amount on Line 5 or the Amount Due shown at the top of this Order plus interest and costs, whichever is less, to the Creditor's Attorney or to the Circuit Clerk (if there is no Creditor's Attorney).

______________________
Affiant Position/Title

Subscribed and sworn to before me this___day of_______, _______. My Commission expires:

______________________ Notary Public

WAIN – DP 000005

It's about kids.
FAYETTE COUNTY PUBLIC SCHOOLS

March 17, 2021

Elisa Wain
2711 Barbados LN
Lexington, KY 40509

Dear Mrs. Wain,

Enclosed is a copy of an order garnishment for $358,412.72 which we received from Stoll Keenon Ogden, PLLC. Please keep enclosed copy for your personal records.

Deduction will begin on the next available pay date.

A phone number has been provided for further information. If the above Garnishment has been released or any type of payment arrangement made, we will require a copy of the release or payment arrangement **in writing** from the Creditor. All documentation can be faxed to the following number: 859-381-4208

If you have any questions, please call the Payroll Office at 859-381-4148

Thank you,

Adrian Thompson
Payroll Specialist

Enclosures

AN EQUAL OPPORTUNITY SCHOOL DISTRICT
Board of Education: Stephanie Spires, Chair • Raymond Daniels, Vice Chair • Daryl Love • Christy Morris • Tyler Murphy
Superintendent Emmanuel Caulk
701 East Main Street, Lexington, Kentucky 40502 • Phone: 859.381.4100 • www.fcps.net
**Mailing Address:** 1126 Russell Cave Rd., Lexington, Kentucky 40505

AOC-150 Doc Code: GAG
Rev. 7-09

Commonwealth of Kentucky
Court of Justice www.courts.ky.gov

KRS 425.501-425.506;
CR 69.02

# ORDER OF WAGE GARNISHMENT (CONTINUOUS OR AS DESIGNATED)

Case No. 19-CI-00812
Court CIRCUIT
County FAYETTE

**JUDGMENT DEBTOR:**
ELISA WAIN
2711 Barbados Lane
Lexington, KY 40509
SSN: xxx-xx-1443

**JUDGMENT CREDITOR:** CENTRAL BANK & TRUST CO.

**Amount Due: $** 358,412.72 + interest, attorneys' fees & costs (subject to credit)

**Probable Court Costs: $** To be determined

**Judgment Date:** January 20, 2021

**Creditor's Attorney:**
STOLL KEENON OGDEN PLLC
300 W. Vine Street, Suite 2100
Lexington, KY 40507
Attn: R. Houston, Paralegal
(859) 231-3000

**TO THE GARNISHEE (EMPLOYER) NAMED BELOW:**
You are hereby (1) restrained from paying to the Judgment Debtor, or to anyone for him/her, money, property or other evidence of debt in your possession belonging to him/her or in which he/she has any interest; and **(2) ordered to continuously withhold and safely remit to the creditor's attorney or to the Circuit Clerk (if there is no creditor's attorney) each pay period the non-exempt property of the Judgment Debtor withheld for that pay period until the amount due shown above plus interest and costs are paid in full, (or for only the succeeding pay periods ______).**

SEE REVERSE OF THIS ORDER FOR ADDITIONAL REQUIREMENTS AND INSTRUCTIONS.

Fayette Circuit Clerk, by: [signature] D.C. 3/3/21
(Date)

**Garnishee (Employer):**

**FAYETTE COUNTY PUBLIC SCHOOLS**
**Attention: Payroll**
**1126 Russell Cave Road**
**Lexington, KY 40505**

**IMPORTANT NOTICE TO THE ABOVE JUDGMENT DEBTOR: THE JUDGMENT CREDITOR IS GARNISHING A PORTION OF YOUR WAGES TO PAY A JUDGMENT ENTERED AGAINST YOU IN THE ABOVE COURT. YOU MAY HAVE A RIGHT TO RECOVER ALL OR PART OF THE MONEY YOUR EMPLOYER HAS WITHHELD FROM YOUR PAY. CAREFULLY REVIEW THIS FORM AND YOUR NOTICE OF RIGHTS TO ASSERT EXEMPTION TO WAGE GARNISHMENT YOU PREVIOUSLY RECEIVED. CLOSELY EXAMINE YOUR EMPLOYER'S CALCULATIONS REGARDING ANY WITHHOLDING PURSUANT TO THIS GARNISHMENT. IF YOU BELIEVE THAT YOUR EMPLOYER HAS WITHHELD TOO MUCH MONEY FROM YOU, GO TO THE OFFICE OF THE CIRCUIT CLERK WHICH ISSUED THIS GARNISHMENT WITHIN 13 DAYS OF THE DATE ON THE PAYROLL CHECK YOU RECEIVED FROM WHICH MONEY WAS WITHHELD PURSUANT TO THIS GARNISHMENT AND COMPLETE AN "AFFIDAVIT TO CHALLENGE GARNISHMENT".**

## AFFIDAVIT AND ANSWER OF GARNISHEE (EMPLOYER)

Comes the undersigned Affiant, who after being duly sworn, states:

A. The social security number and name of the Judgment Debtor ("Employee") is:________________
Name:________________

B. The date on which this Order was originally served was: ________________.

C. No funds are due employee because________________.

D. If no funds are withheld due to superior (earlier) garnishments, the number of those garnishments is:____.

E. The pay period of the remittance accompanying this return is from________to________.

F. The pay period of this employee is: (choose one)
( ) weekly ( ) bi-weekly ( ) semi-monthly ( ) monthly

1. Gross earnings $________
2. Less amounts required by law to be withheld:
   - Federal Income Tax $________
   - State Income Tax $________
   - Occupational Tax $________
   - Social Security $________

TOTAL DEDUCTIONS $________

3. Disposable earnings (Line 1 less Line 2) $________
4. Exempt earnings:
   (a) 75% of line 3 $________
   (b) $217.50 if weekly, or $471.25 if semi-monthly, or $942.50 if monthly $________ — For wages earned after 7/24/09
   (c) **Enter greater of 4(a) and 4(b)** $________
   (d) Ordered Child Support $________
5. Non-exempt disposable earnings (Line 3 less Lines 4(c) and (d)) $________
   Remit the amount on Line 5 or the Amount Due shown at the top of this Order plus interest and costs, whichever is less, to the Creditor's Attorney or to the Circuit Clerk (if there is no Creditor's Attorney).

