William E. Ireland (Bar No. 115600)
*wireland@hbblaw.com*
HAIGHT BROWN & BONESTEEL LLP
555 South Flower Street, Forty-Fifth Floor
Los Angeles, California 90071
Telephone: 213.542.8000
Facsimile: 213.542.8100

Attorneys for Defendant
Central Bank & Trust Co.

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>Douglas Alan Wain, Elisa Wain,<br><br>Debtors<br><br>---<br><br>DOUGLAS ALAN WAIN and ELISA WAIN<br><br>Plaintiffs<br>v.<br><br>CENTRAL BANK & TRUST CO.<br><br>Defendant | CASE NO. 1:24-bk-11814-MB<br><br>CHAPTER 13<br><br>JUDGE Martin R. Barash<br><br>Adv. Proc. No. 1:25-ap-01026-MB<br><br>**DEFENDANT CENTRAL BANK & TRUST, CO.'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL WRITTEN DISCOVERY RESPONSES**<br><br>HEARING<br>Date: September 24, 2026<br>Time: 2:30PM<br>Courtroom: 303 / Zoom Gov<br>Address: 21041 Burbank Blvd.<br>Woodland Hills, CA 91367 |

**TO THE COURT AND THE DEBTORS/PLAINTIFFS:**

Central Bank & Trust Co. ("Central Bank" or "CBT"), by and through undersigned counsel, respectfully submits this opposition to the Motion to Compel Written Discovery Responses ("Motion") filed by self-represented Plaintiffs /



Haight

Debtors, Douglas Wain and Elisa Wain ("Plaintiffs" or "Wains"). The Motion, like the parties' Joint Stipulation,[1] identify nine disputed discovery issues. None require

As explained below, several of the Wains' requests seek discovery of collateral matters that are neither relevant to the claims or defenses at issue in this proceeding, nor are the requests proportional to the needs of this proceeding. Essentially, the Wains attempt to transform a claim objection into an expedition into collateral matters such as Central Bank's relationship with its outside auditor, insurance communications, consolidated financial reporting for a *non-party*, and consumer credit-reporting practices with no connection to any pleaded claim.

Plaintiffs repeatedly characterize Central Bank as having produced "zero documents" in response to the July 2026 discovery requests. That characterization is misleading. The parties have litigated issues concerning the same loan account for years in Kentucky litigation, during which Central Bank produced approximately 738 pages of loan, foreclosure, payment, and collection records. Following the Plaintiffs' August 2026 complaints regarding the present discovery responses, *Central Bank again transmitted those materials to Plaintiffs via email and FedEx*. The present dispute concerns the adequacy and form of Central Bank's responses and objections, not whether Plaintiffs possess the underlying records concerning the loan and foreclosure at issue.



Haight

Central Bank timely served substantive interrogatory responses and objections. The initial absence of a separate verification was an inadvertent procedural omission, not a failure to provide discovery, and a verification has now been provided. Plaintiffs received Central Bank's substantive positions, have suffered no prejudice, and have not been deprived of any information. Central Bank has acted in good faith, and its substantive discovery objections are justified—especially in the context of the Wains' tactics. The Motion must be denied.

As the Court will recall, Central Bank seek judgment on the pleadings on several grounds: (1) this Court lacks subject matter jurisdiction over the majority of the claims asserted, which are non-core, pre-petition state law causes of action that do not "arise under," "arise in," or are not "related to" the Wains' Chapter 13 case within the meaning of 28 U.S.C. §§ 157 and 1334; (2) Plaintiffs' invocation of 28 U.S.C. § 1441 as a jurisdictional basis is misplaced as a matter of law; (3) even as to any claims that might be characterized as "related to" the bankruptcy case, this Court may not enter final judgment absent the parties' consent under *Stern v. Marshall*, 564 U.S. 462 (2011) and its progeny; and (4) independently, and in the alternative, taking all well-pleaded factual allegations of the Complaint as true and construing all reasonable inferences in Plaintiffs' favor, Central Bank is nonetheless entitled to judgment as a matter of law on each of the thirteen claims for relief because the Complaint's own allegations and attached exhibits—confirmed where relevant by the judicially noticed Kentucky court orders—negate essential elements of each claim, establish that certain



Haight

Haight

claims are time-barred on their face, or otherwise fail to state a claim upon which relief can be granted. Thus, the Court may now dismiss this adversary proceeding, and this matter—and all of its various disputes—may be brought to a conclusion for the parties and this Court.

