DOUGLAS A. WAIN
ELISA WAIN
P.O. Box 7473
Westlake Village, CA 91359
Telephone: (859) 494-3677
Email: douglaswain@gmail.com
Debtors in Pro Per

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| **In re**<br><br>**DOUGLAS ALAN WAIN and ELISA WAIN,**<br><br>**Debtors.** | **Case No. 1:24-bk-11814-MB**<br><br>**Chapter 13**<br>**Related Adv. No. 1:25-ap-01026-MB**<br><br>**DEBTORS' SECOND SUPPLEMENTAL BRIEF IN SUPPORT OF OBJECTION TO CLAIM NO. 1 OF CENTRAL BANK & TRUST CO. (DOC. 38), ADDRESSED TO AMENDED CLAIM NO. 1-3 AND CBT'S NOTICE OF WITHDRAWAL OF CLAIM (ADV. DOC. 118); DECLARATION OF DOUGLAS A. WAIN; EXHIBITS V–Y**<br><br>**Hon. Martin R. Barash**<br><br>**Hearing:**<br>**November 19, 2026, 2:30 p.m.**<br><br>**Courtroom 303, 21041 Burbank Blvd.**<br>**Woodland Hills, CA 91367 / Via ZoomGov** |

**TO THE HONORABLE MARTIN R. BARASH, UNITED STATES BANKRUPTCY JUDGE, THE CHAPTER 13 TRUSTEE, AND ALL PARTIES IN INTEREST:**

Debtors Douglas A. Wain and Elisa Wain, appearing pro per, submit this second supplemental brief in support of their Objection to Claim No. 1 of Central Bank & Trust Co. ("CBT") (Doc. 38), set for hearing on November 19, 2026 at 2:30 p.m., and in response to CBT's Notice of Withdrawal of Claim filed October 30, 2026 in Adversary No. 1:25-ap-01026-MB (Adv. Doc. 118) (the "Notice"). At the September 24, 2026 hearing the Court directed CBT to file a second amended proof of claim by October 30, 2026, computing interest only through the petition date. On October 30, 2026, CBT filed Claim No. 1-3. It states a claim of $0.00. Debtors addressed the prior amendment, Claim No. 1-2, in their Supplemental Memorandum in Support of Objection to Claim No. 1 (Doc. 38), Addressing Amended Claim No. 1-2 (Formerly Doc. 82); Evidentiary Objections to Declaration of Becky Sloce-Mullins, filed September 22, 2026 (Doc. 85) (the "September 22 Supplemental Memorandum"), supported by the Declaration of Douglas A. Wain and its Exhibits A–G (Doc. 86). Debtors incorporate by reference the September 22 Supplemental Memorandum and declaration (Docs. 85, 86), including the evidentiary objections, and their Objection to Payment of Claim No. 1 Under the Chapter 13 Plan filed October 6, 2026 (Doc. 105) (the "October 6 Objection") and its Exhibits A through U. Exhibits cited by letter alone are those to the October 6 Objection or Exhibits V through Y filed with this brief; exhibits to the September 22 declaration are cited as "Doc. 86, Ex. __."

**Basis for this filing.** At the September 24, 2026 hearing, the Court found that Claim Nos. 1-1 and 1-2 were not stated as of the October 30, 2024 petition date and directed CBT to file a second amended claim by October 30, 2026 that would "show [its] math." (Sept. 24, 2026 Hr'g Tr. 6:10–20, 13:16–14:4, 19:17–18 (Adv. Doc. 112).) The Court stated that Debtors would then be "in a position to say … do you still have an issue with the way they calculated it" (id. 10:21–25), that

the Court would "hear from [Debtors] what [their] issues are with that calculation" (id. 15:2–5), and that Debtors "are going to need to articulate … what the issues are on that proof of claim" once the second amended claim was filed (id. 18:15–20). The Court set the proofs of claim for discussion on November 19, 2026. (Id. 19:23–25.) CBT's Notice likewise asks that "the Court and the Parties … address" the consequences of its withdrawal at that hearing. (Ex. W at 1–2.) Debtors submit this brief for those purposes.

## I. INTRODUCTION

For nearly two years CBT has sworn that Debtors owed it $357,990.91 — in Claim No. 1-1 on December 20, 2024, and again in Claim No. 1-2 on September 21, 2026. (Exs. E, G.) Given until October 30, 2026 to state its claim with interest computed only through the petition date, CBT did not produce a recalculated figure. It filed Claim No. 1-3, executed under penalty of perjury by its Senior Vice President of Special Assets, stating that the amount of its claim is **$0.00**, that the amount includes no interest or other charges, and that the basis of the claim is: "Claimant is withdrawing and abandoning its claim in this BK." (Ex. V.)

That answers the question the Objection has always presented. Debtors have shown that no deficiency survived the February 8, 2021 judicial sale: the net proceeds of $605,035.42 exceeded CBT's Judgment of $358,412.72, and when CBT asked the foreclosure court for its full Judgment with interest and fees, that court awarded it $66,884.60 and "otherwise denied" the motion, in a final order CBT did not appeal. (October 6 Objection, Part II.B; Exs. A, B, D ¶¶ 8, 10, 12, T.) CBT now states, under oath and on the form that requires it to state its claim "as of the date the case was filed," that its claim on that date was zero.

What CBT has not done is give up the debt. It abandons its claim only "in this BK." It has filed no motion and sought no order, although Federal Rule of Bankruptcy Procedure 3006 requires one where, as here, an objection to the claim is pending, the creditor has been sued in an adversary

proceeding, and the creditor has participated significantly in the case. A withdrawal on CBT's terms would leave CBT free to assert the same alleged debt in Kentucky, or as the setoff counterclaim it maintains in the Eastern District of Kentucky, the moment this case ends. Debtors therefore ask the Court to sustain the Objection and disallow Claim No. 1 in its entirety, by an order that also states the protective terms set out in Part III.H so that the disallowance cannot be relitigated elsewhere. In the alternative, any withdrawal should be permitted only with prejudice and on the same terms.

