William E. Ireland (Bar No. 115600)
*wireland@hbblaw.com*
HAIGHT BROWN & BONESTEEL LLP
555 South Flower Street, Forty-Fifth Floor
Los Angeles, California 90071
Telephone: 213.542.8000
Facsimile: 213.542.8100

Attorneys for Defendant
Central Bank & Trust Co.

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re:<br><br>Douglas Alan Wain, Elisa Wain,<br><br>Debtors<br><br>DOUGLAS ALAN WAIN and ELISA WAIN<br><br>Plaintiffs<br>v.<br><br>CENTRAL BANK & TRUST CO.<br><br>Defendant | CASE NO. 1:24-bk-11814-MB<br><br>CHAPTER 13<br><br>JUDGE Martin R. Barash<br><br>Adv. Proc. No. 1:25-ap-01026-MB<br><br>**DEFENDANT CENTRAL BANK & TRUST, CO.'S RESPONSE IN OPPOSITION TO DEBTORS' SECOND SUPPLEMENTAL BRIEF**<br><br>HEARING<br>Date: November 19, 2026<br>Time: 2:30 p.m.<br>Courtroom: 303 / Zoom Gov<br>Address: 21041 Burbank Blvd.<br>Woodland Hills. CA 91367 |

**TO THE COURT AND THE DEBTORS/PLAINTIFFS:**

Central Bank & Trust Co. ("Central Bank" or "CBT"), by and through undersigned counsel, respectfully submits this opposition to the Second Supplemental Brief ("Brief") filed by self-represented Plaintiffs / Debtors, Douglas Wain and Elisa

Haight

Wain ("Plaintiffs" or "Wains") in support of their Objection (Doc. 38) to the now withdrawn claim of Central Bank.

Central Bank, the Debtors' only creditor, seeks to withdraw Proof of Claim No. 1 under Bankruptcy Rule 3006 and waive any participation in distributions under the Chapter 13 plan. The Debtors have failed to demonstrate the type of legal prejudice that would justify denying withdrawal of Claim No. 1. While Rule 3006 requires court approval where, as here, an objection to claim or adversary proceeding is pending, courts generally focus on whether the nonmoving party will suffer actual legal prejudice, not whether it will lose an opportunity to obtain further merits rulings or tactical advantages. *See In re Ogden New York Servs., Inc.*, 312 B.R. 729, 732 (S.D.N.Y. 2004) ("In general, withdrawal should be granted unless the party opposing the motion can demonstrate that it would be legally prejudiced by the withdrawal.")

The Debtors identify no concrete harm that would result from withdrawal. Instead, their opposition is largely an effort to obtain substantive rulings regarding the validity of the debt and the parties' rights outside the claims-allowance process. The Debtors cannot use Bankruptcy Rule 3006 as a vehicle for adjudicating all disputes between the parties or obtaining affirmative relief. Because the Wains cannot demonstrate how they would be legal prejudiced, the claim should be withdrawn.

As the Court is well aware, Central Bank is the Debtors' only creditor. With the withdrawal of the claim, no creditor will remain whose interests require administration through Chapter 13. There will be no claims to allow, no claims to

Haight

disallow, and no creditors to be paid through a plan administered by a Chapter 13 Trustee. In other words, there is no longer a discernible bankruptcy purpose. The Wains would have this Court expend its judicial resources on a bankruptcy proceeding that no longer has any meaningful connection to the core purposes of Chapter 13. Requiring the parties and the Court to continue litigating issues relating to a claim that the claimant no longer seeks to assert would constitute a substantial and unnecessary expenditure of judicial resources with no corresponding benefit to creditors, the estate, or the bankruptcy system.

Accordingly, the Court should approve withdrawal of Claim No. 1 without imposing any of the conditions suggested by the Wains. In addition, the Court should consider whether cause exists to dismiss the case, certainly the adversary proceeding, following withdrawal. This matter has generated extensive litigation concerning a claim that Central Bank no longer wishes to pursue. Once that claim is withdrawn, the Court will be left with a bankruptcy case in name only. At that point, continuation of the case really serves only one purpose: preserving a forum for further litigation between the debtors and a creditor that has elected to withdraw from the claims process. That is not the purpose of bankruptcy courts. Judicial economy weighs strongly in favor of ending this proceeding once withdrawal is approved.

In short, once Central Bank withdraws its claim, there is nothing left to address under Chapter 13. The Bankruptcy Code does not require the Court to maintain an action merely to facilitate continued litigation that can proceed, if at all, outside of

bankruptcy. This Court should not be required to devote further judicial resources to administering a Chapter 13 case whose sole creditor no longer seeks relief from the estate and whose continued existence serves no bankruptcy purpose.

DATED: November 10, 2026 HAIGHT BROWN & BONESTEEL LLP

By: *_____/s/ William E. Ireland_______________*
William E. Ireland
Attorneys for Defendant
CENTRAL BANK & TRUST CO.

Haight

Haight

# PROOF OF SERVICE

In Re Douglas Alan Wain; Elisa Wain

Case No. 1:24-bk-11814

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 555 South Flower Street, Forty-Fifth Floor, Los Angeles, CA 90071.

On November 10, 2026, I served true copies of the following document(s) described as on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address jsoto@hbblaw.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 10, 2026, at Los Angeles, California.

*Jennifer Soto*

Jennifer Soto

**SERVICE LIST**
**In Re Douglas Alan Wain; Elisa Wain**
**Case No. 1:24-bk-11814**

Douglas Wain
Elisa Wain
P.O. Box 7473
Westlake Village, CA 91359

Tel: 859.494.3677
douglaswain@gmail.com

***Plaintiffs in Pro Per***

Haight