DOUGLAS A. WAIN
ELISA WAIN
P.O. Box 7473
Westlake Village, CA 91359
Telephone: (859) 494-3677
Email: douglaswain@gmail.com
Debtors in Pro Per

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| **In re**<br><br>**DOUGLAS ALAN WAIN and ELISA WAIN,**<br><br>**Debtors.**<br>________________________________<br><br>**DOUGLAS ALAN WAIN and ELISA WAIN,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**CENTRAL BANK & TRUST CO.,**<br><br>**Defendant.** | **Case No. 1:24-bk-11814-MB**<br><br>**Chapter 13**<br><br>**Related Adv. No. 1:25-ap-01026-MB**<br><br>**DEBTORS' REPLY TO CENTRAL BANK & TRUST CO.'S RESPONSE IN OPPOSITION TO DEBTORS' SECOND SUPPLEMENTAL BRIEF (ADV. DOC. 119)**<br><br>**Hon. Martin R. Barash**<br><br>**Hearing: November 19, 2026, 2:30 p.m.**<br><br>**Courtroom 303, 21041 Burbank Blvd. Woodland Hills, CA 91367 / Via ZoomGov** |

**TO THE HONORABLE MARTIN R. BARASH, UNITED STATES BANKRUPTCY JUDGE, THE CHAPTER 13 TRUSTEE, AND ALL PARTIES IN INTEREST:**

Debtors Douglas A. Wain and Elisa Wain reply briefly to Defendant Central Bank & Trust Co.'s Response in Opposition to Debtors' Second Supplemental Brief, filed November 10, 2026 (Adv. Doc. 121) (the "Response").

## I. CBT AGREES THAT IT CANNOT WITHDRAW CLAIM NO. 1 WITHOUT AN ORDER, BUT IT HAS NOT ASKED FOR ONE

CBT now concedes that "Rule 3006 requires court approval where, as here, an objection to claim or adversary proceeding is pending." (Response at 2:8–10.) Its October 30, 2026 Notice of Withdrawal (Adv. Doc. 118) therefore withdrew nothing.

CBT still has not filed a motion. Relief in a contested matter "must be requested by motion," Fed. R. Bankr. P. 9014(a), and a creditor may withdraw a claim subject to an objection only by court order "after notice and a hearing," with notice of the hearing served on the trustee. Fed. R. Bankr. P. 3006(a), (b). The Response is not a motion, and according to its own service list it was served only on Debtors, not on the Chapter 13 Trustee. (Response, Service List.) No request to withdraw Claim No. 1 is properly before the Court. Until one is, Claim No. 1 remains subject to Debtors' Objection (Doc. 38), and the Court may sustain the Objection on CBT's own sworn statement that its claim as of the petition date is $0.00. (Adv. Doc. 119, Part III.A; Ex. V.)

## II. DISMISSAL OF THE CASE OR THE ADVERSARY PROCEEDING IS NOT BEFORE THE COURT

The Response asks the Court to "consider whether cause exists to dismiss the case, certainly the adversary proceeding." (Response at 3:14–15.) Dismissal of a Chapter 13 case under 11 U.S.C. § 1307(c) may be ordered only "on request of a party in interest or the United States trustee and after notice and a hearing." A proceeding to dismiss a case is a contested matter governed by Fed. R. Bankr. P. 9014. Fed. R. Bankr. P. 1017(f)(1). Rule 9014 requires a motion, Fed. R. Bankr. P. 9014(a), served in the manner provided by Fed. R. Bankr. P. 7004. Fed. R. Bankr. P. 9014(b)(1). No such motion has been filed or served, and the Trustee has not been served with the Response.

Dismissal of the adversary proceeding likewise requires a properly noticed motion. Debtors do not consent to dismissal of either, and respectfully request that the Court not dismiss the case or the adversary proceeding at the November 19, 2026 hearing.

## III. DEBTORS WOULD SUFFER CONCRETE LEGAL PREJUDICE

CBT says Debtors "identify no concrete harm." (Response at 2:17.) The harm is specific.

