FILED & ENTERED

NOV 18 2026

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Cetulio DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re:<br><br>DOUGLAS ALAN WAIN and ELISA WAIN,<br><br>Debtors. | Case No.: 1:24-bk-11814-MB<br><br>Chapter 13<br><br>Adv. Proc. No.: 1:25-ap-01026-MB |
| DOUGLAS ALAN WAIN and ELISA WAIN,<br><br>Plaintiffs,<br><br>vs.<br><br>CENTRAL BANK & TRUST, CO.,<br><br>Defendant. | **ORDER DENYING PLAINTIFFS' "REVISED MOTION FOR SUMMARY JUDGMENT" [ADV. DKT. 8]** |

On July 8, 2025, chapter 13 debtors and plaintiffs Douglas Alan Wain and Elisa Wain (the "Plaintiffs") filed their *Motion for Summary Judgment* which includes the declaration of Douglas A. Wain. Adv. Dkt. 5. The Court entered an order requiring the Plaintiffs to comply with Local Bankruptcy Rule 7056-1(b)(2)(B) and file a separate statement of uncontroverted facts identifying "each of the specific material facts relied upon in support of the motion and [citing] the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission or other document relied upon to establish each such fact." Adv. Dkt. 6; LBR 7056-1(b)(2)(B). The Plaintiffs responded by filing a *Revised Motion for Summary Judgment* (the "Motion"), *Statement of Uncontroverted Facts and Conclusions of Law*, *Declaration of Douglas Wain*, and a compendium of exhibits. Adv. Dkt. 8, 9, 11, 12. Defendant Central Bank and Trust, Co. ("Defendant") opposes the Motion based on its Opposition and Statement of Genuine Issues. Adv. Dkt. 16, 17. As evidence in opposition to the Motion, the Defendant relies on the evidence it filed with its proof of claim in the underlying bankruptcy case. Proof of Claim #1. Plaintiffs filed a reply in support of their Motion. Adv. Dkt. 18.

On November 19, 2025, the Court issued the following tentative ruling, requiring supplemental briefing from the parties and continuing the hearing on the Motion:

> Debtors' Motion for Summary Judgment challenges the validity and enforceability of Central Bank's proof of claim number 1 (the "Claim"). The Claim is based on a January 20, 2021 "Partial Summary Judgment, Judgment on the Pleadings, and Order of Sale" with a monetary award for $358,412.72 in favor of Central Bank, and against Debtors, entered by a Kentucky state court (the "Kentucky Judgment"). Pursuant to a March 7, 2024, Kentucky state court order, the amount of the Claim was reduced by $66,884.60, which is the amount of foreclosure sale proceeds the Kentucky trial court ordered to be distributed to Central Bank on account of its junior lien. "Under the Full Faith and Credit Act, 28 U.S.C. § 1738, the preclusive effect of a state court judgment in a subsequent bankruptcy proceeding is

> determined by the preclusion law of the state in which the judgment was issued." *Harmon v. Kobrin (In re Harmon)*, 250 F.3d 1240, 1245 (9th Cir. 2001). Thus, the preclusive effect of the Kentucky Judgment is determined by Kentucky preclusion law.
>
> Central Bank's opposition to the Motion for Summary Judgment does not brief Kentucky preclusion law. The hearing is continued to January 29, 2026, at 2:30 p.m. No later than January 8, 2026, Central Bank shall file a supplemental brief addressing the elements of Kentucky preclusion law and briefing whether this Court is bound by the Kentucky Judgment. Debtors' supplemental reply brief shall be filed no later than January 22, 2026.

November 19, 2025, Tentative Ruling.

The parties timely filed their supplemental briefs and, on January 30, 2026, presented oral argument regarding the Motion. The parties' arguments centered on various Kentucky state court orders and pleadings which were not filed in the adversary proceeding, and only filed in the underlying bankruptcy case (either on the main case docket or attached to Defendant's Proof of Claim). Therefore, the Court ordered both sides to file in the adversary proceeding any supplemental evidence on which they relied. The Court expressly prohibited any further legal briefing.