________________
Affiant Position/Title

Subscribed and sworn to before me this___day of_______,
________. My Commission expires:

________________ Notary Public

WAIN – DP 000007

574227B8-BE18-45A4-A8C5-15A1B149A4C0 : 000001 of 000005

**COMMONWEALTH OF KENTUCKY**
**FAYETTE CIRCUIT COURT**
**DIVISION 9**
**CASE NO. 19-CI-00812**

***Electronically Filed***

**CENTRAL BANK & TRUST CO.** **PLAINTIFF**

**vs**

**DOUGLAS A. WAIN, *et al.*** **DEFENDANTS**

---

**ENTRY GRANTING SUMMARY JUDGMENT AND ORDER OF DISTRIBUTION OF SALE PROCEEDS**

---

This matter came before the Court on August 25, 2023, for a hearing on Substitute Defendant/Cross-Claimant U.S. Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For RCF 2 Acquisition Trust's ("U.S. Bank") *Motion For Summary Judgment On Its Cross-Claim* ("Motion for Summary Judgment") filed on July 3, 2023; Plaintiff Central Bank & Trust Co.'s ("Plaintiff") *Motion for Distribution* filed on May 22, 2023; and the parties' respective responses to and replies in support of the Motions. Central Bank, U.S. Bank, and Defendants Douglas A. Wain and Elisa Wain ("Defendants Wain") were represented by their respective counsel. The Court, having heard arguments of counsel, and having reviewed the pleadings, the Motions, the Affidavit of Jean Knowles, and other evidence, finds and orders as follows:

**<u>FINDINGS OF FACT AND CONCLUSIONS OF LAW</u>**

1. U.S. Bank is the holder of a promissory note executed by Defendants Wain on March 5, 2008, in the original amount of $417,000.00 (the "Note"). The original, blank-endorsed Note was produced for inspection by U.S. Bank's counsel during the hearing on August 25, 2023.

JS : 000001 of 000005

2. U.S. Bank is the mortgagee of record of a first mortgage that encumbered the real property commonly known as 2711 Barbados Lane, Lexington, Kentucky 40509 (the "Property"), along with all replacements and additions, and that was executed by Defendants Wain to secure the indebtedness evidenced by the Note (the "Mortgage"). The Mortgage was recorded in Book 6319, Page 226, and was assigned to U.S. Bank as evidenced by an Assignment of Mortgage recorded in Book 555, age 599, all in the office of the Clerk of Fayette County, Kentucky. The original Mortgage was produced for inspection by U.S. Bank's counsel during the hearing on August 25, 2023.

3. Defendants Wain are in default under the terms of the Note, as modified, and the terms of the Mortgage, and the sums due thereunder have been accelerated. There is due and owing to U.S. Bank on the Note and Mortgage the principal sum of $324,261.97, plus interest at the rate of 5.8750% per annum from July 1, 2019, as may be subsequently adjusted under the terms of the Note and 2019 Modification, together with a deferred principal balance of $106,431.58, plus late fees that continue to accrue, costs, attorney's fees, and other advances made pursuant to the terms of the Note as modified, Mortgage, and Kentucky law, for which U.S. Bank is entitled to a personal judgment against Defendants Wain.

4. On February 8, 2021, the Property was sold to a third party at a Master Commissioner's Sale pursuant to the *Partial Summary Judgment, Judgment on the Pleadings, and Order of Sale* entered in favor of Plaintiff on January 20, 2021. A portion of the sale proceeds were distributed under an *Order Confirming Report of Sale, For Delivery of Deed and Partial Distribution of Proceeds* entered on March 12, 2021, with the remaining sale proceeds of $605,035.42 being held pending further orders of the Court.

574227B8-BE18-45A4-A8C5-15A1B149A4C0 : 000002 of 000005
JS : 000002 of 000005

574227B8-BE18-45A4-A8C5-15A1B149A4C0 : 000003 of 000005

5. There is no genuine issue of material fact, the equities favor U.S. Bank, and U.S. Bank is entitled to judgment on its Cross-Claim against Defendants Wain as a matter of law.

**SUMMARY JUDGMENT AND ORDER OF DISTRIBUTION**

6. IT IS ORDERED that U.S. Bank's Motion for Summary Judgment is GRANTED in its entirety.

7. IT IS FURTHER ORDERED that U.S. Bank is granted a *personal judgment* against Defendants Wain in the principal sum of $324,261.97, plus interest at the rate of 5.8750% per annum from July 1, 2019, as may be subsequently adjusted under the terms of the Note and 2019 Modification, together with a deferred principal balance of $106,431.58, plus late fees that continue to accrue, costs, attorney's fees, and other advances made pursuant to the terms of the Note as modified, Mortgage, and Kentucky law.

8. IT IS FURTHER ORDERED that Central Bank's Motion for Distribution is GRANTED IN PART AND DENIED IN PART. The Motion is granted to the extent that the remainder of the sale proceeds shall be distributed as set forth herein. The Motion is otherwise denied.

9. IT IS FURTHER ORDERED that the Master Commissioner is directed to disburse to U.S. Bank from the sale proceeds the following sums to satisfy its personal judgment against Defendants Wain:

| | |
|---|---|
| Unpaid principal balance: | $324,231.97 |
| Deferred balance: | $106,431.58 |
| Interest through 8/27/23: | $79,145.98 |
| Escrow/Other Advances: | $27,211.84 |
| Corporate Advance Balance: | $644.00 |
| Unpaid Late Charges: | $439.45 |
| Recording Fee: | $46.00 |
| **TOTAL:** | **$538,150.82** |

JS : 000003 of 000005

Entered 19-CI-00812 03/07/2024 Vincent Riggs, Fayette Circuit Clerk

10. IT IS FURTHER ORDERED that after distribution of the sale proceeds to U.S. Bank as set forth herein, the remaining sale proceeds of $66,884.60 shall be distributed to Central Bank on its second mortgage lien as adjudicated in the *Partial Summary Judgment, Judgment on the Pleadings, and Order of Sale*.

11. Pursuant to CR 77.04, the Circuit Court Clerk shall serve notice of this Entry Granting Summary Judgment And Order Of Distribution Of Sale Proceeds.