## BACKGROUND

Plaintiff served their discovery requests on July 6, 2026. Central Bank timely served responses and objections to the discovery requests on August 5, 2026. Central Bank re-transmitted 738 pages of loan, foreclosure, payment, and collection records to the Wains on August 21, 2026, via email and FedEx. These documents had previously been produced during the parties' Kentucky litigation involving the same loan account. Central Bank also served a verification of its discovery responses on August 24, 2026. Meanwhile, the parties conferred in writing between August 10 and August 19, 2026. Wains produced an initial draft of a Joint Stipulation, and Central Bank provided its responses on September 10, 2026. However, the Wains refused to accept the Joint Stipulation. Instead, they filed this Motion on shortened notice.

## ARGUMENT

**Plaintiffs Have Failed To Demonstrate The Information Sought Is Relevant and That Central Bank's Objections Lack Merit**

Plaintiffs may only "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Determining what "is proportional to the needs of the case"

requires "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* "The moving party bears the burden of demonstrating that the information it seeks is relevant and that the responding party's objections lack merit." *Hancock v. Aetna Life Ins. Co.*, 321 F.R.D. 383, 390 (W.D. Wash. 2017). "The court must limit discovery that is not proportional to the needs of the case." *Id.*

Generally, Plaintiff's discovery appears directed toward developing collateral theories rather than resolving the issues actually pleaded. The burden and confidentiality concerns associated with production substantially outweigh any speculative relevance. Among other things, Central Bank objects to the varied attempts from Plaintiffs to seek credit-reporting information despite not pleading any claim related to credit-reporting. The challenged requests concern credit reporting, consumer dispute handling, and subordination matters that fall outside the operative claims and defenses in this adversary proceeding. Plaintiffs expressly elected not to pursue claims under statutes governing consumer credit reporting. Having done so, they cannot expand discovery into an ancillary examination of every aspect of Central Bank's furnishing practices. Similarly, broad discovery concerning subordination agreements and unrelated lien matters exceeds the reasonable scope of the issues before the Court. Overall, the requests are disproportionate, seek collateral issues, and



Haight

would substantially expand the scope of the litigation without any corresponding benefit. Finally, Plaintiffs' requests should also be viewed in light of the extensive information already available to them from the Kentucky litigation record. Discovery should not be expanded into collateral subjects merely because Plaintiffs seek to develop new theories untethered to the claims actually pleaded in this adversary proceeding.

**Issue No. 1: Verification**

As stated above, a verification has now been provided, so there is no issue to be resolved.

**Issue No. 2: Rule 33(d) References (Interrogatory Nos. 1, 2, 6, 7, 10, and 11)**

Rule 33(d) exists to avoid requiring a responding party to restate, summarize, or compile information already contained in business records. Interrogatory Nos. 1, 2, 6, 7, 10, and 11 seek information reflected in loan servicing, foreclosure, payment, accounting, and collection records that were previously produced to Plaintiffs during the Kentucky litigation involving the same loan relationship. Plaintiffs are at least as capable as Central Bank of reviewing records already in their possession and deriving the information sought. The interrogatories seek information reflected in documents previously produced and again made available to Plaintiffs last month. Furthermore, Central Bank directed Plaintiffs to specific Bates number ranges of the production to



Haight

Haight

assist Plaintiffs (re)review of the materials. Plaintiffs indisputably possess the documents from which the requested information may be derived. However, Plaintiffs are not entitled to require CBT to create new narrative summaries, calculations, or analyses from records already produced and already in Plaintiffs' possession.