## II. CLAIM NO. 1-3 AND THE NOTICE OF WITHDRAWAL

**Claim No. 1-3.** CBT filed Claim No. 1-3 on Official Form 410 on October 30, 2026. The claims register records it as "Amended Claim #1 filed by Central Bank & Trust Co., Amount claimed: $0.00," with the description and remark "(1-3) Withdrawing claim." (Exs. V, X.) The form states that it amends Claim No. 1 filed December 20, 2024 (Line 4); identifies the account by the last four digits 1792 (Line 6); states the amount of the claim as $0.00 and answers "No" to whether that amount includes interest or other charges (Line 7); states the basis of the claim as "Claimant is withdrawing and abandoning its claim in this BK" (Line 8); and answers "No" to whether the claim is secured (Line 9), whether it is subject to a right of setoff (Line 11), and whether any part is entitled to priority (Line 12). (Ex. V at 1–3.) It has no attachments.

Claim No. 1-3 was executed on October 29, 2026 by Becky Sloce-Mullins, "SVP, Special Assets," Central Bank & Trust Co., the same declarant who signed Claim No. 1-2. She checked the box "I am the creditor's attorney or authorized agent," and declared that she had "examined the information in this Proof of Claim" and had "a reasonable belief that the information is true and correct," and "under penalty of perjury that the foregoing is true and correct." (Ex. V at 3.) Official Form 410 instructs the claimant to "[f]ill in all the information about the claim as of the date the case was filed." (Id. at 1.)

CBT's figures for the same claim are now: $357,990.91 (Claim No. 1-1, Ex. E); $357,944.91 (CBT's August 13, 2026 letter, Ex. F); $357,990.91, with a per diem of $0.00 (Claim No. 1-2, Ex. G); and $0.00 (Claim No. 1-3, Ex. V).

The Court described the claim as then filed as "a proof of claim that's worthless" and required "a proper proof of claim." (Hr'g Tr. 20:14–17.) CBT's response was Claim No. 1-3, which states $0.00.

**The Notice.** The same day, CBT filed the Notice in the adversary proceeding only; it was not filed in this case, where the Objection is pending. The Notice states that CBT "has withdrawn its Proof of Claim, in this matter" and "has filed an amended Claim doing so," and suggests that "the Court and the Parties should address at [the November 19, 2026 hearing] the consequences of that Withdrawal on these pending matters." It also asks that the hearing time be moved from 2:30 to 3:00 p.m. (Ex. W at 1–2.) It was served on Debtors by email only. (Id. at 3–4; Wain Decl. ¶ 2.) CBT has not filed a motion under Rule 3006, lodged a proposed order, or offered any explanation for the withdrawal.

## III. ARGUMENT

CBT no longer asserts any amount. Claim No. 1-3 is a new fact that was not before the Court on September 24, and it permits the Court to disallow Claim No. 1 without resolving any of the Kentucky-law questions on which the Court and Debtors have differed. Debtors preserve each ground previously stated for appeal.

### A. Claim No. 1-3 is CBT's sworn statement that it held no claim on the petition date. Claim No. 1 should be disallowed in its entirety.

The Court determines the amount of a claim "as of the date of the filing of the petition." 11 U.S.C. § 502(b). CBT has now told the Court, under penalty of perjury and on the form that asks for the claim as of that date, what that amount is: $0.00, with no interest or other charges. (Ex. V at

2.) That statement is CBT's own, made by its officer, and is admissible against it. Fed. R. Evid. 801(d)(2)(A), (D).

A proof of claim executed and filed in accordance with the Rules is prima facie evidence of the validity and amount of the claim. Fed. R. Bankr. P. 3001(f). Claim No. 1-3 is prima facie evidence of a claim of $0.00 and nothing more. It supersedes Claim Nos. 1-1 and 1-2, and it contradicts them under oath. Once an objector produces evidence sufficient to negate an essential element of a claim, the burden reverts to the claimant to prove the claim by a preponderance of the evidence. *Lundell v. Anchor Constr. Specialists, Inc.*, 223 F.3d 1035, 1039 (9th Cir. 2000); *In re Holm*, 931 F.2d 620, 623 (9th Cir. 1991). Debtors carried their part long ago. (October 6 Objection, Part III.D.) CBT has not attempted to carry its own; it has disclaimed the claim. There is nothing left to try. The Objection should be sustained and Claim No. 1, as amended by Claim Nos. 1-2 and 1-3, disallowed in its entirety.

The form of the order matters. A Chapter 13 discharge reaches debts "provided for by the plan or disallowed under section 502." 11 U.S.C. § 1328(a). An order disallowing Claim No. 1 under § 502 gives Debtors — who have made every plan payment for twenty-four consecutive months (Wain Decl. ¶ 6) — the finality that two years of litigation have earned. A withdrawal limited to "this BK" does not. And because CBT will be expected to argue in any later forum that a disallowance based on its own $0.00 figure decided nothing about the underlying obligation, the order should say what it decides: that CBT holds no claim against Debtors on the obligation underlying Claim No. 1, and that CBT may not assert that obligation against Debtors or their property elsewhere. (See Part III.H.)

**B. CBT cannot withdraw Claim No. 1 without an order of the Court after notice and a hearing.**

Rule 3006(a) provides that a creditor "may withdraw a proof of claim by filing a notice of withdrawal. But unless the court orders otherwise after notice and a hearing, a creditor may not

withdraw a proof of claim if: (1) an objection to it has been filed; (2) a complaint has been filed against the creditor in an adversary proceeding; or (3) the creditor has accepted or rejected the plan or has participated significantly in the case." Fed. R. Bankr. P. 3006(a). Notice of the hearing must be served on the trustee, and "[t]he court's order permitting a creditor to withdraw a proof of claim may contain any terms and conditions the court considers proper." Fed. R. Bankr. P. 3006(b).