*First,* the Response shows what CBT seeks: an unconditional withdrawal of its claim followed by dismissal of the case and the adversary proceeding. (Response at 3:12–24.) That sequence would end this case with no determination of Claim No. 1 under 11 U.S.C. § 502 and no discharge under 11 U.S.C. § 1328(a). A Chapter 13 discharge reaches debts "provided for by the plan or disallowed under section 502." 11 U.S.C. § 1328(a). A withdrawal limited to "this BK," followed by dismissal, would leave Debtors with neither. Debtors have made every plan payment for twenty-four consecutive months. (Adv. Doc. 119, Wain Decl. ¶ 6.) That loss of a § 502 determination and of the discharge — not the prospect of further litigation — is the legal prejudice that withdrawal followed by dismissal would cause.

*Second,* CBT has not given up the debt. Claim No. 1-3 abandons the claim only "in this BK." (Adv. Doc. 119, Ex. V.) CBT maintains a setoff counterclaim on the same obligation in *Wain v. Central Bank & Trust Co.*, No. 5:23-cv-00139-REW (E.D. Ky.). (Adv. Doc. 119, Ex. Y.) Yet in Claim No. 1-3 CBT also swore that its claim is not subject to any right of setoff. (Adv. Doc. 119, Ex. V at 2, Line 11.) The Response does not deny that CBT intends to pursue the obligation elsewhere, and offers no explanation for a $0.00 claim sworn under penalty of perjury.

*Third,* the Response cites only non-binding authority from outside this Circuit. (Response at 2:13–16.) Even under the standard CBT invokes, and whatever weight the Court gives Debtors' litigation expense, the Court decides the terms of any withdrawal. Its order "may contain any terms and conditions the court considers proper," Fed. R. Bankr. P. 3006(b), and Federal Rule of Civil

Procedure 41(a)(2), which applies in contested matters, Fed. R. Bankr. P. 9014(c)(1), permits dismissal after an answer only "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Those terms take account of the effort and expense the opposing party has incurred, the stage of the proceeding, and the adequacy of the movant's explanation. (Adv. Doc. 119, Part III.C.)

CBT's own authority applies those same factors and requires that the Court's discretion be "exercised with due regard to the legitimate interests of both [parties]." *In re Ogden New York Servs., Inc.*, 312 B.R. 729, 732 (S.D.N.Y. 2004) (quotation omitted). *Ogden* bears no resemblance to this case. There, the creditor had filed a "protective" claim, had "not been involved in the . . . bankruptcy case at all," no discovery had taken place, and "[w]ithdrawal of the Proof of Claim [would] not affect [the debtor's] ability to pursue the claims asserted in the adversarial proceeding." *Id.* at 733. Here, CBT pressed a $357,990.91 claim for two years, amended it twice, litigated discovery and dispositive motions, and now asks that withdrawal be followed by dismissal of Debtors' adversary proceeding.

Under the very standard CBT invokes, Debtors have shown legal prejudice. CBT seeks withdrawal followed by dismissal, which would cost Debtors the § 502 determination of Claim No. 1 and the discharge they have earned with twenty-four consecutive plan payments. That is not merely the prospect of a second lawsuit; it is the loss of a determination and a discharge that only this Court can provide.

Each points the same way. Debtors have litigated Claim No. 1 for eighteen months, through written discovery, five deposition efforts, motion practice, and eleven hearing transcripts. At the September 24, 2026 hearing, CBT's counsel proposed that "my client prepare an amended -- second amended proof of claim, which would then be submitted, then the Wains can engage with . . . the Court," and undertook to file it "in the very near future." (Sept. 24, 2026 Hr'g Tr. 7:22–8:3, 9:18–21 (Adv. Doc. 112).) CBT instead filed a claim of $0.00 on the deadline, after declining in discovery

to state whether it contends any deficiency exists (Adv. Doc. 80, CBT's Aug. 5, 2026 Responses to Interrogatories, No. 6), and it still offers no explanation.