The parties filed their supplemental evidence on February 12, 2026, and February 20, 2026. Adv. Dkt. 31, 32. Additionally, the Plaintiffs filed their *Motion for Leave to File Supplemental Brief*, which includes as an exhibit an additional 35-page brief (the "2026 Supplemental Brief") in support of their Motion. Adv. Dkt. 30.[1] The Court conducted a second hearing on the Motion on

---

[1] As detailed below, Plaintiffs' proposed 2026 Supplemental Brief includes several false or ghost citations and, to the extent it offers citations to actual cases not cited in the Motion and reply brief, those cases are wholly irrelevant to the issues raised in this adversary. As such, the Court will deny Plaintiffs' request to file the 2026 Supplemental Brief.

March 5, 2026, at which the parties presented their arguments based on the supplemental evidence. The Motion is now ripe for decision.

## I. BACKGROUND

### A. **Prepetition Litigation Between the Parties**

The Court finds the following facts are undisputed.

In 2019 the Defendant filed a state court foreclosure action against the Plaintiffs in Kentucky, alleging that they were in default in the amount of $358,412 on a home equity line of credit secured by their real property located at 2711 Barbados Lane, Lexington, Fayette County, Kentucky (the "Property").[2] The state court entered a "Partial Summary Judgment, Judgment on the Pleadings, and Order of Sale" in favor of Defendant on January 20, 2021, in the amount of $358,412.72 (the "2021 Judgment").[3] The 2021 Judgment provides, in pertinent part:

> 2. Central Bank is awarded Judgment *in personam* against the Defendants, Douglas A. Wain and Elisa Wain (collectively, the "Wains"), jointly and severally, in the amount of $358,412.72, with interest thereon at the variable rate provided by the subject equity line agreement from March 6, 2019 until paid (currently 3.25% per annum, $31.13 per diem), late charges and such other costs, expenses and damages, including collection expenses, incurred or to be incurred, and attorneys' fees in an amount to be determined by the Court (hereinafter referred to as the "Judgment Amounts").
>
> 3. Securing the Judgment Amounts, Central Bank is adjudged to have a valid, enforceable, second mortgage lien on the certain real property described in the Complaint, Amended Complaint and the mortgage attached

---

[2] Plaintiffs' Uncontroverted Fact No. 1, not disputed by Defendant. See Defendant's Statement of Genuine Issues, adv. dkt 17 at 2; Decl. of Timothy R. Wiseman ("Wiseman Decl."), adv. dkt. 31 at ¶¶ 3-5; Defendant's Exh. 1, adv. dkt. 31 at 7-19.

[3] Plaintiffs' Uncontroverted Fact No. 2, not disputed by Defendant. Adv. Dkt. 17 at 2; Plaintiffs' Exh. 1, adv. dkt. 12 at 5-13; Defendants' Exh. 2, adv. dkt. 31 at 21-29.

> thereto as 2711 Barbados Lane, Lexington, Fayette County, Kentucky, . . . (the "Property"), which is only subject to the valid first mortgage lien of the Defendant, Ditech Financial, LLC ("Ditech"), . . . and unpaid, delinquent *ad valorem* taxes, if any. . .
>
> * * *
>
> 6. The Property shall be immediately referred to the Master Commissioner of this Court for sale and shall be sold by the Master Commissioner . . .
>
> * * *
>
> 9. There are currently no delinquent *ad valorem* taxes due on the Property and therefore the proceeds of the sale shall be applied in the following order of priority:
>
> A. The Master Commissioner's costs and fees;
>
> B. The satisfaction of the mortgage lien of Ditech Financial, LLC . .
>
> C. The satisfaction of Central Bank's mortgage lien as adjudicated herein, including reimbursement for its costs, expenses and attorneys' fees as set forth herein; and
>
> D. Any remaining proceeds of the sale shall be held by the Master Commissioner until further order of this Court for distribution to the Defendants as their interests may appear.
>
> 10. In the event the Property sells for less than the Judgment Amounts awarded to Central Bank herein, after payment of court costs, and fees, expenses, and costs of sale, the Defendants, Douglas A. Wain and Elisa Wain, shall be jointly and severally liable to Central Bank for any deficiency amount(s) which remain after the sale of the Property and application of the net sale proceeds due to Central Bank.[4]