12. There being no just cause for delay, this is a final and appealable matter.

/s/ HON. KIMBERLY BUNNELL
electronically signed
3/4/2024 6:58:46 PM ET

HON. KIMBERLY BUNNELL
JUDGE, FAYETTE CIRCUIT COURT

Prepared by:

/s/ *Shannon O'Connell Egan*
Shannon O'Connell Egan (87296)
Nathan H. Blaske (90369)
DINSMORE & SHOHL LLP
255 East Fifth Street, Suite 1900
Cincinnati, Ohio 45202
Tel: (513) 977-8261
Fax: (513) 977-8141
Email: shannon.egan@dinsmore.com
nathan.blaske@dinsmore.com

Have seen and approved:

/s/ James H. Frazier, III
Hon. James H. Frazier, III
Master Commissioner
Fayette Circuit Court

Have seen:

/s/ *Christopher G. Colson* (w/ em auth. 2/21/24)
Hon. Christopher G. Colson
Hon. Taft McKinstry
FOWLER BELL PLLC
300 W. Vine Street, Suite 600
Lexington, KY 40507
Email: CGColson@fowlerlaw.com
TMcKinstry@fowlerlaw.com
*Counsel for Plaintiff, Central Bank & Trust Co.*

Counsel refused to attest (per email 2/26/24)
Hon. David W. Hemminger
HEMMINGER LAW OFFICE, PSC
331 Townepark Circle, Suite 100-C
Louisville, KY 40243
Email: hemmingerlawoffice@gmail.com
*Counsel for Defendants Douglas and Elisa Wain*

574227B8-BE18-45A4-A8C5-15A1B149A4C0 : 000004 of 000005
JS : 000004 of 000005

**CLERK'S CERTIFICATE OF SERVICE**

I hereby certify that on ______________, 2024, a true and correct copy of the foregoing was served through first class mail, upon:

Shannon O'Connell Egan, Esq.
Nathan H. Blaske, Esq.
DINSMORE & SHOHL LLP
255 East Fifth Street, Suite 1900
Cincinnati, Ohio 45202

Hon. Christopher G. Colson
Hon. Taft McKinstry
FOWLER BELL PLLC
300 W. Vine Street, Suite 600
Lexington, KY 40507

Hon. David W. Hemminger
HEMMINGER LAW OFFICE, PSC
331 Townepark Circle, Suite 100-C
Louisville, KY 40243

Hon. Gregory D. Pavey
Hon. Timothy R. Wiseman
STOLL KEENON OGDEN, PLLC
300 W. Vine Street, Suite 2100
Lexington, KY 40507

______________________________
Clerk, Fayette Circuit Court

574227B8-BE18-45A4-A8C5-15A1B149A4C0 : 000005 of 000005

JS : 000005 of 000005

# PROFESSIONAL SERVICES AGREEMENT

## Direct Attorney & Law Firm Engagement

This Professional Services Agreement ("Agreement") is entered into between April L. Crites ("Court Reporter") and the attorney, law firm, organization, or other client identified below ("Client"). By signing this Agreement, scheduling services, or authorizing the Court Reporter to proceed after receiving this Agreement and the applicable fee schedule, Client agrees to the following terms.

### 1. Scope of Services

The Court Reporter may provide stenographic court reporting for depositions, court proceedings, trials, and arbitrations; realtime reporting; rough draft and certified transcripts; Certificates of Non-Appearance (CNAs); remote proceeding management; remote exhibit management; and related reporting services requested by Client and accepted by the Court Reporter. Legal videography may be arranged when requested and will be quoted separately.

### 2. Fee Schedule

Services are billed according to the current Attorney & Law Firm Professional Fee Schedule furnished to Client and incorporated into this Agreement by reference. Additional services requested after scheduling are billed at the rates in effect when the service is performed unless otherwise agreed in writing.

### 3. Scheduling, Reserved Availability, Court & Arbitration Duty

Scheduling a proceeding reserves professional availability for the dates and times requested. Multi-day and travel assignments may require reserved availability days, travel days, minimum booking periods, deposits, or advance approval of expenses. A reduction in the number of reserved days may be treated as a partial cancellation when the released time cannot reasonably be rebooked. Court, trial, and arbitration assignments are billed as reserved professional duty under the applicable fee schedule: a half day reserves up to four hours and a full day up to eight hours; time beyond eight hours is billed at the applicable reserved-duty rate. For multi-day proceedings, each scheduled day is held exclusively for Client and is billable at the applicable daily rate. Court/trial and arbitration reserved-duty fees are separate from transcript, realtime, rough draft, travel, technology, and other service charges.

### 4. Transcript Orders and Delivery

Transcript delivery is based on the turnaround selected or requested by Client and accepted by the Court Reporter. Expedited, daily, less-than-24-hour, and less-than-12-hour delivery are subject to availability. Transcript charges are based on the final page count and applicable delivery category.

### 5. Realtime and Rough Draft Services

Realtime and rough draft services are working litigation tools and are not substitutes for the certified transcript. Ordering realtime and/or a rough draft obligates the ordering party to purchase one certified transcript copy. Rough drafts are not certified and may contain unedited or unproofread text.

### 6. Certificate of Non-Appearance

When a scheduled witness fails to appear or the proceeding does not go forward and Client requests or requires a Certificate of Non-Appearance (CNA), a $450.00 flat CNA fee applies for preparation and certification. Applicable appearance, waiting-time, travel, technology, and other charges are billed separately when incurred. The CNA fee will not also be assessed with the $450 Reserved Availability Fee for the same non-appearance unless unusual circumstances are expressly covered by the engagement terms.

### 7. Remote and Technology Services

When remote services are requested, Client authorizes use of a videoconference platform and related technology. Remote Proceeding Management and Remote Exhibit Management fees apply when those services are provided. Client is responsible for ensuring that its participants have adequate equipment, connectivity, and permissions. The Court Reporter will use reasonable professional efforts to address technical issues but is not responsible for failures caused by third-party platforms, internet providers, participant equipment, or circumstances beyond reasonable control.

### 8. Travel and Portal-to-Portal Billing

In-person travel is governed by the current Travel & Engagement Policies, incorporated by reference. Depending on the assignment, charges may include portal-to-portal time, reserved travel or availability days, mileage, airfare, lodging, ground transportation, parking, tolls, and applicable per diem.

### 9. Cancellation and Schedule Changes

Cancellations and material schedule changes are governed by the current Professional Fee Schedule and Travel & Engagement Policies. Changes to start time, location, format, anticipated duration, or reserved dates that materially affect scheduling, travel, staffing, or production may result in additional charges at the applicable rates.

### 10. Responsibility for Payment

The attorney or law firm engaging the Court Reporter represents that it has authority to request the services and agrees to be responsible for payment unless alternative billing responsibility is accepted in writing before the proceeding. Client remains responsible for charges it authorizes even if reimbursement is expected from another party.

### 11. Payment Terms

Invoices are due upon receipt unless otherwise agreed in writing. Past-due amounts may be subject to reasonable service charges and collection costs to the extent permitted by applicable law. Client will promptly identify any good-faith billing dispute so that it may be addressed.