**Issue No. 3: Contention Discovery (Interrogatory Nos. 5, 6, 25; RFP No. 22)**

Interrogatory Nos. 5, 6, and 25 and Request for Production No. 22 seek Central Bank's final legal contentions as to its affirmative defenses, including the ultimate legal effect of March 7, 2024 Distribution Order entered in Kentucky state court on Central Bank's Proof of Claim. Plaintiffs' assertion that Central Bank must immediately provide final and irrevocable legal positions ignores the continuing obligation to supplement under Rule 26(e). In particular, issues involving claim treatment, the legal effect of various court orders, and the calculation of any remaining indebtedness involve mixed questions of law and fact that continue to be evaluated. Central Bank's responses were therefore proper and made in good faith. Central Bank does not object to a date certain being set for supplementation to the extent the Court believes necessary. However, as Central Bank has argued separately, it believes the Court may dispose of this entire proceeding now.

**Issue No. 4: Deficiency Judgment (RFA Nos. 10, 11; Interrogatory No. 6)**

Requests for Admission Nos. 10 and 11 improperly attempt to extract admissions concerning legal conclusions and issues intertwined with disputed questions regarding the amount, enforceability, and treatment of indebtedness. Central Bank's responses to Requests for Admission Nos. 10 and 11 were not evasive; they reflect its position on the enforceability of its judgment against the Wains. A bare admission or denial risks adopting the Wains' (incorrect) framing of the legal issues. Central Bank has continued to engage with Plaintiffs. Deemed admissions under Rule 36 are a severe remedy for parties who fail to respond or who act in bad faith. Central Bank responded, and it has acted in good faith. Rule 36 exists to narrow disputes. It is not intended to allow parties like the Wains to try and manufacture disputes.

**Issue No. 5: "Denied as Phrased" (RFA Nos. 2, 3, 4, 5, 14, 15)**

These responses were necessary, because the requests embed inaccurate characterizations, incomplete assumptions, or incorrect or ambiguous terminology. Therefore, Central Bank cannot adopt the requests' language by way of a bare admission or denial without risking a concession of premises the Plaintiffs have not and cannot establish. Further, there is no inconsistency between Central Bank's responses. Requests No. 4 and 5 use different terms. Central Bank denied one characterization, while admitting a distinct historical fact. The two responses are consistent.

**Issue No. 6: Privilege Log**



Haight

Plaintiff's request for a privilege log covering Interrogatory Nos. 3, 12, 13, 14, 17, 19, 20, 21, and 24, and Request for Production Nos. 8, 11, 12, 16, 17, 20, and 21 should be denied as a threshold matter, because the categories sought by Plaintiff are collateral to the claims and defenses at issue in this proceeding. Therefore, they are not proportional to the Wains' needs under Rule 26. Plaintiffs have not shown, and cannot show, how Central Bank's audit relationship, its internal preservation directives, or its communications with insurer bear on the 13 causes of action actually before the Court. The Wains are not entitled to a privilege log of material that is outside the scope of discoverable information. The Court does not need to reach the question of privilege until the Plaintiffs first establish relevance and proportionality. They cannot.

If the Court disagrees and concludes any of the categories are relevant, the materials are independently protected. Central Bank maintains that its substantive communications with Crowe LLP concerning audit inquiries and management representations, and that its correspondence with its insurer regarding any reservation of rights, are protected by attorney-client privilege and work-product doctrine. Disclosure of material to an outside auditor in ordinary course of an audit does not serve as a waiver of communications with counsel on the same matter. Additionally, Plaintiffs' waiver theories are unsupported by any showing that Central Bank disclosed the substance of privileged legal advice to Crowe.



**Issue No. 7: Audited Financial Statements**

Haight

Haight

Central Bank's audited consolidated financial statements for fiscal years 2019 through 2025 reflect the position of non-party, Central Bancshares, Inc., and its non-party subsidiaries. Plaintiffs have not explained how seven years of reporting for an entire corporate enterprise bears on their claims, which concern one specific loan and now a Proof of Claim that resulted from that loan's default. Plaintiffs' request is not proportional to the needs of this case, so they are not entitled to information sought.