Each condition is met, and any one is sufficient. Debtors objected to Claim No. 1 on April 27, 2025. (Doc. 38.) Debtors sued CBT in the adversary proceeding on April 24, 2025, and CBT answered on May 21, 2025. (Adv. Docs. 1, 3.) And CBT has participated significantly in this case for nearly two years: it opposed Debtors' motion for summary judgment (Adv. Docs. 16, 17), moved for judgment on the pleadings (Adv. Doc. 48), moved to quash two deposition subpoenas (Adv. Docs. 58, 76), opposed Debtors' discovery motions (Adv. Docs. 69, 91), twice amended its claim, and appeared at hearings on January 30, March 5, June 4, and September 24, 2026.

CBT's Notice is therefore ineffective on its own terms, and labeling the withdrawal an amendment does not change that. CBT's own Notice says that it "has withdrawn its Proof of Claim" and "has filed an amended Claim doing so"; Claim No. 1-3 says CBT is "withdrawing and abandoning its claim"; and the claims register records it as "Withdrawing claim." (Exs. V, W, X.) An amendment filed to accomplish a withdrawal is a withdrawal, and Rule 3006 governs it. Until the Court rules, Claim No. 1 remains before the Court and subject to the Objection.

**C. Any withdrawal must be with prejudice.**

Because CBT may withdraw only by order, the Court decides whether and on what terms withdrawal is permitted, and its order "may contain any terms and conditions the court considers proper." Fed. R. Bankr. P. 3006(b). Rule 7041 applies in contested matters, Fed. R. Bankr. P. 9014(c)(1), and under Civil Rule 41(a)(2) a dismissal sought after an answer may be granted only "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). The considerations that bear on

those terms — the effort and expense the opposing party has incurred, the stage of the proceeding, the movant's diligence, and the adequacy of its explanation — all point the same way here.

Debtors have litigated Claim No. 1 for eighteen months, through written discovery, five deposition efforts, motion practice, and the cost of eleven hearing transcripts. CBT withdrew on the very day the Court required it to substantiate a recalculated claim, after declining in discovery to state whether it contends any deficiency exists or in what amount (Adv. Doc. 80, CBT's Aug. 5, 2026 Responses to Interrogatories, No. 6), and it has offered no explanation.

The prejudice of a withdrawal without prejudice is concrete. CBT continues to assert the same alleged debt outside this Court. It maintains a setoff counterclaim against Debtors in the Eastern District of Kentucky, *Wain v. Central Bank & Trust Co.*, No. 5:23-cv-00139-REW, which it defended by telling that court that the sale proceeds would remain inaccessible to CBT "until the Fayette Circuit Court reaches a final determination of the extent and priority of the lien interests." (Ex. Y at 2, 5.) And Debtors' appeals concerning the foreclosure remain pending in the Kentucky Court of Appeals. CBT's choice of words — abandoning its claim "in this BK" — preserves its ability to press elsewhere what it has sworn here was zero. Yet in Claim No. 1-3 CBT also swore that its claim is not subject to any right of setoff. (Ex. V at 2, Line 11.) The Court should not permit CBT to take one position under oath in this Court and keep the opposite position available in every other.

**D. The withdrawal does not moot the October 6 Objection or the adversary proceeding.**

The Notice invites the Court to consider "the consequences of that Withdrawal on these pending matters." Debtors anticipate that CBT will argue the pending matters are moot. They are not. Until an order disallows Claim No. 1 or conditions its withdrawal, the claim remains on the register and the October 6 Objection (Doc. 105) — which asks that no distribution be made on Claim No. 1 under any plan — remains live.

Nor does CBT's abandonment of its own claim dispose of the claims Debtors have asserted against CBT. The complaint in the adversary proceeding seeks affirmative relief, including recovery of money and property, a determination of the validity and extent of CBT's asserted interest, subordination, and declaratory relief. (Adv. Doc. 1.) CBT answered the complaint. (Adv. Doc. 3.) A defendant cannot extinguish claims against it by withdrawing its own claim against the plaintiff. Debtors respectfully request that the Court not dismiss, abstain from, or otherwise dispose of the adversary proceeding at the November 19, 2026 status conference without a properly noticed motion and an opportunity for Debtors to respond.

**E. Debtors do not oppose CBT's request to move the hearing time.**

Debtors do not oppose CBT's request that the November 19, 2026 matters be called at 3:00 p.m. rather than 2:30 p.m., if that is convenient for the Court.

**F. Debtors reserve their right to seek costs, sanctions, and damages.**

CBT filed and maintained Claim No. 1 for nearly two years, through two sworn amendments, before swearing that the claim was $0.00 as of the petition date. Debtors expressly reserve, and do not waive by this brief or by any resolution of Claim No. 1, all rights to seek costs, sanctions, damages, or other relief arising from CBT's filing and prosecution of Claim No. 1, including under Fed. R. Bankr. P. 9011, 11 U.S.C. § 105, the Court's inherent authority, and in Adversary No. 1:25-ap-01026-MB. Debtors will present any such request by separate, properly noticed motion or pleading. Any order disallowing Claim No. 1 or permitting its withdrawal should state that it is without prejudice to those rights.