*Fourth,* Debtors have expressly reserved all rights to seek costs, sanctions, damages, or other relief arising from CBT's filing and prosecution of Claim No. 1 for nearly two years before swearing that the claim was $0.00 as of the petition date. (Adv. Doc. 119, Part III.F.) Any order permitting withdrawal or dismissing either proceeding should state that it is without prejudice to those rights and that the Court retains jurisdiction to address them.

## IV. CBT IS NOT THE ONLY CLAIM ON THE REGISTER, AND THE ADVERSARY PROCEEDING IS NOT LIMITED TO CBT'S CLAIM

The Response describes CBT as "the Debtors' only creditor." (Response at 2:25.) The claims register still lists Claim No. 2 (Bank of America, N.A.) at $12,434.37. The Court granted Debtors' objection to that claim on May 1, 2025 (Doc. 42), and Debtors lodged a proposed order (Doc. 90), but no order has yet been entered. (Adv. Doc. 119, Ex. X.)

The adversary proceeding also seeks affirmative relief against CBT, not only disallowance of its claim. (Adv. Doc. 1.) At the September 24, 2026 hearing, when CBT argued that those claims could simply be stripped from this proceeding, the Court responded, "I don't think it works that way," and observed that the non-core status of a claim "doesn't mean the Court can just jettison those claims," adding, "Not sure I have a choice." (Hr'g Tr. 33:13–14, 34:19–20, 36:6.) CBT's withdrawal of its own claim does not dispose of Debtors' claims against it.

## V. RELIEF REQUESTED

Debtors respectfully request that the Court:

1. Sustain the Objection (Doc. 38) and disallow Claim No. 1, as amended by Claim Nos. 1-2 and 1-3, under 11 U.S.C. § 502(b), as requested in Adv. Doc. 119;

2. In the alternative, permit withdrawal of Claim No. 1 only by order, after a properly noticed motion served on the Trustee, with prejudice and on the terms stated in Adv. Doc. 119, Part III.H, including CBT's stated waiver of "any participation in distributions under the Chapter 13 plan" (Response at 2:4–6);

3. In any event, state in any order permitting withdrawal CBT's waiver of "any participation in distributions under the Chapter 13 plan" (Response at 2:4–6);

4. Decline to dismiss this case or the adversary proceeding absent a properly filed and served motion and an opportunity for Debtors to respond;

5. State that any order permitting withdrawal or dismissing this case or the adversary proceeding is without prejudice to Debtors' reserved rights (Adv. Doc. 119, Part III.F), and that the Court retains jurisdiction over them; and

6. Grant such further relief as is just.

DATED: November 12, 2026

Douglas A. Wain
Debtor, Pro Per

Elisa Wain
Debtor, Pro Per

**PROOF OF SERVICE**

I am over the age of 18. My mailing address is P.O. Box 7473, Westlake Village, California 91359. On November 12, 2026, I served the following document:

**DEBTORS' REPLY TO CENTRAL BANK & TRUST CO.'S RESPONSE IN OPPOSITION TO DEBTORS' SECOND SUPPLEMENTAL BRIEF (ADV. DOC. 119)**

on the following persons by the methods indicated:

**1. Counsel for Creditor/Defendant Central Bank & Trust Co.**

William E. Ireland, Esq. (wireland@hbblaw.com)
Jennifer Soto (jsoto@hbblaw.com)
HAIGHT BROWN & BONESTEEL LLP
555 South Flower Street, Forty-Fifth Floor
Los Angeles, California 90071

[X] By Email: I caused the document to be transmitted to the email addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[X] By U.S. Mail: I placed a true copy in a sealed envelope, first-class postage fully prepaid, addressed as above, and deposited it with the United States Postal Service at Bradenton, Florida.

**2. Chapter 13 Trustee (Fed. R. Bankr. P. 3006(b))**

Elizabeth F. Rojas, Chapter 13 Trustee
15260 Ventura Blvd., Suite 830
Sherman Oaks, California 91403

[X] By U.S. Mail: I placed a true copy in a sealed envelope, first-class postage fully prepaid, addressed as above, and deposited it with the United States Postal Service at Bradenton, Florida.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 12, 2026, at Bradenton, Florida.

Douglas A. Wain
Debtor, Pro Per