---

[4] Plaintiffs' Exh. 1, adv. dkt. 12 at 5-13; Defendants' Exh. 2, adv. dkt. 31 at 21-29.

Plaintiffs appealed from the 2021 Judgment, and, on November 4, 2022, the Kentucky Court of Appeals affirmed.[5] The Plaintiffs petitioned the Supreme Court of Kentucky for discretionary review and, on January 10, 2024, the Supreme Court of Kentucky denied their petition.[6]

In the meantime, pursuant to the 2021 Judgment, the master commissioner sold the Property. On March 12, 2021, the state court entered its "Order Confirming Report of Sale, for Deliver of Deed and Partial Distribution of Proceeds" confirming that the master commissioner had sold the Property, directing him to hold $605,035.42 in net sales proceeds, and ordering that the liens of Ditech's successor in interest, NewRez, and the Defendant attached "to the [$605,035.42] sale proceeds held by the Master Commissioner in the same priority order of the original mortgage liens of each lender" pending further orders of the state court.[7]

On March 7, 2024, the state court determined the rights of the senior lienholder (originally, Ditech, then NewRez, then U.S. Bank) and the Defendant with respect to the net sales proceeds, in a single order on U.S. Bank's motion for summary judgment and the Defendant's motion for distribution (the "Distribution Order").[8] The Distribution Order found U.S. Bank held the senior lien on the Property and was entitled to $538,150.82 of the $605,035.42 sale proceeds.[9] The Distribution Order found the Defendant was entitled to "the remainder of the sale proceeds" in the amount $66,884.60 "on its second mortgage lien as adjudicated in the *Partial Summary Judgment, Judgment on the Pleadings, and Order of Sale.*"[10]

---

[5] Plaintiffs' Uncontroverted Fact No. 4, not disputed by Defendant. Adv. Dkt. 17 at 3; Defendant's Exh. 4, adv. dkt. 31 at 37-46.

[6] Defendant's Exh. 5, adv. dkt. 31 at 48-49.

[7] Plaintiffs' Uncontroverted Fact No. 5, not disputed by Defendant. Adv. Dkt. 17 at 3; Plaintiffs' Exh. 1, adv. dkt. 12 at 18-20, ¶4; Defendant's Exh. 3, adv. dkt. 31 at 31-35, ¶ 4.

[8] Plaintiffs' Exh. 8, adv. dkt. 12 at 44-48; Defendant's Exh. 6, adv. dkt. 31 at 51-55.

[9] *Id.*, at ¶9.

[10] *Id.* at ¶¶ 8, 10.

The state court denied the Plaintiffs' motion to amend the Distribution Order and the Kentucky Court of Appeals dismissed their subsequent appeal from the Distribution Order as untimely.[11] Plaintiffs then petitioned for a writ of mandamus seeking a determination that (among other things) the Defendant's judgment against them was satisfied "because the total sale proceeds of their property exceeded the amount of their indebtedness."[12] The Kentucky Court of Appeals denied their petition stating:

> As to the Wains request that this Court declare their debt to Central Bank satisfied, they likewise have or had an adequate remedy by appeal. As an initial matter, the judgment in favor of Central Bank has already been the subject of an appeal, and this Court affirmed the Trial Court's judgment. . . . As to their argument that the proceeds of the sale were sufficient to satisfy Central Bank's lien, it is not clear whether the Wains intended to mislead this Court, or they do not recognize that U.S. Bank, as a senior lienholder, was entitled to have its judgment satisfied by the proceeds of the sale prior to Central Bank being paid. . . . Because the Wains do not meet the prerequisites for the issuance of a writ, we need not address their claims of error. Nothing contained in this Order should be construed as a ruling on the merits of the allegations.[13]