### 12. Confidentiality and Handling of Materials

The Court Reporter recognizes that proceedings may involve confidential, proprietary, privileged, trade-secret, personally identifiable, medical, financial, or otherwise sensitive information. The Court Reporter maintains professional confidentiality with respect to all nonpublic information obtained in connection with an engagement and will not disclose transcripts, exhibits, testimony, case materials, access credentials, scheduling information, or other confidential information except as authorized by the parties, required for transcript production, required by applicable law or court order, or otherwise necessary to perform the requested professional services. Transcripts, exhibits, audio files, rough drafts, realtime data, and other case-related materials will be handled using reasonable administrative, technical, and physical safeguards appropriate to the nature of the information. Access to case materials will be limited to persons reasonably necessary for transcript production or delivery, including scopists and proofreaders working under confidentiality obligations. The Court Reporter will comply with applicable protective orders and reasonable case-specific confidentiality or security requirements communicated before the proceeding. Upon request, secure methods of electronic transmission and delivery may be utilized when reasonably available.

### 13. Force Majeure and Service Interruptions

Neither party will be responsible for delay or nonperformance caused by events beyond reasonable control, including severe weather, transportation interruption, illness, governmental action, power or internet outage, or failure of third-party technology. The parties will cooperate in good faith to reschedule or continue the proceeding when practicable.

### 14. Independent Professional

The Court Reporter performs services as an independent professional and does not provide legal advice or represent any party in the proceeding.

### 15. Governing Terms

This Agreement, the applicable Professional Fee Schedule, any written assignment confirmation, and the Travel & Engagement Policies constitute the parties' agreement concerning the services. If a court rule, statute, or written case-specific order conflicts with these terms, the controlling legal requirement will govern. Any modification must be confirmed in writing.

## Client / Matter Information

| | |
|---|---|
| Client / Law Firm | Douglas A. Wain |
| Matter / Case | Wain v. Central Bank & Trust Co., Adv. Proc. No. 1:25-ap-0 |
| Primary Attorney | |
| Email / Phone | 8594943677 |
| Scheduled Date(s) | August 17, 2026, August 18, 2026 and August 21, 2026 |

## Acceptance

By signing below, Client acknowledges receipt of and agrees to this Agreement, the applicable Attorney & Law Firm Professional Fee Schedule, and the Travel & Engagement Policies.

Client / Authorized Representative (Name & Title)

Signature: Douglas A. Wain Date: August 13, 20

April L. Crites | Court Reporter

Signature: ____________ Date: ________

# APRIL L. CRITES

RPR • RMR • CRR • CSR • CCR • CLR


## ENGAGEMENT DEPOSIT & SCHEDULING CONFIRMATION

| | | | |
|---|---|---|---|
| **Client/Firm:** | Douglas A. Wain, Plaintiff, Pro Se | **Matter/Case:** | Wain v. Central Bank & Trust Co. No. 1:25-ap-01026-MB |
| **Attorney/Contact:** | Douglas A. Wain, Plaintiff, Pro Se | **Date Issued:** | August 11, 2026 |

**REFUNDABLE ADVANCE DEPOSIT DUE: $1,700.00**

### Schedule Status

| Status | Date | Witness / Proceeding | Current Status |
|---|---|---|---|
| Confirmed | August 17, 2026 | Mr. Wiseman | Deposition - CNA anticipated if witness does not appear |
| Confirmed | August 18, 2026 | Ms. Craven | Deposition |
| Confirmed | August 21, 2026 | Mr. Hall | Deposition |
| Tentative Hold | August 24, 2026 | TBD | Pending Court order |
| Tentative Hold | August 27, 2026 | TBD | Pending Court order |

### Tentative Holds

August 24 and August 27, 2026 are being held on a tentative basis pending further order of the Court. These dates are not confirmed proceedings at this time. If either date is subsequently confirmed, it will become part of this engagement and will be subject to the applicable Professional Services Agreement, Professional Fee Schedule, cancellation provisions, and reserved-availability terms. If a tentative hold is released without becoming a confirmed proceeding, no proceeding charge will be assessed solely because the date was tentatively held, unless otherwise agreed in writing.

**Tentative Hold Release.** Tentative dates will be held pending further order of the Court. If the status of a tentative date has not been confirmed, the reporter reserves the right to release the date for other assignments after notice to the client.

### Cancellation of Confirmed Proceedings

A confirmed proceeding canceled with more than twelve (12) hours' notice will not be assessed a cancellation fee. Cancellations made with twelve (12) hours' notice or less are subject to the applicable cancellation fee set forth in the Professional Fee Schedule. Any cancellation fee properly incurred may be applied against the advance deposit and will be reflected on the applicable invoice. For purposes of this provision, notice is measured from the scheduled start time of the proceeding. Timely cancellation eliminates the cancellation fee but does not relieve the client of responsibility for any nonrefundable travel, third-party, or other authorized expenses already incurred on the client's behalf.

## Refundable Advance Deposit

A refundable advance deposit of $1,700.00 is required in connection with this engagement and the reservation of the dates identified above. The deposit will be maintained as a credit and applied to amounts actually incurred in connection with the confirmed proceedings, including applicable appearance/proceeding fees, Certificate of Non-Appearance fees, transcripts, and other authorized services. The deposit is not allocated equally among the individual proceedings and does not constitute a separate charge in addition to fees for services performed. All amounts applied against the deposit will be reflected as credits on the applicable invoice(s). If one or more proceedings do not move forward, or if a tentative hold is released without becoming a confirmed proceeding, the unapplied balance of the deposit will remain available as a credit toward the other proceedings and services covered by this engagement. After completion or cancellation of the engagement, any remaining unapplied balance will be refunded to the client, less any charges properly incurred under the Professional Services Agreement, including applicable cancellation, reserved-availability, travel, CNA, or other authorized charges.

## Transcript and CNA Charges

Charges for transcripts ordered in connection with the confirmed proceedings, including any Certificate of Non-Appearance, will be invoiced upon delivery and are due and payable at that time. Any portion of the advance deposit applied to such charges will be reflected as a credit on the applicable invoice. Payment of the advance deposit does not extend or otherwise alter the payment terms applicable to transcript or CNA delivery.

## Anticipated Transcript Deliverables

Certified transcripts for the August 17, August 18, and August 21 depositions; if the August 17 proceeding results in a nonappearance, a Certificate of Non-Appearance will be prepared in lieu of the August 17 transcript.

**Payment of the deposit acknowledges the scheduling status stated above and authorizes application of the deposit in accordance with these terms.** Payment does not convert a tentative hold into a confirmed proceeding.

## Deposit Invoice

| | |
|---|---|
| Refundable Advance Deposit - Aug. 17, 18, 21, 24 & 27, 2026 | $1,700.00 |
| **AMOUNT DUE** | **$1,700.00** |

**Engagement Terms.** This confirmation is subject to the applicable Professional Services Agreement, Professional Fee Schedule, Written Assignment Confirmation, and any written proceeding-specific instructions or modifications agreed by the parties.