**Issue No. 8: Rule 34(b)(2) Compliance and Document Production**

Plaintiffs' repeated assertion that Central Bank produced "zero documents" is inaccurate and mischaracterizes the parties' discovery history. The documents underlying the loan, foreclosure proceedings, claim calculation, payment history, and collection activities were produced during the extensive Kentucky litigation between the parties and are already in Plaintiffs' possession. Moreover, after Plaintiffs challenged Central Bank's responses, those materials were again transmitted to Plaintiffs in August 2026. The present dispute is therefore not whether Plaintiffs possess the relevant documents, but whether Central Bank must duplicate prior productions and create new document productions where the responsive materials have already been produced and re-produced. The answer is no. Rule 34 does not require a party to continuously reproduce documents already in the requesting party's possession merely because similar requests are served in a later proceeding. Courts routinely recognize that discovery is not intended to require unnecessary duplication

Haight

of previously disclosed materials. To the extent necessary, Central Bank can further amend its responses to clarify whether its production is complete.

**Issue No. 9: Credit Reporting and Subordination**

Plaintiffs' complaint does not plead a claim under any statute governing consumer credit reporting. Plaintiffs cannot use discovery in this proceeding to develop an ancillary expedition into Central Bank's furnishing and dispute-handling practices. Discovery must be tied to claims and defenses, it must be "proportional to the needs of the case." These requests are not. The same is true of Central Bank's subordination agreements and lien-priority arrangements with third parties who are not before this Court. Plaintiffs' requests should also be viewed in light of the extensive information already available to them from the Kentucky litigation record. Indeed, the Court has seen much of that information in the voluminous filings from the Wains. Discovery should not be expanded into collateral subjects merely because Plaintiffs seek to develop new theories untethered to the claims actually pleaded in this adversary proceeding.

**Issue No. 10: Expenses and Discovery Cutoff**

Plaintiffs are not entitled to fees, expenses, sanctions, or any similar relief. Central Bank timely served written responses, asserted objections in good faith, participated extensively in the meet-and-confer process, and addressed Plaintiffs' concerns through multiple rounds of correspondence. Most importantly, Plaintiffs' motion is premised on the notion that Central Bank failed to provide documents. That

Haight

contention ignores the substantial document production previously made in the Kentucky litigation and the fact that those same materials were again transmitted to Plaintiffs during August 2026 after Plaintiffs complained that additional production was required. The disputes before the Court concern the sufficiency, scope, and form of Central Bank's responses, not a wholesale refusal to participate in discovery. At most, the issues involve ordinary disagreements regarding Rule 33(d), contention discovery, privilege assertions, relevance, and proportionality. Such disputes are commonplace and do not warrant sanctions under Rule 37.

Finally, Central Bank does not oppose a limited extension of the August 31, 2026 discovery cutoff, but that extension shall be solely for any supplementation required from the Court.

**CONCLUSION**

For the foregoing reasons, Central Bank respectfully requests that the Court deny the Motion.

DATED: September 10, 2026 HAIGHT BROWN & BONESTEEL LLP

By: */s/ William E. Ireland*
William E. Ireland
Attorneys for Defendant
CENTRAL BANK & TRUST CO.

Haight

# PROOF OF SERVICE

In Re Douglas Alan Wain; Elisa Wain

Case No. 1:24-bk-11814

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 555 South Flower Street, Forty-Fifth Floor, Los Angeles, CA 90071.

On September 10, 2026, I served true copies of the following document(s) described as on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address wireland@hbblaw.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 10, 2026, at Los Angeles, California.

*William E. Ireland*

William E. Ireland

**SERVICE LIST**
**In Re Douglas Alan Wain; Elisa Wain**
**Case No. 1:24-bk-11814**

Douglas Wain
Elisa Wain
P.O. Box 7473
Westlake Village, CA 91359

Tel: 859.494.3677
douglaswain@gmail.com

***Plaintiffs in Pro Per***

Haight