**G. Debtors do not consent to dismissal.**

CBT's withdrawal of its claim is not a ground to dismiss this case or the adversary proceeding, and Debtors do not consent to dismissal of either. Debtors have made every plan payment for twenty-four consecutive months. (Wain Decl. ¶ 6.) The appropriate conclusion of this

Chapter 13 case is completion of the plan and entry of a discharge under 11 U.S.C. § 1328(a), not dismissal. Any request to dismiss this case must be made by motion, after notice and a hearing, under 11 U.S.C. § 1307(c) and Fed. R. Bankr. P. 9014. Any request to dismiss the adversary proceeding should likewise be made by a properly noticed motion, to which Debtors would respond.

**H. Relief requested.**

Debtors request that the Court enter an order:

1. Sustaining the Objection (Doc. 38) and disallowing Claim No. 1, as amended by Claim Nos. 1-2 and 1-3, in its entirety under 11 U.S.C. § 502(b)(1), on the ground that CBT has stated under penalty of perjury that it held no claim against Debtors as of the petition date and has offered no evidence of any other amount;

2. Stating, as part of that disallowance, that: (a) Claim No. 1 is disallowed under 11 U.S.C. § 502 for all purposes, including 11 U.S.C. § 1328(a); (b) CBT holds no claim against Debtors or the estate on the obligation underlying Claim No. 1 (account ending 1792), including any amount asserted to remain due under the judgment in *Central Bank & Trust Co. v. Wain*, Fayette Circuit Court No. 19-CI-00812; (c) CBT and its successors and assigns may not assert, collect, or report to any consumer reporting agency any balance, deficiency, or other amount arising from that obligation against Debtors or their property, in any forum, including by way of setoff, recoupment, or counterclaim (including in *Wain v. Central Bank & Trust Co.*, No. 5:23-cv-00139-REW (E.D. Ky.)), or by garnishment or proceedings to enforce that judgment; and (d) the Court retains jurisdiction to enforce the order;

3. In the alternative, if the Court permits CBT to withdraw Claim No. 1 rather than disallowing it, permitting the withdrawal only with prejudice and on each of the terms stated in Paragraph 2, with Claim No. 1 deemed disallowed under 11 U.S.C. § 502 for purposes of 11 U.S.C. § 1328(a);

4. Directing that no distribution be made on Claim No. 1 under any plan, as requested in the October 6 Objection;

5. Confirming that neither the disallowance nor any withdrawal of Claim No. 1 moots or disposes of Adversary No. 1:25-ap-01026-MB;

6. Stating that the order is without prejudice to Debtors' right to seek costs, sanctions, damages, or other relief arising from CBT's filing and prosecution of Claim No. 1; and

7. Granting such further relief as is just.

## IV. CONCLUSION

CBT has had the Judgment since 2021, the sale proceeds since 2021, the Distribution Order since 2024, and repeated opportunities in this Court to state its claim. When the Court finally required it to state the claim as of the petition date, CBT swore that the claim was zero. The Court should hold CBT to that statement. Claim No. 1 should be disallowed, by an order that makes the result binding wherever CBT might try to revive it — and, if CBT is permitted to withdraw the claim instead, the withdrawal should be with prejudice and on the same terms.

DATED: November 5, 2026

Douglas A. Wain
Debtor, Pro Per

Elisa Wain
Debtor, Pro Per

**DECLARATION OF DOUGLAS A. WAIN**

I, Douglas A. Wain, declare as follows:

1. I am a Debtor in this case and a Plaintiff in Adversary No. 1:25-ap-01026-MB, appearing pro per with my wife, Elisa Wain. I have personal knowledge of the facts stated below and, if called as a witness, could and would testify competently to them.

2. On October 30, 2026 I received by email from wireland@hbblaw.com a copy of Central Bank & Trust Co.'s Notice of Withdrawal of Claim. I have not received a copy by mail. Attached as Exhibit W is a true and correct copy of the Notice as filed in the adversary proceeding on October 30, 2026 (Adv. Doc. 118) (4 pages), as it appears on the docket.

3. Attached as Exhibit V is a true and correct copy of Claim No. 1-3, filed October 30, 2026, as it appears on the claims register of this case (3 pages).

4. On October 30, 2026 I printed the claims register for this case from PACER. Attached as Exhibit X is a true and correct copy of that printout (2 pages).

5. Attached as Exhibit Y is a true and correct copy of Central Bank & Trust Co.'s response to our motion to dismiss its counterclaim in *Wain v. Central Bank & Trust Co.*, No. 5:23-cv-00139-REW (E.D. Ky.), filed August 24, 2023 as Doc. 23 (8 pages), as downloaded from the court's docket. To my knowledge, CBT's setoff counterclaim in that action has not been withdrawn or dismissed.

6. Since this case was filed, Elisa and I have made every Chapter 13 plan payment to the Trustee through the TFS payment system — twenty-four consecutive monthly payments as of the date of this declaration — none late and none returned.

7. As of the date of this declaration, no motion under Federal Rule of Bankruptcy Procedure 3006 and no proposed order permitting withdrawal of Claim No. 1 has been served on me.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 5, 2026, at Bradenton, Florida.