**B. Postpetition Procedural Background**

On October 30, 2024, the Plaintiffs filed their chapter 13 petition (the "Petition Date"). Case 1:24-bk-11814-MB. The Defendant filed an unsecured proof of claim based on the 2021 Judgment for $357,990.91, which the Defendant contends was the amount owing as of April 8, 2024,

---

[11] See Order Denying Petitions for a Writ of Madamus [sic], Kentucky Court of Appeals entered Sept. 23, 2024, at Defendant's Exh. 8, adv. dkt. 31 at 64.

[12] *Id.* at 65.

[13] *Id.* at 67-68.

including interest accruing from March 6, 2019, but after deducting the $66,884.60 awarded to it in the Distribution Order.[14]

The Plaintiffs initiated this adversary proceeding by filing a complaint against the Defendant asserting 13 causes of action seeking various forms of declaratory relief, disallowance of the Defendant's Proof of Claim, and compensatory and punitive damages for violations of California's Elder Abuse and Dependent Adult Civil Protection Act, violations of various federal statutes including the CARES Act, the Fair Debt Collection Practices Act, violation of their due process rights in the Kentucky state court actions and violation of 42 U.S.C. § 1983 (the "Complaint").[15] The Plaintiffs then filed in the underlying bankruptcy an objection (the "Claim Objection") to the allowance of the Defendant's Proof of Claim.[16] The Court determined that based on the substantial overlap between the Complaint and the Claim Objection, the Claim Objection would be resolved in this adversary proceeding.[17]

## II. ANALYSIS

### A. <u>Jurisdiction, Venue & Adjudicative Authority</u>

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334(b). Venue is proper under 28 U.S.C. § 1409(a). Although the Plaintiffs' Complaint includes causes of action seeking

---

[14] Defendant's Proof of Claim No. 1 at 5-6, ¶¶ 7, 13-14. Defendant filed an amended Proof of Claim on September 21, 2026, which it contends is the amount of the claim as of December 19, 2024, a date nearly two months after the chapter 13 Petition Date. Because unsecured claims are determined as of the petition date pursuant to Bankruptcy Code section 502(b), the Court directed the Defendant to file a second amended proof of claim calculated as of the Petition Date. Transcript of Proceedings, September 24, 2026, adv. dkt. 112 at 1:13-11:2, 19:1-18. On October 30, 2026, the Defendant amended its Proof of Claim for a zero amount, stating it is "withdrawing and abandoning its claim" in the bankruptcy case. Amended Proof of Claim No. 1-3. The parties dispute whether Rule 3006(a) precludes the Defendant from unilaterally withdrawing its Proof of Claim. Fed. R. Bankr. P. 3006(a).

[15] Adv. Dkt. 1.

[16] Case 1:24-bk-11814-MB, dkt. 38 (the "First Claim Objection"). Thereafter, on October 6, 2026, Plaintiffs filed a second objection to Defendant's Proof of Claim (the "Second Claim Objection"). Case 1:24-bk-11814-MB, dkt. 105.

[17] Transcript of Proceedings, June 30, 2025, adv. dkt. 111 at 9:1-7.

damages from the Defendant under state law and non-bankruptcy federal statutes, the Complaint fundamentally seeks disallowance of the Defendant's Proof of Claim. Therefore, this is a core proceeding under 28 U.S.C. §§ 157(b)(1) and 157(b)(2)(A, (B) and is constitutionally core as it "stems from the bankruptcy itself." *Stern v. Marshall*, 564 U.S. 462, 499 (2011); *In re Hawai'i Island Air, Inc.*, __ F.4th __, 2026 WL 2919183, *14 (9th Cir. Sep. 29, 2026) (objections to claims are core proceedings).