## CLIENT ACKNOWLEDGMENT & ACCEPTANCE

By signing below, Client acknowledges and accepts the scheduling status, advance-deposit terms, cancellation provisions, payment terms, and other conditions stated in this Engagement Deposit & Scheduling Confirmation.

**Douglas A. Wain, Plaintiff, Pro Se**

**Signature:** Douglas A. Wain

**Date:** August 13, 2026

**April L. Crites, Court Reporter**

**Signature:** ______________________________

**Date:** ____________________

BANK OF AMERICA

PO Box 660441
Dallas, TX 75266-0441

Application Update

**Reference number**
4174160594
**Date**
November 29, 2023

LV 1205 665 109 37677 #@01 AB 0.537

ELISA WAIN
4240 LOST HILLS RD UNIT 2101
AGOURA HILLS CA 91301-5383

Elisa Wain:

## We're sorry – we can't approve your request for our Bank of America Customized Cash Rewards Visa Signature card right now.

We carefully reviewed your application along with economic and loss trends and the report(s) provided by the consumer reporting agency(ies) listed below. We also considered your relationship with us and, unfortunately, we weren't able to approve your request because of the following reason(s):

You do not have sufficient credit references with recent payment history
Current or past delinquency, derogatory public record(s), and/or collection account(s)
Number of accounts, paid as agreed, is too low or you've missed payments recently on some of your accounts
You do not have sufficient installment loans with recent payment history

You'll also find important information in the Equal Credit Opportunity Act Notice in this letter.

### Want to know more?

There are steps you can take to better understand your information. Since you have the right to a free copy of your consumer report, we recommend you start there.
To get a copy, you can:

Visit experian.com/reportaccess, call 888.397.3742, or write to: Experian, PO Box 2002, Allen, TX 75013-0036.

The Fair Credit Reporting Act Notice included in this letter provides details about your right to know the information in your consumer reports.

### We're here to help

We want you to be financially successful. For tools and information on how to manage your money and improve your credit, visit our Better Money Habits® website at bettermoneyhabits.com/healthycredit.

Let us know if you have questions or would like your application reconsidered, by writing to us at Bank of America, PO Box 650520, Dallas, TX 75265-0520.

Bank of America and the Bank of America logo are registered trademarks of the Bank of America Corporation.
Bank of America, N.A. Member FDIC.

BANK OF AMERICA

PO Box 660441
Dallas, TX 75266-0441

Application Update

**Reference number**
4174160594
**Date**
November 29, 2023

LV 1205 665 109 37677 #@01 AB 0.537

ELISA WAIN
4240 LOST HILLS RD UNIT 2101
AGOURA HILLS CA 91301-5383

Elisa Wain:

## We're sorry – we can't approve your request for our Bank of America Customized Cash Rewards Visa Signature card right now.

We carefully reviewed your application along with economic and loss trends and the report(s) provided by the consumer reporting agency(ies) listed below. We also considered your relationship with us and, unfortunately, we weren't able to approve your request because of the following reason(s):

You do not have sufficient credit references with recent payment history
Current or past delinquency, derogatory public record(s), and/or collection account(s)
Number of accounts, paid as agreed, is too low or you've missed payments recently on some of your accounts
You do not have sufficient installment loans with recent payment history

You'll also find important information in the Equal Credit Opportunity Act Notice in this letter.

### Want to know more?

There are steps you can take to better understand your information. Since you have the right to a free copy of your consumer report, we recommend you start there.
To get a copy, you can:

Visit experian.com/reportaccess, call 888.397.3742, or write to: Experian, PO Box 2002, Allen, TX 75013-0036.

The Fair Credit Reporting Act Notice included in this letter provides details about your right to know the information in your consumer reports.

### We're here to help

We want you to be financially successful. For tools and information on how to manage your money and improve your credit, visit our Better Money Habits® website at bettermoneyhabits.com/healthycredit.

Let us know if you have questions or would like your application reconsidered, by writing to us at Bank of America, PO Box 650520, Dallas, TX 75265-0520.

Bank of America and the Bank of America logo are registered trademarks of the Bank of America Corporation.
Bank of America, N.A. Member FDIC.

99+

**Experian®**
eports/experian/202106142118137470?
scroll=false)

**Equifax®**
(/member/reports/equifax/202106142118137470?
scroll=false)

**TransUnion®**
(/member/reports/transunion/20210614211
scroll=false)

## Compare your three credit reports

from Jun 14, 2021

Showing report for: **Jun 14, 2021**

Compare your FICO® Score 8 and credit report data across the 3 major credit bureaus.

All of your credit information may not be reported to all credit bureaus. Lenders can selectively report your account information to individual credit bureaus, often resulting in inconsistencies between your credit reports from Experian, Equifax and TransUnion.

| | experian | EQUIFAX | TransUnion |
|---|---|---|---|

### FICO® Score

| | Experian | Equifax | TransUnion |
|---|---|---|---|
| | FICO SCORE 8 \| Learn more | FICO SCORE 8 \| Learn more | FICO SCORE 8 \| Learn more |
| | Experian Data Jun 14, 2021 | Equifax Data Jun 14, 2021 | TransUnion Data Jun 14, 2021 |
| | **549** | **556** | **552** |
| | 300 – 850 | 300 – 850 | 300 – 850 |
| | **Poor** | **Poor** | **Poor** |

### Credit Usage

| | Experian | Equifax | TransUnion |
|---|---|---|---|
| Ideal credit usage is 6% and under. | **0%** Credit used $0 Credit limit $0 | **0%** Credit used $0 Credit limit $0 | **0%** Credit used $0 Credit limit $0 |

Learn about credit

## Accounts

| | | | |
|---|---|---|---|
| | Open accounts **2**<br>Accounts ever late **8**<br>Closed accounts **10**<br>Collections **0** | Open accounts **1**<br>Accounts ever late **9**<br>Closed accounts **12**<br>Collections **1** | Open accounts **1**<br>Accounts ever late **9**<br>Closed accounts **10**<br>Collections **1** |
| Credit & retail cards | **0** accounts<br>**$0.00** | **1** account<br>**$0.00** | **1** account<br>**$0.00** |
| Real estate | **1** account<br>**$486,747.00** | **1** account<br>**$486,747.00** | **1** account<br>**$486,747.00** |
| Loans | **1** account<br>**$2,867.00** | **0** accounts<br>**$0.00** | **0** accounts<br>**$0.00** |
| Collections | **0** accounts<br>**$0.00** | **1** account<br>**$0.00** | **1** account<br>**$0.00** |
| Self Reported | **0** accounts<br>**$0.00** | **0** accounts<br>**$0.00** | **0** accounts<br>**$0.00** |
| Total | **2** accounts<br>**$489,614.00** | **3** accounts<br>**$486,747.00** | **3** accounts<br>**$486,747.00** |