Douglas A. Wain
Debtor, Pro Per

## INDEX OF EXHIBITS

Exhibits A through U were filed with Debtors' Objection to Payment of Claim No. 1 Under the Chapter 13 Plan on October 6, 2026 (Doc. 105) and are incorporated by reference.

| | |
|---|---|
| Exhibit V | Amended Claim No. 1-3 of Central Bank & Trust Co., filed October 30, 2026 (3 pp.) |
| Exhibit W | Creditor Central Bank & Trust Co.'s Notice of Withdrawal of Claim, Adv. No. 1:25-ap-01026-MB, Adv. Doc. 118, filed October 30, 2026 (4 pp.) |
| Exhibit X | Claims Register, Case No. 1:24-bk-11814-MB, printed October 30, 2026 (2 pp.) |
| Exhibit Y | Central Bank & Trust Co.'s Response to Plaintiffs' Motion to Dismiss Counterclaim, *Wain v. Central Bank & Trust Co.*, No. 5:23-cv-00139-REW (E.D. Ky.), Doc. 23, August 24, 2023 (8 pp.) |

# EXHIBIT V

Amended Claim No. 1-3 of Central Bank & Trust Co., filed October 30, 2026

**Fill in this information to identify the case:**

Debtor 1 Douglas Alan Wain

Debtor 2 (Spouse, if filing) Elisa Wain

United States Bankruptcy Court for the: Central District of California

Case number 1:24-bk-11814-MB

Official Form 410

# Proof of Claim

04/25

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

## Part 1: Identify the Claim

**1. Who is the current creditor?**

Central Bank & Trust Co.
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor ____________

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? ____________

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| **Where should notices to the creditor be sent?** | **Where should payments to the creditor be sent?** (if different) |
| --- | --- |
| Name: William E. Ireland; Haight, Brown & Bonesteel | Name: |
| Number Street: 555 S. Flower Street, 45th Floor | Number Street: |
| City: Los Angeles State: CA ZIP Code: 90071 | City: State: ZIP Code: |
| Contact phone: 212-542-8000 | Contact phone: |
| Contact email: wireland@hbblaw.com | Contact email: |

Uniform claim identifier (if you use one):

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

**4. Does this claim amend one already filed?**

☐ No
☑ Yes. Claim number on court claims registry (if known) 1 Filed on 12/20/2024 (MM / DD / YYYY)

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? ____________

## Part 2: Give Information About the Claim as of the Date the Case Was Filed

**6. Do you have any number you use to identify the debtor?**

☐ No
☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: 1 7 9 2

**7. How much is the claim?**

$ 0.00. **Does this amount include interest or other charges?**

☑ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Claimant is withdrawing and abandoning its claim in this BK

**9. Is all or part of the claim secured?**

☑ No
☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*
☐ Motor vehicle
☐ Other. Describe: ____________________

**Basis for perfection:** ____________________

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $__________

**Amount of the claim that is secured:** $__________

**Amount of the claim that is unsecured:** $__________ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $__________

**Annual Interest Rate** (when case was filed)_______%

☐ Fixed
☐ Variable

**10. Is this claim based on a lease?**

☑ No
☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $__________

**11. Is this claim subject to a right of setoff?**

☑ No
☐ Yes. Identify the property: ____________________

| | | |
|---|---|---|
| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☑ No<br>☐ Yes. *Check one:* | **Amount entitled to priority** |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $____________ |
| | ☐ Up to $3,800* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $____________ |
| | ☐ Wages, salaries, or commissions (up to $17,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $____________ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $____________ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $____________ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $____________ |
| | * Amounts are subject to adjustment on 4/01/28 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(3) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.
☑ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date 10/29/2026
MM / DD / YYYY

Becky Sloce-Mullins, SVP
Signature

**Print the name of the person who is completing and signing this claim:**

Name: Becky Sloce-Mullins
First name / Middle name / Last name

Title: SVP, Special Assets

Company: Central Bank & Trust Co.
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address: 300 W. Vine St.
Number / Street

Lexington / KY / 40507
City / State / ZIP Code

Contact phone: 859-253-6241

Email: bmullins@centralbank.com

# EXHIBIT W

Notice of Withdrawal of Claim, Adv. No. 1:25-ap-01026-MB, Adv. Doc. 118

William E. Ireland (Bar No. 115600)
*wireland@hbblaw.com*
HAIGHT BROWN & BONESTEEL LLP
555 South Flower Street, Forty-Fifth Floor
Los Angeles, California 90071
Telephone: 213.542.8000
Facsimile: 213.542.8100

Attorneys for Creditor
Central Bank & Trust Co.

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In Re:<br><br>Douglas Wain<br>Elisa Wain,<br><br>Debtors. | Case No. 1:24-bk-11814-MB<br><br>Chapter 13<br><br>JUDGE Martin R. Barash<br><br>Adv. Proc. No. 1:25-ap-01026-MB |
| DOUGLAS ALAN WAIN and ELISA WAIN,<br><br>Plaintiffs<br><br>v.<br><br>CENTRAL BANK & TRUST CO.<br><br>Defendant | **CREDITOR CENTRAL BANK & TRUST CO.'S NOTICE OF WITHDRAWAL OF CLAIM**<br><br>Status Conference Date: Nov. 19, 2026<br>Time: 2:30 pm<br>Courtroom 303<br>Address: 21041 Burbank Blvd., Woodland Hills, CA 91367 |

TO THE COURT AND THE DEBTORS/ PLAINTIFFS:

COMES NOW, CREDITOR CENTRAL BANK & TRUST CO.("CENTRAL BANK") hereby gives notice that it has withdrawn its Proof of Claim, in this matter. It has filed an amended Claim doing so.

CENTRAL BANK understands that a status conference in the Wain Bankruptcy and in the Wain Adversary Proceeding against Central Bank is set for November 19, 2026 at 2:30 pm. CENTRAL BANK would respectfully suggest that

the Court and the Parties should address at that time the consequences of that Withdrawal on these pending matters.

CENTRAL BANK would also respectfully request that the Court modify the time of the hearing of the matters in this case from 2:30 to 3:00 pm. Counsel has a tight schedule that afternoon with other matters, and might be slightly late for the 2:30 hearing time, even appearing remotely.

DATED: October 30, 2026 HAIGHT BROWN & BONESTEEL LLP

By: */s/ William E. Ireland*
William E. Ireland
Attorneys for Creditor
Central Bank & Trust Co.

Haight

Haight

**PROOF OF SERVICE**

In Re Douglas Alan Wain; Elisa Wain

Case No. 1:24-bk-11814

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 555 South Flower Street, Forty-Fifth Floor, Los Angeles, CA 90071.