**B. <u>General Motion for Summary Judgment Standard</u>**

Summary judgment should be granted when there are no genuine issues of material fact and when, as a matter of law, the moving party is entitled to prevail. Fed. R. Civ. P. 56(a) (made applicable in this adversary proceeding by Fed. R. Bankr. P. 7056). "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1). "The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Northwest Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).

The movant has "'both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment.'" *Friedman v. Live Nation Merch., Inc.*, 833 F.3d 1180, 1188 (9th Cir. 2016) (*quoting Nissan Fire & Marine Ins. Co. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000)). They also bear the initial burden of production as to each material fact upon which they have the burden of persuasion at trial and they "must establish beyond controversy every essential element of" their claim for relief. *Southern Cal. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 888 (9th Cir. 2003). It is the bankruptcy trustee who "has the burden of proving the estate is entitled to a turnover" of property of the estate, and must do so by a preponderance of evidence. *In re Jacobson*, 676 F.3d 1193, 1200–01 (9th Cir. 2012); *In re Keese*, 671 F.Supp.3d 1053, 1063 (C.D. Cal. 2023).

On summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). There "is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable or is not significantly probative, summary judgment may be granted." *Id.* at 249-50 (internal citations and quotations omitted).

Once the moving party demonstrates the absence of any genuine issue of material fact, the burden shifts to the nonmoving party to demonstrate the existence of a genuine issue of material fact. *Celotex*, 477 U.S. at 322-23. Where the opposing party asserts that a fact is genuinely disputed, Rule 56 mandates that they support their assertions by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A).

The Court "may not resolve genuine disputes of fact in favor of the party seeking summary judgment." *Tolan v. Cotton*, 572 U.S. 650, 656 (2014). The Court "must view the evidence 'in the light most favorable to the opposing party.'" *Id.* (*quoting Adickes v. S.H. Kress & Co*., 398 U.S. 144, 157 (1970)). Additionally, "all justifiable inferences are to be drawn in . . . favor" of the opposing party. *Id.* at 651 (*quoting Anderson*, 477 U.S. at 255).

**C. <u>Preclusive Effect of the Kentucky State Court Judgment and Distribution Order</u>**

"The Federal Full Faith and Credit statute, 28 U.S.C. § 1738, requires federal courts to 'give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered.'" *Gonzales v. California Dep't of Corr.*, 739 F.3d 1226, 1230 (9th Cir. 2014). Here, the 2021 Judgment and the Distribution Order were entered in Kentucky, therefore Kentucky law governs their preclusive effect. In Kentucky, issue preclusion bars further litigation of an issue if the following elements are met:

(1) at least one party to be bound in the second case must have been a party in the first case;

(2) the issue in the second case must be the same as the issue in the first case;

(3) the issue must have been actually litigated;

(4) the issue was actually decided in that action; and

(5) the decision on the issue in the prior action must have been necessary to the court's judgment and adverse to the party to be bound.

*Miller v. Admin. Off. of Cts.*, 361 S.W.3d 867, 872 (Ky. 2011); *Northern-Allison v. Seymour*, __ S.W.3d __, 2026 WL 3316310, *3 (Ky. Oct. 22, 2026) (same). Additionally, the "matter at issue must have been 'material or essential' to the prior judgment" and the "the party against whom it is asserted" must have "had a realistic opportunity for 'full and fair litigation' of the matter in the prior case." *Northern-Allison*, 2026 WL 3316310, *4.