## Inquiries

| | | | |
|---|---|---|---|
| Number of Inquiries | **0** inquiries | **0** inquiries | **0** inquiries |

## Public Records

| | | | |
|---|---|---|---|
| Number of Public Records | **0** public records | **0** public records | **0** public records |

## Personal Info

| | | | |
|---|---|---|---|
| Name | **DOUGLAS WAIN** | **DOUGLAS WAIN** | **DOUGLAS WAIN** |
| Also known as | - | - | - |
| Generation identifier | - | - | - |

Learn about credit

| | | | |
|---|---|---|---|
| Year of birth | **1958** | **1958** | **1958** |
| Employers | **DOUGLAS SAFETY CORP** | **DOUGLAS SAFETY CORP**<br><br>**PREMIER SAFETY PRODS** | **WAR AGAINST VIOLENCE CORP**<br><br>**DOUGLAS SAFETY CORP** |
| Addresses | **2711 BARBADOS LEXINGTON, KY, 40509-9508**<br><br>**2771 BARBADOS LEXINGTON, KY, 40509-9508**<br><br>**PO BOX 11037 LEXINGTON, KY, 40512-1037** | **2711 BARBADOS LEXINGTON, KY, 40509**<br><br>**325 CRILLON LEXINGTON, KY, 40503**<br><br>**2771 BARBADOS LEXINGTON, KY, 40509**<br><br>**PO BOX 11037 LEXINGTON, KY, 40512**<br><br>**983 PRIMROSE LEXINGTON, KY, 40511** | **2711 BARBADOS LEXINGTON, KY, 40509**<br><br>**11037 PO BOX 11037 LEXINGTON, KY, 40512**<br><br>**2771 BARBADOS LEXINGTON, KY, 40509** |
| Personal statement(s) | **No statement(s) present at this time** | **No statement(s) present at this time** | **No statement(s) present at this time** |

Services

- Overview
- Reports & Scores
- Personal Finances BETA
- Financial Profile
- Protection
- Credit Cards
- Loans
- Auto

Tools

- Experian Boost

Learn about credit

Experian CreditLock

Score Planner

Score Simulator

Score Tracker

Support

Disputes Guide

FAQs

Glossary

Education

Get the free Experian app:

Download on the App Store | GET IT ON Google Play

Follow us:

About Us

Contact Us

Terms & Conditions

Privacy Policy

© 2021 Experian. All rights reserved.

Experian and the Experian trademarks used herein are trademarks or registered trademarks of Experian Information Solutions, Inc., ConsumerInfo.com, Inc. or its affiliates. Other product or company names mentioned herein are the property of their respective owners.
Licenses and Disclosures.

McAfee SECURE

Learn about credit

Experian®
eports/experian/20210614204151833O?scroll=false)

Equifax®
(/member/reports/equifax/20210614204151833O?scroll=false)

TransUnion®
(/member/reports/transunion/2021061420415183

## Compare your three credit reports

from Jun 14, 2021

Showing report for: **Jun 14, 2021**

Compare your FICO® Score 8 and credit report data across the 3 major credit bureaus.

All of your credit information may not be reported to all credit bureaus. Lenders can selectively report your account information to individual credit bureaus, often resulting in inconsistencies between your credit reports from Experian, Equifax and TransUnion.

| | experian | EQUIFAX | TransUnion |
|---|---|---|---|

### FICO® Score

| | Experian | Equifax | TransUnion |
|---|---|---|---|
| | FICO SCORE 8 \| Learn more | FICO SCORE 8 \| Learn more | FICO SCORE 8 \| Learn more |
| | Experian Data Jun 14, 2021 | Equifax Data Jun 14, 2021 | TransUnion Data Jun 14, 2021 |
| | **562** | **538** | **606** |
| | 300 850 | 300 850 | 300 850 |
| | **Poor** | **Poor** | **Fair** |

### Credit Usage

| | Experian | Equifax | TransUnion |
|---|---|---|---|
| Ideal credit usage is 6% and under. | **0%** Credit used ⓘ **$0** Credit limit **$19,800** | **0%** Credit used ⓘ **$0** Credit limit **$369,800** | **0%** Credit used ⓘ **$0** Credit limit **$19,800** |

Learn about credit

## Accounts

| | | | |
|---|---|---|---|
| | Open accounts **2**<br>Accounts ever late **3**<br>Closed accounts **3**<br>Collections **0** | Open accounts **3**<br>Accounts ever late **3**<br>Closed accounts **4**<br>Collections **0** | Open accounts **2**<br>Accounts ever late **4**<br>Closed accounts **5**<br>Collections **0** |
| Credit & retail cards | **1** account<br>**$0.00** | **2** accounts<br>**$0.00** | **1** account<br>**$0.00** |
| Real estate | **1** account<br>**$486,747.00** | **1** account<br>**$486,747.00** | **1** account<br>**$486,747.00** |
| Loans | **0** accounts<br>**$0.00** | **0** accounts<br>**$0.00** | **0** accounts<br>**$0.00** |
| Collections | **0** accounts<br>**$0.00** | **0** accounts<br>**$0.00** | **0** accounts<br>**$0.00** |
| Self Reported | **0** accounts<br>**$0.00** | **0** accounts<br>**$0.00** | **0** accounts<br>**$0.00** |
| Total | **2** accounts<br>**$486,747.00** | **3** accounts<br>**$486,747.00** | **2** accounts<br>**$486,747.00** |

## Inquiries

| | | | |
|---|---|---|---|
| Number of Inquiries | **0** inquiries | **0** inquiries | **0** inquiries |

## Public Records

| | | | |
|---|---|---|---|
| Number of Public Records | **0** public records | **0** public records | **0** public records |

## Personal Info

| | | | |
|---|---|---|---|
| Name | **ELISA WAIN** | **ELISA WAIN** | **ELISA WAIN** |
| Also known as | - | - | - |
| Generation identifier | - | - | - |