On October 30, 2026, I served true copies of the following document(s) described as **Creditor's Notice of Withdrawal** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address wireland@hbblaw.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 30, 2026, at Los Angeles, California.

*William Ireland*

William Ireland

**SERVICE LIST**
**In Re Douglas Alan Wain; Elisa Wain**
**Case No. 1:24-bk-11814**

Douglas Wain
Elisa Wain
P.O. Box 7473
Westlake Village, CA 91359

Tel: 859.494.3677
douglaswain@gmail.com

***Plaintiffs in Pro Per***

Haight

# EXHIBIT X

Claims Register, Case No. 1:24-bk-11814-MB, printed October 30, 2026

# Central District of California
# Claims Register

1:24-bk-11814-MB Douglas Alan Wain and Elisa Wain

**Judge:** Martin R. Barash
**Office:** San Fernando Valley
**Trustee:** Elizabeth (SV) F Rojas (TR)

**Chapter:** 13
**Last Date to file claims:** 01/08/2025
**Last Date to file (Govt):** 04/28/2025

*Creditor:* (42202564)
Central Bank & Trust Co.
300 W Vine Street
Lexington Kentucky 40507

**Claim No: 1**
*Original Filed Date*: 12/20/2024
*Original Entered Date*: 12/20/2024
*Last Amendment Filed*: 10/30/2026
*Last Amendment Entered*: 10/30/2026

*Status:*
*Filed by:* CR
*Entered by:* William E Ireland
*Modified:*

Amount claimed: $0.00

*History:*

| | | | |
|---|---|---|---|
| Details | 1-1 | 12/20/2024 | Claim #1 filed by Central Bank & Trust Co., Amount claimed: $357990.91 (Ireland, William) |
| | 38 | 04/27/2025 | Motion RE: Objection to Claim Number 1 by Claimant Central Bank & Trust Co.. Filed by Debtor Douglas Alan Wain , Joint Debtor Elisa Wain [EDB FILING] (JC) |
| Details | 1-2 | 09/21/2026 | Amended Claim #1 filed by Central Bank & Trust Co., Amount claimed: $357990.91 (Ireland, William) |
| Details | 1-3 | 10/30/2026 | Amended Claim #1 filed by Central Bank & Trust Co., Amount claimed: $0.00 (Ireland, William) |

*Description:* (1-1) Proof of Claim
(1-2) Amends prior claim
(1-3) Withdrawing claim

*Remarks:* (1-3) Withdrawing claim

*Creditor:* (42286203)
Bank of America, N.A.
PO Box 673033
Dallas, TX 75267-3033

**Claim No: 2**
*Original Filed Date*: 01/06/2025
*Original Entered Date*: 01/06/2025
*Last Amendment Filed*: 02/28/2025
*Last Amendment Entered*: 02/28/2025

*Status:*
*Filed by:* CR
*Entered by:* Jeffrey Randall
*Modified:*

Amount claimed: $12434.37
Secured claimed: $0.00
Priority claimed: $0.00

*History:*

| | | | |
|---|---|---|---|
| Details | 2-1 | 01/06/2025 | Claim #2 filed by Bank of America, N.A., Amount claimed: $12434.37 (Myers, Elliott) |
| Details | 2-2 | 02/28/2025 | Amended Claim #2 filed by Bank of America, N.A., Amount claimed: $12434.37 (Randall, Jeffrey) |
| | 35 | 02/28/2025 | Motion RE: Objection to Claim Number 2 by Claimant Bank of America. Filed by Debtor Douglas Alan Wain , Joint Debtor Elisa Wain [EDB FILING] (JC) |

*Description:*

*Remarks:*

# Claims Register Summary

**Case Name:** Douglas Alan Wain and Elisa Wain
**Case Number:** 1:24-bk-11814-MB
**Chapter:** 13
**Date Filed:** 10/30/2024
**Total Number Of Claims:** 2

| | |
|---|---|
| **Total Amount Claimed*** | $12434.37 |
| **Total Amount Allowed*** | |

*Includes general unsecured claims

**The values are reflective of the data entered. Always refer to claim documents for actual amounts.**

| | Claimed | Allowed |
|---|---|---|
| **Secured** | $0.00 | |
| **Priority** | $0.00 | |
| **Administrative** | | |

---

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 10/30/2026 22:42:11 | | | |
| **PACER Login:** | douglaswain | **Client Code:** | |
| **Description:** | Claims Register | **Search Criteria:** | 1:24-bk-11814-MB Filed or Entered From: 1/1/1900 Filed or Entered To: 10/30/2026 |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |

# EXHIBIT Y

CBT Response to Motion to Dismiss Counterclaim, E.D. Ky. No. 5:23-cv-00139-REW, Doc. 23

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LEXINGTON DIVISION**

DOUGLAS A. WAIN and ELISA WAIN,

PLAINTIFFS

v.

CIVIL ACTION NO. 5:23-cv-00139-REW

CENTRAL BANK & TRUST CO., EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., and TRANS UNION, LLC

DEFENDANTS.

---

**CENTRAL BANK & TRUST CO.'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS COUNTERCLAIM**

---

Defendant Central Bank & Trust Co. ("Central Bank"), by counsel, respectfully submits the following response to the Motion to Dismiss Counterclaim [ECF No. 20] ("Motion") filed by Plaintiffs Douglas A. Wain and Elisa Wain ("Wains") and states as follows:

## INTRODUCTION

The Court should deny the Wains' Motion for multiple reasons. First, because the Court, at this stage in the litigation, must assume the veracity of all well-pled factual allegations, Central Bank has adequately pled a counterclaim for setoff or recoupment. Nothing more is required, so the Court must reject the Motion. Second, the Wains have mischaracterized the factual background of the parties' related litigation to try and maintain this Fair Credit Reporting Act ("FCRA") case

against the sole remaining defendant.[1] While Central Bank has secured a judgment ("Judgment")[2] against the Wains, Central Bank has, through no fault of its own, been unable to receive any proceeds of the property sale that was the subject of the foreclosure action in Fayette Circuit Court.