Here, every element is satisfied. The Plaintiffs and the Defendant were parties to the Kentucky state court action. The issue of whether the Defendant had an enforceable claim against the Plaintiffs was actually litigated and actually decided; the Kentucky state court expressly awarded the Defendant an *in personam* judgment against the Plaintiffs in the amount of $358,412.72 plus interest.[18] The issue was central to the Kentucky state court's determination that the Defendant was entitled to an order of sale of the Property. The Distribution Order actually decided that the Defendant's lien on the Property was junior to U.S. Bank's lien, and ordered that the Defendant was entitled to receive only $66,884.60 of the proceeds of sale from the Property.[19] The Plaintiffs not only had "a realistic opportunity" to litigate these issues, they actually litigated them, and then exercised their right to appeal to the Kentucky Court of Appeals and to petition the Supreme Court of Kentucky for review.[20]

---

[18] 2021 Judgment, Plaintiffs' Exh. 1, adv. dkt. 12 at 6 ("Central Bank is awarded Judgment *in personam* against the Defendants, Douglas A. Wain and Elisa Wain . . . jointly and severally, in the amount of $358,412.72, with interest thereon . . . late charges and such other costs, expenses and damages, including collection expenses, incurred or to be incurred, and attorneys' fees in an amount to be determined by the Court. . . ").

[19] Plaintiffs' Exh. 8, adv. dkt. 12 at 47, ¶ 10.

[20] Plaintiffs' Uncontroverted Fact No. 4, not disputed by Defendant. Adv. Dkt. 17 at 3; Defendant's Exh. 5, adv. dkt. 31 at 48-49. See also See Order Denying Petitions for a Writ of Madamus [sic], Kentucky Court of Appeals entered Sept. 23, 2024, at Defendant's Exh. 8, adv. dkt. 31 at 64 ("As an initial matter, the judgment in favor of Central Bank has already been the subject of an appeal, and this Court affirmed the Trial Court's judgment").

The 2021 Judgment precludes the Plaintiffs from arguing that the Defendant does not have an *in personam* judgment against them. The Distribution Order precludes the Plaintiffs from arguing that the Defendant was entitled to any more than $66,884.60 of the proceeds of sale from the Property.[21]

**D. Defendant Was Not Required to Get Two *In Personam* Judgments against the Plaintiffs**

The Plaintiffs argue that the Defendant was required to get a second *in personam* judgment — a deficiency judgment — for them to be personally liable to the Defendant. They argue Kentucky law requires a two-stage process in which the mortgagee first obtains an order for sale of the real property and then is required to bring a new lawsuit for a separate *in personam* deficiency judgment. As a threshold matter, this argument ignores that the 2021 Judgment ***is*** an *in personam* judgment:

> Central Bank is awarded Judgment *in personam* against the Defendants, Douglas A. Wain and Elisa Wain.[22]

The Defendant was not required to file a new lawsuit to get an *in personam* judgment against the Plaintiffs because the Kentucky state court had already entered such a judgment.

Equally important, the Plaintiffs' argument is squarely contradicted by Kentucky statutory law. Kentucky law does not require a mortgagee to foreclose on the real property before seeking an *in personam* judgment against the mortgagor. Kentucky Revised Statute section 426.005 expressly

---

[21] The Court also lacks authority to overrule the 2021 Judgment and Distribution Order under the *Rooker Feldman* doctrine. That doctrine "stands for the relatively straightforward principle that federal district courts do not have jurisdiction to hear de facto appeals from state court judgments." *Carmona v. Carmona*, 603 F.3d 1041, 1050 (9th Cir. 2010). It bars suits "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). To the extent the Motion argues (or suggests) that the Kentucky state court erred in entering the 2021 Judgment or the Distribution Order, this Court lacks authority to alter, reverse or overrule those orders.

[22] 2021 Judgment, Plaintiffs' Exh. 1, adv. dkt. 12 at 6.

allows a mortgagee to obtain an *in personam* judgment against the borrower in the same lawsuit to enforce the mortgage against the real property collateral:

> (1) In an action to enforce a mortgage or lien, judgment may be rendered for the sale of the property and for the recovery of the debt against the defendant personally.