Learn about credit

| | | | |
|---|---|---|---|
| Year of birth | **1961** | **1961** | **1961** |
| Employers | **FAYETTE CO PUBLIC SCHOO**<br><br>**FAYETTE COUNTY SCHOOL** | **DOUGLAS SAFETY CORP** | **FAYETTE CO PUBLIC SCHOOLS**<br><br>**FAYETTE COUNTY SCHOOLS** |
| Addresses | **2711 BARBADOS LEXINGTON, KY, 40509-9508**<br><br>**18 ROOME TOWACO, NJ, 07082-1317**<br><br>**236 GRANDVIEW NORTH CALDWELL, NJ, 07006-4741** | **2711 BARBADOS LEXINGTON, KY, 40509**<br><br>**325 CRILLON LEXINGTON, KY, 40503**<br><br>**18 ROOME TOWACO, NJ, 07082**<br><br>**236 GRANDVIEW NORTH CALDWELL, NJ, 07006** | **2711 BARBADOS LEXINGTON, KY, 40509**<br><br>**18 ROOME TOWACO, NJ, 07082**<br><br>**325 CRILLON LEXINGTON, KY, 40503** |
| Personal statement(s) | **No statement(s) present at this time** | **No statement(s) present at this time** | **No statement(s) present at this time** |

Services —

Overview

Reports & Scores

Personal Finances BETA

Financial Profile

Protection

Credit Cards

Loans

Auto

Tools —

Experian Boost

Experian CreditLock

Score Planner

Learn about credit

Score Simulator

Score Tracker

Support

Disputes Guide

FAQs

Glossary

Education

Get the free Experian app:

Download on the App Store

GET IT ON Google Play

Follow us:

About Us

Contact Us

Terms & Conditions

Privacy Policy

© 2021 Experian. All rights reserved.

Experian and the Experian trademarks used herein are trademarks or registered trademarks of Experian Information Solutions, Inc., ConsumerInfo.com, Inc. or its affiliates. Other product or company names mentioned herein are the property of their respective owners.

Licenses and Disclosures.

McAfee SECURE™

Learn about credit

DOUGLAS A. WAIN
ELISA WAIN
P.O. Box 7473
Westlake Village, CA 91359
Telephone: (859) 494-3677
Email: douglaswain@gmail.com
Plaintiffs in Pro Per

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| **In re**<br><br>**Douglas Alan Wain, Elisa Wain,**<br><br>**Debtors,**<br>____________________________<br><br>**Douglas Alan Wain and Elisa Wain**<br><br>**Plaintiffs,**<br>**vs.**<br><br>**Central Bank & Trust Co.**<br><br>**Defendant.** | **Case No. 1:24-bk-11814-MB**<br><br>**Adv. Proc. No. 1:25-ap-01026-MB**<br><br>**Chapter 13**<br><br>**PROOF OF SERVICE**<br><br>**Hon. Martin R. Barash** |

**PROOF OF SERVICE**

I am a plaintiff in this adversary proceeding and a party to this action; service by a party is permitted for the service described below, which is made by agreed electronic means and by United States Mail. My address is P.O. Box 7473, Westlake Village, CA 91359.

On August 24, 2026, I served a true and correct copy of the foregoing PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT CENTRAL BANK & TRUST CO.'S DEMANDS FOR PRODUCTION OF DOCUMENTS, together with the document production

identified therein (WAIN – DP 000001 through WAIN – DP 000026), on the following counsel of record for Defendant:

William E. Ireland, Esq.
Jennifer Soto
Haight Brown & Bonesteel LLP
555 South Flower Street, Forty-Fifth Floor
Los Angeles, CA 90071
wireland@hbblaw.com; jsoto@hbblaw.com

Service was made BY EMAIL to the email addresses stated above, and BY UNITED STATES MAIL, first class, postage prepaid, addressed as stated above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 24, 2026, at Calabasas, California.

Douglas A. Wain
On behalf of Plaintiffs Douglas A. Wain
and Elisa Wain, Pro Per

# EXHIBIT DD

Additional certified transcript excerpts — Craven Dep. (Aug. 18, 2026) pp. 81, 135–136; Hall Dep. (Aug. 21, 2026) pp. 7–8, 19, 30, 57, 94–95

Wain v. Central Bank & Trust Co., Adv. Proc. No. 1:25-ap-01026-MB

Supplemental Declaration of Douglas A. Wain ISO Reply re Motion to Compel Depositions (Doc. 47)

**In The Matter Of:**

*WAIN v.*

*CENTRAL BANK & TRUST CO., et al.*

---

*DONNA JEAN CRAVEN*

*August 18, 2026*

---

ALC

April L. Crites, RMR, CRR, CSR, CCR
National and International Realtime Court Reporter
aprilcrites@outlook.com
(434) 774-5993

A No.
Q Was Frost Brown Todd the other attorney who helped you prep for this deposition?
A I don't believe so. I don't remember the firm name. But, no, I don't believe so.
Q Was it William Ireland?
A I don't know.
MR. WISEMAN: We don't have to hide the ball on this, Mr. Wain. It was. We can -- we can represent that she spoke to Mr. Ireland and myself to prepare for this. We don't have to go round and round. I'm happy to make that clear.
MR. WAIN: Well, that's not what she said.
MR. WISEMAN: She said she couldn't remember his name. I'm just -- I'm representing that to you.
MR. WAIN: All right. So I'm going to have to ask her.
BY MR. WAIN:
Q Was William Ireland the other person that helped prepare you for this deposition?
A If Mr. Wiseman says so, yes.
Q What do you say?
A Yes.
Q Yes?

Q You don't know the answer as -- in your standing as compliance officer; is that correct?
A In my standing as the compliance officer, I only deal with consumer regulatory items.
Q So you -- and in your professional position, you don't know if the loan is satisfied or unsatisfied?
A Sir, I've answered that question.
Q You said you didn't know. Am I saying that -- I just repeat it just to make sure I'm clear.
You don't know if the loan is satisfied in your professional position as compliance officer at Central Bank. Is it satisfied or unsatisfied, or you don't know? I mean, don't take mine. You can answer it any way.
A I have answered it, sir.
Q No, you haven't.
Is it -- to the best of your knowledge, is it satisfied or unsatisfied on behalf of Central Bank?
MR. WISEMAN: I'm -- I object. She's been asked and answered. Let's move on.
MR. WAIN: What is the answer, Mr. Wiseman?

MR. WISEMAN: She said she doesn't know if it's satisfied or unsatisfied. She says, I don't know.

BY MR. WAIN:

Q Okay. Is that correct, Ms. Craven, that you do not know if the loan is satisfied or unsatisfied, according to Central Bank?

Is Mr. Wiseman correct?

MR. WISEMAN: Again, she's not speaking for Central Bank. She said, I don't know.

MR. WAIN: She didn't say it. You said, "I don't know."

MR. WISEMAN: She can speak for herself, but she's already spoken in the last five minutes.

THE WITNESS: Sir, I have said I don't know in my capacity.

BY MR. WAIN:

Q Thank you very much.