The Wains themselves have been directly involved in the delay of Central Bank's recovery. The Wains appealed the Judgment to Kentucky's Court of Appeals, which affirmed the Judgment on November 4, 2022. The Wains have since moved the Kentucky Supreme Court for discretionary review, and that motion remains pending. Meanwhile, the Wains have opposed the claims of the other party to the foreclosure action—from 2021 to the present—so the foreclosure action remains pending, too. That party asserts an interest senior to Central Bank in the sale proceeds of the foreclosure sale, so until the Fayette Circuit Court reaches a final determination of the extent and priority of the lien interests, the sale proceeds will remain inaccessible to Central Bank. As a result, the Wains remain significantly indebted to Central Bank, and so Central Bank is entitled to a setoff or recoupment based on this indebtedness. Central Bank has set forth more than sufficient facts to state a plausible claim for relief. Therefore, the Motion must be denied.

## BACKGROUND

This matter can be traced to a 2019 foreclosure action initiated by Central Bank against the Wains. Central Bank filed that action in Fayette Circuit Court after the Wains failed to make payments due to Central Bank on a home equity line of credit and mortgage. The Wains, however,

[1] Furthermore, Central Bank believes the Wains' affirmative claims lack any merit. Indeed, federal courts are growing increasingly skeptical of FCRA claims like the Wains. *Ostreicher v. Chase Bank United States, N.A.*, No. 19-CV-8175 (CS), 2020 U.S. Dist. LEXIS 217024, at *14-15 (S.D.N.Y. Nov. 19, 2020). ("The FCRA was enacted to remedy real abuses in credit reporting, not for imaginative attorneys to advance farfetched, if not absurd, interpretations of the statute on behalf of unharmed debtors. The statute is a shield for debtors, not a sword for lawyers.")

[2] A copy of the Judgment is attached as Exhibit 1 to Central Bank's Answer and Counterclaim and incorporated by reference therein. (*See* ECF No. 17-1).

had also granted another mortgage to another entity, not just Central Bank. In light of the difficulties posed by COVID-19 in early 2020, Central Bank promptly moved for judgment upon its claims on July 13, 2020. Upon the request of the Wains, Central Bank delayed the hearing of this motion for several months, until December 11, 2020, when the Trial Court ruled in favor of Central Bank.

On January 20, 2021, the Trial Court entered the Judgment in favor of Central Bank. (ECF No. 17-1). The Judgment awarded Central Bank the amount of $358,412.72, plus interest from March 6, 2019, until paid, plus costs expended and attorneys' fees. The Judgment directed the Fayette Circuit Court Master Commissioner ("Master Commissioner") to sell the Property on February 8, 2021, but it recognized that Central Bank's mortgage interest was subject to the senior mortgage interest held, at that time, by NewRez LLC d/b/a Shellpoint Mortgage Servicing ("NewRez").

On March 12, 2021, the Court entered an order confirming the report of the sale, for delivery of the deed, and partial distribution of proceeds ("Partial Distribution Order"). (A copy of the Partial Distribution Order is attached as **Exh. 1**). This order left the remainder of the proceeds—$605,035.42—with the Master Commissioner "until further Order of the Court." (emphasis added). The Partial Distribution Order further provided that "the mortgage liens of Central Bank and NewRez ... shall attach to the sale proceeds held by the Mortgage Commissioner in the priority order of the original mortgage liens of each lender." At the time, however, NewRez had not even entered the case, so there could be no immediate determination of proper distribution.

Following the entry of the Sale Order, NewRez was substituted in place of the prior holder of the mortgage and filed an Amended Answer and Crossclaim. (A copy of the Amended Answer

and Crossclaim is attached as **Exh. 2**). In it, NewRez alleged it was owned $324,261.97 in principal, plus interest at the rate of 5.75 percent from July 1, 2019, plus a deferred principal of $106,431.58, plus late fees, costs, and expenses, including attorneys' fees on the mortgage debt owed by the Wains. The Wains filed an Answer generally denying NewRez's Crossclaim. The Wains raised affirmative defenses, including that the Crossclaim violated the federal foreclosure moratorium. The Wains and NewRez engaged in discovery through November 2021, but there was no resolution regarding the interest, if any of NewRez, to the proceeds of the sale. Central Bank's interest to the sale proceeds, therefore, remained unresolved, and the proceeds remained with the Master Commissioner.

On *June 6, 2023*, NewRez's mortgage interest remained unresolved, and it was transferred again. U.S. Bank Trust National Association, Not in its Individual Capacity but Solely as Owner Trustee for RCF 2 Acquisition Trust ("U.S. Bank") was substituted for NewRez. On July 3, 2023, U.S. Bank moved for summary judgment against the Wains to enforce its mortgage interests. (A copy of the U.S. Bank's Motion for Summary Judgment is attached as **Exh. 3**). U.S. Bank seeks an award from the remaining sale proceeds being held by the Master Commissioner. Before including interest, late fees, or attorney's fees *since July 2019*, U.S. Bank seeks to recover a minimum of $430,693.55. This would leave $174,341.90 in sale proceeds for Central Bank—less than half of the face amount of the Judgment. The Wains have opposed U.S. Bank's motion for summary judgment. (A copy of their response is attached as **Exh. 4**). In opposing the motion, the Wains argue that discovery is necessary, including a deposition of U.S. Bank, and, alternatively, that U.S. Bank has unreasonably delayed in seeking judgment.