K.R.S. § 426.005. See *KeyBank N.A. v. Allen*, 499 S.W.3d 693 (Ky. App. 2016) ("Kentucky provides a unified method for pursuing both a foreclosure and a personal judgment when a mortgage and note are in default. Kentucky Revised Statutes (KRS) 426.005"); *Doran v. Farm Credit Mid-America, PCA*, 2026 WL 3030840, * (Ky. App. Oct. 9, 2026) ("Finally, the Dorans allege the circuit court erred by awarding Farm Credit both a personal monetary judgment as well as a collateral-based *in rem* judgment. They cite no legal precedent explaining why this is error. In fact, Kentucky law explicitly allows this under KRS 426.005 . . . "). See also 3A Ky. Prac. Real Estate Transactions, § 24:1 ("[K.R.S. § 426.005] represents a merger of law and equity . . . as at common law, a deficiency judgment was recoverable only in a separate action at law"); Ky. Real Estate Law and Prac., § 17.14 (". . . Kentucky lenders are not required to exhaust their security remedy against the collateral through foreclosure before seeking a money judgment . . . "), § 17.45 ("It is not necessary to await the sale of the security in order to obtain a personal judgment against the obligated parties. KRS 426.005 provides that '[i]n an action to enforce a mortgage or lien, judgment may be rendered for the sale of the property and for the recovery of the debt against the defendant personally'").

1. <u>Plaintiffs' Cases Cited in the Motion</u>

None of the Plaintiffs' cases support their novel theory that a second *in personam* judgment was required. *Owens v. First Commonwealth Bank of Prestonsburg, Kentucky*, 706 S.W.2d 414 (Ky. App. 1986) involved the judicial sale of an airplane where the secured creditor failed to join a mechanic's lienholder as a party to the foreclosure action and therefore was not entitled to a deficiency judgment against the borrower equal to the amount of the mechanics' lien. 706 S.W.2d at 416 ("KRS 426.006 . . . requires one seeking to enforce a lien to name other lienholders as defendants in the action . . . the bank cannot gratuitously pay the mechanic's lienholder and charge

same to the debtor"). *Harvest Homebuilders, LLC v. Commonwealth Bank & Trust Co*., 310 S.W.3d 218 (Ky. App. 2010) and *Pearman v. West Point Nat'l Bank*, 887 S.W.2d 366 (Ky App. 1994) both addressed whether a bank with a deficiency judgment following judicial foreclosure sales could be denied that deficiency judgment based on conduct that breached their duty of good faith and fair dealing toward the borrowers. None of these cases stand for the proposition that a lender awarded an *in personam* judgment against the borrower before the judicial sale of the property is required to obtain a second *in personam* judgment against the borrower to collect the deficiency after the sale.

*Kentucky Joint Stock Land Bank of Lexington v. Farmers Exchange Bank of Millersburg*, 274 Ky. 525 (1938) addressed whether a foreclosing bank that purchases real property at a foreclosure sale and subsequently sells the property to a third party for an amount greater than the debt in default is barred from receiving a deficiency judgment. The Kentucky Supreme Court held those facts alone did not bar a deficiency judgment because it did not matter whether the purchaser at the foreclosure sale was the bank or a third party. 274 Ky. at 877 ("[I]t requires a mind of more discriminating ability than we are able to command to detect any difference between a purchase by the plaintiff in the enforcement proceedings and one made by a stranger to such proceedings. In each case the purchaser—without some agreement or conduct on his part creating a different result—obtains the title to the judicially sold property free from the lien created by the enforced mortgage, notwithstanding the net proceeds of the sale were insufficient to extinguish the mortgage debt. Likewise, in each case all primary obligors for the payment of the entire debt are still responsible for such deficit"). The Court notes that the *Kentucky Joint Stock* opinion was issued in 1938, prior to the adoption of K.R.S. § 426.500 in 1952. Therefore, even if it supported the Plaintiffs' theory (it does not), it is far from clear that it would still be good law in light of K.R.S. § 426.500 expressly allowing *in personam* and *in rem* judgments to be entered in the same action.