Who would know?

A I'm assuming Becky Mullins.

Q Anybody else?

A I don't know.

Q Do you know what a -- on a legal form, do you know what a deficiency judgment is?

MR. WISEMAN: Again, I object to the

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
SAN FERNANDO VALLEY DIVISION

- - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| In re: | : | Civil Action No. 1:24-bk-11814-MB |
| DOUGLAS ALAN WAIN and ELISA WAIN, | : | Chapter 13 |
| | : | |
| Debtors. | : | |
| DOUGLAS ALAN WAIN and ELISA WAIN, | : | Adversary Proceeding No. |
| | : | 1:25-ap-01026-MB |
| Plaintiffs, | : | |
| v. | : | |
| CENTRAL BANK & TRUST CO., et al., | : | |
| Defendants. | : | |

- - - - - - - - - - - - - - - - - x

VIDEOCONFERENCED (BY ZOOM) DEPOSITION OF

STEVEN DENNIS HALL

Lexington, Kentucky

Friday, August 21, 2026

11:38 a.m. EDT

Pages: 1 - 97

Reported By: April L. Crites, RMR, CRR, CSR, CCR

Notary Public, Commonwealth of Kentucky

generally, on those bases to the discovery, and so we'll just continue to reiterate those objections for the record.

THE COURT REPORTER: Mr. Hall, could you please raise your right hand?

STEVEN DENNIS HALL

of lawful age, Witness herein, having been first duly cautioned and sworn, as hereinafter certified, was examined and said as follows:

CROSS-EXAMINATION

BY MR. WAIN:

Q Great. Well, welcome.

MR. WAIN: Mr. Wiseman, can I ask you a question? You're representing Mr. Hall here today. Are you representing anybody else today?

MR. WISEMAN: What do you mean by represent? We represent Central Bank, and Mr. Hall is a former employee of Central Bank.

MR. WAIN: Oh, okay. So you're representing Central Bank here, too, in Kentucky?

I'm sorry.

MR. WISEMAN: What's the question?

MR. WAIN: I know -- okay.

I know you're representing Mr. Hall today, right?

MR. WISEMAN: Yes.

MR. WAIN: And you're presenting here today, participating. Are you representing, also, Central Bank in Kentucky?

MR. WISEMAN: We are in Kentucky. We're appearing for a deposition you noticed in Kentucky. Yes.

MR. WAIN: Are you representing -- I want to know if you're also representing Central Bank today, or just Mr. Hall.

MR. WISEMAN: I represent Central Bank and its interests and Steve Hall as a former employee of Central Bank.

MR. WAIN: Okay.

MR. WISEMAN: I have not yet entered an appearance in the adversary proceeding if that's where you're heading with this. I am not --

MR. WAIN: No, no, no. You answered my question. That's fine.

BY MR. WAIN:

Q Okay. Mr. Hall, could you state your full name for the record? City and residence?

A Steven Dennis Hall. Lexington, Kentucky.

Q And your residence?

A 1183 Rockbridge Drive [sic], Lexington,

A Ellen Sharp was the special assets manager for, I believe, approximately seven years. She was hired in from an outside law firm when our -- the special assets manager at the time retired. So she was the head of the department for seven years.

Q Was she your superior?

A Yes.

Q During the mediation we had, was that Ellen Sharp, who was also in attendance --

MR. WISEMAN: Objection. The mediation would have been confidential. Don't get into any of that.

MR. WAIN: Okay.

BY MR. WAIN:

Q To the best of your knowledge, is Ellen Sharp still at Central Bank?

A No, she's not, to the best of my knowledge.

Q Okay. Do you know when she left or when she no longer was employed by Central Bank?

A I don't remember specifically what year that was. But it was -- when she left, I was promoted into that position.

Q Do you have an approximate date?

A No, not that I remember.
Q Were they involved in the decision that after the March 14th distribution of 66,000, that the Wains still owed money to Central Bank?
A Yes.
Q Is there documentation?
MR. WISEMAN: Objection. Privileged information between attorney -- work product.
MR. WAIN: Okay.
BY MR. WAIN:
Q Is there documentation within Central Bank by non-attorneys of this procedure or this action of continuing to collect?
A I'm sorry. Could you repeat that, please?
Q Is it documented anywhere in Central Bank -- that is not attorney-privileged -- that documents the continued collection actions against the Wains after March 14, 2024?
MR. WISEMAN: Objection. Form, and vague. How would he know?
THE WITNESS: (No audible response.)
BY MR. WAIN:
Q Have you ever heard of the words "deficiency judgment"?
A Oh, yes.

BY MR. WAIN:
Q Who is Fowler Bell?
A Fowler Bell was a law firm.
Q That was hired by Central Bank in this -- for the Wain accounts. Why was it hired -- if you're working with Stoll Keenon Ogden, why did you hire Fowler Bell?
MR. WISEMAN: Again, I'll object to the extent this calls for privileged information between the bank -- his role at the bank and their attorneys.
MR. WAIN: I do not want to know any information.
BY MR. WAIN:
Q I just want to know why you hired --
MR. WISEMAN: The decision to obtain legal counsel is privileged information.
So I will instruct him not to answer.
You can move on.
BY MR. WAIN:
Q Did you deal directly with Fowler Bell?
A On occasion, yes.
Q Did Fowler Bell contact you, or did you contact them?
A I do not recall.

A I have no idea.
Q Okay. Is there anything you told me today that you want to correct or add?
A No.
Q Have you answered all my questions truthfully and completely?
A Yes.
MR. WAIN: Mr. Wiseman, do you have some questions?
MR. WISEMAN: Can we go off the record for five minutes? I might have some, but might not.
MR. WAIN: Okay. Five minutes. We're going off record.
(A brief recess was taken.)
MR. WISEMAN: All right.
MR. WAIN: Let's go back on the record.
Go ahead.
MR. WISEMAN: Tim Wiseman here.
I have just a few questions, Mr. Hall.

DIRECT EXAMINATION

BY MR. WISEMAN:
Q Would the head of Central Bank's special assets department be the best source of information about accounts like the Wains'?
A Yes.

Q And that person was you when the bank obtained the proceeds of the foreclosure sale of the Wains' house, correct?
A Yes.
Q And there's been discussion about some higher-up people in the bank today like Luther Deaton. He would have no information firsthand about the Wains, correct?
A Correct.
MR. WISEMAN: That's all I have.
MR. WAIN: I think we're done, Madam Court Reporter.
THE COURT REPORTER: Okay.
MR. WISEMAN: Thank you.
MR. WAIN: Thank you.
(The deposition was concluded at 2:35 p.m.)

* * *