This Court need not, and should not, make a prediction about how the Fayette Circuit Court will distribute the proceeds held by the Master Commissioner. U.S. Bank's motion for summary judgment is scheduled to be heard on August 25, 2023. At that same hearing, Central Bank's motion for proceeds from the sale will be heard as well. The Fayette Circuit Court specifically passed on ruling on any distribution to Central Bank until resolving *U.S. Bank's* summary judgment motion. Until the Fayette Circuit Court has ruled upon the mortgage interest now held by U.S. Bank, the Master Commissioner will continue to hold the sale proceeds.

**STANDARD OF REVIEW**

When a civil defendant, including a counterclaim defendant, files a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must determine whether the pleading alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

This standard is satisfied when a counterclaim plaintiff, such as Central Bank, "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. A complaint falls short if it pleads facts "'merely consistent with' a defendant's liability,'" *id.* at 678 (quoting Twombly, 550 U.S. at 557), or if the alleged facts do not "permit the court to infer more than the mere possibility of misconduct." *Id.* at 679. Instead, the allegations must "show[ ] that the pleader is entitled to relief." Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). However, the Court must construe the pleading "in the light most favorable to the plaintiff, accept its allegations as true, and draw all inferences in favor of the plaintiff." *DirectTV, Inc., v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

## ARGUMENT

The Wains do not mention or even acknowledge the standard applicable to motions to dismiss under Rule 12(b)(6).[3] The standard does not, as the Wains seem to suggest, require that Central Bank prove that it is entitled to its claim.[4] Instead, this standard, as set forth above, requires only that Central Bank *allege* sufficient facts to make out a plausible claim for setoff or recoupment. Rather than confront this standard, the Wains attempt to argue that Central Bank is not entitled to the relief sought by simply disputing the facts underlying Central Bank's claim. The Court must look to what Central Bank has alleged, view it in the light most favorable to Central Bank, and determine whether Central Bank has stated a *plausible* claim for relief. Under this, the appropriate standard, Central Bank has stated a plausible claim for setoff or recoupment.

Central Bank clearly alleges the elements for recoupment or setoff. "Recoupment allows a defendant to defend against a claim by asserting—up to the amount of the claim—the defendant's own claim against the plaintiff growing out of the same transaction." *RL BB Acquisition, LLC v. Bridgemill Commons Dev. Grp., LLC*, 754 F.3d 380, 387 (6th Cir. 2014). Central Bank alleges the existence of a claim against the Wains and the Wains' indebtedness to Central Bank. The Wains do not deny the existence of this claim or their indebtedness to Central Bank. The Wains only argue that the amount of Central Bank's claim or their indebtedness should have been reduced if Central Bank had acted differently.

---

[3] Likewise, the Wains do not mention what is occurring in Fayette Circuit Court, of which they are well aware and in which they are active participants. The unresolved determination of the other mortgage holder's interest is a key reason that no sale proceeds have been distributed, and the Wains have been directly involved in all of these proceedings. They know or should know the sale proceeds held by the Master Commissioner are woefully insufficient to pay Central Bank the entire debt due under the Judgment.

[4] Nevertheless, the documentary evidence attached here and to the Answer and Counterclaim, however, set forth Central Bank's entitlement to the relief sought.

As set forth above, Central Bank has not had an opportunity to reduce the amount owed by the Wains by obtaining the proceeds from the sale of the Wains' property. Central Bank has been denied this opportunity by factors beyond its control, but the primary factor has been the delay caused by the Wains. They appealed the Judgment, and since 2021, they have opposed the claims made by the other mortgage holder, now U.S. Bank, in the subject property and the proceeds from its sale. The Wains' own conduct has directly delayed the adjudication of the interests of U.S. Bank. As a result, Fayette Circuit Court still must determine the amount and priority of the interest claimed by U.S. Bank. The earliest this determination will be made is August 25, 2023. Despite the Wains' contentions, the Fayette Circuit Court's determination could result in Central Bank receiving only a limited distribution of sale proceeds and having only partially satisfied the Judgment. In short, the Wains would remain indebted to Central Bank, and Central Bank would remain entitled to setoff this amount against any liability imposed against it.

Regardless, under the standard applicable to a Rule 12(b)(6) motion, the Court must accept Central Bank's allegations as true, not the allegations offered by the Wains. Central Bank's allegations, accepted as true, set forth a plausible claim for setoff or recoupment. Central Bank's Counterclaim sets forth that the basis of the Wains' indebtedness, that this indebtedness remains unsatisfied, including that the Fayette Circuit Court has not approved any distribution to Central Bank from the Master Commissioner, and that this indebtedness may defeat or diminish any liability imposed on Central Bank. These are sufficient allegations under Rule 12(b)(6). Accordingly, the Motion must be denied.

## CONCLUSION

Central Bank sufficient facts to state a viable claim for setoff or recoupment. Additionally, the factual issues raised in the Wains' Motion will be impacted by determinations to be made by the Fayette Circuit Court in the coming days. For these reasons, the Court should deny the Motion.

Respectfully submitted,

*/s/ Timothy R. Wiseman*

Gregory D. Pavey (Ky. Bar. No. 81049)
Timothy R. Wiseman (Ky. Bar No. 95072)
Stoll Keenon Ogden PLLC
300 West Vine Street, Suite 2100
Lexington, KY 40507-1380
greg.pavey@skofirm.com
tim.wiseman@skofirm.com
Phone: (859) 231-3000
Fax: (859) 246-3673
*Counsel for Defendant,*
*Central Bank & Trust Co.*

## CERTIFICATE OF SERVICE

This is to certify that on August 24, 2023, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all registered parties.

*/s/ Timothy R. Wiseman*

*Counsel for Defendant,*
*Central Bank & Trust Co.*