In *Choate v. Bank of Cadiz & Trust Co*., 2016 WL 3453326 (Ky. App. Jun. 17, 2016) the borrower, the borrower's non-obligor spouse, and the bank made competing claims to the proceeds of a fire insurance policy. Ten years earlier, the bank obtained a judgment against the borrower for $439,785 and an order of sale of the real property collateral; the foreclosure sale produced only

$167,193 payable to the bank. 2016 WL 3453326, at *2. Ten years after the foreclosure sale, the bank successfully moved for a deficiency judgment of $337,194 and the trial court ordered this amount of the insurance proceeds in dispute to be deposited with the trial court pending resolution of the competing claims of the various parties to the insurance proceeds. *Id*. at *2-*4. Nothing in *Choate* states that the bank was required to move for a deficiency judgment despite having already received a judgment for the full amount of the debt ten years earlier. Indeed, the court of appeals expressly states that the bank had an *in personam* judgment against the borrower since the original judgment was entered ten years earlier and the deficiency judgment merely calculated the current amount owed on the original judgment. *Id*. at *12 ("[T]here has existed a judgment against Jeff Choate since January 13, 2003. The September 26, 2013, Deficiency Judgment merely established the outstanding deficiency owed").

2. <u>Plaintiffs' Cases Cited in their Proposed 2026 Supplemental Brief</u>

The Plaintiffs offer three new case cites in their proposed 2026 Supplemental Brief not cited in the Motion. *Holt v. Peoples Bank of Mt. Washington*, 814 S.W. 2d 568 (Ky. 1991) addressed whether a creditor secured by a lien on a truck who sold the truck non-judicially under Article 9 of Kentucky's Commercial Code (K.R.S. § 355.9-504(3)) and failed to give the requisite pre-sale notice to the borrower had forfeited the right to obtain a deficiency judgment against the borrower. 814 S.W. 2d at 570-71. Kentucky's Article 9 governs secured transactions in personal property; (other than certain narrow exceptions not applicable here,) interests in real property — such as a mortgage — are expressly excluded from the scope of Article 9. K.R.S. § 355.9-109(4)(k); *HBKY, LLC v. Kingdom Energy Resources, LLC*, 2022 WL 2252581, *5 (E.D. Ky. 2022) (liens on real property "fall outside the scope of the UCC" citing K.R.S. § 355.9-109(4)(k)). Therefore, *Holt* is not relevant law regarding *in personam* judgments and judicial foreclosure sales of real property.

The Plaintiffs also offer two ghost cites for non-existent authority: *River Valley Real Estate, Inc. v. Shelton,* 2019 Ky. App. Unpub. LEXIS 276 (cited on docket number 30 at 26, 34) and *Commonwealth v. Duvall*, 977 S.W.2d 24 (Ky. App. 1998) (cited on docket number 30 at 31). Neither citation exists. The case that actually appears at 2019 Ky. App. Unpub. LEXIS 276 is *Rivendell Behavioral Health Servs. of Ky. v.* Turner, a medical negligence lawsuit. The case at 977

S.W.2d 24 is *Buchholtz v. Dugan*, a wrongful termination suit. Neither involve a judicial foreclosure of real property. None of the "new" authorities offered by the Plaintiffs in their proposed 2026 Supplemental Brief support their arguments.

## III. CONCLUSION

Based on the foregoing, the Plaintiffs have failed to demonstrate they are entitled to judgment as a matter of law on any of the causes of action asserted in their Complaint, and the Court DENIES the Motion. Because the Plaintiffs proposed 2026 Supplemental Brief does not offer any legal authorities that are new and relevant, the Court will enter a separate order denying the Plaintiffs' Motion for leave to File Supplemental Brief.

###

Date: November 18, 2026



Martin R Barash
United States Bankruptcy Judge